UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No.  16-cv-00236-WHO <br><br> **ORDER RE MOTION TO QUASH** <br><br> Re: Dkt. No. 84 |

Defendants CMP, BioMax, and David Daleiden move to quash a subpoena issued by plaintiffs to the National Abortion Federation (NAF).  The subpoena seeks production of materials produced by these defendants to NAF in a related action, *National Abortion Federation v. Center for Medical Progress et al.*, Case No. 15-cv-3522.[1]

Defendants argue that the subpoena must be quashed because: (i) it is procedurally defective, as a third-party subpoena under Rule 45 cannot be used to secure information produced by a party, and a document request under Rule 34 should be used instead; (ii) the materials sought are privileged,[2]  were only produced in the *NAF v. CMP* case pursuant to an expedited schedule because of their purported relevance to the preliminary injunction proceedings, and plaintiffs have failed to explain the relevance of the materials sought to the claims at issue here; and (iii) the materials at issue were produced to NAF only under a strict protective order that protected the

---

[1] The subpoena seeks to compel NAF to produce: (i) all documents and information produced to it by defendants in the *NAF v. CMP* case; (ii) all recordings produced to NAF by defendants in the *NAF v. CMP* case; and (iii) copies of all deposition transcripts and exhibits taken of any of the NAF defendants.  Dkt. No. 84 at 1.

[2] Defendants assert that some portion of the materials sought – presumably the recordings but also documents regarding the scope and purpose of the Human Capital Project investigation – are privileged "journalistic work product, protected by the First Amendment."  Dkt. No. 84 at 3.

United States District Court
Northern District of California

defendants' interests in the materials and ensured confidential treatment of those materials for purposes of litigation in the *NAF v. CMP* action, as well as the return of the materials after the conclusion of that litigation.  *Id*. at 3; Case No. 15-cv-3522 Dkt. No. 92 ("Stipulated Protective Order for Purposes of Expedited Preliminary Injunction Discovery").

Plaintiffs respond that: (i) the use of a Rule 45 subpoena is appropriate to secure discovery produced in a collateral matter, here in the *NAF v. CMP* case, under *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122 (9th Cir. 2003); (ii) Rule 34 requests are not a sufficient substitute because defendants indicate that they intend to produce only a subset of the material produced in the *NAF v. CMP* case in response to plaintiffs' pending Rule 34 document requests (*e.g*., edited recordings); (iii) the materials sought are plainly relevant to the claims here and are needed on an expedited basis because of their relevance to rebut factual assertions made by defendants in the pending anti-SLAPP motions; and (iv) plaintiffs agree to be bound by all provisions of the *NAF v. CMP* Protective Order.

To begin, for purposes of ruling on this dispute, I reject plaintiffs' assertion that defendants waived any privilege or privacy interest they had when they turned the recordings over to Congress in response to the Congressional subpoena.[3]  And I reject defendants' argument that use of a Rule 45 subpoena to secure discovery from a non-party in these circumstances is procedurally defective.  It is not.  The cases that defendants rely on are inapposite.  *Burns v. Bank of Am*., 2007 U.S. Dist. LEXIS 40037, at *1 (S.D.N.Y. June 4, 2007) and *Thomas v. IEM, Inc*., No. 06-886-B-M2, 2008 U.S. Dist. LEXIS 19186, at *1 (M.D. La. Mar. 12, 2008), addressed situations where plaintiffs sought discovery from *party defendants* using Rule 45 subpoenas.  The courts concluded that using Rule 45 was not appropriate or necessary where requests for discovery under Rule 34 sufficed.[4]

---

[3] I do not need to reach the questions of whether the materials are privileged and whether there was a waiver when they were produced to Congress to resolve this dispute.

[4] In the third case defendants rely on, *Harris v. Calzetta*, No. 1:13-cv-01088-MJS (PC), 2015 U.S. Dist. LEXIS 154743, at *2 (E.D. Cal. Nov. 13, 2015), the court without analysis or case citation simply held that a pro se plaintiff would be allowed to seek information pursuant to a Rule 45 subpoena only if the information was not available from defendant through Rule 34 requests for production

United States District Court
Northern District of California

Instead, under *Foltz*, the questions before me are whether I should amend the Protective Order issued in *NAF v. CMP* to allow plaintiffs here access to materials produced and marked as confidential under that Protective Order and whether the information sought is relevant to this case.[5]  Given the allegations in this action, the materials sought are directly relevant and discoverable.  As the *Foltz* court noted, relevance "hinges" on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings. *Id*. 331 F.3d at 1132.  Here there is significant if not complete overlap in facts, parties, and issues.[6] While defendants argue that the reasons for the production of the full, unedited videos in the *NAF v. CMP* case are not present in this case (Dtk. No. 84 at 3), I disagree.[7]  It is immaterial that the production of the recordings in *NAF v. CMP* was expedited because of the preliminary injunction proceedings (and the Congressional subpoena).  It is not the expedited manner of the production in *NAF v. CMP* but the relevance of the materials themselves that is at issue.  Defendants' assertion that, unlike in *NAF v. CMP*, plaintiffs here do not "seek to notify any individuals of the recordings in order to protect their safety or privacy" is similarly without import, given the repeated (though as yet unproved and untested) allegations in plaintiffs' Amended Complaint about the compromised safety of their organization and its members.  Amended Complaint ¶¶ 10, 17, 70, 75, 81, 96, 112.

Allowing plaintiffs access to the materials sought in the subpoena will "advance[] the

---

[5] Defendants argue that *Foltz* is inapposite because it addressed the right of public access to discovery documents filed with a court. Dkt. No. 84 at 2.  The *Foltz* Court did address that question, but the portion of the *Foltz* decision I rely on here concerns the litigants' access to unfiled discovery from a collateral proceeding (here the *NAF v. CMP* litigation).  *Foltz*, 331 F.3d 1130-1134.

[6] There are additional defendants in this case, but all defendants in the *NAF v. CMP* case are defendants here.  Similarly, there are additional facts relevant to this case, but almost all of the facts at issue in the *NAF v. CMP* case will be relevant in this action.

[7] Defendants focus their objections on production of the recordings, and do not separately make relevance objections regarding the transcripts and exhibits or any other specific type of discovery covered by the subpoena to NAF.

interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131.[8]  I

recognize that defendants want to protect and shield from unnecessary disclosure materials that

they believe are privileged, but their interests will be safeguarded by amendment of the *NAF v.*

*CMP* Protective Order, binding plaintiffs to the terms of that Protective Order (requiring use of the

materials only for purposes of this litigation, requiring them to follow Civil Local Rule 79-5

procedures if they intend to file confidential information with the Court, requiring confidential

materials to be returned at conclusion of the case, and so forth) while allowing them access to the

requested materials.[9]

   For these reasons, I DENY the motion to quash the subpoena.  I ORDER that plaintiffs are

bound by the provisions of the *NAF v. CMP* Protective Order with respect to any and all uses of

the materials produced pursuant to the subpoena.

   **IT IS SO ORDERED**.

Dated: May 10, 2016

_____
WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

---

[8] I do not address and do not modify the *NAF v. CMP* Protective Order to cover any materials not
expressly included in the subpoena at issue.  For example, this modification would not cover any
discovery that has not yet been produced in the *NAF v. CMP* litigation.

[9] Requiring plaintiffs to abide by the strict provisions of the *NAF v. CMP* Protective Order is
necessary to continue to protect materials defendants assert are privileged, and to protect  the
ongoing privacy interests and safety concerns of NAF members and others who are shown in or
otherwise identified by the CMP recordings.