Catherine W. Short; SBN 117442
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
LLDFOjai@earthlink.net

*Attorney for Defendants*
*The Center for Medical Progress,*
*BioMax Procurement Services, LLC*
*and David Daleiden*

(Additional counsel on signature page)

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., | ) Case No. 16-cv-00236 (WHO) |
| | ) |
| | ) Judge William H. Orrick, III |
| Plaintiffs, | ) |
| vs. | ) David Daleiden's Answer to Plaintiffs' |
| | ) First Amended Complaint; Demand for |
| | ) Jury Trial |
| CENTER FOR MEDICAL PROGRESS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**ANSWER**

Defendant David Daleiden answers Plaintiffs' First Amended Complaint by admitting, denying, and alleging as follows:

**INTRODUCTION**

1.     In response to paragraph 1, to the extent that this paragraph purports to paraphrase, state or interpret Plaintiffs' First Amended Complaint, the First Amended Complaint speaks for itself, and as such, does not require an answer. Furthermore, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent that Paragraph 1 requires an answer, Defendant denies all allegations contained therein.

2.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore denies the same.

3.     To the extent that Paragraph 3 contends that "[f]etal tissue donation is entirely legal," it constitutes a legal conclusion to which no answer is required.  With regard to the remaining allegations contained in Paragraph 3, Defendant lacks sufficient information to admit or deny those remaining allegations and therefore denies the same.

4.     In response to paragraph 4, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant denies that there is no financial gain for healthcare providers involved in the transfer of fetal tissue. Defendant denies that the Planned Parenthood affiliates who are involved in the transfer of fetal tissue have done so solely for the benefit of medical research. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

5.     In response to paragraph 5, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that Daleiden organized BioMax Procurement Services, LLC. Defendant admits that Daleiden, Merritt, Lopez, and unnamed others who are not defendants herein assumed undercover roles as officers and employees of BioMax in furtherance of a legitimate journalistic investigation. Defendant denies that any other Defendants assumed such undercover roles. Defendant admits that Daleiden, Merritt and Lopez

1  gained access to conferences hosted by Planned Parenthood and the National Abortion Federation

2  ("NAF"), and wore hidden video cameras. Defendant denies that any other Defendants did so.

3  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is

4  deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation

5  of this paragraph.

6        6.    In response to paragraph 6, Defendant admits that he met with Planned Parenthood

7  doctors and affiliates and visited Planned Parenthood office and clinical space. Defendant admits

8  he requested meetings from Planned Parenthood staff.  Defendant lacks sufficient information or

9  belief to admit or deny whether Planned Parenthood staff were unaware that they were being

10  recorded and that they would be "featured" later in videos, and on that basis, denies such

11  allegations. Except as otherwise admitted or denied, and in all other respects and to the extent an

12  answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every

13  allegation of this paragraph.

14        7.    In response to paragraph 7, to the extent that this paragraph purports to paraphrase,

15  state or interpret CMP's release of online videos or reports about those videos, the videos and

16  reports speak for themselves, and as such, do not require an answer. Furthermore, to the extent that

17  the allegations constitute legal argument, those allegations do not require an answer. Defendant

18  admits that CMP released a series of videos, both shorter professionally edited versions and full

19  length videos of the same content, showing Planned Parenthood violated the law. Except as

20  otherwise admitted or denied, and in all other respects and to the extent an answer is deemed

21  necessary to the allegations in paragraph 7, Defendant denies each and every allegation of

22  paragraph 7.

23        8.    In response to paragraph 8, to the extent that this paragraph purports to paraphrase,

24  state or interpret CMP's videos, the videos speak for themselves, and as such, do not require an

25  answer. Furthermore, to the extent that the allegations constitute legal argument, those allegations

26  do not require an answer. Defendant admits that millions of people viewed the videos and were

27  educated about Planned Parenthood's violations of laws and improper actions. Except as otherwise

28  admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the

allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

9.      In response to paragraph 9, to the extent that this paragraph purports to interpret federal and state investigations into Plaintiffs, the investigations speak for themselves, and as such, does not require an answer. Furthermore, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that federal and state governments were spurred to initiate investigations into Planned Parenthood as a result of certain of Defendant's claims. Defendant denies that Planned Parenthood has been cleared of all wrongdoing by all federal and state investigations. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

10.     In response to paragraph 10, to the extent that this paragraph purports to paraphrase, state or interpret videos, the videos speak for themselves, and as such, do not require an answer. Furthermore, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

11.     In response to paragraph 11, to the extent that this paragraph purports to paraphrase, state or interpret criminal indictments, the indictments speak for themselves, and as such, do not require an answer. Defendant admits that indictments were entered against Daleiden and Merritt and that those indictments were later dismissed. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 11, Defendants denies each and every allegation of paragraph 11.

12.     In response to paragraph 12, to the extent that this paragraph purports to paraphrase, state or interpret Plaintiffs' First Amended Complaint, the First Amended Complaint speaks for itself, and as such, does not require an answer. To the extent that this paragraph purports to paraphrase, state or interpret videos, the videos speak for themselves, and as such, do not require an answer. Furthermore, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Except as otherwise admitted or denied, and in all other respects and to

1  the extent an answer is deemed necessary to the allegations in paragraph 12, Defendant denies each

2  and every allegation of paragraph 12.

3  **JURISDICTION AND VENUE**

4  13.    In response to paragraph 13, to the extent that this paragraph purports to paraphrase,

5  state or interpret Plaintiffs' First Amended Complaint, the First Amended Complaint speaks for

6  itself, and as such, does not require an answer. Furthermore, to the extent that the allegations

7  constitute legal argument, those allegations do not require an answer. Additionally, to the extent

8  that this paragraph purports to paraphrase, state or interpret laws or regulations, these laws or

9  regulations speak for themselves, and as such, do not require an answer. Except as otherwise

10  admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the

11  allegations in paragraph 13, Defendant denies each and every allegation of paragraph 13.

12  14.    In response to paragraph 14, to the extent that the allegations constitute legal

13  argument, those allegations do not require an answer. Defendant denies that he has engaged in a

14  conspiracy to defraud Plaintiffs. Except as otherwise admitted or denied, and in all other respects

15  and to the extent an answer is deemed necessary to the allegations in paragraph 14, Defendant

16  denies each and every allegation of paragraph 14.

17  15.    In response to paragraph 15, to the extent that the allegations constitute legal

18  argument, those allegations do not require an answer. Defendant denies that his actions caused

19  injury to Plaintiffs. Except as otherwise admitted or denied, and in all other respects and to the

20  extent an answer is deemed necessary to the allegations in paragraph 15, Defendant denies each

21  and every allegation of paragraph 15.

22  16.    In response to paragraph 16, to the extent that the allegations constitute legal

23  argument, those allegations do not require an answer. Defendant admits that Daleiden and Merritt

24  attended NAF's annual meeting in San Francisco in April 2014. Defendant denies that they

25  engaged in a tortious conspiracy. Except as otherwise admitted or denied, and in all other respects

26  and to the extent an answer is deemed necessary to the allegations in paragraph 16, Defendant

27  denies each and every allegation of paragraph 16.

28  17.    In response to paragraph 17, to the extent that the allegations constitute legal

4

argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant denies that Plaintiffs have suffered any harm as a result of Defendant's conduct. Defendant denies that he obtained recordings illegally or wrongfully. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

## INTRADISTRICT ASSIGNMENT

18.     In response to paragraph 18, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that Daleiden and Merritt attended NAF's 2014 annual meeting in San Francisco. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 18, Defendant denies each and every allegation of paragraph 18.

## PARTIES

19.     In response to paragraph 19, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

20.     In response to paragraph 20, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPNC is a not-for-profit organization and one of seven California Planned Parenthood affiliates. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

21.     In response to paragraph 21, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPMM is a not-for-profit organization and one of seven California Planned Parenthood affiliates. As to the remaining allegations, Defendants lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

22.     In response to paragraph 22, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPPSW is a not-for-profit organization and one of seven California Planned Parenthood affiliates. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

23.     In response to paragraph 23, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPLA is a not-for-profit organization and one of seven California Planned Parenthood affiliates. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

24.     In response to paragraph 24, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPOSBC is a not-for-profit organization and one of seven California Planned Parenthood affiliates. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

25.     In response to paragraph 25, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPSBVSLO is a not-for-profit organization and one of seven California Planned Parenthood affiliates. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

26.     In response to paragraph 26, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPPSGV is a not-for-profit organization and one of seven California Planned Parenthood affiliates. As to the remaining allegations,

Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

27.    In response to paragraph 27, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPRM is a not-for-profit organization existing in Colorado. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

28.    In response to paragraph 28, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant admits that PPGC and PPCFC are not-for-profit organizations existing in Texas. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

29.    In response to paragraph 29, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent that this paragraph purports to paraphrase, state or interpret laws or regulations, these laws or regulations speak for themselves, and as such, do not require an answer. To the extent that this paragraph purports to interpret Defendant CMP's incorporation materials, those materials speak for themselves, and as such, do not require an answer. Defendant admits that CMP is a charitable trust based in Irvine, California. Defendant denies that CMP made false representations to the public and to multiple government bodies to obtain tax exempt status. Defendant admits that Daleiden and Rhomberg are registered officers of CMP as CEO and CFO, respectively. Defendant denies that Newman is a registered officer of CMP. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 29, Defendant denies each and every allegation of paragraph 29.

30.    In response to paragraph 30, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent that this paragraph purports to paraphrase, state or interpret laws or regulations, these laws or regulations speak for themselves, and as such, do not require an answer. Defendant admits that BioMax Procurement Services, LLC

7

is a California Limited Liability Company, organized on October 11, 2013. Defendant admits that BioMax was a legitimate company testing the fetal tissue procurement market. Defendant admits that Daleiden organized BioMax.  He denies that any others were involved in its organization. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 30, Defendant denies each and every allegation of paragraph 30.

31.     In response to paragraph 31, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent that the allegations purport to interpret "published reports," those reports speak for themselves and, as such, do not require an answer. Defendant admits that Daleiden previously served as the Director of Research with Live Action, but denies the group is "discredited." Defendant admits that Daleiden pseudonymously appeared as the Procurement Manager and Vice President of Operations for BioMax, and as such, gained access to Planned Parenthood conferences and other conferences and meetings. Defendant admits that Daleiden is CMP's Chief Executive Officer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 31, Defendant denies each and every allegation of paragraph 31.

32.     In response to paragraph 32, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent that the allegations purport to interpret public statements by Newman, those statements speak for themselves, and, as such, do not require an answer. To the extent that the allegations purport to interpret a website, that website speaks for itself, and, as such, does not require an answer. Defendant admits that Troy Newman resides in Wichita, Kansas. Defendant admits that Newman operates Operation Rescue. Defendant admits that Newman formerly served as the Secretary of CMP. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 32, Defendant denies each and every allegation of paragraph 32.

33.     In response to paragraph 33, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that Albin Rhomberg resides in or near Sacramento, California. Defendant admits that Rhomberg was arrested over 25

1   years ago, in 1991, for disrupting a sacrilegious service. Defendant admits that Rhomberg is the

2   Chief Financial Officer of CMP. Except as otherwise admitted or denied, and in all other respects

3   and to the extent an answer is deemed necessary to the allegations in paragraph 33, Defendant

4   denies each and every allegation of paragraph 33.

5        34.     In response to paragraph 34, Defendant admits that Phillip S. Cronin resides in or

6   near Ventura County, California. Defendant admits that Cronin was the registered agent for

7   BioMax from October 11, 2013, through July 7, 2015. Defendant denies that Cronin allowed

8   BioMax or its staff the use of his credit card.  Defendant denies that Cronin paid for BioMax's

9   registration for the NAF 2014 annual meeting held in San Francisco.  Defendant denies that a credit

10  card was used to pay for BioMax's registration for the NAF 2014 annual meeting held in San

11  Francisco. Except as otherwise admitted or denied, and in all other respects and to the extent an

12  answer is deemed necessary to the allegations in paragraph 34, Defendant denies each and every

13  allegation of paragraph 34.

14       35.     In response to paragraph 35, to the extent that the allegations constitute legal

15  argument, those allegations do not require an answer. Defendant admits that Sandra Susan Merritt

16  resides in or near San Jose, California. Defendant admits that Merritt pseudonymously appeared as

17  the Chief Executive Officer for BioMax. Defendant invokes his Fifth Amendment right to refuse to

18  respond to the allegation that Merritt procured a fake California driver's license. Defendant admits

19  that a Facebook page for Susan Tennenbaum included "likes" for Hillary Clinton, The Rachel

20  Maddow Show, and Stem Cell Research.  Except as otherwise admitted or denied, and in all other

21  respects and to the extent an answer is deemed necessary to the allegations in paragraph 35,

22  Defendant denies each and every allegation of paragraph 35.

23       36.     In response to paragraph 36, Defendant admits that Gerardo Adrian Lopez resides in

24  or near Long Beach, California. Defendant admits that Lopez attended multiple PPFA conferences

25  with Daleiden. Defendant admits that Lopez appeared as the Procurement Technician for BioMax.

26  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is

27  deemed necessary to the allegations in paragraph 36, Defendant denies each and every allegation of

28  paragraph 36.

37.     In response to paragraph 37, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant denies that he conspired to defraud Planned Parenthood or did defraud Planned Parenthood. Defendant denies that other individuals listed in paragraphs 38, 39 and 40 participated in a scheme to defraud Planned Parenthood. Defendant denies that the pseudonyms identified in paragraphs 38, 39 and 40 constitute "fake" names. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 37, Defendant denies each and every allegation of paragraph 37.

38.     In response to paragraph 38, to the extent that this paragraph purports to interpret a news report, that news report speaks for itself, and, as such, does not require an answer. Defendant admits that a CMP investigator used the pseudonym "Brianna Allen" and pseudonymously appeared as the assistant of BioMax's CEO. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 38, Defendant denies each and every allegation of paragraph 38.

39.     In response to paragraph 39, Defendant admits that a CMP investigator used the pseudonym "Rebecca Wagner" and pseudonymously appeared as the Contract Administrator for BioMax. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 39, Defendant denies each and every allegation of paragraph 39.

40.     In response to paragraph 40, Defendant admits that Sofia Mireles used her credit card to register BioMax representatives to attend the Association of Reproductive Health Professionals Conference in Denver in September 2013. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 40, Defendant denies each and every allegation of paragraph 40.

41.     In response to paragraph 41, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant denies that he established BioMax for the purpose of perpetrating a fraud. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 41,

1    Defendant denies each and every allegation of paragraph 41.

2                                    **FACTS**[1]

3        42.    In response to paragraph 42, Defendant lacks sufficient information or belief to

4    admit or deny the allegations, and on that basis, denies such allegations.

5        43.    In response to paragraph 43, Defendant lacks sufficient information or belief to

6    admit or deny the allegations, and on that basis, denies such allegations.

7        44.    In response to paragraph 44, Defendant lacks sufficient information or belief to

8    admit or deny the allegations, and on that basis, denies such allegations.

9        45.    In response to paragraph 45, to the extent that the allegations constitute legal

10   argument, those allegations do not require an answer. To the extent such allegations require an

11   answer, Defendant denies the same. Defendant denies that Planned Parenthood transfers fetal tissue

12   only after obtaining the full informed consent of patients "who ha[ve] chosen to have an abortion."

13   Defendant denies that Planned Parenthood affiliates who have engaged in "fetal tissue donation

14   programs" have done so in compliance with federal and state law. As to the remaining allegations,

15   Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis,

16   denies such allegations.

17       46.    In response to paragraph 46, to the extent that the allegations constitute legal

18   argument, those allegations do not require an answer. To the extent such allegations require an

19   answer, Defendant denies the same. As to the remaining allegations, Defendant lacks sufficient

20   information or belief to admit or deny the allegations, and on that basis, denies such allegations.

21       47.    In response to paragraph 47, to the extent that the allegations constitute legal

22   argument, those allegations do not require an answer. To the extent that paragraph 47 purports to

23   characterize press releases or news articles, those documents speak for themselves and as such do

24   not require an answer. To the extent such allegations require an answer, Defendant denies the same.

25   Defendant denies that he is a veteran of extremist groups with a history of threatening and inciting

26   _____

27   [1] To the extent that the headings and subheadings contained in the First Amended Complaint
     purport to make factual allegations, Defendant denies all such allegations.

28

violence. Defendant denies that Newman is currently CMP's Secretary. Defendant admits that James Kopp admitted to the 1998 killing of abortionist Barnett Slepian. Defendant admits that Defendant Newman's co-author, Cheryl Sullenger, is currently employed by Operation Rescue but denies that her title is senior policy advisor, according to Operation Rescue's website. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

48.    In response to paragraph 48, to the extent that the paragraph purports to interpret the purpose of legislation regarding abortion services, those legislative acts speak for themselves, and, as such, do not require an answer. To the extent such allegations require an answer, Defendant denies the same. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

49.    In response to paragraph 49, to the extent that the paragraph purports to interpret the purpose of legislation regarding abortion services, those legislative acts speak for themselves, and, as such, do not require an answer. To the extent that Paragraph 49 purports to characterize the content of certain written documents, those documents speak for themselves.  To the extent such allegations require an answer, Defendant denies the same. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

50.    In response to paragraph 50, Defendant denies that investigations of Planned Parenthood have been consistently debunked – in fact they have often exposed wrongdoing by Planned Parenthood.  Defendant denies that Operation Rescue is an "extremist" group.  Defendant further denies that all undercover investigations of Planned Parenthood have been "debunked." As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

51.    In response to paragraph 51, to the extent that the paragraph purports to interpret the claims and statements of Mark Crutcher, Life Dynamics, and Life Dynamics' witness, those claims and statements speak for themselves, and, as such, do not require an answer. To the extent such allegations require an answer, Defendant denies the same. As to the remaining allegations,

1   Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis,

2   denies such allegations.

3       52.     In response to paragraph 52, to the extent that the paragraph purports to interpret a

4   book by Troy Newman, that book speaks for itself, and, as such, does not require an answer. To the

5   extent such allegations require an answer, Defendant denies the same.   Defendant admits that

6   Newman has made and published certain surreptitious recordings in the past.   Defendant denies all

7   remaining allegations contained in Paragraph 52.

8       53.     In response to paragraph 53, to the extent that the paragraph purports to interpret a

9   book by Troy Newman, that book speaks for itself, and, as such, does not require an answer. To the

10  extent such allegations require an answer, Defendant denies the same.

11      54.     In response to paragraph 54, to the extent that the paragraph purports to interpret

12  YouTube videos and comments to those videos, those videos and comments speak for themselves,

13  and, as such, do not require an answer. To the extent such allegations require an answer, Defendant

14  denies the same. As to the remaining allegations, Defendant lacks sufficient information or belief to

15  admit or deny the allegations, and on that basis, denies such allegations.

16      55.     In response to paragraph 55, to the extent that the paragraph purports to interpret

17  public statements by Daleiden, those statements speak for themselves, and, as such, do not require

18  an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant

19  admits that Planned Parenthood has been a subject of Daleiden's investigative journalism.

20  Defendant admits that Live Action produced and published the results of investigations into

21  Planned Parenthood's wrongdoing while Daleiden was Live Action's Director of Research. Except

22  as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed

23  necessary to the allegations in paragraph 55, Defendant denies each and every allegation of

24  paragraph 55.

25      56.     In response to paragraph 56, to the extent that the paragraph purports to interpret

26  public statements by Newman, those statements speak for themselves, and, as such, do not require

27  an answer. To the extent such allegations require an answer, Defendant denies the same. Defendant

28  denies that Newman "hatched" the idea to investigate Planned Parenthood's wrongdoing with

1   regard to fetal tissue procurement. As to the remaining allegations, Defendant lacks sufficient

2   information or belief to admit or deny the allegations, and on that basis, denies such allegations.

3       57.     In response to paragraph 57, to the extent that the paragraph purports to interpret

4   public statements by Newman, those statements speak for themselves, and, as such, do not require

5   an answer. To the extent such allegations require an answer, Defendant denies the same.

6       58.     In response to paragraph 58, to the extent that the allegations constitute legal

7   argument, those allegations do not require an answer.  Defendant admits that on March 7, 2013,

8   Daleiden formed CMP as a California corporation.  Except as otherwise admitted or denied, and in

9   all other respects and to the extent an answer is deemed necessary to the allegations in paragraph

10  58, Defendant denies each and every allegation of paragraph 58.

11      59.     In response to paragraph 59, to the extent that the allegations constitute legal

12  argument, those allegations do not require an answer.  To the extent that the paragraph purports to

13  quote or interpret CMP's Articles of Incorporation, this document speaks for itself and thus does

14  not require an answer. Except as otherwise admitted or denied, and in all other respects and to the

15  extent an answer is deemed necessary to the allegations in paragraph 59, Defendant denies each

16  and every allegation of paragraph 59.

17      60.     In response to paragraph 60, to the extent that the allegations constitute legal

18  argument, those allegations do not require an answer.  Defendant admits that CMP's application for

19  tax exempt status provides an address of 5325 Elkhorn Blvd., Sacramento, CA.  He admits that this

20  location is a Postal Annex+ mailbox rental.  To the extent that the paragraph purports to quote the

21  Postal Annex+ advertisement, that advertisement speaks for itself, and, as such, does not require an

22  answer.  Except as otherwise admitted or denied, and in all other respects and to the extent an

23  answer is deemed necessary to the allegations in paragraph 60, Defendant denies each and every

24  allegation of paragraph 60.

25      61.     In response to paragraph 61, to the extent that the allegations constitute legal

26  argument, those allegations do not require an answer.  Defendant admits that on October 11, 2013,

27  Daleiden organized BioMax Procurement Services, LLC as a California corporation. Defendant

28  denies the corporation "purport[ed] to be a 'tissue procurement company.'" To the extent that the

paragraph purports quote BioMax's materials, those materials speak for themselves, and, as such, do not require an answer. Defendant admits that Defendant Merritt used the name Susan Tennenbaum. Daleiden invokes his Fifth Amendment right to refuse to respond to the allegation that Merritt presented a fake California driver's license on multiple occasions. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 61, Defendant denies each and every allegation of paragraph 61.

62.     In response to paragraph 62, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Daleiden promoted BioMax as a tissue procurement organization and that Daleiden attended Planned Parenthood and NAF conferences.  Defendant admits that Daleiden recruited and trained individuals to serve as workers for BioMax. To the extent that this paragraph purports to interpret a statement made by Daleiden, that statement speaks for itself, and thus requires no answer. Defendant admits that Defendant Daleiden recruited at least four workers and that some of the BioMax workers used the pseudonymous names Susan Tennenbaum, Brianna Allen, and Rebecca Wagner.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 62, Defendant denies each and every allegation of paragraph 62.

63.     In response to paragraph 63, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that Catherine Short is CMP's registered agent for service of process but denies that she has served as such since CMP's inception.  Defendant admits that, on July 14, 2015, the day Defendant posted the first video and public statement, LLDF issued a press release.  To the extent this paragraph quotes a press release, that document speaks for itself and thus requires no answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 63, Defendant denies each and every allegation of paragraph 63.

64.     In response to paragraph 64, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that, in or about September 2013, Daleiden registered Merritt, under the name of Susan Tennenbaum, and another investigator,

under the name of Brianna Allen, for the Reproductive Health Professionals Conference in Denver, Colorado. Defendant admits that Merritt and the other investigator taped at least one Planned Parenthood affiliate staff member from Plaintiff PPPSW. Defendant admits that Merritt and the other investigator were registered for that conference by a credit card with the name Sofia Mireles. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 64, Defendant denies each and every allegation of paragraph 64.

65.     In response to paragraph 65, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant denies that contact was made with NAF "[s]hortly thereafter" the ARHP conference in September, but admits that on or about November 27, 2013, two months after the ARHP conference, Defendant, through an email from BioMax email account in the name of Brianna Allen, contacted NAF to request information about reserving exhibitor space at the April 2014 annual conference in San Francisco.  Defendant has no personal knowledge of the characterization of NAF in the second sentence, and thus lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 65, Defendant denies each and every allegation of paragraph 65.

66.     In response to paragraph 66, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent such allegations require an answer, Defendant denies the same. Defendant has no personal knowledge of the allegations relating to NAF in this paragraph, and thus lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

67.     In response to paragraph 67, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant denies that all attendees are "require[d] . . . to show photo identification before gaining access to the annual conference." Defendant denies that "NAF requires all attendees and exhibitors to sign strict confidentiality agreements."   Defendant denies that "all attendees" are "require[d] to sign a non-disclosure

1  agreement that prohibits making video, audio, photographic, or other recordings of the meetings or

2  discussions at the conference."  Except as otherwise admitted or denied, and in all other respects

3  and to the extent an answer is deemed necessary to the allegations in paragraph 67, Defendant

4  states he has no personal knowledge of any remaining allegations in paragraph 67, and thus lacks

5  sufficient information or belief to admit or deny the allegations, and on that basis, denies such

6  allegations.

7  68.     In response to paragraph 68, to the extent that the allegations constitute legal

8  argument, those allegations do not require an answer.  Defendant admits that he and Merritt, along

9  with an investigator pseudonymously called Brianna Allen, entered and attended the NAF

10  conference in San Francisco, held from April 5 to April 8, 2014, as BioMax representatives.

11  Defendant admits that Merritt identified herself by the name and title of Susan Tennenbaum, CEO;

12  the other investigator used the title of assistant, and Daleiden identified himself by the name and

13  title Robert Sarkis, Vice President for Operations.  Defendant admits that Daleiden had previously

14  signed a document called the Exhibit Rules and Regulations.  Defendant admits that he, Merritt,

15  and the other investigator each signed a document titled "Confidentiality Agreement for NAF

16  Annual Meeting."  Defendant admits that, at the time he signed this document, he intended to make

17  video and audio recordings. Defendant admits that he, Merritt, and the other investigator made

18  video and audio recordings of conference attendees.  Defendant lacks sufficient knowledge of the

19  mental state of each person recorded to know whether all recordings were made "without their

20  knowledge or consent" to admit or deny this allegation, and on that basis denies the same.  Except

21  as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed

22  necessary to the allegations in paragraph 68, Defendant denies each and every allegation of

23  paragraph 68.

24  69.     In response to paragraph 69, to the extent that the allegations constitute legal

25  argument, those allegations do not require an answer.  Defendant admits that he intended to

26  develop professional relationships and secure connections for future efforts to uncover more of

27  Planned Parenthood's fetal tissue sale operation. Defendant admits that he secured an additional

28  meeting with Dr. Nucatola.  Except as otherwise admitted or denied, and in all other respects and to

the extent an answer is deemed necessary to the allegations in paragraph 69, Defendant denies each and every allegation of paragraph 69.

70. In response to paragraph 70, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant lacks personal knowledge regarding the state of mind of Dr. Nucatola and "other Planned Parenthood staff" as well as whether Planned Parenthood's reliance upon NAF's so-called "extensive screening and security measures" was reasonable, and thus he neither admits nor denies the allegations contained in this paragraph and on that basis denies the same. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 70, Defendant denies each and every allegation of paragraph 70.

71. In response to paragraph 71, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits he, Merritt, and the other investigator recorded Plaintiffs' staff and others. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 71, Defendant denies each and every allegation of paragraph 71.

72. In response to paragraph 72, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that he obtained documents and media from NAF, including a thumb drive that was provided to attendees at the annual meeting, containing presentations that were given at NAF's annual meeting and a list of NAF "faculty" and their biographies. Defendant denies that this information was not available to the public and denies that it contained highly sensitive information. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 72, Defendant denies each and every allegation of paragraph 72.

73. In response to paragraph 73, to the extent that this paragraph paraphrases, states or interprets questions and/or answers from an interview between Newman and a Fox News reporter, the interview speaks for itself, and as such, does not require an answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 73, Defendant denies each and every allegation of paragraph 73.

74.     To the extent the allegations of Paragraph 74 assert legal conclusions, no response is required. To the extent that the allegations in this paragraph paraphrase, state or interpret the Temporary Restraining Order (hereafter TRO) in *NAF v. The Center for Medical Progress, et al.* (8/3/15 Order, Docket No. 27, N.D. Cal. Case No. 3:15-cv-03522-WHO), the TRO speaks for itself, and as such, do not require an answer.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 74, Defendant denies each and every allegation of paragraph 74.

75.     In response to paragraph 75, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant denies that the NAF conference was highly secure.   Defendant admits that he arranged a meeting with Nucatola after the NAF conference.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 75, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

76.     In response to paragraph 76, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Daleiden (using the name "Robert Sarkis") and Merritt (using the title and name of BioMax's CEO "Susan Tennenbaum") met with Dr. Nucatola on July 25, 2014, and recorded the conversation.  Defendant lacks knowledge of the subjective, internal belief or intent of Dr. Nucatola concerning her communications, her knowledge,  or her intent in arranging the meeting location and neither admits nor denies these allegations and on that basis denies the same. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 74, Defendant denies each and every allegation of paragraph 76.

77.     In response to paragraph 77, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent an answer is deemed necessary to the allegations in paragraph 77, Defendant denies each and every allegation of paragraph 77.

78.     In response to paragraph 78, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

79.     In response to paragraph 79, Defendant lacks sufficient information or belief to

admit or deny the allegations, and on that basis, denies such allegations.

80.    In response to paragraph 80, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Daleiden and Lopez attended three PPFA conferences as exhibitors for BioMax.  Defendant admits that they intended to record, to establish relationships with Planned Parenthood staff, and to produce videos relating to Planned Parenthood.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 80, Defendant denies each and every allegation of paragraph 80.

81.    In response to paragraph 81, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that Daleiden registered BioMax as an exhibitor for the PPFA North American Forum on Family Planning (the "Forum") held in Miami from October 12 to October 14, 2014. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 81, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

82.    In response to paragraph 82, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 82 purports to characterize the content of certain written documents, those documents speak for themselves and thus do not require an answer.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 82, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

83.    In response to paragraph 83, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that Daleiden (using the name "Robert Sarkis") registered himself and Lopez as Exhibitors for the Forum.  Defendant admits that Daleiden electronically confirmed that he had read the Exhibitor Terms and Conditions. Defendant denies all remaining allegations contained in Paragraph 83. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the

allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

84.     In response to paragraph 84, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant lacks sufficient information to form a belief regarding PPFA's internal policies and regarding what decisions PPFA might have made under certain circumstances, and therefore denies all remaining allegations contained in Paragraph 84.

85.      In response to paragraph 85, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent such allegations require an answer, Defendant denies the same. Defendant Daleiden admits that he presented himself at registration as a representative of BioMax, using the name Robert Sarkis.  Defendant Daleiden invokes his Fifth Amendment right to refuse to respond to the remainder of this paragraph.

86.     In response to paragraph 86, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent such allegations require an answer, Defendant denies the same. Defendant invokes his Fifth Amendment right to refuse to respond to the allegations of this paragraph.

87.     In response to Paragraph 87, to the extent that the allegations constitute legal argument, those allegations do not require an answer.   Defendant admits that he provided advertising material about their test company, BioMax, at the conference.   He admits that he provided his business cards at the Forum and other Planned Parenthood Conferences and meetings. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 87, Defendant denies each and every allegation of paragraph 87.

88.     In response to Paragraph 88, to the extent that the allegations constitute legal argument, those allegations do not require an answer.   Defendant admits that he presented and disseminated advertising materials about BioMax.  Defendant admits that the illustration shown is an accurate reproduction of the front of a BioMax brochure.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 88, Defendant denies each and every allegation of paragraph 88.

89.     In response to paragraph 89, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 89 purports to characterize the content of certain written documents, those documents speak for themselves and thus do not require an answer.   Defendant admits that the reproduced statement appeared on the BioMax website until the website was locked.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 89, Defendant denies each and every allegation of paragraph 89.

90.     In response to paragraph 90, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits he and Lopez recorded conversations with attendees.   Defendant has no knowledge of the subjective, internal belief regarding whether attendees "reasonably expected their communications at the conferences [would be] private and kept confidential" and thusneither admits nor denies these allegations and on that basis denies the same.  Defendant admits that he and Lopez presented themselves as representatives as BioMax and that they approached Planned Parenthood staff about fetal tissue donation.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 90, Defendant denies each and every allegation of paragraph 90.

91.     In response to paragraph 91, to the extent the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Daleiden, using the name and title Robert Daoud Sarkis, Procurement Manager/VP Operations for BioMax, contacted a doctor from the Planned Parenthood affiliate in Arizona. To the extent that this paragraph purports to quote, summarize, or paraphrase that communication, that communication speaks for itself and as such no answer is necessary. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 91, Defendant denies each and every allegation of paragraph 91.

92.     In response to paragraph 92, to the extent the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 92 purports to characterize the content of certain written documents, those documents speak for themselves.  Except as

otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 92, Defendant denies each and every allegation of paragraph 92.

93.     In response to paragraph 93, to the extent the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 93 purports to characterize the content of certain written documents, those documents speak for themselves. Defendant has no knowledge of the subjective, internal belief regarding what the Plaintiffs' and other affiliates' staff "reasonably" believed concerning Planned Parenthood conference exhibitors and can neither admit nor deny these allegations and on that basis denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 93, Defendant denies each and every allegation of paragraph 93.

94.     In response to paragraph 94, to the extent the allegations constitute legal argument, those allegations do not require an answer.  Defendant lacks sufficient information to admit or deny that Planned Parenthood Arizona does not currently "facilitate fetal tissue donation," and therefore denies the same.  Defendant admits that the Arizona physicians responded professionally and courteously to the emails from Robert Sarkis.  Defendant admits that Sarkis and Planned Parenthood Arizona agreed to discuss a potential professional partnership.  Defendant denies that "all of Plaintiffs' staff" have "never engaged in – or agreed to engage in – any unlawful or improper activity."  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 94, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

95.     In response to paragraph 95, to the extent allegations constitute legal argument, those allegations do not require an answer. Defendant admits Daleiden sent emails to Dr. Gatter. To the extent that this paragraph purports to quote, summarize, or paraphrase those e-mails or attachments, those documents speak for themselves and as such no answer is necessary. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 95, Defendant denies each and every allegation of paragraph 95.

96.     In response to paragraph 96, to the extent allegations constitute legal argument, those allegations do not require an answer.  Defendant has no knowledge of the subjective, internal beliefs of Dr. Gatter and her PPPSGV colleague and neither admits nor denies these allegations and on that basis denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 96, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

97.     In response to paragraph 97, to the extent allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that, on or about February 6, 2015, Defendants Daleiden and Merritt met with Dr. Gatter and her colleague at a Pasadena restaurant. Defendant has no personal knowledge regarding Dr. Gatter or her colleague's state of mind and thus neither admits nor denies the allegations of their "inten[t]" and on that basis denies the same. Defendant admits that the group was seated at the back of the restaurant. Defendant admits that Dr. Gatter noted that the music was loud. Defendant admit he and Merritt recorded the meeting, but has no knowledge of Dr. Gatter or her colleague's mental state regarding knowledge or consent to the recording, and therefore neither admits nor denies these allegations and on that basis denies the same. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 97, Defendant denies each and every allegation of paragraph 97.

98.     In response to paragraph 98, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that, on or about February 6, 2015, Daleiden registered as an Exhibitor for the MeDC Conference, to be held in Orlando, Florida from February 25 to March 2, 2015.  Defendant admits that Daleiden registered himself and Lopez as attendees at the event's reception and group dinner.   Defendant lacks sufficient information to admit or deny that the event's reception and group dinner were "firmly restricted to registered conference participants," and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 98, Defendant denies each and every allegation of paragraph 98.

99.     In response to paragraph 99, to the extent that the allegations constitute legal argument, those allegations do not require an answer. To the extent that Paragraph 99 purports to characterize the content of certain written documents, those documents speak for themselves and thus do not require an answer.  To the extent that Paragraph 234 alleges that all Exhibitors executed identical agreements, Defendant lacks sufficient information to admit or deny these allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 99, Defendant denies each and every allegation of paragraph 99.

100.     In response to paragraph 100, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 100 purports to characterize the content of certain written documents, those documents speak for themselves. Defendant has no personal knowledge as to whether these "special badges" were "used by attendees to identify other attendees who had registered and were purportedly present for reasons consistent with PPFA's mission," or were necessary for admittance to conference sessions, and thus lacks sufficient information to admit nor deny these allegations and on that basis denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 100, Defendant denies each and every allegation of paragraph 100.

101.     In response to paragraph 101, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Defendant Daleiden and Lopez attended as representatives of BioMax.  Defendant admits that Daleiden completed the Exhibitor registration for Daleiden and Lopez, with Daleiden using the name Robert Sarkis. Defendant admits the registration was electronically signed.  Defendant denies that he and Lopez had no intention of complying with the Terms and Conditions.  Defendant denies that they violated them repeatedly and with malicious intent.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 101, Defendant denies each and every allegation of paragraph 101.

102.     In response to paragraph 102, to the extent that the allegations constitute legal

argument, those allegations do not require an answer.  Defendant denies having fraudulently gained access to the MeDC conference. Defendant admits he and Lopez recorded conversations. Defendant denies that they baited conference participants. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 102, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

103.    In response to paragraph 103, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 103, Defendant denies each and every allegation of paragraph 103.

104.    In response to paragraph 104, to the extent the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Daleiden emailed a PPOSBC doctor.  To the extent that this paragraph purports to quote, summarize, or paraphrase that e-mail or attachments, the documents speak for themselves and as such no answer is necessary. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 104, Defendant denies each and every allegation of paragraph 104.

105.    In response to paragraph 105, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that he and Lopez attended a third Planned Parenthood conference, the PPFA National Conference in Washington, D.C., which was held from March 16 to March 20, 2015.  To the extent that Paragraph 105 purports to characterize the content of certain written documents, those documents speak for themselves and as such do not require an answer.  To the extent that Paragraph 105 alleges that all Exhibitors executed identical agreements, Defendant lacks sufficient information to admit or deny these allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 105, Defendant denies each and every allegation of paragraph 105

106.    In response to paragraph 106, to the extent that the allegations constitute legal

argument, those allegations do not require an answer.  Defendant admits that, on or about February 17, 2015, Daleiden registered BioMax for the PPFA National Conference.   Defendant lacks sufficient information to admit or deny whether he electronically confirmed that he had read the Exhibitor Terms and Conditions,  understood them, and was in compliance with them, and on that basis, denies  the same.  Defendants lack sufficient information to admit or deny whether he registered for the conference's major fundraising dinner event and made any statement in connection therewith, and on that basis, denies the same. To the extent that Paragraph 106 purports to characterize the content of certain written documents, those documents speak for themselves and as such do not require an answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 106, Defendant denies each and every allegation of paragraph 106.

107.    In response to paragraph 107, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 107, Defendant lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations.

108.    In response to paragraph 108, to the extent that the allegations constitute legal argument, those allegations do not require an answer.   Defendant admits Daleiden and Lopez recorded conversations. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 108, Defendant denies each and every allegation of paragraph 108.

109.    In response to paragraph 109, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant admits that they entered the PPRM offices on or about April 7, 2015, including a conference room and laboratory area. Daleiden admits that they arranged this meeting under the auspices of their test-company, BioMax Procurement Services.  Defendant admits that Daleiden met a PPRM physician at NAF and/or Planned Parenthood conferences.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 109, Defendant

1   denies each and every allegation of paragraph 109.

2       110.    In response to paragraph 110, to the extent that the allegations constitute legal

3   argument, those allegations do not require an answer.  Defendant admits that a PPRM physician

4   agreed to meet with Daleiden and Merritt to discuss fetal tissue donation for medical research.

5   Defendant has no knowledge of this physician's mental state or what she "understood" to be the

6   nature of the meeting and thus lack sufficient information to admit or deny these allegations and on

7   that basis denies the same.  Defendant has no knowledge of whether PPRM staff would have

8   permitted Daleiden or Merritt into particular areas of their facility had they had different

9   knowledge and neither admits nor denies these allegations and on that basis denies the same.

10  Defendant has no knowledge of the subjective, internal belief regarding what the PPRM staff

11  "intended" concerning their communications and neither admits nor denies these allegations and on

12  that basis denies the same.  Defendant denies that the subject matter of the disclosure was

13  "confidential and proprietary."  Defendant admits that portions of the conversation took place in a

14  conference room and laboratory. Except as otherwise admitted or denied, and in all other respects

15  and to the extent an answer is deemed necessary to the allegations in paragraph 110, Defendant

16  denies each and every allegation of paragraph 110.

17      111.    In response to paragraph 111, to the extent that the allegations constitute legal

18  argument, those allegations do not require an answer.  Defendant admits that Daleiden and Merritt,

19  on or about April 9, 2015, attended a scheduled meeting to which they were invited at PPGC's

20  Houston location. Except as otherwise admitted or denied, and in all other respects and to the

21  extent an answer is deemed necessary to the allegations in paragraph 111, Defendant denies each

22  and every allegation of paragraph 111.

23      112.    In response to paragraph 112, to the extent that the allegations constitute legal

24  argument, those allegations do not require an answer.  Defendant has no knowledge of whether and

25  why PPGC has implemented extensive security protocols at the clinic and neither admits nor denies

26  these allegations, and on that basis denies the same.  Defendant Daleiden has no knowledge about

27  whether a security officer is always posted at the entrance, and therefore neither admits nor denies

28  this allegation, and on that basis denies the same.  Defendant denies that all visitors are required to

1   pass through a metal detector.  Defendant Daleiden denies that they were asked to pass through a

2   metal detector.  Except as otherwise admitted or denied, and in all other respects and to the extent

3   an answer is deemed necessary to the allegations in paragraph 112, Defendant denies each and

4   every allegation of paragraph 112.

5         113.   In response to paragraph 113, to the extent that the allegations constitute legal

6   argument, those allegations do not require an answer.  Defendant lacks sufficient knowledge of

7   PPGC's "regular security protocols" to either admit or deny these allegations, and on that basis

8   denies the same.   Defendant Daleiden invokes his Fifth Amendment privilege in response to the

9   allegations in the second sentence in this paragraph.  Defendant lacks knowledge regarding whether

10   any cards were scanned, copied, and checked; he lacks knowledge of whether the database would

11   or would not have identified Merritt or him; he lacks knowledge of whether PPGC "would have

12   identified them as known anti-abortion activists" had he or Merritt provided different names; he

13   lacks knowledge whether PPGC would have "taken steps" in that hypothetical situation; as such, he

14   neither admits nor denies each and all of these allegations, and on that basis denies the same.

15   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is

16   deemed necessary to the allegations in paragraph 113, Defendant denies each and every allegation

17   of paragraph 113.

18         114.   In response to paragraph 114, to the extent that the allegations constitute legal

19   argument, those allegations do not require an answer.  Defendant admits to having signed a

20   document titled "Non-Disclosure and Confidentiality Agreement."   To the extent that this

21   paragraph purports to quote that agreement, that document speaks for itself and as such no answer

22   is necessary.  Except as otherwise admitted or denied, and in all other respects and to the extent an

23   answer is deemed necessary to the allegations in paragraph 114, Defendant denies each and every

24   allegation of paragraph 114.

25         115.   In response to paragraph 115, to the extent that the allegations constitute legal

26   argument, those allegations do not require an answer.  Defendant admits that he and Merritt met

27   with PPGC staff several days after he signed the NDA.  Defendant has no knowledge as to the

28   mental state of the PPGC staff and neither admits nor denies the allegations in the second sentence

1   and on that basis denies the same.  Except as otherwise admitted or denied, and in all other respects

2   and to the extent an answer is deemed necessary to the allegations in paragraph 115, Defendant

3   denies each and every allegation of paragraph 115.

4        116.   In response to paragraph 116, to the extent that the allegations constitute legal

5   argument, those allegations do not require an answer.  Defendant has no knowledge as to the

6   mental state of the PPGC staff and neither admits nor denies the allegations in the first, third, and

7   fourth sentences and on that basis denies the same.  Defendant admits that the subject matter of

8   limited portions of the conversation involved PPGC's internal operations but denies that the

9   communications "fit squarely within the NDA." Except as otherwise admitted or denied, and in all

10   other respects and to the extent an answer is deemed necessary to the allegations in paragraph 116,

11   Defendant denies each and every allegation of paragraph 116.

12        117.   In response to paragraph 117, to the extent that the allegations constitute legal

13   argument, those allegations do not require an answer.  Defendant admits that, in or about August of

14   2015, Daleiden and CMP posted a video recording containing excerpts of the meeting held at

15   PPGC. Except as otherwise admitted or denied, and in all other respects and to the extent an answer

16   is deemed necessary to the allegations in paragraph 117, Defendant denies each and every

17   allegation of paragraph 117.

18        118.   In response to paragraph 118, to the extent that the allegations constitute legal

19   argument, those allegations do not require an answer.  Defendant admits that Daleiden, Merritt, and

20   Lopez attended NAF's 2015 annual meeting in Baltimore, Maryland, which was held from April

21   18-21, 2015.  Defendant denies the allegations in the second sentence.  Defendant Daleiden admits

22   that, on or about September 23, 2014, Daleiden, under the name Robert Sarkis, with a M.S. in

23   Biological Science, submitted a proposal online for a panel discussion with BioMax and Dr.

24   Nucatola.  Defendant Daleiden admits that Dr. Nucatola is the same doctor with whom he had

25   eaten lunch on or about July 25, 2014, and whom he had recorded.  Daleiden admits that the

26   proposed panel would discuss integration of tissue donation services into clinical practice.

27   Defendant Daleiden admits that the proposal was not accepted for inclusion at the 2015 convention,

28   but lacks knowledge of whether it was "rejected by the NAF Annual Meeting Planning

1   Committee," and therefore neither admits nor denies these allegations and on that basis denies the

2   same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer

3   is deemed necessary to the allegations in paragraph 118, Defendant denies each and every

4   allegation of paragraph 118.

5       119.   In response to paragraph 119, to the extent that the allegations constitute legal

6   argument, those allegations do not require an answer.  Defendant admits that on or about February

7   10, 2015, Daleiden sent an email to NAF seeking information for exhibiting at the 39th NAF

8   meeting in Baltimore.  To the extent that this paragraph purports to quote an email message, that

9   document speaks for itself and as such no answer is required.  Except as otherwise admitted or

10  denied, and in all other respects and to the extent an answer is deemed necessary to the allegations

11  in paragraph 119, Defendant denies each and every allegation of paragraph 119.

12      120.   In response to paragraph 120, to the extent that the allegations constitute legal

13  argument, those allegations do not require an answer. Defendant admits that, on or about March 25,

14  2015, Daleiden signed NAF's Exhibit Rules and Regulations in the name of BioMax, and that its

15  exhibit would relate to fetal tissue procurement and human biospecimen procurement.  To the

16  extent that this paragraph purports to paraphrase or refer to the Exhibit Rules and Regulations, the

17  documents speak for themselves and as such no answer is required.  Defendant admits the

18  allegations of the third and fourth sentences of this paragraph. Except as otherwise admitted or

19  denied, and in all other respects and to the extent an answer is deemed necessary to the allegations

20  in paragraph 120, Defendant denies each and every allegation of paragraph 120.

21      121.   In response to paragraph 121, to the extent that the allegations constitute legal

22  argument, those allegations do not require an answer.  Defendant admits that Lopez signed the

23  document titled "NAF Confidentiality Agreement for NAF Annual Meeting April 18-21, 2015,"

24  prior to entering the convention, listing BioMax as the organization with which he was affiliated.

25  To the extent that Paragraph 121 purports to characterize the content of certain written documents,

26  those documents speak for themselves and as such no answer is required.  Except as otherwise

27  admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the

28  allegations in paragraph 121, Defendant denies each and every allegation of paragraph 121.

122.    In response to paragraph 122, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Daleiden, Lopez, Merritt  taped conversations with attendees. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 122, Defendant denies each and every allegation of paragraph 122.

123.    To the extent the allegations of Paragraph 123 assert legal conclusions, no response is required. To the extent that the allegations in this paragraph paraphrase, state or interpret the Temporary Restraining Order (hereafter TRO) in *NAF v. The Center for Medical Progress, et al.* (8/3/15 Order, Docket No. 27, N.D. Cal. Case No. 3:15-cv-03522-WHO), the TRO speaks for itself, and as such, do not require an answer.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 123, Defendant denies each and every allegation of paragraph 123.

124.    In response to paragraph 124, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that Daleiden and CMP released a number of professionally edited, short videos—and the accompanying full length videos—as part of the "Human Capital Project." Defendant admit that these videos showed evidence that Planned Parenthood had violated federal law related to fetal tissue donation. Defendant admits that these videos were composed in part of clips from the footage they had obtained of PPFA staff and affiliates' health care professionals.  Defendant admit that the videos were posted to CMP's website and disseminated on YouTube and Facebook.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 124, Defendant denies each and every allegation of paragraph 124.

125.    In response to paragraph 125, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 125 purports to characterize the content of certain written documents, those documents speak for themselves. Defendant admits that the videos and press releases were intended to motivate legislators, citizens, and government officials to take action to stop illegal and unethical behaviors. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the

allegations in paragraph 125, Defendant denies each and every allegation of paragraph 125.

126.   In response to paragraph 126, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 126 purports to characterize the content of certain written documents, those documents speak for themselves and as such no answer is required.  To the extent a response is required, Defendant denies both the analysis and conclusions of the heavily biased, long-discredited "GPS Fusion Report."  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 126, Defendant denies each and every allegation of paragraph 126.

127.   In response to paragraph 127, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 127 purports to characterize the content of certain written documents, those documents speak for themselves and as such no answer is required.  To the extent a response is required, Defendant denies both the analysis and conclusions of the heavily biased, long-discredited "GPS Fusion Report."  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 127, Defendant denies each and every allegation of paragraph 127.

128.   In response to paragraph 128, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that, on or about July 14, 2015, Daleiden and CMP posted the first professionally edited video showing PPFA staff. Defendant admits that Daleiden and CMP used, as part of the professional editing process, selected clips from the meeting Daleiden and Merritt had with Dr. Nucatola. Defendant admits that Daleiden and CMP posted the "long-form" (full) video of this meeting simultaneously with the professionally edited version.  To the extent that Paragraph 128 purports to characterize the content of certain written documents, those documents speak for themselves and as such no answer is required.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 128, Defendant denies each and every allegation of paragraph 128.

129.    In response to paragraph 129, to the extent that the allegations constitute legal argument, those allegations do not require an answer. They admit that the professionally edited videos did show Dr. Nucatola, and Planned Parenthood affiliates, to be selling fetal tissue for profit. To the extent that Paragraph 129 purports to characterize the content of certain written documents, those documents speak for themselves and as such no answer is required.  Defendant admits that not everything Nucatola said was included in the professionally edited video, but denies the remainder of the allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 129, Defendant denies each and every allegation of paragraph 129.

130.    In response to paragraph 130, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that the reaction to the video was immediate.  Defendant admits that Dr. Nucatola shut down her Twitter account, but lacks sufficient knowledge to admit or deny that it was within one and one half hours after posting and on that basis denies the same.  To the extent that Paragraph 130 purports to characterize the content of certain writings, those writings speak for themselves and thus do not require an answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 130, Defendant denies each and every allegation of paragraph 130.

131.    In response to paragraph 131, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that, after posting the first Human Capital Project video online, Daleiden gave media interviews. To the extent that Paragraph 131 purports to characterize the content of the oral statements and recorded interviews, those statements and recordings speak for themselves and as such no answer is required. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 131, Defendant denies each and every allegation of paragraph 131.

132.    In response to paragraph 132, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 132 purports to

characterize the content of certain written and oral documents, those documents speak for themselves and as such no answer is required.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 132, Defendant denies each and every allegation of paragraph 132.

133.   In response to paragraph 133, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that, on or about July 21, 2015, Daleiden and CMP posted a professionally edited video containing portions of a meeting held on or about February 6, 2015, with Dr. Gatter. To the extent that Paragraph 133 purports to characterize the content of certain recordings, those recordings speak for themselves and thus require no answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 133, Defendant denies each and every allegation of paragraph 133.

134.   In response to paragraph 134, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  To the extent that Paragraph 134 purports to characterize the content of certain recordings, those recordings speak for themselves and thus require no answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 134, Defendant denies each and every allegation of paragraph 134.

135.   In response to paragraph 135, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant lacks sufficient knowledge of the allegations of this paragraph to admit or deny them, and on that basis denies the same. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 135, Defendant denies each and every allegation of paragraph 135.

136.   In response to paragraph 136, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that, on or about July 22, 2015, Daleiden was interviewed by Sean Hannity of Fox News.  To the extent that Paragraph 136 purports to characterize the content of certain statements, those statements speak for themselves

1   and as such no answer is required.  Except as otherwise admitted or denied, and in all other respects
2   and to the extent an answer is deemed necessary to the allegations in paragraph 136, Defendant
3   denies each and every allegation of paragraph 136.

4        137.    In response to paragraph 137, to the extent that the allegations constitute legal
5   argument, those allegations do not require an answer.  Defendant admits that on or about July 30,
6   2015, Daleiden and CMP posted a professionally edited video using footage taken inside the PPRM
7   health center in Denver. To the extent that Paragraph 137 purports to characterize the content of
8   any videos or any written materials, those videos and materials speak for themselves and as such no
9   answer is required.  Except as otherwise admitted or denied, and in all other respects and to the
10  extent an answer is deemed necessary to the allegations in paragraph 137, Defendant denies each
11  and every allegation of paragraph 137.

12       138.    In response to paragraph 138, to the extent that the allegations constitute legal
13  argument, those allegations do not require an answer.  To the extent such allegations require an
14  answer, Defendant denies the same. Defendant lacks sufficient knowledge of, and has no personal
15  knowledge of, the allegations in this paragraph and thus neither admits nor denies any and all of
16  them, and on that basis denies the same.

17       139.    In response to paragraph 139, to the extent that the allegations constitute legal
18  argument, those allegations do not require an answer.  Defendant admits that, on or about August 4,
19  2015, Daleiden and CMP posted on their website a professionally edited video using footage from
20  the April 9, 2015, meeting inside the PPGC office and clinic space in Texas. To the extent that
21  Paragraph 137 purports to characterize the content of any videos or any written materials, those
22  videos and materials speak for themselves and as such no answer is required. Except as otherwise
23  admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the
24  allegations in paragraph 139, Defendant denies each and every allegation of paragraph 139.

25       140.    In response to paragraph 140, to the extent that the allegations constitute legal
26  argument, those allegations do not require an answer.  Defendant lacks sufficient knowledge
27  regarding the allegations of the first sentence and thus they lack sufficient information or belief to
28  admit or deny the allegations, and on that basis, denies such allegations.  Defendant lacks sufficient

knowledge regarding the alleged comments posted to CMP's YouTube channel for the video in question and, as there are over 3,000 comments, many nested within multiple layers of other comments which must be individually clicked on to be read, thus he lacks sufficient information or belief to admit or deny the allegations, and on that basis, denies such allegations. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 140, Defendant denies each and every allegation of paragraph 140.

141.   In response to paragraph 141, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that, after August of 2015, Daleiden and CMP continued to release professionally edited videos containing clips from several PPFA and affiliate meetings and spaces, including the Exhibit Hall of one conference, as well as a Planned Parenthood affiliate's office and laboratory space.  Defendant admits that Daleiden and CMP released videos on January 5 and January 12, 2016, using footage they had obtained prior to the release of the first video in July of 2015.  Defendant lacks sufficient knowledge regarding the mental state of the PPFA and Planned Parenthood affiliate personnel and neither admits nor denies the allegations that these individuals were recorded without their knowledge or consent and on that basis denies the same.  Defendant admits that each professionally edited video, and the accompanying full length footage, was accompanied by a press release, the contents of which speak for themselves and do not require an answer. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 141, Defendant denies each and every allegation of paragraph 141.

142.   In response to paragraph 142, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant lacks sufficient information or belief to admit or deny the allegations, and whether the harms alleged were the result of Defendants' actions and on that basis, denies such allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 142, Defendant denies each and every allegation of paragraph 142.

143.   In response to paragraph 143, to the extent that the allegations constitute legal

argument, those allegations do not require an answer.  Defendant lacks sufficient information or belief to admit or deny the allegations and whether the harms alleged were the result of Defendants' actions and on that basis, denies such allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 143, Defendant denies each and every allegation of paragraph 143.

144.    In response to paragraph 144, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant lacks sufficient information or belief to admit or deny the allegations and whether the harms alleged were the result of Defendants' actions and on that basis, denies such allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 144, Defendant denies each and every allegation of paragraph 144.

145.    In response to paragraph 145, to the extent that the allegations constitute legal argument, those allegations do not require an answer. Defendant lacks sufficient information or belief to admit or deny the allegations regarding vendors and hiring and whether the harms alleged were the result of Defendants' actions, and on that basis, denies such allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 145, Defendant denies each and every allegation of paragraph 145.

146.    In response to paragraph 146, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant admits that five separate Congressional Committees, and legislators in numerous states, commenced investigations of Planned Parenthood's operations after the release of the Human Capital Project videos.  Defendant denies that the investigations are "all meritless and politically motivated . . . ."  Defendant lacks sufficient information or belief to admit or deny the allegations about the time expended and whether the harms alleged were the result of Defendants' actions, and on that basis, denies such allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 146, Defendant denies each and every allegation of paragraph 146.

147.    In response to paragraph 147, to the extent that the allegations constitute legal argument, those allegations do not require an answer.  Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph and whether the harms alleged were the result of Defendants' actions, and on that basis, denies such allegations.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in paragraph 147, Defendant denies each and every allegation of paragraph 147.

## FIRST CLAIM FOR RELIEF
### (Against All Defendants)

148.    Defendant restates and incorporate by reference herein their responses to Paragraphs 1-147.

149.    To the extent that the allegations contained in Paragraph 149 constitute legal conclusions, they require no response.    Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

150.    To the extent that the allegations contained in Paragraph 150 constitute legal conclusions, they require no response. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

151.    To the extent that the allegations contained in Paragraph 151 constitute legal conclusions, they require no response.    Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

152.    To the extent that the allegations contained in Paragraph 152 constitute legal conclusions, they require no response.  To the extent that the first sentence purports to paraphrase, state or interpret oral or written statements of Daleiden and Newman, the statements speak for themselves, and as such, do not require an answer. Defendant admits that the Center for Medical Progress and Daleiden have released a number of professionally edited videotapes—as well as the accompanying full length videos of the same encounters—and have stated that they may release

1   more such videotapes.  Except as otherwise admitted or denied, and in all other respects and to the

2   extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each

3   and every allegation of this paragraph.

4       153.    To the extent that the allegations contained in Paragraph 153 constitute legal

5   conclusions, they require no response.  Except as otherwise admitted or denied, and in all other

6   respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

7   Defendant denies each and every allegation of this paragraph.

8       154.    To the extent that the allegations contained in Paragraph 154 constitute legal

9   conclusions, they require no response.  Except as otherwise admitted or denied, and in all other

10  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

11  Defendant denies each and every allegation of this paragraph.

12      155.    To the extent that the allegations contained in Paragraph 155 constitute legal

13  conclusions, they require no response.  Except as otherwise admitted or denied, and in all other

14  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

15  Defendant denies each and every allegation of this paragraph.

16      156.    To the extent that the allegations contained in Paragraph 156 constitute legal

17  conclusions, they require no response. Except as otherwise admitted or denied, and in all other

18  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

19  Defendant denies each and every allegation of this paragraph.

20      157.    To the extent that the allegations contained in Paragraph 157 constitute legal

21  conclusions, they require no response.   Except as otherwise admitted or denied, and in all other

22  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

23  Defendant denies each and every allegation of this paragraph.

24      158.    To the extent that the allegations contained in Paragraph 158 constitute legal

25  conclusions, they require no response.  Defendant admit that communications were made via the

26  U.S. mails and/or interstate wire facilities on the specific dates enumerated in Paragraph 158.  To

27  the extent that Paragraph 158 purports to characterize those written communications, the

28  communications speak for themselves.  Defendant denies all allegations in Paragraph relating to

40

"[e]ach other email alleged in this Complaint." Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

159.   To the extent that the allegations contained in Paragraph 159 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

160.   To the extent that the allegations contained in Paragraph 160 constitute legal conclusions, they require no response. To the extent a response is deemed necessary, Defendant denies the same. Defendant invokes his Fifth Amendment right to refuse to respond to the remainder of this paragraph.

161.    To the extent that the allegations contained in Paragraph 161 constitute legal conclusions, they require no response. To the extent that Paragraph 161 makes allegations regarding purported losses or injuries sustained by Plaintiffs, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

162.   To the extent that the allegations contained in Paragraph 162 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

**SECOND CLAIM FOR RELIEF**
**(Against Defendants Daleiden, Merritt, Lopez, CMP,**
**BioMax, and Unknown Co-Conspirators)**

163.   Defendant restates and incorporate by reference herein their responses to Paragraphs 1-162.

164.   To the extent that the allegations contained in Paragraph 164 constitute legal conclusions, they require no response.  Defendant admits that Defendants Daleiden, Merritt, and

1  Lopez used concealed electronic devices to record certain communications to which they were

2  parties.   Except as otherwise admitted or denied, and in all other respects and to the extent an

3  answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every

4  allegation of this paragraph.

5  165.   To the extent that the allegations contained in Paragraph 165 constitute legal

6  conclusions, they require no response.   Except as otherwise admitted or denied, and in all other

7  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

8  Defendant denies each and every allegation of this paragraph.

9  166.   To the extent that the allegations contained in Paragraph 166 constitute legal

10 conclusions, they require no response. Defendant admits that certain recordings were taken in the

11 clinical or office space of certain Planned Parenthood locations to obtain information relating to

12 Planned Parenthood's fetal tissue procurement practices. Except as otherwise admitted or denied,

13 and in all other respects and to the extent an answer is deemed necessary to the allegations in this

14 paragraph, Defendant denies each and every allegation of this paragraph.

15 167.   To the extent that the allegations contained in Paragraph 167 constitute legal

16 conclusions, they require no response.   To the extent that Paragraph 167 alleges that Plaintiffs

17 subjectively expected that certain communications would not be subject to interception, Defendant

18 lacks sufficient information to admit or deny the allegations and therefore denies the same. Except

19 as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed

20 necessary to the allegations in this paragraph, Defendant denies each and every allegation of this

21 paragraph.

22 168.   To the extent that the allegations contained in Paragraph 168 constitute legal

23 conclusions, they require no response. To the extent such allegations require an answer, Defendant

24 denies the same. Defendant lack sufficient knowledge of the mental state of each person recorded

25 to know whether all recordings were made without the consent of Plaintiffs of their staff to either

26 admit or deny this allegation, and on that basis denies the same. Defendant denies all remaining

27 allegations contained in Paragraph 168.

28 169.   To the extent that the allegations contained in Paragraph 169 constitute legal

conclusions, they require no response. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

170.    To the extent that the allegations contained in Paragraph 170 constitute legal conclusions, they require no response.  To the extent that Paragraph 170 alleges that Plaintiffs have sustained any purported losses, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

171.    To the extent that the allegations contained in Paragraph 171 constitute legal conclusions, they require no response. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

## THIRD CLAIM FOR RELIEF
### (Against All Defendants)

172.    Defendant restates and incorporate by reference herein their responses to Paragraphs 1-171.

173.    To the extent that the allegations contained in Paragraph 173 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

174.    To the extent that the allegations contained in Paragraph 174 constitute legal conclusions, they require no response.  To the extent that Paragraph 174 alleges that Plaintiffs have sustained any loss, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

175.    To the extent that the allegations contained in Paragraph 175 constitute legal

conclusions, they require no response.   To the extent that Paragraph 175 alleges that Plaintiffs have sustained any loss, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

176.   To the extent that the allegations contained in Paragraph 176 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

**FOURTH CAUSE OF ACTION**
**(Against Defendants Daleiden, Merritt, Lopez, CMP,**
**BioMax, and Unknown Co-Conspirators)**

177.   Defendant restates and incorporate by reference herein their responses to Paragraphs 1-176.

178.   To the extent that the allegations contained in Paragraph 178 constitute legal conclusions, they require no response.  Defendant admits that Daleiden submitted documents referred to in this Paragraph. To the extent that Paragraph 178 purports to characterize the content of the relevant agreements, the agreements speak for themselves and as such no answer is required. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

179.   To the extent that the allegations contained in Paragraph 179 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

180.   To the extent that the allegations contained in Paragraph 180 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

1  Defendant denies each and every allegation of this paragraph.

2  181.   To the extent that the allegations contained in Paragraph 181 constitute legal

3  conclusions, they require no response.  To the extent that Paragraph 181 alleges that Plaintiffs have

4  made certain expenditures, Defendant lacks sufficient information to admit or deny those

5  allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other

6  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

7  Defendant denies each and every allegation of this paragraph.

8                               **FIFTH CAUSE OF ACTION**
9                  **(Against Defendants Daleiden, Merritt, Lopez, CMP,**
                     **BioMax, and Unknown Co-Conspirators)**

10  182.   Defendant restates and incorporate by reference herein their responses to Paragraphs

11  1-181.

12  183.   To the extent that the allegations contained in Paragraph 183 constitute legal

13  conclusions, they require no response.  Defendant admits that Daleiden signed documents referred

14  to in this Paragraph. To the extent that Paragraph 183 purports to characterize the content of the

15  relevant agreements, the agreements speak for themselves and as such no answer is required.

16  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is

17  deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation

18  of this paragraph.

19  184.   To the extent that the allegations contained in Paragraph 184 constitute legal

20  conclusions, they require no response.  Defendant admits that on April 5, 2014, Daleiden and

21  Merritt, as well as another investigator, signed agreements.  Defendant admits that on April 18,

22  2015, Defendant Lopez signed an agreement. To the extent that Paragraph 184 purports to

23  characterize the content of the relevant agreements, the agreements speak for themselves and as

24  such no answer is required.  Except as otherwise admitted or denied, and in all other respects and to

25  the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies

26  each and every allegation of this paragraph.

27  185.   To the extent that the allegations contained in Paragraph 185 constitute legal

28

conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

186.    To the extent that the allegations contained in Paragraph 186 constitute legal conclusions, they require no response. Defendant admits that Daleiden, Merritt, and Lopez made video and audio recordings at the NAF annual meetings. Defendant admits that Daleiden has disclosed information learned at NAF's meetings to third parties without NAF's consent. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

187.    To the extent that the allegations contained in Paragraph 187 constitute legal conclusions, they require no response. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

188.    To the extent that the allegations contained in Paragraph 188 constitute legal conclusions, they require no response.  To the extent that Paragraph 188 alleges that Plaintiffs have sustained any purported losses or expenditures, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

### SIXTH CAUSE OF ACTION
**(Against Defendants Daleiden, Merritt, Lopez, CMP,
BioMax, and Unknown Co-Conspirators)**

189.    Defendant restates and incorporate by reference herein their responses to Paragraphs 1-188.

190.    To the extent that the allegations contained in Paragraph 190 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

46

1   Defendant denies each and every allegation of this paragraph.

2       191.    To the extent that the allegations contained in Paragraph 191 constitute legal

3   conclusions, they require no response.   Except as otherwise admitted or denied, and in all other

4   respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

5   Defendant denies each and every allegation of this paragraph.

6       192.    To the extent that the allegations contained in Paragraph 192 constitute legal

7   conclusions, they require no response. Except as otherwise admitted or denied, and in all other

8   respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

9   Defendant denies each and every allegation of this paragraph.

10      193.    To the extent that the allegations contained in Paragraph 193 constitute legal

11  conclusions, they require no response. Except as otherwise admitted or denied, and in all other

12  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

13  Defendant denies each and every allegation of this paragraph.

14      194.    To the extent that the allegations contained in Paragraph 194 constitute legal

15  conclusions, they require no response. Except as otherwise admitted or denied, and in all other

16  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

17  Defendant denies each and every allegation of this paragraph.

18      195.    To the extent that the allegations contained in Paragraph 195 constitute legal

19  conclusions, they require no response.      To the extent that Paragraph 195 alleges that Plaintiffs

20  have sustained any purported losses, Defendant lacks sufficient information to admit or deny those

21  allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other

22  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

23  Defendant denies each and every allegation of this paragraph.

24      196.    To the extent that the allegations contained in Paragraph 196 constitute legal

25  conclusions, they require no response.  Except as otherwise admitted or denied, and in all other

26  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

27  Defendant denies each and every allegation of this paragraph.

28

**SEVENTH CAUSE OF ACTION**

**(Against All Defendants)**

197.     Defendant restates and incorporate by reference herein their responses to Paragraphs 1-196.

198.     To the extent that the allegations contained in Paragraph 198 constitute legal conclusions, they require no response.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

199.     To the extent that the allegations contained in Paragraph 199 constitute legal conclusions, they require no response. Defendant admits that Daleiden and Merritt recorded conversations with staff members of some Plaintiffs while they were in California. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

200.     To the extent that the allegations contained in Paragraph 200 constitute legal conclusions, they require no response. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

201.     To the extent that the allegations contained in Paragraph 201 constitute legal conclusions, they require no response.  To the extent that Paragraph 201 alleges that Plaintiffs have sustained any purported losses, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

202.     To the extent that the allegations contained in Paragraph 202 constitute legal conclusions, they require no response. To the extent this paragraph purports to quote or paraphrase an oral or written statement, that statement speaks for itself and as such no answer is required. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation

of this paragraph.

203.   To the extent that the allegations contained in Paragraph 203 constitute legal conclusions, they require no response.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

### EIGHTH CAUSE OF ACTION
### (Against Defendants Daleiden, Merritt, Lopez, CMP, BioMax, and Unknown Co-Conspirators)

204.   Defendant restates and incorporate by reference herein their responses to Paragraphs 1-203.

205.   To the extent that the allegations contained in Paragraph 205 constitute legal conclusions, they require no response.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

206.   To the extent that the allegations contained in Paragraph 206 constitute legal conclusions, they require no response.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

207.   To the extent that the allegations contained in Paragraph 207 constitute legal conclusions, they require no response. To the extent that Paragraph 207 makes allegations regarding the mental state of Plaintiffs, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

208.   To the extent that the allegations contained in Paragraph 208 constitute legal conclusions, they require no response. To the extent that Paragraph 208 makes allegations concerning the reasons why Plaintiffs engaged in certain conduct, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise

1  admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the

2  allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

3       209.   To the extent that the allegations contained in Paragraph 209 constitute legal

4  conclusions, they require no response.  To the extent that Paragraph 209 alleges that Plaintiffs have

5  sustained purported losses, Defendant lacks sufficient information to admit or deny those

6  allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other

7  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

8  Defendant denies each and every allegation of this paragraph.

9       210.   To the extent that the allegations contained in Paragraph 210 constitute legal

10  conclusions, they require no response.  Except as otherwise admitted or denied, and in all other

11  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

12  Defendant denies each and every allegation of this paragraph.

13

14                     **NINTH CLAIM FOR RELIEF**
                 **(Against Defendants Daleiden, Merritt, Lopez, CMP,**
15                  **BioMax, and Unknown Co-Conspirators)**

16       211.   Defendant restates and incorporate by reference herein their responses to Paragraphs

17  1-210.

18       212.   To the extent that the allegations contained in Paragraph 212 constitute legal

19  conclusions, they require no response.     Defendant admits that Daleiden and Merritt, as well as

20  another investigator, made certain recordings at the NAF 2014 annual conference in San Francisco.

21  Defendant admits that staff members from PPFA, PPNC, PPMM, PPGC, PPCFC, and PPLA

22  attended the NAF meeting. To the extent that Paragraph 212 makes further allegations regarding

23  the identities of attendees at the NAF annual meeting, Defendant lacks sufficient information to

24  admit or deny those allegations and therefore denies the same. Except as otherwise admitted or

25  denied, and in all other respects and to the extent an answer is deemed necessary to the allegations

26  in this paragraph, Defendant denies each and every allegation of this paragraph.

27       213.   To the extent that the allegations contained in Paragraph 213 constitute legal

28  conclusions, they require no response. Defendant admit that Daleiden and Merritt made recordings

1  of certain conversations with individuals associated with Planned Parenthood affiliates.  Except as

2  otherwise admitted or denied, and in all other respects and to the extent an answer is deemed

3  necessary to the allegations in this paragraph, Defendant denies each and every allegation of this

4  paragraph.

5      214.   To the extent that the allegations contained in Paragraph 214 constitute legal

6  conclusions, they require no response. To the extent that Paragraph 214 makes allegations

7  regarding "reasonable belief" in the mental state of Plaintiffs, Defendant lacks sufficient

8  information to admit or deny those allegations and therefore denies the same.  To the extent that

9  Paragraph 214 alleges that all attendees executed identical agreements, Defendant lacks sufficient

10 information to admit or deny those allegations and therefore denies the same.  Except as otherwise

11 admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the

12 allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

13     215.   To the extent that the allegations contained in Paragraph 215 constitute legal

14 conclusions, they require no response.    Defendant lacks sufficient knowledge of the mental state

15 of each person recorded to know whether all recordings were made without the consent of

16 Plaintiffs of their staff, and therefore denies the same. Except as otherwise admitted or denied, and

17 in all other respects and to the extent an answer is deemed necessary to the allegations in this

18 paragraph, Defendant denies each and every allegation of this paragraph.

19     216.   To the extent that the allegations contained in Paragraph 216 constitute legal

20 conclusions, they require no response.   To the extent that Paragraph 216 alleges that Plaintiffs have

21 sustained purported losses, Defendant lacks sufficient information to admit or deny those

22 allegations and therefore denies the same. Except as otherwise admitted or denied, and in all other

23 respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

24 Defendant denies each and every allegation of this paragraph.

25     217.   To the extent that the allegations contained in Paragraph 217 constitute legal

26 conclusions, they require no response.   Except as otherwise admitted or denied, and in all other

27 respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

28 Defendant denies each and every allegation of this paragraph.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TENTH CAUSE OF ACTION**
**(Against Defendants Daleiden, Merritt, Lopez, CMP,**
**BioMax, and Unknown Co-Conspirators)**

218.    Defendant restates and incorporate by reference herein their responses to Paragraphs 1-217.

219.    To the extent that the allegations contained in Paragraph 219 constitute legal conclusions, they require no response.    Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

220.    To the extent that the allegations contained in Paragraph 220 constitute legal conclusions, they require no response.    Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

221.    To the extent that the allegations contained in Paragraph 221 constitute legal conclusions, they require no response. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

222.    To the extent that the allegations contained in Paragraph 222 constitute legal conclusions, they require no response.    Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

223.    To the extent that the allegations contained in Paragraph 223 constitute legal conclusions, they require no response.    Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

224.    To the extent that the allegations contained in Paragraph 224 constitute legal conclusions, they require no response. To the extent that Paragraph 224 alleges that Plaintiffs sustained purported losses, Defendant lacks sufficient information to admit or deny those

1  allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other
2  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,
3  Defendant denies each and every allegation of this paragraph.

4      225.   To the extent that the allegations contained in Paragraph 225 constitute legal
5  conclusions, they require no response.  Except as otherwise admitted or denied, and in all other
6  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,
7  Defendant denies each and every allegation of this paragraph.

8
                        **ELEVENTH CAUSE OF ACTION**
9                  **(Against Defendants Daleiden, Merritt, Lopez, CMP,**
                        **BioMax, and Unknown Co-Conspirators)**
10

11     226.   Defendant restates and incorporate by reference herein their responses to Paragraphs
12  1-225.

13     227.   To the extent that the allegations contained in Paragraph 227 constitute legal
14  conclusions, they require no response.  Defendant admits that Defendants Daleiden and Lopez
15  made certain recordings at the 2015 PPFA Medical Directors Council Conference and the 2014
16  PPFA North American Forum on Family Planning Conference.  Defendant lacks sufficient
17  information to admit or deny allegations regarding whether staff from all Plaintiffs attended these
18  conferences and therefore denies the same.  Except as otherwise admitted or denied, and in all other
19  respects and to the extent an answer is deemed necessary to the allegations in this paragraph,
20  Defendant denies each and every allegation of this paragraph.

21     228.   To the extent that the allegations contained in Paragraph 228 constitute legal
22  conclusions, they require no response.  To the extent that Paragraph 228 alleges that all conference
23  attendees executed identical agreements, Defendant lacks sufficient information to admit or deny
24  these allegations and therefore denies the same.  To the extent that Paragraph 228 makes
25  allegations regarding the "reasonable expectation of privacy" of Plaintiffs' staff regarding
26  Plaintiffs' communications or their intentions regarding the terms and conditions of the
27  agreements, Defendant lacks sufficient information to admit or deny those allegations and therefore
28  denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent

1  an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and

2  every allegation of this paragraph.

3       229.   To the extent that the allegations contained in Paragraph 229 constitute legal

4  conclusions, they require no response.  Defendant lacks sufficient knowledge of the mental state of

5  each person recorded to know whether all recordings were made without the consent of Plaintiffs

6  of their staff to be able to admit or deny such allegation and therefore denies the same. Except as

7  otherwise admitted or denied, and in all other respects and to the extent an answer is deemed

8  necessary to the allegations in this paragraph, Defendant denies each and every allegation of this

9  paragraph.

10      230.   To the extent that the allegations contained in Paragraph 230 constitute legal

11 conclusions, they require no response.   To the extent that Paragraph 230 alleges that Plaintiffs have

12 sustained purported losses, Defendant lacks sufficient information to admit or deny these

13 allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other

14 respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

15 Defendant denies each and every allegation of this paragraph.

16      231.   To the extent that the allegations contained in Paragraph 231 constitute legal

17 conclusions, they require no response.   Except as otherwise admitted or denied, and in all other

18 respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

19 Defendant denies each and every allegation of this paragraph.

20

21                         **TWELFTH CAUSE OF ACTION**
                   **(Against Defendants Daleiden, Merritt, Lopez, CMP,**
22                     **BioMax, and Unknown Co-Conspirators)**

23      232.   Defendant restates and incorporate by reference herein their responses to Paragraphs

24 1-231.

25      233.   To the extent that the allegations contained in Paragraph 233 constitute legal

26 conclusions, they require no response.   Defendant admits that Defendants Daleiden, Merritt, and

27 Lopez made certain recordings at the NAF 2015 annual conference in Baltimore, Maryland.

28 Defendant further admit that, based on the information available to them, staff from PPFA,

PPPSW, PPMM, PPOSB, PPGC, PPCFC, and PPRM attended that meeting.  To the extent that Paragraph 233 makes further allegations regarding the identities of attendees at the NAF annual meeting, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

234.    To the extent that the allegations contained in Paragraph 234 constitute legal conclusions, they require no response. To the extent that Paragraph 234 makes allegations regarding the reasonableness of Plaintiffs' expectations, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

235.    To the extent that the allegations contained in Paragraph 235 constitute legal conclusions, they require no response. Defendant lacks sufficient knowledge of the mental state of each person recorded to know whether all recordings were made without the consent of Plaintiffs of their staff, and to be able to  admit or deny this allegation, and therefore denies the same. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

236.    To the extent that the allegations contained in Paragraph 236 constitute legal conclusions, they require no response.  To the extent that Paragraph 236 alleges that Plaintiffs have sustained purported losses, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

237.    To the extent that the allegations contained in Paragraph 237 constitute legal conclusions, they require no response.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph,

Defendant denies each and every allegation of this paragraph.

## THIRTEENTH CAUSE OF ACTION
### (Against Defendants Daleiden, Merritt, Lopez, CMP, BioMax, and Unknown Co-Conspirators)

238.     Defendant restates and incorporate by reference herein their responses to Paragraphs 1-237.

239.     To the extent that the allegations contained in Paragraph 239 constitute legal conclusions, they require no response.     To the extent that Paragraph 239 states that "Plaintiffs present this claim on behalf of their staff," the First Amended Complaint speaks for itself and as such no answer is required.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

240.     To the extent that the allegations contained in Paragraph 240 constitute legal conclusions, they require no response. To the extent that Paragraph 240 makes allegations regarding "reasonable belief" in the mental state of Plaintiffs, Defendant lacks s information to admit or deny those allegations and therefore denies the same.  To the extent that Paragraph 240 purports to characterize the content of certain written documents, those documents speak for themselves and as such no answer is required. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

241.     To the extent that the allegations contained in Paragraph 241 constitute legal conclusions, they require no response. To the extent that Paragraph 241 alleges that Plaintiffs subjectively expected that certain communications would not be recorded, listened to, or published, Defendant lacks sufficient information to admit or deny the allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

242.     To the extent that the allegations contained in Paragraph 242 constitute legal

conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph

243.    To the extent that the allegations contained in Paragraph 243 constitute legal conclusions, they require no response.   To the extent that Paragraph 243 alleges that Plaintiffs have sustained purported losses, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

### FOURTEENTH CLAIM FOR RELIEF
#### (Against Defendants Daleiden, Merritt, Lopez, CMP, BioMax, and Unknown Co-Conspirators)

244.    Defendant restates and incorporate by reference herein their responses to Paragraphs 1-243.

245.    To the extent that the allegations contained in Paragraph 245 constitute legal conclusions, they require no response. To the extent that Paragraph 245 states that "Plaintiffs present this claim on behalf of their staff," the First Amended Complaint speaks for itself and as such no answer is required.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

246.    To the extent that the allegations contained in Paragraph 246 constitute legal conclusions, they require no response.   To the extent that Paragraph 246 makes allegations regarding "reasonable belief" in the mental state of Plaintiffs, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.   To the extent that Paragraph 246 purports to characterize the content of certain written documents, those documents speak for themselves and as such no answer is required.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

247.   To the extent that the allegations contained in Paragraph 247 constitute legal conclusions, they require no response.   To the extent that Paragraph 247 makes allegations regarding "reasonable expectation" in the mental state of Plaintiffs, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

248.   To the extent that the allegations contained in Paragraph 248 constitute legal conclusions, they require no response.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

249.   To the extent that the allegations contained in Paragraph 249 constitute legal conclusions, they require no response.   To the extent that Paragraph 249 alleges that Plaintiffs have sustained purported injuries, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

**FIFTEENTH CAUSE OF ACTION**
**(Against Defendants BioMax, Daleiden, and Merritt)**

250.   To the extent that the allegations contained in Paragraph 250 constitute legal conclusions, they require no response.     To the extent that Paragraph 250 purports to characterize the content of certain written documents, those written documents speak for themselves and as such no answer is required. Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

251.   To the extent that the allegations contained in Paragraph 251 constitute legal conclusions, they require no response.   Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

252.    To the extent that the allegations contained in Paragraph 252 constitute legal conclusions, they require no response.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

253.    To the extent that the allegations contained in Paragraph 253 constitute legal conclusions, they require no response.  To the extent that Paragraph 253 alleges that Plaintiffs have sustained purported losses, Defendant lacks sufficient information to admit or deny those allegations and therefore denies the same.  Except as otherwise admitted or denied, and in all other respects and to the extent an answer is deemed necessary to the allegations in this paragraph, Defendant denies each and every allegation of this paragraph.

254.    Defendant denies each and every allegation contained in the Amended Complaint, except those allegations specifically admitted to be true and those allegations that constitute admissions against the Plaintiffs' interests.

## PRAYER FOR RELIEF

1.    Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 1 of their Prayer for Relief.

2.    Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 2 of their Prayer for Relief.

3.    Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 3 of their Prayer for Relief.

4.    Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 4 of their Prayer for Relief.

5.    Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 5 of their Prayer for Relief.

6.    Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 6 of their Prayer for Relief.

7.    Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 7 of their Prayer for Relief.

8.      Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 8 of their Prayer for Relief.

9.      Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 9 of their Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' First Amended Complaint fails to state any claim upon which relief can be granted.

2.      Defendant is entitled to judgment on Plaintiffs' First Claim for Relief, because (a) Plaintiffs have not been injured in their business or property, but instead have sustained (at most) personal injuries that are not cognizable under RICO; (b) Defendant has not engaged in wire fraud, in that they did not intend to acquire or actually acquire any money or property from Plaintiffs; (c) Defendant has not engaged in wire fraud, in that they paid the market price charged by Plaintiffs for all transactions into which the parties entered; (d) Defendant has not engaged in any conduct that would violate 18 U.S.C. § 1028; (e) Defendant did not engage in a pattern of racketeering activity; (f) Defendant's alleged predicate acts did not proximately cause any of Plaintiffs' alleged injuries, but instead those alleged injuries would have had to have resulted from a complex and lengthy causal chain that includes acts of third parties unrelated to Defendant; and (g) there is no distinct "enterprise" within the meaning of RICO.

3.      Defendant is entitled to judgment on Plaintiffs' Second Claim for Relief, because (a) Defendants were parties to all alleged conversations; (b) Defendant did not make any recordings for the purpose of committing any criminal or tortious act; (c) any individuals in any recording lacked a cognizable expectation of privacy within the meaning of the Wiretap Act; and (d) if the text of the Wiretap Act were to apply to Defendant's alleged conduct, the statute would be unconstitutional as applied to Defendant's alleged conduct, which constitutes core political expressive activity and speech protected by the First Amendment to the United States Constitution.

4.      Defendant is  entitled to judgment on Plaintiffs' Third Cause of Action, because (a) Plaintiffs cannot establish the occurrence of any underlying torts against them; and (b) Plaintiffs

1   have not identified any conspiracy other than an alleged conspiracy between an artificial entity and

2   its employees, which is not cognizable under the single-entity rule.

3          5.     Defendant is entitled to judgment on Plaintiffs' Fourth and Fifteenth Causes of

4   Action, because (a) the relevant contracts are unenforceable as a matter of public policy and under

5   the First Amendment to the United States Constitution to the extent that they purport to apply to

6   Defendant's conduct; (b) Defendant has not breached any provisions of the relevant agreements; (c)

7   to the extent that the agreements purport to require attendees to act in a way that "would be useful

8   to attendees and beneficial to the interests of their clients and patients," the agreements are too

9   vague and indefinite to be enforceable; (d) to the extent that the agreements purport to require

10   attendees to comply with other provisions of law, the agreements are unenforceable; (e) the alleged

11   injuries on which these claims rest are unrecoverable consequential damages; (f) the relevant

12   agreements are unenforceable on the basis of illegality; (g) Plaintiffs failed to preserve the

13   confidentiality of information covered by the relevant agreements; and (h) the relevant agreements

14   are unenforceable under the doctrine of unconscionability and constitute unenforceable form

15   contracts offered on a take-it-or-leave-it basis.

16          6.     Defendant is entitled to judgment on Plaintiffs' Fifth Cause of Action, because

17   (a) the relevant contracts are unenforceable as a matter of public policy and under the First

18   Amendment to the United States Constitution to the extent that they purport to apply to

19   Defendants' conduct; (b) Plaintiffs lack standing to bring sue under the relevant agreements; (c)

20   there is no privity of contract between Plaintiffs and Defendants with regard to the relevant

21   agreements; (d) Plaintiffs are not third-party beneficiaries of the relevant agreements; (e) the

22   relevant agreements are unenforceable under the doctrine of unconscionability and constitute

23   unenforceable form contracts offered on a take-it-or-leave-it basis; (f) the relevant agreements are

24   not enforceable, because they are not supported by consideration; (g) Defendants have not engaged

25   in any conduct that would breach any of the relevant agreements; (h) the relevant agreements are

26   enforceable to the extent that they are overbroad, vague, and/or indefinite; and (i) the National

27   Abortion Federation failed to preserve the confidentiality of information covered by the relevant

28   agreements.

7.     Defendant is entitled to judgment on Plaintiffs' Sixth Cause of Action, because (a) Defendant had consent and authorization to enter all relevant properties; (b) Plaintiffs lacked a cognizable possessory interest in the relevant properties; (c) the alleged injuries on which the trespass claims rest could not have been proximately caused by any alleged trespass; and (d) Plaintifs did not seek nominal damages.

8.     Defendant is entitled to judgment on Plaintiffs' Seventh Cause of Action, because (a) Defendant has not engaged in any "unlawful," "unfair," or "fraudulent" conduct within the meaning of the Unfair Competition Law; (b) Defendant is not a competitor of Plaintiffs; (c) Defendant has not engaged in any conduct that implicates the interests underlying the antitrust laws; (d) no reasonable consumer could have been deceived by any statement made by Defendant; (e) no person acted in reliance on Defendant's speech in a way that inflicted any cognizable injury on Plaintiffs; (f) Defendant did not obtain any money or property from Plaintiffs; and (g) if the text of the Unfair Competition Law were to apply to Defendant's alleged conduct, the statute would be unconstitutional as applied to Defendant's alleged conduct, which constitutes core political expressive activity and speech protected by the First Amendment to the United States Constitution and Article I, section 2, of the California Constitution.

9.     Defendants are entitled to judgment on Plaintiffs' Eighth Cause of Action, because (a) Defendants did not make any false representations; (b) Defendants did not act with an intent to defraud; (c) Plaintiffs did not justifiably rely on any representations made by Defendants; (d) Plaintiffs' reliance on any representations by Defendants did not cause any damages allegedly sustained by Plaintiffs; (e) Plaintiffs did not sustain any legally cognizable injuries; and (f) the alleged injuries on which Plaintiffs' fraud claim rests could not have been proximately caused by any representations made by Defendants to Plaintiffs.

10.     Defendant is entitled to judgment on Plaintiffs' Ninth Cause of Action, because (a) Plaintiffs lack standing to sue under § 632 for alleged recordings of their employees or agents; (b) no recorded conversations constituted confidential communications within the meaning of § 632; (c) no persons who were recorded had an objectively reasonable expectation that their conversations were not being overheard or recorded; (d) a § 632 claim cannot be premised on post-

1    recording disclosures of recorded materials; (e) § 632 is preempted, as applied to this case, by the

2    Federal Wiretap Act; and (f) the claim is barred pursuant to California Penal Code section 633.5

3    because the purpose of the recording of any confidential communication was to gather evidence of

4    the commission of violent felonies, specifically, the killing of an infant born alive or the

5    commission of a partial birth abortion; and (g) to the extent that § 632 would apply to Defendant's

6    conduct, the statute would be unconstitutional as applied under the First Amendment to the United

7    States Constitution.

8          11.    Defendant is entitled to judgment on Plaintiffs' Tenth Cause of Action, because

9    (a) Defendant did not engage in any violations of California Penal Code § 632; (b) Defendant had

10   consent and authorization to enter all relevant properties; (c) Plaintiffs lacked a cognizable

11   possessory interest in any relevant properties; and (d) to the extent that the statute would apply to

12   Defendant's conduct, the statute would be unconstitutional as applied under the First Amendment

13   to the United States Constitution.

14         12.    Defendant is entitled to judgment on Plaintiffs' Eleventh Cause of Action, because

15   (a) no persons recorded had a legally protectable expectation of privacy in any recorded

16   conversations; (b) Plaintiffs lack standing to assert the rights of any individuals who were recorded;

17   and (c) to the extent that the statute would apply to Defendant's conduct, the statute would be

18   unconstitutional as applied under the First Amendment to the United States Constitution.

19         13.    Defendant is entitled to judgment on Plaintiffs' Twelfth Cause of Action, because

20   (a) no persons recorded had a legally protectable expectation of privacy in any recorded

21   conversations; (b) Plaintiffs lack standing to assert the rights of any individuals who were recorded;

22   and (c) to the extent that the statute would apply to Defendant's conduct, the statute would be

23   unconstitutional as applied under the First Amendment to the United States Constitution.

24         14.    Defendant is entitled to judgment on Plaintiffs' Thirteenth and Fourteenth Causes of

25   Action, because (a) Plaintiffs lack standing to bring invasion of privacy claims on behalf of their

26   employees and agents; (b) any alleged recordings did not intrude into a place in which any person

27   had a reasonable expectation of privacy; (c) any alleged recordings would not be highly offensive

28   to a reasonable person; (d) any recordings contained information that the recorded individuals

1   voluntarily disclosed to persons with whom they had no relationship of trust; (e) any recordings

2   that were made relate to matters of legitimate and significant public interest; and (f) any recordings

3   that were made constitute privileged newsgathering.

4       15.     Defendant is entitled to judgment on all of Plaintiffs' state-law claims pursuant to

5   California's Anti-SLAPP Statute.

6       16.     The First Amendment to the United States Constitution bars Plaintiffs' claims for

7   money damages, because those claims seek defamation-type damages and thus must satisfy the

8   constitutional standards applicable to defamation claims.  Plaintiffs cannot establish that Defendant

9   made false statements, nor can they demonstrate that Defendant acted with the requisite mental

10  state.  Thus, the First Amendment bars these claims for money damages.  For identical reasons,

11  these claims for money damages are barred by the free-speech protections of the California,

12  Florida, Colorado, and Texas Constitutions.

13      17.     Plaintiffs' tort claims are barred by the economic-loss doctrine, because those claims

14  seek to recover money damages under tort theories that are premised on purported breaches of

15  contract.

16      18.     Plaintiffs' claims must be dismissed, because they have failed to join necessary and

17  indispensable parties, including but not limited to the National Abortion Federation and the

18  individual employees and officers of Plaintiffs upon whose alleged injuries Plaintiffs' claims rest.

19      19.     Plaintiffs' claims are barred by the *Noerr-Pennington* Doctrine, because granting the

20  relief requested by Plaintiffs would impermissibly violate Defendants' rights under the Petition

21  Clause of the United States Constitution.

22      20.     Plaintiffs' claims for damages must be denied to the extent that they seek damages

23  resulting from lawful investigations conducted by governmental and law-enforcement entities.

24      21.     The putative confidentiality provisions relied on by Plaintiffs are void as a matter of

25  public policy, because, among other reasons, they are applied to conceal evidence of criminal,

26  unethical and fraudulent activities.

27      22.     The proximate cause of Plaintiffs' alleged injuries was not Defendants' alleged

28  conduct, but rather the conduct of Plaintiffs and their employees and agents.

23.     Plaintiffs' own negligence or fault directly caused or directly contributed to cause the Plaintiffs' damages, if any, and the Plaintiffs' claim therefore should be diminished by the percentage of fault apportioned to the Plaintiffs by the jury.

24.     The Plaintiffs' damages, if any, were the result of actions, errors or omissions of individuals or entities other than the Defendants, for whose conduct the Defendants are not responsible or with whom the Defendants have no legal relation.

25.     Defendant's alleged conduct was not the proximate cause of Plaintiffs' alleged injuries, because Plaintiffs' theory of causation necessarily includes the intervening wrongful action of the National Abortion Federation in making false representations to Plaintiffs about the security of its meetings.

26.     Plaintiffs' claims for injunctive relief are barred by the doctrine of unclean hands, because Plaintiffs have engaged in illegal and/or unethical conduct and because Plaintiffs seek to use injunctive relief to shroud and to advance this illegal and/or unethical conduct.

27.     Plaintiffs' claims for injunctive relief must be denied, because stifling and punishing Defendants' expressive conduct relating to issues of significant and legitimate public attention would severely harm the public interest.

28.     Plaintiffs' claims for injunctive relief must be denied because the balance of equities plainly favors Defendants.

29.     Plaintiffs' claims for injunctive relief must be denied to the extent that they would purport to limit Defendants' future speech, because such relief would constitute an unconstitutional prior restraint.

30.     Plaintiffs' claims for damages must be reduced based on the fact that they have failed to mitigate their damages.

31.     Plaintiffs' fraud-based claims must be denied, because Plaintiffs have failed to plead fraud with sufficient particularity under Fed. R. Civ. P. 9(b).

32.     To the extent that Plaintiffs' claimed injuries result from the protected speech of third parties, those injuries are not legally cognizable and awarding any damages for them would violate the First Amendment to the United States Constitution and the free-speech protections of

1   the California, Texas, Colorado, and Florida Constitutions.

2        33.    Defendant did not cause the alleged injuries that Plaintiffs allegedly sustained.

3        34.    Granting the relief sought by Plaintiffs would violate the separation of powers by

4   impermissibly impeding congressional investigation.

5        35.    Granting the relief sought by Plaintiffs would violate the federalism-related

6   protections of the United States Constitution by impermissibly impeding state and local law-

7   enforcement investigations.

8        36.    Plaintiffs' claims are barred by California Civil Code section 47 because Plaintiffs'

9   claims are based upon privileged speech and conduct undertaken in anticipation of official

10  government proceedings.

11       37.    Granting the relief sought by Plaintiffs would result in Plaintiffs being unjustly

12  enriched.

13       38.    Planned Parenthood and other related parties have violated antitrust laws to the

14  extent Planned Parenthood relies on confidentiality agreements obtained in connection with

15  meetings with its competitors that share common interests in providing medical products and

16  services related to abortion, which, among other antitrust violations, is a facilitating practice

17  making it easier for parties to coordinate price or other behavior leading to anticompetitive results.

18       39.    Defendant's investigative journalism activities were lawful and constitutionally

19  protected, documenting illegal, unethical and fraudulent activities in the abortion industry and

20  certain fields of medical research, including the willingness to engage in, and an actual engagement

21  in, unlawful and unethical practices, including the buying and selling of fetal body parts for profit,

22  the alteration of abortion methods – including engaging in illegal partial-birth abortions – to

23  procure intact fetal body parts for research, obtaining fetal body parts without the mother's consent

24  or with fraudulently induced consent, and killing infants born alive in failed abortions.

25       40.    Plaintiffs engaged in fraud, including intentional misrepresentations about recouping

26  its expenses in setting the sale values of particular baby body parts.

27       41.    The Court should decline to exercise jurisdiction over Plaintiffs' state-law claims,

28  because Defendants are entitled to judgment on Plaintiffs' federal-law claims, which would leave

only state-law claims that would not involve complete diversity of citizenship.

42.     The Court should abstain from exercising jurisdiction over Plaintiffs' state-law claims under the *Pullman* abstention doctrine because those claims involve complex issues of state law that, in turn, implicate complex questions of federal constitutional law.  By allowing state courts to resolve these state-law questions, the Court can avoid deciding complex federal constitutional questions.

43.     Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the United States or of the State governing any particular state-law claim.

44.     The defendant intends to rely upon other affirmative defenses that may become applicable after discovery is conducted and therefore reserves the right to amend this answer to allege such defenses.

Wherefore, Defendants request that:

1.     The First Amended Complaint be denied and dismissed with prejudice in its entirety;

2.     Plaintiffs take nothing from this action;

3.     Judgment be entered in favor of Defendants;

4.     Defendants be awarded costs and attorneys' fees; and

5.     The Court award such other and further relief as is just and proper.

Respectfully submitted,

Catherine W. Short; SBN 117442                    /s/ Catherine Short
LIFE LEGAL DEFENSE FOUNDATION                    *Counsel for Defendant David Daleiden*
Post Office Box 1313
Ojai, CA 93024-1313
Tel:  (707) 337-6880
LLDFOjai@earthlink.net

Thomas Brejcha, *pro hac vice*

DALEIDEN ANSWER TO FIRST AMENDED COMPLAINT– 16-CV-00236 (WHO)

1
Peter Breen, *pro hac vice*
THOMAS MORE SOCIETY
2
19 S. La Salle St., Ste. 603
Chicago, IL 60603
3
Tel: (312) 782-1680
Facsimile: (312) 782-1887
4
tbrejcha@thomasmoresociety.org
5
pbreen@thomasmoresociety.org

6
Matt Heffron, *pro hac vice*
BROWN & BROWN, LLC
7
501 Scoular Building
2027 Dodge Street
8
Omaha, NE 68102
Tel: (402) 346-5010
9
Facsimile: (402) 345-8853

10
*Attorneys for Defendant David Daleiden*

11

12
**DEMAND FOR JURY TRIAL**

13
Defendant demands a jury trial for all claims for relief properly tried to a jury.

14

15
Respectfully submitted,

16

17
/s/ Catherine Short_____
*Counsel for Defendant David Daleiden*

18

19

20

21

22

23

24

25

26

27

28