Catherine W. Short.; SBN 117442
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA  93024-1313
Tel:  (707) 337-6880
LLDFOjai@earthlink.net

Charles S. LiMandri; SBN 110841
Teresa L. Mendoza; SBN 185820
Paul M. Jonna; SBN 265389
Jeffrey M. Trissell; SBN 292480
FREEDOM OF CONSCIENCE DEFENSE FUND
Post Office Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948; Fax: (858) 759-9938
E-mail: cslimandri@limandri.com

*Attorney for Defendants*
*The Center for Medical Progress,*
*BioMax Procurement Services, LLC*

(additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>        Defendants. | Case No. 16-cv-00236 (WHO)<br><br>Judge William H. Orrick, III<br><br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES THEREON**<br><br>Hearing Date:  December 21, 2016<br>Time:          2:00 p.m.<br>Courtroom 2, 17th Floor |

1  TO:     THE PARTIES AND THEIR COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE THAT on December 21, 2016, at 2:00 p.m. in Courtroom 2 of

3  the Honorable William H. Orrick at the United States District Court for the Northern District of

4  California, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, or, if

5  the Court so chooses at either an earlier date and/or without oral argument, all Defendants will, and

6  hereby do, move this Court to stay all proceedings in this action pending resolution of Defendants

7  Center for Medical Progress (CMP), BioMax Procurement Services, LLC, (BioMax), David

8  Daleiden, Gerardo Adrian Lopez and Susan Merritt's appeal of this Court's September 30, 2016

9  Order (Doc. 124) ("Order") denying them relief under California's anti-SLAPP statute (Cal. Civ.

10 Proc. Code § 425.16). This motion is based upon this Notice of Motion and Motion, the

11 Memorandum of Points and Authorities attached hereto, all other pleadings and papers on file in

12 this action, and whatever oral argument the Court may hear. This motion is being brought by all

13 Defendants to this action.

14                              **STATEMENT OF ISSUES**

15      Defendants seek a stay of all proceedings in this Court pending resolution of the appeal

16 filed regarding this Court's order of September 30, 2016. Docs. 124, 129.

17                                  **BACKGROUND**

18      On March 24, 2016, Plaintiffs filed their First Amended Complaint, alleging two federal

19 and thirteen state law counts[1] against Defendants. Doc. 58-1.

20      On April 25, Defendant Susan Merritt moved to strike under C.C.P. § 425.16 all of the state

21 law counts brought against her, specifically, the Third through Tenth and the Thirteenth and

22 Fourteenth Counts. Doc. 78.

23

24 _____

25     [1] Defendants use the term "count" instead of "claim" because a recent California
   Supreme Court case interpreting the anti-SLAPP statute has defined a term of art using "claim"
26 with respect to the anti-SLAPP statute. *See Baral v. Schnitt* (2016) 1 Cal.5th 376, 382 ("To avoid
   confusion, we refer to the proper subject of a special motion to strike as a 'claim,' a term that
27 also appears in section 425.16(b)(1).") Thus, using the term "claim" with respect to the fifteen
   claims in the First Amended Complaint could lead to confusion.

28

1    On May 6, Defendants CMP, BioMax, Daleiden and Lopez moved to strike, under C.C.P. §

2  425.16, the Fourth through Sixth and Eighth through Fifteenth Counts. Doc. 85.

3    On September 30, the Court denied both motions to strike in their entirety. Doc. 124. On

4  October 28, Defendants CMP, BioMax, Daleiden, Lopez, and Merritt (the Appealing Defendants)

5  filed a notice of appeal from this denial. Doc. 129.

6    Defendants advised Plaintiffs of the law stating that all proceedings related to the appealed

7  counts are automatically stayed pending the outcome of the appeal. Defendants asked if Plaintiffs

8  would stipulate to a stay of the remaining federal counts as well. Plaintiffs responded that they

9  would not stipulate to a stay of the federal counts nor to the state law counts as to the non-

10  appealing Defendants (Albin Rhomberg, Troy Newman, and Phillip Cronin). Plaintiffs further

11  contend that all outstanding discovery relating to the federal counts should proceed.

12    Defendants bring this motion to stay all proceedings in this action pending the outcome of

13  the appeal.

14                                    **ARGUMENT**

15  **I.    SECTION 425.16 AUTOMATICALLY STAYS ALL PROCEEDINGS ON THE**

16  **CLAIMS IN THE COUNTS RELATED TO THE APPEAL.**

17    "[A]n appeal from the denial of a special motion to strike automatically stays all further

18  trial court proceedings on the merits upon the [counts] affected by the motion." *Varian Med. Sys.,*

19  *Inc. v. Delfino*, 35 Cal.4th 180, 186 (2005). California law recognizes the protection afforded by

20  the anti-SLAPP statute as a substantive immunity from suit, and thus federal courts do so as well.

21  *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003).

22    Federal courts in this circuit have looked to *Varian*, or to cases applying it, to "determine

23  the extent of the immunity, and thus the breadth of the automatic stay." *Moser v. Encore Capital*

24  *Grp., Inc.*, 2007 U.S. Dist. LEXIS, at *7 (S.D. Cal. Mar. 27, 2007); *see also Makaeff v. Trump*

25  *University, LLC*, 2011 U.S. Dist. LEXIS 13603, at *5 (S.D. Cal. Feb. 11, 2011) ("The Court

26  therefore looks to state law to determine the scope of the automatic stay.").

27    Because an anti-SLAPP motion is "designed to protect the defendant from having to

28  litigate meritless cases aimed at chilling First Amendment expression," *Batzel*, 333 F.3d at 1024,

1    as well as "limit the costs of defending against such a lawsuit," *Varian Med. Sys.*, 35 Cal. 4th at

2    186, all proceedings that are related to or embraced in the issues raised in the anti-SLAPP motion

3    should be stayed until the appeal is heard. *Id*. at 190 ("[A] proceeding affects the effectiveness of

4    the appeal if the very purpose of the appeal is to avoid the need for that proceeding. In that

5    situation, the proceeding itself is inherently inconsistent with a possible outcome on appeal and

6    must therefore be stayed.").

7           District courts have overwhelmingly concluded that an appeal from the denial of an anti-

8    SLAPP motion triggers an automatic stay of all district court proceedings, including discovery

9    proceedings, on all counts subject to or affected by the anti-SLAPP motion. *See*, *e.g.*, *Future Ads*

10   *LLC v. Gillman*, 2014 U.S. Dist. LEXIS 40398, at *4 (C.D. Cal. Mar. 24, 2014) (staying all further

11   proceedings, including discovery, pending outcome of appeal of anti-SLAPP motion); *Makaeff*,

12   2011 U.S. Dist. LEXIS 13603, at *3-5 ("automatic" stay applied to count at issue on appeal of

13   denial of anti-SLAPP motion); *All One God Faith, Inc. v. Hain Celestial Grp., Inc.*, 2009 U.S.

14   Dist. LEXIS 115928 at n.2 (N.D. Cal. Dec. 14, 2009) ("The appeal of a ruling on an anti-SLAPP

15   motion imposes an automatic stay of all further trial court proceedings on the merits."); *Moser*,

16   2007 U.S. Dist. LEXIS, at *7 (courts are "required to stay" proceedings that are "affected by the

17   [anti-SLAPP] motion"); *Davis v. Elec. Arts Inc.*, 2012 U.S. Dist. LEXIS 51714, at *2 ("In

18   determining whether a certain component of a case is 'embraced in or affected by the appeal, [a

19   court] must consider the appeal and its possible outcomes in relation to the proceedings and its

20   possible results.'"); *see also Hewlett-Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174,

21   1184-1185 ("[T]he statute rewards the filer of an unsuccessful anti-SLAPP motion with . . . a 'free

22   time-out' from further litigation in the trial court. The statute does this by entitling the

23   unsuccessful movant to immediately appeal the denial of such a motion—even one . . . which . . .

24   attacks only a small part of the plaintiff's case. . . . Such an appeal automatically stays all further

25   trial proceedings on causes of action 'affected by the motion.' This means that . . . an anti-SLAPP

26   motion . . . will typically stop the entire lawsuit dead in its tracks until an appellate court completes

27   its review.") (citations omitted).

28

1    Recently, the California Supreme Court explained that "the proper subject of a special

2  motion to strike [i]s a 'claim,'" for relief, not just an entire pleaded count. *Baral v. Schnitt* (2016) 1

3  Cal.5th 376, 382. It further explained that multiple "claims" could be the subject of one count, and

4  that one "claim" could also be the subject of multiple counts. *Id*. at 392-394. Thus, anti-SLAPP

5  motions deal more with factual "claim[s] for relief based on allegations of protected activity," not

6  how those factual claims for relief are legally framed. *Id*. at 395. Thus, the discovery stay should

7  apply not only to the counts on appeal, but to the factual claims for relief that are the subjects of

8  those counts. *See id*. at 392 (The inability of "anti-SLAPP motions to reach distinct claims within

9  pleaded counts [would] undermine[] the central purpose of the statute: screening out meritless

10  claims that arise from protected activity, before the defendant is required to undergo the expense

11  and intrusion of discovery.")

12    In the instant case, the non-appealed counts are inextricably related to the appealed counts,

13  such that proceeding on the non-appealed counts would defeat the substantive immunities granted

14  by the anti-SLAPP statute.

15    Plaintiffs' First Count, under the RICO statute, alleges that Defendants exerted control over

16  the Enterprise by engaging in various activities, including setting up a sham company and

17  corporation, disseminating fake materials, making false representations about why they wanted to

18  attend meetings and visit offices, and engaging in unlawful recording of Plaintiffs' staff. Doc. 58-

19  1, ¶ 156. All of these alleged activities are restatements of Plaintiffs' state law counts for fraud,

20  breach of contract, and illegal recording. Thus, to the extent Plaintiffs are permitted to proceed

21  against Defendants on the First Count, it would entail discovery and rulings on the counts currently

22  on appeal.[2] Moreover, the Ninth Circuit's ruling on the proximate causation element of Plaintiffs'

23

---

24  [2] This Court ruled that Plaintiffs could not rest their RICO count on their mail or wire fraud
allegations but only on the allegations of production or transfer of fake identification. Doc. 124 at
25  11-13. The Court found that Plaintiffs had adequately pled the "pattern" element of RICO liability
by "alleg[ing] that defendants repeatedly (and continuously) used their fake IDs (produced in
26  violation of federal law) as key steps in defendants' ongoing RICO enterprise." *Id.* at 13. However,
the mere *use* of fake IDs did not violate the federal statute, and thus cannot be used to create a
27  "pattern of racketeering activity" as defined in the RICO statute, 18 U.S.C. §1961(5).

28

1    state law fraud count may impact this Court's analysis of the proximate cause element of the RICO

2    count. *Compare* Doc. 124 at 16-17 *with id.* at 32-34.

3        As to the Second Count, under the federal wiretapping statute, this Court acknowledged

4    that Plaintiffs must prove that the conversations at issue "were intercepted for the purpose of

5    committing criminal or tortious acts." (*Id.* at 17.) Plaintiffs have alleged that the recordings were

6    made in furtherance of committing a tortious invasion of privacy. Doc. 58-1, ¶ 169. However, the

7    viability of Plaintiffs' counts for tortious invasion of privacy are directly at issue in Defendants'

8    anti-SLAPP motion (Docs. 78, 85) and thus in the appeal of the denial of that motion.[3]

9        Plaintiffs' Third Count, for conspiracy, is completely derivative of and dependent on the

10   viability of the state law counts at issue in the appeal. Similarly, as this Court noted in discussing

11   the Seventh Count under Business & Professions Code §17200, "Plaintiffs identify each of their

12   other [counts] as supporting their unlawful prong claim." Doc. 124 at 29. Thus, both of these

13   counts are related to, affected by, and embraced in the counts on appeal.

14       The Court should stay all proceedings in this litigation as to all parties until resolution of

15   Defendants' appeal of the denial of the anti-SLAPP motion.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21

22   [3] The Court also suggested that Plaintiffs might establish their Second Count by showing an intent to commit criminal acts because Plaintiffs' "RICO enterprise allegations . . . encompass actions

23   that occurred after the interceptions at issue." However, not every act of a person associated with a purported RICO enterprise is a *criminal* act. "The 'enterprise' is not the 'pattern of racketeering

24   activity'; it is an entity separate and apart from the pattern of activity in which it engages." *United*

25   *States v. Turkette*, 452 U.S. 576, 583 (1981). The fact that CMP continued to carry on its activities "after the interceptions at issue," Doc. 124, at 17:20-22, does not mean that any of those subsequent

26   actions were "racketeering activities," nor does it mean that the recordings "were intercepted for the purpose of committing" any criminal acts. The recordings at issue were clearly not made *for the*

27   *purpose of* violating 18 U.S.C. § 1028(a) (concerning false identification), which is the only source of alleged RICO liability remaining.

28

DEFS.' MOTION TO STAY PROCEEDINGS PENDING APPEAL
16-CV-00236 (WHO)

## II.   THIS COURT HAS DISCRETION TO STAY PROCEEDINGS ON ALL COUNTS AND AS TO ALL DEFENDANTS.

In addition to the mandatory stay of all proceedings related to, embraced in, or affected by the appeal of the anti-SLAPP motion, "[t]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, counsel, and litigants." *Elec. Frontier Found. v. Office of Dir. of Nat'l Intelligence*, 2009 U.S. Dist. LEXIS 27461, at *4 (N.D. Cal. Mar. 23, 2009) (White, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979) (internal citations omitted).

In determining whether a discretionary stay is warranted, a district court balances competing interests and considers:

1) possible damage which may result from the granting of a stay;

2) the hardship or inequity which a party may suffer in being required to go forward; and

3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Elec. Frontier Found.*, 2009 U.S. Dist. LEXIS 27461 at *4 (citations omitted).  Courts have interpreted the third factor as a question of judicial economy. *Fuller v. Amerigas Propane, Inc.*, 2009 U.S. Dist. LEXIS 71413, at *4 (N.D. Cal. Aug. 3, 2009).

All three of these factors support a stay of all proceedings here.

/ / /

/ / /

/ / /

1      **A.      No Party is Damaged by a Stay of Proceedings.**

2      All Defendants are moving for a stay, so there is no damage to any Defendant.

3      Nor would Plaintiffs be damaged by a stay.  Plaintiffs are primarily seeking monetary

4      relief. Doc. 58-1 at 65-66. They have not alleged any ongoing irreparable injury and have not

5      sought any preliminary injunctive relief. Thus, the only conceivable "damage" resulting from a

6      stay is delay. But, the Ninth Circuit has held that mere delay in a case seeking monetary recovery

7      is an insufficient ground for denying a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962)

8      (harm of delay limited only to possible interest accrued over the period of delay; such delay is

9      insufficient); *cf. Formfactor, Inc. v. Micronics Japan Co., Ltd*, No. CV-06-07159 JSW, 2008 U.S.

10     Dist. LEXIS 13114 at *7 (N.D. Cal. Feb. 11, 2008) (potential future monetary damages are not

11     sufficient harm to warrant not staying the proceeding).

12     Indeed, Plaintiffs as well will benefit from a stay, as they would have the assistance of the

13     Ninth Circuit's ruling regarding any refinement of their counts and not expend resources on counts

14     against the non-appealing Defendants that the Ninth Circuit may find legally untenable.

15     **B.      Denial of a Stay Will Cause Hardship and Inequity to the Parties.**

16     If the Court does not stay these proceedings, the parties will suffer hardships in the form of

17     duplicative discovery, unnecessary motions practice, piecemeal litigation, and potentially

18     inconsistent adjudication.

19     Further proceedings will produce an unending stream of discovery disputes, pitting the

20     Plaintiffs' efforts to obtain discovery on the remaining counts going forward against the appealing

21     Defendants' substantive immunity from discovery on the interrelated claims subject to the anti-

22     SLAPP appeal.

23     For example, as noted above, Plaintiffs' RICO count lists a variety of activities Defendants

24     allegedly engaged in conducting and participating in the affairs of the RICO enterprise, all of

25     which activities are based on Plaintiffs' state law counts for fraud, breach of contract, and unlawful

26     recording. Doc 58-1 at ¶ 156. However, it is not actionable simply to conduct or participate in the

27     activities of the designated "enterprise." "The 'enterprise' is not the 'pattern of racketeering

28     activity'; it is an entity separate and apart from the pattern of activity in which it engages." *United*

*States v. Turkette*, 452 U.S. 576, 583 (1981). It is only illegal to participate "in the conduct of such enterprise's affairs *through a pattern of racketeering activity . . . .*" 18 U.S.C. §1962(c) (emphasis added). Since Plaintiffs' only viable claim of racketeering activity is the *production or transfer* (not the use) of false IDs, they will strive mightily to make the tail wag the dog to obtain widespread discovery into their allegations of "conduct or participation in the affairs of the Enterprise," allegations for which Defendants enjoy the substantive immunity of the anti-SLAPP statute while on appeal.

After discovery would come fragmented motions for summary judgment, including potentially inconsistent adjudication on substantive legal issues. As noted above, Defendants are appealing this Court's denial of their motion to strike Plaintiffs' Thirteenth and Fourteenth Counts for tortious invasion of privacy. Defendants have argued that Plaintiffs do not have standing to raise a count for invasion of privacy on behalf of their employees, particularly where the alleged invasion is the recording of purely business conversations, not private matters. While this issue is on appeal to the Ninth Circuit, this Court would be rendering a ruling, possibly inconsistent, on that same issue for purposes of determining whether Plaintiffs have established a tortious invasion of privacy as an element of their Second Count, for violation of the federal wiretapping statute.

If Plaintiffs' federal counts survive summary judgment, a jury trial on those counts would follow. Then after the case returns from the Ninth Circuit, whatever state law counts remain would repeat the process, including possibly a second jury trial. Conversely, the Ninth Circuit's ruling may produce results inconsistent with those obtained in the lower court proceedings on the legality of the recordings, as noted, or the proximate cause of Plaintiffs' alleged damages, invalidating the earlier proceedings.

Forcing the parties to proceed at the risk of having to go through duplicative processes, or to go through the process once if there is no legal basis, imposes a severe hardship on Defendants.

/ / /

/ / /

/ / /

/ / /

**C.**     **A Stay Will Promote Judicial Economy and the Orderly Course of Justice.**

A stay clearly would result in increased judicial economy. First, the Ninth Circuit's decision on Defendants' appeal of their anti-SLAPP motion could eliminate large parts of the claims from Plaintiffs' First Amended Complaint. Additionally, the decision will help to clarify issues moving forward.

Also, as discussed above, a stay at this early point in the litigation would avoid duplicative discovery, unnecessary motions practice, piecemeal litigation, and inconsistent adjudications. Judicial economy thus weighs heavily in favor of granting the stay.

### CONCLUSION

The Court should grant the stay as requested on behalf of all Defendants pending resolution of the appeal.

Respectfully submitted,

Catherine W. Short; SBN 117442
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, California  93024-1313
Tel:  (707) 337-6880
LLDFOjai@earthlink.net

/s/ Catherine Short
*Counsel for Defendant David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
THOMAS MORE SOCIETY
19 S. La Salle St., Ste. 603
Chicago, IL 60603
Tel: (312) 782-1680
Facsimile: (312) 782-1887
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org

Matt Heffron, *pro hac vice*
BROWN & BROWN, LLC
501 Scoular Building
2027 Dodge Street
Omaha, NE 68102
Tel: (402) 346-5010
Facsimile: (402) 345-8853

*Attorneys for Defendant David Daleiden*

1

Catherine W. Short; SBN 117442                    /s/ Catherine Short
LIFE LEGAL DEFENSE FOUNDATION                      *Counsel for Defendants CMP and BioMax*

2

Post Office Box 1313
Ojai, California  93024-1313

3

Tel:  (707) 337-6880
LLDFOjai@earthlink.net

4

5

Charles S. LiMandri; SBN 110841
Paul M. Jonna; SBN 265389

6

Teresa L. Mendoza; SBN 185820
Jeffrey M. Trissell; SBN 292480

7

FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520

8

Rancho Santa Fe, CA 92067

9

Tel:  (858) 759-9948
Facsimile:  (858) 759-9938

10

cslimandri@limandri.com

11

*Attorneys for Defendants*
*The Center For Medical Progress, and*

12

*BioMax Procurement Services, LLC*

13

Edward L. White III, *pro hac vice*                /s/ Edward L. White III

14

Erik M. Zimmerman, *pro hac vice*                  *Counsel for Defendant Troy Newman*
AMERICAN CENTER FOR LAW & JUSTICE

15

3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105

16

Tel: (734) 680-8007
Facsimile: (734) 680-8006

17

ewhite@aclj.org

18

ezimmerman@aclj.org

19

Vladimir F. Kozina; SBN 95422

20

MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.

21

Stockton, CA 95207
Tel: (209) 477-3833

22

Facsimile: (209) 473-4818

23

*Attorneys for Defendant Troy Newman*

24

Glenn Dickinson; SBN 159753                        /s/ Glenn Dickinson

25

LIGHTGABLER                                        *Counsel for Defendant Phillip Cronin*
760 Paseo Camarillo, Suite 300

26

Camarillo, CA 93010
Tel: (805) 248-7208

27

Facsimile: (805) 248-7209
gdickinson@lightgablerlaw.com

28

1  Michael Millen; SBN 151731                    /s/ Michael Millen
2  119 Calle Marguerita #100                     *Counsel for Defendant Albin Rhomberg*
   Los Gatos, CA 95032
3  Tel: (408) 871-0777
   Facsimile: (408) 866-7480
4  Mikemillen@aol.com

5  Horatio Mihet, *pro hac vice*                  /s/ Horatio Mihet
6  LIBERTY COUNSEL                                *Counsel for Defendant Sandra Susan Merritt*
   PO Box 540774
7  Orlando, FL 32854
   Tel: (407) 875-1776
8  hmihet@lc.org

9  Nicolaie Cocis; SBN 204703
10 LAW OFFICE OF NIC COCIS AND ASSOCIATES
   38975 Sky Canyon Dr., Ste. 211
11 Murrieta, CA 92563
   Tel: (951) 695-1400
12 Facsimile: (951) 698-5192
   nic@cocislaw.com
13

14 Charles S. LiMandri; SBN 110841               /s/ Charles S. LiMandri
   Paul M. Jonna; SBN 265389                     *Counsel for Defendant Gerardo Adrian Lopez*
15 Teresa L. Mendoza; SBN 185820
   Jeffrey M. Trissell; SBN 292480
16 FREEDOM OF CONSCIENCE DEFENSE FUND
   P.O. Box 9520
17 Rancho Santa Fe, CA 92067
18 Tel:  (858) 759-9948
   Facsimile:  (858) 759-9938
19 cslimandri@ConscienceDefense.org

20

21            **ATTESTATION PURSUANT TO CIVIL L.R. 5.1(i)(3)**

22        As the filer of this document, I attest that concurrence in the filing was obtained from the
23 other signatories.
24

25                                                /s/ Charles S. LiMandri
26                                                *Counsel for Defendants*
                                                  *Gerardo Adrian Lopez, CMP, and BioMax*
27

28

                                  11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court for the United States District Court for the Northern District of California by using the Court's CM/ECF system on November 16, 2016. All participants in the case are registered CM/ECF users and service on them will be accomplished by the Court's CM/ECF system.

/s/ Charles S. LiMandri
*Counsel for Defendants*
*Gerardo Adrian Lopez, CMP, and BioMax*

DEFS.' MOTION TO STAY PROCEEDINGS PENDING APPEAL
16-CV-00236 (WHO)