UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00236-WHO<br><br>**ORDER DENYING MOTION FOR STAY OF FEDERAL CLAIMS**<br><br>Re: Dkt. No. 138 |

Defendants move for a stay of the federal claims in this case, pending the resolution of their appeal to the Ninth Circuit of the denial of their special motion to strike the state law claims pursuant to California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. The motion is DENIED.

The appeal of the denial of the Anti-SLAPP motion automatically stays all proceedings (including discovery) regarding the state law claims. *See, e.g., All One God Faith, Inc. v. Hain Celestial Grp., Inc.*, No. C 09-03517 JF (HRL), 2009 WL 4907433, at *2 n. 2 (N.D. Cal. Dec. 14, 2009). Given the overlapping nature between the remaining federal claims – the civil RICO claim (based on the predicate act of violation of the federal identity theft statute) and the federal wiretapping claim – and the appealed state law claims, the defendants argue that the automatic stay applies to the federal claims. Mot. at 4-5. I disagree. While there is an overlap between the RICO claim and the state law claims (because the acts of the enterprise alleged by plaintiffs cover the acts included in the state law claims), if the Ninth Circuit reverses my ruling denying the special motion to strike and concludes that plaintiffs have not and could not state certain of their state law claims, the RICO claim and the wiretapping claim would nonetheless survive and

continue.[1]  Therefore, the federal claims do not fall within the automatic stay.

I could, however, stay the federal claims in my discretion if defendants were able to meet the four-prong test for a stay on appeal:  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *See, e.g., Makaeff v. Trump Univ., LLC*, No. 10-CV-940-IEG WVG, 2011 WL 613571, at *3 (S.D. Cal. Feb. 11, 2011) (applying *Nken v. Holder*, 556 U. S. 418, 434 (2009) four-part test on motion to stay federal claims while denial of anti-SLAPP as to state law claims was on appeal).  The defendants meet none of the four prongs.  To the contrary, the interests of justice are best served by completing as much non-duplicative discovery as possible so that the case can get to trial as quickly as possible once it returns from the Ninth Circuit.

At the same time, this case will not go to trial until the Ninth Circuit has ruled on the Anti-SLAPP motion, and that ruling may impact how the case is litigated and tried.  In order to minimize any undue burden on the parties but still allow this case to progress on the federal claims in a sensible and efficient manner, I rule as follows:

1.  Written discovery and document production on the federal claims shall not be stayed and shall continue.  If the parties have disputes regarding whether some identifiable subset of discovery requests are relevant *solely* to the stayed state law claims, those disputes may be submitted for my resolution pursuant to my Standing Order on

---

[1] I do not agree with defendants' argument that the RICO claim will be impacted by the Ninth Circuit's decision concerning whether plaintiffs have alleged proximate cause for their fraud claim because proximate cause under RICO is not coextensive with the concept of proximate cause under state law.  In addition, while the federal wiretapping claim depends upon a purpose to commit a crime or tort – here the alleged invasion of privacy – as plaintiffs point out, the aimed-for crime or tort need not have been committed, only intended.  *See, e.g., Med. Lab. Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 30 F. Supp. 2d 1182, 1205 (D. Ariz. 1998), aff'd, 306 F.3d 806 (9th Cir. 2002) ("the question is not whether they are ultimately liable for conduct found to be tortious, but whether, at the time the recording took place, they recorded the conversation with the express intent of committing a tort.").  Therefore, even if the Ninth Circuit finds that plaintiffs cannot under any circumstances allege an invasion of privacy under California law that would not necessarily preclude their ability to state a claim under the federal wiretapping statute based on defendants' intent to violate plaintiffs' privacy.

1 Discovery Disputes.

2     2. Depositions of percipient witnesses shall be STAYED, absent further order of the Court. Parties may apply to proceed with a specified deposition of a percipient witness based on good cause, such as preservation of testimony. Parties may depose corporate document custodians to test the bounds of an opposing party's document production or preservation, but the deposition must be limited to that purpose and no other. I expect that counsel will be judicious before seeking any such depositions. If the parties cannot agree that a need exists to conduct a limited document production and preservation deposition, that dispute may be submitted for my resolution pursuant to my Standing Order on Discovery Disputes.

The January 24, 2017 Case Management Conference is CONTINUED to March 14, 2017 at 2:00 p.m. At that conference, the parties shall be prepared to discuss whether and how long the case management deadlines should be continued in light of the status of defendants' appeal and the progress on written discovery and document production.

**IT IS SO ORDERED**.

Dated: December 22, 2016



WILLIAM H. ORRICK
United States District Judge