# EXHIBIT A

| | |
|---|---|
| 1   AMY L. BOMSE (No. 218669) | BETH H. PARKER (No. 104773) |
|       SHARON D. MAYO (No. 150469) | PLANNED PARENTHOOD AFFILIATES OF |
| 2   JEE YOUNG YOU (No. 241658) | CALIFORNIA |
|       ARNOLD & PORTER KAYE SCHOLER LLP | 555 Capitol Mall, Suite 510 |
| 3   Three Embarcadero Center, 10th Floor | Sacramento, California 95814-4581 |
|       San Francisco, California 94111-4024 | Telephone: (916) 446-5247 |
| 4   Telephone: (415) 471-3100 | Email: beth.parker@ppacca.org |
|       Facsimile: (415) 471-3400 | |
| 5   Email: amy.bomse@apks.com | HELENE T. KRASNOFF (*pro hac vice*) |
|               sharon.mayo@apks.com | PLANNED PARENTHOOD FEDERATION |
| 6             jeeyoung.you@apks.com | OF AMERICA |
| | 1110 Vermont Avenue, NW, Suite 300 |
| 7   Attorneys for Plaintiffs | Washington, DC 20005 |
| | Telephone: (202) 973-4800 |
| 8 | Email: helene.krasnoff@ppfa.org |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD: SHASTA-DIABLO, INC. dba PLANNED PARENTHOOD NORTHERN CALIFORNIA; PLANNED PARENTHOOD MAR MONTE, INC.; PLANNED PARENTHOOD OF THE PACIFIC SOUTHWEST; PLANNED PARENTHOOD LOS ANGELES; PLANNED PARENTHOOD/ORANGE AND SAN BERNARDINO COUNTIES, INC.; PLANNED PARENTHOOD OF SANTA BARBARA, VENTURA AND SAN LUIS OBISPO COUNTIES, INC; PLANNED PARENTHOOD PASADENA AND SAN GABRIEL VALLEY, INC.; PLANNED PARENTHOOD OF THE ROCKY MOUNTAINS; PLANNED PARENTHOOD GULF COAST; AND PLANNED PARENTHOOD CENTER FOR CHOICE; <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, BIOMAX PROCUREMENT SERVICES, LLC, DAVID DALEIDEN (aka "ROBERT SARKIS"), TROY NEWMAN, ALBIN RHOMBERG, PHIL CRONIN, SANDRA SUSAN MERRITT (aka "SUSAN TENNENBAUM"), GERARDO ADRIAN LOPEZ, and UNKNOWN CO-CONSPIRATORS, inclusive, <br><br> Defendants. | Case No. 3:16-cv-00236-WHO <br><br> **[PROPOSED] PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION FOR DISQUALIFICATION OF THE HONORABLE WILLIAM H. ORRICK III** <br><br> Date: July 19, 2017 <br> Time: 2:00 p.m. <br> Place: Courtroom 2, 17th Floor <br> Judge: Hon. William H. Orrick, III |

## I. INTRODUCTION

Citing newly proffered evidence, Defendants seek to bolster their "presum[ption]" that Judge Orrick has an undisclosed "relationship with Planned Parenthood" (Reply (ECF No. 171) at 1) through his prior affiliation with the Good Samaritan Family Resource Center ("Good Samaritan"). There is no such relationship. Plaintiffs' evidence makes clear that Good Samaritan and Planned Parenthood are neither partners (in the legal sense) nor otherwise fiduciaries, but rather share an arm's-length, business relationship. Opposition (ECF No. 170) at 4-5. None of the new evidence proffered on Reply changes that reality. *See* Part II(A), *infra*.

Defendants also try to reargue this Court's previous order in the related *NAF* case concluding that there is no basis for disqualification. Reply at 3-10. Defendants' argument is an improper motion for reconsideration. They neither have leave nor cause to do so: Defendants cite no new law nor any new and previously unavailable evidence. Rather, Defendants primarily cite inapposite and out-of-circuit authority. They also take issue with Judge Orrick having raised funds for President Obama's 2008 election prior to Judge Orrick having taken the bench (Reply at 8)—a fact that is irrelevant and was known or accessible to all parties at the outset of this litigation. *See* Part II(B), *infra*.

Defendants still have not demonstrated that a reasonable person knowing all of the facts would conclude that Judge Orrick is biased or partial in this case. Their Motion should be denied.

## II. ARGUMENT

### A. Defendants' New Evidence Still Does Not Demonstrate That Judge Orrick Has Or Had Any Relationship With Planned Parenthood.

Defendants rely upon three additional pieces of evidence in their attempt to demonstrate some relationship between Judge Orrick and Plaintiff Planned Parenthood Northern California ("PPNC"): (1) a Planned Parenthood "know your rights" information card, found at the reception desk of the Good Samaritan building; (2) a 2008 job posting for Good Samaritan; and (3) the Good Samaritan bylaws. Reply at 2-5. None of these is sufficient to establish that Judge Orrick has or had any relationship with PPNC, nor would they cause a reasonable person to conclude that Judge Orrick had any such relationship with PPNC, nor gained access to any extrajudicial

1

[PROPOSED] PLAINTIFFS' SUR-REPLY TO DEFS' MOTION FOR DISQUALIFICATION

and material information, nor otherwise is biased or partial.

**Planned Parenthood "Know Your Rights" Information Card.** The information card bearing Planned Parenthood's logo explains to patients certain of their rights if stopped by immigration officials or the police. Bukovinac Decl. (ECF No. 171-1) Ex. 1. Defendants argue that the card indicates "either [PPNC] also provides immigrant services, or [Good Samaritan] places [PPNC's] logo on its immigrant services materials," and that, in either event, it indicates "intermingling" between Good Samaritan and PPNC. Reply at 2. Nonsense. No one disputes that PPNC and Good Samaritan both serve immigrant populations. That commonality hardly establishes a "closely intertwined" relationship rendering Judge Orrick a fiduciary to PPNC (*id.*)—an entity with which, in reality, he has no connection whatsoever.

**2008 Good Samaritan Job Posting.** Defendants next point to a 2008 job posting from the Good Samaritan website for a Family Advocate - Family Planning Specialist, claiming it too establishes a "close relationship" between Good Samaritan and PPNC that creates a fiduciary duty. Reply at 2; *see also* Daleiden Decl. (ECF No. 171-2) Ex. 1. The job posting describes 22 job responsibilities. *Id.* Defendants focus on two of these. The first is to "[w]ork as a member of the Family Planning Clinic and Family Support Department teams." Reply at 2. This is of no consequence: Good Samaritan is a "Family Resource Center," whose "mission is to help immigrant *families* access needed services, develop self sufficiency, and participate fully as members of the community." Daleiden Decl. Ex. 1 (emphasis added). The Family Planning Clinic has little, if anything, to do with Planned Parenthood. Rather, it "promotes the well-being of immigrant families through family-centered, strength-based services including education, support, advocacy, case management and awareness of community services and resources." *Id.*

Defendants also note a second of the 22 job responsibilities, namely, to "[s]erve as a liaison between Planned Parenthood Golden Gate and Good Samaritan." Reply at 2; *see also* Daleiden Decl. Ex. 1. This too is of no consequence. First, Defendants conflate Planned Parenthood Golden Gate with PPNC. Second, the fact that Good Samaritan was in need of a "liaison" with a Planned Parenthood affiliate proves Plaintiffs' point that Good Samaritan was and remains an independent entity.

1     **Good Samaritan Bylaws.** Finally, Defendants turn to the Good Samaritan bylaws in their attempt to create the illusion of a relationship between Judge Orrick and PPNC. Defendants argue that Judge Orrick, by virtue of serving as Good Samaritan's Secretary in 2001, "very likely had access" to PPNC's "confidential, extrajudicial information" that "could bias or affect his decision." Reply at 4. Defendants rely on two provisions of the bylaws.

    First, Defendants cite Section 6.12, arguing that as Secretary of Good Samaritan, Judge Orrick was responsible for "supervis[ing] the maintenance of [Good Samaritan's]…records for the proceedings of the Board and its committees"; and, therefore, he must have had access to Good Samaritan's "community needs study" relating to Planned Parenthood conducted in 2000. Reply at 4-5. There is no evidence that Judge Orrick was Secretary in 2000 (as opposed to 2001), and even if there were, there is no evidence that he actually did access the study. And even if he had, that it in no way demonstrates that Judge Orrick would have had access to PPNC material.

    Second, Defendants cite Section 8.1 (Reply at 5), which provides directors the right to "inspect Good Samaritan's books, records, documents, and physical properties." Bukovinac Decl., Ex. 2, § 8.1. This argument is flawed in at least three ways: To begin, the bylaws attached to the Bukovinac Declaration are dated January 31, 2013. Bukovinac Decl. Ex. 2. Defendants have presented no evidence that these are substantially similar to the bylaws in effect at the time when Judge Orrick served as Secretary. And even if Judge Orrick, as Secretary, had the right to inspect Good Samaritan's property, that does not extend to a right to inspect the PPNC clinic's property or books and records. As set forth in Plaintiffs' Opposition, the Wohlford Family Clinic leases its office space from Good Samaritan. Opp. at 4 n.1; Yee Decl. ¶ 5. Landlords typically have limited rights to access the property they lease, and the bylaws here suggest nothing to the contrary. Further, even assuming that Section 8.1 somehow provided Judge Orrick with the right to inspect PPNC's Wohlford Family Clinic, there is no evidence that Judge Orrick actually did so, nor any evidence that he then accessed any confidential information, nor certainly confidential information that is relevant to this case. As Plaintiffs explained in the Opposition, and as is clear on the PPNC and Wohlford Family Clinic websites, the Clinic does not perform abortions. Opp. at 3; Yee Decl. ¶ 4. Thus, even if all of Defendants' speculative assertions were true, any

[PROPOSED] PLAINTIFFS' SUR-REPLY TO DEFS' MOTION FOR DISQUALIFICATION     3

"confidential information" accessed at the Wohlford Family Clinic would have nothing to do with the fetal tissue procurement allegations at issue in this case.

The additional evidence submitted by Defendants does not change the outcome here. No reasonable person viewing all of these facts would conclude that Judge Orrick's former relationship with Good Samaritan or Good Samaritan's relationship with PPNC would render Judge Orrick unable to preside over this case in an impartial manner.

**B. Defendants' Reargument Of This Court's Previous Order Is Improper, And In Any Event, Ignores Binding Ninth Circuit Authority Regarding the Social or Political Activity of a Judge's Spouse.**

Defendants spend much of their Reply rearguing the Court's prior Order denying their Motion for Disqualification in the related *NAF* case. Reply at 3-10. They do not seek leave to do so, nor is there any basis for reconsideration. Civil Local Rule 7-9. If the Court is inclined to consider a properly filed motion for reconsideration, Plaintiffs will further brief these issues.

Preliminarily, however, two points bear mentioning with respect to Defendants' arguments concerning Judge Orrick's wife:

*First*, Defendants gloss over Ninth Circuit authority and instead rely upon nonbinding authority from other districts, other circuits, and various state courts. *See* Reply at 6-10. Defendants fail to address Judge Reinhardt's Order and analysis in *Perry v. Schwarzenegger*, 630 F.3d 909 (9th. Cir. 2011), and further fail to address a decision from this district in *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 1988 WL 281561 (N.D. Cal. Aug. 1, 1988), both of which support the position that Mrs. Orrick's Facebook activity has no bearing on Judge Orrick's ability to be impartial in this case. The authority cited by Defendants is not only nonbinding, but also inapposite. Only two cases even consider the relationship of a judge and the judge's spouse in connection with recusal, though neither is close to the facts here. *See Smith v. Beckman*, 683 P.2d 1214, 1216 (Colo. App. 1984) (recusal required under Colorado law where judge's wife worked as deputy district attorney in the office prosecuting the action); *Tyson v. Ind.*, 622 N.E.2d 457, 458-59 (Ind. 1993) (recusal appropriate under Indiana law where judge's wife had direct conversation with defendant's counsel advising on his legal strategy). Other cases cited consider other relationships and whether they warrant a judge's recusal. *See Melendres v. Arpaio*, No.

1 | CV-07-2513-PHX-MHM, 2009 WL 2132693 (D. Ariz. July 15, 2009) (considering recusal based on relationship between parties and judge's sister, who as the President and CEO of the National Council of La Raza, oversaw campaign against parties and acts at issue in case pending before court); *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1313 (10th Cir. 2015) (holding no recusal required where law clerk's husband monitored trial on behalf of interested non-party); *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (holding no recusal required where judge had represented a non-party in a prior, related dispute with defendant). And the remaining cases cited have nothing to do with a judge's recusal in any way. *See, e.g., Nichols v. Thomas*, 788 F. Supp. 570, 572 (N.D. Ga. 1992) (considering implied bias with respect to juror); *Planned Parenthood of Wis. v. Doyle*, 162 F.3d 463 (7th Cir. 1998) (considering standing of parties to bring suit); *In re Boggia*, 998 A.2d 949 (NJ 2010) (considering whether political contributions by part-time municipal judge and his law partners violated ethics rules).

*Second*, beyond citing the above nonbinding and inapposite authority, Defendants take issue with Judge Orrick apparently having solicited contributions on behalf of President Obama prior to his taking the bench. Reply at 8 & nn.4-5. Here, again, Defendants rely on attenuated speculation: that because Judge Orrick solicited contributions for President Obama, who thereafter made a speech to Planned Parenthood, Judge Orrick must himself be biased towards Planned Parenthood. *Id.* This is pure speculation. And, as Defendants' own citations make clear, it is information that was known at the outset of the litigation. *Id.* (citing 2008 and 2013 sources).

## III. CONCLUSION

For the reasons set forth herein and in Plaintiffs' Opposition, as well as in the *NAF* Order and in the NAF Opposition, Defendants' motion to disqualify should be denied.

Dated: July 12, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Amy L. Bomse*
      Amy L. Bomse

Attorneys for Plaintiffs