# FREEDOM *of* CONSCIENCE
## DEFENSE FUND

CHARLES S. LiMANDRI*
PAUL M. JONNA

TERESA L. MENDOZA
JEFFREY M. TRISSELL

*BOARD CERTIFIED CIVIL TRIAL ADVOCATE
  ADMITTED TO THE CALIFORNIA BAR
  ADMITTED TO THE DISTRICT OF COLUMBIA BAR
  ADMITTED TO THE NEW YORK BAR
  ADMITTED TO THE U.S. SUPREME COURT

POST OFFICE BOX 9520
RANCHO SANTA FE, CA 92067
TELEPHONE: (858) 759-9948
FACSIMILE:   (858) 759-9938

WEBSITE: www.fcdflegal.org

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA 92091

KATHY DENWORTH
Office Administrator

November 22, 2017

Hon. Donna M. Ryu
U.S. District Court, Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Planned Parenthood Federation of America, et al. v. Center for Medical Progress, et al.*, Case No. 3:16-cv-0236-WHO

Your Honor:

Pursuant to the Court's order of November 9, 2017, the parties have telephonically met and conferred regarding Plaintiffs' responses to Defendant Lopez's second set of interrogatories. Plaintiffs agreed to amend the responses, but the parties could not come to an agreement on one issue. Once Plaintiffs amend their responses, Defendant will review them to determine whether further issues remain.

**<u>Defendant Lopez's Position</u>**

On March 29, 2017, Defendant Lopez propounded his second set of interrogatories (nos. 12-16), related to Plaintiffs' claim that they have been damaged by the simple publication of the names and faces of their staff.[1] The responses were due on May 3, 2017. Instead of responding or

---

[1] No. 12: "Identify . . . individual the publishing of whose name by any Defendant caused damage to any Plaintiff for which Plaintiffs seek recovery in this action."; No. 13 "For each person identified in response to Interrogatory No. 12, specify the Plaintiff or Plaintiffs who were harmed by the publishing of the name."; NO. 14: "Identify . . . individual the publishing of an image of whose face by any Defendant caused damage to any Plaintiff for which Plaintiffs seek recovery in this action."; No. 15: "For each person identified in response to Interrogatory No. 14, specify the Plaintiff or Plaintiffs who were harmed by the publishing of the image."; No. 16: "For each person identified in response to Interrogatories Nos. 12 and 14, identify every loss the

**Re:** *Planned Parenthood Federation of America, et al. v. Center for Medical Progress, et al.*, **Case No. 3:16-cv-0236-WHO**
November 22, 2017
Page 2

requesting an extension, Plaintiffs simply failed to respond. On May 17, 2017, Defendant sent a meet and confer letter inquiring about the tardy responses and informing Plaintiffs that they had waived objections. The parties then sent a series of meet and confer emails regarding the waiver of objections, which culminated in Plaintiffs' refusal to serve responses without objections. Plaintiffs eventually served their responses on June 1, 2017 containing objections based on duplicativeness; third-party privacy; attorney-client and work product privileges; vagueness (*i.e.*, the word "every" was missing from before "individual" in some of the interrogatories); burdensome and harassing; and seeks information equally available to Lopez.

On November 15, 2017, the parties engaged in a telephonic meet and confer in which Plaintiffs asserted that they were not resting on any of their objections to withhold information, but that they needed to hedge their bets in case the objections are needed later on. This is not a proper basis for inserting boilerplate objections. *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335, fn. 4 (N.D.Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper. This fact should no longer be news to a responding party. Hence, we treat Abbott's general objections as if they were never made") (citations and quotation marks omitted); *Whitley v. McClain*, No. 4:13-CV-994 (CEJ), 2014 U.S. Dist. LEXIS 49626, *3 (E.D.Mo. Apr. 10, 2014) (court only addresses "subject to objections" when "[i]t is clear from those objections and answers which portions of plaintiff's interrogatories and requests for production defendant finds objectionable."); *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, Nos. 11-2684, 2685-JWL, 2014 U.S. Dist. LEXIS 16938, *8, 12 (D. Kan. Feb. 11, 2014) ("an agreement to produce documents subject to objections is improper, manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure. . . . [W]henever an answer accompanies an objection, the objection is deemed waived.") (quotation marks omitted); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, Nos. 13-CV-1946, 1947-LAB, 2014 U.S. Dist. LEXIS 93368, *6-8 (S.D. Cal. July 9, 2014) (same).

In any event, Plaintiffs have waived their right to object (on all bases, including privilege, duplicativeness, burden, privacy, vagueness) by not requesting an extension of time from Defendant and unilaterally deciding to ignore the time to respond imposed by the Federal Rules of Civil Procedure. *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Young v. United States*, 149 F.R.D. 199, 206 (S.D. Cal. 1993) ("Any other result would completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.") (ellipses omitted); *Davis v. City of Springfield, IL*, No. 04-3168, 2009 WL 268893, at *3 (C.D. Ill. Jan. 30, 2009) ("Defendant asserts that Plaintiff was not prejudiced by the delay; however, lack of prejudice does not equate to good

---

Plaintiff or Plaintiffs identified in response to Interrogatories Nos. 13 and 15 attribute to the publication of the name or image."

Re: *Planned Parenthood Federation of America, et al. v. Center for Medical Progress, et al.*, **Case No. 3:16-cv-0236-WHO**
November 22, 2017
Page 3

cause.").[2]

Plaintiffs have agreed to provide amended responses. However, this Court should also order Plaintiffs to serve their supplemental responses containing no objections.

**Plaintiffs' Response:**

This motion raises one issue: whether, as a result of a good faith error resulting in a less-than-one-month delay in responding to interrogatories in a case where there is no discovery cut-off in effect, the Court should find that the responding party has waived the protections of the attorney-client and work product privileges. The answer is no.

On November 15, 2017, Plaintiffs and Defendants met and conferred concerning responses to Mr. Lopez's Interrogatories (Set Two) ("Interrogatories"). Plaintiffs agreed to amend its responses to the Interrogatories. In addition, Plaintiffs agreed that objections such as duplicativeness and vagueness due to a missing word were no longer relevant. Plaintiffs, however, refused to withdraw their objection to the interrogatories to the extent that they seek information protected by any applicable privilege.[3] While the information sought by the Interrogatories do not appear to call for privileged information, Plaintiffs seek to preserve the objection in an abundance of caution, not knowing how discovery will evolve.

This Court has the discretion to excuse any failure to timely assert objections for "good cause." Fed. R. Civ. P. 34(b)(4); *see Kanawi v. Bechtel Corp.,* No. C 06-05566 CRB (EDL), 2008 WL 4642168, at *1 (N.D. Cal. Oct. 17, 2008) (where calendaring error resulted

---

[2] Plaintiffs attempt to place blame on Defendant for their missed deadline. The assertion that "Defendant only served the lead counsel from the office" is absurd. Defendant Lopez's interrogatories were served via U.S. mail on Plaintiffs' counsel's office and a courtesy copy was sent via electronic mail to Ms. Bomse. Shortly thereafter, Ms. Bomse replied to the e-mail, copying Ms. You, Mr. Kamras, and Ms. Parker, acknowledging receipt. On April 8, Ms. Short again referenced this outstanding discovery in an e-mail sent to Ms. You and other of Plaintiffs' counsel.By the time Ms. You sent an e-mail on May 4 (not May 7) asking about outstanding discovery, the due date was past and Defendants assumed the responses were in the mail. In any event, Defendant is under no obligation to mail serve duplicative copies of the same written discovery on each attorney with Arnold & Porter. Curiously, Plaintiffs made the same complaint about insufficiently widespread service to demand an extension to respond to "missed" interrogatories served on April 12 by Defendant Rhomberg. In that case, in addition to service by mail, the interrogatories were served by e-mail on six separate attorneys for Plaintiffs.
[3] The objection reads: "Plaintiffs object to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other privileges, immunities, and legal protections against disclosures. Nothing contained herein is intended to be, nor shall in any way construed as, a waiver of any attorney-client privilege, work-product doctrine, right to privacy, or any other privilege, doctrine, law, immunity, or rule protecting information from disclosure."

**Re:** *Planned Parenthood Federation of America, et al. v. Center for Medical Progress, et al.*, **Case No. 3:16-cv-0236-WHO**
November 22, 2017
Page 4

in a delayed response and there was no prejudice to the propounding party, the Court found the responding party had not waived their objections); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D. D.C. 1999) (holding responding party did not waive its objection through failure to seek an extension and delay in responding); *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. CIV.A. 09-2517-DJW, 2010 WL 4117508, at *3 (D. Kan. Oct. 19, 2010) (without a finding that defendants acted in bad faith in failing to respond to discovery requests in time, holding that defendants should not face the harsh penalty of waiver).  This Court similarly found in *Brown v. Stroud*, No. C–08–02348–VRW (DMR), 2010 WL 3339524, at *1–2 (N.D. Cal. Aug. 24, 2010), that good cause existed to relieve the responding party from waiver because the party had moved for a stay based on a non-frivolous basis.

In exercising its discretion, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. *Karr v. Napolitano*, No. C 11-02207 LB, 2012 WL 1965855, at *5 (N.D. Cal. May 31, 2012) (citation omitted).  These factors weigh against the relief Defendants seek.

First, the length of delay was minimal: Plaintiffs provided substantive responses to the Interrogatories 13 days after the meet and confer letter asking about the responses, which is when Plaintiffs discovered that it had not served responses to the Interrogatories, and 27 days after the due date.  Second, the reason for delay was a good faith error, which occurred at a time when lead counsel was in trial.[4]  Third, there is no evidence of bad faith; indeed the record shows that Plaintiffs took steps to ensure that Plaintiffs had not missed any deadlines or outstanding discovery given the travel schedule of its counsel and Defendants' service of multiple discovery requests in the same period.[5]

Fourth, there was no prejudice to Defendants from the delay.  This case has been partially stayed since 2016 pending the appeal of the anti-SLAPP decision in the Ninth Circuit.  There is no trial date, and no discovery cutoff.  Defendants have not missed any opportunities to seek further discovery as a result of the delay.

---

[4] Although there are six Plaintiffs' counsel listed in the pleadings and it has been the practice of both parties to serve multiple counsel, this time Defendants served the Interrogatories on only one attorney for Plaintiffs, Ms. Bomse, while copying thirteen members of the defense group. Ms. Bomse informed Defendants the same day that the Interrogatories were served, that she would be in trial starting in a few days.

[5] On May 7, Ms. You sent an email to Ms. Short, Mr. Millen, and the entire defense team attempting to ensure that Plaintiffs had not missed any deadlines or outstanding discovery: "I want to make sure we're all on the same page regarding outstanding discovery requests. Currently, we're aware of the two sets of RFPs transmitted by Kathy Denworth on 4/27. Let us know if we're missing anything."  No one corrected Plaintiffs' understanding until the meet and confer letter 10 days later.

**Re:** *Planned Parenthood Federation of America, et al. v. Center for Medical Progress, et al.*, Case No. 3:16-cv-0236-WHO
November 22, 2017
Page 5

      Finally, the harshness of imposing the waiver is unwarranted given the lack of prejudice and Plaintiffs' good faith efforts. Acknowledging the "harshness of a waiver sanctions…courts have reserved the sanctions for those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance, and other such mitigation circumstances militate against finding waiver." *Ritacca*, 203 F..R.D. at 335 (citations omitted) ("foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver.").[6]

      Moreover, this motion is moot because, as Defendants admit, Plaintiffs have not withheld any information from the original responses served on June 1, nor anticipate withholding any information in the amended responses based on any of the objections served on June 1. *See Apple Ipod Itunes Antitrust Litig.,* No. C05-00037 JW (HRL), 2011 WL 13202278, at *1 (N.D. Cal. May 6, 2011) (finding motion to compel moot because responding party produced that data at issue, and represented that it will further supplement data at issue in the motion to compel).

Respectfully Submitted,

| ARNOLD & PORTER KAYE SCHOLER, LLP | FREEDOM OF CONSCIENCE DEFENSE FUND |
|---|---|
| By: _____<br>      Amy Bomse | By: _____<br>      Charles S. LiMandri |

---

[6] *See also First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361 (D. Kan.), *on reconsideration*, 902 F. Supp. 1366 (D. Kan. 1995), *rev'd*, 101 F.3d 645 (10th Cir. 1996) ("As the federal rules, case law and commentators suggest, waiver of a privilege is a serious sanction most suitable for *cases of unjustified delay, inexcusable conduct, and bad faith*. The 1993 advisory committee notes to Rule 26(b)(5) speak only of the possibility of a waiver when a party withholds materials without proper notice.") (emphasis added); *United States v. British Am. Tobacco (Investments) Ltd.*, 387 F.3d 884, 885 (D.C. Cir. 2004) (reversing district court's holding that privilege was waived by untimely logging of a document, because "waiver of privilege is a serious sanction that a court should impose only if a party behaves *unreasonably or worse*.") (internal quotations omitted; emphasis added); *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 245 (N.D. Cal. 2015), motion for relief from judgment denied, No. 11-CV-01846-LHK, 2015 WL 3863249 (N.D. Cal. June 19, 2015) (citing *First Savings Bank*, holding broad waiver did not apply, and privilege relating only certain documents that the privilege holder has put into issue was waived).