# FREEDOM *of* CONSCIENCE
## DEFENSE FUND

CHARLES S. LiMANDRI*
PAUL M. JONNA

TERESA L. MENDOZA
JEFFREY M. TRISSELL

**BOARD CERTIFIED CIVIL TRIAL ADVOCATE
    ADMITTED TO THE CALIFORNIA BAR
    ADMITTED TO THE DISTRICT OF COLUMBIA BAR
    ADMITTED TO THE NEW YORK BAR
    ADMITTED TO THE U.S. SUPREME COURT

POST OFFICE BOX 9520
RANCHO SANTA FE, CA  92067
TELEPHONE:  (858) 759-9948
FACSIMILE:    (858) 759-9938

WEBSITE:  www.fcdflegal.org

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA  92091

KATHY DENWORTH
Office Administrator

December 12, 2017

Hon. Donna M. Ryu
U.S. District Court, Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    **Exhibits filed in Support of Defendant the Center for Medical Progress's Motion to Compel in *Planned Parenthood Federation of America, et al. v. Center for Medical Progress, et al.*, Case No. 3:16-cv-0236-WHO**

Your Honor:

Pursuant to the Court's order of December 11, 2017, requiring "the party moving to compel further responses to discovery [to] file the discovery responses at issue", Defendant the Center for Medical Progress has attached hereto Plaintiffs' Amended Response to Defendants' (David Daleiden, Center for Medical Progress, and BioMax Procurement Services) Requests for Production of Documents (Set One).

Sincerely,

FREEDOM OF CONSCIENCE DEFENSE FUND

Charles S. LiMandri

**ATTACHMENT**

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email:    amy.bomse@aporter.com
             sharon.mayo@aporter.com
             jeeyoung.you@aporter.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
    CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California  95814-4581
Telephone:    (916) 446-5247
Email:    beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
    AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:    (202) 973-4800
Email:    helene.krasnoff@ppfa.org

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., PLANNED PARENTHOOD: SHASTA-DIABLO, INC. dba PLANNED PARENTHOOD NORTHERN CALIFORNIA; PLANNED PARENTHOOD MAR MONTE, INC.; PLANNED PARENTHOOD OF THE PACIFIC SOUTHWEST; PLANNED PARENTHOOD LOS ANGELES; PLANNED PARENTHOOD/ORANGE AND SAN BERNARDINO COUNTIES, INC.; PLANNED PARENTHOOD OF SANTA BARBARA, VENTURA AND SAN LUIS OBISPO COUNTIES, INC.; PLANNED PARENTHOOD PASADENA AND SAN GABRIEL VALLEY, INC.; PLANNED PARENTHOOD OF THE ROCKY MOUNTAINS; PLANNED PARENTHOOD GULF COAST; and PLANNED PARENTHOOD CENTER FOR CHOICE<br><br>                    Plaintiffs,<br>          v.<br><br>CENTER FOR MEDICAL PROGRESS; BIOMAX PROCUREMENT SERVICES, LLC; DAVID DALEIDEN (aka "ROBERT SARKIS"); TROY NEWMAN; ALBIN RHOMBERG; PHILLIP S. CRONIN; SANDRA SUSAN MERRITT (aka "SUSAN TENNENBAUM"); GERARDO ADRIAN LOPEZ; and UNKNOWN CO-CONSPIRATORS, inclusive,<br><br>                    Defendants. | Case No.  3:16-cv-00236-WHO<br><br>**PLAINTIFFS' AMENDED RESPONSE TO DEFENDANTS' (DAVID DALEIDEN, CENTER FOR MEDICAL PROGRESS, AND BIOMAX PROCUREMENT SERVICES) REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTIES:    Defendants David Daleiden, The Center For Medical Progress, and BioMax Procurement Services

RESPONDING PARTIES:    Plaintiffs Planned Parenthood Federation of America, Inc. ("PPFA"); Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of the Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood/Orange and San Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara, Ventura and San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena and San Gabriel Valley, Inc.; Planned Parenthood of the Rocky Mountains; Planned Parenthood Gulf Coast; and Planned Parenthood Center for Choice (collectively "Plaintiffs")

SET NUMBER:    ONE (Nos. 1 - 49)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Civil Rules of the United States District Court for the Northern District of California, Plaintiffs Planned Parenthood Federation Of America, Inc.; Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood Of The Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood/Orange And San Bernardino Counties, Inc.; Planned Parenthood Of Santa Barbara, Ventura And San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena And San Gabriel Valley, Inc.; Planned Parenthood Of The Rocky Mountains; Planned Parenthood Gulf Coast; and Planned Parenthood Center For Choice (collectively "Plaintiffs") hereby object and respond to Defendants' (David Daleiden, Center For Medical Progress, and BioMax Procurement Services) Requests For Production Of Documents (Set One) (the "Requests"), served by Defendants David Daleiden, Center For Medical Progress, and BioMax Procurement Services (collectively "Defendants") on Plaintiffs on April 8, 2016.

## PRELIMINARY STATEMENT

Plaintiffs provide these objections and responses based upon the investigation conducted in the time available since service of the Requests. As of the date of these objections and responses, Plaintiffs have not had a sufficient opportunity to review all documents, interview all personnel and/or otherwise obtain information that may prove relevant in objecting and responding the Requests. As a consequence, these objections and responses are based upon information now known to Plaintiffs and that Plaintiffs believe to be pertinent in objecting and responding to the

Requests. In the future, Plaintiffs may discover or acquire additional information bearing on the Requests, and Plaintiffs' objections and responses thereto. Without in any way obligating itself to do so, Plaintiffs reserve the right: (a) to make subsequent revisions or amendments to its objections or these Responses based upon information, evidence, documents, facts and/or other things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence and information in any proceedings or at any trial held hereafter.

Further, any response by Plaintiffs to a particular Request is not intended, and shall not be construed, as an admission of the existence of any fact, of any assertion, or of any other matters expressed or implied in the Request. Plaintiffs' objection to, or failure to object to, any particular Request is not, and shall not be construed as, an admission that responsive information exists. Moreover, Plaintiffs' decision to consent to the production of information pursuant to any specific Request, notwithstanding the objectionable nature of any such Request, or its related definitions or instructions, also should not be construed as: (a) a stipulation that the material is relevant to any proceeding, (b) a waiver of the general or specific objections asserted to the Request, or (c) an agreement that future requests for similar information will be treated in a similar manner. Subject to and without waiving these objections, Plaintiffs agree to meet and confer with Defendants to attempt to resolve these objections and appropriately narrow the scope of these Requests.

Plaintiffs incorporate this Preliminary Statement into each objection and response below as if set forth in its entirety.

## GENERAL OBJECTIONS

Plaintiffs make the following General Objections, which are expressly incorporated into each of the Objections to the Definitions, Instructions, and Specific Requests below as though set forth in full and without waiving these General Objections:

1.      Plaintiffs object that the Requests are overly broad and unduly burdensome, and that the relevance, if any, of the requested information is outweighed by the burden that compliance would place on Plaintiffs.

2.      Plaintiffs object that the Requests seek documents that are non-public and confidential or highly confidential, and which contain proprietary and confidential business and financial information, including information constituting or pertaining to personnel information and/or other competitively sensitive research, development, and other commercial information. Disclosure of such information would be harmful to Plaintiffs' legitimate business interests. Plaintiffs will provide confidential information and documents solely in accordance with the terms of a suitable Protective Order.

3.      Plaintiffs object that the Requests call for the production of materials previously produced pursuant to, and protected by, protective orders and/or confidentiality agreements entered in prior litigations or investigations. Plaintiffs will comply with those protective orders and/or confidentiality agreements in responding to the Requests.

4.      Plaintiffs further object that Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on Plaintiffs, particularly with respect to overbroad requests that seek "all documents" relating to certain subjects.

5.      Plaintiffs object that the Requests call for the production of materials covered by non-disclosure and/or confidentiality agreements with third-parties and/or would violate the privacy interests of others. Plaintiffs will produce such materials only after providing notice and opportunity for such third-parties to object, or pursuant to the terms of a suitable protective order if such notice and opportunity to object has already been provided.

6.      Plaintiffs object that the Requests seek information that is available through less burdensome means of discovery or other sources in that the information requested is: (a) in the possession, custody or control of other parties or non-parties; and/or (b) publicly available or otherwise equally available to Defendants. Plaintiffs will provide responses only to the extent that such information is in the possession, custody or control of Plaintiffs.

7.      Plaintiffs object to the Requests to the extent that they are vague, ambiguous, oppressive, designed to annoy or harass, do not describe the Documents to be produced with

reasonable particularity, impose on Plaintiffs an unreasonable burden of inquiry, or require Plaintiffs to incur substantial expense in order to comply.

8. Plaintiffs object to the Requests to the extent that they call for the production of materials that are not relevant to the subject matter of this action, not relevant to a claim or defense of any party to this action, or not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiffs object that the Requests do not contain any assurance that Plaintiffs will be compensated for any of the costs, including attorneys' fees, they will incur in responding.

10. Plaintiffs object that the Requests seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other privileges, immunities, and legal protections against disclosure. Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work-product doctrine, right to privacy, or any other applicable privilege, doctrine, law, immunity, or rule protecting information from disclosure. To the extent that Plaintiffs produce documents in response to the Requests, such production is not intended to waive any privilege, right to privacy, or other applicable protection with respect to any document produced. Pursuant to Fed. R. Evid. 502(d), in the event that a privileged or otherwise protected document is inadvertently produced by Plaintiffs, such production shall be deemed inadvertent and shall not constitute a waiver of Plaintiffs' rights to assert the applicability of any privilege for such document. Plaintiffs reserve the right to demand the return of any such document and all copies thereof.

11. Plaintiffs object that the Requests purport to impose requirements, burdens, and/or discovery obligations that exceed those permitted by the Federal Rules of Civil Procedure and Judge Orrick's individual practices.

12. Plaintiffs object that the Requests are unreasonably cumulative or duplicative.

13. Plaintiffs object to the Requests to the extent that they purport to require Plaintiffs to ascertain the knowledge, however limited or tangential, of each and every individual employed

by Plaintiffs at every level of authority or responsibility, relating to the subject matter of these Requests.

14.     Plaintiffs object that the Requests are based on incorrect factual assertions and therefore lack foundation.

15.     Plaintiffs object to the Requests to the extent they seek information, or the compilation of data, that may be derived or ascertained from business records, where the burden of deriving or ascertaining the answers thereto is substantially the same for Defendants as for Plaintiffs.

16.     Plaintiffs objection to or failure to object to any particular Request is not, and shall not be construed as, an admission that responsive information exists.

17.     Plaintiffs incorporate by reference every General Objection into each and every specific response to the Requests set forth below.  A specific response may repeat a General Objection for emphasis or some other reason.  The failure to include any General Objection in any specific response shall in no way waive any General Objection to that Request.

## OBJECTIONS TO DEFINITIONS

Recognizing that parties generally may define terms as they wish for purposes of their discovery requests, Plaintiffs set forth below objections to Defendants' definitions for the reasons stated, which objections are applicable to each of Plaintiffs' specific objections and responses to the Requests and are incorporated therein.

**DEFINITION NO. 1:**  "documents or electronically stored information," as used in these Requests for Production are intended to be defined as in Rule 34 and to include any printed, handwritten, recorded, electronically stored or graphic matter of every type and description, however and by whomever made, reproduced or disseminated, in your actual or constructive custody or control.

**OBJECTIONS:**  Plaintiffs object to this Definition on the grounds that it renders each Request in which it appears vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Definition on the grounds that it renders each Request in which it appears as

PLAINTIFFS' AMENDED RESPONSE TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

a Request seeking documents protected by the attorney-client privilege and the attorney work product doctrine.

**DEFINITION NO. 2**:  "person or entity," as used in these Requests for Production, are intended to include any individual, corporation, partnership, association, joint venture, estate, trust, or other form of entity, including the parties to this litigation and their officers, agents, employees and representatives.

**OBJECTION:**    Plaintiffs object to this Definition on the grounds that it renders each Request in which it appears vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Definition on the grounds that it renders each Request in which it appears as a Request seeking documents protected by the attorney-client privilege and the attorney work product doctrine.

**DEFINITION NO. 3**:  "Plaintiffs," as used herein, includes employees of any Plaintiff clinic, including but not limited to officers, directors, executive directors, medical directors, and/or staff physicians.

**OBJECTION:**  Plaintiffs object to this Definition on the grounds that it renders each Request in which it appears vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Definition on the grounds that it renders each Request in which it appears as a Request seeking documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Definition on the grounds that it renders each Request in which it appears as seeking documents not in Plaintiffs' possession, custody, or control.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Paragraph 7 of the Plaintiffs' First Amended Complaint ("FAC") makes factual allegations stating, "According to expert forensic analysis, Defendants 'heavily edited the short videos so as to misrepresent statements made by Planned Parenthood's representatives.'  As a consequence, the experts concluded that the videos 'cannot be relied upon for any official inquiries' and 'also lacked credibility as journalistic products.'"

Provide the following documents or electronically stored information:

a.       A complete copy of this analysis, with all attachments, and any drafts of said analysis;

b.       All communications concerning the "expert forensic analysis" between Plaintiffs and each person involved in any way in the "expert forensic analysis" or with any person representing or working with each such person, including any proposal or request for such analysis;

b.(sic)  All statements or reports from each person or entity involved with the "expert forensic analysis" or who was involved in drafting the conclusions listed in Paragraph 7 of the FAC;

c.       All invoices from or payments to each person or entity involved with the "forensic analysis" or who was involved in drafting the conclusions listed in Paragraph 7 of the FAC; and

d.       All documents or electronically stored information discussing such invoices or payments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Request to the extent it seeks documents not in their possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will produce a complete copy of the forensic analysis of the videos released by Defendants. Plaintiffs will conduct a search in the files of the following custodians for communications between Plaintiffs and the authors of the forensic analysis about the preparation

of the forensic analysis and invoices or payments from Plaintiffs to the authors of the forensic analysis for drafting the forensic analysis: Vice President For Communications, PPFA; Senior Counsel, Law and Policy, PPFA.  Plaintiffs will search these custodians' files for and produce non-privileged communications with the authors of the forensic analysis about the preparation of the forensic analysis, as well as non-privileged documents concerning invoices or payments to the authors of the forensic analysis for drafting the forensic analysis.

**REQUEST FOR PRODUCTION NO. 2:**

Paragraph 42 of the FAC makes factual allegations concerning "Planned Parenthood's track record for providing safe, high-quality, essential health care to women . . . "  Similarly, Paragraph 2 of the FAC makes factual allegations that PPFA "provides professional, high-quality reproductive . . . health care services . . . . "

From January 1, 2006, through the present, for any of Plaintiffs' facilities or for any PPFA affiliate facility, provide all documents or electronically stored information concerning:

     a.       complaints against physicians or healthcare workers;

     b.       requests for ambulances or emergency services;

     c.       complications requiring hospitalizations involving a service or procedure at any PPFA affiliate facility;

     d.       deaths at or arising from a service or procedure at any PPFA affiliate facility;

     e.       legal actions against any PPFA affiliate facility or its physicians or healthcare workers before any court of law, involving a service or procedure at any PPFA affiliate facility, including malpractice actions;

     f.       actions before bodies regulating medical or healthcare practice, including but not limited to boards of medicine or nursing, involving a service or procedure at any PPFA affiliate facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See Kaiser Foundation Hospitals v. Cal. Nurses Ass'n*, 2012 WL 440634 (N.D. Cal. Feb. 10, 2012) ("A party is not entitled to discovery of a factual issue merely because it is alleged in the pleadings. Federal Rule of Civil Procedure 26(b)(1) expressly limits the scope of discovery to 'any nonprivileged matter this [sic] is relevant to any party's claim or defense."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 3:**

Paragraph 42 of the FAC makes a factual allegation that "Planned Parenthood's track record for providing safe, high-quality, essential health care to women . . . is unparalleled."

Provide all comparison studies, or other documents or electronically stored information, on which this "unparalleled" statement is based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See Kaiser Foundation Hospitals v. Cal. Nurses Ass'n*, 2012 WL 440634 (N.D. Cal. Feb. 10, 2012) ("A party is not entitled to discovery of a factual issue merely because it is alleged in the pleadings. Federal Rule of Civil Procedure 26(b)(1) expressly limits the scope of discovery to 'any nonprivileged matter this [sic] is relevant to any party's claim or defense.'); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 4:**

Paragraph 45 of the FAC makes a factual allegation that PPFA affiliates obtained "the full informed and separately obtained consent of the patient who has chosen to have an abortion . . . ."

Provide the following, from January 1, 2006, through the present:

a.     all such informed consent forms used at each of the Plaintiffs' facilities, or provided, recommended, or utilized by PPFA;

b.     all communications, other than attorney-client communications, concerning the creation, drafting, wording, revising, or editing these consent forms;

c.     all written policies and procedures at each of the Plaintiffs' facilities concerning obtaining patient consent, including but not limited to all pertinent sections of PPFA's Manual of Medical Standards and Guidelines, including any drafts or outdated versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  *See Kaiser Foundation Hospitals v. Cal. Nurses Ass'n*, 2012 WL 440634 (N.D. Cal. Feb. 10, 2012) ("A party is not entitled to discovery of a factual issue merely because it is alleged in the pleadings.  Federal Rule of Civil Procedure 26(b)(1) expressly limits the scope of discovery to 'any nonprivileged matter this [sic] is relevant to any party's claim or defense.");  Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs agree to conduct a reasonable search for responsive documents to categories (a) and (c) in their possession, custody or control concerning tissue donation. Plaintiffs will produce responsive, non-privileged documents from January 1, 2013 to July 15, 2015. Documents, if any, in any Plaintiff's possession belonging to a non-plaintiff affiliate will not be produced. Documents responsive to RFP 4(b) are not relevant to any claim or defense in this case and therefore Plaintiffs will not search for or produce such documents, if any. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 5:**

All documents or electronically stored information of any kind concerning the videos released by the Defendants as part of the Human Capital Project, as defined in paragraph 6 of Plaintiffs' Request for Production of Documents #1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

In addition to the documents to be produced in response to Request No. 1, above, Plaintiffs will conduct a search in the files of the following custodians:

From PPFA: Chief Financial Officer; Chief Operating Officer; Chief Information Officer; Assistant Director, Events and Conferences; Senior Manager of Finance and Operations; Director

and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers; Senior Medical Advisor for Medical Affairs; National Director, Consortium of Abortion Providers; Dr. Deborah Nucatola;

From PPGC/PPCC: Senior Director of Security and Facilities; VP, Medical Services; Medical Director; ASC Administrator; Chief Executive Officer; Melissa Farrell;

From PPRM: Vice President/Chief Medical Officer;

From PPOSBC: Medical Director;

From PPPSGV: Dr. Mary Gatter

In those custodians' files, Plaintiffs will search for and produce non-privileged documents evidencing Defendants' fraudulent and illegal efforts attempts to record Plaintiffs and their staff and the harm Plaintiffs' suffered.

**REQUEST FOR PRODUCTION NO. 6:**

All documents or electronically stored information that supports the contention in Paragraph 4 of the FAC that "there is no financial gain" for any PPFA affiliates involved in tissue donation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. *See Kaiser Foundation Hospitals v. Cal. Nurses Ass'n*, 2012 WL 440634 (N.D. Cal. Feb. 10, 2012) ("A party is not entitled to discovery of a factual issue merely because it is alleged in the pleadings. Federal Rule of Civil Procedure 26(b)(1) expressly limits the scope of discovery to 'any nonprivileged matter this [sic] is relevant to any party's claim or defense."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*"). Plaintiffs further object to this Request on the

grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of

obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

this litigation.  Plaintiffs further object to this Request to the extent that it seeks documents

protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object

to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary,

private, or financial information.  Plaintiffs further object to this Request to the extent that it seeks

third-parties' private information that is protected from disclosure pursuant to the U.S. and

California Constitutions as well as the HIPAA and the California Medical Information Act.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs agree to conduct a reasonable search for responsive documents in the possession,

custody or control of those Plaintiff-Affiliates that, anytime in the past five years, had a fetal tissue

donation program for which payments were accepted.  Plaintiffs will produce responsive, non-

privileged documents from January 1, 2013 to July 15, 2015.

**REQUEST FOR PRODUCTION NO. 7:**

All contracts or agreements, whether or not executed, concerning the involvement of

Plaintiffs in providing fetal tissue, specimens, "products of conception," and/or fetal remains from

January 1, 2006, through the present to any other person or entity for any reason.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs incorporate by reference each General Objection and its Objections to

Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  *See Kaiser Foundation Hospitals*

*v. Cal. Nurses Ass'n*, 2012 WL 440634 (N.D. Cal. Feb. 10, 2012) ("A party is not entitled to

discovery of a factual issue merely because it is alleged in the pleadings.  Federal Rule of Civil

Procedure 26(b)(1) expressly limits the scope of discovery to 'any nonprivileged matter this [sic]

is relevant to any party's claim or defense.");  Fed. R. Civ. P. 26(b)(1) ("Parties may obtain

discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."*).  Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs agree to conduct a reasonable search for responsive documents in the possession, custody or control of those Plaintiff-Affiliates that, anytime in the past five years, had a fetal tissue donation program for which payments were accepted.  Plaintiffs will produce responsive, non-privileged documents from January 1, 2013 to July 15, 2015.

**REQUEST FOR PRODUCTION NO. 8:**

All of Plaintiffs' publications, advertisements, websites, documents, or electronically stored information concerning the procurement, or disposition, or donation of fetal tissue, specimens, "products of conception," and/or fetal remains from January 1, 2006, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to written policies and procedures or any draft or recommended policies or procedures of any of the Plaintiffs concerning the disposal or donation of fetal tissue, specimens, "products of conception," and/or fetal remains from January 1, 2006, through the present, including but not limited to all pertinent sections of PPFA's Manual of Medical Standards and Guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. *See Kaiser Foundation Hospitals v. Cal. Nurses Ass'n*, 2012 WL 440634 (N.D. Cal. Feb. 10, 2012) ("A party is not entitled to discovery of a factual issue merely because it is alleged in the pleadings. Federal Rule of Civil Procedure 26(b)(1) expressly limits the scope of discovery to 'any nonprivileged matter this [sic] is relevant to any party's claim or defense."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*"). Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will produce written policies and procedures of any of the Plaintiffs concerning fetal tissue donation from January 1, 2010 through July 15, 2015.

**REQUEST FOR PRODUCTION NO. 10:**

All documents or electronically stored information and communications of any kind from January 1, 2006, through the present concerning the use of digoxin or any other feticides in abortion procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged

matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 11:**

All documents or electronically stored information produced to any governmental entity since January 1, 2011, in connection with any governmental investigation, including but not limited to investigations by the United States or any state or local government, and including documents or electronically stored information produced as a result of any Congressional subpoena issued by the Select Investigative Panel created on October 7, 2015, and tasked with gathering information and getting the facts about medical practices of abortion service providers and the business practices of fetal tissue procurement organizations (the Select Investigative Panel on Infant Lives), and any documents or electronically stored information produced to the Committee on Energy and Commerce or any members of that Committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

1       Because this Request is entirely irrelevant to the claims or defenses in this action and

2  because this Request is designed solely to harass Plaintiffs and for the improper purpose of

3  obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

4  this litigation, Plaintiffs will not search for and will not produce any documents in response to this

5  Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged

6  matter *that is relevant to any party's claim or defense and proportional to the needs of the case . .*

7  *. .*").

8  **REQUEST FOR PRODUCTION NO. 12:**

9       All documents or electronically stored information regarding the cost of responding to any

10  governmental investigation or inquiry, from January 1, 2011 to July 1 2015, including but not

11  limited to investigations or inquiries by the United States or any state or local government.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

13       Plaintiffs incorporate by reference each General Objection and its Objections to

14  Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

15  grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

16  to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

17  dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this

18  Request to the extent that it seeks documents protected by the attorney-client privilege and the

19  attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks

20  Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs

21  further object to this Request to the extent that it seeks third-parties' private information that is

22  protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA

23  and the California Medical Information Act.  Plaintiffs further object that the specified time period

24  in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

25       Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

26       Because this Request is entirely irrelevant to the claims or defenses in this action and

27  because this Request is designed solely to harass Plaintiffs and for the improper purpose of

28

obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 13:**

All documents or electronically stored information from January 1, 2006, through the present relating to orders or requests or responses to orders or requests for fetal body parts, fetal tissue, specimens, "products of conception," and/or fetal remains from any person or entity, including universities, hospitals, and fetal procurement companies such as, but not limited to, StemExpress LLC, Advanced Bioscience Resources, Inc. ("ABR"), Novogenix Laboratories, LLC, Da Vinci Biosciences, LLC/DV Biologics, LLC, and/or Tissue BioSource.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical

Information Act.  Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 14:**

All documents or electronically stored information concerning the review of counsel for Planned Parenthood of the Rocky Mountains of a proposed BioMax contract, as described in PPFA's letter to members of Congress dated August 27, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

After a reasonable search and diligent inquiry, Plaintiffs will produce nonprivileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents or electronically stored information relating or referring to any financial transactions involving fetal tissue between any Plaintiff and any of the following: Colorado State

University, University of Texas, Baylor University Medical Center (Dallas), and/or Amphioxus Cell Technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*"). Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

To the extent any documents exist, such documents either do not concern fetal tissue donation programs or concern programs that ended over eight years ago and therefore have no relevance to the instant lawsuit. Plaintiffs' contract with the Colorado State University did not concern fetal tissue and therefore is irrelevant to any issue in this lawsuit. Plaintiffs' relationship with Amphioxus Cell Technologies ended in 2008 and is of no relevance to any claim or defense in this case. For all of the above reasons, Plaintiffs will not search for and will not produce any

documents in response to this Request.  See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain

discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and*

*proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 16:**

All documents or electronically stored information concerning the Human Capital Project

(as defined in paragraph 6 of Plaintiffs' Request for Production of Documents #1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs incorporate by reference each General Objection and its Objections to

Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this

Request to the extent that it seeks documents protected by the attorney-client privilege and the

attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks

Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs

further object to this Request on the grounds that it is duplicative of Request No. 5.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs refer Defendants to their response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 17:**

All documents or electronically stored information concerning any per specimen

compensation for any fetal body parts, fetal tissue, specimens, "products of conception," and/or

fetal remains from January 1, 2006, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs incorporate by reference each General Objection and its Objections to

Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.  Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: Dr. Deborah Nucatola; Dr. Mary Gatter; Medical Director, PPGC and PPCFC; Melissa Farrell; Vice President/Chief Medical Officer, PPRM; Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA. In these custodians' files, Plaintiffs will search for and produce documents or electronically stored information regarding offers by Defendants to compensate for specimen procurement.

**REQUEST FOR PRODUCTION NO. 18:**

All documents or electronically stored information indicating or related to monies received from any fetal procurement person or entity such as, but not limited to, universities, hospitals, StemExpress LLC, ABR, Novogenix Laboratories, LLC, Da Vinci Biosciences, LLC/DV Biologics, LLC, and/or Tissue BioSource.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").  Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.  Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs agree to conduct a reasonable search for responsive documents in the possession, custody or control of those Plaintiff-Affiliates that, anytime in the past five years, had a fetal tissue donation program for which payments were accepted to cover expenses related to such program. Plaintiffs will produce responsive, non-privileged documents from January 1, 2013 to July 15, 2015.

**REQUEST FOR PRODUCTION NO. 19:**

All documents or electronically stored information that reflect invoices, accounts payable, and/or funds received from entities in relation to the providing of fetal tissue, specimens, "products of conception," and/or fetal remains, from January 1, 2006, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object
to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the
dispute and is disproportionate relative to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1)
("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's*
*claim or defense and proportional to the needs of the case . . . .*").  Plaintiffs further object to this
Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper
purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood
outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks
documents protected by the attorney-client privilege and the attorney work product doctrine.
Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is
confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request
to the extent that it seeks third-parties' private information that is protected from disclosure
pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical
Information Act.  Plaintiffs further object that the specified time period in this Request is
overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: See
Response to Request No. 18.

**REQUEST FOR PRODUCTION NO. 20:**

All documents or electronically stored information containing the term "intact" or "in-
tact."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs incorporate by reference each General Objection and its Objections to
Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the
grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object
to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the
dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this
Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper

purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 21:**

All documents or electronically stored information containing the term "complete POC."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks

documents protected by the attorney-client privilege and the attorney work product doctrine.

Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is

confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request

to the extent that it seeks third-parties' private information that is protected from disclosure

pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical

Information Act.  Plaintiffs further object that the specified time period in this Request is

overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and

because this Request is designed solely to harass Plaintiffs and for the improper purpose of

obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

this litigation, Plaintiffs will not search for and will not produce any documents in response to this

Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged

matter *that is relevant to any party's claim or defense and proportional to the needs of the case . .*

*. .*").

**REQUEST FOR PRODUCTION NO. 22:**

All documents or electronically stored information containing the term "complete" within

the same document as "fetus" or "embryo."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiffs incorporate by reference each General Objection and its Objections to

Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this

Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper

purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks

documents protected by the attorney-client privilege and the attorney work product doctrine.

Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is

confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request

to the extent that it seeks third-parties' private information that is protected from disclosure

pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical

Information Act.  Plaintiffs further object that the specified time period in this Request is

overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and

because this Request is designed solely to harass Plaintiffs and for the improper purpose of

obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

this litigation, Plaintiffs will not search for and will not produce any documents in response to this

Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged

matter *that is relevant to any party's claim or defense and proportional to the needs of the case . .*

*. .*").

**REQUEST FOR PRODUCTION NO. 23:**

All documents or electronically stored information regarding Plaintiffs modifying abortion

procedures in order to facilitate the donation of fetal tissue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs incorporate by reference each General Objection and its Objections to

Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this

Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper

purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks

documents protected by the attorney-client privilege and the attorney work product doctrine.

Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is

confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request

to the extent that it seeks third-parties' private information that is protected from disclosure

pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical

Information Act.  Plaintiffs further object that the specified time period in this Request is

overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and

because this Request is designed solely to harass Plaintiffs and for the improper purpose of

obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

this litigation, Plaintiffs will not search for and will not produce any documents in response to this

Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged

matter *that is relevant to any party's claim or defense and proportional to the needs of the case . .*

*. .*").

**REQUEST FOR PRODUCTION NO. 24:**

All documents or electronically stored information regarding inadvertent live births at

Plaintiffs' facilities in the course of or following abortion procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs incorporate by reference each General Objection and its Objections to

Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this

Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper

purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks

documents protected by the attorney-client privilege and the attorney work product doctrine.

Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is

confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request

to the extent that it seeks third-parties' private information that is protected from disclosure

pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical

Information Act.  Plaintiffs further object that the specified time period in this Request is

overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and

because this Request is designed solely to harass Plaintiffs and for the improper purpose of

obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

this litigation, Plaintiffs will not search for and will not produce any documents in response to this

Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged

matter *that is relevant to any party's claim or defense and proportional to the needs of the case . .*

*. .*").

**REQUEST FOR PRODUCTION NO. 25:**

All documents or electronically stored information regarding the procurement of fetal

tissue from patients following inadvertent live births at Plaintiffs' facilities in the course or

following abortion procedures [sic]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs incorporate by reference each General Objection and its Objections to

Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object

to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this

Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper

purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 26:**

All documents or electronically stored information concerning fetal tissue, specimens, "products of conception," and/or fetal remains sent to or received from universities, hospitals, StemExpress LLC, ABR, Novogenix Laboratories, LLC, Da Vinci Biosciences, LLC/DV Biologics, LLC, and/or Tissue BioSource.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case. Plaintiffs further object to this Request on the grounds that it seeks documents not in their possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 27:**

All documents or electronically stored information concerning any attempt by StemExpress, LLC, or ABR to collaborate with, or be approved by, PPFA or any PPFA affiliate for fetal tissue procurement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.  Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 28:**

All documents or electronically stored information concerning the costs to any PPFA affiliate of transporting, processing, preserving, engaging in quality control, and storing fetal

tissue, specimens, "products of conception," and/or fetal remains from January 1, 2006, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs agree to conduct a reasonable search for responsive documents in the possession, custody or control of those Plaintiff-Affiliates that, anytime in the past five years, had a fetal tissue donation program for which payments were accepted to cover expenses related to such program. Plaintiffs will produce responsive, non-privileged documents from January 1, 2013 to July 15, 2015.

**REQUEST FOR PRODUCTION NO. 29:**

All documents or electronically stored information concerning the costs to any PPFA affiliate in facilitating the donation of fetal tissue, specimens, "products of conception," and/or fetal remains from January 1, 2006, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

See Response to Request No. 28.

**REQUEST FOR PRODUCTION NO. 30:**

All annual profit and loss statements from any PPFA affiliate from January 1, 2006, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case. Plaintiffs further object to this Request on the grounds that it seeks documents not in their possession, custody or control. Plaintiffs further object on the grounds that this Request lacks foundation.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: Chief Financial Officers of each Plaintiff. In these custodians' files, Plaintiffs will search for and produce non-privileged documents reflecting the expenses they have incurred as a result of Defendants' conduct.

**REQUEST FOR PRODUCTION NO. 31:**

All documents or electronically stored information concerning:

a.      David Daleiden,

b.      Robert Sarkis,

c.      Troy Newman,

d.      Albin Rhomberg,

e.      Philip Cronin,

- 38 -

f.      Sandra Susan Merritt,

g.      Susan Tennenbaum,

h.      Gerardo Adrian Lopez,

i.      Brianna Allen, and/or

j.      Rebecca Wagner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the files of the following custodians for files created between January 1, 2011 and the date of service of this Request:

The appropriate security officer(s) for each Plaintiff;

From PPFA: Chief Operating Officer; Chief Information Officer; Assistant Director, Events and Conferences; Senior Manager of Finance and Operations; Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers; Senior Medical Advisor for Medical Affairs; National Director, Consortium of Abortion Providers; Dr. Deborah Nucatola

From PPGC/PPCC: VP, Medical Services; Medical Director; ASC Administrator; Chief Executive Officer; Melissa Farrell;

From PPRM: Vice President/Chief Medical Officer;

From PPPSGV: Dr. Mary Gatter

In these custodians' files, Plaintiffs will search for and produce all non-privileged documents that include the names listed in this Request and that evidence Defendants' fraudulent and illegal attempts to record Plaintiffs and their staff and the harm Plaintiffs suffered.

**REQUEST FOR PRODUCTION NO. 32:**

All documents or electronically stored information concerning investigations or surveillance of any of the Defendants, including any communications with anyone involved in investigating or surveilling any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Request to the extent that its seeks documents subject to protective orders. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object that the unspecified time period in this Request renders it overbroad, unduly burdensome, and disproportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks information protected by the law enforcement privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: the appropriate security officer(s) at each Plaintiff; Assistant Director, Events and Conferences; Senior Manager of

Finance and Operations.  In these custodians' files, Plaintiffs will search for and produce non-privileged documents regarding investigations by local, state, or federal agencies of Defendants about Defendants' surreptitious videotaping of Plaintiffs and their staff and the release of fraudulently and illegally obtained videos from those surreptitious recordings.

**REQUEST FOR PRODUCTION NO. 33:**

All communications by or among any of the Plaintiffs regarding videotaping or otherwise recording attendees, meetings, or sessions at any PPFA Conference.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: PPFA Assistant Director, Events and Conferences; Senior Manager of Finance and Operations; Assistant Director, Experience Design & Special Events.  In these custodians' files, Plaintiffs will search for and produce non-privileged communications regarding recordings at PPFA conferences in Miami in October 2014, in Orlando in late February/early March 2015, and in Washington D.C. in March 2015.

**REQUEST FOR PRODUCTION NO. 34:**

All communications by or among any of the Plaintiffs regarding videotaping or otherwise recording attendees, meetings, or sessions at any NAF Annual Meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: PPFA Assistant Director, Events and Conferences; Senior Manager of Finance and Operations; Assistant Director, Experience Design & Special Events. In these custodians' files, Plaintiffs will search for and produce non-privileged communications regarding recordings at the NAF conference in San Francisco in April 2014 and the NAF Conference in Baltimore in April 2015.

**REQUEST FOR PRODUCTION NO. 35:**

All recordings made by PPFA or any PPFA affiliate at any PPFA conference concerning procurement, or disposition, or donation of fetal tissue, specimens, "products of conception," and/or fetal remains from January 1, 2006, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

**REQUEST FOR PRODUCTION NO. 36:**

All documents or electronically stored information, recordings, or tangible things that any Plaintiff obtained at the Reproductive Health Professionals Conference concerning procurement, or disposition, or donation of fetal tissue, specimens, "products of conception," and/or fetal remains from January 1, 2006, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 37:**

All communications by or among any of the Plaintiffs regarding investigation, actual or potential, of any PPFA affiliate, by any state or federal authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. Plaintiffs further object to this Request to the extent that it seeks

documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object that the unspecified time period in this Request renders it overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: the Chief Financial Officers of each Plaintiff. In these custodians' files, Plaintiffs will search for and produce non-privileged communications reflecting the costs of federal and/or state investigations precipitated by Defendants' conduct.

**REQUEST FOR PRODUCTION NO. 38:**

All documents or electronically stored information concerning communications between Plaintiffs and the California Department of Justice or the Office of the Attorney General concerning any of the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent it seeks information protected by the law enforcement privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs believe that all communications with the California Department of Justice or the Office of the Attorney General concerning any of the Defendants are governed by the law enforcement privilege.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications, including reports to law enforcement, concerning property damage Plaintiffs or any PPFA affiliate has suffered from January 1, 2011, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: the appropriate security officer(s) for each Plaintiff.. In these custodians' files, Plaintiffs will search for and produce non-privileged documents regarding property damage Plaintiffs' have suffered from Defendants' conduct. Plaintiffs will also search for and produce non-privileged documents evidencing Plaintiffs' costs relating to said property damage.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications, including reports to law enforcement, concerning acts of violence against Plaintiffs' or any PPFA affiliate's doctors or staff from January 1, 2011, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions. Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: the appropriate security officer(s) for each Plaintiff. In these custodians' files, Plaintiffs will search for and produce non-privileged documents regarding acts of violence against Plaintiffs' doctors and staff resulting from Defendants' conduct. Plaintiffs will also search for and produce non-privileged documents evidencing Plaintiffs' costs relating to said acts of violence.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications, including reports to law enforcement, concerning threats to Plaintiffs' or any PPFA affiliate's doctors or staff from January 1, 2011, through the present.

- 47 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions.  Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: the appropriate security officer(s) for each Plaintiff.  In these custodians' files, Plaintiffs will search for and produce non-privileged documents regarding threats against Plaintiffs' doctors and staff resulting from Defendants' conduct.  Plaintiffs will also search for and produce non-privileged documents evidencing Plaintiffs' costs relating to said threats.

**REQUEST FOR PRODUCTION NO. 42:**

All HotSpot Reports and all documents relating or referring to compilation of any HotSpot report from January 1, 2011, through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the

dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object that the specified time period in this Request is overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will conduct a search in the following custodians' files: security officials at PPFA responsible for the HotSpots reporting.  In these custodians' files, Plaintiffs will search for and produce all non-privileged Hot Spot reports that include any of the Plaintiff-Affiliates that were created between July 15, 2014 and the date of service of these Requests.

**REQUEST FOR PRODUCTION NO. 43:**

All written or recorded statements of any person or entity concerning the matters at issue in this case (including all claims, defenses, and damages asserted in the pleadings that have not been previously requested.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, hopelessly overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request on the grounds that it seeks documents not in their possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

This request is so vague, ambiguous, and overbroad that Plaintiffs cannot determine what constitutes responsive documents and therefore cannot respond. Plaintiffs will meet and confer with Defendants to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents or electronically stored information described under "11. Documents or electronically stored information and Things" in Plaintiffs' Initial Disclosures, dated March 25, 2016, that have not been previously requested.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will produce documents and electronically stored information that they intend to rely on to support their claims.

**REQUEST FOR PRODUCTION NO. 45:**

All documents or electronically stored information supporting the Plaintiffs' description of its alleged damages, as described in "III. Damages" in Plaintiffs' Initial Disclosures, dated March 25, 2016, that have not been previously requested.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private,

or financial information.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will produce documents and electronically stored information that they intend to rely on to support their damages claims.

**REQUEST FOR PRODUCTION NO. 46:**

All documents or electronically stored information concerning meetings, conversations or other communications about the incidents, matters or damages involved in this lawsuit, that have not been previously requested.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, hopelessly overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs refer Defendants to their responses to Requests Nos. 1, 5, 16, 31, 39, 40, 41, 43, 44, 45.  Plaintiffs will not search for or produce any additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

The resume/curriculum vitae of each person whom you intend to call as an expert witness at the trial of this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs object that this Request is premature. Plaintiffs further object to this Request on the grounds that it seeks to impose obligations in excess of Plaintiffs' requirements under Fed. R. Civ. P. 26(a)(2) and the Court's Scheduling Order in this case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs will produce any information about any potential expert witnesses at the time required under Fed. R. Civ. P. 26(a)(2) and the Scheduling Order in this case.

**REQUEST FOR PRODUCTION NO. 48:**

All documents or electronically stored information relating to compliance with the federal Partial Birth Abortion Ban Act of 2003 (18 U.S.C. § 1531) including but not limited to protocols or forms for documenting compliance with the federal law and documenting the provider's intent when performing an abortion procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request. Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs

further object to this Request to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the U.S. and California Constitutions as well as the HIPAA and the California Medical Information Act.  Plaintiffs further object that the unspecified time period in this Request renders it overbroad, unduly burdensome, and disproportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Because this Request is entirely irrelevant to the claims or defenses in this action and because this Request is designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation, Plaintiffs will not search for and will not produce any documents in response to this Request.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense and proportional to the needs of the case . . . .*").

**REQUEST FOR PRODUCTION NO. 49:**

All recordings made by PPFA or any PPFA affiliate at any PPFA conference referenced in the First Amendment [sic] Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiffs incorporate by reference each General Objection and its Objections to Definitions into its Specific Objections to this Request.  Plaintiffs object to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to this Request on the grounds that it seeks documents not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case.  Plaintiffs further object to this Request on the grounds that it appears designed solely to harass Plaintiffs and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.  Plaintiffs further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs object to this Request to the extent that it seeks Plaintiffs' information that is

1  confidential, proprietary, private, or financial information. Plaintiffs further object that the
2  specified time period in this Request is overbroad, unduly burdensome, and disproportional to the
3  needs of the case. Plaintiffs further object to this Request to the extent it is duplicative of Request
4  No. 35.

5      Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

6      Because this Request is entirely irrelevant to the claims or defenses in this action and
7  because this Request is designed solely to harass Plaintiffs and for the improper purpose of
8  obtaining information solely to further Defendants' attacks against Planned Parenthood outside of
9  this litigation, Plaintiffs will not search for and will not produce any documents in response to this
10  Request. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged
11  matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .
12  .").

13
14  DATED: September 30, 2016          Respectfully submitted,

15                                     ARNOLD & PORTER LLP

16                                     By: _____
                                                       Erica Connolly
17
                                       Attorneys for Plaintiffs
18
19
20
21
22
23
24
25
26
27
28                                          - 54 -
    PLAINTIFFS' AMENDED RESPONSE TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS
    (SET ONE)