UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 16-cv-00236-WHO (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 191 |

On December 12, 2017, Plaintiffs and Defendant Adrian Lopez filed a joint discovery letter brief addressing a discovery dispute. [Docket No. 191 (Jt. Letter).] This matter is appropriate for resolution without a hearing. Civ. L.R. 7-1(b).

**I.   DISCUSSION**

The parties dispute whether Plaintiffs waived their objections by failing to timely respond to five interrogatories propounded by Lopez.

Lopez served Plaintiffs with his second set of interrogatories, nos. 12-16, on March 29, 2017. Plaintiffs' responses were due on May 3, 2017. Plaintiffs failed to respond. On May 17, 2017, Lopez sent a meet and confer letter inquiring about the responses and notifying Plaintiffs of his position that they had waived all objections to the interrogatories. The parties immediately began meeting and conferring. On June 1, 2017, Plaintiffs served responses and objected that the interrogatories were duplicative, vague, burdensome, and harassing; violated third party privacy; called for attorney client privileged information; called for information protected by the work product protection; and sought information equally available to Lopez.

In the discovery letter, Lopez asserts that Plaintiffs waived all objections by failing to timely serve responses and objections. Lopez asks the court to order Plaintiffs to serve amended

responses without objections. Plaintiffs acknowledge that they served responses and objections after the deadline, but contend that their untimeliness was due to a good faith error which resulted in a delay of less than one month. They further state that they did not withhold any information based on any objection, but wish to preserve the right to object to the extent the interrogatories seek information protected by any privilege. Although Plaintiffs are not presently aware of responsive information that is subject to a privilege, they seek to maintain the right to assert privilege "in an abundance of caution, not knowing how discovery will evolve." Jt. Letter 3.

The party to whom an interrogatory is directed must respond in writing within 30 days after being served. Fed. R. Civ. P. 33(b)(2). Failure to object to discovery requests within the time required constitutes a waiver of any objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). However, Rule 33 provides that an untimely objection may be excused upon a showing of good cause. Fed. R. Civ. P. 33(b)(4). Accordingly, "[c]ourts retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." *Liguori v. Hansen*, No. 2:11-cv-00492-GMN-CWH, 2012 WL 760747, at *11 (D. Nev. Mar. 6, 2012). Factors that courts may consider in evaluating good cause include "(1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver." *Karr v. Napolitano*, No. C 11-02207 LB, 2012 WL 1965855, at *5 (N.D. Cal. May 31, 2012) (citing *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005)).

In this case, the court finds good cause to excuse Plaintiffs' untimely responses to the interrogatories. Lopez notified Plaintiffs about the late responses on May 17, 2017, and the parties immediately began meeting and conferring about the issue of waiver. Plaintiffs ultimately served their responses 27 days after they were due, which is not a significantly lengthy amount of time in the context of this case. Plaintiffs assert that the delay was due to a good faith error, as their lead counsel started trial shortly after service of the discovery. Lopez does not suggest that there is any indication of bad faith by Plaintiffs. Most importantly, Lopez does not argue that he suffered prejudice as a result of the delay, such as an inability to conduct further discovery or investigation. Plaintiffs have confirmed that they are not withholding any information in their responses to the

2

interrogatories on the basis of an objection, including any assertion of privilege. This case is not in the late stages of discovery, and there are currently no discovery deadlines or trial date in place. The court finds that the delay of less than one month under such circumstances did not prejudice Lopez. As such, "a complete waiver of Defendant's objections would be a disproportionately harsh result." *Karr*, 2012 WL 1965855, at *6.

## II. CONCLUSION

For the foregoing reasons, the court denies Lopez's motion to compel Plaintiffs to serve amended responses to interrogatories 12-16 without asserting any objections.

**IT IS SO ORDERED.**

Dated: December 21, 2017

_____
Donna M. Ryu
United States Magistrate Judge