PAGES 1 – 33

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ORRICK

PLANNED PARENTHOOD FEDERATION OF    )
AMERICA, INC., ET AL.,              )
                                    )
            PLAINTIFFS,             )
                                    )
 VS.                                )   NO. 16-CV-0236 WHO
                                    )
CENTER FOR MEDICAL PROGRESS,        )
ET AL.,                             )
                                    )
            DEFENDANTS.             )
_____)

NATIONAL ABORTION FEDERATION        )
(NAF),                              )
                                    )
            PLAINTIFF,              )
                                    )
 VS.                                )   NO. 15-CV-3522 WHO
                                    )
THE CENTER FOR MEDICAL PROGRESS;    )
BIOMAX PROCUREMENT SERVICES, LLC;   )
DAVID DALEIDEN (AKA "ROBERT         )
SARKIS"; AND TROY NEWMAN,           )
                                    )   SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.             )   TUESDAY, JULY 17, 2018
                                    )
_____)


**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING  2:16 P.M. – 3:00 P.M.**


*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*RETIRED OFFICIAL COURT REPORTER, USDC*

**APPEARANCES:**

**FOR PLAINTIFFS**         MORRISON & FOERSTER LLP
                          425 MARKET STREET
                          SAN FRANCISCO, CALIFORNIA 94105
                    BY:  **DIANA MARIKO MALTZER, ESQUIRE**
                         **DEREK FRANCIS FORAN, ESQUIRE**
                         **CHRISTOPHER LEONARD ROBINSON, ESQUIRE**


                          ARNOLD & PORTER KAYE SCHOLER LLP
                          THREE EMBARCADERO CENTER, 7TH FLOOR
                          SAN FRANCISCO, CALIFORNIA 94111
                    BY:  **AMY LYNNE BOMSE, ESQUIRE**


                          ARNOLD & PORTER KAY SCHOLER, LLP
                          250 WEST 55TH STREET
                          NEW YORK, NEW YORK 10019
                    BY:  **DIANA K. STERK, ESQUIRE**


                          PLANNED PARENTHOOD NORTHERN CALIFORNIA
                          2185 PACHECO STREET
                          CONCORD, CALIFORNIA 94520-230
                    BY:  **BETH HARRISON PARKER, ESQUIRE**



**FOR DEFENDANTS**         LAW OFFICES OF CHARLES S. LIMANDRI
                          P.O. BOX 9120
                          RANCHO SANTA FE, CALIFORNIA 92067
                    BY:  **PAUL MICHAEL JONNA, ESQUIRE**
                         **JEFFREY MICHAEL TRISSELL, ESQUIRE**


                          LIFE LEGAL DEFENSE FOUNDATION
                          POST OFFICE BOX 1313
                          OJAI, CALIFORNIA 93024
                    BY:  **CATHERINE WYNNE SHORT, ESQUIRE**


                          LIBERTY COUNSEL
                          P.O. BOX 540774
                          ORLANDO, FLORIDA 32854
                    BY:  **HORATIO GABRIEL MIHET, ESQUIRE**

**APPEARANCES (CONTINUED):**

FOR DEFENDANTS                BROWN BROWN, LLC
                              2027 DODGE STREET
                              SUITE 501
                              OMAHA, NEBRASKA 68102
                         BY:  **MATTHEW F. HEFFRON, ESQUIRE**


                              LAW OFFICES OF MICHAEL MILLEN
                              119 CALLE MARGUERITA #100
                              LOS GATOS, CALIFORNIA 95032
                         BY:  **MICHAEL MILLEN, ESQUIRE**


                              MAYALL HURLEY, P.C.
                              2453 GRAND CANAL BOULEVARD
                              STOCKTON, CALIFORNIA 95207
                         BY:  **VLADIMIR FRANK KOZINA, ESQUIRE**


                              THOMAS MORE SOCIETY
                              19 S. LASALLE STREET, SUITE 603
                              CHICAGO, ILLINOIS 60603
                         BY:  **PETER CHRISTOPHER BREEN, ESQUIRE**

```
 1   TUESDAY, JULY 17, 2018                           2:16 P.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                            ---oOo---
 6                           PROCEEDINGS
 7        THE CLERK:   CALLING CIVIL MATTERS 15-3522 AND 16-236,
 8   NATIONAL ABORTION FEDERATION VERSUS CENTER FOR MEDICAL
 9   PROGRESS, ET AL., AND PLANNED PARENTHOOD FEDERATION OF AMERICA,
10   INCORPORATED, VERSUS CENTER FOR MEDICAL PROGRESS, ET AL.
11        COUNSEL, PLEASE COME FORWARD AND STATE YOUR
12   APPEARANCE.
13        MS. MALTZER:   GOOD MORNING, YOUR HONOR.  DIANA
14   MALTZER OF MORRISON FOERSTER ON BEHALF OF PLAINTIFFS.  WITH ME
15   IS MR. FORAN, DEREK FORAN, AND CHRISTOPHER ROBINSON.
16        THE COURT:   GREAT.  WELCOME.
17        MR. JONNA:   GOOD AFTERNOON, YOUR HONOR.  PAUL JONNA
18   ON BEHALF OF DEFENDANTS DALEIDEN, CMP, AND BIOMAX, AND IN THE
19   PLANNED PARENTHOOD CASE I ALSO REPRESENT DEFENDANT ADRIAN
20   LOPEZ.
21        THE COURT:   GREAT.
22        MS. BOMSE:   GOOD AFTERNOON, YOUR HONOR.  AMY BOMSE ON
23   BEHALF OF PLANNED PARENTHOOD.  AND WITH ME IS DIANA STERK OF MY
24   OFFICE AND ALSO BETH PARKER OF PLANNED PARENTHOOD NORTHERN
25   CALIFORNIA.
```

1              **THE COURT:**  WELCOME.

2              **MR. JONNA:**  COUNSEL PRESENT ALSO INCLUDE KATIE SHORT

3    ON BEHALF OF ALBIN RHOMBERG; MIKE MILLEN ON BEHALF OF ALBIN

4    RHOMBERG; JEFFREY TRISSELL ON BEHALF OF THE SAME CLIENTS I

5    REPRESENT; MATT HEFFRON ON BEHALF OF DEFENDANT DAVID DALEIDEN;

6    HARRY MIHET ON BEHALF OF DEFENDANT SUSAN MERRITT; AND VLADIMER

7    KOZINA ON BEHALF OF DEFENDANT TROY NEWMAN.

8              **THE COURT:**  WELL DONE.  WELCOME.

9              **MR. JONNA:**  THANK YOU.

10             **THE COURT:**  ALL RIGHT.  SO THERE ARE A NUMBER OF

11   DIFFERENT ISSUES THAT THESE -- THAT THE CASE MANAGEMENT

12   STATEMENTS RAISE, AND I THINK I'LL START WITH THE PLANNED

13   PARENTHOOD CASE.

14             AND IT SEEMS TO ME THAT THERE ARE OBVIOUSLY STILL

15   DISCOVERY BATTLES THAT ARE ONGOING WITH JUDGE RYU.  I DO WANT

16   TO SET A TRIAL SCHEDULE TO GET THIS CASE MOVING TOWARDS

17   RESOLUTION.  AND SO I HAVE A SOMEWHAT MODIFIED SCHEDULE THAT

18   I'M GOING TO SUGGEST AND -- BUT RECOGNIZE THAT, GIVEN THE

19   ISSUES THAT ARE BEFORE JUDGE RYU, THIS COULD -- THIS IS ALL

20   SUBJECT TO SOME CHANGE.

21             BUT WHAT I'M THINKING IS THAT WE SET TRIAL FOR

22   SEPTEMBER 30TH OF 2019, AND SO THEN I'M GOING TO FLIP THAT AND

23   WORK FORWARDS.  I WOULD HAVE A WRITTEN DISCOVERY CUTOFF AT THE

24   END OF THE YEAR, SO DECEMBER 31ST; EXPERT DISCLOSURES AND THE

25   FACT DISCOVERY CUTOFF FOR FEBRUARY 28TH; AND THEN EXPERT

1    REBUTTAL ON MARCH 28TH; EXPERT CUTOFF, APRIL 15TH; THEN JUST

2    DISPOSITIVE MOTIONS FILED MAY 1, CULMINATING IN THE MOTIONS

3    BEING HEARD ON JUNE 26TH; AND A PRETRIAL CONFERENCE ON

4    SEPTEMBER 9TH.

5            SO LET'S START WITH THE -- WITH THE NOTION OF SETTING

6    THE TRIAL AND ANYTHING THAT YOU WANT TO TELL ME ABOUT WHY THIS

7    WORKS OR DOESN'T WORK FROM THE DEFENDANT'S PERSPECTIVE.

8            **MR. JONNA:**  SURE.  FROM THE DEFENDANT'S PERSPECTIVE,

9    YOUR HONOR, I THINK IT IS PREMATURE TO SET A TRIAL.  THE

10   PRIMARY CONCERN IS -- WELL, THERE'S A NUMBER OF CONCERNS.  THE

11   FIRST CONCERN IS THE -- THE MANDATE HAS NOT ISSUED FROM THE

12   ANTI-SLAPP APPEAL.  IT'S OUR POSITION THAT DEPOSITIONS SHOULD

13   BE STAYED UNTIL THAT MANDATE IS ISSUED, AND SO THE PRELIMINARY

14   CONCERN IS JUST UNDERSTANDING WHETHER DEPOSITIONS ARE

15   PROCEEDING WITH THE SCHEDULE.

16           **THE COURT:**  SO THE -- MY IDEA WAS THAT THEY WOULD NOT

17   PROCEED BEFORE THE END OF THE YEAR, AND I PROBABLY DIDN'T SAY

18   THIS YET, THAT WE'D SET -- WE'D SET ANOTHER CASE MANAGEMENT

19   CONFERENCE ON DECEMBER 11TH.  SO BY THAT TIME WE SHOULD HAVE

20   A -- WE SHOULD KNOW WHAT'S HAPPENED AS FAR AS THE OTHER

21   DISCOVERY ISSUES.  I UNDERSTAND THE ISSUE ON THE ANTI-SLAPP

22   MOTIONS, ALTHOUGH IT SEEMS THAT THE ISSUE THE NINTH CIRCUIT IS

23   INTERESTED IN MAY NOT -- IS -- MAY NOT AFFECT THE SORT OF

24   OUTCOME AS IT RELATES TO US AS OPPOSED TO THE PROCEDURAL ISSUE

25   OR THE ISSUE OF WHETHER THE STATE LAW IS GOING TO APPLY AT ALL

1    IN THE NINTH CIRCUIT, BUT -- BUT WE CAN LOOK AT THAT AGAIN ON

2    DECEMBER 11TH.

3         **MR. JONNA:**  SO JUST TO BE CLEAR, THE DEPOSITIONS

4    WOULD BE STAYED UNTIL THE END OF THE YEAR?

5         **THE COURT:**  UNTIL 2019, UNTIL JANUARY 1ST OF 2019.

6         **MR. JONNA:**  OKAY.

7         **THE COURT:**  WHAT I'M HOPING IS THAT ALL OF THE

8    WRITTEN DISCOVERY ISSUES WILL HAVE BEEN WORKED THROUGH BY THEN.

9         **MR. JONNA:**  I THINK THAT MIGHT BE WORKABLE, BUT I,

10   YOU KNOW, NEED TO CONFER WITH CO-COUNSEL, BUT I THINK THAT

11   MIGHT BE WORKABLE FROM OUR PERSPECTIVE.

12        **THE COURT:**  OKAY.  MS. BOMSE, WHAT DO YOU THINK?

13        **MS. BOMSE:**  WELL, FIRST OF ALL, I JUST HAVE TO ASK A

14   CLARIFYING QUESTION.  IF DEPOSITIONS DON'T START UNTIL THE

15   FIRST OF NEXT YEAR, WHEN IS THE END OF FACT DISCOVERY?

16        **THE COURT:**  THE END OF FEBRUARY, SO TWO MONTHS.

17        **MS. BOMSE:**  THAT'S PRETTY -- OKAY.  SO HERE ARE MY

18   THOUGHTS ON THAT.  FIRST OF ALL, THERE'S ONLY ONE MOTION IN

19   FRONT OF JUDGE RYU.  SO THERE AREN'T MULTIPLE ISSUES; THERE'S

20   ONE ISSUE.

21        WE DON'T THINK THERE ARE NEARLY AS MANY OUTSTANDING

22   WRITTEN DISCOVERY ISSUES.  WE THINK THE MORE TIME THERE IS, THE

23   MORE TIME THERE IS TO CREATE NEW WRITTEN DISCOVERY ISSUES, AND

24   SO I WOULD -- IT WOULD BE PLAINTIFF'S PREFERENCE TO SEE AN

25   EARLIER WRITTEN DISCOVERY CUTOFF, OR, IF NOT THAT, SOME

1    MECHANISM BY WHICH THE INCOMING DISCOVERY FROM THE DEFENSE SIDE

2    COULD BE CONTROLLED, YOUR HONOR.

3            I MEAN, WE ARE -- WE ARE UP TO THE TWO HUNDREDS IN

4    REQUESTS FOR PRODUCTION THAT ARE -- THEY'RE DUPLICATIVE.

5    THEY'RE CAUSING US TO GO BACK, OKAY, LET'S SEE, YOU KNOW,

6    DEFENDANT RHOMBERG IS ASKING THIS QUESTION, DIDN'T DEFENDANT

7    DALEIDEN ASK THIS 18 MONTHS AGO.  OKAY?  SO IT'S BECOMING

8    EXTREMELY BURDENSOME.  I UNDERSTAND THIS COURT HAS REFERRED

9    DISCOVERY ISSUES TO JUDGE RYU, WISELY, SO -- BUT I'M RAISING

10   THAT BECAUSE OF THE PROBLEM OF PROVIDING ANOTHER SIX MONTHS FOR

11   THIS KIND OF BEHAVIOR TO GO ON.

12           WITH RESPECT TO THE MANDATE AND DEPOSITIONS BEING

13   STAYED UNTIL THE END OF THE YEAR, AGAIN, IT'S MY VIEW THAT MOST

14   OF THE DOCUMENTS HAVE BEEN PRODUCED.  WE PROVIDED IN THE CMC

15   STATEMENT WHAT, IN OUR VIEW, THE LIMITED QUANTITY OF ADDITIONAL

16   DOCUMENTS THOSE NEED TO BE.  THOSE CAN BE PRODUCED IN THE NEXT

17   COUPLE OF MONTHS.  I'M NOT SURE WHAT THE RATIONALE IS FOR

18   SQUEEZING ALL OF THE DEPOSITIONS INTO A SHORT PERIOD OF TIME AS

19   THAT SCHEDULE PROVIDES.

20           HOWEVER, HAVING SAID ALL THAT, I LIKE THE TRIAL DATE.

21   AND IF THAT'S THE COURT'S PREFERENCE, HAVING LOOKED AT

22   EVERYTHING, WE OBVIOUSLY WILL WORK WITH THAT.

23           **THE COURT:**  ALL RIGHT.  WELL, IT IS THE COURT'S

24   PREFERENCE.  AND IF THERE'S A PROBLEM WITH DISCOVERY,

25   DUPLICATIVE DISCOVERY OR ANYTHING LIKE THAT, PUT IT TO JUDGE

1    RYU.

2            AND, I MEAN, AS THE LAST GROUP SAID, I USUALLY KEEP

3    MY OWN DISCOVERY.  I DIDN'T KEEP THIS BECAUSE I HAD THE

4    WILLIAMS TRIAL AMONG -- AMONG OTHER MOTIONS, AND I'VE BEEN

5    GRATEFUL THAT JUDGE RYU HAS BEEN HANDLING THAT, AND I'LL LOOK

6    FORWARD TO HER RESPONSES TO ANY MOTIONS THAT YOU MAKE.

7            **MR. JONNA:**  CAN I BRIEFLY RESPOND, YOUR HONOR?

8            **THE COURT:**  YES.

9            **MR. JONNA:**  JUST FOR THE RECORD, THERE ARE ACTUALLY A

10   NUMBER OF KEY DISCOVERY ISSUES THAT REMAIN TO BE RESOLVED, FROM

11   THE DEFENDANTS' PERSPECTIVE.  SO ALTHOUGH PLAINTIFF'S ISSUES

12   HAVE BEEN LARGELY RESOLVED, DEFENDANTS' HAVE NOT.

13           AND THE CORE DOCUMENTS THAT THE DEFENDANTS ARE

14   SEEKING, WE HAVE BEEN TRYING TO WORK IN GOOD FAITH TO MEET AND

15   CONFER, BUT WE STILL HAVEN'T RECEIVED THEM.

16           SO THE OTHER THING I WANT TO POINT OUT, YOUR HONOR,

17   IS I DO THINK THAT THE SCHEDULE IS A LITTLE CRAMMED IN TERMS OF

18   DEPOSITIONS.  THEY START AT THE END OF THE YEAR -- OR THE

19   BEGINNING OF NEXT YEAR, I SHOULD SAY.  DISCOVERY CUTOFF WOULD

20   BE FEBRUARY --

21           **THE COURT:**  TWENTY-EIGHTH.

22           **MR. JONNA:**  FEBRUARY 1ST -- WAIT.

23           **THE COURT:**  FEBRUARY 28TH --

24           **MR. JONNA:**  TWENTY-EIGHTH.

25           **THE COURT:**  -- WAS WHAT I MEANT TO SAY.  SO TWO

1    MONTHS.

2            **MR. JONNA:**  OKAY.  IS THERE ANY -- CAN WE EXPAND THAT

3    A LITTLE BIT?  I MEAN, THERE'S GOING TO BE A NUMBER OF

4    DEPOSITIONS.

5            **THE COURT:**  IF -- I'M HAPPY FOR YOU TO AGREE ON

6    ANY -- IF THIS -- I DON'T KNOW HOW MANY DEPOSITIONS YOU'RE

7    GOING TO HAVE BUT IF IT SEEMS TOO CRAMPED AND YOU CAN AGREE TO

8    EXTEND IT A MONTH -- THE DATES THAT I CARE ABOUT ARE THE DATE

9    FOR -- THE TRIAL DATE, THE PRETRIAL CONFERENCE DATE, AND THE

10   DISPOSITIVE MOTION HEARING DATE.

11           IF YOU WANT TO AGREE TO A DIFFERENT SCHEDULE -- I'VE

12   GIVEN YOU A LENGTHY SCHEDULE FROM THE TIME OF FILING THE

13   MOTIONS TO REPLYING TO THEM.  THAT'S THE WAY THAT THEY WERE

14   PROPOSED BY THE PLAINTIFFS.  IF YOU WANT TO SHORTEN THAT OR DO

15   ANYTHING ELSE, I'M FINE BY THAT.

16           **MR. JONNA:**  OKAY.

17           **MS. BOMSE:**  AND IF WE CAN AGREE TO START DEPOSITIONS

18   EARLIER, IS THE COURT FINE WITH THAT?

19           **THE COURT:**  IT DOESN'T LOOK LIKE YOU'RE GOING TO, BUT

20   YES, ABSOLUTELY.  ANYTHING YOU WANT TO AGREE ON WITH RESPECT TO

21   DISCOVERY IS FINE BY ME AS LONG AS IT DOESN'T IMPACT THE DATES

22   THAT I CARE ABOUT.

23           **MS. BOMSE:**  OKAY.

24           **THE COURT:**  ALL RIGHT?

25           **MS. BOMSE:**  THANK YOU, YOUR HONOR.

```
 1              MR. JONNA:  THANK YOU.

 2              THE COURT:  SO THAT -- I THINK THOSE WERE THE ISSUES

 3    THAT I WANTED TO DEAL WITH IN THE PLANNED PARENTHOOD CASE.  SO

 4    LET'S MOVE ON TO NAF.

 5              SO, REMIND ME.  I WAS GOING BACK THROUGH THE

 6    DOCKET -- MS. SHORT PROBABLY REMEMBERS THIS OFF THE TOP OF HER

 7    HEAD, BUT IS THERE A -- DID WE PUT A STAY INTO EFFECT ON THE

 8    PLEADINGS RIGHT AT THE BEGINNING?

 9              MR. JONNA:  YEAH, MY UNDERSTANDING IS -- WHEN YOU SAY

10    "THE PLEADINGS," YOU MEAN IN TERMS OF FILING A RESPONSE?

11              THE COURT:  YES, FILING A RESPONSIVE --

12              MR. JONNA:  MY UNDERSTANDING IS THAT, YES, THERE WAS

13    A STAY IN EFFECT, AND AFTER THE APPEAL WAS RESOLVED, THE

14    PARTIES WERE TO MEET AND CONFER.  AND NAF WOULD LET US KNOW IF

15    THEY'RE GOING TO AMEND THE COMPLAINT, THEN WE WERE PRESERVING

16    OUR RIGHT TO FILE AN ANTI-SLAPP MOTION.

17              THE COURT:  SO -- AND THAT'S THE PLAINTIFF'S MEMORY

18    ALSO?

19              UNIDENTIFIED SPEAKER:  YOUR HONOR, I APOLOGIZE.  I

20    DON'T REMEMBER A STAY BEING PUT INTO EFFECT WITH RESPECT TO THE

21    (INDISCERNIBLE) AT THE START OF THE CASE.  WE DID AGREE TO A

22    STAY (INDISCERNIBLE) PROCEEDINGS PENDING THE OUTCOME OF THE

23    PRELIMINARY INJUNCTION APPEAL.

24              THE COURT:  OKAY.  ALL RIGHT.  OKAY.  SO NOW WE GOT

25    TO GET THIS GOING, AND I THINK THAT THE PLEADINGS NEED TO BE
```

```
 1  SET BEFORE ANY MOTIONS FOR SUMMARY JUDGMENT ARE FILED SO THAT
 2  WE KNOW WHAT THE ISSUES ARE, AND, OTHERWISE, THE DEFENDANTS
 3  WOULD HAVE A VERY GOOD MOTION TO -- UNDER 56(D).
 4        SO I -- AND I ALSO SUSPECT THAT THERE'S BEEN
 5  SUBSTANTIAL OVERLAPPING DISCOVERY IN THE PLANNED PARENTHOOD
 6  CASE, WHICH SHOULD MAKE THIS A LITTLE EASIER.  WHAT -- BESIDES
 7  THE DISCOVERY THAT YOU'RE DOING IN THE PLANNED PARENTHOOD CASE,
 8  IS THERE OTHER SPECIFIC DISCOVERY THAT YOU'LL BE LOOKING FOR IN
 9  NAF?
10        MR. JONNA:  YES, YOUR HONOR.  THERE'S A QUITE A BIT.
11  SO I HAVEN'T MAPPED IT OUT YET, BUT WE WANT TO TAKE DISCOVERY
12  ON ALL THE CLAIMS TO FULLY DEVELOP ALL OF OUR DEFENSES.  SO
13  THERE -- YOU KNOW, THERE'S SOME OVERLAP, BUT THERE'S QUITE A
14  BIT OF DIFFERENT DISCOVERY THAT'S GOING TO BE NEEDED.  I
15  DON'T -- I'M NOT PREPARED TO IDENTIFY WHAT THAT DISCOVERY IS,
16  BUT I CAN TELL YOU IT'S GOING TO BE A SIGNIFICANT AMOUNT OF
17  DISCOVERY FROM OUR PERSPECTIVE.
18        THE COURT:  OKAY.  WELL, SO -- SO, I WANT YOU TO
19  START SORTING THAT OUT SO THAT WE CAN MOVE THIS CASE.
20        SO HERE'S MY IDEA:  I WOULD LIKE TO GET PLEADING
21  MOTIONS ARGUED BY SEPTEMBER 26TH.  SO HERE'S MY SUGGESTED
22  CALENDAR FOR THAT:  THAT THEY GET FILED BY AUGUST 15TH, THE
23  OPPOSITION SEPTEMBER 5TH, THE REPLY SEPTEMBER 12TH, AND THEN
24  WE'LL HAVE A HEARING ON SEPTEMBER 26TH.
25        MS. MALTZER:  YOUR HONOR, DO YOU HAVE ANY FLEXIBILITY
```

```
 1   WITH RESPECT TO THOSE DATES?  WE HAVE AN ORAL ARGUMENT BEFORE

 2   THE NINTH CIRCUIT ON SEPTEMBER 14TH IN THIS MATTER AS WELL.

 3           THE COURT:  THAT WILL INTERFERE WITH BOTH OF YOUR

 4   PREPARATIONS.

 5           MR. JONNA:  WE WOULD APPRECIATE A LITTLE BIT MORE

 6   TIME AS WELL, SO...

 7           MS. MALTZER:  I'M BEING INFORMED BY MY PARTNER -- THE

 8   PARTNER THAT HE'S PERFECTLY CAPABLE OF DOING THIS.  I BEG YOUR

 9   PARDON.

10           THE COURT:  SO --

11           MR. JONNA:  YOUR HONOR, WE -- THE DEFENDANTS -- THE

12   DEFENDANTS WILL HAVE -- THAT'S GOING TO RUN INTO THE REPLY --

13   DIRECTLY INTO THE REPLY PERIOD.  ARE YOU TELLING ME THAT'S

14   GOING TO BE A PROBLEM?

15           MR. JONNA:  I THINK IT WILL, YOUR HONOR.

16           THE COURT:  OKAY.  THE REASON I WANT WANTED TO DO IT

17   THEN IS BECAUSE -- AND I'M GOING TO HAVE A -- WHAT IF WE PUSH

18   THE HEARING BACK A WEEK?  AND THE ONLY REASON I'M BEING

19   PARSIMONIOUS ON THAT IS THEN I'M GOING TO BE GONE FOR A FEW

20   WEEKS, AND I'D REALLY LIKE TO GET THIS GOING.  SO IF WE DID

21   OCTOBER 3RD -- LET'S SEE, FILE BY THE 15TH, THEN I GIVE YOU --

22   I'LL GIVE YOU TWO WEEKS FOR THE REPLY TO THE 19TH,

23   SEPTEMBER 19TH.  PLAINTIFFS ARE FINE WITH THIS, I KNOW, BECAUSE

24   MR. FORAN SAID "GREAT."

25           MS. MALTZER:  MR. FORAN CAN DO ANYTHING.  SO LET'S DO
```

1   THAT, OKAY?

2          **MR. JONNA:**  OKAY.  THAT -- IF THE COURT -- IF THAT'S

3   THE COURT'S PREFERENCE.  I MEAN, WE WOULD OBVIOUSLY PREFER AS

4   MUCH TIME AS POSSIBLE.

5          **THE COURT:**  I UNDERSTAND, BUT THERE IS A -- IT LOOKS

6   LIKE QUITE A DEEP BENCH THAT YOU HAVE, AND TWO WEEKS FOR A

7   REPLY IS TWICE THE AMOUNT OF TIME THAT YOU WOULD NORMALLY HAVE.

8   SO I THINK WE'LL LEAVE IT THERE.  SO FILE WHATEVER MOTIONS, OR

9   AN ANSWER IF YOU DECIDED TO DO THAT, BUT BY AUGUST 15TH,

10  OPPOSITION SEPTEMBER 15TH, REPLY BY SEPTEMBER 19TH, AND WE'LL

11  HAVE A HEARING ON OCTOBER 3RD.

12         **MS. MALTZER:**  YOUR HONOR, IS IT MY UNDERSTANDING THAT

13  YOU DO NOT WANT TO HEAR A SUMMARY JUDGMENT MOTION FROM US UNTIL

14  AFTER IT'S BEEN --

15         **THE COURT:**  EXACTLY.  I THINK THE PLEADINGS NEED TO

16  GET SET.  WE NEED TO KNOW WHAT THE -- WHAT THE AFFIRMATIVE

17  DEFENSES ARE GOING TO BE, AND THERE'S THEN GOT TO BE SOME

18  ANALYSIS OF WHETHER THERE IS DISCOVERY THAT'S GOING TO BE

19  REQUIRED BEFORE THE MOTION GETS HEARD ANYWAY, AND THE DEFENSE

20  HAS ALREADY INDICATED THAT THEY THINK THAT THERE ARE THINGS

21  THAT THEY NEED TO DO BEFORE RESPONDING ON THE MERITS.  SO,

22  WE'LL HAVE TO DEAL WITH THAT.  SO THAT'S -- STEP ONE IS THIS

23  PLEADING.

24         **MS. MALTZER:**  OKAY.

25         **THE COURT:**  STEP TWO IS THE DISCOVERY, AND WHAT I'D

1    LIKE THE DEFENDANTS TO DO IS IDENTIFY WHAT THE PROPORTIONATE

2    AND NECESSARY DISCOVERY IS THAT THEY WANT THAT IS IN ADDITION

3    TO WHAT'S ALREADY BEFORE -- IN THE PLANNED PARENTHOOD CASE --

4    AND I'D LIKE YOU TO LAY THAT OUT IN WRITTEN FORM, LIKE A LETTER

5    TO THE PLAINTIFFS BY AUGUST 1ST.  I WANT PLAINTIFFS TO RESPOND

6    BY AUGUST 15TH TO THAT, AGAIN AND IN LETTER FORM.  THIS

7    ISN'T --

8           **MS. MALTZER:**  IS THIS YOUR FIVE-PAGE LETTER FORMAT,

9    YOUR HONOR?

10          **THE COURT:**  NO, THIS IS TO THE DEFENDANTS AT THE

11   MOMENT.  AND I'D LIKE YOU THEN TO SIT DOWN WITH EACH OTHER AND

12   MEET AND CONFER BY AUGUST 29TH.  AND THEN I'D LIKE TO SEE, IF

13   YOU'RE UNABLE TO AGREE ON WHAT THE DISCOVERY IS THAT IS

14   APPROPRIATE IN THIS CASE IN ADDITION TO WHAT'S ALREADY BEING

15   DONE IN THE PLANNED PARENTHOOD CASE, SEND ME A JOINT LETTER BY

16   SEPTEMBER 12TH.  THEN I'LL DECIDE WHETHER I NEED TO REFER THIS

17   ALL TO JUDGE RYU OR WHETHER I'M GOING TO DO IT MYSELF.

18          **MR. JONNA:**  OKAY.

19          **THE COURT:**  AND THEN WE'LL HAVE A -- WE'LL DO THE

20   CMC, I THINK, IN THIS CASE ALSO ON DECEMBER 11TH.  I WOULD LIKE

21   NOTHING BETTER THAN TO COORDINATE THESE CASES IN A WAY RIGHT UP

22   TO AND INCLUDING -- WELL, NOT INCLUDING THE TRIAL, BUT HAVING

23   THEM JUST IN LOCKSTEP.  I DON'T KNOW WHETHER THAT'S GOING TO BE

24   POSSIBLE OR NOT.  WE'LL JUST HAVE TO SEE HOW THINGS DEVELOP.

25   OKAY.

1              **MR. JONNA:**  OKAY.

2              **MS. MALTZER:**  OKAY.  SO JUST -- I HAD HOPES OF A

3      SUMMARY JUDGMENT MOTION SOONER THAN THAT.  SO JUST TO MAKE SURE

4      THAT I UNDERSTAND WHAT YOUR HONOR IS DIRECTING, WE'RE NOT GOING

5      TO BE HAVING SUMMARY JUDGMENT UNTIL FALL?

6              **THE COURT:**  WELL, I THINK IT WILL REALLY DEPEND ON

7      WHAT HAPPENS WITH THE PLEADING MOTION, NUMBER ONE.  YOU'LL NEED

8      TO HAVE AN ANSWER ON FILE OR KNOW WHAT THE AFFIRMATIVE DEFENSES

9      ARE BEFORE YOU FILE THE MOTION FOR SUMMARY JUDGMENT, BECAUSE

10     THE -- WHAT I WOULD DO IF I WAS A DEFENDANT AND I HADN'T HAD A

11     CHANCE TO DO DISCOVERY IS SAY, I NEED TO DO DISCOVERY.  AND I'M

12     EXPECTING THAT.  AND IF YOU FILE YOUR MOTION FOR SUMMARY

13     JUDGMENT, YOU WILL LAY OUT WHAT YOUR CASE IS, BUT THE

14     DEFENDANTS WILL SAY, WE'RE GOING TO NEED SIX MONTHS, AND THEN

15     THEY'LL FOCUS SPECIFICALLY ON ALL OF THOSE MATERIAL FACTS.

16              YOU'LL BE IN A BETTER PLACE, AND SO WILL THE

17     DEFENDANTS IF THIS DEVELOPS IN A NORMAL ORDER.  SO I WOULD

18     WAIT.  THE SHORT ANSWER IS I WOULD WAIT.

19              **MS. MALTZER:**  THANK YOU.  AND WE DO APPRECIATE THAT

20     THE DEFENDANTS WILL BE ASKED TO LIST OUT THE DISCOVERY THAT

21     THEY'RE LOOKING FOR.  WE HAVE NO -- WE JUST -- WE HAVE NO

22     CLARITY ON THAT (INDISCERNIBLE).

23              **THE COURT:**  RIGHT.  THAT'S THE PURPOSE OF MY LAYING

24     THIS OUT.

25              **MS. MALTZER:**  THANK YOU.

1          **THE COURT:**  OKAY.

2          **MS. MALTZER:**  AND THOUGHTS ON A STAY OF THE

3   NON-BREACH OF CONTRACT CLAIMS THAT WE CAN REALLY FOCUS ON

4   GETTING THE BREACH OF CONTRACT RESOLVED.  IF WE DO END UP

5   MOVING FOR SUMMARY JUDGMENT AND WE WIN IT, WE'LL DISMISS THE

6   OTHER CLAIMS WITH PREJUDICE.

7          **THE COURT:**  WELL, YOU CAN DISMISS ANY CLAIMS YOU WANT

8   TO AT ANY TIME.  THAT'S ENTIRELY UP TO YOU.  IT'S PREMATURE FOR

9   ME TO PUT A STAY ON ANYTHING.  THE DEFENDANTS HAVE THE RIGHT TO

10  TRY TO KNOCK CLAIMS OUT.  YOU'VE PROPOSED ONE WAY TO EXPEDITE

11  THE CASE.  I THINK THEY ARE GOING TO BE HOPING TO PRESENT A

12  CASE THAT IS SOMEWHAT DIFFERENT, AND THEY'RE ENTITLED TO TAKE

13  THAT SHOT TOO.  SO I THINK THAT'S WHERE WE ARE ON THAT.

14         **MS. MALTZER:**  THANK YOU.

15         **THE COURT:**  OKAY.  IS THERE ANYTHING ELSE THAT WE

16  OUGHT TO DO TODAY ON EITHER OF THESE CASES?  YEAH.  I'M HAPPY

17  TO HEAR FROM EVERYBODY.

18         **MR. MILLEN:**  THANK YOU, YOUR HONOR.  MICHAEL MILLEN.

19         THIS IS CALLING BACK TO PLANNED PARENTHOOD.  I WAS

20  THINKING ABOUT YOUR -- THAT THIS CONCEPT OF FINISHING WRITTEN

21  DISCOVERY BY THE END OF THIS YEAR, AND THE WAY THINGS LOOK FROM

22  DOWN HERE IS VERY DIFFERENT PROBABLY THAN HOW IT FEELS FROM UP

23  THERE.  AND AS KIND OF A BOOTS-ON-THE-GROUND PERSON THAT'S

24  ACTUALLY LITIGATING THIS, THE TIMETABLE KIND OF LOOKS LIKE

25  THIS:  WE SEND OUT A REQUEST FOR DISCOVERY.  THEY, BEING VERY

1    BUSY, NATURALLY REQUEST A CONTINUANCE, WHICH BOTH SIDES HAVE

2    BEEN VERY GRACIOUS IN GRANTING.  I DON'T THINK ANYBODY'S PUSHED

3    OUT OF SHAPE ABOUT THIS.  IT'S AN OPPRESSIVE BUSINESS.

4          THEN SOME INFORMAL MEET AND CONFERS HAPPEN, BECAUSE

5    YOU CAN'T HAVE A FORMAL MEET AND CONFER, BECAUSE JUDGE RYU SAYS

6    A FORMAL MEET AND CONFER TRIGGERS WHEN THE BRIEF IS DUE.  SO

7    YOU HAVE TO HAVE THESE INFORMAL MEET AND CONFERS; WELL, OKAY,

8    WE'LL TALK AGAIN NEXT WEEK, BUT THAT'S WHERE WE ARE KIND OF AT.

9    SO, FINALLY, OKAY, THIS IS THE MEET AND CONFER; I'M SORRY,

10   COUNSEL.  THEN WE HAVE A WEEK OR WHATEVER IT IS TO ACTUALLY GET

11   THIS JOINT DEAL TOGETHER.

12         THEN JUDGE RYU GETS IT, AND SHE IS BUSY, BUT YOU

13   PROBABLY KNEW THAT.  AND SO AS AN EXAMPLE, WHAT WE HAVE COMING

14   UP IN SHORTLY FOR HEARING, DAY AFTER TOMORROW, I THINK, I

15   BELIEVE THAT WAS SUBMITTED ON MAY 1ST.  SO, IN OTHER WORDS,

16   THERE'S A 2-1/2 MONTH LAG FOR JUDGE RYU TO REVIEW IT.

17         AND THEN BEING, AT LEAST MY EXPERIENCE WITH HER, A

18   THOUGHTFUL JURIST, SOMETIMES SHE SAYS, I NEED MORE TIME TO

19   THINK ABOUT IT, CAN SOMEBODY BRIEF THIS ISSUE, I DON'T THINK

20   YOU DID TOO WELL ON IT.

21         BOTTOM LINE 4-1/2 MONTHS, IT WOULD BE A MIRACLE, IF

22   WE SENT OUT DISCOVERY TODAY, IF THERE'S ANY DISPUTE, FOR JUDGE

23   RYU TO ISSUE ANY DECISION BEFORE THE END OF THE YEAR, GIVEN THE

24   TIMETABLE THAT I'VE EXPERIENCED WITH THIS COURT.

25         SO I GUESS ALL I'M ASKING IS ON DECEMBER 11TH WHEN WE

1    COME BACK, MY INTENTION WOULD BE TO HAVE A LIST OF REASONS WHY

2    THIS DOESN'T SEEM VERY DUE PROCESS-Y TO ME.  I GUESS I JUST

3    WANTED TO PUT THAT OUT FOR THE COURT.  I MEAN, I DO HAVE ONE OF

4    THE SOMEWHAT MINOR DEFENDANTS COMPARED TO SOME OF THE OTHER

5    FOLKS THAT ARE MORE INVOLVED IN THIS, AND I GET THAT.  BUT IT

6    REALLY IS DIFFICULT BECAUSE OF THIS LONG PROCESS.  AND I GET

7    IT, DUE PROCESS TAKES TIME, I GET THAT, BUT --

8            **THE COURT:**  SO MR. MILLEN, I APPRECIATE YOUR CONCERN,

9    AND I DO -- AS OPPOSED TO THE FIRST PEOPLE WHO CAME IN HERE WHO

10   JUST BLEW BY DEADLINES WITHOUT PAYING ANY ATTENTION TO THEM, I

11   EXPECT THAT WHEN THE SCHEDULES THAT I'VE LAID OUT ARE NOT

12   WORKING IN SOME WAY, THAT I'LL GET A LIST OF REASONS WHY IT

13   DOESN'T -- IT'S NOT WORKING.

14           I EXPECT THAT IT'S GOING TO WORK.  THAT'S MY -- I

15   THINK I'VE GIVEN -- I GAVE A LOT MORE TIME, FOR EXAMPLE, THAN

16   MS. BOMSE THINKS IS NECESSARY.  I AM HOPEFUL THAT EVERYTHING IS

17   GOING TO BE WORKED OUT BY THEN.  IF IT'S NOT, WE'LL JUST HAVE

18   TO LOOK AT THE SCHEDULE AND SEE HOW IT CAN BE REJIGGERED, BUT I

19   APPRECIATE YOUR FORESHADOWING WHERE YOU THINK YOU'RE GOING TO

20   BE.

21           **MR. MILLEN:**  AND I'VE HEARD OF JUDICIAL ACTIVISM, BUT

22   TODAY I'M HEARING JUDICIAL OPTIMISM, WHICH IS -- WE'LL DO OUR

23   BEST, YOUR HONOR, BUT I REALLY THINK THAT'S AWFULLY OPTIMISTIC,

24   BUT WE'LL SEE.

25           **THE COURT:**  OKAY.  I AM AN OPTIMISTIC PERSON, SO I'M

1    HOPEFUL THAT YOU ALL WILL WORK WELL TOGETHER AND GET THIS --

2    GET THE DISCOVERY ISSUES RESOLVED, BECAUSE, IN MY MIND,

3    DISCOVERY IS A COLLABORATIVE ENTERPRISE.  IT'S NOT -- IT

4    SHOULDN'T BE HAMMER AND TONGS ON THINGS.  I IMAGINE THAT

5    THERE'S BEEN MORE HAMMER AND TONGING THAN IN SOME OTHER CASES,

6    BUT I'M HOPEFUL THAT EVERYBODY IS WORKING IN GOOD FAITH TO

7    DELIVER THE DOCUMENTS THAT NEED TO BE DELIVERED.

8              **MR. MILLEN:**  THANK YOU.

9              **THE COURT:**  MS. SHORT?

10             **MS. SHORT:**  THANK YOU, YOUR HONOR.  I JUST WANTED TO

11   ADDRESS -- UPDATE THE COURT ON ONE ISSUE THAT WE RAISED IN THE

12   CMC, WHICH WE RAISED IT ABOUT TRYING TO GET A REASONABLE

13   COLLABORATIVE APPROACH TO THE USE OF DOE IDENTIFIERS IN THAT WE

14   KNOW DOZENS OF THESE PEOPLE AND THEIR NAMES.  THEY'RE PUBLIC.

15   AND WE HAVE ASKED PLAINTIFFS TO DESIST FROM USING THOSE IN

16   DOCUMENTS BECAUSE THEY ARE MAKING MULTIPLE MISTAKES USING THEM,

17   AND THAT SLOWS DOWN THE PROCESS.  IT'S CONFUSING.

18             I MEAN, WE CAN SPOT MISTAKES.  SO WE SPOT FOR THE

19   SAME PERSONS BEING -- YOU KNOW, THE SAME NUMBERS BEING ASSIGNED

20   TO DIFFERENT PEOPLE.  HOW MANY ARE WE NOT SPOTTING?

21             AND SO I HAVE -- AND, UNFORTUNATELY, PLAINTIFFS DID

22   REPORT BACK.  I SAID AT THE TIME OF THE CMC THAT WE HAVE NOT

23   HEARD FROM THEM YET.  WE HAVE HEARD FROM THEM, AND THEY ARE

24   STANDING ON YOUR ORDER THAT, BASICALLY, THE BARE MINIMUM, OR,

25   YOU KNOW, BASICALLY, THEY WILL DO NOTHING OTHER THAN WHAT THIS

1   COURT SPECIFICALLY ORDERS, WHICH WAS CERTAIN PEOPLE -- CERTAIN

2   PEOPLE'S NAMES BE USED AND OTHERS GET DOE IDENTIFIERS.

3         AND IT'S -- I GUESS I WOULD ASK THIS COURT IF YOU'RE

4   WILLING TO SUGGEST TO THE PLAINTIFFS THAT TO BE A LITTLE MORE

5   REASONABLE ABOUT THAT, AGAIN, WHEN THERE ARE NAMES THAT ARE

6   KNOWN TO US, THAT ARE KNOWN TO THE WORLD, TO KEEP USING DOE

7   IDENTIFIERS WHEN IT LEADS TO MISTAKES WHICH ARE GOING TO TRIP

8   US UP, YOU KNOW, IT'S JUST POINTLESS.  IT IS NOT SERVING ANY

9   PURPOSE.

10         **THE COURT:**  ALL RIGHT.  MS. BOMSE?

11         **MS. BOMSE:**  OKAY.  SO, FIRST OF ALL, I ACTUALLY THINK

12   THAT OUR FOLKS HAVE BEEN EXTRAORDINARILY CAREFUL IN ASSIGNING

13   DOE IDENTIFIERS.  DEFENDANTS HAVE IDENTIFIED MAYBE THREE

14   MISTAKES, FOUR MISTAKES, NOT MANY.  THIS IS A VERY COMPLICATED

15   PROCESS AND OUR FOLKS ARE ASSIDUOUS.

16         THERE IS A HUGE DIFFERENCE IN OUR MINDS BETWEEN THOSE

17   INDIVIDUALS WHO WORK FOR PLANNED PARENTHOOD WHO ARE KNOWN TO

18   THE DEFENDANTS AND WHO ARE KNOWN TO THE WORLD.  THIS COURT

19   IDENTIFIED THAT AND CRAFTED THE ORDER SPECIFICALLY TO SAY THOSE

20   PEOPLE WHO WORK FOR PLANNED PARENTHOOD WHO ARE KNOWN TO THE

21   WORLD, SO JUST SPOKESPEOPLE AND EXECUTIVE STAFF, SHOULD NOT

22   BE -- USE A DOE, AND WE'VE ABIDED BY THAT.  THAT'S AN

23   APPROPRIATE MECHANISM, BALANCING.

24         AND ONE ISSUE THAT ARISES WITH THIS PROPOSAL THAT THE

25   DEFENDANTS ARE MAKING NOW, MULTIPLE YEARS INTO IT, IS THAT WE

1    WOULD -- A LOT OF THE PEOPLE THAT THEY ARE ASKING US NOT USE

2    DOES FOR ARE -- ALREADY HAVE A DOE ASSIGNED TO THEM IN THE

3    DOCUMENTS THAT WE'VE PRODUCED.  SO WHAT WE WOULD HAVE TO DO, IF

4    THE PROTECTIVE ORDER WAS MODIFIED RETROACTIVELY, IS GO BACK AND

5    FIX THOSE, WHICH WOULD BE BURDENSOME.

6         AND, MOREOVER, I'VE CONSULTED WITH ALL OF MY CLIENTS

7    ABOUT THIS LIST, AND THEY THOUGHT ABOUT IT FURTHER.  I CAN

8    ASSURE THE COURT WE ARE BEING REASONABLE.  WE ARE NOT IMPOSING

9    DIFFICULTY JUST FOR DIFFICULTY'S SAKE.  AND THE INDIVIDUALS ON

10   THOSE LISTS -- WE HAVE REMOVED DOES FOR PEOPLE LIKE

11   MS. FARRELL, WHO WAS IDENTIFIED IN THE DEFENDANTS' VIDEOS,

12   8ECAUSE, IN OUR JUDGMENT, SHE UNWITTINGLY AND INVOLUNTARILY HAS

13   BECOME A PUBLIC PERSON.

14        BUT AS A GENERAL MATTER, MY CLIENTS HAVE REVIEWED THE

15   LIST THAT DEFENDANTS SENT US, AND THEIR VIEW IS MOST OF THE

16   PEOPLE ON THOSE LISTS WHO STILL HAVE DOES, IT'S APPROPRIATE.

17        **THE COURT:**  ALL RIGHT.

18        **MS. BOMSE:**  SO WE'D ASK THE COURT TO MAKE NO CHANGE.

19        **THE COURT:**  ALL RIGHT.  AND SO THIS -- I CAN'T

20   REMEMBER HOW LONG AGO IT WAS I ISSUED THAT ORDER, SO I'M GOING

21   TO HAVE TO GO BACK AND TAKE A LOOK AT IT.

22        IS THE PROCESS -- SO THE PROCESS RIGHT NOW IS THAT

23   IT'S ATTORNEYS' EYES ONLY, BASICALLY, FOR WHO THE DOES ARE, OR

24   ARE THE DOES JUST DOES, OR WHAT'S THE --

25        **MS. SHORT:**  YOUR HONOR, THESE DOCUMENTS ARE BEING

1    PRODUCED IN THE COURSE OF -- PLAINTIFFS HAVE VERY GENEROUSLY

2    USED THE PROTECTIVE ORDER'S CONFIDENTIALITY AND AEO PROVISIONS

3    SUCH THAT NO DOCUMENTS COMING OUT FROM PLANNED PARENTHOOD ARE

4    DESIGNATED ANYTHING BUT CONFIDENTIAL OR AEO.  THERE ARE NO

5    NON-PUBLIC DOCUMENTS THAT THEY'RE WILLING TO DESIGNATE ANYTHING

6    LESS THAN CONFIDENTIAL.

7              **THE COURT:**  OKAY.  WITH RESPECT TO THE DOES?  OR

8    THE --

9              **MS. SHORT:**  NO, JUST THE ENTIRE DOCUMENTS.

10             **THE COURT:**  NO, NO.  I UNDERSTAND THAT.

11        SO -- BUT WITH RESPECT TO THE DOES, DO YOU KNOW

12   THE -- DO YOU HAVE THE UNDERLYING IDENTITY OF THOSE PEOPLE, THE

13   ATTORNEYS?

14             **MS. SHORT:**  BECAUSE WE HAVE FIGURED IT OUT BECAUSE

15   THESE ARE PUBLIC PEOPLE.

16             **THE COURT:**  RIGHT.  THERE'S NO OTHER LIST THAT'S

17   BEEN --

18             **MS. SHORT:**  NO.  AND I WOULD ADD, YOUR HONOR, IN

19   TERMS OF THE BURDEN OF GOING BACK AND DOING THIS, PLAINTIFFS

20   HAVE ALREADY BEEN ORDERED BY JUDGE RYU TO GO BACK AND REPRODUCE

21   DOCUMENTS, BECAUSE THEY TOOK YOUR ORDER AND THEN WENT FURTHER,

22   AND THEY DECIDED WE ARE -- WELL, WE'RE ONLY GOING TO ASSIGN DOE

23   IDENTIFIERS TO CERTAIN PEOPLE, AND THE REST OF THE NAMES WE

24   WILL SIMPLY REDACT.  SO WE HAVE THOUSANDS AND THOUSANDS OF

25   PAGES OF NAMES REDACTED WITHOUT A DOE IDENTIFIER.

1          AND SO JUDGE RYU JUST LAST MONTH ORDERED THE

2     PLAINTIFFS TO GO BACK AND FILL IN DOE IDENTIFIERS FOR THOSE

3     PEOPLE.  SO THEY'RE GOING TO HAVE -- THEY'RE IN THE PROCESS OF

4     REVIEWING ALL THESE DOCUMENTS ANYWAY.  SO REMOVING NEEDLESS DOE

5     IDENTIFIERS OVER NAMES WOULD BE -- COULD BE PART OF THAT

6     PROCESS.

7          AND IN TERMS OF THE ASSIDUOUSNESS, I MEAN, I CAN ONLY

8     THINK OF A FEW EXAMPLES -- I MEAN THERE'S SOME EXAMPLES WHERE

9     YOU'VE GOT DOE 1003 WHOSE IDENTITY IS VERY PUBLIC -- DO YOU

10    MIND IF I SAY IT?  I MEAN, IT THAT GOING TO BE A BIG PROBLEM?

11         **THE COURT:**  IF THE PERSON HAS BEEN IDENTIFIED AS A

12    DOE, DON'T SAY WHO IT IS, BUT...

13         **MS. SHORT:**  OKAY.  IT IS SOMEONE WHO IS -- BUT

14    MEANWHILE, YOU HAVE A DOCUMENT WHERE THIS DOCUMENT IS SAYING

15    WE'VE ALSO TALKED TO DOE 1003, MEDICAL DIRECTOR OF THIS CLINIC,

16    AND DOE 1003, MEDICAL DIRECTOR OF THAT CLINIC.  THEY'RE JUST

17    THIS DOE IDENTIFIER, AND SHE'S NOT THE MEDICAL DIRECTOR OF

18    EITHER CLINIC.  SO IT'S JUST A BLATANT MISTAKE RIGHT THERE.  OR

19    YOU HAVE DOCUMENTS WHERE THEY'RE SAYING WE'RE SO THANKFUL FOR

20    "REDACTED" AND "REDACTED" FOR TALKING TO THE MEDIA.

21         I MEAN, WHAT IS THE PURPOSE OF THIS?  I COULD

22    UNDERSTAND INITIALLY THE PURPOSE WAS, WELL, THERE ARE PRIVACY

23    INTERESTS HERE, BUT THEY ARE ABUSING THAT AND USING IT

24    NEEDLESSLY TO THE DETRIMENT OF PLAINTIFFS -- TO DEFENDANTS.  IT

25    MAKES IT SO MUCH MORE WORK FOR US TO HAVE FIGURE OUT WHO'S WHO,

1    WE'RE GOING TO HAVE TO IDENTIFY WITNESSES, LINK TOGETHER

2    PEOPLE, YOU KNOW, AND IT'S JUST POINTLESS.

3              **THE COURT:**  ALL RIGHT.

4              MS. BOMSE, ANYTHING ELSE YOU WANT TO SAY ABOUT THIS?

5              **MS. BOMSE:**  NO, YOUR HONOR.  YOU KNOW, WE DON'T THINK

6    IT'S POINTLESS.  WE THINK IT'S A SECURITY REASON.

7              **THE COURT:**  ALL RIGHT.  SO, I'LL -- THIS IS SOMETHING

8    THAT I HAVEN'T GIVEN ANY THOUGHT SINCE HOWEVER LONG IT WAS AGO

9    THAT I ISSUED THIS, SO I WILL -- I'LL GO BACK AND TAKE A LOOK

10   AT THAT ORDER.  I'LL THINK ABOUT WHAT YOU SAID.

11             AND AT SOME POINT, THE IDENTITIES OF SOME OF THESE

12   WITNESSES IS, OBVIOUSLY, GOING TO NEED TO BE DISCLOSED.  YOU

13   WILL BE IDENTIFYING PEOPLE FROM THE DISCOVERY THAT YOU'RE GOING

14   TO WANT TO TAKE DEPOSITIONS OF, I SUSPECT, AND SO -- SO IT'S A

15   QUESTION -- IN SOME WAYS IT'S A QUESTION OF TIMING.  BUT LET ME

16   THINK ABOUT THE BEST WAY OF DEALING WITH THIS.

17             **MS. BOMSE:**  WELL, IT'S NOT JUST A QUESTION OF TIMING,

18   BECAUSE MANY OF THESE PEOPLE WILL NEVER BE IDENTIFIED.  I MEAN

19   THEY'RE -- YOU KNOW, THE LIST OF 30, I DON'T THINK COUNSEL HAS

20   BEEN REPRESENTING TO YOU THAT LIST OF 30 ADDITIONAL PEOPLE ARE

21   ALL PEOPLE WHO ARE GOING TO BE WITNESSES IN THIS CASE, MANY OF

22   THEM.

23             **THE COURT:**  SOME WILL.

24             **MS. BOMSE:**  SURE.

25             **THE COURT:**  SO.

1          **MS. BOMSE:**  OKAY.  IT ALSO SEEMS TO ME THIS MIGHT BE

2  AN ISSUE THAT YOU COULD -- THAT IS PART OF THE DISCOVERY

3  PROCESS JUDGE RYU MIGHT --

4          **THE COURT:**  IT DOES SEEM TO ME THAT MIGHT BE WHAT I

5  END UP DECIDING TO DO, BUT I WANT TO TAKE A LOOK AT IT FIRST.

6          **MS. BOMSE:**  THANK YOU, YOUR HONOR.

7          **THE COURT:**  MS. SHORT, ANYTHING ELSE.

8          **MS. SHORT:**  WELL, YES, YOUR HONOR, I WOULD LIKE TO

9  BRING UP ONE OTHER ISSUE WHICH HAS SORT OF STUCK IN OUR CRAW,

10  WHICH WAS PLAINTIFF'S CONTENTION IN THE -- IT WAS RELATED TO

11  THIS PRIVACY ISSUE THAT ABOUT THE THREATS, THE ONGOING THREATS

12  BECAUSE OF THE ONGOING LITIGATION, AND WE WILL BE DOING

13  DISCOVERY ON THAT BECAUSE NOW THAT WE HAVE DONE DISCOVERY, WE

14  CAN ASSURE THE COURT THAT THERE ARE WERE VIRTUALLY NO THREATS

15  THAT RESULTED FROM THIS -- THESE VIDEOS.

16          WE NOW HAVE THE DISCOVERY, AND SO I JUST -- I --

17  PLAINTIFFS JUST CASUAL THROWING OUT THAT, OH, EVERY TIME

18  SOMEBODY PUTS OUT A PRESS RELEASE, NOW THESE PEOPLE RECEIVE

19  THREATS, IS PATENTLY ABSURD, BECAUSE WE COULD SEE EVEN WHEN THE

20  VIDEOS FIRST CAME OUT THAT THAT WASN'T HAPPENING.

21          **THE COURT:**  OKAY.  I SUSPECT THAT I WILL SEE MORE

22  ABOUT THIS.

23          **MS. SHORT:**  OKAY.

24          **THE COURT:**  FROM BOTH SIDES IS MY GUESS.

25          **MS. SHORT:**  THANK YOU.

```
 1              THE COURT:  I GUESS THE FINAL THING THAT WAS

 2  MENTIONED IN ONE OF THE STATEMENTS WAS THE PRELIMINARY HEARING.

 3  AND DO YOU KNOW ANYTHING ABOUT TIMING WITH RESPECT TO THAT?

 4              MS. SHORT:  OH, IN THE CRIMINAL MATTER, YOUR HONOR?

 5              THE COURT:  YES.

 6              MS. SHORT:  I WILL REFER TO MR. DALEIDEN'S COUNSEL

 7  FOR THAT.

 8              THE COURT:  IS THAT SOMETHING THAT I NEED TO BE

 9  THINKING ABOUT, I GUESS IS THE QUESTION.

10              MR. HEFFRON:  YOUR HONOR, MATT HEFFRON ON BEHALF OF

11  MR. DALEIDEN.

12              THE PRELIMINARY HEARING IS SCHEDULED FOR -- OKAY.

13              UNIDENTIFIED SPEAKER:  (INDISCERNIBLE.)

14              MR. HEFFRON:  OKAY.  IT'S COMING UP.  HERE'S WHAT THE

15  PROBLEM IS, JUDGE, THAT WHEN THAT TIME COMES SOME OF THE

16  IMPLICATION OF THIS CASE OF YOUR PRELIMINARY INJUNCTION WILL BE

17  IMPACTED.

18              THE COURT:  RIGHT.

19              MR. HEFFRON:  AND SO I DON'T KNOW EXACTLY WHAT YOUR

20  QUESTION IS AT THAT POINT, BUT --

21              THE COURT:  I WAS THINKING ABOUT TIMING, BUT I

22  ALSO -- I DID WANT TO -- THE ISSUE OF MODIFYING THE PRELIMINARY

23  INJUNCTION WAS RAISED, I THOUGHT I WOULD REPEAT WHAT I HAD SAID

24  BEFORE, WHICH I THINK SHOULD WORK -- BUT IF THERE'S A PROBLEM

25  WE OUGHT TO DEAL WITH IT -- AND THAT IS JUDGE HITE WILL MAKE
```

1    DETERMINATIONS OF WHAT IS REQUIRED WITH RESPECT TO

2    MR. DALEIDEN'S DUE PROCESS RIGHTS IN THAT CRIMINAL MATTER, AND

3    IF HE DECIDES THAT THERE ARE -- THAT MY ORDER NEEDS TO BE

4    MODIFIED FOR PURPOSES OF THAT CASE IN SOME WAY, HE'LL BE ABLE

5    TO DO THAT.

6          THAT'S -- BECAUSE THOSE -- I'M NOT GOING TO DO IT

7    PROPHYLACTICALLY, BUT JUDGE HITE IS GOING TO, I'M SURE, ENSURE

8    THAT MR. DALEIDEN'S DUE PROCESS RIGHTS ARE PROTECTED.

9          **MR. HEFFRON:**  AND YOU'RE TALKING ABOUT SEPARATE

10   SOVEREIGNS, THAT YOU'RE NOT -- YOU ARE NOT IN ANY WAY

11   INTERFERING WITH JUDGE HITE'S RULINGS ON --

12         **THE COURT:**  RIGHT.

13         **MR. HEFFRON:**  -- IN HIS CASE.

14         THERE WAS, JUDGE, EARLIER IN THIS CASE, I KNOW, A

15   STATEMENT THAT WE SHOULD COME TO THIS COURT IF WE THINK THERE

16   IS A DIFFICULTY THAT NEEDS TO BE RESOLVED WITH THAT -- WITH THE

17   STATE CASE.  AND I TAKE IT FROM YOUR ORDERS RIGHT NOW, THAT WE

18   DO NOT NEED TO DO THAT.  WE'LL REFER TO JUDGE HITE AND LET HIM

19   MAKE THAT DECISION.

20         **THE COURT:**  YES.  DON'T INDEPENDENTLY MAKE THAT

21   DECISION WITHOUT JUDGE HITE MAKING THE DECISION.

22         **MR. HEFFRON:**  JUDGE, I WILL NOT DO THAT.

23         **THE COURT:**  THAT MIGHT HAVE HAPPENED BEFORE.

24         **MR. HEFFRON:**  (INDISCERNIBLE.)

25         **THE COURT:**  BUT JUDGE -- I WILL RESPECT WHATEVER

1    JUDGE HITE DOES.  THEY ARE SEPARATE CASES AND THERE'S -- SO I

2    HOPE I'VE BEEN CLEAR ABOUT THAT.

3            **MR. HEFFRON:**  JUDGE, IF NOT, WE CERTAINLY HAVE IT

4    CLARIFIED RIGHT HERE.

5            CAN I HAVE ONE MOMENT, JUDGE?

6            **THE COURT:**  YEAH.  YOU KNOW WHERE TO FIND ME IF THERE

7    IS ANY DOUBT.

8            MS. BOMSE, DO YOU HAVE ANY --

9            **MS. BOMSE:**  YOUR HONOR, IF I COULD HAVE ONE MOMENT TO

10   DISCUSS SOMETHING WITH DEFENSE COUNSEL TO FIGURE OUT IF I HAVE

11   AN ISSUE TO RAISE WITH YOU?

12           **THE COURT:**  OKAY.

13           MS. SHORT, DO YOU HAVE --

14           **MS. SHORT:**  REAL QUICK.

15           **THE COURT:**  YEAH.

16           **MS. SHORT:**  WOULD YOUR HONOR LIKE A JOINT BRIEF ON

17   THE ISSUE OF THE DOE -- OVERUSE OF THE DOE IDENTIFIERS?  WOULD

18   YOU CARE FOR THAT?  I'D BE HAPPY TO PROVIDE --

19           **THE COURT:**  NO.  YOU KNOW, I'M GOING TO LOOK AT IT.

20   I'M THINKING THAT IT MIGHT BE -- BECAUSE JUDGE RYU'S BEEN

21   SEEING ALL OF THIS DISCOVERY, THAT IF -- IF I HAVE PROBLEM, OR

22   A QUESTION, OR A CONCERN, THAT SHE MIGHT BE THE RIGHT PERSON,

23   BUT I JUST NEED TO THINK ABOUT IT.  AND IF I DO NEED A BRIEF,

24   I'LL ASK YOU TO DO THAT.

25           **MS. SHORT:**  THANK YOU VERY MUCH.

1          **MR. MILLEN:**  JUST TO LET YOU KNOW, JUDGE, IF YOU DID

2    COME OUT THAT WAY, YOU WOULD DEFINITELY NEED TO PUT THAT IN

3    WRITING, BECAUSE JUDGE RYU SAID:  THIS IS WHAT JUDGE ORRICK

4    DID, THIS IS NOT TOUCHABLE.  SO DEFINITELY SHE WOULD NEED SEE

5    THAT, BECAUSE SHE TALKED ABOUT THAT IN THE HEARING.

6          **THE COURT:**  OKAY.

7          **MR. MILLEN:**  THIS IS NOT UP FOR DISCUSSION BECAUSE

8    JUDGE ORRICK SAID IT, WROTE IT.

9          **THE COURT:**  THANK YOU, MR. MILLEN.

10         **MS. BOMSE:**  OKAY, YOUR HONOR.  IT'S THE LAST

11   HOUSEKEEPING ISSUE, AND WE ADDRESSED THIS IN OUR CMC STATEMENT.

12         IN THE NAF CASE, AS THE COURT KNOWS, MATERIALS WERE

13   FILED UNDER SEAL, PARTICULARLY THE PRELIMINARY -- THE MOTION

14   FOR PRELIMINARY INJUNCTION AND THE OPPOSITION.

15         WE HAD ASKED COUNSEL FOR NAF -- WELL, WE ASKED NAF'S

16   COUNSEL FIRST, WHO DID NOT OPPOSE, AND THEN WE ASKED DEFENSE IN

17   THE NAF CASE, WHETHER THEY WOULD OPPOSE -- OR WHETHER THEY

18   WOULD STIPULATE TO ALLOWING COUNSEL FOR PLANNED PARENTHOOD TO

19   HAVE ACCESS TO THOSE SEALED MATERIALS.  FOR MATTERS OF

20   EFFICIENCY, THERE WAS A LOT SAID THAT'S RELEVANT TO THIS CASE.

21   AND THE COURT'S SEEN THOSE UNSEALED MATERIALS.  DEFENSE COUNSEL

22   HAVE SEEN THEM.  WE'RE THE ONLY ONES WHO HAVEN'T SEEN THEM.

23         THE STICKING POINT WAS AT THE TIME COUNSEL FOR THE

24   DEFENDANTS IN NAF WERE RELUCTANT TO ALLOW IN-HOUSE COUNSEL AT

25   PLANNED PARENTHOOD, FEDERATION OF AMERICA, AND MS. PARKER TO

```
 1    SEE THOSE.  HOWEVER, SINCE THAT TIME, THIS -- THE ISSUE OF
 2    WHETHER IN-HOUSE COUNSEL, WHO ARE ALSO COUNSEL OF RECORD,
 3    ADMITTED PRO HAC VICE IN THIS COURT, ARE ALLOWED TO LOOK AT THE
 4    VIDEOS, WHICH IS SOMETHING THE DEFENDANTS OPPOSED, HAS BEEN
 5    RULED ON BY JUDGE RYU.  AND JUDGE RYU SAID, YES, THOSE COUNSEL
 6    WHO ARE COUNSEL OF RECORD HAVE A REASONABLE -- IT'S REASONABLY
 7    NECESSARY FOR THEM TO REVIEW THOSE MATERIALS.
 8              AT THAT POINT IT WAS MY VIEW THAT WE WOULDN'T HAVE AN
 9    ISSUE ANYMORE, AND WE COULD GET A STIPULATION.  BUT I HAVE BEEN
10    WORKING ON THIS FOR SEVERAL WEEKS.  I CAN'T SEEM TO GET AN
11    ISSUE FROM THE NEW COUNSEL FOR MR. DALEIDEN, ALTHOUGH I BELIEVE
12    THEY WERE ALSO COUNSEL IN THE NAF CASE.  NONETHELESS, WHAT I'VE
13    BEEN TOLD MULTIPLE TIMES IS THEY STILL NEED TO TAKE A LOOK AT
14    ALL THE SEALED MATERIALS.
15              SO I WAS HOPING NOT TO BRING THIS UP, BUT IT FEELS
16    LIKE IT'S MY ONE OPPORTUNITY TO SEE THE COURT UNTIL DECEMBER,
17    AND WE'D LIKE TO GET SOME REALLY SIMPLE RELIEF ON THIS ISSUE.
18              **UNIDENTIFIED SPEAKER:**  JUDGE, I JUST TOLD MS. BOMSE
19    BEFORE WE STEPPED UP HERE IT PROBABLY WOULD BE GOOD IF WE DID
20    STEP OUT AND TALK ABOUT IT OR DO SOME SORT OF MEET AND CONFER
21    BECAUSE THIS IS BEING HANDLED BY MY PARTNER, PETER BREEN, WHO
22    IS NOT HERE TODAY, AND WE'RE KIND OF GOING DIFFERENT
23    DIRECTIONS.
24              I DON'T KNOW EXACTLY WHAT HIS CONCERNS WERE, BUT I DO
25    KNOW THAT HE WANTED TO AT LEAST REVIEW THE DOCUMENTS BEFORE
```

1    THEY GO OUT THE DOOR, AND THAT'S -- IF THAT'S THE ISSUE, THEN I

2    CAN ASSURE THE COURT THAT WE WILL WORK AS QUICKLY AS WE CAN TO

3    GET THAT DONE.  PARTICULARLY IN LIGHT OF THE FACT THAT THE

4    JUDGE -- THAT YOU, YOURSELF, HAVE SET CERTAIN DEADLINES HERE,

5    WE WILL TRY TO EXPEDITE THAT.  AND I REALLY DON'T HAVE ANY

6    OTHER RESPONSE TO THAT.  I JUST DON'T KNOW.

7              **THE COURT:**  OKAY.  ALL RIGHT.  I WON'T --

8              **MR. BREEN:**  YOUR HONOR?

9              **THE COURT:**  -- PUT YOU TO ANSWER -- YES, WHO'S ON THE

10   PHONE?

11             **MR. BREEN:**  YES.  THIS IS PETER BREEN --

12             **THE COURT:**  OH.

13             **MR. BREEN:**  -- YOUR HONOR.

14             **THE COURT:**  THE VERY SAME MR. BREEN.

15             **MR. BREEN:**  RIGHT.  I'M SORRY.  I HEARD MY NAME

16   INVOKED IN VAIN.

17             YES, AND, YOUR HONOR, WE'RE JUST ANALYZING THE TEXT

18   OF THE STIPULATION AT THIS POINT IN LIGHT OF DOCKET 105 IN THAT

19   CASE.  SO I DON'T SEE A PROBLEM WITH THIS.  IT'S MORE THAT THE

20   STIPULATION WAS EVERY FILING THAT EVER WOULD BE FILED UNDER

21   SEAL, AS WE UNDERSTOOD IT, AND WE DIDN'T KNOW IF THAT WOULD

22   FOREVER AND ALL TIME BE SOMETHING WE SHOULD STIPULATE TO, OR AT

23   LEAST CERTAINLY AT ALL FILINGS UNTIL -- YOU KNOW, UNLESS

24   CERTAIN CLAIMS GET DISMISSED OR WHAT HAVE YOU.  JUST BASED ON

25   WE FEEL THOSE FILINGS ARE DERIVATIVE OF SOME OF THE THINGS THAT

1    HAVE ALREADY BEEN STIPULATED TO AND ORDERED BY COURT DOCKET

2    FILE FIVE, BUT WE DON'T HAVE A PROBLEM WITH THAT.  WE JUST

3    WANTED TO CRAFT THE LANGUAGE.

4            **THE COURT:**  ALL RIGHT.  SO -- SO WOULD YOU BOTH

5    SUBMIT ME A STIPULATION BY NEXT WEEK.

6            **MS. BOMSE:**  ABSOLUTELY.

7            **THE COURT:**  AND IF THERE'S A PROBLEM WITH THE

8    LANGUAGE OR SOME -- IF THERE'S SOME OTHER ISSUE THAT'S

9    UNRESOLVED, GIVE ME SOME LANGUAGE AND TRACK CHANGES AND EXPLAIN

10   VERY BRIEFLY WHAT THE CONCERN IS, AND THEN I'LL ORDER IT IF I

11   NEED TO ORDER IT.

12           **MS. BOMSE:**  THANKS, YOUR HONOR.

13           **THE COURT:**  OKAY?  DOES THAT WORK FOR YOU, MR. BREEN?

14           **MR. BREEN:**  YES, YOUR HONOR, THANK YOU.

15           **THE COURT:**  GREAT.

16           IS THERE ANYBODY ELSE ON THE PHONE?  I'M NOT SURE I

17   GOT APPEARANCES FROM PEOPLE ON THE PHONE.

18           (SIMULTANEOUS COLLOQUY.)

19           **MR. BREEN:**  ...ONLY ONE, YOUR HONOR.

20           **THE COURT:**  OKAY.  ANYTHING ELSE?  ALL RIGHT.  THANK

21   YOU EVERYBODY.

22           (PROCEEDINGS ADJOURNED AT 3:00 P.M.)

23

24

25

1       **<u>CERTIFICATE OF TRANSCRIBER</u>**

2

3           I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

4    TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF

5    THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE

6    U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE

7    PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE

8    ABOVE MATTER.

9           I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR,

10   RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN

11   WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT

12   FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE

13   ACTION.

14

15                    *jmcolumbini*

16                    JOAN MARIE COLUMBINI

17                       JULY 20, 2018

18

19

20

21

22

23

24

25