August 2, 2018

Hon. Donna M. Ryu
U.S. District Court, Northern District of California
Oakland Courthouse, Courtroom 4, 3rd Floor
1301 Clay Street
Oakland, CA 94612

> Re: *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*,
> **Case No. 3:16-cv-236-WHO**

Dear Judge Ryu:

In line with the Court's instructions at the July 19, 2018, hearing and subsequent minute order, Defendants hereby submit supplemental materials in support of their motion to compel. *See* Dkt. 297 and 299. Attached hereto are the following documents:

1. Notice of Lodgment of Flash Drive.
2. Relevant pages of PPLA, PPPSW, PPMM, and PPNC's Responses to Requests for Admission.[1]
3. Final Report of the House of Representative's Select Investigative Panel with Final Exhibits and Hearing Exhibits (2,378 pages).[2]
4. Majority Staff Report of Senate Judiciary Committee titled Human Fetal Tissue Research: Context and Controversy with Exhibits (547 pages).

At the hearing, the Court ordered Defendants to produce videos which show that various Planned Parenthood entities were violating federal law, or were interested in violating federal law, by selling fetal tissue for profit. The Court requested both "raw" video,[3] and noted that, "if there's

---

[1] Defendants understood the Court as requesting all of the relevant requests for admission, not merely the responses of PPNC which Plaintiffs provided. Of note, PPNC's responses have an erroneous caption, labelling them responses to interrogatories.

[2] Of note, one of the House's criminal referrals has already resulted in a successful prosecution. Dkt. 200 at 30 nn.7-8; *The People of the State of California v. DV Biologics, LLC, et al.*, No. 30-2016-00880665-CU-BT-CJC (Cal. Super. Ct., Oct. 12, 2016).

[3] The FAC alleges that material information was omitted from the published versions of the entire encounters (Dkt. 59 at ¶126), but all of the video has now been produced to Plaintiffs, who can confirm that the only portions omitted from the long-form videos were irrelevant bathroom breaks and that no editing of the audio was performed. (When each of the summary videos was released to the public, a long-form video of the entire encounter was also released, to allow the public to confirm the accuracy of the summary.)

an edited video you want me to see, that's fine."Dkt. 299 at 26:19-22. The Court also stated, "[d]on't start piling on. Counsel, identify key information. That's all I want." Dkt. 299 at 41:18-19. To that end, Defendants have provided a brief 12-minute summary video of key footage relating to fetal tissue pricing and expenses. This video can be viewed at https://www.youtube.com/watch?v=LKfWgiqoymg and is also found on the Flash Drive lodged by Defendants.[4]

Defendants again respectfully refer the Court to the www.centerformedicalprogress.org[5] website for the full picture of the Human Capital Project, including the myriad publications and communications which Plaintiffs alleged are "deceptive," "unfair," "mislead the public," comprise a "smear campaign," etc., and that caused "damaging publicity" against them. *See* Dkt. 59, *passim*, & ¶¶125, 131-132, 136, 141 (allegations regarding Defendants' media appearances and press releases). The Center's website was the hub of the outreach for the Human Capital Project, presenting a variety of materials to the public, including the following:

- the original press releases provided to the media and the public with the embedded YouTube summary videos referenced therein, including the Nucatola and Gatter videos among others;
- hundreds of pages of primary-source documents;
- a documentary-style web series featuring a whistleblower within a Tissue Procurement Business; and
- a white paper explaining how the various entities, including various Plaintiffs, were violating Federal law by selling fetal tissue for profit.

---

[4] To preempt any allegation of "selective editing," the raw videos underlying the summary video segments are also provided on the Flash Drive, as indicated in the attached Notice of Lodgment. Defendants understand that Plaintiffs object to Defendants lodging key evidence that, based on the factors identified by the Court at the hearing, is necessary for the adjudication of Defendants' motion to compel and was alluded to at the discovery hearing. In response to a specific evidentiary question asked by the Court at the hearing (and not raised by Plaintiffs' brief, which focused on total costs vs. revenues of Plaintiffs' fetal tissue programs), Defendants cited, along with other materials, the Nucatola and Gatter videos on the centerformedicalprogress.org website as examples of willingness to engage in price negotiations based on numbers of usable fetal tissue specimens, a metric not tied to a mere reimbursement of allowable costs. Dkt. 299 at 11:11-13. To ensure the Court has the key examples of these specific sorts of conversations, Defendants offer their 12-minute summary. The summary does include clips from a limited number of additional exemplary videos responsive to the Court's concerns, which again, Defendants include on the Flash Drive to avoid unfounded "selective editing" objections.

[5] On the left hand side of the home page, there is a menu. The fourth entry in that menu is titled "Human Capital Project." When clicked on, it reveals a sub-menu containing the various aspects of Defendants' project. A direct link for the surreptitiously recorded encounters is: www.centerformedicalprogress.org/cmp/investigative-footage/.

_____

The Court also stated that "[i]f there's … some more argument" "I want, I will let you know." Dkt. 299 at 48:22-24. The Court raised specific concerns at the hearing about whether discovery into the veracity of Defendants' allegations that Plaintiffs profited from fetal tissue sales could be seen as an improper attempt at "after the fact" justification. *Id*. at 33:11-16; 41:15-18. And the Court raised proportionality concerns in relation to the interrogatories, which were not briefed in any level of detail, if at all, by the parties. *See* Dkt. 257. Defendants thus respectfully request the opportunity to submit additional briefing to clarify several points, including the following:

1. How the types of damages which Plaintiffs seek are the type which require Plaintiffs to prove that Defendants' allegations of illegal and unethical conduct were materially false.
2. How the absolute defense of truth applies, to limit or entirely abate, the damages sought here and, like in any defamation-style case, is not limited to being supported with information known to Defendants at the time they made the allegedly damaging publications.
3. How the truth of Defendants' allegations is critical to Defendants' public policy, unclean hands, and mitigation of damages affirmative defenses.
4. How the relevance and proportionality analysis should be guided by review of the reactions of governmental bodies, such as the Congressional reports, and by the actual publications and statements of Defendants, and not be limited by the avowedly preliminary findings in the Preliminary Injunction Order, Dkt. 354 in Case No. 3:15-cv-03522.
5. How the parties' competing characterizations of the import of the evidence Defendants gathered and published is an issue for the jury, or at the very most an issue of admissibility for the trial judge, not in any way a bar on discovery.


Respectfully submitted,

| | |
|---|---|
| THOMAS MORE SOCIETY | FREEDOM OF CONSCIENCE DEFENSE FUND |
| | |
| /s/ Peter Breen | /s/ Paul M. Jonna |
| Peter Breen | Paul M. Jonna |
| Counsel for Defendant Daleiden | Counsel for Defendants CMP, BioMax, and Daleiden |


cc: All counsel via e-filing