**EXHIBIT 2**

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:     (415) 471-3100
Facsimile:      (415) 471-3400
Email:   amy.bomse@apks.com
             sharon.mayo@apks.com
             jeeyoung.you@apks.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
     CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California 95814-4581
Telephone:   (916) 446-5247
Email:   beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
     AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:   (202) 973-4800
Email:   helene.krasnoff@ppfa.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>                    Defendants. | Case No.  3:16-cv-00236-WHO<br><br>**PLAINTIFF PLANNED PARENTHOOD LOS ANGELES'S RESPONSE TO DEFENDANTS' (CENTER FOR MEDICAL PROGRESS AND BIOMAX PROCUREMENT SERVICES) REQUESTS FOR ADMISSION (SET ONE)** |

78419028v5

1

**REQUEST FOR ADMISSION NO. 2:**

2          Admit that, prior to June 2015, YOUR fetal tissue donation program did not comply with the

3    directives set forth in Planned Parenthood Federation of America's 2001 memorandum titled,

4    "Federal Regulations for Aborted Pregnancy Tissue Donation Programs."

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

6          Plaintiff incorporates by reference each General Objection into its Specific Objections to

7    this request. Plaintiff objects to this request to the extent the terms "did not comply with" and

8    "directives" are vague and ambiguous, calls for a legal conclusion, and assumes facts not in

9    evidence. Plaintiff further objects to this request because there were multiple provisions within the

10   2001 memorandum rendering the request compound, and therefore in violation of Federal Rule of

11   Civil Procedure 36(a)(2). Plaintiff further objects to this request to the extent it does not specify a

12   relevant date range, rendering the request compound, overbroad, and unintelligible. Plaintiff further

13   objects to this request on the grounds that it is irrelevant to the claims or defenses in this action,

14   disproportionate relative to the needs of the case, and appears designed solely to harass Plaintiff and

15   for the improper purpose of obtaining information solely to further Defendants' attacks against

16   Planned Parenthood outside of this litigation. For the foregoing reasons, Plaintiff will not respond

17   to this request.

18   **REQUEST FOR ADMISSION NO. 3:**

19          Admit that, prior to June 2015, YOU accepted payment for facilitating donation of fetal

20   tissue for research.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

22          Plaintiff incorporates by reference each General Objection into its Specific Objections to

23   this request. Plaintiff objects to this request on the grounds that the terms "payment" and

24   "facilitating" are vague and ambiguous. Plaintiff further objects to this request to the extent it does

25   not specify a relevant date range, rendering the request compound, overbroad, and unintelligible.

26   Plaintiff further objects to this request on the grounds that it seeks information not relevant to any

27   claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiff

28   further objects to this request on the grounds that it appears designed solely to harass Plaintiff and

78419028v5

1    for the improper purpose of obtaining information solely to further Defendants' attacks against

2    Planned Parenthood outside of this litigation.

3         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4    Plaintiff admits that for certain periods prior to June 2015, Plaintiff received reasonable payment

5    intended to recover costs associated with its fetal tissue donation program. In all other respects,

6    denied.

7    **REQUEST FOR ADMISSION NO. 4:**

8         Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

9    analysis of the actual costs incurred by YOU for the transportation of fetal tissue.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

11        Plaintiff incorporates by reference each General Objection into its Specific Objections to

12   this request. Plaintiff objects to this request on the grounds that the terms "analysis of the actual

13   costs incurred" and "transportation of fetal tissue" are vague and ambiguous and call for legal

14   conclusions. Plaintiff further objects to this request on the grounds that it assumes facts not in

15   evidence. Plaintiff further objects to this request on the grounds that it seeks information not

16   relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the

17   case. Plaintiff further objects to this request on the grounds that it appears designed solely to harass

18   Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks

19   against Planned Parenthood outside of this litigation.

20        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21   Plaintiff admits that, prior to June 2015, it did not use an independent auditor to calculate the costs

22   related to the fetal tissue donation program. In all other respects, denied.

23   **REQUEST FOR ADMISSION NO. 5:**

24        Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

25   analysis of the actual costs incurred by YOU for the implantation of fetal tissue.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

27        Plaintiff incorporates by reference each General Objection into its Specific Objections to

28   this request. Plaintiff objects to this request on the grounds that the terms "analysis of the actual

78419028v5

1   Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks

2   against Planned Parenthood outside of this litigation.

3         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4   Plaintiff admits that it, prior to June 2015, did not use an independent auditor to calculate the costs

5   related to the fetal tissue donation program. In all other respects, denied.

6   **REQUEST FOR ADMISSION NO. 9:**

7         Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

8   analysis of the actual costs incurred by YOU for the storage of fetal tissue.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

10         Plaintiff incorporates by reference each General Objection into its Specific Objections to

11   this request. Plaintiff objects to this request on the grounds that the terms "analysis of the actual

12   costs incurred" and "storage of fetal tissue" are vague and ambiguous and call for legal conclusions.

13   Plaintiff further objects to this request on the grounds that it and assumes facts not in evidence.

14   Plaintiff further objects to this request on the grounds that it seeks information not relevant to any

15   claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiff

16   further objects to this request on the grounds that it appears designed solely to harass Plaintiff and

17   for the improper purpose of obtaining information solely to further Defendants' attacks against

18   Planned Parenthood outside of this litigation.

19         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

20   Plaintiff admits that, prior to June 2015, it did not use an independent auditor to calculate the costs

21   related to the fetal tissue donation program. In all other respects, denied.

22   **REQUEST FOR ADMISSION NO. 10:**

23         Admit that, prior to June 2015, YOU did not conduct contemporaneous costs analyses to

24   determine the actual costs of YOUR fetal tissue donation program.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

26         Plaintiff incorporates by reference each General Objection into its Specific Objections to

27   this request. Plaintiff objects to this request on the grounds the terms "contemporaneous cost

28   analyses" and "actual costs of YOUR fetal tissue donation program" are vague and ambiguous.

1     Plaintiff further objects to this request to the extent it does not specify a relevant date range,

2     rendering the request compound, overbroad, and unintelligible.  Plaintiff further objects to this

3     request on the grounds that it seeks information not relevant to any claims or defenses in the dispute

4     and is disproportionate relative to the needs of the case.  Plaintiff further objects to this request on

5     the grounds that it appears designed solely to harass Plaintiff and for the improper purpose of

6     obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

7     this litigation.

8        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

9     Plaintiff admits that it did not conduct or cannot locate contemporaneous cost analyses related to its

10     fetal tissue donation program.  In all other respects, denied.

11     **REQUEST FOR ADMISSION NO. 11:**

12        Admit that YOU did not attempt to determine the actual costs of YOUR fetal tissue program

13     until after July 13, 2015.

14     **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

15        Plaintiff incorporates by reference each General Objection into its Specific Objections to

16     this request.  Plaintiff objects to this request on the grounds the terms "attempt to determine" and

17     "actual costs of YOUR fetal tissue donation program" are vague and ambiguous.   Plaintiff further

18     objects to this request on the grounds that it seeks information not relevant to any claims or defenses

19     in the dispute and is disproportionate relative to the needs of the case.  Plaintiff further objects to

20     this request on the grounds that it appears designed solely to harass Plaintiff and for the improper

21     purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

22     outside of this litigation.

23        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

24        Plaintiff admits that the cost analysis related to its fetal tissue donation program that was

25     produced to the Judiciary Committee of the United States Senate was conducted in response to the

26     Judiciary Committee's request, and that Plaintiff had not previously conducted any similar such cost

27     analysis.  In all other respects, denied.

28

DATED: April 28, 2017

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____

Amy L. Bomse

Attorneys for Plaintiffs

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email:    amy.bomse@apks.com
            sharon.mayo@apks.com
            jeeyoung.you@apks.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
    CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California  95814-4581
Telephone:    (916) 446-5247
Email:    beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
    AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:    (202) 973-4800
Email:    helene.krasnoff@ppfa.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No.  3:16-cv-00236-WHO <br><br> **PLAINTIFF PLANNED PARENTHOOD PACIFIC SOUTHWEST'S RESPONSE TO DEFENDANTS' (CENTER FOR MEDICAL PROGRESS AND BIOMAX PROCUREMENT SERVICES) REQUESTS FOR ADMISSION (SET ONE)** |

**REQUEST FOR ADMISSION NO. 2:**

Admit that, prior to June 2015, YOUR fetal tissue donation program did not comply with the directives set forth in Planned Parenthood Federation of America's 2001 memorandum titled, "Federal Regulations for Aborted Pregnancy Tissue Donation Programs."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request to the extent the terms "did not comply with" and "directives" are vague and ambiguous, calls for a legal conclusion, and assumes facts not in evidence. Plaintiff further objects to this request because there were multiple provisions within the 2001 memorandum rendering the request compound, and therefore in violation of Federal Rule of Civil Procedure 36(a)(2). Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound, overbroad, and unintelligible. Plaintiff further objects to this request on the grounds that it is irrelevant to the claims or defenses in this action, disproportionate relative to the needs of the case, and appears designed solely to harass Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. For the foregoing reasons, Plaintiff will not respond to this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that, prior to June 2015, YOU accepted payment for facilitating donation of fetal tissue for research.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request on the grounds that the terms "payment" and "facilitating" are vague and ambiguous. Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound, overbroad, and unintelligible. Plaintiff further objects to this request on the grounds that it seeks information not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiff further objects to this request on the grounds that it appears designed solely to harass Plaintiff and

1    for the improper purpose of obtaining information solely to further Defendants' attacks against

2    Planned Parenthood outside of this litigation.

3          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4    Plaintiff admits that for certain periods prior to June 2015, Plaintiff received reasonable payment

5    intended to recover costs associated with its fetal tissue donation program.   In all other respects,

6    denied.

7    **REQUEST FOR ADMISSION NO. 4:**

8          Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

9    analysis of the actual costs incurred by YOU for the transportation of fetal tissue.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

11         Plaintiff incorporates by reference each General Objection into its Specific Objections to

12   this request.  Plaintiff objects to this request on the grounds that the terms "analysis of the actual

13   costs incurred" and "transportation of fetal tissue" are vague and ambiguous and call for legal

14   conclusions.  Plaintiff further objects to this request on the grounds that it assumes facts not in

15   evidence. Plaintiff further objects to this request on the grounds that it seeks information not

16   relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the

17   case.  Plaintiff further objects to this request on the grounds that it appears designed solely to harass

18   Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks

19   against Planned Parenthood outside of this litigation.

20         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21   Plaintiff admits that, prior to June 2015, it did not use an independent auditor to calculate the costs

22   related to the fetal tissue donation program.  In all other respects, denied.

23   **REQUEST FOR ADMISSION NO. 5:**

24         Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

25   analysis of the actual costs incurred by YOU for the implantation of fetal tissue.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

27         Plaintiff incorporates by reference each General Objection into its Specific Objections to

28   this request.  Plaintiff objects to this request on the grounds that the terms "analysis of the actual

1    Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks

2    against Planned Parenthood outside of this litigation.

3        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4    Plaintiff admits that, prior to June 2015, it did not use an independent auditor to calculate the costs

5    related to the fetal tissue donation program.  In all other respects, denied.

6    **REQUEST FOR ADMISSION NO. 9:**

7        Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

8    analysis of the actual costs incurred by YOU for the storage of fetal tissue.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

10       Plaintiff incorporates by reference each General Objection into its Specific Objections to

11   this request.  Plaintiff objects to this request on the grounds that the terms "analysis of the actual

12   costs incurred" and "storage of fetal tissue" are vague and ambiguous and call for legal conclusions.

13   Plaintiff further objects to this request on the grounds that it and assumes facts not in evidence.

14   Plaintiff further objects to this request on the grounds that it seeks information not relevant to any

15   claims or defenses in the dispute and is disproportionate relative to the needs of the case.  Plaintiff

16   further objects to this request on the grounds that it appears designed solely to harass Plaintiff and

17   for the improper purpose of obtaining information solely to further Defendants' attacks against

18   Planned Parenthood outside of this litigation.

19       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

20   Plaintiff admits that, prior to June 2015, it did not use an independent auditor to calculate the costs

21   related to the fetal tissue donation program.  In all other respects, denied.

22   **REQUEST FOR ADMISSION NO. 10:**

23       Admit that, prior to June 2015, YOU did not conduct contemporaneous costs analyses to

24   determine the actual costs of YOUR fetal tissue donation program.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

26       Plaintiff incorporates by reference each General Objection into its Specific Objections to

27   this request.  Plaintiff objects to this request on the grounds the terms "contemporaneous cost

28   analyses" and "actual costs of YOUR fetal tissue donation program" are vague and ambiguous.

1   Plaintiff further objects to this request to the extent it does not specify a relevant date range,

2   rendering the request compound, overbroad, and unintelligible.  Plaintiff further objects to this

3   request on the grounds that it seeks information not relevant to any claims or defenses in the dispute

4   and is disproportionate relative to the needs of the case.  Plaintiff further objects to this request on

5   the grounds that it appears designed solely to harass Plaintiff and for the improper purpose of

6   obtaining information solely to further Defendants' attacks against Planned Parenthood outside of

7   this litigation.

8          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

9   Plaintiff admits that it did not conduct or cannot locate contemporaneous cost analyses related to its

10  fetal tissue donation program.  In all other respects, denied.

11

12  **REQUEST FOR ADMISSION NO. 11:**

13         Admit that YOU did not attempt to determine the actual costs of YOUR fetal tissue program

14  until after July 13, 2015.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

16         Plaintiff incorporates by reference each General Objection into its Specific Objections to

17  this request.  Plaintiff objects to this request on the grounds the terms "attempt to determine" and

18  "actual costs of YOUR fetal tissue donation program" are vague and ambiguous.    Plaintiff further

19  objects to this request on the grounds that it seeks information not relevant to any claims or defenses

20  in the dispute and is disproportionate relative to the needs of the case.  Plaintiff further objects to

21  this request on the grounds that it appears designed solely to harass Plaintiff and for the improper

22  purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

23  outside of this litigation.

24         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

25  Plaintiff admits that the cost analysis related to its fetal tissue donation program that was produced

26  to the Judiciary Committee of the United States Senate was conducted in response to the Judiciary

27  Committee's request, and that Plaintiff had not previously conducted any similar such cost analysis.

28  In all other respects, denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU did not attempt to determine the actual costs of YOUR fetal tissue program until after YOU were requested to do so by members of the Judiciary Committee of the United States Senate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request on the grounds the terms "attempt to determine" and "actual costs of YOUR fetal tissue donation program" are vague and ambiguous. Plaintiff further objects to this request on the grounds that it seeks information not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiff further objects to this request on the grounds that it appears designed solely to harass Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff admits that the cost analysis related to its fetal tissue donation program that was produced to the Judiciary Committee of the United States Senate was conducted in response to the Judiciary Committee's request, and that Plaintiff had not previously conducted any similar such cost analysis. In all other respects, denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that, prior to June 2015, YOUR doctors failed to certify in writing that they have not changed the method of the abortion to facilitate fetal tissue donation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff further objects to this request to the extent the terms "certify in writing" and "changed the method of abortion to facilitate fetal tissue donation" are vague and ambiguous, calls for a legal conclusion, and assumes facts not in evidence. Plaintiff further objects to this request to the extent it is compound, and renders the request burdensome. Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound,

78419021v2

1

2

3

4    DATED: April 28, 2017                  Respectfully submitted,

5                                           ARNOLD & PORTER KAYE SCHOLER LLP

6                                           By: _____

7                                               Amy L. Bomse

8                                               Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email:    amy.bomse@apks.com
            sharon.mayo@apks.com
            jeeyoung.you@apks.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
    CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California  95814-4581
Telephone:    (916) 446-5247
Email:    beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
    AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:    (202) 973-4800
Email:    helene.krasnoff@ppfa.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No.  3:16-cv-00236-WHO<br><br>**PLAINTIFF PLANNED PARENTHOOD MAR MONTE, INC.'S RESPONSE TO DEFENDANTS' (CENTER FOR MEDICAL PROGRESS AND BIOMAX PROCUREMENT SERVICES) REQUESTS FOR ADMISSION (SET TWO)** |

**REQUEST FOR ADMISSION NO. 3:**

Admit that, prior to June 2015, YOUR fetal tissue donation program did not comply with the directives set forth in Planned Parenthood Federation of America's 2001 memorandum titled, "Federal Regulations for Aborted Pregnancy Tissue Donation Programs."

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request to the extent the terms "did not comply with" and "directives" are vague and ambiguous, calls for a legal conclusion, and assumes facts not in evidence. Plaintiff further objects to this request because there were multiple provisions within the 2001 memorandum rendering the request compound, and therefore in violation of Federal Rule of Civil Procedure 36(a)(2). Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound, overbroad, and unintelligible. Plaintiff further objects to this request on the grounds that it is irrelevant to the claims or defenses in this action, disproportionate relative to the needs of the case, and appears designed solely to harass Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. For the foregoing reasons, Plaintiff will not respond to this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that, prior to June 2015, YOU accepted payment for facilitating donation of fetal tissue for research.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request on the grounds that the terms "payment" and "facilitating" are vague and ambiguous. Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound, overbroad, and unintelligible. Plaintiff further objects to this request on the grounds that it seeks information not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiff further objects to this request on the grounds that it appears designed solely to harass Plaintiff and

1    for the improper purpose of obtaining information solely to further Defendants' attacks against

2    Planned Parenthood outside of this litigation.

3         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4    Plaintiff admits that for certain periods prior to June 2015, Plaintiff received reasonable payment

5    intended to recover costs associated with its fetal tissue donation program.   In all other respects,

6    denied.

7    **REQUEST FOR ADMISSION NO. 5:**

8         Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

9    analysis of the actual costs incurred by YOU for the transportation of fetal tissue.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

11        Plaintiff incorporates by reference each General Objection into its Specific Objections to

12   this request.  Plaintiff objects to this request on the grounds that the terms "analysis of the actual

13   costs incurred" and "transportation of fetal tissue" are vague and ambiguous and call for legal

14   conclusions.  Plaintiff further objects to this request on the grounds that it assumes facts not in

15   evidence. Plaintiff further objects to this request on the grounds that it seeks information not

16   relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the

17   case.  Plaintiff further objects to this request on the grounds that it appears designed solely to harass

18   Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks

19   against Planned Parenthood outside of this litigation.

20        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21   Plaintiff admits that, prior to June 2015, it did not use an independent auditor to calculate the costs

22   related to the fetal tissue donation program.  In all other respects, denied.

23   **REQUEST FOR ADMISSION NO. 6:**

24        Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

25   analysis of the actual costs incurred by YOU for the implantation of fetal tissue.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

27        Plaintiff incorporates by reference each General Objection into its Specific Objections to

28   this request.  Plaintiff objects to this request on the grounds that the terms "analysis of the actual

1    "actual costs of YOUR fetal tissue donation program" are vague and ambiguous.  Plaintiff further

2    objects to this request on the grounds that it seeks information not relevant to any claims or defenses

3    in the dispute and is disproportionate relative to the needs of the case.  Plaintiff further objects to

4    this request on the grounds that it appears designed solely to harass Plaintiff and for the improper

5    purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

6    outside of this litigation.

7            Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

8    Denied.

9    **REQUEST FOR ADMISSION NO. 12:**

10           Admit that YOU did not attempt to determine the actual costs of YOUR fetal tissue program

11   until after July 13, 2015.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

13           Plaintiff incorporates by reference each General Objection into its Specific Objections to

14   this request.  Plaintiff objects to this request on the grounds the terms "attempt to determine" and

15   "actual costs of YOUR fetal tissue donation program" are vague and ambiguous.    Plaintiff further

16   objects to this request on the grounds that it seeks information not relevant to any claims or defenses

17   in the dispute and is disproportionate relative to the needs of the case.  Plaintiff further objects to

18   this request on the grounds that it appears designed solely to harass Plaintiff and for the improper

19   purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood

20   outside of this litigation.

21           Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

22   Plaintiff admits that the cost analysis related to its fetal tissue donation program that was produced

23   to the Judiciary Committee of the United States Senate was conducted in response to the Judiciary

24   Committee's request, and that Plaintiff had not previously conducted any similar such cost analysis.

25   In all other respects, denied.

26

27

28

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU did not attempt to determine the actual costs of YOUR fetal tissue program until after YOU were requested to do so by members of the Judiciary Committee of the United States Senate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request on the grounds the terms "attempt to determine" and "actual costs of YOUR fetal tissue donation program" are vague and ambiguous. Plaintiff further objects to this request on the grounds that it seeks information not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiff further objects to this request on the grounds that it appears designed solely to harass Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff admits that the cost analysis related to its fetal tissue donation program that was produced to the Judiciary Committee of the United States Senate was conducted in response to the Judiciary Committee's request, and that Plaintiff had not previously conducted any similar such cost analysis. In all other respects, denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that, prior to June 2015, YOUR doctors failed to certify in writing that they have not changed the method of the abortion to facilitate fetal tissue donation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff further objects to this request to the extent the terms "certify in writing" and "changed the method of abortion to facilitate fetal tissue donation" are vague and ambiguous, calls for a legal conclusion, and assumes facts not in evidence. Plaintiff further objects to this request to the extent it is compound, and renders the request burdensome. Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound,

1

2    DATED: April 28, 2017                    Respectfully submitted,

3                                             ARNOLD & PORTER KAYE SCHOLER LLP

4                                             By:

5                                                 Amy L. Bomse

6                                                 Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    AMY L. BOMSE (No. 218669)        BETH H. PARKER (No. 104773)

2    SHARON D. MAYO (No. 150469)    PLANNED PARENTHOOD AFFILIATES OF

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email:   amy.bomse@apks.com
           sharon.mayo@apks.com
           jeeyoung.you@apks.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
    CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California  95814-4581
Telephone:   (916) 446-5247
Email:    beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
    AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:   (202) 973-4800
Email:    helene.krasnoff@ppfa.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No.  3:16-cv-00236-WHO <br><br> **PLAINTIFF PLANNED PARENTHOOD SHASTA-DIABLO, INC. DBA PLANNED PARENTHOOD NORTHERN CALIFORNIA'S RESPONSE TO DEFENDANTS' (CENTER FOR MEDICAL PROGRESS AND BIOMAX PROCUREMENT SERVICES) INTERROGATORIES (SET TWO)** |

78419016v4

**REQUEST FOR ADMISSION NO. 3:**

Admit that, prior to June 2015, YOUR fetal tissue donation program did not comply with the directives set forth in Planned Parenthood Federation of America's 2001 memorandum titled, "Federal Regulations for Aborted Pregnancy Tissue Donation Programs."

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request to the extent the terms "did not comply with" and "directives" are vague and ambiguous, calls for a legal conclusion, and assumes facts not in evidence. Plaintiff further objects to this request because there were multiple provisions within the 2001 memorandum rendering the request compound, and therefore in violation of Federal Rule of Civil Procedure 36(a)(2). Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound, overbroad, and unintelligible. Plaintiff further objects to this request on the grounds that it is irrelevant to the claims or defenses in this action, disproportionate relative to the needs of the case, and appears designed solely to harass Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks against Planned Parenthood outside of this litigation. For the foregoing reasons, Plaintiff will not respond to this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that, prior to June 2015, YOU accepted payment for facilitating donation of fetal tissue for research.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff incorporates by reference each General Objection into its Specific Objections to this request. Plaintiff objects to this request on the grounds that the terms "payment" and "facilitating" are vague and ambiguous. Plaintiff further objects to this request to the extent it does not specify a relevant date range, rendering the request compound, overbroad, and unintelligible. Plaintiff further objects to this request on the grounds that it seeks information not relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the case. Plaintiff further objects to this request on the grounds that it appears designed solely to harass Plaintiff and

1   for the improper purpose of obtaining information solely to further Defendants' attacks against

2   Planned Parenthood outside of this litigation.

3           Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

4   Plaintiff admits that for certain periods prior to June 2015, Plaintiff received reasonable payment

5   intended to recover costs associated with its fetal tissue donation program.  In all other respects,

6   denied.

7   **REQUEST FOR ADMISSION NO. 5:**

8           Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

9   analysis of the actual costs incurred by YOU for the transportation of fetal tissue.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

11          Plaintiff incorporates by reference each General Objection into its Specific Objections to

12  this request.  Plaintiff objects to this request on the grounds that the terms "analysis of the actual

13  costs incurred" and "transportation of fetal tissue" are vague and ambiguous and call for legal

14  conclusions.  Plaintiff further objects to this request on the grounds that it assumes facts not in

15  evidence. Plaintiff further objects to this request on the grounds that it seeks information not

16  relevant to any claims or defenses in the dispute and is disproportionate relative to the needs of the

17  case.  Plaintiff further objects to this request on the grounds that it appears designed solely to harass

18  Plaintiff and for the improper purpose of obtaining information solely to further Defendants' attacks

19  against Planned Parenthood outside of this litigation.

20          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21  Plaintiff admits that, prior to June 2015, it did not use an independent auditor to calculate the costs

22  related to the fetal tissue donation program.  In all other respects, denied.

23  **REQUEST FOR ADMISSION NO. 6:**

24          Admit that, prior to June 2015, YOU did not use an independent auditor to conduct an

25  analysis of the actual costs incurred by YOU for the implantation of fetal tissue.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

27          Plaintiff incorporates by reference each General Objection into its Specific Objections to

28  this request.  Plaintiff objects to this request on the grounds that the terms "analysis of the actual

1   evidence.  Plaintiff further objects to this request on the grounds that it appears designed solely to

2   harass Plaintiff and for the improper purpose of obtaining information solely to further Defendants'

3   attacks against Planned Parenthood outside of this litigation.

4          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

5   Because this Request is entirely irrelevant to the claims or defenses in this action, Plaintiff will not

6   respond to this Request.  *See* Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a

7   written request to admit, for purposes of the pending action only, the truth of any matters within the

8   scope of Rule 26(b)(1)"); Fed R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any

9   nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of

10  the case . . .."); *see also Kaiser Foundation Hospitals v. Cal.. Nurses Ass'n*, (No. 11-5588 SC), 2012

11  WL 440634 (N.D. Cal. Feb. 10, 2012) ("A party is not entitled to discovery of a factual issue

12  merely because it is alleged in the pleadings.  Federal Rule of Civil Procedure 26(b)(1) expressly

13  limits the scope of discovery to 'any nonprivileged matter this [sic] is relevant to any party's claim

14  or defense."); *Gilead Scis. v. Merck & Co.*, (No. 5:13-cv-04057-BLF), 2016 WL 146574 at *1

15  (N.D. Cal. Jan. 13, 2016) ("No longer is it good enough to hope that the information sought might

16  lead to the discovery of admissible evidence . . . Instead, a party seeking discovery of relevant, non-

17  privileged information must show, before anything else, that the discovery sought is proportional to

18  the needs of the case.").

20  DATED: April 28, 2017                    Respectfully submitted,

21                                          ARNOLD & PORTER KAYE SCHOLER LLP

22                                          By: _____

23                                              Amy L. Bomse

24                                          Attorneys for Plaintiffs