September 6, 2018

Hon. Donna M. Ryu
U.S. District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

Dear Judge Ryu:

The parties jointly submit this letter for consideration by the Court. The parties met and conferred telephonically on these matters on August 27, 2018. On July 17, the Court set the following schedule:
Written discovery cutoff: December 31, 2018
Fact discovery cutoff: February 28, 2019
Expert disclosure: February 28, 2019
Expert rebuttal: March 28, 2019
Expert discovery cutoff: April 15, 2019
Dispositive Motions filed by May 1, 2019
Pretrial Conference: September 9, 2019
Trial: September 30, 2019

**Issue 1: Amended Initial Disclosures and Interrogatory Responses re Damages**
<u>Defendants' Position</u>:

In January 2018, one of the discovery issues pending before this Court (Doc. 166, D7) was taken off calendar when Plaintiffs agreed to provide amended interrogatory responses and initial disclosures itemizing its claimed damages and providing a claim-by-claim statement of damages, methodology of calculating damages, and legal theory. (Doc. 218 at 3-4) On August 25, Plaintiffs provided unverified amended responses to damages interrogatories for three of the ten plaintiff entities. However, Plaintiffs have yet to provide amended responses for the remaining entities. They have also not provided the amended initial disclosures concerning the method of calculation for items such as staff time, nor the legal theories and causes of action associated with the itemized damages. Further, although PPFA is claiming as damages amounts awarded as grants to *non-plaintiff* affiliates, neither the grant proposals, the nature of the work, nor the invoices showing the work performed have been produced.

Plaintiffs' delay in providing these amended responses and disclosures is causing a ripple effect of delay and uncertainty through the rest of Defendants' discovery plan, as they do not know what more precise follow-up discovery to seek, which redactions to challenge, which causes of action are unsupported by any valid claim of damages, etc.

Plaintiffs' itemization of damages for three affiliates reinforces the need for prompt production of the remaining amended responses and disclosures. In the case of one affiliate, over $300,000, almost 45% of its initial claim of damages, was eliminated. In the case of another affiliate, it

claims hundreds of thousands of dollars in damages for which it has provided no documentation at all.

Plaintiffs' statement that they will provide amended interrogatory responses for the rest of the affiliates by October 1 is not reassuring. On July 18, Plaintiffs told Defendants that they "intend to provide you with revised damages information for a significant portion of Plaintiffs by the end of July." Not only did they not produce a "significant portion" by the end of the July; they did not produce anything until Defendant initiated this joint discovery letter process. Moreover, Plaintiffs do not even mention when they intend to provide the amended initial disclosures that they agreed to provide last January.

Defendants' Final Position: Defendants ask this Court to order Plaintiffs to provide the promised amended responses with verifications and the promised amended disclosures no later than seven days after the date of its order or by October 1, whichever is earlier. Should Plaintiffs provide the discovery on or before that date, Defendants will promptly notify the Court and withdraw this letter.

Plaintiffs' Position:

Plaintiffs will provide amended interrogatory responses regarding damages for the remaining entities by October 1, 2018. Plaintiffs' proposed production date is reasonable given the burden associated with amending the responses and locating all relevant supporting documents. Each of the ten Plaintiffs have different accounting systems, different circumstances and different facts surrounding the damages. Fact discovery cutoff is February 2019. Defendants fail to provide any rationale for why the material is needed before October 1, 2018, and their request to compel the material within 7 days of a discovery order should be denied.

This motion is unnecessary. Plaintiffs have kept Defendants informed of the progress of this project, and while Defendants complain about the pace of these responses, they have inundated Plaintiffs with burdensome, harassing, and repetitive discovery requests (224 total since mid-June) as well as constant motion practice in this Court and the Ninth Circuit including a motion to disqualify Judge Orrick (denied), a writ petition re disqualification (denied), a petition for rehearing of their appeal in the Ninth Circuit of Judge Orrick's denial of their anti-SLAPP motions (denied) and most recently a motion to stay issuance of the mandate while they seek certiorari—all of which divert time and resources. Plaintiffs have kept Defendants informed of the progress, and are working on producing the information in a timely manner. There is no prejudice to Defendants to wait until October for the rest of the responses.

Respectfully submitted,

| AMERICAN CENTER FOR LAW & JUSTICE | LIFE LEGAL DEFENSE FOUNDATION | ARNOLD & PORTER KAYE SCHOLER |
|---|---|---|
| /s/ Vladmir F. Kozina | /s/ Catherine Short | /s/ Amy Bomse |
| Vladmir F. Kozina | Catherine Short | Amy Bomse |
| Counsel for Newman | Counsel for Rhomberg | Counsel for Plaintiffs |