UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 16-cv-00236-WHO   (DMR)<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL**<br><br>Re: Dkt. No. 332 |

The court has reviewed Defendants' motion to compel further discovery responses, Plaintiffs' opposition thereto, Defendants' reply, and the parties' supporting documents. [Docket Nos. 332, 336, 343-346, 348-350.]

Defendants' motion is confusing and convoluted. They purport to move to compel further responses to 30 requests for production and one interrogatory that they claim fall into five categories of information, but elsewhere they indicate that they have narrowed the dispute to 17 unnumbered categories of documents. [Docket No. 332-2 (Jonna Decl., Oct. 25, 2018) ¶ 13.] Moreover, their motion does not address the specific relevance of any of the discovery requests, the five categories of information identified in the motion, or the 17 categories of documents and written communications they purportedly seek.

Defendants also fail to comply with the Local Rules. Their motion does not address "how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." *See* Civ. L.R. 37-2 ("[f]or each such [discovery request], the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied."). Instead, Defendants filed an "Amended Separate Statement Pursuant to N.D. Cal. Civ. L.R. 37-2" which contains inappropriate

argument. The argument is not only inappropriate but is also unpersuasive because it consists of conclusory, boilerplate statements regarding relevance, proportionality, and Plaintiffs' privacy concerns under each of the discovery requests at issue. [*See* Docket No. 336.] In further violation of the rules, Defendants submitted an unauthorized and inappropriate "reply separate statement" in which they provided arguments for the first time as to the relevance of each discovery request. [*See* Docket No. 349-1.] Indeed, Defendants concede as much by explaining that they "have endeavored to explain more clearly in their Reply Separate Statement the specific reason why Defendants want specific documents." Reply 4. Additionally, Defendants filed a supporting declaration with their reply that is replete with legal argument in violation of Civil Local Rule 7-5(b). [*See* Docket No. 349-2 (Trissell Decl., Nov. 15, 2018).]

In its October 24, 2018 order granting Defendants leave to file the motion, the court set strict page limits for the motion, opposition, and reply briefs. [Docket No. 331.] The inclusion of argument in the separate statements and in Defendants' supporting declaration is a clear attempt to skirt these limits. Defendants' reply brief is also improper in that it introduces new arguments on reply. The court remains convinced that all of the arguments could have been presented cogently and competently within the existing page limits.

These manifest shortcomings are particularly surprising because Defendants have stressed that the discovery at issue in this motion is "critical" to their affirmative defenses. In the interest of justice, the court offers Defendants an opportunity to file a motion that comports with the local rules and the court's page limits, even though a new motion will likely impose a burden on Plaintiffs for which they bear little responsibility. By no later than 12:00 p.m. PST on November 27, 2018, Defendants shall file a letter indicating whether they wish to withdraw the present motion in order to re-file a motion that strictly complies with the Local Rules and this court's orders, or whether they wish to have the matter decided on the papers they have already submitted. If Defendants elect to pursue their current motion, it will be decided on the papers pursuant to Civil Local Rule 7-1(b). For this reason, the November 29, 2019 hearing is vacated.

Any new motion must strictly comply with the court's page limits and the Local Rules. All arguments must be contained in the memorandum of points and authorities in support of the

2

1 motion, opposition brief, and reply brief, and may not incorporate any other information by
2 reference. The court will disregard any argument contained in supporting submissions, including
3 separate statements and declarations.

**IT IS SO ORDERED.**

Dated: November 26, 2018



Donna M. Ryu
United States Magistrate Judge

3