Hon. Donna M. Ryu
U.S. District Court, Northern District of California
Oakland Courthouse, Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

**Re: Letter re Document Subpoena to ABR,** *Planned Parenthood Fed. of Am., et al. v.*
     *Ctr. for Med. Progress, et al.*, **Case No. 3:16-cv-0236-WHO**

Dear Judge Ryu:

     Defendant the Center for Medical Progress (CMP) and Non-Party Advanced Bioscience Resources, Inc. (ABR) hereby submit the below discovery letter brief. The written discovery cutoff was December 31, 2018; the fact discovery cutoff is March 31, 2019; Dispositive motions are to be filed by May 1, 2019; and Trial is set to begin September 30, 2019.

**Issue 1—CMP's Document Subpoena to ABR**

**CMP's Portion—Description of the Unresolved Issue:** On October 25, 2018, CMP moved to compel ABR to produce documents responsive to CMP's document subpoena regarding the Plaintiffs' fetal tissue procurement programs. Dkt. 332. On November 1, ABR moved for relief from the motion for failure to meet and confer, Dkt. 338, a motion which this Court granted on November 7. Dkt. 342. That same day, CMP sent ABR a detailed meet and confer letter, which focused on how ABR's objections were boilerplate, and how ABR needed to provide further explanation before the parties could effectively meet and confer. ABR responded to CMP's letter on November 16, limiting its objection to burden, asserting both that the requests were burdensome on their face, and that they were burdensome because they sought many documents within the possession of the Plaintiffs. The parties then engaged in a telephone conference at 1:30 p.m. on November 29. On that call, CMP narrowed its requested documents. On December 5, ABR responded in writing, reasserting that it would not produce documents potentially within the Plaintiffs' possession, and further responded that it would not produce any other documents on the basis of relevance. On December 7, CMP responded to ABR's email, explaining that it is unclear what documents the Plaintiffs continue to possess, and asserting that whether the Plaintiffs were selling fetal tissue for profit is at the heart of this case. After two additional emails, on December 12 and 14, the meet and confer process terminated with ABR refusing to produce any documents whatsoever. If the Court so desires, CMP can file the parties' written meet and confer correspondence.

**Supporting Legal Authority:** Via its document subpoena, CMP generally seeks documents related to the Plaintiffs' fetal tissue transfer programs for the same reasons laid out in CMP's motion to compel document production from the Plaintiffs (incorporated herein by reference). Dkt. 358, 387. In addition to repeating the Plaintiffs' faulty arguments from their opposition brief,[1] ABR argues burden and the irrelevance of documents relating to their *own* fetal tissue practices (independent of the Plaintiffs). "An evaluation of undue burden requires the court to weigh the

---

[1] ABR misstates that the *Food Lion* cases only bar reputational damages. *Food Lion II*, 194 F.3d 505, bars reputational-publication damages; *Food Lion I*, 964 F. Supp. 956, and *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1195 n.9 (9th Cir. 2018), bar all publication damages.

burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an 'undue burden' depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (quotation marks omitted). Generally, to substantiate a generic burden objection, the opposing party must detail the burden "in terms of time [and] money." *In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. ML 08-1980 MMM (FMOx), 2010 WL 4942645, at *6 (C.D. Cal. July 29, 2010) (ordering production: "defendant acknowledges that it has not quantified its burden but argues that providing such quantification would be an additional burden that defendant would have to shoulder.") (quotation marks, brackets, and ellipses omitted); *see also Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (same).

Further, "a court may restrict discovery from non-parties on th[e] basis" that the information "can more easily and inexpensively be obtained from the opposing party," but "it is not required to do so." *McCall v. State Farm Mut. Auto. Ins. Co.*, No. 216-cv-01058-JAD-GWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017). The fact that documents are in the possession of the opposing party does *not* create a *per se* rule that subpoenaing them from third parties is unduly burdensome. *See Compass N. Indus. LLC v. Taylor*, No. CV-14-00034-PHX-GMS, 2014 WL 2779175, at *2 (D. Ariz. June 19, 2014). Further, to invoke this special protection, the non-party must definitively establish that the documents are in the possession of named parties. *See id.* (Denying motion to quash: "The possibility that some of the documents sought are also available from Defendants does not make the subpoena improper. Defendants are equivocal on this point and seem to concede that not all of the documents can be obtained from them.").

Here, the limited documents sought are directly relevant to numerous issues in this case, both to the Plaintiffs' case, and CMP's affirmative defenses. CMP has also significantly narrowed the documents it requested in its subpoena, to a small subset which should be easy to find. ABR cannot meaningfully argue that the financial burden of producing the documents is so severe as to warrant it producing nothing. The only evidence which ABR asserts with respect to burden is a bare statement that it is a small company; but that does not mean it can produce nothing. It strains credulity that it would be difficult to gather a limited category of procurement logs, invoices, and emails (which are easily found by searching by email address or plaintiff name). With respect to documents which may be in the Plaintiffs' possession, as CMP has previously explained, ABR and PPPSW have previously produced different versions of the same documents, and the financial numbers which ABR reported to the Congressional investigations do not match ABR's actual internal documents. Dkt. 332 at 15. It is not clear why ABR and PPPSW have different versions of the same documents; but since they do have different versions, ABR's version of a specific document is—*by definition*—not a document which CMP can obtain from the Plaintiffs. Looking at the documents specifically, CMP seeks ABR's procurement logs to compare them with the Plaintiffs' invoices and test the Plaintiffs' claims regarding how much fetal tissue was sold. Those logs are also relevant to Cal. Pen. Code § 633.5 as they may show intact fetal cadavers. CMP also seeks ABR's internal emails describing its relationship with the Plaintiffs to (again) test many of the Plaintiffs' claims (such as the claim that they switched from ABR to StemExpress not out of a profit motive, even though StemExpress offered more money). Those emails may very well disclose telephone communications with the Plaintiffs, or otherwise provide valuable insight. CMP seeks ABR's external emails with the Plaintiffs for the same reason, as well as all contracts, and

has a good faith basis for not trusting the Plaintiffs' production. If nothing else, knowing that ABR might produce documents may convince a party or individual to think twice about fabricating evidence. Finally, CMP seeks ABR's invoices for its resold fetal tissue for various reasons, including to establish that *ABR* was violating the law. Because the Plaintiffs are seeking punitive damages, CMP needs to establish that its investigative journalism study was legitimate *as a whole*, and simply not a criminal RICO conspiracy. For these reasons, CMP respectfully requests that the Court grant its motion to compel and award sanctions.

**Proposed Final Compromise:**

(1) ABR's procurement logs from 2010 to present reflecting transactions with Plaintiff Planned Parenthood Pacific Southwest (PPPSW) and Plaintiff Planned Parenthood Mar Monte (PPMM) (Narrowing of RPD Nos. 4, 9);
(2) ABR's internal emails about its relationship with PPPSW and PPMM from 2010 to present (Narrowing of RPD No. 4);
(3) ABR's emails with PPPSW and PPMM from 2010 to present (Narrowing of RPD Nos. 6-8, 10-13, 15);
(4) All versions (including drafts) of all contracts with Planned Parenthood from 2010 to present (Narrowing of RPD No. 5); and
(5) All invoices generated for ABR customers to which ABR transferred tissue samples obtained from Planned Parenthood from 2010 to present (Narrowing of RPD No. 19).

**ABR's Portion—Description of the Unresolved Issue:**  Through its overbroad and intrusive subpoena (even as limited during the parties' conferrals), CMP seeks to saddle ABR—a third-party non-profit organization—with the burden of producing documents that are either in Plaintiffs' possession or entirely immaterial to the issues in dispute. CMP's attempt to disrupt ABR's business operations and conduct a fishing expedition into non-party ABR's practices must be rejected.[2]

Since the Court's order striking CMP's October 2018 motion to compel as to ABR, Dkt. 342, CMP and ABR have met and conferred via email and telephone. During those discussions, ABR has consistently emphasized that, as a third-party, ABR should not be forced to produce documents that CMP can obtain—and is in the process of attempting to obtain—from Plaintiffs. Further, ABR represented that, to the extent that ABR possesses documents that Plaintiffs do not, those documents are entirely irrelevant to Plaintiffs' claims or CMP's defenses to those claims. CMP, however, persisted, citing vague justifications for their requests such as "veracity," "public policy," and Penal Code §633.5 that appear entirely unconnected to the documents actually requested. Nevertheless, CMP narrowed its requests to the five groups of documents listed above in its final compromise.

CMP's motion to compel can be reduced to two questions: (1) should non-party ABR be made to bear the burden of searching for and producing documents that are also in Plaintiffs' possession (it should not); and (2) assuming ABR possesses unique information that Plaintiffs do not, is that information relevant to issues in dispute between Plaintiffs and CMP (it is not). Accordingly, ABR respectfully requests that the Court deny CMP's motion to compel in its entirety.

---

[2] ABR is a very small non-profit: it employs fewer than ten people and maintains limited electronic records. Accordingly, any production obligation has the potential to bring ABR's operations to a complete halt and deplete its limited resources.

**Supporting Legal Authority:** As CMP concedes, third-party ABR is entitled to greater protection from discovery than either Plaintiffs or CMP; this is particularly so because CMP seeks many of the same documents from Plaintiffs. *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts."); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The rule is thus well established that nonparties to litigation enjoy greater protection from discovery than normal parties."). "There is simply no reason to burden nonparties when the documents sought are in possession of the part[ies]." *Khan v. Rogers*, No. 17-CV-05548-RS (LB), 2018 WL 5849010, at *5 (N.D. Cal. Nov. 6, 2018) (quoting *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)).

To the extent that ABR possesses unique information, CMP has failed to articulate how its requests are reasonably calculated to lead to the discovery of relevant information. (That it has not addressed its requests **"[g]oing issue-by-issue"** in this letter, as the Court's standing order directs, underscores this point.) As Plaintiffs have argued in their opposition to CMP's motion to compel production of nearly identical documents, CMP's requests are irrelevant to this case. Dkt. 374-5.

- CMP asserts that it is entitled to documents to support its so-called "veracity" defense, which it contends is pertinent to Plaintiffs' claims for reputational injury. But Plaintiffs are *not* seeking reputational damages. Dkt. 420. CMP's only cited authority to support this "veracity" defense, *Food Lion, Inc.,* stands for the unremarkable proposition that a plaintiff seeking damages must prove proximate cause. (CMP's footnote 1 mischaracterizes this point.)

- CMP's unclean hands defense fails because CMP does not allege it has suffered harm as a result of Plaintiffs' conduct, *see Allmerica Fin. Life Ins. & Annuity Co. v. Dalessio*, No. C-96-0385 VRW, 2006 WL 408538, at *7 (N.D. Cal. Feb. 20, 2006). Nor is the misconduct that CMP alleges Planned Parenthood committed in any way related to Plaintiffs' claims against CMP, *viz.*, whether CMP conspired to harm Plaintiffs, intentionally intercepted Plaintiffs' private communications, breached various contracts, or trespassed. *See Fuddruckers, Inc. v. Doc's B.R. Others*, Inc., 826 F.2d 837, 847 (9th Cir. 1987) ("[D]efendants must demonstrate that plaintiff's conduct is inequitable *and* that the conduct relates to the subject matter of its claims.") (emphasis added.)

- This Court has already rejected CMP's public policy defense. *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-CV-03522-WHO, 2016 WL 454082, at *18-*20 (N.D. Cal. Feb. 5, 2016), aff'd sub nom. *Nat'l Abortion Fed'n, NAF v. Ctr. for Med. Progress*, 685 F. App'x 623 (9th Cir. 2017).

- CMP cites Penal Code section 633.5 as a defense to which ABR's documents might be relevant. That statute creates an exception to prohibitions on recording confidential communications for the purpose of obtaining evidence of the crimes of extortion, kidnapping, bribery, and violent felonies, including human trafficking. The first time CMP has explained the purported relevance of this statute is in a last-minute revision to this letter. But whether intact fetal cadavers are identified in ABR's procurement logs is still irrelevant to the crimes the statute enumerates, which, in turn, seem unconnected to the issues in this case.

- CMP also claims the discovery is justified as potential impeachment evidence. But it cites no authority that evidence is discoverable solely for impeachment. *See Aliotti v. Vessel SENORA*,

4

217 F.R.D. 496, 498 (N.D. Cal. 2003) (rejecting defendant's argument that it was entitled to plaintiff's tax returns for impeachment purposes as a "fishing expedition").

Reviewing the five requests at issue demonstrates the irrelevance of unique ABR documents:

**Procurement logs**. CMP first seeks ABR's procurement logs since 2010 reflecting transactions with PPPSW and PPMM. But those logs are immaterial to whether, as CMP contends, Plaintiffs were profiting from the donation of fetal tissue. These are ABR's *internal* records of its procurement of fetal tissue from its partners. The ABR logs contain no information about payment for fetal tissue, and information about what tissue samples ABR received is irrelevant to any claims or defenses in this case. Moreover, Plaintiffs have no role in creating ABR's procurement logs. Any arguably relevant information about Plaintiffs' transactions would be in Plaintiffs' possession. CMP's request is simply a thinly-veiled attempt to intrude on ABR's non-profit activities in furtherance of CMP's broader anti-abortion smear campaign.

**Internal emails**. CMP seeks ABR's *purely internal* emails about its relationship with PPPSW and PPMM from 2010 to present. Internal ABR emails about its relationship with Plaintiffs cannot be relevant to the claims or to any of CMP's purported affirmative defenses: what ABR may think about its relationship with Plaintiffs has no conceivable bearing on Plaintiffs' actions or whether CMP engaged in a conspiracy.

**ABR's emails with PPPSW and PPMM**. CMP also requests ABR's emails with PPPSW and PPMM since 2010. All emails exchanged between ABR and Plaintiffs are indisputably in Plaintiffs' possession; there is no justification for burdening ABR with this request. *Khan*, 2018 WL 5849010, at *5 (N.D. Cal. Nov. 6, 2018). CMP's vague allegations that these documents might serve as impeachment evidence or be used to "test" Plaintiffs' production do not amount to the "convincing showing" required to justify burdening ABR. *See Nidec*, 249 F.R.D. at 577.

**ABR's contracts with Planned Parenthood**. CMP requests all versions (including drafts) of all contracts with Planned Parenthood since 2010. But Plaintiffs have any operative contracts between them and ABR and, presumably, any drafts exchanged. To the extent CMP argues that a draft solely in ABR's possession might reflect the parties' agreement, this simply cannot be the case. If a draft were not exchanged, there could be no meeting of the minds. This is not a "convincing showing" that ABR has "unique and material" evidence. *Id.*

**Invoices for ABR's customers**. Finally, CMP seeks all invoices generated for ABR customers to which ABR transferred tissue samples obtained from Planned Parenthood from 2010 to present. CMP has never even attempted to articulate how *ABR's transactions* with *ABR's customers* has any relevance to Plaintiffs' conduct or any of its defenses. ABR's actions after it has collected tissue from Plaintiffs has nothing to do with how Plaintiffs conduct their business. This is just a CMP anti-abortion fishing expedition.

**Proposed Final Compromise:** Because CMP's requests are directed at information that is either in Plaintiffs' possession or entirely irrelevant, ABR respectfully requests that the Court deny CMP's motion in its entirety.

FREEDOM OF CONSCIENCE
DEFENSE FUND

ORRICK, HERRINGTON
& SUTCLIFFE LLP

/s/ Paul M. Jonna
Paul M. Jonna
Counsel for CMP

/s/ Karen G. Johnson-McKewan
Karen G. Johnson-McKewan
Counsel for ABR


**ATTESTATION PURSUANT TO CIVIL L.R. 5.1(i)(3)**

As the filer of this document, I attest that concurrence in the filing was obtained from the other signatories.


/s/ Paul M. Jonna
*Counsel for Defendant the Center for Medical Progress*

**EXHIBIT**

**EXHIBIT**

**1.  Request for Production No. 4:**

Request:

All DOCUMENTS or electronically stored information relating or referring to any financial transactions involving aborted fetal tissue and/or the procurement or donation of aborted fetal tissue between YOU and PLANNED PARENTHOOD.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

**2.   Request for Production No. 5:**

Request:

All contracts or agreements, whether or not executed, between YOU and PLANNED PARENTHOOD concerning fetal tissue, specimens, products of conception, and/or fetal remains from January 1, 2006, through the present.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially

identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

### 3. Request for Production No. 6:

<u>Request:</u>

All DOCUMENTS or electronically stored information from January 1, 2006, through the present between YOU and PLANNED PARENTHOOD relating to orders or requests or responses to orders or requests for fetal body parts, fetal tissue, specimens, products of conception, and/or fetal remains.

<u>Response:</u>

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and

any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

### 4.  Request for Production No. 7:

<u>Request:</u>

All DOCUMENTS or electronically stored information between YOU and PLANNED PARENTHOOD concerning any per specimen compensation for any fetal body parts, fetal tissue, specimens, products of conception, and/or fetal remains from January 1, 2006, to present.

<u>Response:</u>

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally

accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

**5.   Request for Production No. 8:**

Request:

All DOCUMENTS or electronically stored information between YOU and PLANNED PARENTHOOD indicating or related to monies received in connection with transactions involving aborted fetal tissue and/or the procurement or donation of aborted fetal tissue.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden

on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

### 6.  Request for Production No. 9:

Request:

All DOCUMENTS or electronically stored information that reflect invoices, accounts payable, and/or funds sent to PLANNED PARENTHOOD or other entities in relation to the providing of fetal tissue, specimens, products of conception, and/or fetal remains, from January 1, 2006, through the present.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and

any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

**7.  Request for Production No. 10:**

Request:

All DOCUMENTS or electronically stored information regarding PLANNED PARENTHOOD modifying abortion procedures in order to facilitate the donation of fetal tissue.

<u>Response:</u>

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

**8.  Request for Production No. 11:**

Request:

All DOCUMENTS or electronically stored information regarding inadvertent live births at PLANNED PARENTHOOD facilities in the course of or following abortion procedures.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

9. **Request for Production No. 12:**

Request:

All DOCUMENTS or electronically stored information regarding the procurement of fetal tissue from patients following inadvertent live births at PLANNED PARENTHOOD facilities in the course of, or following, abortion procedures.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally

accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

## 10. Request for Production No. 13:

Request:

All DOCUMENTS or electronically stored information between YOU and PLANNED PARENTHOOD concerning fetal tissue, specimens, products of conception, and/or fetal remains.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer

with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

**11. Request for Production No. 15:**

<u>Request:</u>

All DOCUMENTS exchanged with Planned Parenthood Federation of America regarding fetal tissue procurement.

<u>Response:</u>

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the

Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

**12. Request for Production No. 19:**

Request:

All DOCUMENTS that reflect accounts payable and/or funds received concerning the sale or transfer by YOU of fetal tissue that originated with PLANNED PARENTHOOD.

Narrowed Request:

All invoices generated for ABR customers to which ABR transferred tissue samples obtained from Planned Parenthood from 2010 to present.

Response:

1. ABR objects to all Requests as overbroad and unduly burdensome to the extent that they seek information that is not relevant to the claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although ABR previously produced a small set of documents in response to CMP's subpoena issued on August 4, 2017, we have since been apprised of a pending discovery dispute between the parties to this litigation. *See* Dkt. No. 166, Eric Zimmerman's June 14, 2017, discovery letter to Judge Orrick. ABR understands that Plaintiffs have objected to Defendants' discovery requests that seek information essentially identical to that which CMP seeks to obtain from ABR, a non-party, through the subpoena at issue. Prior to the Court's resolution of the pending discovery dispute, it would impose an undue burden on ABR to begin collecting potentially responsive documents. ABR agrees to meet and confer with CMP, and reconsider this objection, after the aforementioned discovery dispute has been resolved.

2. ABR objects to the time, manner, and place requested for production as unreasonable, unduly burdensome, and oppressive given the nature and scope of the documents being sought. Subject to objection no. 1, and subject to resolution of that objection, ABR will produce responsive, non-privileged documents, if any, on a date and in a manner mutually agreed to by ABR and CMP.

3. ABR objects to all Requests to the extent that they seek documents going back more than 10 years. Such a time period is overbroad, unduly burdensome, and irrelevant to the claims or defenses asserted in the litigation.

4. ABR objects to all Requests to the extent that they seek the production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and any other law or statutory privilege. Any inadvertent production of such documents shall not be deemed a waiver of any applicable privileges.

5. ABR objects to all Requests, and the associated definitions and instructions, to the extent they purport to impose upon ABR duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, or any other applicable rules.

6. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that do not exist or are not in ABR's possession, custody, and control.

7. ABR objects to all Requests, and the associated definitions and instructions, to the extent that they seek documents that are duplicative of documents that are publicly available, equally accessible to CMP, or could be obtained from the parties to the litigation, including Planned Parenthood Federation of America, Inc. and CMP.

8. ABR objects to all Requests to the extent that they are vague, ambiguous, or confusing, or fail to adequately define terms.

9. ABR objects to all Requests to the extent that they fail to describe with particularity the documents or things to be produced.

10. ABR objects to all Requests to the extent that they seek documents that contain confidential, private, and/or proprietary information of parties and/or non-parties.

11. ABR objects to all Requests to the extent that they purport to call for the disclosure and production of documents containing information that identifies individuals, who ABR reasonably believes could experience threats to their personal safety or an unwarranted invasion of privacy that is not adequately prevented by the protective order in this action.

12. ABR objects to all Requests to the extent that they seek disclosure and production of documents containing patient-identifying or medical information, the release of which would implicate patient privacy concerns.

13. ABR objects to all Requests, and associated definitions and instructions, to the extent that they are overbroad, unduly burdensome, oppressive, unreasonably expensive, cumulative, duplicative, or would require unreasonable investigation on the part of ABR. In particular, ABR objects to the definitions of "DOCUMENTS," "REGARDING," and "PLANNED PARENTHOOD" as overbroad, vague, and unduly burdensome, and because they call for ABR to conduct an unreasonable and expensive investigation. ABR also objects to the undefined terms "specimens" and "costs" as vague and ambiguous.

1

## CERTIFICATE OF SERVICE

2

*Planned Parenthood, et al. v. The Center for Medical Progress, et al.*
Case No.: 3:16-cv-00236

3

I, Kathy Denworth, declare under penalty of perjury that I am over the age of eighteen years

4

and not a party to this action; my business address is P.O. Box 9520, Rancho Santa Fe, California

92067, and that I served the following document(s):

5

6

- **Letter re Document Subpoena to ABR,** *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*, **Case No. 3:16-cv-0236-WHO.**

7

8

on the interested parties in this action by emailing a true copy addressed as follows:

9

*Via regular mail and email*
Amy Lynne Bomse
Arnold & Porter LLP

10

Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024

11

415-434-1600; 415-677-6262 (fax)
amy.bomse@aporter.com

12

**Attorneys for Plaintiffs Planned Parenthood Federation of America, Inc., et al.**

13

Catherine Wynne Short
Life Legal Defense Foundation

14

Post Office Box 1313
Ojai, CA 93024-1313

15

805-640-1940
lldfojai@cs.com

16

**Attorneys for Defendant Albin Rhomberg**

17

Peter Christopher Breen
Thomas Leonard Brejcha, Jr.

18

Thomas More Society
19 S. LaSalle Street, Suite 603
Chicago, IL 60603

19

312-782-1680
pbreen@thomasmoresociety.org

20

tbrejcha@thomasmoresociety.org
**Attorneys for Defendant David Daleiden**

21

Michael Millen
Law Offices of Michael Millen

22

119 Calle Marguerita, Ste. 100
Los Gatos, CA 95032

23

408-866-7480;   408-516-9861   (fax)
MikeMillen@aol.com

24

**Attorneys for Defendant Albin Rhomberg**

Vladimir Frank Kozina
Mayall Hurley, P.C.

25

2453 Grand Canal Boulevard
Stockton, CA 95207

26

209-477-3833; 209-473-4818 (fax)
vkozina@mayallaw.com

27

**Attorneys for Defendant Troy Newman**

28

Helene Krasnoff
Planned Parenthood Federation of America
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
202-973-4800
helene.krasnoff@ppfa.org
**Attorneys for Plaintiff Planned Parenthood Federation of America, Inc.**

Edward L. White III
Erik M. Zimmerman
AMERICAN CENTER FOR LAW & JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
734-680-8007; 734-680-8006 (fax)
ezimmerman@aclj.org
**Attorneys for Defendant Troy Newman**

Matt Heffron, pro hac vice
BROWN & BROWN, LLC
501 Scoular Building
2027 Dodge Street
Omaha, NE 68102
402-346-5010; 402-345-8853 (fax)
mheffron@bblaw.us
**Attorneys for Defendant David Daleiden**

Horatio Gabriel Mihet
Liberty Counsel
P.O. Box 540774
Orlando, FL 32854
407-875-1776; 407-875-0770 (fax)
hmihet@lc.org; jchristman@lc.org
**Attorneys for Defendant Sandra Susan Merritt**

Nicolaie Cocis
Law Office of Nic Cocis & Associates
38975 Sky Canyon Drive, Suite 211
Murrieta, CA 92563
951-695-1400; 951-698-5192 (fax)
nic@cocislaw.com
**Attorneys for Defendant Sandra Susan Merritt**

Karen G. Johnson-McKewan, Esq.
Orrick
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700
E-Mail: kjohnson-mckewan@orrick.com
**Attorneys for Advanced Bioscience
Resources, Inc.**

__X__  **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____  **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__  **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on January 14, 2019, at Rancho Santa Fe, California.

_____
Kathy Denworth

CERTIFICATE OF SERVICE                                    3:16-cv-00236