UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., Plaintiffs, v. CENTER FOR MEDICAL PROGRESS, et al., Defendants. | Case No. 16-cv-00236-WHO<br><br>**ORDER AFFIRMING DISCOVERY RULINGS AND OVERRULING OBJECTIONS**<br><br>Re: Dkt. Nos. 449, 457 |

Defendants object to various rulings made by Judge Ryu on defendants' motions to compel. Dkt. No. 449 (Objections). Having considered the objections, plaintiffs' responses thereto, and the briefing below, I affirm Judge Ryu's decisions for the reasons described below and OVERRULE defendants' objections.

**I. OBJECTIONS TO LEGAL CONCLUSIONS**

Defendants initially object to Judge Ryu's determination that defendants' "reasonable belief" defense under California Penal Code section 633.5 is assessed at the time of the recordings and, therefore, "[d]ocuments that were not known to or in Defendants' possession at the time of the recordings are irrelevant to whether Defendants' beliefs about Plaintiffs' alleged misconduct at the time of the recordings were reasonable." Dkt. No. 442 at 29. Reviewing the issue *de novo*,[1] Judge Ryu's analysis is correct on both the legal question and how it applies to the discovery sought by defendants. Defendants are not entitled to discovery of documents whose actual contents they had no knowledge of at the time of their recordings to support their section 633.5

---

[1] Plaintiffs argue Judge Ryu's "relevance" determinations may be reviewed only for "implicit abuse of discretion." *See, e.g., Equal Empl. Opportunity Commn. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). That is generally true, but underlying legal conclusions are reviewed *de novo* to determine whether they are contrary to law. *Id.*

defense. After acquired evidence is not, in this context, relevant to that defense at a matter of law.

Defendants also object to Judge Ryu's "similar reasoning" supporting her discussion of the difference between "reputational" damages (unavailable absent a defamation claim that meets the heightened First Amendment standards under the *Food Lion* cases from the 4th Circuit and related opinions[2]) and permissible "non-reputational" damages and how that plays into the discovery defendants may seek in this case. Defendants argue that "all damages which could be sought via a defamation claim" are barred and those include "increased security costs incurred as a result of a public reaction to a poor reputation." Dkt. No. 449 at 1. Again, reviewing the issue *de novo*, Judge Ryu's analysis is correct on both the legal question and how it applies to the discovery sought by defendants. She recognized that plaintiffs have disclaimed any "reputational damages" (for example, for lost business or emotional distress) and, therefore, defendants' discovery requests could not be justified on that basis. Dkt. No. 442 at 16. Judge Ryu was correct that defendants' "substantial veracity" defense does not create a gateway to allow them unfettered access to documents only minimally (if at all) relevant to the claims asserted and non-reputational damages sought by plaintiffs. *See also* Dkt. No. 442 at 23 ("As already discussed, Plaintiffs do not seek reputational or publication damages. Accordingly, Defendants have not shown that the requested discovery is relevant to their substantial veracity defense.").

## II. OBJECTIONS TO RULINGS.

<u>Objections re CMP RFP No. 8; Newman RFP No. 16.</u> Judge Ryu ordered plaintiffs to produce documents (or confirm they had provided all documents) responsive to subsections (a) through (f). She denied defendants' requests for documents regarding a 2011 PPFA Clinical Services call with affiliates about fetal tissue programs (subsection (g)) because defendants, in their motion to compel, "made no attempt" to explain the specific relevance or proportionality of this category of documents. Dkt. No. 442 at 13. She also denied defendants' request for documents responsive to subsection (h) – all written communications over a five year period between 80 custodians and fetal tissue procurement companies as well as emails (limited by

---

[2] *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 964 F. Supp. 956 (M.D.N.C. 1997), *aff'd on other grounds*, 194 F.3d 505 (4th Cir. 1999).

specific terms but not by date) in those custodians email inboxes – because the request was facially overbroad and defendants failed to discuss the specific relevance or proportionality of the requested documents while admitting it was a "catch-all request." Dkt. No. 442 at 13.

Defendants argue on appeal that the relevance of documents responsive to (g) is self-explanatory. They contend that Judge Ryu was wrong to deny (h) on the grounds of overbreadth without considering, apparently *sua sponte,* that defendants might be entitled to a narrower set of documents. Dkt. No. 449.

Defendants objections are OVERRULED and Judge Ryu's rulings as to (g) and (h) are AFFIRMED. It is not the duty of the Court to consider arguments not made by the parties or to narrow constructions not discussed by the parties in their motions to compel.[3]

Objections re CMP RFP No. 11. Judge Ryu denied defendants' motion to compel as to RFP No. 11, which sought documents produced by plaintiffs to governmental entities in connection with any government investigation, on the grounds that defendants failed to provide a "reasonably identifiable relevance argument" in their motion concerning that request. Dkt. No. 442 at 6. Defendants complain that they did not address relevance because plaintiffs had "conceded relevance" by offering to produce "most" of the requested documents. They also contend that Judge Ryu herself, later in the Discovery Order, found that discovery related to the fetal tissue procurement programs of the four affiliates that had them was relevant, thereby making relevant plaintiffs' response to government investigations on at least that topic by the Select Investigative Panel on Infant Lives and the Committee on Energy and Commerce. Dkt. No. 449 at 3.

A fundamental defect in defendants' motion is that they failed to identify for Judge Ryu the relevance and importance of obtaining additional documents (or any documents) responsive to

---

[3] Defendants argue that because plaintiffs generally refused to answer (h) based on relevance, defendants had "little information concerning the proportionality of the request" and that should be held against plaintiffs not defendants. Dkt. No. 449 at 3 & n.5. Defendants' reliance on *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc*., CV1600300CJCRAOX, 2017 WL 3275615, at *6 (C.D. Cal. Feb. 14, 2017), is of no help to them. In that case, the party seeking discovery addressed the proportionality factors in its motion and supplemental briefing (unlike defendants here). Moreover, the request at issue here is overbroad on its face; Judge Ryu was entitled to recognize that.

3

this request. If a moving party fails to discuss a request or fails to address it with sufficient particularity (including identifying for the Court a narrowed set of particularly relevant documents), the fault lies with that party, not the Court. Accordingly, defendants' objections are OVERRULED and Judge Ryu's determination not to reach RFP No. 11 is AFFIRMED.

Objections re CMP RFP No. 27. Judge Ryu denied defendants' motion to compel responses to RFP No. 27 (seeking documents concerning interactions between identified companies and plaintiffs regarding fetal tissue procurement) because defendants failed to provide a "reasonably identifiable relevance argument" in their motion as to that request. Dkt. No. 442 at 6. Defendants, again, complain this conclusion is "incongruous" because at other places in her Discovery Order with respect to other discovery requests, Judge Ryu acknowledged that some discovery related to plaintiffs' tissue procurement programs was relevant and should be produced. Dkt. No. 449. As with RFP No. 11, above, it was defendants' burden to present a reasoned explanation why they were entitled to discovery under each specific RFP on which they moved to compel. Defendants' objections are OVERRULED and Judge Ryu's ruling is AFFIRMED.

Objections re CMP RFP Nos. 10, 23, 24, 48. With respect to these four RFPs that seek discovery related to procedures used by plaintiffs to obtain fetal tissue, Judge Ryu granted the motion to compel in part and denied it in part. Dkt. No. 442 at 18-27. Defendants complain that while Judge Ryu recognized that some of the discovery sought was relevant due to plaintiffs' repeated denials that they engaged in any illegal conduct with respect to obtaining fetal tissue for profit, other broader discovery was impermissibly denied because of Judge Ryu's concerns regarding the "political backdrop" of the litigation and a concern over the misuse of broader discovery. Dkt. No. 449 at 4-5. Defendants argue that as a matter of "fundamental fairness" plaintiffs "cannot be permitted to pursue a lawsuit while, at the same time, refusing to provide relevant documents and information due to the political ramifications of the lawsuit." Dkt No. 449 a 4-5. Finally, defendants argue, in a footnote, that Judge Ryu erred by ruling on the discovery motions before granting (and presumably before considering) defendants' Administrative Motion to File a Statement of Recent Decision. Dkt. No. 435.

As an initial matter, I have considered the decision in *Planned Parenthood of Greater*

4

*Texas Family Planning & Preventative Health Servs., Inc v. Smith*, --- F.3d ---, No. 17-50282, 2019 WL 244829 (5th Cir. Jan. 17, 2019) and GRANT the administrative motion to consider the case with respect to these objections. Dkt. No. 435. That case is of limited, if any, relevance to the claims, issues, and defenses *in this case* as framed by the pleadings. It does nothing to call into question the legal or factual predicates underlying Judge Ryu's rulings. Therefore, there could be no error by Judge Ryu in failing to grant or deny the administrative motion prior to issuing her discovery rulings.

More significant to the question before me is defendants' total failure to point to specific errors in Judge Ryu's rulings on these RFPs. They do not identify, for example, particular sets of documents covered by the portions of the RFPs that were denied that are significant to particular affirmative defenses or relevant to rebut any elements of plaintiffs' claims or damages. They do not argue that Judge Ryu impermissibly cutoff their access to identified categories of documents that they need to litigate the claims and defenses in this case. Instead, they wrongly contend that Judge Ryu was not entitled to weigh the burdens of responding to defendants' requests against (i) the thin relevance of various documents that would support plaintiffs' denials of the allegation that they profited from their fetal tissue programs and (ii) the irrelevance (considering the claims and viable defenses in this case) of the documents to the broader accusations made in CMP's videos and public statements. The relevance of discovery, especially where there is a very distant connection to the actual claims and viable defenses in the case, may properly be weighed against competing concerns, including privacy, burden, and the potential for misuse.[4] Finally, that a party voluntarily agrees to produce documents responsive to some requests – perhaps for purposes of expediency or to avoid the expense of a motion to compel – does not waive that party's right to object to producing more.

Defendants' objections are OVERRULED and Judge Ryu's rulings affirmed as to RFP

---

[4] While defendants in their motion to compel argued that these RFPs are relevant to various affirmative defenses – including substantial veracity, proximate cause, unclean hands, and public policy – it is highly questionable whether these *are* defenses to the specific claims brought and non-reputational damages sought by plaintiffs. Judge Ryu appropriately considered these issues in making her rulings ordering plaintiffs to produce only a subset of the documents sought by defendants. Dkt. No. 442 at 23-25, 27.

5

Nos. 10, 23, 24, 48.

Objections re CMP RFP No. 24. In addition to the RFPs seeking documents regarding procedures in general, defendants separately address Judge Ryu's ruling on CMP RFP No. 24 to the extent it sought documents regarding inadvertent live births at plaintiffs' facilities. In particular, defendants complain that Judge Ryu impermissibly denied them access to documents responsive to category (c) – narrowed to seek guidelines regarding "transient fetal survival" – because defendants had not demonstrated relevance. Defendants argue here that relevance is "self-evident" because abortions can inadvertently lead to born-alive infant cases.

Defendants' objections are OVERRULED and Judge Ryu's rulings are AFFIRMED for the same reasons as above. Judge Ryu appropriately weighed the thin (if existent) relevance of these documents against privacy, burden, and potential for misuse.

Defendants also object to the denial of documents responsive to category (a) (concerning records of abortion cases involving an intact procedure or transient fetal survival), which Judge Ryu denied on the basis of undue burden, because only two of the eleven plaintiffs had submitted evidence to substantiate that burden. (The two plaintiffs submitted declarations explaining that they did not maintain "summaries" and would have to individually review their patients' medical records, which created the undue burden.) Defendants, therefore, ask me to order the remaining plaintiffs to produce any summaries they have, as the documents are relevant to both their "substantial veracity" and section 633.5 defenses. In response, plaintiffs contend that Judge Ryu was entitled to assume that the remaining plaintiffs, like the two who submitted declarations, similarly would not have summaries. Dkt. No. 457 at 5. I need not reach that issue to overrule defendants' objections. As discussed above, these documents would not be relevant to defendants' section 633.5 defense as a matter of law. Moreover, as Judge Ryu determined, because plaintiffs are not seeking defamation-type damages, defendants' "substantial veracity" defense does not provide a hook to secure summaries or other documents regarding inadvertent live births.

**CONCLUSION**

Defendants' objections are OVERRULED and Judge Ryu's rulings are AFFIRMED.

**IT IS SO ORDERED.**

Dated: February 8, 2019



William H. Orrick
United States District Judge