UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case Nos. 16-cv-00236-WHO (DMR) <br> 19-mc-80042 WHO (DMR) <br><br> **ORDER DENYING MOTIONS TO COMPEL THIRD PARTIES TO COMPLY WITH SUBPOENAS** |

Defendant Center for Medical Progress ("CMP") served document subpoenas on third parties Advanced Bioscience Resources, Inc. ("ABR"); five University of California campuses (collectively, "UC"[1]); StemExpress, LLC ("StemExpress"); and Sarah Heuston, a former StemExpress employee. Now before the court are two joint discovery letters and a motion to compel in which CMP seeks orders compelling the third parties to comply with the subpoenas. [Docket Nos. 426 (ABR Letter), 427 (UC Letter); Case No. 19-mc-80042, Docket No. 1 (StemExpress/Heuston Motion)[2].] The motions are appropriate for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, CMP's motions to compel are denied.

**I.  DISCUSSION**

Through its subpoenas to third parties ABR, UC, and StemExpress, CMP seeks the production of documents related to Plaintiffs' fetal tissue procurement programs and practices. In

---

[1] The campuses are San Diego, Los Angeles, Irvine, Berkeley, and San Francisco.

[2] CMP moved to compel StemExpress and Heuston's compliance with the subpoenas in the United States District Court for the Eastern District of California, the district in which compliance was requested. That court transferred the motion to this district on February 11, 2019, and the Honorable William H. Orrick referred the motion to the undersigned on February 28, 2019. [Case No. 19-mc-80042, Docket Nos. 9, 14.]

the case of ABR and StemExpress, CMP also seeks documents related to those third parties' own fetal tissue procurement practices. As to Heuston, CMP requests all documents concerning her employment with StemExpress and "any fetal tissue procurement" Heuston performed. StemExpress/Heuston Motion 1.

CMP asserts that the subpoenas are relevant to its contention that Plaintiffs violated the law regarding the transfer of fetal tissue. CMP either repeats or incorporates by reference the relevance arguments from its motion to compel further written discovery from Plaintiffs, which the court granted in part and denied in part on January 24, 2019. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236 WHO (DMR), 2019 WL 317597 (N.D. Cal. Jan. 24, 2019), *aff'd,* No. 16-CV-00236-WHO, 2019 WL 495600 (N.D. Cal. Feb. 8, 2019). CMP also argues that discovery regarding ABR and StemExpress's own fetal tissue procurement practices may establish "that [CMP's] investigative journalism study was legitimate *as a whole*," which it claims is relevant to defeating Plaintiffs' request for punitive damages. ABR Letter 3; StemExpress/Heuston Motion 8.

This court repeatedly has rebuffed Defendants' attempts to obtain broad discovery from Plaintiffs on the topic of fetal tissue procurement practices. Thus, in its January 24, 2019 order, the court permitted limited discovery into Plaintiffs' fetal tissue procurement programs and procedures used to obtain fetal tissue, due to the narrow and limited relevance to the parties' claims and defenses. *Id*. at \*9, 15. In so doing, the court held that such discovery was not relevant to Defendants' "substantial veracity defense," or to their California Penal Code section 633.5 defense to Plaintiffs' claims for relief under California Penal Code section 632. *Id*. at \*8-9, 17. In a subsequent decision, the court issued a protective order with respect to certain topics in Defendants' notices of deposition. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress* ("*Planned Parenthood II*"), No. 16-cv-00236 WHO (DMR), 2019 WL 1102988 (N.D. Cal. Mar. 8, 2019). The court summarized its previous orders discussing the limited relevance of Plaintiffs' fetal tissue procurement practices. *Id*. at \*1-2. It then rejected Defendants' assertion that the discovery is relevant to their defenses of substantial veracity, causation, unclean hands, public policy, and California Penal Code section 633.5. *Id*. at \*4-7.

CMP's current motions are aimed at obtaining the same information from third parties that they could not get from Plaintiffs. This amounts to an improper end-run around the court's prior orders. CMP is not entitled to discovery from third parties that the court has already ruled out-of-bounds.

In determining whether to enforce a subpoena, a court "is guided by not only Federal Rule of Civil Procedure [45(d)(3)(A)(iv)] which protects subpoenaed parties from 'undue burden' but also Rule 26," which authorizes a court to limit discovery in certain circumstances. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *see* Fed. R. Civ. P. 45, Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). For example, a court may limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In turn, Rule 26(b)(1) provides

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Of course, if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.'" *Del Campo v. Kennedy*, 236 F.R.D. 454, 458 (N.D. Cal. 2006) (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)).

To begin with, most of the discovery that CMP seeks through the three subpoenas is available from a more convenient, less burdensome, and less expensive source—namely, Plaintiffs. This includes CMP's requests for documents such as the third parties' emails and communications with Planned Parenthood affiliates, contracts, invoices, and pricing information related to fetal tissue transfers from Planned Parenthood affiliates. *See Nidec*, 249 F.R.D. at 577 (quashing subpoena where "vast majority of the discovery" was available from a party, holding "[t]here is simply no reason to burden nonparties when the documents sought are in possession of

the party defendant."). Moreover, as described above, the court has circumscribed discovery into Plaintiffs' fetal tissue procurement practices based on its minimal relevance as well as concerns about Defendants' potential misuse of discovery in this case. CMP may not use third party subpoenas to obtain information that the court declined to order Plaintiffs to produce.

The subpoenas are also unenforceable to the extent they seek information that is uniquely in the third parties' possession, such as internal emails and communications about Planned Parenthood, communications with other third parties, procurement logs, and documents related to the transfer of fetal tissue obtained from Planned Parenthood and others. As the court already has held, Defendants may not conduct "broad discovery" into Plaintiffs' fetal tissue procurement programs and procedures used to obtain fetal tissue. *See Planned Parenthood*, 2019 WL 317597, at *15. The discovery at issue in CMP's subpoenas is precisely the type of broad discovery the court already has prohibited.

Finally, CMP is not entitled to enforce its subpoenas to obtain documents related to ABR and StemExpress's own fetal tissue procurement practices. This category of documents is even farther afield, for it includes information that has nothing to do with Plaintiffs. This case involves Plaintiffs' allegations that Defendants engaged in a conspiracy to gain access to Planned Parenthood's conferences, offices, and doctors by using fake companies and fake identifications in order to surreptitiously film Planned Parenthood employees. Plaintiffs further allege that Defendants released a video "smear" campaign accusing them of engaging in a "criminal conspiracy to make money off of aborted baby parts" and "engag[ing] in 'illegal trafficking of aborted fetal parts.'" *See* First Am. Compl. ¶ 125. The operative complaint makes no mention of ABR and StemExpress's fetal tissue procurement practices, and they are not at issue in this lawsuit.

CMP cryptically argues that this category of documents is relevant because evidence of wrongdoing by the third parties could establish the legitimacy of CMP's "investigative journalism study . . . as a whole." *See* ABR Letter 3 (emphasis removed). According to CMP, the requested documents "are relevant to defeating the Plaintiffs' request for punitive damages by establishing that CMP's study was not a 'hit job,' but a legitimate investigation into actual wrongdoing in the

4

fetal tissue procurement industry." StemExpress/Heuston Motion 8. However, as the court has already held, "[f]acts that Defendants had in their possession at the time they released their video campaign are relevant to evaluating whether Defendants' actions were culpable. Evidence that Defendants may be able to gather after the fact is not probative of Defendants' actions at the time they released their public campaign." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236 WHO (DMR), 2019 WL 311622, at *5 (N.D. Cal. Jan. 24, 2019); *see also Planned Parenthood II*, 2019 WL 1102988, at *7 ("[i]nformation that Defendants did not already know or possess at the time they recorded Plaintiffs' employees is not relevant to the reasonableness of their beliefs about Plaintiffs' alleged misconduct."). CMP's attempt to gather after-the-fact discovery from third parties that is also wholly unrelated to Plaintiffs is a blatant overreach.

## II. CONCLUSION

For the foregoing reasons, CMP's motions to compel third parties ABR, UC, StemExpress, and Heuston to comply with its subpoenas is denied.

**IT IS SO ORDERED.**

Dated: March 18, 2019



_____
Donna M. Ryu
United States Magistrate Judge

5