United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 16-cv-00236-WHO (DMR) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** <br><br> Re: Dkt. No. 505 |

The parties filed a joint discovery letter brief in which Defendants Center for Medical Progress ("CMP") and David Daleiden move for a protective order limiting the total deposition time of Daleiden to one seven-hour day. [Docket No. 505.] This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the following reasons, Defendants' motion is denied.

Plaintiffs served a Rule 30(b)(1) deposition notice on Daleiden and Rule 30(b)(6) deposition notices on Defendants CMP and BioMax Procurement Services, LLC ("BioMax"). CMP and BioMax each designated Daleiden as its corporate representative. Plaintiffs contend that they are entitled to three separate depositions of Daleiden, but state that as a compromise, they seek only two depositions: one seven-hour deposition of Daleiden in his individual capacity pursuant to Rule 30(b)(1) and one seven-hour deposition of Daleiden as the representative of both CMP and BioMax pursuant to Rule 30(b)(6).

Defendants oppose Plaintiffs' request for two seven-hour depositions of Daleiden, arguing that Plaintiffs have not established "good cause" to depose him for more than seven hours. Jt. Letter 3 (citation omitted). They assert that a protective order limiting Plaintiffs to one seven-hour deposition of Daleiden is necessary to prevent "harassing, unreasonably burdensome, and

cumulative discovery." *Id*.

Plaintiffs are entitled to two seven-hour depositions of Daleiden, one in his individual capacity and one in his capacity as CMP and BioMax's corporate representative, because "the depositions of an individual who is noticed as an individual witness pursuant to Fed.R.Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) are presumptively subject to independent seven-hour time limits." *Wesley v. Gates*, No. C 08-2719 SI, 2009 WL 1955997, at *1 (N.D. Cal. Jul. 2, 2009) (quoting *Sabre v. First Dominion Capital, LLC*, No. 01-CIV-2145-BSJ-HBP, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001)). Accordingly, Defendants' motion is denied.

**IT IS SO ORDERED.**

Dated: March 18, 2019



Donna M. Ryu
United States Magistrate Judge