AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:   (415) 471-3100
Facsimile:   (415) 471-3400
Email:   amy.bomse@aporter.com
         sharon.mayo@aporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone:   (212) 836-8000
Email:   diana.sterk@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone:   (415) 531-1791
Email: beth.parker@ppnorcal.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone:   (202) 973-4800
Email:   helene.krasnoff@ppfa.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>       Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**PLAINTIFFS' MOTION FOR SANCTIONS** |

Plaintiffs file this motion for sanctions under Federal Rule of Civil Procedure 37 because of Defendants' flagrant violation of the Protective Order in this case by disclosing a transcript designated "Highly Confidential - Attorneys' Eyes Only" ("AEO") to their expert without first requesting permission, as required by the Order.  Defendants' expert incorporated this highly confidential information into his expert report, which Defendants then shared with Defendant David Daleiden in further violation of the Order.  Based on these and other similar violations, Plaintiffs request that the Court (1) exclude the expert report, or alternatively, strike portions of the report that cite or rely on the transcript; (2) hold Defendants in contempt; and (3) order monetary sanctions.

## STATEMENT OF FACTS

On August 31, 2016, this Court entered a Protective Order, which allows the parties to designate documents as AEO where disclosure "is likely to cause a substantial risk of serious injury."  Dkt. 117, §2.6.  The AEO provisions of the Protective Order are intended to preclude the named Defendants from reviewing materials designated as AEO to protect Plaintiffs and their employees from the risk of serious injury that could be caused by disclosure.  Under the Protective Order, a party wishing to disclose AEO documents to their experts:

> [F]irst must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information that the Receiving Party seeks to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches the Expert's fully executed Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (attached hereto as Exhibit A-2); and (4) attaches a copy of the Expert's current resume . . . .

*Id.* §8.6(b). The Receiving Party is only permitted to disclose the AEO documents if it does not receive a written objection within seven days of the request.  *Id.* §8.6(c).

Despite these procedures, Defendants' counsel provided multiple experts with multiple documents designated as AEO (the "Disclosed Documents") without seeking permission, or providing any of the information required under § 8.6(b).  One of these Disclosed Documents--a transcript of testimony of Dr. Deborah Nucatola, a Planned Parenthood employee, before the United States House Select Investigative Panel ("Nucatola Transcript")--was produced by non-party Nucatola as AEO (subject to the Protective Order in this case) only after she was compelled to do so in a separate proceeding. Exhibit B.  The court warned Defendants to be careful with the transcript.

1  Exhibit C.

2  Defendants admitted their violations of the Protective Order in an email to Plaintiffs and Dr.

3  Nucatola's counsel. Exhibit A. They admitted they gave their expert, Dr. Forrest Smith, the

4  Nucatola Transcript, which he incorporated into his report, and conceded that he relied on and

5  quoted extensively from it. *See* Exhibit A; Bomse Decl. ¶13. To compound their first violation,

6  Defendants also admitted that they had then given Mr. Daleiden a copy of Dr. Smith's report.[1]

7  Exhibit A.

8  This is not the first time Defendants disclosed protected information in violation of a court

9  order. In direct violation of an injunction ordered by this Court, Mr. Daleiden and his criminal

10  counsel obtained copies of enjoined recordings, posted YouTube links to some or all of those

11  recordings, and published names of recorded individuals. *See* NAF Dkt. 409. This Court found Mr.

12  Daleiden in civil contempt for "violating the clear mandate" of the injunction multiple times and

13  imposed sanctions.[2] NAF Dkt. 482 at 21-23; NAF Dkt. 495. Defendants' disregard of this court's

14  orders has impacted the safety of Plaintiffs' current and former employees.

### ARGUMENT

### THIS COURT SHOULD IMPOSE SANCTIONS FOR DEFENDANTS' VIOLATION OF THE PROTECTIVE ORDER

Defendants' admitted blatant violations of the Protective Order warrant sanctions to adequately protect Plaintiffs, Plaintiffs' employees, and the non-party witnesses in this case, as well as the integrity of this Court's orders. Federal Rule of Civil Procedure 37(b) authorizes sanctions for failure to comply with discovery orders, including protective orders. *See, e.g.*, *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 935 (9th Cir. 1993) ("'Rule 37(b)(2) should provide comprehensively for enforcement of all [discovery] orders,' including Rule 26(c)

---

[1] Defendants did not disclose in their email regarding the Nucatola Transcript that they had provided other AEO documents to their experts without requesting permission. Only after an email from Plaintiffs asking about other AEO disclosures to experts did Defendants admit that they had provided additional AEO documents to experts Dr. Smith and Mr. Zimmer. Exhibit D.

[2] Defendant Daleiden continues to publicize the cases against him, including discussing upcoming depositions of Planned Parenthood witnesses, which increases the risk of disclosure of this AEO information. *See* Decl. of Amy Bomse ISO Motion for Sanctions ("Bomse Decl.") ¶15.

protective orders.")(citations omitted); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) (upholding sanctions under Rule 37(b) for violation of protective order).

Defendants' counsel do not dispute that they provided AEO documents to their experts without seeking permission--a clear violation of § 8.6(b) and (c) of the Protective Order. Nor do they dispute that they then provided the expert reports incorporating those AEO documents to the Defendants--a clear violation of § 8.3. The entirety of the Nucatola Transcript was designated as AEO, and had been the subject of much contention between Defendants and Dr. Nucatola. Defendants never disputed this designation and acknowledge that the transcript and other Disclosed Documents were so designated.[3] Exhibit A. Defendants' only excuse is that they thought having their experts sign the Protective Order (without notifying or providing those signed pages to Plaintiffs) was "sufficient." Exhibit D. But sanctions for violating discovery orders are permissible "regardless of the reasons" for the violations. *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852 WHA JCS, 2012 WL 1600393, at *10 (N.D. Cal. May 7, 2012).

Given the harassment and threats Plaintiffs and their employees have already suffered, the disclosure of this protected material presents significant risk and prejudice to Dr. Nucatola and Plaintiffs. Defendants' response to their violation—including compounding it by circulating the expert report and their failure to adequately respond to Dr. Nucatola's counsel's questions concerning the violation—and their pattern of patent disregard for this Court's orders, shows that Defendants do not take their court-ordered obligations seriously and sanctions are warranted.

## I. THE COURT SHOULD DISQUALIFY DR. SMITH AND EXCLUDE HIS EXPERT REPORT

Because Defendants' disclosure prejudiced Plaintiffs and Dr. Nucatola, and the Nucatola Transcript is integral to Dr. Smith's conclusions, Dr. Smith should be disqualified and his expert report should be excluded.

Rule 37 allows courts to preclude a violating party "from introducing designated matters

---

[3] Defendants conduct cannot be "excused by either claiming after the fact that the information was improperly designated or by instructing [Defendants] to destroy all the copies of the reports he possessed." *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, No. CV063459ABCPLAX, 2012 WL 12882012, at *4 (C.D. Cal. Feb. 13, 2012).

into evidence," Fed. R. Civ. Proc. 37(b)(2)(A)(ii), including expert reports and testimony, when prejudice is shown. *See, e.g.*, *Life Techs. Corp.,* 2012 WL 1600393 at *11 (barring expert who improperly received confidential information from testifying about related subjects); *Spin Master*, 2012 WL 12882012, at *4 (striking portions of expert report based on disclosure of confidential documents). Courts have found that a party's failure to give notice of disclosure of confidential documents, in and of itself, may prejudice the opposing party. *See In re Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB MDD, 2015 WL 1499167, at *10 (S.D. Cal. Apr. 1, 2015) (disqualifying expert for failure to provide notice of disclosure of confidential documents).

> The harm to Defendants occurred when Plaintiffs failed to give notice as contemplated by the protective order. If notice had been given to Defendants, the issue of whether [Plaintiffs' expert] was a competitor [under the protective order] could have been addressed proactively, thereby preventing improper disclosure. Plaintiffs deprived Defendants of this opportunity by not giving notice.

*Id*. at 10. In *Allergan*, *Inc. v. Sandoz Inc.*, No. 2:09-CV-182, 2011 WL 2563238, at *1 (E.D. Tex. June 28, 2011), a case which this Court cited approvingly in *Life Technologies Corp.*, the receiving party failed to provide notice, as required by a protective order, before disclosing confidential information to their expert. Concluding that "condoning" the violation "would undermine the Court's integrity and ability to enforce its own rules," the court found extreme prejudice and struck the expert report in its entirety, in addition to ordering other limitations on the receiving party's experts. *Id.* at *2–3.

    Defendants' failure to follow the ordered procedures prejudiced Plaintiffs and Dr. Nucatola. Their violations of § 8.6 deprived Plaintiffs and Dr. Nucatola from refusing permission to provide the Disclosed Documents to experts, vetting the background of experts prior to potentially granting permission, or granting limited permission. Defendants' failure to provide notice similarly deprived Plaintiffs and Dr. Nucatola of the ability to put adequate safeguards in place to ensure the transcript's confidentiality as a condition of granting permission. Defendants' failure to request permission directly resulted in the exact situation that § 8.6(b) contemplated--putting AEO information into the hands of individuals who should not be seeing them. Had Defendants followed the proper procedures, Plaintiffs and Dr. Nucatola would have made sure the Disclosed Documents were closely monitored. And if they had followed the procedures, it is unlikely that Defendants

1  would have been in a position to violate the Protective Order even further by providing the named
2  Defendants with expert reports containing AEO information within the Disclosed Documents.
3        Striking Dr. Smith's report is warranted because he heavily cites and relies on the
4  improperly disclosed Nucatola Transcript.  He cites Dr. Nucatola's testimony on 16 of the 27 pages
5  in the report's "Analysis and Opinions" section and explicitly quotes her testimony at least 22
6  times.  Bomse Decl. ¶13.  It is vital to three of his four opinions.  If the Court does not exclude his
7  report completely, it should, at minimum, exclude these three opinions.

## II. THE COURT SHOULD IMPOSE ADDITIONAL SANCTIONS

      Defendants' clear violations of the Protective Order also warrant that the Court hold them in contempt and issue monetary sanctions, including attorneys' fees for Plaintiffs and Dr. Nucatola's attorneys.  A court can hold the violator of a protective order in contempt where the violation is "beyond substantial compliance" and "not based on a good faith and reasonable interpretation of the [order]" and can also impose monetary sanctions, including attorney's fees, against the violator. *See Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir.1997); *Harmston v. City & Cty. of San Francisco*, No. C 07-01186SI, 2007 WL 3306526, at *3, *7 (N.D. Cal. Nov. 6, 2007) (holding violators of protective order in contempt and ordering sanctions of reasonable expenses, including attorney's fees); *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 911 (9th Cir. 1986) (upholding district court's order of $3,000 in sanctions for protective order violation). Defendants are clearly not in "substantial compliance."  Their violation is compounded because this is not the first time they have violated this Court's orders.  Defendants were on notice of the importance of adequately protecting AEO information through the many motions and arguments on the Protective Order.  Yet without any adequate explanation, they failed to do so.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court (1) exclude Dr. Smith's expert report in its entirety or, in the alternative, exclude all portions of Dr. Smith's report that rely on or cite to Dr. Nucatola's testimony; (2) hold Defendants' counsel held in contempt; and (3) award monetary sanctions for Defendants' violation of the Protective Order.

Dated: April 22, 2019                    Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP


By:     /s/ *Amy L. Bomse*
        Amy L. Bomse
        Attorneys for Plaintiffs