UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br>Plaintiffs, <br><br>v. <br><br>CENTER FOR MEDICAL PROGRESS, et al., <br><br>Defendants. | Case No. 16-cv-00236-WHO (DMR) <br><br>**ORDER GRANTING MOTION TO QUASH SUBPOENA TO THIRD PARTY CATE DYER** <br><br>Re: Dkt. No. 526-4 |

Defendant Center for Medical Progress ("CMP") served a subpoena for deposition testimony on Cate Dyer, the CEO of third-party StemExpress, LLC ("StemExpress"). The court now considers a joint discovery letter in which Dyer seeks an order quashing the subpoena. [Docket No. 526-4 (Jt. Letter).] The motion is appropriate for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Dyer's motion to quash is granted.

**I.    DISCUSSION**

CMP seeks to depose Dyer regarding the following subjects: 1) whether StemExpress "purchased fetal tissue" from Planned Parenthood affiliates; 2) whether it "encouraged or turned a blind eye" to certain fetal tissue practices, including altering abortion procedures and violating state and federal partial birth abortion bans; 3) whether Defendants had a reasonable belief that "Dyer and others were encouraging violent felonies on pregnant women and their fetuses to procure better specimens"; and 4) Dyer's understanding of the privacy expectations and contractual obligations of exhibitors at Planned Parenthood Federation of America and National Abortion Federation's conferences. Jt. Letter 3-4. CMP contends that "the StemExpress business model bears directly on whether Plaintiffs sold fetal tissue for profit to StemExpress, and whether Plaintiffs encouraged and participated in an illegal conspiracy with StemExpress to sell fetal tissue

to end consumers, just as DaVinci Biologics did." *Id*. at 5. According to CMP, it seeks to depose Dyer "to negate Plaintiffs' claims and prove its defenses," and incorporates by reference the relevance arguments that it made in previous filings. *Id*. at 3, 4 n.3.

This is not CMP's first attempt to obtain discovery from a third party regarding Plaintiffs' (and others') fetal tissue procurement practices. CMP previously served document subpoenas on several third parties, including StemExpress and Advanced Bioscience Resources ("ABR"). The subpoenas sought documents related to Plaintiffs' fetal tissue procurement practices, as well as StemExpress and ABR's own fetal tissue procurement programs and practices. CMP argued that the subpoenas were relevant to its contention that Plaintiffs violated the law regarding the transfer of fetal tissue.

On March 18, 2019, the court denied CMP's motion to compel the third parties to comply with the subpoenas. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236 WHO (DMR), 2019 WL 1236054 (N.D. Cal. Mar. 18, 2019). In reaching this result, the court highlighted its previous orders in which it outlined the "narrow and limited relevance" of Plaintiffs' fetal tissue procurement practices to the parties' claims and defenses. *Id*. at *1. It held that CMP's subpoenas "amount[ed] to an improper end-run around the court's prior orders. CMP is not entitled to discovery from third parties that the court has already ruled out-of-bounds." *Id*. at *2. The court explained that most of the discovery would have been "available from a more convenient, less burdensome, and less expensive source—namely, Plaintiffs," and that CMP "may not use third party subpoenas to obtain information that the court [had already] declined to order Plaintiffs to produce." *Id*. Further, the court concluded that documents related to StemExpress and ABR's own fetal tissue procurement practices were "even farther afield," for that category of documents "includes information that has nothing to do with Plaintiffs." *Id*. at *3. The court noted that the operative complaint made no mention of the third parties' fetal tissue procurement practices "and they are not at issue in this lawsuit." *Id*. On April 10, 2019, the Honorable William H. Orrick affirmed the court's order. [Docket No. 534.]

The same outcome is warranted with respect to the present dispute. The court has already ruled that CMP may not obtain written discovery from third parties regarding Plaintiffs' and third

2

parties' fetal tissue procurement practices.  CMP may not use a deposition subpoena to obtain what it could not through a document subpoena.  Dyer's motion to quash is therefore granted.

## II. CONCLUSION

For the foregoing reasons, Dyer's motion to quash is granted.  CMP's subpoena to Dyer is quashed.

**IT IS SO ORDERED.**

Dated: April 29, 2019



Donna M. Ryu
United States Magistrate Judge