UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 16-cv-00236-WHO<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE NONDISPOSITIVE ORDER**<br><br>Re: Dkt. No. 588 |

Defendants object to and seek relief from Judge Ryu's nondispositive Order, Dkt. No. 581, granting only in limited part defendants' motion to compel further production of AIMS reports. Dkt. No. 588. They argue that production of AIMS reports should have been compelled for all Planned Parenthood affiliates – and not just for the nine plaintiff-affiliates and the five additional affiliates selected by defendants as allowed by Judge Ryu – because they are entitled to test plaintiffs' assertion that there was an increased threat level following the release of defendants' videos as well as whether plaintiffs' spending on security enhancements was justified. Defendants contend that because unidentified deponents have testified they were influenced in part by the increase in AIMS reports from non-plaintiffs to justify increased security measures, they are entitled under Federal Rule of Evidence 1002 to all underlying AIMS reports to prove the witness's fears were "unfounded."

I affirm Judge Ryu's Order. Defendants have sufficient information to use against witnesses (whom they did not identify) on cross-examination. For each deponent from an affiliate, defendants have those affiliates' own AIMS reports. They can note, for example, where incidents occurred at non-Planned Parenthood-affiliated entities, where incidents were caused by minors or disgruntled patients, or where the incidents do not appear to involve anti-abortion

opposition.  *See* Dkt. No. 588 fns. 1 & 2.  They also have HotSpots digests, which admittedly include details regarding 20% of, presumably, the most significant events reported by the affiliates that month.  They also have (or soon will have) AIMS reports from the five affiliates they selected, which can be used along with the plaintiff-affiliate reports to confirm defendants' beliefs as to what the evidence shows or does not show and any deficiencies in the AIMS reporting methodology.

Defendants have not identified a need for the unproduced AIMS reports that is proportional to the burden of production by plaintiffs of all AIMS reports (seeking permission from affiliates, collecting reports, redacting reports, etc.).  They made no showing, for instance, that the information allowed from the fourteen affiliates is not representative of the basis for the testimony of any witness.  At trial, I will consider any objections if a witness attempts to testify about or introduce a specific AIMS report that was not discussed in sufficient detail in a produced HotSpots digest or was not itself turned over to the defense.

Defendants objections to Magistrate Judge Ryu's Order are OVERRULED and her decision is AFFIRMED.

**IT IS SO ORDERED.**

Dated: May 28, 2019

William H. Orrick
United States District Judge