Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com
pjonna@limandri.com
jtrissell@limandri.com
dwilson@limandri.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, Gerardo Adrian Lopez, and David Daleiden*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>THE CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 3:16-CV-00236 (WHO)<br><br>Hon. William H. Orrick III<br><br>Second Declaration of Jeffrey M. Trissell, Esq., in Support of Various Reply Briefs<br><br>Hearing Date: July 17, 2019, 2:00 p.m. Courtroom 2, 17th Floor |

I, Jeffrey M. Trissell, declare and state as follows:

1. I am an attorney at law duly licensed to practice in the State of California and in the Northern District of California, and am counsel for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, and Gerardo Adrian Lopez in this action. As such, I have personal knowledge of the matters set forth below and could and would testify thereto if called upon to do so.

2. This declaration is submitted in support of various of Defendants' Replies in Support of their Motions for Summary Judgment already filed with the Court. Defendants initially filed certain documents conditionally under seal via an Administrative Motion to Seal. However, Defendants and Plaintiffs have determined that certain documents do not need to be sealed and therefore submit the attached documents publicly.

3. Attached hereto as **Exhibit 89** is a true and correct copy of Plaintiffs' Response to Defendant David Daleiden's Interrogatories [Set Two], dated September 14, 2016, and served on my office.

4. Attached hereto as **Exhibit 90** is a true and correct copy of Plaintiffs' Amended Response to Defendant David Daleiden's Interrogatories [Set Two], dated June 8, 2018, and served on my office.

5. Attached hereto as **Exhibit 91** is a true and correct copy of Plaintiffs' Corrected Amended Response to Defendant David Daleiden's Interrogatories [Set Two], dated October 22, 2018, and served on my office.

6. Attached hereto as **Exhibit 96** is a true and correct copy of the document "Hot Spots for the period July 1 – August 31, 2015," as prepared by PPFA and produced in this action with the bates nos. PP0001216 through PP0001221.

7. Attached hereto as **Exhibit 135** is a true and correct copy of the relevant portions of the transcript of the deposition of Tram Nguyen, taken in this action on March 21, 2019.

8. Attached hereto as **Exhibit 136** is a true and correct copy of the relevant portions of the transcript of the deposition of Katharine Sheehan, M.D., taken in this action on May 30, 2019.

/ / /

9.      Attached hereto as **Exhibit 137** is a true and correct copy of the relevant portions of the transcript of the deposition of Deborah Vanderhei, taken in this action on April 3, 2019.

10.     Attached hereto as **Exhibit 138** is a true and correct copy of the relevant portions of the transcript of the deposition of PPOSB's Fed. R. Civ. P. 30(b)(6) witness, Jon Dunn, taken in this action on May 9, 2019.

I declare until penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on July 12, 2019.

_____

Jeffrey M. Trissell

**EXHIBIT 89**

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ERICA CONNOLLY (No. 288822)
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email:    amy.bomse@aporter.com
            sharon.mayo@aporter.com
            jeeyoung.you@aporter.com
            erica.connolly@aporter.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
   CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California  95814-4581
Telephone:    (916) 446-5247
Email:    beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
   AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:    (202) 973-4800
Email:    helene.krasnoff@ppfa.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>                    Defendants. | Case No.  3:16-cv-00236-WHO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]**<br><br>**DESIGNATED CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, DKT. NO. 117** |

PROPOUNDING PARTY:        Defendant DAVID DALEIDEN

RESPONDING PARTIES:        Plaintiffs Planned Parenthood Federation of America, Inc. ("PPFA"); Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of the Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood/Orange and San Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara, Ventura and San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena and San Gabriel Valley, Inc.; Planned Parenthood of the Rocky Mountains; Planned Parenthood Gulf Coast and Planned Parenthood Center for Choice

SET NUMBER:                TWO (Nos. 2–7).

1    Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Civil Rules of the

2    United States District Court for the Northern District of California, Plaintiffs Planned Parenthood

3    Federation of America, Inc. ("PPFA"); Planned Parenthood: Shasta-Diablo, Inc. dba Planned

4    Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of the

5    Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood/Orange and San

6    Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara, Ventura and San Luis Obispo

7    Counties, Inc.; Planned Parenthood Pasadena and San Gabriel Valley, Inc.; Planned Parenthood of

8    the Rocky Mountains; Planned Parenthood Gulf Coast and Planned Parenthood Center for Choice

9    (collectively "Plaintiffs") hereby object and respond to Defendant David Daleiden's Interrogatories

10   (Set Two) (the "Interrogatories"), served by Defendant David Daleiden ("Defendant" and

11   collectively with Defendants BioMax Procurement Services LLC, Center for Medical Progress

12   LLC, Sandra Susan Merritt, Gerardo Adrian Lopez, Phillip S. Cronin, Albin Rhomberg, Troy

13   Newman, "Defendants") on Plaintiff on July 15, 2016.

## PRELIMINARY STATEMENT

15       1.       Plaintiffs provide these objections and responses based upon the investigation

16   conducted in the time available since service of the Interrogatories.  As of the date of these

17   objections and responses, Plaintiffs have not had a sufficient opportunity to review all documents,

18   interview all personnel and/or otherwise obtain information that may prove relevant in objecting

19   and responding to the Interrogatories.  As a consequence, these objections and responses are based

20   upon information now known to Plaintiffs and that Plaintiffs believe to be pertinent in objecting and

21   responding to the Interrogatories.  In the future, Plaintiffs may discover or acquire additional

22   information bearing on the Interrogatories, and Plaintiffs' objections and responses thereto.

23   Without in any way obligating itself to do so, Plaintiffs reserve the right: (a) to make subsequent

24   revisions or amendments to its objections or these Responses based upon information, evidence,

25   documents, facts, and/or other things that hereafter may be discovered, or the relevance of which

26   may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or subsequently

27   acquired or discovered writings, evidence, and information in any proceedings or at any trial held

28   hereafter.

PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]

1.  Further, any response by Plaintiffs to a particular Interrogatory is not intended, and shall not be construed, as an admission of the existence of any fact, of any assertion, or of any other matters expressed or implied in the Interrogatory.  Plaintiffs' objection to, or failure to object to, any particular Interrogatory is not, and shall not be construed as, an admission that responsive information exists.  Moreover, Plaintiffs' decision to consent to the disclosure of information pursuant to any specific Interrogatory, notwithstanding the objectionable nature of any such Interrogatory, or its related definitions or instructions, also should not be construed as: (a) a stipulation that the material is relevant to any proceeding, (b) a waiver of the general or specific objections asserted to the Interrogatory, or (c) an agreement that future requests for similar information will be treated in a similar manner.  Subject to and without waiving these objections, Plaintiffs agree to meet and confer with Defendant to attempt to resolve these objections and appropriately narrow the scope of these Interrogatories.

2.  Plaintiffs incorporate this Preliminary Statement into each objection and response below as if set forth in its entirety.

## GENERAL OBJECTIONS

Plaintiffs make the following General Objections, which are expressly incorporated into each of the Objections to the Definitions, Instructions, and Specific Interrogatories below as though set forth in full and without waiving these General Objections:

3.  Plaintiffs object that the Interrogatories to seek information exclusively within the possession, custody, and control of Defendants and are premature.  Defendants have not yet produced to Plaintiffs the video recordings that Plaintiffs requested in their First Set of Requests for Production of Documents, which was served on March 28, 2016.  Plaintiffs believe the video recordings in Defendants' possession are the only evidence that show which of Plaintiffs' employees and staff were videotaped by Defendants.

4.  Plaintiffs object that the Interrogatories seek information that is non-public and confidential or highly confidential, and which includes proprietary and confidential business information, including information constituting or pertaining to personnel information.  Disclosure of such information would be harmful to Plaintiffs' legitimate business interests.  Plaintiffs will

- 2 -

1   provide confidential information and documents solely in accordance with the terms of the

2   Protective Order entered in this case.

3        5.      Plaintiffs object that the Interrogatories call for the disclosure of information

4   previously disclosed pursuant to, and protected by, protective orders and/or confidentiality

5   agreements entered in prior litigations or investigations.  Plaintiffs will comply with those

6   protective orders and/or confidentiality agreements in responding to the Interrogatories.

7        6.      Plaintiffs object to the Interrogatories to the extent that they call for the disclosure of

8   information covered by non-disclosure and/or confidentiality agreements with third-parties and/or

9   would violate the privacy interests of others.  Plaintiffs will produce such materials only after

10   providing notice and opportunity for such third-parties to object, or pursuant to the terms of the

11   Protective Order if such notice and opportunity to object has already been provided.

12        7.      Plaintiffs object that the Interrogatories seek information that is available through

13   less burdensome means of discovery or other sources in that the information requested is: (a) in the

14   possession, custody, or control of other parties or non-parties; and/or (b) publicly available or

15   otherwise equally available to Defendant.  Plaintiffs will provide responses only to the extent that

16   such information is in the possession, custody, or control of Plaintiffs.

17        8.      Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous,

18   oppressive, designed to annoy or harass, impose on Plaintiffs an unreasonable burden of inquiry, or

19   require Plaintiffs to incur substantial expense in order to comply.

20        9.      Plaintiffs object to the Interrogatories to the extent that they call for the disclosure of

21   information that is not relevant to the subject matter of this action, not relevant to a claim or defense

22   of any party to this action, or not reasonably calculated to lead to the discovery of admissible

23   evidence.

24        10.     Plaintiffs object that the Interrogatories do not contain any assurance that Plaintiffs

25   will be compensated for any of the costs, including attorneys' fees, they will incur in responding.

26        11.     Plaintiffs object to the Interrogatories to the extent that they seek information

27   protected from disclosure by the attorney-client privilege, the attorney work-product doctrine,

28   and/or other privileges, immunities, and legal protections against disclosure.  Nothing contained

- 3 -

PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]

1    herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client

2    privilege, work-product doctrine, right to privacy, or any other applicable privilege, doctrine, law,

3    immunity, or rule protecting information from disclosure.

4         12.     Plaintiffs object to the Interrogatories to the extent that they purport to impose

5    requirements, burdens, and/or discovery obligations that exceed those permitted by the Federal

6    Rules of Civil Procedure and Judge Orrick's individual practices.

7         13.     Plaintiffs object that the Interrogatories are unreasonably cumulative or duplicative.

8         14.     Plaintiffs object to the Interrogatories to the extent that they are based on incorrect

9    factual assertions and therefore lack foundation.

10        15.     Plaintiffs object to the Interrogatories to the extent they seek information, or the

11   compilation of data, that may be derived or ascertained from business records, where the burden of

12   deriving or ascertaining the answers thereto is substantially the same for Defendant as for Plaintiffs.

13        16.     Plaintiffs' objection to or failure to object to any particular Interrogatory is not, and

14   shall not be construed as, an admission that responsive information exists.

15        17.     Plaintiffs incorporate by reference every General Objection into each and every

16   specific response to the Interrogatories set forth below. A specific response may repeat a General

17   Objection for emphasis or some other reason. The failure to include any General Objection in any

18   specific response shall in no way waive any General Objection to that Interrogatory.

19                        **OBJECTIONS TO DEFINITIONS**

20        Recognizing that parties generally may define terms as they wish for purposes of their

21   discovery requests, Plaintiffs set forth below objections to Defendant's definitions for the reasons

22   stated, which objections are applicable to each of Plaintiffs' specific objections and responses to the

23   Interrogatories and are incorporated therein.

24        **DEFINITION NO. 1**:  "documents or electronically stored information," as used in these

25   Requests for Production [sic] are intended to be defined as in Rule 34 and to include any printed,

26   handwritten, recorded, electronically stored or graphic matter of every type and description,

27   however and by whomever made, reproduced or disseminated, in your actual or constructive

28   custody or control.

- 4 -

**OBJECTIONS:** Plaintiffs object to this Definition on the grounds that it renders each Interrogatory in which it appears vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Definition on the grounds that it renders each Interrogatory in which it appears as an Interrogatory seeking documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object that this Definition is irrelevant because it is not used in the Interrogatories.

**DEFINITION NO. 2:** "person or entity," as used in these Requests for Production [sic], are intended to include any individual, corporation, partnership, association, joint venture, estate, trust, or other form of entity, including the parties to this litigation and their officers, agents, employees and representatives.

**OBJECTIONS:** Plaintiffs object to this Definition on the grounds that it renders each Interrogatory in which it appears vague, ambiguous, overbroad, and unduly burdensome. Plaintiffs further object to this Definition on the grounds that it renders each Interrogatory in which it appears as an Interrogatory seeking documents protected by the attorney-client privilege and the attorney work product doctrine.

**DEFINITION NO. 3:** "Planned Parenthood conference" means the North American Forum on Family Planning that was held October 12 -14, 2014 in Miami, Florida, and/or the PPFA Medical Directors' Council Conference that was held February 25 - March 2, 2015, in Orlando Florida [sic], and/or the PPFA National Conference that was held March 16-20, 2015, in Washington, D.C.

**OBJECTIONS:** Plaintiffs object to this Definition on the grounds that it renders each Interrogatory in which it appears vague and ambiguous as Plaintiffs are not able to ascertain which of the three conferences are being referenced by this Definition. Plaintiffs will interpret the term "Planned Parenthood conference" to mean collectively the three conferences listed above.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of California Penal Code section 632.

**RESPONSE INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions. Plaintiffs further object that this Interrogatory is premature because Defendants have not produced to Plaintiffs the information necessary for Plaintiffs to provide complete and accurate responses.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs have not completed their investigation, and Defendants have not yet produced their video recordings. Plaintiffs accordingly provide here only information for the employees and/or independent contractors that Plaintiffs at this time have reasonable belief were recorded in violation of Cal. Penal Code 632:

| Name/ID Number | Employer | Position |
| --- | --- | --- |
| DOE5001 | PPOSBC | Physician |
| DOE8001 | PPNorCal | Lead Clinician/Clinician Trainer |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| DOE9001 | PPCFC | Lead Educator (ASC) |
| DOE8002 | PPNorCal | Physician |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE7001 | PPPSGV | Senior Director of Medical Services |

**INTERROGATORY NO. 3:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of §10-402 of the Courts and Judicial Proceedings Article of the Maryland Judicial Code.

**RESPONSE INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory.  Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous.  Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine.  Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.  Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions.  Plaintiffs further object that this Interrogatory is premature because Defendants have not produced to Plaintiffs the information necessary for Plaintiffs to provide complete and accurate responses.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 NAF Annual Conference in Baltimore, Maryland, which took place between April 18 through April 21 2015 ("2015 NAF Conference"), and limit their response accordingly.  Plaintiffs have not completed their investigation, and Defendants have not yet produced their video recording from the 2015 NAF Conference.  Plaintiffs accordingly provide here only information for the employees and/or independent contractors that Plaintiffs at this time have reasonable belief were recorded in violation of § 10-402 of the Courts and Judicial Proceedings Article of the Maryland Judicial Code at the 2015 NAF Conference:

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1001 | PPFA | Director, Clinical Quality and Operations |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| DOE2001 | PPPSW | Staff Clinician Specialist |
| DOE2002 | PPPSW | Physician's Assistant |
| Dr. Virginia Siegfried | PPCCC | Medical Director |
| DOE6001 | PPCCC | Medical Services Manager |

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE9002 | PPCFC | Physician |
| DOE9003 | PPCFC | ASC Administrator |
| DOE9004 | PPCFC | Director of Abortion, Sedation, & Ultrasound |
| DOE9012 | PPGC/PPCFC | Sr. Regional Medical and Surgical Services Director |
| DOE9007 | PPGC/PPCFC | Regional Medical Services Director - Louisiana |
| Dr. Savita Ginde | PPRM | VP, Chief Medical Officer |
| DOE4001 | PPMM | Physician |

**INTERROGATORY NO. 4:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of section 934, rifle XLVII of the Florida Criminal Procedure Law at the PPFA conference in Orlando, Florida.

**RESPONSE INTERROGATORY NO. 4:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions. Plaintiffs further object that this Interrogatory is premature because Defendants have not produced to Plaintiffs the information necessary for Plaintiffs to provide complete and accurate responses.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 PPFA Medical Directors Council Conference in Orlando, Florida, which took place between February 25 to March 2, 2015 ("2015 MeDC Conference"), and limit their response accordingly. Plaintiffs have not completed their investigation, and Defendants have not yet produced their video recording from

the 2015 MeDC Conference.  Plaintiffs accordingly provide here only information for the

employees and/or independent contractors that Plaintiffs at this time have reasonable belief were

recorded in violation of section 934, title XLVII of the Florida Criminal Procedure Law at the 2015

MeDC Conference.

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1004 | PPFA | Manager, Medical Standards |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| Dr. Carolyn Westhoff | PPFA | Senior Medical Advisor for Medical Affairs |
| Dr. Jennefer Russo | PPOSBC | Medical Director |
| Dr. Virginia Siegfried | PPSBVSLO | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| Dr. Paul Fine | PPGC/PPCFC | Medical Director |
| DOE9006 | PPGC/PPCFC | Clinical Vice President of Medical Services and Interim Senior Vice President of Medical Services |

**INTERROGATORY NO. 5:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs

claim was recorded by any of the Defendants in violation of section 934, Title XLVII of the Florida

Criminal Procedure Law at the PPFA conference in Miami, Florida.

**RESPONSE INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference each General Objection and their Objections to

Definitions into their Specific Objections to this Interrogatory.  Plaintiffs object to this Interrogatory

on the grounds that it is vague and ambiguous.  Plaintiffs further object to this Interrogatory to the

extent that it seeks information protected by the attorney-client privilege and the attorney work

product doctrine.  Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs'

information that is confidential, proprietary, private, or financial information.  Plaintiffs further

object to this Interrogatory on the grounds that it seeks information equally available to Defendant.

Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private

information that is protected from disclosure pursuant to the United States and California

Constitutions.  Plaintiffs further object that this Interrogatory is premature because Defendants have

not produced to Plaintiffs the information necessary for Plaintiffs to provide complete and accurate

responses.

PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]

1       Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

2       Plaintiffs interpret this Interrogatory to be requesting information regarding the 2014 PPFA

3  National Medical Conference and National Medical Committee Meeting and North American

4  Forum on Family Planning in Miami, Florida, which took place between October 9 through

5  October 14, 2014 ("2014 Forum"), and limit their response accordingly.  Plaintiffs have not

6  completed their investigation, and Defendants have not yet produced their video recording from the

7  2014 Forum.  Plaintiffs accordingly provide here only information for the employees and/or

8  independent contractors for whom Plaintiffs at this time have a reasonable belief were recorded in

9  violation of section 934, title XLVII of the Florida Criminal Procedure Law at the 2014 Forum.

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1005 | PPFA | Associate Director, CAPS Budget & Affiliate Grants |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| Dr. Jennefer Russo | PPOSBC | Medical Director |
| Dr. Virginia Siegfried | PPCCC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE7001 | PPPSGV | Senior Director of Medical Services |
| Dr. Paul Fine | PPGC/PPCFC | Medical Director |
| Dr. Savita Ginde | PPRM | VP, Chief Medical Officer |
| DOE4001 | PPMM | Physician |

18

19  **INTERROGATORY NO. 6:**

20       Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs

21  claim was recorded by any of the Defendants in violation of 18 U.S.C. section 2511 at any time.

22  **RESPONSE INTERROGATORY NO. 6:**

23       Plaintiffs incorporate by reference each General Objection and their Objections to

24  Definitions into their Specific Objections to this Interrogatory.  Plaintiffs object to this Interrogatory

25  on the grounds that it is vague and ambiguous.  Plaintiffs further object to this Interrogatory to the

26  extent that it seeks information protected by the attorney-client privilege and the attorney work

27  product doctrine.  Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs'

28  information that is confidential, proprietary, private, or financial information.  Plaintiffs further

1  object to this Interrogatory on the grounds that it seeks information equally available to Defendant.

2  Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private

3  information that is protected from disclosure pursuant to the United States and California

4  Constitutions.  Plaintiffs further object that this Interrogatory is premature because Defendants have

5  not produced to Plaintiffs the information necessary for Plaintiffs to provide complete and accurate

6  responses.

7    Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

8    Plaintiffs have not completed their investigation, and Defendants have not yet produced their

9  video recordings.  Plaintiffs accordingly provide here information only for the employees and/or

10  independent contractors for whom Plaintiffs at this time have a reasonable belief were recorded in

11  violation of 18 U.S.C. section 2511 at any time.

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1005 | PPFA | Associate Director, CAPS Budget & Affiliate Grants |
| DOE1004 | PPFA | Manager, Medical Standards |
| DOE1001 | PPFA | Director, Clinical Quality and Operations |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| Dr. Carolyn Westhoff | PPFA | Senior Medical Advisor for Medical Affairs |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE2001 | PPPSW | Staff Clinician Specialist |
| DOE2002 | PPPSW | Physician's Assistant |
| Dr. Katherine Sheehan | PPPSW | Former Medical Director |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| Linda Williams | PPMM | President and CEO |
| DOE4001 | PPMM | Physician |
| Dr. Jennefer Russo | PPOSBC | Medical Director |
| DOE6001 | PPCCC | Medical Services Manager |
| Dr. Virginia Siegfried | PPCCC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE7001 | PPPSGV | Senior Director of Medical Services |
| DOE8001 | PPNorCal | Lead Clinician/Clinician Trainer |
| DOE8002 | PPNorCal | Physician |
| DOE9001 | PPCFC | Lead Educator (ASC) |
| DOE9004 | PPCFC | Director of Abortion, Sedation, & Ultrasound |
| DOE9002 | PPCFC | Physician |
| DOE9005 | PPGC | Research Director |
| Dr. Paul Fine | PPGC/PPCFC | Medical Director |
| DOE9003 | PPCFC | ASC Administrator |
| DOE9007 | PPGC/PPCFC | Regional Medical Services Manager/Director - Louisiana |

PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]

| Name/ID Number | Employer | Position |
|---|---|---|
| Melaney Linton | PPGC/PPCFC | President and Chief Executive Officer |
| DOE9006 | PPGC/PPCFC | Clinical Vice President of Medical Services and Interim Senior Vice President of Medical Services |
| DOE9008 | PPGC | Former Health Center Assistant |
| DOE9009 | PPCFC | Surgical Assistant |
| DOE9010 | PPGC | Receptionist |
| DOE9011 | PPGC | Receptionist |
| Dr. Savita Ginde | PPRM | VP, Chief Medical Officer |
| DOE1101 | PPRM | Research Assistant |
| Any other employee identified in the Responses to Interrogatories 1-5 and 7 | | |

**INTERROGATORY NO. 7:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of 18 U.S.C. 2511 at the PPFA conference in Washington, DC.

**RESPONSE INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions. Plaintiffs further object that this Interrogatory is premature because Defendants have not produced to Plaintiffs the information necessary for Plaintiffs to provide complete and accurate responses.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 PPFA National Conference in Washington D.C., which took place between March 16 through March 20, 2015 ("2015 National Conference"), and limit their response accordingly.  Plaintiffs have not completed their investigation, and Defendants have not yet produced their video recording from the 2015 National Conference.  Plaintiffs accordingly provide here only information for the employees and/or independent contractors for whom Plaintiffs at this time have a reasonable belief were recorded in violation of 18 U.S.C. section 2511 at the 2015 National Conference.

| Name/ID Number | Employer | Position |
| --- | --- | --- |
| DOE1001 | PPFA | Director, Clinical Quality and Operations |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| Linda Williams | PPMM | President and CEO |
| DOE9003 | PPGC | ASC Administrator |
| DOE9007 | PPGC | Regional Medical Services Manager/Director - Louisiana |
| Melaney Linton | PPGC/PPCFC | President and Chief Executive Officer |

DATED: September 14, 2016

Respectfully submitted,

ARNOLD & PORTER LLP

By: _Amy Bomse_ _____

Amy L. Bomse

Attorneys for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]

1

**PROOF OF SERVICE**

2

I, Georgie M. Price, declare:

3

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111-4024. On July 1, 2016, I served the following document(s) described as:

4

5

**PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO] DESIGNATED CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, DK NO. 117**

6

7

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth on the attached **SERVICE LIST**.

8

9

☐ by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

10

11

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, addressed as set forth on the attached **SERVICE LIST**, and causing the envelope to be delivered to a Federal Express agent for delivery.

12

13

☐ by placing them in an envelope or package addressed to the persons at the address(es) below and providing them to a professional messenger service for personal service.

14

15

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

18

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

Dated:  September 14, 2016

20

21

*Georgie M Price*
Georgie M. Price

22

23

24

25

26

27

28

**SERVICE LIST**

Catherine W. Short
Life Legal Defense Foundation
Post Office Box 1313
Ojai, CA 93024-1313
Email: lldfojai@cs.com

*Counsel for Defendants*
Center for Medical Progress, Biomax
Procurement Services, LLC, and
David Daleiden

Charles S. LiMandri
Paul M. Jonna
Teresa L. Mendoza
Jeffrey M. Trissell
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
Email: cslimandri@limandri.com
Email: pjonna@limandri.com
Email: tmendoza@limandri.com
Email: jtrissell@limandri.com

*Counsel for Defendants* Gerardo Adrian Lopez,
Center for Medical Progress & BioMax
Procurement Services, LLC

Peter C. Breen
Thomas L. Brejcha, Jr.
Thomas More Society
19 S. LaSalle Street, Suite 603
Chicago, IL 60603
Email: pbreen@thomasmoresociety.org
Email: tbrejcha@thomasmoresociety.org

*Counsel for Defendant* David Daleiden

Nicolaie Cocis
Law Office of Nicolaie Cocis and Associates
38975 Sky Canyon Drive, Suite 211
Murrieta, CA 92563
Email: nic@cocislaw.com

*Counsel for Defendant* Sandra Susan Merritt

Edward L. White III
Erik M. Zimmerman
American Center for Law and Justice
3001 Plymouth Road, Suite 203
Ann Arbor, MI 48105
Email: elwhite3@yahoo.com
Email: ezimmerman@aclj.org

*Counsel for Defendant* Troy Newman

Glenn J. Dickinson
LightGabler
760 Paseo Camarillo, Suite 300
Camarillo, CA 93010
Email: gdickinson@lightgablerlaw.com

*Counsel for Defendant* Phil Cronin

Vladimir F. Kozina
Mayall Hurley P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207
Email: vkozina@mayallaw.com

*Counsel for Defendant* Troy Newman

Michael Millen
Attorney at Law
119 Calle Marguerita #100
Los Gatos, CA 95032
Email: MikeMillen@aol.com

*Counsel for Defendant* Albin Rhomberg

1 **VERIFICATION**

2 I, Sue Dunlap, declare as follows:

3 I am President/CEO of Planned Parenthood Los Angeles, Inc. ("PPLA"). I am authorized to

4 make this verification for and on behalf of PPLA in the above-captioned matter. I have read the

5 PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES

6 [SET TWO] and know the contents thereof. Not all of the matters in those responses are within my

7 personal knowledge, and I am informed and believe that no single officer or employee of PPLA has

8 personal knowledge of all such matters. All facts stated in the above-referenced responses have

9 been assembled by authorized employees and counsel of PPLA. I am informed and believe that the

10 matters stated therein are true and correct, and on that basis verify the responses on behalf of PPLA,

11 reserving the right, in the event new additional or different information is discovered, to revise or

12 supplement the responses as warranted.

13 I declare under penalty of perjury under the laws of the United States of America that the

14 foregoing is true and correct.

15

16 Executed this 21st day of February, 2017 at Los Angeles, California,

17

18

19

20 **Sue Dunlap**

21

22

23

24

25

26

27

28

- 1 -
VERIFICATION

**VERIFICATION**

I, _Gilda Gonzales_ declare as follows:

I am _Interim CEO_ of Planned Parenthood Shasta-Diablo, Inc. dba Planned Parenthood Northern California ("PPNorCal"). I am authorized to make this verification for and on behalf of PPNorCal in the above-captioned matter. I have read the PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO] and know the contents thereof. Not all of the matters in those responses are within my personal knowledge, and I am informed and believe that no single officer or employee of PPNorCal has personal knowledge of all such matters. All facts stated in the above-referenced responses have been assembled by authorized employees and counsel of PPNorCal. I am informed and believe that the matters stated therein are true and correct, and on that basis verify the responses on behalf of PPNorCal, reserving the right, in the event new additional or different information is discovered, to revise or supplement the responses as warranted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _6_ day of _March_, 2017 at _Concord, CA_,

**Print name** _Gilda Gonzales_

- 1 -
VERIFICATION

**EXHIBIT 90**

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:     (415) 471-3100
Facsimile:      (415) 471-3400
Email:    amy.bomse@arnoldporter.com
              sharon.mayo@arnoldporter.com
              jeeyoung.you@arnoldporter.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
   CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California  95814-4581
Telephone:   (916) 446-5247
Email:    beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
   AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:   (202) 973-4800
Email:    helene.krasnoff@ppfa.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 3:16-cv-00236-WHO <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]** <br><br> **DESIGNATED CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, DKT. NO. 117** |

PROPOUNDING PARTIES:     Defendant DAVID DALEIDEN

RESPONDING PARTIES:      Plaintiffs Planned Parenthood Federation of America, Inc. ("PPFA"); Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of the Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood/Orange and San Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara, Ventura and San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena and San Gabriel Valley, Inc.; Planned Parenthood of the Rocky Mountains; Planned Parenthood Gulf Coast and Planned Parenthood Center for Choice

SET NUMBER:             TWO (Nos. 2 – 7)

1   Pursuant to Federal Rules of Civil Procedure 26 and 33 a Local Civil Rules of the

2   United States District Court for the Northern District of California, Plaintiffs Planned

3   Parenthood Federation of America, Inc. ("PPFA"); Planned Parenthood: Shasta-Diablo, Inc.

4   dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned

5   Parenthood of the Pacific Southwest; Planned Parenthood Los Angeles; Planned

6   Parenthood/Orange and San Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara,

7   Ventura and San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena and San Gabriel

8   Valley, Inc.; Planned Parenthood of the Rocky Mountains; Planned Parenthood Gulf Coast

9   and Planned Parenthood Center for Choice (collectively "Plaintiffs") hereby serve amended

10   objections and responses to Defendant David Daleiden's Interrogatories (Set Two) (the

11   "Interrogatories"), served by Defendant David Daleiden ("Defendant" and collectively with

12   Defendants BioMax Procurement Services LLC, Center for Medical Progress LLC, Sandra

13   Susan Merritt, Gerardo Adrian Lopez, Albin Rhomberg, Troy Newman, "Defendants") on

14   Plaintiffs on or about July 15, 2016.

15   **PRELIMINARY STATEMENT**

16   Plaintiffs provide these objections and responses based upon the investigation conducted in

17   the time available since service of the Interrogatories.  As of the date of these objections and

18   responses, Plaintiffs have not had a sufficient opportunity to review all documents, interview all

19   personnel and/or otherwise obtain information that may prove relevant in objecting and

20   responding the Interrogatories.  As a consequence, these objections and responses are based upon

21   information now known to Plaintiffs and that Plaintiffs believe to be pertinent in objecting and

22   responding to the Interrogatories.  In the future, Plaintiffs may discover or acquire additional

23   information bearing on the Interrogatories, and Plaintiffs' objections and responses thereto.

24   Without in any way obligating itself to do so, Plaintiffs reserve the right: (a) to make subsequent

25   revisions or amendments to its objections or these Responses based upon information, evidence,

26   documents, facts and/or other things that hereafter may be discovered, or the relevance of which

27   may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or

28

- 1 -

subsequently acquired or discovered writings, evidence and information in any proceedings or at any trial held hereafter.

Further, any response by Plaintiffs to a particular Interrogatory is not intended, and shall not be construed, as an admission of the existence of any fact, of any assertion, or of any other matters expressed or implied in the Interrogatory. Plaintiffs' objection to, or failure to object to, any particular Interrogatory is not, and shall not be construed as, an admission that responsive information exists. Moreover, Plaintiffs' decision to consent to the production of information pursuant to any specific Interrogatory, notwithstanding the objectionable nature of any such Interrogatory, or its related definitions or instructions, also should not be construed as: (a) a stipulation that the material is relevant to any proceeding, (b) a waiver of the general or specific objections asserted to the Request, or (c) an agreement that future requests for similar information will be treated in a similar manner. Subject to and without waiving these objections, Plaintiffs agree to meet and confer with Defendants to attempt to resolve these objections and appropriately narrow the scope of these Interrogatories.

Plaintiffs incorporate this Preliminary Statement into each objection and response below as if set forth in its entirety.

## GENERAL OBJECTIONS

Plaintiffs make the following General Objections, which are expressly incorporated into each of the Objections to the Definitions, Instructions, and Specific Interrogatories below as though set forth in full and without waiving these General Objections:

1. Plaintiffs object to the Interrogatories to the extent they seek information that is non-public and confidential or highly confidential, and which includes proprietary and confidential business information, including information constituting or pertaining to personnel information. Disclosure of such information would be harmful to Plaintiffs' legitimate business interests. Plaintiffs will provide confidential information and documents solely in accordance with the terms of the Protective Order entered in this case.

- 2 -

1    2.    Plaintiffs object that the Interrogatories seek information that is available through

2 less burdensome means of discovery or other sources in that the information requested is: (a) in

3 the possession, custody, or control of other parties or non-parties; and/or (b) publicly available or

4 otherwise equally available to Defendant. Plaintiffs will provide responses only to the extent that

5    3.    Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous,

6 oppressive, designed to annoy or harass, impose on Plaintiffs an unreasonable burden of inquiry,

7 or require Plaintiffs to incur substantial expense in order to comply.

8    4.    Plaintiffs object to the Interrogatories to the extent that they call for the disclosure

9 of information that is not relevant to the subject matter of this action, not relevant to a claim or

10 defense of any party to this action, not reasonably calculated to lead to the discovery of admissible

11 evidence, or disproportionate to the needs of this action.

12    5.    Plaintiffs object to the Interrogatories to the extent they seek information protected

13 from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other

14 privileges, immunities, and legal protections against disclosure.  Nothing contained herein is

15 intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege,

16 work-product doctrine, right to privacy, or any other applicable privilege, doctrine, law, immunity,

17 or rule protecting information from disclosure.

18    6.    Plaintiffs object that the Requests seek information that is available through less

19 burdensome means of discovery or other sources in that the information requested is: (a) in the

20 possession, custody or control of other parties or non-parties; and/or (b) publicly available or

21 otherwise equally available to Defendants.  Plaintiffs will provide responses only to the extent that

22 such information is in the possession, custody or control of Plaintiffs.

23    7.    Plaintiffs object to the Interrogatories to the extent that they purport to impose

24 requirements, burdens, and/or discovery obligations that exceed those permitted by the Federal

25 Rules of Civil Procedure and/or the Local Rules of the Northern District of California.

26    8.    Plaintiffs object to the Interrogatories to the extent that they are based on incorrect

27 factual assertions and therefore lack foundation.

28

1    9.    Plaintiffs object that Interrogatories are unreasonably cumulative or duplicative.

2    10.    Plaintiffs object to the Interrogatories to the extent they seek information, or the

3  compilation of data, that may be derived or ascertained from business records, where the burden of

4  deriving or ascertaining the answers thereto is substantially the same for Defendant as for

5  Plaintiffs.

6    11.    Plaintiffs' objection to or failure to object to any particular Interrogatory is not, and

7  shall not be construed as, an admission that responsive information exists.

8    12.    Plaintiffs incorporate by reference every General Objection into each and every

9  specific response to the Interrogatories set forth below.  A specific response may repeat a General

10  Objection for emphasis or some other reason.  The failure to include any General Objection in any

11  specific response shall in no way waive any General Objection to that Interrogatory.

12                        **OBJECTIONS TO DEFINITIONS**

13    Recognizing that parties generally may define terms as they wish for purposes of their

14  discovery requests, Plaintiffs set forth below objections to Defendants' definitions for the reasons

15  stated, which objections are applicable to each of Plaintiffs' specific objections and responses to

16  the Requests and are incorporated therein.

17    **DEFINITION NO. 1**: "documents or electronically stored information," as used in these

18  Requests for Production [sic] are intended to be defined as in Rule 34 and to include any

19  printed, handwritten, recorded, electronically stored or graphic matter of every type and

20  description, however and by whomever made, reproduced or disseminated, in your actual or

21  constructive custody or control.

22    **OBJECTIONS**: Plaintiffs object to this Definition on the grounds that it renders each

23  Interrogatory in which it appears vague, ambiguous, overbroad, and unduly burdensome.

24  Plaintiffs further object to this Definition on the grounds that it renders each Interrogatory in

25  which it appears as an Interrogatory seeking documents protected by the attorney-client privilege

26  and the attorney work product doctrine.  Plaintiffs further object that this Definition is irrelevant

27  because it is not used in the Interrogatories.

28

1       **DEFINITION NO. 2**: "person or entity," as used in these Requests for Production [sic],are

2  intended to include any individual, corporation, partnership, association, joint venture, estate,

3  trust, or other form of entity, including the parties to this litigation and their officers, agents,

4  employees and representatives.

5       **OBJECTIONS**: Plaintiffs object to this Definition on the grounds that it renders each

6  Interrogatory in which it appears vague, ambiguous, overbroad, and unduly burdensome.

7  Plaintiffs further object to this Definition on the grounds that it renders each Interrogatory in

8  which it appears as an Interrogatory seeking documents protected by the attorney-client privilege

9  and the attorney work product doctrine.

10      **DEFINITION NO. 3**: "Planned Parenthood conference" means the North American

11  Forum on Family Planning that was held October 12 -14, 2014 in Miami, Florida, and/or the

12  PPFA Medical Directors' Council Conference that was held February 25 - March 2, 2015, in

13  Orlando Florida [sic], and/or the PPFA National Conference that was held March 16-20, 2015, in

14  Washington, D.C.

15      **OBJECTIONS**: Plaintiffs object to this Definition on the grounds that it renders each

16  Interrogatory in which it appears vague and ambiguous as Plaintiffs are not able to ascertain which

17  of the three conferences are being referenced by this Definition.  Plaintiffs will interpret the term

18  "Planned Parenthood conference" to mean collectively the three conferences listed above.

19               **AMENDED RESPONSES TO INTERROGATORIES**

20  **INTERROGATORY NO. 2:**

21      Identify by name, title, position, and employer every employee of a plaintiff whom

22  Plaintiffs claim was recorded by any of the Defendants in violation of California Penal Code

23  section 632.

24  **RESPONSE TO INTERROGATORY NO. 2:**

25      Plaintiffs incorporate by reference each General Objection and their Objections to

26  Definitions into their Specific Objections to this Interrogatory.  Plaintiffs object to this

27  Interrogatory on the grounds that it is vague and ambiguous.  Plaintiffs further object to this

28

1  Interrogatory to the extent that it seeks information protected by the attorney-client privilege and

2  the attorney work product doctrine.  Plaintiffs further object to this Interrogatory to the extent that

3  it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.

4  Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally

5  available to Defendant.  Plaintiffs further object to this Interrogatory to the extent that it seeks

6  third-parties' private information that is protected from disclosure pursuant to the United States

7  and California Constitutions.

8       Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

9       Plaintiffs have not completed their investigation.  Plaintiffs accordingly provide here only

10  information for the employees and/or independent contractors that Plaintiffs at this time have

11  reasonable belief were recorded in violation of Cal. Penal Code 632:

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE5001 | PPOSBC | Physician |
| DOE8001 | PPNorCal | Lead Clinician/Clinician Trainer |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| DOE9001 | PPCFC | Lead Educator (ASC) |
| DOE8002 | PPNorCal | Physician |
| DOE1023 | PPFA | Associate Director Affiliate Consulting CAPS |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE7001 | PPPSGV | Sr. Director of Medical Services |

22  **INTERROGATORY NO. 3:**

23       Identify by name, title, position, and employer every employee of a plaintiff whom

24  Plaintiffs claim was recorded by any of the Defendants in violation of §10-402 of the Courts and

25  Judicial Proceedings Article of the Maryland Judicial Code.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 NAF Annual Conference in Baltimore, Maryland, which took place between April 18 through April 21 2015 ("2015 NAF Conference"), and limit their response accordingly. Plaintiffs have not completed their investigation. Plaintiffs accordingly provide here only information for the employees and/or independent contractors that Plaintiffs at this time have reasonable belief were recorded in violation of § 10-402 of the Courts and Judicial Proceedings Article of the Maryland Judicial Code at the 2015 NAF Conference:

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1001 | PPFA | Director. Clinical Quality and Operations |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| DOE9003 | PPCFC | ASC Administrator |
| DOE9004 | PPCFC | Director of Abortion, Sedation, & Ultrasound |
| DOE9007 | PPGC/PPCFC | Regional Medical Services Director – Louisiana |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |

- 7 -

1

2 **INTERROGATORY NO. 4:**

3       Identify by name, title, position, and employer every employee of a plaintiff whom

4 Plaintiffs claim was recorded by any of the Defendants in violation of section 934, rifle XLVII of

5 the Florida Criminal Procedure Law at the PPFA conference in Orlando.

6 **RESPONSE TO INTERROGATORY NO. 4:**

7       Plaintiffs incorporate by reference each General Objection and their Objections to

8 Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this

9 Interrogatory on the grounds that it is vague and ambiguous.  Plaintiffs further object to this

10 Interrogatory to the extent that it seeks information protected by the attorney-client privilege and

11 the attorney work product doctrine.  Plaintiffs further object to this Interrogatory to the extent that

12 it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.

13 Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally

14 available to Defendant.  Plaintiffs further object to this Interrogatory to the extent that it seeks

15 third-parties' private information that is protected from disclosure pursuant to the United States

16 and California Constitutions.

17       Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

18       Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 PPFA

19 Medical Directors Council Conference in Orlando, Florida, which took place between February 25

20 to March 2, 2015 ("2015 MeDC Conference"), and limit their response accordingly.  Plaintiffs

21 have not completed their investigation.  Plaintiffs accordingly provide here only information for

22 the employees and/or independent contractors that Plaintiffs at this time have reasonable belief

23 were recorded in violation of section 934, title XLVII of the Florida Criminal Procedure Law at

24 the 2015 MeDC Conference:

25

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1004 | PPFA | Manager, Medical Standards |

28

| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| DOE1006 | PPFA | Director of Training, Service, and Delivery, Consortium of Abortion Providers |
| Lisa David | PPFA | Former Chief Operating Officer |
| Vanessa Cullins | PPFA | VP, External Medical Affairs |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| Dr. Jennefer Russo | PPOSBC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE1024 | PPPSW | Physician |
| DOE2005 | PPPSW | Physician |
| Dr. Paul Fine | PPGC/PPCFC | Medical Director |
| DOE9006 | PPGC/PPCFC | Clinical Vice President of Medical Services and Interim Senior Vice President of Medical Services |

**INTERROGATORY NO. 5:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants violation of section 934, Title XLVII of the Florida Criminal Procedure Law at the PPFA conference in Miami, Florida.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions.

1        Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

2        Plaintiffs interpret this Interrogatory to be requesting information regarding the 2014 PPFA

3 National Medical Conference and National Medical Committee Meeting and North American

4 Forum on Family Planning in Miami, Florida, which took place between October 9 through

5 October 14, 2014 ("2014 Forum"), and limit their response accordingly. Plaintiffs have not

6 completed their investigation. Plaintiffs accordingly provide here only information for the

7 employees and/or independent contractors that Plaintiffs at this time have reasonable belief were

8 recorded in violation of section 934, title XLVII of the Florida Criminal Procedure Law at the

9 2014 Forum:

10

| Name/ID Number | Employer | Position |
|---|---|---|
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| DOE1020 | PPFA | Director of Medical Standards |
| Dr. Virginia Siegfried | PPCCC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| Dr. Savita Ginde | PPRM | VP, Chief Medical Officer |
| DOE4001 | PPMM | Physician |

**INTERROGATORY NO. 6:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of 18 U.S.C. section 2511 at any time.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that

1 it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.

2 Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally

3 available to Defendant.  Plaintiffs further object to this Interrogatory to the extent that it seeks

4 third-parties' private information that is protected from disclosure pursuant to the United States

5 and California Constitutions.

6      Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

7      Plaintiffs have not completed their investigation.  Plaintiffs accordingly provide here only

8 information for the employees and/or independent contractors that Plaintiffs at this time have

9 reasonable belief were recorded in violation of 18 U.S.C. section 2511 at any time:

10

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1005 | PPFA | Associate Director, CAPS Budget & Affiliate Grants |
| DOE1004 | PPFA | Manager, Medical Standards |
| DOE1001 | PPFA | Director, Clinical Quality and Operations |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| Dr. Carolyn Westhoff | PPFA | Senior Medical Advisor for Medical Affairs |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE1006 | PPFA | Director of Training, Service, and Delivery, Consortium of Abortion Providers |
| Lisa David | PPFA | Former Chief Operating Officer |
| DOE1020 | PPFA | Director of Medical Standards |
| Vanessa Cullins | PPFA | VP, External Medical Affairs |
| Dr. Katherine Sheehan | PPPSW | Former Medical Director |
| DOE1024 | PPPSW | Physician |
| DOE2005 | PPPSW | Physician |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| DOE4001 | PPMM | Physician |
| Dr. Dorothy Ferguson | PPMM | Medical Director |
| DOE9015 | PPMM | Physician |

| | | |
|---|---|---|
| DOE9021 | PPMM | Physician |
| DOE5001 | PPOSBC | Physician |
| Dr. Jennefer Russo | PPOSBC | Medical Director |
| Dr. Virginia Siegfried | PPCCC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE1023 | PPFA | Associate Director Affiliate Consulting CAPS |
| DOE7001 | PPPSGV | Senior Director of Medical Services |
| DOE8001 | PPNorCal | Lead Clinician/Clinician Trainer |
| DOE8002 | PPNorCal | Physician |
| DOE9001 | PPCFC | Lead Educator (ASC) |
| DOE9004 | PPCFC | Director of Abortion, Sedation, & Ultrasound |
| DOE9002 | PPCFC | Physician |
| Melissa Farrell | PPGC | Research Director |
| Dr. Paul Fine | PPGC/PPCFC | Medical Director |
| DOE9003 | PPCFC | ASC Administrator |
| DOE9007 | PPGC/PPCFC | Regional Medical Services Manager/Director Louisiana |
| Melaney Linton | PPGC/PPCFC | President and Chief Executive Officer |
| DOE9006 | PPGC/PPCFC | Clinical Vice President of Medical Services and Interim Senior Vice President of Medical Services |
| DOE9008 | PPGC | Former Health Center Assistant |
| DOE9009 | PPCFC | Surgical Assistant |
| D0E9010 | PPGC | Receptionist |
| DOE9011 | PPGC | Receptionist |
| Dr. Savita Ginde | PPRM | VP, Chief Medical Officer |
| DOE1101 | PPRM | Research Assistant |
| DOE1022 | PPRM | Nurse Practitioner |
| DOE1104 | PPRM | Physician Assistant |
| DOE1105 | PPRM | Director of Quality Management |

| DE9020 | PPRM | Physician |
|--------|------|-----------|

**INTERROGATORY NO. 7:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of 18 U.S.C. 2511 at the PPFA conference in Washington, DC.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 PPFA National Conference in Washington D.C., which took place between March 16 through March 20, 2015 ("2015 National Conference"), and limit their response accordingly. Plaintiffs have not completed their investigation. Plaintiffs accordingly provide here only information for the employees and/or independent contractors that Plaintiffs at this time have reasonable belief were recorded in violation of 18 U.S.C. section 2511 at the 2015 National Conference:

| Name/ID Number | Employer | Position |
|----------------|----------|----------|
| DOE1001 | PPFA | Director, Clinical Quality and Operations |

- 13 -

| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers. PPFA |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| DOE1005 | PPFA | Associate Director, CAPS Budget & Affiliate Grants |
| DOE1006 | PPFA | Director of Training, Service, and Delivery, Consortium of Abortion Providers |
| DOE9003 | PPGC | ASC Administrator |
| DOE9007 | PPGC | Regional Medical Services Manager/Director Louisiana |
| Melaney Linton | PPGC/PPCFC | President and Chief Executive Officer |

DATED:  June 8, 2018

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____
AMY L. BOMSE

Attorneys for Plaintiffs

- 14 -

1

**PROOF OF SERVICE**

2
    I, Georgie M. Price, declare:

3
    I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San

4
Francisco, California 94111-4024. On June 8, 2018, I served the following document(s) described as:

5
    **PLAINTIFFS' RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]**

6

7
    **DESIGNATED CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, DKT. NO. 117**

8
☑    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as

9
set forth on the attached **SERVICE LIST**.

10
☐    by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

11

12
☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, addressed as set forth on the attached **SERVICE LIST**, and causing the envelope to be delivered to a Federal Express agent for

13
delivery.

14
☐    by placing them in an envelope or package addressed to the persons at the address(es) below and providing them to a professional messenger service for

15
personal service.

16
    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day

17
with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is

18
more than one day after date of deposit for mailing in affidavit.

19
    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20
Dated: June 8, 2018

21

22
                           Georgie M. Price

23

24

25

26

27

28

1

2

**SERVICE LIST**

3
4
5
6
7
8

Catherine W. Short
Life Legal Defense Foundation
Post Office Box 1313
Ojai, CA 93024-1313.
Email: lldfojai@cs.com

*Counsel for Defendants*
Center for Medical Progress, Biomax
Procurement Services, LLC, and
David Daleiden

Charles S. LiMandri
Paul M. Jonna
Teresa L. Mendoza
Jeffrey M. Trissell
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
Email: cslimandri@limandri.com
Email: pjonna@limandri.com
Email: tmendoza@limandri.com
Email: jtrissell@limandri.com

9
10

*Counsel for Defendants* Gerardo Adrian Lopez,
Center for Medical Progress & BioMax
Procurement Services, LLC

11
12
13
14
15

Peter C. Breen
Thomas L. Brejcha, Jr.
Thomas More Society
19 S. LaSalle Street, Suite 603
Chicago, IL 60603
Email: pbreen@thomasmoresociety.org
Email: tbrejcha@thomasmoresociety.org

Nicolaie Cocis
Law Office of Nicolaie Cocis and Associates
38975 Sky Canyon Drive, Suite 211
Murrieta, CA 92563
Email: nic@cocislaw.com

*Counsel for Defendant* Sandra Susan Merritt

16

*Counsel for Defendant* David Daleiden

17
18
19
20

Edward L. White III
Erik M. Zimmerman
American Center for Law and Justice
3001 Plymouth Road, Suite 203
Ann Arbor, MI 48105
Email: elwhite3@yahoo.com
Email: ezimmerman@aclj.org

Michael Millen
Attorney at Law
119 Calle Marguerita #100
Los Gatos, CA 95032
Email: MikeMillen@aol.com

*Counsel for Defendant* Albin Rhomberg

21

*Counsel for Defendant* Troy Newman

22
23
24
25

Vladimir F. Kozina
Mayall Hurley P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207
Email: vkozina@mayallaw.com

John A. Monaghan
1000 Regent University Dr., RH-422
Virginia Beach, VA 23464
jmonaghan@aclj.org

26

*Counsel for Defendant* Troy Newman

*Counsel for Defendant Troy Newman*

27

28

PROOF OF SERVICE

1      Horatio G. Mihet                  Matthew F. Heffron

Jonathan D. Christman         501 Scoular Bldg.

2      Liberty Counsel                 2027 Dodge Street

P.O. Box 540774               Omaha, NE 68102

3      Orlando, FL  32854          mheffron@bblaw.us

hmihet@lc.org

4

5      *Counsel for Defendant Sandra Susan Merritt*     *Counsel for David Daleiden*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**EXHIBIT 91**

AMY L. BOMSE (No. 218669)
SHARON D. MAYO (No. 150469)
JEE YOUNG YOU (No. 241658)
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:   (415) 471-3100
Facsimile:    (415) 471-3400
Email:   amy.bomse@arnoldporter.com
         sharon.mayo@arnoldporter.com
         jeeyoung.you@arnoldporter.com

Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD AFFILIATES OF
   CALIFORNIA
551 Capitol Mall, Suite 510
Sacramento, California 95814-4581
Telephone:   (916) 446-5247
Email:   beth.parker@ppacca.org

HELENE T. KRASNOFF (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
   AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:   (202) 973-4800
Email:   helene.krasnoff@ppfa.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No.  3:16-cv-00236-WHO <br><br> **PLAINTIFFS' CORRECTED AMENDED RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]** <br><br> **DESIGNATED CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, DKT. NO. 117** |

PROPOUNDING PARTIES:      Defendant DAVID DALEIDEN

RESPONDING PARTIES:       Plaintiffs Planned Parenthood Federation of America, Inc. ("PPFA"); Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of the Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood/Orange and San Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara, Ventura and San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena and San Gabriel Valley, Inc.; Planned Parenthood of the Rocky Mountains; Planned Parenthood Gulf Coast and Planned Parenthood Center for Choice

SET NUMBER:               TWO (Nos. 2 – 7)

1    Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules of the

2 United States District Court for the Northern District of California, Plaintiffs Planned

3 Parenthood Federation of America, Inc. ("PPFA"); Planned Parenthood: Shasta-Diablo, Inc.

4 dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned

5 Parenthood of the Pacific Southwest; Planned Parenthood Los Angeles; Planned

6 Parenthood/Orange and San Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara,

7 Ventura and San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena and San Gabriel

8 Valley, Inc.; Planned Parenthood of the Rocky Mountains; Planned Parenthood Gulf Coast

9 and Planned Parenthood Center for Choice (collectively "Plaintiffs") hereby serve corrected

10 amended objections and responses to Defendant David Daleiden's Interrogatories (Set Two)

11 (the "Interrogatories"), served by Defendant David Daleiden ("Defendant" and collectively

12 with Defendants BioMax Procurement Services LLC, Center for Medical Progress LLC,

13 Sandra Susan Merritt, Gerardo Adrian Lopez, Albin Rhomberg, Troy Newman,

14 "Defendants") on Plaintiffs on or about July 15, 2016.

15                            **PRELIMINARY STATEMENT**

16    Plaintiffs provide these objections and responses based upon the investigation conducted in

17 the time available since service of the Interrogatories. As of the date of these objections and

18 responses, Plaintiffs have not had a sufficient opportunity to review all documents, interview all

19 personnel and/or otherwise obtain information that may prove relevant in objecting and

20 responding the Interrogatories. As a consequence, these objections and responses are based upon

21 information now known to Plaintiffs and that Plaintiffs believe to be pertinent in objecting and

22 responding to the Interrogatories. In the future, Plaintiffs may discover or acquire additional

23 information bearing on the Interrogatories, and Plaintiffs' objections and responses thereto.

24 Without in any way obligating itself to do so, Plaintiffs reserve the right: (a) to make subsequent

25 revisions or amendments to its objections or these Responses based upon information, evidence,

26 documents, facts and/or other things that hereafter may be discovered, or the relevance of which

27 may hereafter be discovered; and (b) to produce, introduce, or rely upon additional or

28

- 1 -

1    subsequently acquired or discovered writings, evidence and information in any proceedings or at
2    any trial held hereafter.

3         Further, any response by Plaintiffs to a particular Interrogatory is not intended, and shall
4    not be construed, as an admission of the existence of any fact, of any assertion, or of any other
5    matters expressed or implied in the Interrogatory.  Plaintiffs' objection to, or failure to object to,
6    any particular Interrogatory is not, and shall not be construed as, an admission that responsive
7    information exists. Moreover, Plaintiffs' decision to consent to the production of information
8    pursuant to any specific Interrogatory, notwithstanding the objectionable nature of any such
9    Interrogatory, or its related definitions or instructions, also should not be construed as: (a) a
10   stipulation that the material is relevant to any proceeding, (b) a waiver of the general or specific
11   objections asserted to the Request, or (c) an agreement that future requests for similar information
12   will be treated in a similar manner.  Subject to and without waiving these objections, Plaintiffs
13   agree to meet and confer with Defendants to attempt to resolve these objections and appropriately
14   narrow the scope of these Interrogatories.

15        Plaintiffs incorporate this Preliminary Statement into each objection and response below as
16   if set forth in its entirety.

17                              **GENERAL OBJECTIONS**

18        Plaintiffs make the following General Objections, which are expressly incorporated into
19   each of the Objections to the Definitions, Instructions, and Specific Interrogatories below as
20   though set forth in full and without waiving these General Objections:

21        1.    Plaintiffs object to the Interrogatories to the extent they seek information that is
22   non-public and confidential or highly confidential, and which includes proprietary and confidential
23   business information, including information constituting or pertaining to personnel information.
24   Disclosure of such information would be harmful to Plaintiffs' legitimate business interests.
25   Plaintiffs will provide confidential information and documents solely in accordance with the terms
26   of the Protective Order entered in this case.

27
28                                           - 2 -

2.      Plaintiffs object that the Interrogatories seek information that is available through less burdensome means of discovery or other sources in that the information requested is:  (a) in the possession, custody, or control of other parties or non-parties; and/or (b) publicly available or otherwise equally available to Defendant.  Plaintiffs will provide responses only to the extent that

3.      Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous, oppressive, designed to annoy or harass, impose on Plaintiffs an unreasonable burden of inquiry, or require Plaintiffs to incur substantial expense in order to comply.

4.      Plaintiffs object to the Interrogatories to the extent that they call for the disclosure of information that is not relevant to the subject matter of this action, not relevant to a claim or defense of any party to this action, not reasonably calculated to lead to the discovery of admissible evidence, or disproportionate to the needs of this action.

5.      Plaintiffs object to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other privileges, immunities, and legal protections against disclosure.  Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work-product doctrine, right to privacy, or any other applicable privilege, doctrine, law, immunity, or rule protecting information from disclosure.

6.      Plaintiffs object that the Requests seek information that is available through less burdensome means of discovery or other sources in that the information requested is: (a) in the possession, custody or control of other parties or non-parties; and/or (b) publicly available or otherwise equally available to Defendants.  Plaintiffs will provide responses only to the extent that such information is in the possession, custody or control of Plaintiffs.

7.      Plaintiffs object to the Interrogatories to the extent that they purport to impose requirements, burdens, and/or discovery obligations that exceed those permitted by the Federal Rules of Civil Procedure and/or the Local Rules of the Northern District of California.

8.      Plaintiffs object to the Interrogatories to the extent that they are based on incorrect factual assertions and therefore lack foundation.

- 3 -

PLAINTIFFS' CORRECTED AMENDED RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES
[SET TWO]

1    9.    Plaintiffs object that Interrogatories are unreasonably cumulative or duplicative.

2    10.   Plaintiffs object to the Interrogatories to the extent they seek information, or the

3 compilation of data, that may be derived or ascertained from business records, where the burden of

4 deriving or ascertaining the answers thereto is substantially the same for Defendant as for

5 Plaintiffs.

6    11.   Plaintiffs' objection to or failure to object to any particular Interrogatory is not, and

7 shall not be construed as, an admission that responsive information exists.

8    12.   Plaintiffs incorporate by reference every General Objection into each and every

9 specific response to the Interrogatories set forth below.  A specific response may repeat a General

10 Objection for emphasis or some other reason.  The failure to include any General Objection in any

11 specific response shall in no way waive any General Objection to that Interrogatory.

12                          **OBJECTIONS TO DEFINITIONS**

13    Recognizing that parties generally may define terms as they wish for purposes of their

14 discovery requests, Plaintiffs set forth below objections to Defendants' definitions for the reasons

15 stated, which objections are applicable to each of Plaintiffs' specific objections and responses to

16 the Requests and are incorporated therein.

17    **DEFINITION NO. 1**: "documents or electronically stored information," as used in these

18 Requests for Production [sic] are intended to be defined as in Rule 34 and to include any

19 printed, handwritten, recorded, electronically stored or graphic matter of every type and

20 description, however and by whomever made, reproduced or disseminated, in your actual or

21 constructive custody or control.

22    **OBJECTIONS**: Plaintiffs object to this Definition on the grounds that it renders each

23 Interrogatory in which it appears vague, ambiguous, overbroad, and unduly burdensome.

24 Plaintiffs further object to this Definition on the grounds that it renders each Interrogatory in

25 which it appears as an Interrogatory seeking documents protected by the attorney-client privilege

26 and the attorney work product doctrine.  Plaintiffs further object that this Definition is irrelevant

27 because it is not used in the Interrogatories.

28

- 4 -

PLAINTIFFS' CORRECTED AMENDED RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES
[SET TWO]

1   **DEFINITION NO. 2:** "person or entity," as used in these Requests for Production [sic],are

2   intended to include any individual, corporation, partnership, association, joint venture, estate,

3   trust, or other form of entity, including the parties to this litigation and their officers, agents,

4   employees and representatives.

5   **OBJECTIONS:** Plaintiffs object to this Definition on the grounds that it renders each

6   Interrogatory in which it appears vague, ambiguous, overbroad, and unduly burdensome.

7   Plaintiffs further object to this Definition on the grounds that it renders each Interrogatory in

8   which it appears as an Interrogatory seeking documents protected by the attorney-client privilege

9   and the attorney work product doctrine.

10   **DEFINITION NO. 3:** "Planned Parenthood conference" means the North American

11   Forum on Family Planning that was held October 12 -14, 2014 in Miami, Florida, and/or the

12   PPFA Medical Directors' Council Conference that was held February 25 - March 2, 2015, in

13   Orlando Florida [sic], and/or the PPFA National Conference that was held March 16-20, 2015, in

14   Washington, D.C.

15   **OBJECTIONS:** Plaintiffs object to this Definition on the grounds that it renders each

16   Interrogatory in which it appears vague and ambiguous as Plaintiffs are not able to ascertain which

17   of the three conferences are being referenced by this Definition.  Plaintiffs will interpret the term

18   "Planned Parenthood conference" to mean collectively the three conferences listed above.

19   <u>**AMENDED RESPONSES TO INTERROGATORIES**</u>

20   **INTERROGATORY NO. 2:**

21   Identify by name, title, position, and employer every employee of a plaintiff whom

22   Plaintiffs claim was recorded by any of the Defendants in violation of California Penal Code

23   section 632.

24   **RESPONSE TO INTERROGATORY NO. 2:**

25   Plaintiffs incorporate by reference each General Objection and their Objections to

26   Definitions into their Specific Objections to this Interrogatory.  Plaintiffs object to this

27   Interrogatory on the grounds that it is vague and ambiguous.  Plaintiffs further object to this

28

PLAINTIFFS' CORRECTED AMENDED RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES
[SET TWO]

1  Interrogatory to the extent that it seeks information protected by the attorney-client privilege and

2  the attorney work product doctrine.  Plaintiffs further object to this Interrogatory to the extent that

3  it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.

4  Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally

5  available to Defendant.  Plaintiffs further object to this Interrogatory to the extent that it seeks

6  third-parties' private information that is protected from disclosure pursuant to the United States

7  and California Constitutions.

8          Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

9          Plaintiffs have not completed their investigation.  Plaintiffs accordingly provide here only

10  information for the employees and/or independent contractors that Plaintiffs at this time have

11  reasonable belief were recorded in violation of Cal. Penal Code 632:

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE5001 | PPOSBC | Physician |
| DOE8001 | PPNorCal | Lead Clinician/Clinician Trainer |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| DOE9001 | PPCFC | Lead Educator (ASC) |
| DOE8002 | PPNorCal | Physician |
| DOE1023 | PPFA | Associate Director Affiliate Consulting CAPS |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE7001 | PPPSGV | Sr. Director of Medical Services |

22  **INTERROGATORY NO. 3:**

23          Identify by name, title, position, and employer every employee of a plaintiff whom

24  Plaintiffs claim was recorded by any of the Defendants in violation of §10-402 of the Courts and

25  Judicial Proceedings Article of the Maryland Judicial Code.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 NAF Annual Conference in Baltimore, Maryland, which took place between April 18 through April 21 2015 ("2015 NAF Conference"), and limit their response accordingly. Plaintiffs have not completed their investigation. Plaintiffs accordingly provide here only information for the employees and/or independent contractors that Plaintiffs at this time have reasonable belief were recorded in violation of § 10-402 of the Courts and Judicial Proceedings Article of the Maryland Judicial Code at the 2015 NAF Conference:

| Name/ID Number | Employer | Position |
|---|---|---|
| DOE1001 | PPFA | Director. Clinical Quality and Operations |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| DOE9003 | PPCFC | ASC Administrator |
| DOE9004 | PPCFC | Director of Abortion, Sedation, & Ultrasound |
| DOE9007 | PPGC/PPCFC | Regional Medical Services Director – Louisiana |

- 7 -

| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
|---|---|---|

**INTERROGATORY NO. 4:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of section 934, rifle XLVII of the Florida Criminal Procedure Law at the PPFA conference in Orlando.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 PPFA Medical Directors Council Conference in Orlando, Florida, which took place between February 25 to March 2, 2015 ("2015 MeDC Conference"), and limit their response accordingly. Plaintiffs have not completed their investigation. Plaintiffs accordingly provide here only information for the employees and/or independent contractors that Plaintiffs at this time have reasonable belief were recorded in violation of section 934, title XLVII of the Florida Criminal Procedure Law at the 2015 MeDC Conference:

| Name/ID Number | Employer | Position |
|---|---|---|

- 8 -

| DOE1004 | PPFA | Manager, Medical Standards |
|---|---|---|
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| DOE1006 | PPFA | Director of Training, Service, and Delivery, Consortium of Abortion Providers |
| Lisa David | PPFA | Former Chief Operating Officer |
| Vanessa Cullins | PPFA | VP, External Medical Affairs |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| Dr. Jennefer Russo | PPOSBC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE2012 | PPPSW | Physician |
| DOE2005 | PPPSW | Physician |
| Dr. Paul Fine | PPGC/PPCFC | Medical Director |
| DOE9006 | PPGC/PPCFC | Clinical Vice President of Medical Services and Interim Senior Vice President of Medical Services |

**INTERROGATORY NO. 5:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants violation of section 934, Title XLVII of the Florida Criminal Procedure Law at the PPFA conference in Miami, Florida.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks

- 9 -

1   third-parties' private information that is protected from disclosure pursuant to the United States
2   and California Constitutions.
3        Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:
4        Plaintiffs interpret this Interrogatory to be requesting information regarding the 2014 PPFA
5   National Medical Conference and National Medical Committee Meeting and North American
6   Forum on Family Planning in Miami, Florida, which took place between October 9 through
7   October 14, 2014 ("2014 Forum"), and limit their response accordingly.  Plaintiffs have not
8   completed their investigation.  Plaintiffs accordingly provide here only information for the
9   employees and/or independent contractors that Plaintiffs at this time have reasonable belief were
10  recorded in violation of section 934, title XLVII of the Florida Criminal Procedure Law at the
11  2014 Forum:
12

| Name/ID Number | Employer | Position |
| --- | --- | --- |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| DOE1020 | PPFA | Director of Medical Standards |
| Dr. Virginia Siegfried | PPCCC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| Dr. Savita Ginde | PPRM | VP, Chief Medical Officer |
| DOE4001 | PPMM | Physician |

**INTERROGATORY NO. 6:**

     Identify by name, title, position, and employer every employee of a plaintiff whom
Plaintiffs claim was recorded by any of the Defendants in violation of 18 U.S.C. section 2511 at
any time.

**RESPONSE TO INTERROGATORY NO. 6:**

     Plaintiffs incorporate by reference each General Objection and their Objections to
Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this
Interrogatory on the grounds that it is vague and ambiguous.  Plaintiffs further object to this

- 10 -

1  Interrogatory to the extent that it seeks information protected by the attorney-client privilege and

2  the attorney work product doctrine.  Plaintiffs further object to this Interrogatory to the extent that

3  it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information.

4  Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally

5  available to Defendant.  Plaintiffs further object to this Interrogatory to the extent that it seeks

6  third-parties' private information that is protected from disclosure pursuant to the United States

7  and California Constitutions.

8         Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

9         Plaintiffs have not completed their investigation.  Plaintiffs accordingly provide here only

10  information for the employees and/or independent contractors that Plaintiffs at this time have

11  reasonable belief were recorded in violation of 18 U.S.C. section 2511 at any time:

12

| Name/ID Number | Employer | Position |
| --- | --- | --- |
| DOE1005 | PPFA | Associate Director, CAPS Budget & Affiliate Grants |
| DOE1004 | PPFA | Manager, Medical Standards |
| DOE1001 | PPFA | Director, Clinical Quality and Operations |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| Dr. Carolyn Westhoff | PPFA | Senior Medical Advisor for Medical Affairs |
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers, PPFA |
| DOE1006 | PPFA | Director of Training, Service, and Delivery, Consortium of Abortion Providers |
| Lisa David | PPFA | Former Chief Operating Officer |
| DOE1020 | PPFA | Director of Medical Standards |
| Vanessa Cullins | PPFA | VP, External Medical Affairs |
| Dr. Katherine Sheehan | PPPSW | Former Medical Director |
| DOE2012 | PPPSW | Physician |
| DOE2005 | PPPSW | Physician |
| Dr. Deborah Nucatola | PPLA/PPFA | Physician |
| DOE4001 | PPMM | Physician |

- 11 -

| Dr. Dorothy Ferguson | PPMM | Medical Director |
|---|---|---|
| DOE4005 | PPMM | Physician |
| DOE4007 | PPMM | Physician |
| DOE4006 | PPMM | Physician |
| DOE5001 | PPOSBC | Physician |
| Dr. Jennefer Russo | PPOSBC | Medical Director |
| Dr. Virginia Siegfried | PPCCC | Medical Director |
| Dr. Mary Gatter | PPPSGV | Medical Director |
| DOE1023 | PPFA | Associate Director Affiliate Consulting CAPS |
| DOE7001 | PPPSGV | Senior Director of Medical Services |
| DOE8001 | PPNorCal | Lead Clinician/Clinician Trainer |
| DOE8002 | PPNorCal | Physician |
| DOE9001 | PPCFC | Lead Educator (ASC) |
| DOE9004 | PPCFC | Director of Abortion, Sedation, & Ultrasound |
| DOE9002 | PPCFC | Physician |
| Melissa Farrell | PPGC | Research Director |
| Dr. Paul Fine | PPGC/PPCFC | Medical Director |
| DOE9003 | PPCFC | ASC Administrator |
| DOE9007 | PPGC/PPCFC | Regional Medical Services Manager/Director Louisiana |
| Melaney Linton | PPGC/PPCFC | President and Chief Executive Officer |
| DOE9006 | PPGC/PPCFC | Clinical Vice President of Medical Services and Interim Senior Vice President of Medical Services |
| DOE9008 | PPGC | Former Health Center Assistant |
| DOE9009 | PPCFC | Surgical Assistant |
| D0E9010 | PPGC | Receptionist |
| DOE9011 | PPGC | Receptionist |
| Dr. Savita Ginde | PPRM | VP, Chief Medical Officer |
| DOE1101 | PPRM | Research Assistant |
| DOE1106 | PPRM | Nurse Practitioner |

- 12 -

| DOE1104 | PPRM | Physician Assistant |
| DOE1105 | PPRM | Director of Quality Management |

**INTERROGATORY NO. 7:**

Identify by name, title, position, and employer every employee of a plaintiff whom Plaintiffs claim was recorded by any of the Defendants in violation of 18 U.S.C. 2511 at the PPFA conference in Washington, DC.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference each General Objection and their Objections to Definitions into their Specific Objections to this Interrogatory. Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs further object to this Interrogatory to the extent that it seeks Plaintiffs' information that is confidential, proprietary, private, or financial information. Plaintiffs further object to this Interrogatory on the grounds that it seeks information equally available to Defendant. Plaintiffs further object to this Interrogatory to the extent that it seeks third-parties' private information that is protected from disclosure pursuant to the United States and California Constitutions.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

Plaintiffs interpret this Interrogatory to be requesting information regarding the 2015 PPFA National Conference in Washington D.C., which took place between March 16 through March 20, 2015 ("2015 National Conference"), and limit their response accordingly. Plaintiffs have not completed their investigation. Plaintiffs accordingly provide here only information for the employees and/or independent contractors that Plaintiffs at this time have reasonable belief were recorded in violation of 18 U.S.C. section 2511 at the 2015 National Conference:

| Name/ID Number | Employer | Position |

- 13 -

| DOE1001 | PPFA | Director, Clinical Quality and Operations |
|---------|------|-------------------------------------------|
| DOE1002 | PPFA | Director and Counsel, Health Center Regulatory Strategy, Consortium of Abortion Providers. PPFA |
| DOE1003 | PPFA | National Director, Consortium of Abortion Providers |
| DOE1005 | PPFA | Associate Director, CAPS Budget & Affiliate Grants |
| DOE1006 | PPFA | Director of Training, Service, and Delivery, Consortium of Abortion Providers |
| DOE9003 | PPGC | ASC Administrator |
| DOE9007 | PPGC | Regional Medical Services Manager/Director Louisiana |
| Melaney Linton | PPGC/PPCFC | President and Chief Executive Officer |

DATED:  October 22, 2018

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____

AMY L. BOMSE

Attorneys for Plaintiffs

PLAINTIFFS' CORRECTED AMENDED RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES
[SET TWO]

**PROOF OF SERVICE**

I, Jill Hernandez, declare:

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Tenth Floor, San Francisco, California 94111-4024. On October 22, 2018, I served the following document(s) described as:

**PLAINTIFFS' CORRECTED AMENDED RESPONSE TO DEFENDANT DAVID DALEIDEN'S INTERROGATORIES [SET TWO]**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth on the attached **SERVICE LIST**.

☐ by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, addressed as set forth on the attached **SERVICE LIST**, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by placing them in an envelope or package addressed to the persons at the address(es) below and providing them to a professional messenger service for personal service.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: October 22, 2018

_____
Jill Hernandez

**SERVICE LIST**

Catherine W. Short
Life Legal Defense Foundation
Post Office Box 1313
Ojai, CA 93024-1313
Email: lldfojai@cs.com

*Counsel for Defendant* **Albin Rhomberg**

Peter C. Breen
Thomas L. Brejcha, Jr.
Thomas More Society
19 S. LaSalle Street, Suite 603
Chicago, IL 60603
Email: pbreen@thomasmoresociety.org
Email: tbrejcha@thomasmoresociety.org

*Counsel for Defendant David Daleiden*

Edward L. White III
Erik M. Zimmerman
American Center for Law and Justice
3001 Plymouth Road, Suite 203
Ann Arbor, MI 48105
Email: elwhite3@yahoo.com
Email: ezimmerman@aclj.org

*Counsel for Defendant Troy Newman*

Vladimir F. Kozina
Mayall Hurley P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207
Email: vkozina@mayallaw.com

*Counsel for Defendant Troy Newman*

Charles S. LiMandri
Paul M. Jonna
Teresa L. Mendoza
Jeffrey M. Trissell
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
Email: cslimandri@limandri.com
Email: pjonna@limandri.com
Email: tmendoza@limandri.com
Email: jtrissell@limandri.com

*Counsel for Defendants Gerardo Adrian Lopez,
Center for Medical Progress & BioMax
Procurement Services, LLC*

Nicolaie Cocis
Law Office of Nicolaie Cocis and Associates
38975 Sky Canyon Drive, Suite 211
Murrieta, CA 92563
Email: nic@cocislaw.com

*Counsel for Defendant Sandra Susan Merritt*

Matthew F. Heffron
501 Scoular Bldg.
2027 Dodge Street
Omaha, NE 68102
mheffron@bblaw.us

*Counsel for David Daleiden*

Michael Millen
Attorney at Law
119 Calle Marguerita #100
Los Gatos, CA 95032
Email: MikeMillen@aol.com

*Counsel for Defendant Albin Rhomberg*

2

| | |
|---|---|
| 1 | Horatio G. Mihet |
| | Jonathan D. Christman |
| 2 | Liberty Counsel |
| | P.O. Box 540774 |
| 3 | Orlando, FL 32854 |
| 4 | hmihet@lc.org |
| 5 | *Counsel for Defendant Sandra Susan Merritt* |

John A. Monaghan
1000 Regent University Dr., RH-422
Virginia Beach, VA 23464
jmonaghan@aclj.org

*Counsel for Defendant Troy Newman*

3

**EXHIBIT 96**



## HotSpots for the period July 1 - August 31, 2015

# Contents
## Special Summer of 2015 Edition

- By the Numbers
- Thinking
- Resources
- More Numbers
- Upcoming Activities

# By the Numbers

| Metric | July | August | Monthly Average July/August 2014 |
|---|---|---|---|
| # incidents reported | 402 | 447 | 128 |
| # affiliates reporting | 49 | 44 | 29 |
| # cities with incidents | 153 | 159 | 56 |
| % reports notifying local LE | 16 | 22 | 22 |
| % reports notifying federal LE | 6 | 9 | 3 |

# Thoughts on July and August

In case you were wondering why July and August felt like an incredible whirlwind of intensity, the numbers here speak for themselves. The total number of incidents reported for July and August was 849. An average two month period would be 256. And if you are feeling like things seem to be calming down, you'll be glad to know that between September 1 and September 15, 2015 we've had 73 incidents reported, very close to Planned Parenthood's "normal" pace.

First, let us say thank you for diligently reporting through this time when there was plenty of other work to do. It was enormously helpful and it kept our fingers on the pulse, which was racing. We are often called to summarize for leadership at the national office "how things are going" at affiliates. Prompt and clear incident reporting is our lifeline when answering those questions, and those of federal law enforcement. Note that the number of affiliates reporting incidents jumped from an average of 29 per month last year to 44 in July, and then to 49 in August this year. The number of cities impacted more than tripled.

**Observations on the incidents:** The first video was released on July 14. We immediately experienced a significant jump in hate email and voice mail, followed by conventional mail (i.e. Harassment). The other

category that took a big jump was Suspicious Calls. Most of these were asking "questions" about our participation in fetal tissue "sales."

This sharp rise in suspicious calls and harassing communications statistically dwarfed a very sharp rise in protester incidents reported. As you know, we ask you to report protesters when you have an unusual number, a new group, new behaviors, activity at a site that is usually quiet, and/or situations that prompt you to call law enforcement. In June, you reported 29 protester related incidents which represented 25% of all incidents reported that month. In July you reported 71 protester related incidents (16.7% of total incidents) and in August 99 (22.1% of total incidents).

Note that in a separate reporting effort, 43 affiliates reported over 26,000 protesters at 220 sites on August 22, a "National Day of Protest." The increase in harassment, suspicious communications, and protesters also tracks to the affiliates whose staff were highlighted in the videos. Gulf Coast, Rocky Mountains and Pasadena all saw sharp jumps in total incidents over prior months.

**Arson:** There have been three incidents of arson at Planned Parenthood affiliates since July 14. The first caused relatively minor damage at PP Illinois' health center in Aurora in July. At PP Gulf Coast's construction site for a new health center in New Orleans, a security guard's vehicle was completely destroyed by fire on August 1. And on September 4, PP Greater Washington and North Idaho's Pullman Washington health center was severely damaged by a fire bomb thrown through a window. No one was injured as a result of these fires, all of which took place at night. There have been no arrests in any of these incidents, but investigations are still active.

**What's Next?** Just like you, we see these incidents of arson as danger signals. Extremists who are opposed to our work have been emboldened by this latest attack on Planned Parenthood. As the tide of public and political opinion turns in our favor, thanks to the amazing work being done by the communications, public affairs and legal teams at affiliates and the national office--and the common sense of the majority of the public--it is fair to worry about the frustration level of our opponents who are no longer confident that this will be the end of Planned Parenthood.

We have shared these concerns in no uncertain terms with the Department of Justice, FBI, Marshal Service, and ATF in Washington, D.C., along side our colleagues from the National Abortion Federation. We continue to share all relevant incident reports and opposition research with federal law enforcement as appropriate. They are taking this spike in activity seriously and have been good partners, but they rely on us as a primary source of information.

**What should we be doing?** Naturally we are thinking about this question, as are you. The temptation at a time like this is to quickly and assertively take actions visible to staff, that speak clearly to the affiliate's concern for the safety of its staff and patients. What we should avoid is making changes that are not sustainable or overreactions.  If temporary measures are put in place at times of increased risk, communicate clearly about how and when those measures will be rolled back.  We also should avoid sacrificing long term patient and staff experience for short term reassurance that is actually of limited effectiveness..

The reality here is that the list of things we need to do is the same list of things we know we should be doing all the time - we just don't always get to it, or we don't audit that it's being done. Perhaps this is an opportune time to leverage more resources to make sure you're getting to this "to do" list. Here is our list of actions we believe will serve you well in the long run:

1. Make sure all the stuff you already have actually works and that you have a system for checking that regularly. By "stuff" we mean cameras that see what you need to see in all levels of light, DVRs that are recording and from which readable images can be extracted, panic alarms that staff know how to use and that are properly sending signals, access control or key inventory systems that authorize entrance only to people legitimately in your spaces, exterior lighting that is 100%

PP0001217

functional and sufficient, intrusion and fire alarm systems have been tested etc. If you don't have all the stuff you need, get some bids, raise some money and/or apply for a security grant.

2. Refresh your relationships with law enforcement. This is a powerful moment to communicate the idea that you have valid reasons to be concerned about the safety of your staff, patients, and facilities. Don't let these relationships get stale.

3. Have at least a rudimentary opposition research effort that is looking at your local opposition groups and individuals. If you don't have something in place, [ Redacted ] would be glad to help you set something up. For most affiliates, a basic research program need not take a lot of time, and the intelligence you gather will enhance both the security of your affiliate and your peace of mind.

4. Build cross-functional communication at your affiliate so that security is included when planning fund-raising events, advocacy rallies, building renovation or construction, staff training, new staff orientation etc.

5. Review protocols within your affiliate pertaining to non-disclosure/confidentiality agreements with staff, volunteers, partner organizations, and vendors. PPFA is working to refine recommendations around vetting meeting attendees and vendors, but in the meantime, these agreements are the essential building blocks of protecting sensitive and proprietary information.

**Other resources:** Over the last several weeks we have created or refreshed some training tools and other documents you may find useful. They can be found on the PP Intranet. You are welcome to make them your own by making revisions in keeping with your internal policies and protocols, and/or branding these with your affiliate name etc. Here is what they are:

[ HYPERLINK "https://intranet.ppfa.org/national/asd/files/affiliate_security_consulting_resources/safety_and_privacy_tools/non engagementpolicydocx" \h ] - useful with escorts and community advocates who may encounter opposition activity while representing you.

[ HYPERLINK "https://intranet.ppfa.org/national/asd/files/affiliate_security_consulting_resources/grants/securitygrantprogramfy 16reviseddoc" \h ] - including designated security funding for affiliates directly impacted by the video smear campaign

[ HYPERLINK "https://intranet.ppfa.org/national/asd/files/affiliate_security_consulting_resources/training_tools/medcphysicians afetypptx" \h ] - useful for orienting new providers or refreshing protocols with your existing providers

[ HYPERLINK "https://intranet.ppfa.org/national/asd/files/affiliate_security_consulting_resources/training_tools/safetyandsecuri tytipsforeducatorsdoc" \h ] - also useful for anyone representing you in a public forum like a health fair

[ HYPERLINK "https://intranet.ppfa.org/national/asd/files/affiliate_security_consulting_resources/training_tools/safetyandsecuri tyforcommunityadvocatespptx" \h ] - a training we did for partner organizations facing unexpected opposition activity as a consequence of being aligned with Planned Parenthood

[ HYPERLINK "https://intranet.ppfa.org/national/asd/files/affiliate_security_consulting_resources/safety_and_privacy_tools/repu tationexecplusdatasheetpdf" \h ] - an on-line reputation monitoring and privacy service available at a reduced rate to high profile affiliate staff or contracted providers who need to control access to their personal information online.

**Security Conference:** We look forward to seeing you at the 2015 Affiliate Security Conference December 1-2, in West Palm Beach, FL. We'll have more opportunities to learn and share there, including sessions on protecting your affiliate from infiltration and evaluating new security technology.

DOE1012  Redacted and DOE1010

# More Numbers

Breakdown by Incident Type

| Incident Type | # Incidents July | # Incidents August | Total July + August | % Total Incidents July + August | % Total Incidents June 2015 |
|---|---|---|---|---|---|
| Arson/Attempted Arson | 1 | 1 | 2 | 0.2 | 0 |
| Bomb Threat | 0 | 2 | 2 | 0.2 | 0 |
| Burglary | 2 | 0 | 2 | 0.2 | .9 |
| Death Threat | 1 | 2 | 3 | 0.3 | 0 |
| Disruptive Person (pt., partner, family member, or other causing disturbance) | 18 | 7 | 25 | 2.9 | 6.0 |
| Fraud (suspected insurance fraud, identity theft, or use of false identity) | 2 | 0 | 2 | 0.2 | 0 |
| Harassment - Security | 189 | 192 | 381 | 44.8 | 14.8 |
| Injury (battery) | 1 | 0 | 1 | 0.1 | 0 |
| Other Security Issues | 24 | 24 | 48 | 5.6 | 7.8 |
| Protesters | 71 | 99 | 170 | 20.0 | 28.9 |
| Security Incident in Neighborhood | 2 | 1 | 3 | 0.3 | 0 |
| Stalking | 2 | 0 | 2 | 0.2 | 0 |
| Suspicious Calls/Encounters/Inquiries | 64 | 66 | 130 | 15.3 | 29.7 |
| Suspicious Package | 3 | 4 | 7 | 0.8 | .9 |
| Threat | 4 | 6 | 10 | 1.2 | 2.6 |
| Trespass | 10 | 21 | 31 | 3.6 | 6.9 |
| Vandalism | 7 | 13 | 20 | 2.3 | 4.3 |
| Weapons Policy Violation | 1 | 1 | 2 | 0.2 | 1.7 |
| Bio-Terrorism | 0 | 0 | 0 | 0 | 0 |
| Chemical Attack | 0 | 0 | 0 | 0 | 0 |
| Death | 0 | 0 | 0 | 0 | 0 |
| Internal Theft (theft by individuals assoc. with the agency) | 0 | 0 | 0 | 0 | 1.7 |
| Invasion | 0 | 0 | 0 | 0 | 0 |
| Obstruction | 0 | 0 | 0 | 0 | 0 |
| Robbery | 0 | 0 | 0 | 0 | 0 |
| Theft (theft of goods or property - use internal theft if by staff/volunteers) | 0 | 0 | 0 | 0 | 1.7 |

Hottest Spots (Reporting 5 or more total incidents in July or August)

CONFIDENTIAL

| Affiliate | # Incidents July | # Incidents August | Total July + August |
|---|---|---|---|
| PP of Greater Washington & North Idaho | 39 | 50 | 89 |
| PP Gulf Coast | 25 | 61 | 86 |
| PP of the Rocky Mountains | 23 | 49 | 72 |
| PP of Greater Ohio | 23 | 27 | 50 |
| PP of Greater Texas | 30 | 17 | 47 |
| PP of the Heartland | 17 | 22 | 39 |
| PP Pasadena and San Gabriel Valley | 15 | 20 | 35 |
| PP South Atlantic | 17 | 18 | 35 |
| PP of Indiana and Kentucky | 8 | 23 | 31 |
| PP of the Pacific Southwest | 6 | 18 | 24 |
| PP Santa Barbara, Ventura, & San Luis Obispo | 11 | 11 | 22 |
| PP of Southwest and Central Florida | 11 | 10 | 21 |
| PP of the St. Louis Region and Southwest MO | 8 | 12 | 20 |
| PP of Wisconsin | 12 | 8 | 20 |
| PP Northern California | 11 | 7 | 18 |
| PP of Central and Greater Northern New Jersey | 5 | 12 | 17 |
| PP Southeast | 11 | 5 | 16 |
| PP of Montana | 6 | 7 | 13 |
| Mt Baker PP | 6 | 6 | 12 |
| PP Keystone | 11 | 0 | 11 |
| PP Arizona | 9 | 0 | 9 |
| PP of Illinois | 8 | 0 | 8 |
| PP of the Great Northwest and Hawaiian Islands | 8 | 0 | 8 |
| PP of South, East and North Florida | 0 | 7 | 7 |
| PP of Western Pennsylvania | 7 | 0 | 7 |
| PP Southwestern Oregon | 0 | 7 | 7 |
| PP Los Angeles | 6 | 0 | 6 |
| PP Southern New England | 0 | 6 | 6 |
| PP of Central and Western New York | 5 | 0 | 5 |
| PP of Orange and San Bernardino Counties | 5 | 0 | 5 |
| PP Southern Finger Lakes | 0 | 5 | 5 |
| PP Southwest Ohio Region | 5 | 0 | 5 |

# Upcoming Activities

September 23 - November 1 – National – 40 Days For Life

September 22 - 27 – Philadelphia, PA – World Meeting of Families

September 24 – National – National Pro Life Chalk Day

CONFIDENTIAL

September 25 – Washington, DC – Value Voters Summit

October 1 - 4 – Orlando, FL – Operation Save America

October 4 – National – Annual Life Chain

October 10 - National Day of Protest

October 10 - National Day of Protest v.2


*HotSpots is a summary of select incidents of harassment and violence directed at Planned Parenthood affiliates, national offices, and other reproductive health care providers. This summary is produced by* **DOE1012** *Director of Affiliate Security, and* **Redacted** *Program Coordinator. In deciding which incidents to include in the highlights, we selected the most serious incidents, some that serve as a reminder of incidents we need to plan for and those that may represent new trends.*

*Questions regarding entries or editorial comment should be directed to* [ HYPERLINK "mailto:* **DOE1012** *@ppfa.org" \h ].  HotSpots is sent to affiliate and national staff and a select list of law enforcement contacts. For instructions on incident reporting, please contact* [ HYPERLINK "mailto:* **Redacted** *@ppfa.org" \h ].*

CONFIDENTIAL

**EXHIBIT 135**

1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3    PLANNED PARENTHOOD              )
     FEDERATION OF AMERICA,          )
4    INC., et al.,                   )
                                     )
5              Plaintiff,            )
                                     )
6    v.                              ) Case No. 3:16-CV-00236 (WHO)
                                     )
7    THE CENTER FOR MEDICAL          )
     PROGRESS, et al.,               )
8                                    )
               Defendants.           )
9    _____)

10

11

12

13

14       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

15             VIDEOTAPED DEPOSITION OF

16                   TRAM NGUYEN

17             BURLINGAME, CALIFORNIA

18           THURSDAY, MARCH 21, 2019

19

20

21

22

23
     Reported by:
24   MICHAEL P. HENSLEY
     RDR, CSR No. 14114
25   No. 19-76474

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1                    Burlingame, California
 2                 Thursday, March 21, 2019
 3                  9:25 A.M. - 7:03 P.M.
 4                          -oOo-
 5              THE VIDEOGRAPHER:  Good morning.  Here begins
 6    Media Number 1 in the deposition of Tram Nguyen in the
 7    matter of Planned Parenthood Federation of America Inc.
 8    versus Center For Medical Progress.  The case number is
 9    3:16-CV-00236.  This deposition -- today's date is
10    March 21st, 2019.  The time is approximately 9:25 A.M.
11    This deposition is taking place at 600 Airport Road,
12    Burlingame, California, 94010.  The videographer is
13    Patrick Pacheco appearing on behalf of Sullivan Group of
14    Court Reporters.
15              Would counsel please identify yourselves, and
16    state whom you represent.
17              MR. JONNA:  Good morning.  My name is Paul Jonna
18    with the Freedom of Conscience Defense Fund.  I
19    represent Defendant Center for Medical Progress, BioMax
20    Procurement Services, David Daleiden, and Adrian Lopez.
21              MR. MONAGHAN:  John A. Monaghan on behalf of
22    American Center for Law & Justice.  I represent Troy
23    Newman.
24              MS. GOTTLIEB:  Katie Beth Gottlieb on behalf of
25    Planned Parenthood Gulf Coast and Witness Tram Nguyen.
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

1    abided by this agreements?

2            MS. STERK:  Objection.  Asked and answered.

3            THE WITNESS:  I believe so.

4    BY MR. JONNA:

17:15    5    Q.      Okay.

6            MR. JONNA:  Take a quick look at Exhibit 1823.

7            (Exhibit 1823 was marked for identification.)

8    BY MR. JONNA:

9    Q.      This is a document Bates stamped CM1434 through

17:16    10   CM1443.  It's an email from Robert Sarkis to Melissa

11   Farrell, and it copies you and other people dated

12   June 30, 2015.  And it attaches an agreement between

13   BioMax and Planned Parenthood Gulf Coast.

14           First of all, have you -- do you remember seeing

17:16    15   this document before?

16   A.      I don't recall before yesterday.

17   Q.      Okay.  And if you just turn to the last page of

18   the document, Exhibit A, it says that the fee to Planned

19   Parenthood Gulf Coast for a fetal liver would be $750,

17:17    20   and the fee for fetal liver and a thymus from the same

21   POC would be $1,600.

22           MS. STERK:  Objection.

23           MR. JONNA:  I haven't asked a question yet.

24           MS. STERK:  Sorry.

25                       ///

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1    BY MR. JONNA:
 2    Q.       Do you remember these terms?
 3            MS. STERK:  Objection.  Misrepresents the
 4    document.
17:17    5            THE WITNESS:  I don't recall.
 6    BY MR. JONNA:
 7    Q.       Okay.  Let's take a look at Exhibit 1824.
 8            (Exhibit 1824 was marked for identification.)
 9    BY MR. JONNA:
17:17   10    Q.       This is an email chain between you and Doe 9012,
11    Bates stamped PP6147 to 6148 dated July 1st, 2015.  And
12    the very bottom of the chain is just the same email we
13    just saw, and then you forward it to Doe 9012, who is
14    the region medical and surgical services director, who
17:18   15    we under is Diane Santos.
16            Is that your understanding?
17            MS. STERK:  I object to naming the Does on the
18    record.
19            Go ahead.
17:18   20            THE WITNESS:  Yes.
21    BY MR. JONNA:
22    Q.       Okay.  You forwarded the email to her.  You --
23    to Ms. Santos.  You say "FYI, we are still trying to
24    move forward with this."
17:18   25            She responds to you and says "Do you want to do
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1   this?"

 2            You respond to her and say "Yes, ma'am."

 3            Do you remember that exchange?

 4   A.       Not until yesterday.

 5   Q.       Okay.  So you wanted to move forward with the

 6   contract we just saw with those price terms.

 7            MS. STERK:  Objection.  Mischaracterizes the

 8   document.  Mischaracterizes the testimony.  Vague.

 9            THE WITNESS:  I know I wanted to move forward

10   with it.  There were emails -- from what I recall

11   earlier, there were emails in between.  Again, I'm

12   not -- I don't make decisions on the agreements.  So I

13   can't tell you that I saw this and agreed with the

14   compensation or agreed with the agreement that was sent.

15   BY MR. JONNA:

16   Q.       Is there anything in writing that says that you

17   didn't agree with the compensation?

18            MS. STERK:  Objection.  Vague.

19            THE WITNESS:  No.

20   BY MR. JONNA:

21   Q.       And why would Ms. Santos ask you if you want to

22   do this if you have no say in the decision?

23            MS. STERK:  Objection.  Vague.

24            THE WITNESS:  I have the decision --

25            MS. STERK:  Calls for speculation.
```

17:18 (line 5)
17:19 (line 10)
17:19 (line 15)
17:19 (line 20)
17:19 (line 25)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1              THE WITNESS:  Sorry.

 2         MS. STERK:  Sorry.

 3              THE WITNESS:  I have the decision on whether to

 4    operationalize.  So just because Missy agrees to an

 5    agreement or to compensation or the specific details of

 6    the study, my role is to say whether or not I can

 7    operationalize this.  Is this -- will this impact

 8    patient care?  And so for me, that's my decision making

 9    in this process is whether or not something can be

10    operationalized on my floor and nothing to do with the

11    agreement and compensation.

12    BY MR. JONNA:

13    Q.      You didn't express anywhere in writing any

14    concerns with the proposed agreement; true?

15              MS. STERK:  Objection.  Vague.  Compound.  Calls

16    for speculation.

17              THE WITNESS:  Yeah, I haven't seen anything.

18    BY MR. JONNA:

19    Q.      What's that?

20    A.      I haven't seen anything, any of these emails.

21    Q.      Do you recall anything where you raised a

22    concern with the contract in writing?

23    A.      I don't recall.

24    Q.      Okay.  I'm going to hand you what we'll mark as

25    Exhibit 1826.
```

17:19 (line 5)
17:20 (line 10)
17:20 (line 15)
17:20 (line 20)
17:20 (line 25)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1   STATE OF CALIFORNIA  )
                          )  ss.
 2   COUNTY OF ALAMEDA    )

 3       I, Michael Hensley, Certified Shorthand Reporter,

 4   Registered Diplomate Reporter, in and for the State of

 5   California, Certificate No. 1411413976,

 6   do hereby certify:

 7       That the witness in the foregoing deposition was by

 8   me first duly sworn to testify to the truth, the whole

 9   truth, and nothing but the truth in the foregoing cause;

10   that said deposition was taken before me at the time and

11   place herein named; that said deposition was reported by

12   me in shorthand and transcribed, through computer-aided

13   transcription, under my direction; and that the

14   foregoing transcript is a true record of the testimony

15   elicited and proceedings had at said deposition.

16       I do further certify that I am a disinterested

17   person and am in no way interested in the outcome of

18   this action or connected with or related to any of the

19   parties in this action or to their respective counsel.

20       In witness whereof, I have hereunto set my hand

21   this 24th day of March, 2019.

22

23   _____

24   Michael Hensley, CSR NO. 14114

25
```

**EXHIBIT 136**

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3

4  PLANNED PARENTHOOD FEDERATION OF )
   AMERICA, INC., et al.,          )
5                                  )
                  Plaintiffs,      )
6                                  )
          vs.                      ) Case No. 3:16-CV-00236 (WHO)
7                                  )
   THE CENTER FOR MEDICAL PROGRESS, )
8  et al.,                         )
                                   )
9                  Defendants.     )
   _____)
10

11

12

13        HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

14            VIDEOTAPED DEPOSITION OF

15               KATHARINE SHEEHAN

16          RANCHO SANTA FE, CALIFORNIA

17            THURSDAY, MAY 30, 2019

18

19

20

21

22

23
   Reported by:
24 LEESAH TERAN
   CSR No. 12675
25 19-79186

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

|   |   |
|---|---|
| 1 | Thursday, May 30th, 2019; Rancho Santa Fe, California |
| 2 | 9:43 a.m. |
| 3 | - - - |
| 4 | THE VIDEOGRAPHER:  Good morning.  Here begins |
| 5 | Media No. 1 of the deposition of Katharine Sheehan in |
| 6 | the matter of Planned Parenthood Federation America v. |
| 7 | Center for Medical Progress.  This case is in the United |
| 8 | States District Court, Northern District of California. |
| 9 | The case number is 316-CV-002367(WHO).  Today's date is |
| 10 | May 30th, 2019.  This deposition is taking place at |
| 11 | 16236 San Dieguito Road, Suite 3-15, Rancho Santa Fe, |
| 12 | California.  The videographer is Jake Thompson appearing |
| 13 | on behalf of the Sullivan Group of Court Reporters. |
| 14 | Would counsel please identify yourselves and |
| 15 | state whom you represent. |
| 16 | MR. BREEN:  Peter Breen on behalf of Defendant |
| 17 | David Daleiden. |
| 18 | MR. KAMRAS:  Jeremy Kamras of Arnold & Porter |
| 19 | on behalf of the witness and Plaintiffs. |
| 20 | MS. SKADDAN:  Tracy Skaddan, General Counsel |
| 21 | for Planned Parenthood of the Pacific Southwest. |
| 22 | MR. BREEN:  On the phone? |
| 23 | MR. WHITE:  Edward White on behalf of the |
| 24 | America Center for Law and Justice and the Defendant |
| 25 | Troy Newman. |

Time stamps in left margin:
09:43:27 (line 5)
09:43:56 (line 10)
09:44:19 (line 15)
09:44:32 (line 20)
09:44:46 (line 25)

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

10:25:53     1          A.    Since 1999.

             2          Q.    Okay.

             3                 Did the -- did the relationship between

             4    Planned Parenthood of Pacific Southwest begin in 1999

10:26:06     5    with ABR?

             6          A.    As far as I know, yes.

             7          Q.    Okay.

             8                 And then calling your attention to page 2 of

             9    the exhibit.  Does -- do you recognize the agreement?

10:26:18    10    It says "This agreement was made as of June 1, 1999 by

            11    Advance Bioscience Resources, Inc., ABR" -- et cetera,

            12    et cetera, et cetera -- "and Planned Parenthood of San

            13    Diego and Riverside Counties, a professional

            14    corporation."

10:26:36    15          A.    Yes.

            16          Q.    And why do you recognize the agreement?

            17                MR. KAMRAS:  Objection.  Vague.  And --

            18    BY MR. BREEN:

            19          Q.    Let me ask you this --

10:26:47    20                MR. KAMRAS:  I'm not sure what you're asking.

            21                MR. BREEN:  Well, I'll rephrase just based on

            22    the witness looking to her attorney, I'm assuming.

            23    BY MR. BREEN:

            24          Q.    Had you seen this agreement prior to one week

10:26:58    25    ago?

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 10:27:00 | 1 | A.   Not that I remember. |
| | 2 | Q.   Okay. |
| | 3 | How long did PPPSW have a relationship with |
| | 4 | ABR or does it continue to today? |
| 10:27:27 | 5 | A.   It continues. |
| | 6 | Q.   Okay. |
| | 7 | And then has PPPSW had any other relationships |
| | 8 | with other tissue procurement companies? |
| | 9 | A.   No. |
| 10:27:42 | 10 | Q.   Okay. |
| | 11 | Has PPPSW had any other relationships with |
| | 12 | researchers to procure fetal tissue? |
| | 13 | A.   Yes. |
| | 14 | Q.   Okay. |
| 10:27:55 | 15 | And which -- and I'll ask just one more |
| | 16 | question.  Has PPPSW had any relationships with research |
| | 17 | institutions in relation to procurement of fetal tissue? |
| | 18 | A.   Yes. |
| | 19 | Q.   Okay. |
| 10:28:09 | 20 | And maybe -- when I say "researchers" and |
| | 21 | "research institutions" do you -- is it fair to say you |
| | 22 | would see those terms as interchangeable? |
| | 23 | A.   I think you're asking me if we have a |
| | 24 | relationship with specific researchers and the |
| 10:28:25 | 25 | institution that they work for? |

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

15:24:02   1   BY MR. BREEN:

2       Q.   And, again, this is still you on the video,

3   correct?

4       A.   Yes.

15:24:05   5       Q.   Okay.

6         And when you referred to the ten-year

7   relationship on the video segment, you're referring to

8   the relationship that PPPSW has with ABR, correct?

9       A.   Correct.

15:24:22   10       Q.   Okay.

11         As well, you had said in the video that we

12   just renegotiated the contract with ABR.  Do you recall

13   making that statement?

14       A.   At that time?

15:24:37   15       Q.   Correct.

16       A.   No.

17       Q.   Okay.

18         And to what were you referring to when you

19   said "we just renegotiated the contract with ABR?"

15:24:56   20       A.   I believe it is in reference to a meeting we

21   had with Linda Tracy about a specialized program that

22   they were trying to start for federal research,

23   federally funded, and that it required a higher level of

24   time and staff involvement, different levels of --

15:25:21   25   different management of the tissue, and so it wasn't, I

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

15:25:29  1  guess, just a few days before that meeting, but it was

2  in my brain about my last interaction with ABR,

3  probably, and that's it.

4      Q.   Okay.

15:25:42  5           And then do you recall if the contract was

6  signed between PPPSW and ABR in relation to the

7  government-level collections that you referenced in the

8  video?

9      A.   It was not signed.

15:26:04  10      Q.   And why not?

11      A.   I don't know.

12      Q.   Okay.

13           Did -- did PPPSW perform any government-level

14  collections, using that term as you said in the video?

15:26:21  15      A.   No.

16      Q.   And do you know why not?

17      A.   No.

18      Q.   Okay.

19           Have you ever heard of regulated tissue

15:26:30  20  acquisition?

21      A.   Yes.

22      Q.   Okay.

23           And what is that?

24      A.   I think that's exactly what we were talking

15:26:36  25  about.

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

15:26:37   1        Q.   Okay.

2             And has PPPSW ever engaged in sterile tissue

3   collection?

4        A.   No.

15:26:51   5        Q.   All right.

6             Did -- so you said you had a meeting with

7   Linda Tracy.  Did she express whether the regulated --

8   I'm sorry.  Strike that.

9             As to the government-level collections, your

15:27:17  10   phrase from the video, are you aware of ABR doing such

11   government-level collections at other abortion

12   facilities?

13        A.   No.

14        Q.   Okay.

15:27:31  15             Did Ms. Tracy convey information about how a

16   government-level collection would work in the meetings

17   with you?

18        A.   Yes.

19        Q.   Okay.

15:27:42  20             Did she express that they -- that ABR had

21   experience with government-level collections in that

22   meeting with you?

23        A.   I don't recall.

24        Q.   Okay.

15:27:51  25             Did ABR provide you with any paperwork related

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

15:27:57   1   to their program of government-level collections?

2        A.   I don't recall.

3        Q.   Okay.

4             Do you recall if there was any sort of

15:28:06   5   presentation at the meeting with Ms. Tracy?

6        A.   I believe it was just a discussion.

7        Q.   Okay.

8             How frequently would you be in a meeting with

9   Ms. Tracy during that time frame of 1999 to 2013?

15:28:26  10        A.   Rare -- very rare.

11        Q.   Would you ever see her socially?

12        A.   No.

13        Q.   Were there other individuals at PPPSW that

14   would have met more regularly with Ms. Tracy?

15:28:42  15             MR. KAMRAS:  Foundation.

16             THE WITNESS:  I believe other people were

17   meeting if there were other contracts to be discussed,

18   but I was not part of that.

19   BY MR. BREEN:

15:28:52  20        Q.   Okay.

21             And do you know of any other contracts between

22   PPPSW and ABR besides the fetal tissue contract that we

23   have been discussing?

24        A.   No.

15:29:01  25        Q.   Okay.

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

```
1   STATE OF CALIFORNIA    )
                                    ss.
2   COUNTY OF SAN DIEGO    )

3

4            I, Leesah Teran, C.S.R. No. 12675, in and for

5   the State of California, do hereby certify:

6            That prior to being examined, the witness

7   named in the foregoing deposition was by me duly sworn

8   to testify to the truth, the whole truth, and nothing

9   but the truth;

10           That said deposition was taken down by me in

11  shorthand at the time and place therein named and

12  thereafter reduced to typewriting under my direction,

13  and the same is a true, correct, and complete transcript

14  of said proceedings;

15           That if the foregoing pertains to the original

16  transcript of a deposition in a Federal Case, before

17  completion of the proceedings, review of the transcript

18  (X) was ( ) was not required.

19           I further certify that I am not interested in

20  the event of the action.

21           Witness my hand this 3rd day of

22  June, 2019.

23

24                       Certified Shorthand Reporter
                         for the State of California

25
```

**EXHIBIT 137**

1          IN THE UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3

4

5   PLANNED PARENTHOOD FEDERATION    )
    OF AMERICA, INC., et al.,        )
6                                    )
                      Plaintiffs,    )
7                                    )
    vs.                              ) No. 3:16-cv-00236
8                                    )      (WHO)
    THE CENTER FOR MEDICAL PROGRESS,)
9   et al.,                          )
                                     )
10                    Defendants.    )
    _____)
11

12

13      HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

14            VIDEOTAPED DEPOSITION OF

15              DEBORAH VANDERHEI

16            BURLINGAME, CALIFORNIA

17           WEDNESDAY, APRIL 3, 2019

18

19

20

21

22

23
    Reported by:
24  ANDREA M. IGNACIO, CSR, RPR, CRR, CCRR, CLR
    CSR LICENSE NO. 9830
25  NO. 19-76727

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1              BURLINGAME, CALIFORNIA

 2            WEDNESDAY, APRIL 3, 2019

 3                  9:39 A.M.

 4

 5

 6

 7              THE VIDEOGRAPHER:  Good morning.  Here begins

 8    Media No. 1 in the deposition of Deborah VanDerhei.

 9              In the matter of Planned Parenthood

10    Federation of America Inc. versus Center for Medical

11    Progress.

12              This case is in the United States District

13    Court for the Northern District of California.  And

14    the case number is 3:16-cv-00236.

15              Today's date is April 3rd, 2019.  The time is

16    approximately 9:39 a.m.  This deposition is taking

17    place at 600 Airport Road, Burlingame, California

18    94010.

19              The videographer is Patrick Pacheco,

20    appearing on behalf of the Sullivan Group of Court

21    Reporters.

22              Would counsel please identify yourselves and

23    state whom you represent.

24              MR. BREEN:  Peter Breen on behalf of

25    Defendant David Daleiden.
```

09:39 10
09:39 15
09:40 20
09:40 25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
  1        A    No, I didn't say that.

  2        Q    Okay.  You knew it was --

  3        A    I was trying to differentiate when I said I

  4   know of an affiliate that is in Northern California --

  5        Q    Okay.

  6        A    -- that donated tissue.  I am not saying it

  7   is Planned Parenthood of Northern California or

  8   Planned Parenthood of Mar Monte or any other

  9   affiliates that were -- that resided in Northern

 10   California at that time.

 11        Q    And when did you learn that there was an

 12   affiliate in Northern California providing fetal

 13   tissue procurement?

 14             MS. BOMSE:  Objection; vague and ambiguous.

 15             THE WITNESS:  When I started my job, I did a

 16   site visit and -- at an affiliate, which I do not

 17   recall, and I learned then that they were part of the

 18   tissue donation program.

 19             MR. BREEN:  Okay.

 20        Q    And did you learn -- so -- and do you know

 21   today -- you don't recall at all which affiliate you

 22   visited at that time?

 23        A    That's right.

 24        Q    Okay.

 25        A    I did many affiliate visits then.
```

16:33 (line 5)
16:33 (line 10)
16:34 (line 15)
16:34 (line 20)
16:34 (line 25)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

1       Q    Okay.  Are you aware -- well, did you ever

2   become aware that Planned Parenthood of Northern

3   California had provided -- had performed fetal tissue

4   procurement prior to the release of the videos?

16:35   5            MS. BOMSE:  Objection; vague and ambiguous.

6            THE WITNESS:  So perhaps I wasn't clear.  I

7   can understand that.

8            If I was in that affiliate doing the

9   affiliate visit, then I knew that it was that

16:35   10  affiliate.  I don't know which affiliate I was in --

11           MR. BREEN:  Okay.

12           THE WITNESS:  -- when I first started.

13           MR. BREEN:  Okay.

14      Q    And what -- so what -- what did you learn

16:35   15  during that site visit about fetal tissue procurement,

16  if anything?

17      A    That people were interviewed, consented,

18  et cetera, for an abortion procedure before they were

19  approached about fetal tissue donation.

16:35   20      Q    Okay.  And then, do you recall whether that

21  site was partnered with a for profit, or were they

22  partnering with a tissue procurement organization?

23      A    I don't know if they were partnered with a

24  tissue procurement organization.

16:36   25      Q    Okay.  Did you discuss at all where the

THE SULLIVAN GROUP OF COURT REPORTERS

259

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

1    tissue that was collected would be sent?

2        A    No.

3        Q    Okay.  Did you discuss anything else about

4    the tissue procurement process, besides that there had

16:36    5    been -- there is a separate consenting process?

6            MS. BOMSE:  Objection; lacks foundation;

7    misstates her testimony.

8            MR. BREEN:  Q.  What else did you discuss, as

9    part of your site visit involving fetal tissue

16:36   10    procurement.

11        A    Actually, we didn't discuss anything.

12        Q    Okay.  As you sit here today, are you aware

13    that Planned Parenthood of Northern California did

14    fetal tissue procurement prior to the release of the

16:36   15    videos?

16        A    So as I stated before, I don't know that --

17    if that was the affiliate that I was in.  Then if I

18    can confirm if that was the affiliate that I was in,

19    then I could confirm that I knew that.

16:37   20        Q    Okay.

21        A    I can't confirm that was the affiliate I was

22    in.

23        Q    Okay.  And then, are there records of your

24    site visits?

16:37   25        A    No longer.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1             CERTIFICATE OF REPORTER

 2

 3          I, ANDREA M. IGNACIO, hereby certify that the

 4   witness in the foregoing deposition was by me duly

 5   sworn to tell the truth, the whole truth, and nothing

 6   but the truth in the within-entitled cause;

 7          That said deposition was taken in shorthand

 8   by me, a disinterested person, at the time and place

 9   therein stated, and that the testimony of the said

10   witness was thereafter reduced to typewriting, by

11   computer, under my direction and supervision;

12          That before completion of the deposition,

13   review of the transcript [ ] was [x] was not

14   requested.  If requested, any changes made by the

15   deponent (and provided to the reporter) during the

16   period allowed are appended hereto.

17          I further certify that I am not of counsel or

18   attorney for either or any of the parties to the said

19   deposition, nor in any way interested in the event of

20   this cause, and that I am not related to any of the

21   parties thereto.

22   Dated: April 4, 2019

23

24   _____
            ANDREA M. IGNACIO
            RPR, CRR, CCRR, CLR, CSR No. 9830
25
```

THE SULLIVAN GROUP OF COURT REPORTERS

**EXHIBIT 138**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **PLANNED PARENTHOOD FEDERATION** ) | |
| **OF AMERICA, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CASE NO. 3:16-cv-00236** |
| ) | **(WHO)** |
| **CENTER FOR MEDICAL PROGRESS,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**CONFIDENTIAL, ATTORNEYS' EYES ONLY**

**VIDEO RECORDED DEPOSITION OF**

**JON DUNN**

**IRVINE, CALIFORNIA**

**MAY 9, 2019**

**Reported by:**
**DEBBIE STRICKLAND**
**CSR 9036**
**No. 19-78512**



THE SULLIVAN GROUP
OF COURT REPORTERS
SULLIVANCOURTREPORTERS.COM
PHONE 855.525.3860 | 323.938.8750

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1      Q    Do you remember there -- if DaVinci provided
 2  you with a template agreement to use?
 3           MS. MAYO:  Objection.  Vague, misstates the
 4  testimony.
 5           THE WITNESS:  To my knowledge, they did not.
 6  BY MR. JONNA:
 7      Q    Do you remember if DaVinci made any comments
 8  or suggested edits to the agreement before they signed
 9  it?
10      A    I --
11           MS. MAYO:  Objection.  Calls for speculation.
12           THE WITNESS:  I don't recall.
13  BY MR. JONNA:
14      Q    Okay.  Let's take a look at 1201.  This is a
15  Specimen Donation Agreement between Novogenix and
16  PPLA.  Just take a look at the agreement.  I don't
17  have a lot of substantive questions about it, but I
18  just want you to flip through it and get familiar with
19  it.
20           Do you know what Novogenix Laboratories, LLC
21  is?
22      A    I do not.
23           (Exhibit 1201 was marked for
24           identification and is attached
25           in a separate volume thereto.)
```

11:36  5
11:36  10
11:37  15
11:37  20

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

1    BY MR. JONNA:

2         Q    Have you ever heard of them before?

3         A    No.

4         Q    Do you know if PPLA asked you for a sample

11:38    5    Specimen Donation Agreement before they partnered up

6    with Novogenix?

7         A    I don't recall.

8         Q    Do you remember talking to PPLA about their

9    own fetal tissue donation program?

11:38    10        A    I did not speak to them about any specifics

11    of their fetal tissue donation program, no.

12        Q    Did you ever speak to them generally about

13    their fetal tissue donation program?

14             MS. MAYO:  Objection.  Vague.

11:38    15             THE WITNESS:  Only to the extent that I was

16    aware that they were embarking on one around the same

17    time we were.  Other than that, I had no knowledge of

18    their program.

19    BY MR. JONNA:

11:38    20        Q    Did you speak to Mary Gatter?

21        A    I did not.

22        Q    Did you speak to their CEO?

23             MS. MAYO:  Objection.  Vague.

24             THE WITNESS:  I don't specifically recall,

11:39    25    but that's who I likely would have spoken to if I had

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

1   had a conversation about it.

2   BY MR. JONNA:

3      Q   Who was their CEO at that time?

4      A   Rebecca Isaacs I believe at the time.

11:39   5      Q   Do you remember anything about your

6   conversation with Rebecca about their fetal tissue

7   program?

8      A   I do not.

9      Q   Do you know if they used the same lawyer that

11:39   10   you used to draft this agreement?

11         MS. MAYO:  Objection.  Calls for speculation.

12         THE WITNESS:  I have no knowledge of what

13   attorney they may have used to draft their -- their

14   contract.

11:39   15   BY MR. JONNA:

16      Q   Would you agree that these two contracts look

17   nearly identical?

18         MS. MAYO:  Objection.  Vague, relevance,

19   calls for a legal conclusion.

11:39   20         THE WITNESS:  Yeah.  Not being a lawyer and

21   not having really compared them that closely, I'm not

22   going to comment on that.

23   BY MR. JONNA:

24      Q   Would you agree that the format looks nearly

11:40   25   identical?

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1              MS. MAYO:  Objection.  Relevance, vague.
 2              THE WITNESS:  They look similar.
 3      BY MR. JONNA:
 4         Q    Do you know if these contracts were created
 5      around the same time?
 6              MS. MAYO:  Objection.  Calls for speculation.
 7              THE WITNESS:  I don't know.
 8              MS. MAYO:  And the documents speak for
 9      themselves.
10      BY MR. JONNA:
11         Q    Okay.  Let's take a look at the next exhibit,
12      2803.
13              Before we get to 2803, do you remember if
14      PPFA ever provided you with a template for a Specimen
15      Donation Agreement?
16         A    I don't specifically remember, but to the
17      best of my knowledge, they did not.
18         Q    Do you remember ever asking PPFA for their
19      feedback on the Specimen Donation Agreement that you
20      entered into with DaVinci?
21         A    I don't recall having done so.
22         Q    Okay.  If you don't mind, I'd like you to
23      just look at the two agreements side by side.  I think
24      you have loose copies there if you want.  That's
25      probably easier.
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1              So take a look at Section 1 in both documents
 2    under Specimens.  Do you agree that those two
 3    paragraphs are nearly identical?
 4              MS. MAYO:  Objection.  The documents speak
11:42  5    for themselves, vague, calls for a legal conclusion.
 6              THE WITNESS:  They appear to be very similar.
 7    BY MR. JONNA:
 8         Q    Same thing with Section 2, Use of Specimens?
 9              MS. MAYO:  Objection.  The documents speak
11:42 10    for themselves.  Mischaracterizes the document.
11              THE WITNESS:  The two paragraphs do not
12    appear to be that similar to me.
13    BY MR. JONNA:
14         Q    Take a look at the Section 4 in the Novogenix
11:43 15    contract.  Do you see that section Payment?
16         A    I do.
17         Q    Do you remember if that section was included
18    in the DaVinci contract and then later removed?
19         A    There was never a section regarding payment
11:44 20    in our contract with DaVinci.
21         Q    And you see that the PPLA contract is
22    executed in 2010 and the -- the PPLA contract is
23    executed in 2010 and the PPOSBC contract is executed
24    in 2008.
11:44 25              Do you see that?
```

THE SULLIVAN GROUP OF COURT REPORTERS

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

1              MS. MAYO:  Objection.  Documents speak for

2     themselves, assumes facts, lacks foundation.

3              THE WITNESS:  Yes.  I see the dates.

4     BY MR. JONNA:

11:44   5        Q    Do you have any knowledge whatsoever as to

6     how PPLA's -- PPLA was able to obtain a contract with

7     substantially similar language as PPOSBC?

8              MS. MAYO:  Objection.  The documents speak

9     for themselves, asked and answered, calls for

11:44  10     speculation, lacks foundation.

11              THE WITNESS:  I have already told you I have

12     no recollection of speaking to PPLA about our

13     agreement, so the answer is no.

14     BY MR. JONNA:

11:45  15        Q    Do you have any recollection of speaking to

16     PPLA about their agreement?

17        A    To the best of my knowledge, I never spoke to

18     PPLA about their agreement.

19        Q    Do you have any knowledge of speaking to PPFA

11:45  20     about your agreement with DaVinci?

21              MS. MAYO:  Objection.  Asked and answered.

22              THE WITNESS:  No.

23     BY MR. JONNA:

24        Q    Do you have any knowledge of speaking to

11:45  25     anyone about your agreement with DaVinci other than

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1    your attorney, Steve Lipton?

 2              MS. MAYO:  Objection.  Vague, overbroad.

 3              THE WITNESS:  I don't recall speaking to

 4    anyone other than my attorney and DaVinci.

11:45  5  BY MR. JONNA:

 6       Q    Do you recall if you or if anyone from PPOSBC

 7    sent your contract with DaVinci to PPLA?

 8              MS. MAYO:  Objection.  Calls for speculation.

 9              THE WITNESS:  I think I already answered that

11:45 10  question.  I do not recall ever sending or having

11    anyone send our agreement to PPLA.

12    BY MR. JONNA:

13       Q    Okay.  I'm asking you in your capacity as a

14    30(b)(6) witness for the organization, so I'm not just

11:46 15  asking about you personally.  But does your

16    organization have any knowledge of -- as to whether

17    this contract was sent over to PPLA before they

18    entered into their agreement with Novogenix?

19              MS. MAYO:  Beyond the scope, mischaracterizes

11:46 20  the 30(b)(6) requirements, calls for a legal

21    conclusion.

22              THE WITNESS:  I don't know how I can have a

23    recollection other than my own, and I've already told

24    you I don't recall having done so.

11:46 25  ///
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1   BY MR. JONNA:
 2       Q    But to prepare for your deposition today,
 3   you're not relying only on your own recollection.  You
 4   also did your own homework, so to speak, to get up to
 5   speed with the claims and defenses and issues in this
 6   case; correct?
 7            MS. MAYO:  Objection.  Calls for a legal
 8   conclusion, mischaracterizes the federal rules of
 9   civil procedure, vague.
10            THE WITNESS:  I already told you that I met
11   with my attorney to prepare for this deposition.
12            MS. MAYO:  Argumentative.
13   BY MR. JONNA:
14       Q    Do you remember if PPLA ever reached out to
15   your organization to ask about -- or ask for your
16   feedback on their contract with Novogenix?
17            MS. MAYO:  Objection.  Asked and answered.
18            THE WITNESS:  I've never seen this contract
19   before.  I have no recollection of their reaching out
20   to me for any feedback on it or any other contract
21   related to their fetal tissue program.
22   BY MR. JONNA:
23       Q    Okay.
24            Okay.  Let's take a look at 2803.  This is an
25   email chain Bates stamped PP-5600.  The first email in
```

Timestamps: 11:46 (line 5), 11:47 (line 10), 11:47 (line 15), 11:47 (line 20), 11:48 (line 25)

CONFIDENTIAL - ATTORNEYS' EYES ONLY TRANSCRIPT

```
 1   STATE OF CALIFORNIA     )
                             )  SS.
 2   COUNTY OF LOS ANGELES   )

 3

 4          I, Debbie Strickland, CSR 9036, a certified

 5   shorthand reporter in and for the county of

 6   Los Angeles, state of California, do hereby certify;

 7          That ___JON DUNN  , the witness named in the

 8   foregoing deposition, was, before the commencement of

 9   the deposition, duly administered an oath in

10   accordance with CCP 2094;

11          That said deposition was taken down in

12   stenograph writing by me and thereafter transcribed

13   into typewriting under my direction.

14          I further certify that I am neither counsel

15   for nor related to any party to said action, nor in

16   anywise interested in the outcome thereof.

17

18          Dated this _12th_ day of __May  , 2019.

19

20

21
                         _____
22                       CERTIFIED SHORTHAND REPORTER
                         IN AND FOR THE COUNTY OF
23                       LOS ANGELES
                         STATE OF CALIFORNIA
24

25
```

THE SULLIVAN GROUP OF COURT REPORTERS

## CERTIFICATE OF SERVICE

*Planned Parenthood, et al. v. The Center for Medical Progress, et al.*
Case No.: 3:16-cv-00236

I, Kathy Denworth, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9520, Rancho Santa Fe, California 92067, and that I served the following document(s):

• **Second Declaration of Jeffrey M. Trissell, Esq., in Support of Various Reply Briefs.**

on the interested parties in this action by emailing a true copy addressed as follows:

***Via regular mail and email***
Diane Sterk
Arnold & Porter LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
415-434-1600; 415-677-6262 (fax)
amy.bomse@aporter.com
**Attorneys for Plaintiffs Planned Parenthood Federation of America, Inc., et al.**

Amy. L. Bomse
Rogers Joseph O'Donnell
311 California St., Fl. 10,
San Francisco, CA 94104
415/956-2828
ABomse@rjo.com
**Attorneys for Plaintiffs Planned Parenthood Federation of America, Inc., et al.**

Catherine Wynne Short
Life Legal Defense Foundation
Post Office Box 1313
Ojai, CA 93024-1313
805-640-1940
lldfojai@cs.com
**Attorneys for Defendant Albin Rhomberg**

Peter Christopher Breen
Thomas Leonard Brejcha, Jr.
Thomas More Society
19 S. LaSalle Street, Suite 603
Chicago, IL 60603
312-782-1680
pbreen@thomasmoresociety.org
tbrejcha@thomasmoresociety.org
**Attorneys for Defendant David Daleiden**

Michael Millen
Law Offices of Michael Millen
119 Calle Marguerita, Ste. 100
Los Gatos, CA 95032
408-866-7480; Fax: 408-516-9861
MikeMillen@aol.com
**Attorneys for Defendant Albin Rhomberg**
Vladimir Frank Kozina
Mayall Hurley, P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207
209-477-3833; 209-473-4818 (fax)
vkozina@mayallaw.com
**Attorneys for Defendant Troy Newman**

Helene Krasnoff
Planned Parenthood Federation of America
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
202-973-4800
helene.krasnoff@ppfa.org
**Attorneys for Plaintiff Planned Parenthood Federation of America, Inc.**

Edward L. White III
Erik M. Zimmerman
AMERICAN CENTER FOR LAW & JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
734-680-8007; 734-680-8006 (fax)
ezimmerman@aclj.org
**Attorneys for Defendant Troy Newman**

Matt Heffron, pro hac vice
BROWN & BROWN, LLC
501 Scoular Building
2027 Dodge Street
Omaha, NE 68102
402-346-5010; 402-345-8853 (fax)
mheffron@bblaw.us
**Attorneys for Defendant David Daleiden**

Horatio Gabriel Mihet
Liberty Counsel
P.O. Box 540774
Orlando, FL 32854
407-875-1776; 407-875-0770 (fax)
hmihet@lc.org; jchristman@lc.org
**Attorneys for Defendant Sandra Susan Merritt**

Nicolaie Cocis
Law Office of Nic Cocis & Associates
38975 Sky Canyon Drive, Suite 211
Murrieta, CA 92563
951-695-1400; 951-698-5192 (fax)
nic@cocislaw.com
**Attorneys for Defendant Sandra Susan Merritt**

____   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____   **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

_X_   **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on July 12, 2019, at Rancho Santa Fe, California.

_____
Kathy Denworth

CERTIFICATE OF SERVICE                                    3:16-cv-00236