UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**TENTATIVE RULINGS AND PROCEDURE for July 17, 2019 Hearing**

I.     **PROCEDURE:**

Each side will have an hour to argue their most significant matters. Defendants shall, collectively, first address their concerns with the tentative rulings in any order they choose. Plaintiffs shall respond to defendants' arguments and then address their additional concerns. Defendants may then respond to plaintiffs' arguments, and plaintiffs may reply to defendants' response.

II.     **DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

    A.     **Damages.**

I am inclined to exclude from the case all damages that stem from third parties' reactions to the release of the video recordings as impermissible publication damages barred by the First Amendment absent a defamation claim. This would include costs for personal security for plaintiffs' staff and security guards for facilities; costs for physical upgrades to plaintiffs' facilities (*e.g.*, security cameras, fencing, bulletproof glass); costs to fix incidents of vandalism or arson; costs to address hacks of plaintiffs' computer systems (including lost business due to inability to make reservations), as well as costs to prevent future intrusion into computer systems. These damages are the result of third-party behavior and reaction to the publication of the video recordings. This would not include damages for investigating intrusions into plaintiffs' conferences and facilities and improvements to access-security measures for conferences and facilities. This would also not include nominal or statutory damages.

    B.     **Claims**

I have a number of questions about the briefing, which I identify in section IV, below. At the moment, I am tentatively inclined to think that there are genuine disputes over material facts

1

that will lead me to DENY the defendants' motions for summary judgment except for (i) the damages issue as described above, (ii) claims that specific plaintiffs admit are dropped, and (iii):

- Count 15 as to all defendants, with respect to PPCFC's breach of contract claim due to lack of standing
- Count 6 as to all defendants, with respect to PPRM trespass claim given PPRM's express intent to seek only injunctive relief

### III. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

I am inclined to GRANT in plaintiffs' favor with respect to defendants' Unclean Hands defense and DENY as to the remaining claims and defenses. While plaintiffs have shown a lack of disputed material facts as to some elements of specific plaintiffs' claims with respect to some of the defendants, where damages are an element of the claim (and plaintiffs intend to seek damages beyond nominal damages) or where plaintiffs admit there are questions of fact with respect to some of the defendants on that same claim, I am not inclined to grant partial summary judgment.

### IV. QUESTIONS TO BE ADDRESSED

**RICO**. What is plaintiffs' best Ninth Circuit authority that the predicate acts of producing or transferring a false identification document – which do not require "intent to use" – were in or affecting interstate commerce?

**Trespass**. What are plaintiffs' best cases in respective jurisdictions that contracts for hotel conference rooms/facilities create a sufficient possessory interest such that the rights conferred are more akin to lessee rights as opposed to licensee rights?

**Illegal Recording Claims**. Are plaintiffs asserting claims from the December 2013 ARHP Conference? Are plaintiffs asserting a Florida claim or a Maryland claim for Dr. Taylor? Which plaintiff(s) employed Lisa David?

**Invasion of Privacy Claims**. Are plaintiffs asserting intrusion claims with respect to PPRM under Colorado law? Are plaintiffs asserting intrusion claims under with respect

to PPGC/PPCFC under Texas law?  What are plaintiffs best cases under Colorado and Texas law that intrusion claims can be sustained when only business, as opposed to personal, information was sought or secured?  Are plaintiffs limiting their California Constitution intrusion claims to the taping of Gatter and Nucatola?  Are plaintiffs dropping common law intrusion claims with respect to conferences?

## V. DEFENDANTS' ANTI-SLAPP MOTION

Defendants admit that they filed this motion only to seek the "boons" of attorney fees and interlocutory appeal.  It seems contrary to the purpose of the statute to allow for a stay pending interlocutory appeal following a successive anti-SLAPP motion and one that was filed in conjunction with Rule 56 motions for summary judgment based on a fully developed record.  Is there any precedent addressing the propriety of successive anti-SLAPP motions or interlocutory stays on successive anti-SLAPP motions presented to the Court on a full record?  I will not set a briefing schedule to determine whether defendants are entitled to attorney fees under the anti-SLAPP statute at this juncture.  Determinations on entitlement to fees will be made post-trial.

## VI. DEFENDANTS' MOTION TO STRIKE

Defendants shall file a supplemental brief of ten pages or less by July 24, 2019, explaining why late identification of each of the approximately 25 late-disclosed video segments is prejudicial, focusing on the existence of unique circumstances in each of those segments that differentiates them from the other, prior-disclosed video segments on which defendants had the opportunity depose plaintiffs' witnesses.  Plaintiffs may respond by July 31, 2019, explaining why there is no prejudice from some or all of the late-disclosed video segments.

## VII. MOTION TO EXCLUDE COHEN

I am inclined to GRANT this motion and exclude Cohen under Rule 702 for bias and because he has represented witnesses in this case and refused to answer questions based on the attorney-client privilege.  Cohen's testimony is also of limited relevance and utility to the jury if publication damages are excluded.