1  Charles S. LiMandri (CA Bar No. 110841)
   Paul M. Jonna (CA Bar No. 265389)
2  Jeffrey M. Trissell (CA Bar No. 292480)
   B. Dean Wilson (CA Bar No. 305844)
3  FREEDOM OF CONSCIENCE DEFENSE FUND
   P.O. Box 9520
4  Rancho Santa Fe, CA 92067
   Tel:  (858) 759-9948
5  cslimandri@limandri.com

6  *Attorneys for Defendants David Daleiden and*
   *Gerardo Adrian Lopez*
7
   Denise M. Harle (CA Bar No. 275561)
8  ALLIANCE DEFENDING FREEDOM
   1000 Hurricane Shoals Rd., NE
9  Suite D1100
   Lawrenceville, GA 30043
10 Tel:  (770) 339-0774
   dharle@ADFlegal.org
11
   Harmeet K. Dhillon (CA Bar No. 207873)
12 Gregory R. Michael (CA Bar No. 306814)
   DHILLON LAW GROUP INC.
13 177 Post Street, Suite 700
   San Francisco, CA 94108
14 415-433-1700
   415-520-6593 (fax)
15 harmeet@dhillonlaw.com

16 *Attorneys for Defendant David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org

Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
10506 Burt Circle, Suite 110
501 Scoular Building
Omaha, NE 68114
Tel: (312) 782-1680
mheffron@thomasmoresociety.org

*Attorneys for Defendant David Daleiden*

*[Counsel for Defendants Rhomberg, Newman, &*
*Merritt and listed on Signature Page]*

17              UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19 PLANNED PARENTHOOD                    ) Case No. 3:16-CV-00236 (WHO)
   FEDERATION OF AMERICA, INC., et al.,  )
20                                        )
                                          ) Hon. William H. Orrick III
21           Plaintiff,                   )
       vs.                                )
22                                        ) **Supplemental Reply in Support of**
                                          ) **Motion to Strike in Support of Various**
23 THE CENTER FOR MEDICAL                 ) **Motions for Summary Judgment**
   PROGRESS, et al.,                      )
24                                        )
             Defendants.                  )
25                                        ) Hearing Date: July 17, 2019
                                          ) Time:  2:00 p.m.
26                                        ) Courtroom 2, 17th Floor
                                          )
27                                        )

28

**INTRODUCTION**

In its Order of July 16, 2019 [Dkt. 718], the Court ordered Defendants to file a supplemental brief explaining why late identification of each of the approximately 25 late-disclosed video segments is prejudicial to the defense. As Defendants explained in their Reply in Support of the Motion to Strike, the approximately 25 recordings at issue refer to 17 distinct conversations, or alleged "confidential communications," for which Plaintiffs sought relief in this action. Of these, several have now become moot because of Plaintiffs' admission in their papers that PPMM was not recorded (Dkt. 662 at 52, n.35; 66, n.50; and 79, n.59), and before this Court on July 17 that it is not asserting any claims from the 2013 ARHP Conference. One more (#32) has been identified as a mistaken duplication by Plaintiffs of an already-identified recording,

Of those that remain, Defendants are prejudiced for the following reasons:

1. #14–15, and 25–26: PPFA's Doe1001 and Doe1003 recorded by Merritt during the 2015 NAF tradeshow in Baltimore. The conversation took place *in a lobby area of the hotel*, not reserved for NAF's exclusive use. This claim is particularly prejudicial to defendant Merritt, because prior to the amended disclosures, no recordings taken by her at NAF meetings had been identified as unlawful and as part of this lawsuit. Thus, she was not on notice throughout the depositions, including those of PPFA's 30(b)(6) witness and of Doe 1003, that Plaintiffs intended to pursue their Fifth and Twelfth claims against her based directly on this recording at the 2015 NAF conference, as opposed to via alter ego and other theories of liability. Moreover, in the recording, Doe 1003 states (at timestamp 26:30 – 45) that there is "always a concern and something that is foremost in people's [i.e., attendees'] minds" that they might be secretly recorded while at NAF meetings, another topic she would have been questioned on in her deposition. No other recording of this conversation was at issue, so none of the other defendants questioned any witness about the circumstances or content of the conversation. Had Plaintiffs timely disclosed their intent to rely on these recording, Merritt and the other defendants would have thoroughly probed at depositions the alleged "confidential" nature of the conversations recorded.

2. #72: PPFA's Dr. Nucatola recorded by Merritt at the 2015 NAF tradeshow in Baltimore at approximately 12:10 p.m. As with the preceding recording, this claim is prejudicial to defendant

SUPPL. REPLY ISO MTN. TO STRIKE ISO VARIOUS MSJS
3:16-CV-236

Merritt, as prior to the amended disclosures, no recordings taken by her at NAF meetings had been identified as unlawful and as part of this lawsuit. Thus, she was not on notice throughout the depositions, including those of PPFA's 30(b)(6) witness and of Dr. Nucatola, that Plaintiffs intended to pursue their Fifth and Twelfth claims against her based directly on this recording at the 2015 NAF conference, as opposed to via alter ego and other theories of liability. No other recording of this conversation was at issue, so none of the other defendants questioned any witness about the circumstances or content of the conversation. Had Plaintiffs timely disclosed their intent to rely on this recording, Merritt and the other defendants would have thoroughly probed at depositions the alleged "confidential" nature of the conversation recorded.

3. #69 & 87 (duplicates): PPFA's Dr. Nucatola recorded (in the morning) by a stationary camera while conversing with Merritt and Baxter (non-party) at the 2014 NAF tradeshow in San Francisco. This claim is prejudicial because this is the first time that Plaintiffs identified this recording as being wrongful. Defendants were not able to question PPFA's 30(b)(6) witness as to which defendant(s) it contended were responsible for the recording, and why. Defendants also could not cross examine Plaintiffs' witnesses as to why this conversation was supposedly "confidential." This is particularly prejudicial as to Merritt, as Plaintiffs have not identified any (other) recordings by Merritt at the 2014 NAF meeting in San Francisco.

4. #19–21: These videos are of a panel presentation by Doe 1002 at the 2015 NAF meeting in Baltimore. This is the only recording claim that Plaintiffs are bringing based on a speech or presentation to an audience, as opposed to one-on-one conversations. Defendants would have questioned PPFA's 30(b)(6) witness about the circumstances of the recording and their contentions that Doe 1002 had an expectation of privacy in the communication.

5. #24: PPFA's Doe1003 recorded by Daleiden at the 2015 NAF tradeshow in Baltimore. This claim is prejudicial because this is the only recording of Doe 1003 at the 2015 NAF meeting Thus, Daleiden was not on notice to question Doe 1003 about her expectations of privacy in Maryland, and specifically her expectations of privacy at a NAF conference in light of her comments to Merritt, as detailed above.

6. #71: PPFA's Dr. Nucatola recorded by Daleiden at the 2015 NAF tradeshow in Baltimore

2

at approximately 1:30 p.m. This claim is prejudicial because this is the first time that Plaintiffs identified any recording of Dr. Nucatola in this jurisdiction and setting, as being wrongful. For this reason, and even more so because recordings #68 and 88, *infra*, had also not been identified, Daleiden was not on notice to question Dr. Nucatola about her expectations of privacy at a NAF conference.

7. #68 & 88 (duplicates): PPFA's Dr. Nucatola recorded (in the afternoon) by Daleiden at the 2014 NAF tradeshow in San Francisco. This claim is prejudicial because Daleiden was not on notice to question Dr. Nucatola in her deposition about whether or not she believed the conversation could be overheard by others (cf. PC §632) and her reasons for her belief. Further, as noted with the preceding recordings, prior to providing their additional responses on April 27, Plaintiffs had not identified any recordings of Dr. Nucatola at any NAF meeting, and so Daleiden was not on notice to question Dr. Nucatola about her expectations of privacy at any NAF conference.

8. #70: PPFA's Nucatola recorded by Bettisworth (non-party) at the 2015 NAF tradeshow in Baltimore at approximately 12:30 p.m. This claim is prejudicial because, although this is a conversation between Daleiden, Bettisworth, and Nucatola, Plaintiffs do not contend that Daleiden improperly recorded Dr. Nucatola, only that Bettisworth did. Again, because Plaintiffs had not previously identified any recordings of Dr. Nucatola at any NAF meeting, thus Defendants were not on notice to question her about her expectations of privacy at NAF gatherings.

In sum, prior to the amended disclosures, PPFA had identified only one alleged unlawful recording at either the 2014 or 2015 NAF meetings, a recording of Doe 1023, an administrative employee, at the BioMax exhibit table at the 2014 NAF meeting in San Francisco.[1] In their amended responses, PPFA added to their claims numerous other recordings taken at both NAF meetings, by various means, of various personnel, in various settings, from the exhibit hall, to the

---

[1] Unlike with other attendees, Plaintiffs did not produce any NAF Confidentiality Agreement signed by Doe 1023. Also, he was not listed as a witness on any of Plaintiffs' Rule 26 disclosures. He left PPFA's employ the same month that the recording took place. Mayo Dec. ISO Plaintiffs' Oppo. To Motions for Summary Judgment, Exh. 23, at 2. It appears that Plaintiffs' *inclusion* of Doe 1023 was more likely the product of inadvertence, than its exclusion of every other recording of PPFA personnel at the two NAF meetings.

SUPPL. REPLY ISO MTN. TO STRIKE ISO VARIOUS MSJS
3:16-CV-236

lobby, to formal presentations. These recordings bear on PPFA's claims not just under the recording statutes, but also for breach of the NAF agreements. In light of Plaintiffs' contentions concerning how the particular conditions (contractual and otherwise) of NAF meetings bear on expectations of privacy and confidentiality, Defendants were prejudiced in not being on notice to question Dr. Nucatola, Doe 1003, and PPFA's 30(b)(6) witness about the circumstances of these recordings. Moreover, they were not on notice to question these witnesses about PPFA's standing to bring these claims on the basis of recordings of Dr. Nucatola and Doe 1003 at non-PPFA conferences.

Additionally:

9. #3: PPGC's Doe9002 recorded by Daleiden at PPGC's offices in Houston. This claim is prejudicial because it adds Doe9002. Plaintiffs previously identified other portions of the recording with respect to other individuals (#7, 40, 57), but failed to previously identity Doe9002 with respect to it. Assuming only one "person" (PPGC) is seeking relief based on the PPGC site visit recordings, Defendants concede that there is no prejudice from this late disclosure. However, should PPGC take the position that it is entitled to recover statutory damages for each person recorded, then Defendants are prejudiced by not being given the opportunity to question PPGC's 30(b)(6) witness about its standing to bring a claim for Doe 9002, who was neither a PPGC nor a PPCFC employee, as well as about the confidential nature of a 10-second communication in which all Doe 9002 said was "OK" when being introduced to the Biomax representatives.

10. #27–28: PPFA's Doe1003 recorded by Daleiden at the PPFA National Conference in Washington. This claim is prejudicial because this is the first time that Plaintiffs identified these recordings, or any of recordings of Doe 1003 in this jurisdiction and setting, as being wrongful. Thus, Daleiden was not on notice to question Doe 1003 at her deposition about her expectations of privacy at a PPFA conference in the District of Columbia, a one-party consent jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their motion to strike the above-cited entries in Exhibit 33 to the Trissell declaration, precluding Plaintiffs from asserting that those recordings were taken illegally or tortiously.

Respectfully submitted,

/s/ Charles S. LiMandri
Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
Fax: (858) 759-9938
cslimandri@limandri.com
pjonna@limandri.com
jtrissell@limandri.com

*Attorneys for Defendants the Center for Medical Progress,
BioMax Procurement Services, LLC, Gerardo Adrian Lopez,
and David Daleiden*

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

*Attorneys for Defendants the Center for Medical Progress,
BioMax Procurement Services, LLC, and David Daleiden*

/s/ Thomas Brejcha
Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
Facsimile: (312) 782-1887
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org

Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
10506 Burt Circle, Suite 110
501 Scoular Building
Omaha, NE 68114
Tel: (312) 782-1680
mheffron@thomasmoresociety.org

*Attorneys for Defendant David Daleiden*


/s/ Edward L. White
Edward L. White III, *pro hac vice*
Erik M. Zimmerman, *pro hac vice*
John A. Monaghan, *pro hac vice*
AMERICAN CENTER FOR LAW & JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
Tel: (734) 680-8007; Fax: (734) 680-8006
ewhite@aclj.org
ezimmerman@aclj.org
jmonaghan@aclj.org


Vladimir F. Kozina; SBN 95422
MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
Tel: (209) 477-3833; Fax: (209) 473-4818
VKozina@mayallaw.com

*Attorneys for Defendant Troy Newman*


/s/ Catherine Short
Catherine W. Short (CA Bar No. 117442)
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
LLDFOjai@earthlink.net


Michael Millen (CA Bar No. 151731)
ATTORNEY AT LAW
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Tel: (408) 871-0777
Facsimile: (408) 866-7480
mikemillen@aol.com

*Attorneys for Defendant Albin Rhomberg*

SUPPL. REPLY ISO MTN. TO STRIKE ISO VARIOUS MSJS
3:16-CV-236

/s/ Horatio G. Mihet
Horatio G. Mihet*
Liberty Counsel
hmihet@lc.org
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
*Admitted pro hac vice

Nicolaie Cocis CA Bar # 204703
Law Office of Nic Cocis and Associates
nic@cocislaw.com
38975 Sky Canyon Dr., Suite 211
Murrieta, CA 92563
(951) 695-1400

*Attorneys for Defendant Sandra Susan Merritt*

## Attestation Pursuant to Civ. L.R. 5.1(i)(3)

As the filer of this document, I attest that concurrence in the filing was obtained from the other signatories.

/s/ Charles S. LiMandri
Charles S. LiMandri
*Counsel for CMP, BioMax, Lopez& Daleiden*

## CERTIFICATE OF SERVICE

*Planned Parenthood, et al. v. The Center for Medical Progress, et al.*
Case No.: 3:16-cv-00236

I, Kathy Denworth, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9520, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Supplemental Reply in Support of Motion to Strike in Support of Various Motions for Summary Judgment.**

on the interested parties in this action by emailing a true copy addressed as follows:

*Via regular mail and email*

Diane Sterk
Arnold & Porter LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
415-434-1600; 415-677-6262 (fax)
amy.bomse@aporter.com
**Attorneys for Plaintiffs Planned Parenthood Federation of America, Inc., et al.**

Amy. L. Bomse
Rogers Joseph O'Donnell
311 California St., Fl. 10,
San Francisco, CA 94104
415/956-2828
ABomse@rjo.com
**Attorneys for Plaintiffs Planned Parenthood Federation of America, Inc., et al.**

Catherine Wynne Short
Life Legal Defense Foundation
Post Office Box 1313
Ojai, CA 93024-1313
805-640-1940
lldfojai@cs.com
**Attorneys for Defendant Albin Rhomberg**

Peter Christopher Breen
Thomas Leonard Brejcha, Jr.
Thomas More Society
19 S. LaSalle Street, Suite 603
Chicago, IL 60603
312-782-1680
pbreen@thomasmoresociety.org
tbrejcha@thomasmoresociety.org
**Attorneys for Defendant David Daleiden**

Michael Millen
Law Offices of Michael Millen
119 Calle Marguerita, Ste. 100
Los Gatos, CA 95032
408-866-7480;  Fax:  408-516-9861
MikeMillen@aol.com
**Attorneys for Defendant Albin Rhomberg**

Vladimir Frank Kozina
Mayall Hurley, P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207
209-477-3833; 209-473-4818 (fax)
vkozina@mayallaw.com
**Attorneys for Defendant Troy Newman**

Helene Krasnoff
Planned Parenthood Federation of America
1110 Vermont Ave NW, Suite 300
Washington, DC 20005
202-973-4800
helene.krasnoff@ppfa.org
**Attorneys for Plaintiff Planned Parenthood Federation of America, Inc.**

Edward L. White III
Erik M. Zimmerman
AMERICAN CENTER FOR LAW & JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
734-680-8007; 734-680-8006 (fax)
ezimmerman@aclj.org
**Attorneys for Defendant Troy Newman**

Matt Heffron, pro hac vice
BROWN & BROWN, LLC
501 Scoular Building
2027 Dodge Street
Omaha, NE 68102
402-346-5010; 402-345-8853 (fax)
mheffron@bblaw.us
**Attorneys for Defendant David Daleiden**

Horatio Gabriel Mihet
Liberty Counsel
P.O. Box 540774
Orlando, FL 32854
407-875-1776; 407-875-0770 (fax)
hmihet@lc.org; jchristman@lc.org
**Attorneys for Defendant Sandra Susan Merritt**

Nicolaie Cocis
Law Office of Nic Cocis & Associates
38975 Sky Canyon Drive, Suite 211
Murrieta, CA 92563
951-695-1400; 951-698-5192 (fax)
nic@cocislaw.com
**Attorneys for Defendant Sandra Susan Merritt**

   X    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   ""   **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

   Z"    **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

   I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

   Executed on July 24, 2019, at Rancho Santa Fe, California.

Kathy Denworth