Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com

*Attorneys for Defendants CMP, BioMax, David Daleiden and Gerardo Adrian Lopez*

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

*Attorneys for Defendants CMP, BioMax, and David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
Sarah E. Pitlyk, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org

*Attorneys for Defendant David Daleiden*

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants CMP, BioMax, and David Daleiden*

*[Counsel for Defendants Rhomberg, Newman, & Merritt and listed on Signature Page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>THE CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 3:16-CV-00236 (WHO)<br><br>Hon. William H. Orrick III<br><br>Defendants' Detailed Statement of the Relief Claimed<br><br>Date: September 9, 2019, 2:00 p.m.<br>Courtroom 2, 17th Floor |

# INTRODUCTION

Pursuant to this Court's Pretrial Orders dated July 18 and August 9, 2019, (Dkt. 721 at 2:4–6; Dkt. 736 at 1:17–18) Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Susan Merritt, and Gerardo Adrian Lopez hereby filed this detailed statement of the relief claimed:

Defendants Troy Newman and Albin Rhomberg pray that Plaintiffs take nothing, and that they be awarded their attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5. Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, Sandra Susan Merritt, and Gerardo Adrian Lopez pray that Plaintiffs take nothing and that they be awarded their attorneys fees pursuant to Cal. Civ. Proc. Code §§ 425.16 and 1021.5.

**1.    Cal. Civ. Proc. Code § 1021.5: The Private Attorney General Statute.**

Under the Private Attorney General statute, the court must award fees to a prevailing party in any action (1) which has resulted in the enforcement of an important right affecting the public interest; (2) where a significant benefit has been conferred on a large class of persons; (3) where necessity of, and financial burden of, private enforcement supports an award of fees; and (4) where justice indicates that fees should not be paid out of the recovery. Cal. Civ. Proc. Code § 1021.5. If the four prongs are met, an award of attorneys' fees is mandatory. *Lyons v. Chinese Hosp. Assn.*, 136 Cal. App. 4th 1331, 1344 (Cal. Ct. App. 2006) (citing *Serrano v. Unruh*, 32 Cal. 3d 621, 633 (Cal. 1982)); *see also Bowerman v. Field Asset Servs., Inc.*, No. 13-CV-00057-WHO, 2018 WL 5982436, at *2 (N.D. Cal. Nov. 14, 2018) (Orrick, J.) (awarding fees pursuant to Cal. Civ. Proc. Code § 1021.5).

"[F]ees granted under the private attorney general theory are not intended to punish those who violate the law but rather to ensure that those who have acted to protect public interest will not be forced to shoulder the cost of litigation." *San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino*, 155 Cal. App. 3d 738, 756–57 (Cal. Ct. App. 1984) (imposing liability for fees on real parties in interest because of prime importance in making sure prevailing party is made whole).

So long as the four factors are satisfied, fee awards are properly made to a prevailing defendant. *See In re Adoption of Joshua S.*, 42 Cal. 4th 945, 957 (Cal. 2008) (collecting prevailing defendant cases); *see also AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal. App. 5th 923,

953 (Cal. Ct. App. 2018) (awarding fees to defendants who defeated action to enforce contract prohibiting soliciting employees).

When constitutional rights are vindicated, all four prongs are necessarily met:

> [T]his court does not agree with defendant that the benefits resulting from this litigation were not conferred on the general public or a large class of persons. There can be no doubt that vindication of the rights at stake in this litigation effectuated fundamental constitutional principles. Freedom of speech is a right which is at the fountainhead of all our liberties. . . . While these rights are by nature individual rights, their enforcement benefits society as a whole. Indeed, only by protecting each individual's free speech . . . rights will society's general interests in these rights be secured. . . . [A]ttorney fees [a]re proper under the private attorney general doctrine simply because of the magnitude and significance of the fundamental constitutional principles involved in th[e] litigation and the benefit that flow[s] to the general public in having such principles enforced. . . . Here, . . . the general public benefitted from the enforcement of fundamental constitutional rights—those embodied in the free speech . . . provisions of the . . . Constitution.

*Press v. Lucky Stores, Inc.*, 34 Cal. 3d 311, 319 (Cal. 1983) (citations, quotation marks, and ellipses omitted); *Best v. California Apprenticeship Council*, 193 Cal. App. 3d 1448, 1468 (Cal. Ct. App. 1987) ("Since the case litigated the constitutional right . . . , it conferred a benefit on the general public.").

Here, Defendants' free speech rights have already been vindicated by this Court's orders, and Defendants expect that further rights will be vindicated by the Court's final judgment. *See* Dkt. 753 at 19 ("I agree with defendants that . . . the damages plaintiffs seek here are . . . barred by the First Amendment."). Thus, after Defendants prevail at trial, they will seek their attorneys' fees.

**2.     Cal. Civ. Proc. Code § 425:16: The Anti-SLAPP Statute.**

"[P]revailing defendant[s] on a special motion to strike *shall* be entitled to recover [their] attorneys' fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). The California Supreme Court has made clear that this fee-shifting provision is mandatory. In *Ketchum v. Moses*, the Court emphasized that *"[a]ny* SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees" 24 Cal. 4th 1122, 1131–32 (Cal. 2001) (italics added); *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018) ("[S]ome portions of California's anti-SLAPP law have been found to not conflict with the Federal Rules of Civil

Procedure—such as § 425.16(b) allowing a special motion and § 425.16(c) providing fees.").

The fee provision of the anti-SLAPP statute is not a discretionary sanction, but rather a mandatory fee-shifting provision designed to protect First Amendment rights. *Ketchum*, 24 Cal. 4th at 1131–32. This is because "[t]he fee-shifting provision was apparently intended to discourage such strategic lawsuits against public participation by *imposing the litigation costs on the party seeking to 'chill* the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Id*. at 1131 (italics added) "The fee-shifting provision also encourages private representation in SLAPP cases, including situations when a SLAPP defendant is unable to afford fees or the lack of potential monetary damages precludes a standard contingency fee arrangement." *Id*. But this encouragement "will often be frustrated, sometimes nullified, if awards are diluted or dissipated by lengthy, uncompensated proceedings." *Id*. at 1134.

Thus, the Ninth Circuit has stated a general rule that a prevailing anti-SLAPP defendant is entitled to all of its requested fees for work reasonably performed. *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014) ("[T]he anti-SLAPP statute is 'intended to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit.'") (quoting *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22 (Cal. Ct. App. 2006)); *see also Paterno v. Superior Court*, 163 Cal. App. 4th 1342, 1357 (Cal. Ct. App. 2008) (quoting same)

In contingency anti-SLAPP cases—such as those litigated by non-profit law firms—applying a multiplier to the fee award is also necessary. *Ketchum*, 24 Cal. 4th at 1134–36. It is particularly important to apply a contingency multiplier because "[t]he adjustment to the lodestar figure, e.g., to provide a fee enhancement reflecting the risk that the attorney will not receive payment if the suit does not succeed, constitutes earned compensation; unlike a windfall, it is neither unexpected nor fortuitous. Rather, it is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorney fees." *Id*. at 1138 (applying 2.0 multiplier).

/ / /

"[T]he general rule [is] that the anti-SLAPP statute's fee provision applies only to the motion to strike, and not to the entire action." *Graham-Sult*, 756 F.3d at 752. However, "attorney's fees for work on [a prior] motion" can be awarded "based on [a] finding that the work relating to the two motions overlapped and that the [earlier] motion was integral to Defendants' eventual success." *Manufactured Home Communities, Inc. v. Cty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011) (awarding fees for earlier anti-SLAPP motion); *see also Graham-Sult*, 756 F.3d at 752 (awarding fees for concurrent motion to dismiss, and adding "other filings, document review, and preparing initial disclosures"); *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 WL 3832561, at *4 (N.D. Cal. June 19, 2015) (awarding fees for two anti-SLAPP motions, concurrent motion to dismiss, and discovery motions), *aff'd*, 685 F. App'x 578 (9th Cir. 2017).

"In short, the award of fees is designed to reimburse the prevailing defendant for expenses incurred *in extracting* herself from a baseless [claims] rather than to reimburse the defendant for all expenses incurred *in* the baseless [claims]." *569 E. Cty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 433 (Cal. Ct. App. 2016) (identifying tasks which are compensable and which are not). "The fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way." *Manufactured Home Communities, Inc.*, 655 F.3d at 1181 (quoting *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 345 (Cal. Ct. App. 2006)). A plaintiff cannot avoid liability for SLAPP fees by dismissing claims prior to the adjudication of the anti-SLAPP motion. In that context, the defendant is the prevailing party and is entitled to his attorneys' fees. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110–11 (9th Cir. 2003) ("[A] trial court has jurisdiction to award attorneys' fees to a prevailing defendant whose SLAPP motion was not heard solely because the matter was dismissed before defendants obtained a ruling on the SLAPP motion").

Here, as a result of, or in response to, Defendants' anti-SLAPP motions, Plaintiffs' case has considerably shrunk. Plaintiffs' invasion of privacy claims were largely stricken, and then voluntarily dismissed. And all damages flowing from the publication of CMP's exposé, as opposed to the underlying investigation itself, have been barred. *See* Dkt. 753. In that respect, the Court

stated that "I can decide any appropriate motions for attorneys' fees after the trial." *Id.* at 119. Defendants intend to fully litigate their entitlement to SLAPP fees.

Respectfully submitted,

/s/ Charles S. LiMandri
Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
Facsimile: (858) 759-9938
cslimandri@limandri.com
pjonna@limandri.com
jtrissell@limandri.com
dwilson@limandri.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, Gerardo Adrian Lopez, and David Daleiden*

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com
gmichael@dhillonlaw.com

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*

/s/ Thomas Brejcha
Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
Sarah E. Pitlyk, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
Facsimile: (312) 782-1887
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org
mheffron@thomasmoresociety.org
pitlyk@thomasmoresociety.org

*Attorneys for Defendant David Daleiden*


/s/ Edward L. White
Edward L. White III, *pro hac vice*
Erik M. Zimmerman, *pro hac vice*
John A. Monaghan, *pro hac vice*
AMERICAN CENTER FOR LAW & JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
Tel: (734) 680-8007; Fax: (734) 680-8006
ewhite@aclj.org
ezimmerman@aclj.org
jmonaghan@aclj.org

Vladimir F. Kozina; SBN 95422
MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
Tel: (209) 477-3833; Fax: (209) 473-4818
VKozina@mayallaw.com

*Attorneys for Defendant Troy Newman*


/s/ Catherine Short
Catherine W. Short (CA Bar No. 117442)
Corrine G. Konczal (CA Bar No. 320238)
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
kshort@LLDF.org
konczallaw@gmail.com

Michael Millen (CA Bar No. 151731)
ATTORNEY AT LAW
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Tel: (408) 871-0777
Facsimile: (408) 866-7480
mikemillen@aol.com

*Attorneys for Defendant Albin Rhomberg*

/s/ Horatio G. Mihet
Horatio G. Mihet*
Liberty Counsel
hmihet@lc.org
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
*Admitted pro hac vice

Nicolaie Cocis CA Bar # 204703
Law Office of Nic Cocis and Associates
nic@cocislaw.com
38975 Sky Canyon Dr., Suite 211
Murrieta, CA 92563
(951) 695-1400

*Attorneys for Defendant Sandra Susan Merritt*

**Attestation Pursuant to Civ. L.R. 5.1(i)(3)**

As the filer of this document, I attest that concurrence in the filing was obtained from the other signatories.

/s/ Charles S. LiMandri
Charles S. LiMandri
*Counsel for CMP, BioMax, Lopez& Daleiden*