UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 16-cv-00236-WHO<br><br>**ORDER ON PRETRIAL MOTIONS**<br>Re: Dkt. Nos. 740, 754, 758, 761, 762, 764, 789 |

On September 9, 2019, I heard argument on the parties' motions in limine, motions to exclude, and disputed legal issues. A few overarching issues will be addressed first, to provide necessary context and explanation for the specific rulings laid out below.

<u>Journalism vs. a Smear Campaign</u>. These are the dueling narratives of this case. Defendants argue that they were involved in traditional under-cover journalism in order to expose violations of the law by Planned Parenthood with respect to PPFA and its affiliates' fetal tissue transfer programs. Plaintiffs argue that the goal of defendants' Human Capital Project (HCP) was to smear plaintiffs with allegations they profited from the fetal tissue transfer programs in order to drive PPFA and its affiliates out of business. These narratives *are not* directly and significantly relevant to the remaining claims and defenses in this case that are to be decided by the jury. However, they are central to the context of and the background to this case. Therefore, defendants are entitled to characterize their conduct as a journalistic enterprise and plaintiffs are entitled to attack that in part by exploring defendants' past conduct and writings regarding abortion.

<u>Illegal Conduct</u>. The causes of action in this case concern whether the strategies chosen by the defendants with respect to the Human Capital Project broke the law and caused damage outside the First Amendment context. There are raging debates whether the videos show illegal

conduct, whether 4 of 59 Planned Parenthood affiliates profited from selling fetal tissue, whether there have been any live births during abortion procedures at Planned Parenthood affiliates, and how government entities have responded to the HCP disclosures. Those debates are barely, if at all, relevant to the causes of action that will be tried to the jury. Evidence on those issues will be excluded under Federal Rule of Evidence 403 because it will confuse the jury about the issues it needs to decide, waste a significant amount of trial time, and be prejudicial.

The defense argues that illegality by plaintiffs in their fetal tissue programs is critically related to their intent (under the federal wiretapping claim), to the reasonable expectations of privacy in recorded conversations, to the newsworthiness of defendants' publications, and to the social utility of defendants' conduct. Plaintiffs have dropped their invasion of privacy claims and publication of private facts hook for the federal wiretapping claim, so newsworthiness and social utility are no longer relevant to the claims and defenses to be decided *by the jury*.[1] Similarly, while defendants' intent to violate RICO remains an element of the federal wiretapping claim, that intent must be established based on evidence defendants knew at the time of the inception of the HCP and prior to the first surreptitious recording. Defendants can present evidence of what they knew, what they believed, and how they carried out their journalistic endeavors through the HCP (the defense narrative discussed above) consistent with their intent. What defendants uncovered through the surreptitious recordings or through discovery in this case, and any expert opinion on that evidence, is not relevant.

Because the California Penal Code section 633.5 "reasonable belief" defense is an issue that will be decided by the jury – as relevant *only* to plaintiffs' Penal Code section 632 and 634 illegal recording and trespass claims – defendants Daleiden and Merritt may present evidence of what they knew or believed regarding plaintiffs' commission of violent felonies. That knowledge or belief must be based on what Daleiden or Merritt knew *prior* to their first surreptitious recording. Evidence regarding what Daleiden or Merritt learned following their first surreptitious recording cannot be relied on for this defense.

---

[1] They may be relevant to the UCL claim to be tried to the Court.

2

Evidence of possibly illegal conduct does not get into this case through the issue of reasonable expectation of privacy under the recording claims. Defendants argue that precluding this evidence will:

> hamstring Defendants' ability to argue that the individuals they recorded lacked any expectation of privacy as understood by the federal, Florida, and Maryland recording statutes. Defendants' experts will need to explain how certain medical procedures work in order to explain how the individuals recorded knew they were discussing wrongful conduct. *See Brugmann v. State*, 117 So. 3d 39, 49 (Fla. Dist. Ct. App. 2013) (identifying eight-factor test for determining reasonableness of expectation of privacy, including illegal conduct, intent, and content of communication, upon collecting cases).

Dkt. No. 772 at 11. But they fail, as they did on summary judgment, to specifically identify *any* much less *each* of the particular and actionable recordings that show plaintiffs' staff members discussing *illegal* conduct. To the extent that one or two of the actionable recordings might show plaintiffs' staff members expressing interest or theoretical ability to engage in conduct that defendants contend is illegal (but plaintiffs contend is not), the evidence and opinions defendants seek to bring in (mostly through their proposed experts as discussed in more depth below) is vastly outweighed by the Rule 403 considerations identified above.

Finally, the accounting issues regarding the fetal tissue programs of the four affiliate-plaintiffs is not directly and significantly relevant to the remaining claims and defenses in this case. Delving into these contested but minimally relevant issues, such as the proper interpretation of 42 U.S.C. § 289g-2 and whether indirect costs can be considered in evaluating compliance with the statute, is significantly outweighed by a number of Rule 403 factors, including juror confusion and waste of time.

In short, compliance with or alleged violation of federal laws (including but not limited to 42 U.S.C. § 289g-2 and the Partial Birth Abortion Ban) and whether babies were born alive at Planned Parenthood clinics to facilitate the affiliates' participation in fetal tissue donation programs will be excluded under Rule 403. I will draft a limiting instruction, to be provided for counsel's review prior to the final Pretrial Conference on September 23, 2019, explaining that the truth of the allegations made in the HCP videos regarding whether plaintiffs profited from the sale

of fetal tissue or otherwise violated the law in securing tissue for those programs are not matters for the jury to decide.

Newsworthiness. The newsworthiness of defendants' HCP, including the campaign and the videos, is no longer an issue for determination by the jury given that plaintiffs have dropped their invasion of privacy claims (Counts 13 and 14) and dropped the "publication of private facts" tort as a basis for liability under the federal wiretapping claim (Count 2). That does not preclude defendants from offering evidence that they believed at the commencement of the HCP that it would result in newsworthy information, or that in fact it generated attention in the media. However, the stories themselves will not be admissible under Rule 403.

Government Investigations, Referrals, and Prosecutions. No evidence regarding government investigations, referrals, or prosecutions stemming from the HCP or otherwise will be admitted. Under Rule 403, the minimal relevance of this evidence to each side's narrative about this case is significantly outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and waste of time.

## I. PRETRIAL STATEMENT DISPUTED LEGAL ISSUES

### A. Scope of Conspiracy Claim

The civil conspiracy claim may proceed to trial based on the underlying tort claims, including fraud, trespass, and illegal recording.

### B. Scope of Fraud Claim

Plaintiffs' fraud claim may proceed to trial based upon affirmative misrepresentations, omissions, and promissory fraud/fraudulent inducement.

### C. PPGC NDA Breach

Plaintiffs may base their PPGC NDA breach upon the act of recording itself.

### D. UCL claim and Injunctive Relief

No jury instructions will be given, or are necessary, on the UCL claim. No evidence related solely to the UCL claim should be presented at trial. If necessary following the jury trial, starting on December 2, 2019, a bench trial will be held to determine whether the UCL has been violated and what, if any, injunctive relief is appropriate.

## II. PLAINTIFFS' MOTIONS IN LIMINE

### 1. Re Expert Paul Zimmer's Prior Accounting Firm

GRANTED, as agreed.

### 2. The Opinions of Brian Prendergast

DENIED, addressed more fully below with respect to plaintiffs' motion to exclude.

### 3. The Expert Opinion and Percipient Testimony of Theresa Deisher

GRANTED, on lack of relevance and under Rule 403. Defendant Daleiden may testify as to the bases for his reasonable belief in support of his Section 633.5 defense, given information he knew and believed prior to the first, surreptitious recording. If Daleiden had contact with Deisher prior to that date, he may testify as to his reliance on what he learned from Deisher to support his defense.

### 4. Evidence of Accounting of Costs and Reimbursements

GRANTED, for the reasons discussed above.

### 5. Evidence Regarding Abortion Method, Procedure and Technique

GRANTED, for the reasons discussed above, except that Daleiden and Merritt may testify to their reasonable beliefs under their 633.5 defense as outlined above.

### 6. Evidence Regarding Legislative, Investigatory, and Regulatory Bodies

GRANTED, for the reasons discussed above.

### 7. Evidence Relating to Tissue Procurement Organizations

GRANTED. Evidence regarding investigations into TPOs and settlements by any TPOs are excluded by No. 6 and the discussion above. With respect to allegations by O'Donnell, she is deceased, and her testimony suffers from a number of evidentiary problems. However, if a foundation is laid that that Daleiden had a conversation with her prior to his first surreptitious recording for the HCP, he may testify that he spoke with O'Donnell and that the conversation supported his reasonable belief arguments. Beyond that, testimony about her opinions is excluded under Rule 403 because plaintiffs had no opportunity to cross-examine her and her purported beliefs are hotly disputed and highly prejudicial.

### 8. Evidence Relating to Non-Party Abortion Providers

GRANTED, except to the limited extent that Daleiden or Merritt may testify to their understanding of actions of non-party abortion providers to support their reasonable belief defense. This limited exception, however, does not apply to any evidence about or regarding Kermit Gosnell. No reference or inference may be made to Gosnell in this case under Rule 403.

### 9. Evidence of or Reference to Defendants as Journalists and Journalistic Activities of Third Parties

DENIED, for reasons discussed above.

### 10. Evidence of or Reference to Causes of Actions Not Asserted by Plaintiffs

GRANTED. The existence or non-existence of a defamation claim, or other claims, is not relevant to the claims and defenses to be determined by the jury. The impact of the lack of a defamation claim and the First Amendment implications from that with respect to damages has been thoroughly briefed, considered, and determined. Those determinations are not relevant to matters to be decided by the jury as to the remaining claims and defenses. As noted above, I will issue a limiting instruction noting that the truth of the allegations regarding the claims from the HCP regarding plaintiffs is not an issue to be decided by the jury.

## III. DEFENDANTS' MOTIONS IN LIMINE

### A. CMP/BioMax/Daleiden/Lopez

#### 1. Evidence or Argument concerning alleged prior "frauds"

DENIED. Daleiden's background and history, including production of videos and prior undercover operations, are relevant in particular to open-ended continuity and journalistic intent. This significant relevance is not outweighed by Rule 403 factors.

#### 2. Evidence or Argument Concerning the Criminal Charges Against Daleiden and Merritt in Texas or California.

GRANTED, no evidence or testimony regarding government investigations, charges, or settlements will be admitted given minimal relevance and significant Rule 403 concerns.

#### 3. Evidence or Argument Concerning State Investigations

GRANTED, no evidence regarding government investigations will be allowed.

        **4.    Referring to the Alleged "Treatment" or "Cures" Discovered as a Result of Fetal Tissue Research**

DENIED, except that limited evidence will be allowed depending on how defendants characterize plaintiffs' fetal tissue programs.

        **5.    Evidence or Argument Labeling HCP Videos as "False" "Misleading" "Heavily Edited" "Smear," etc.**

DENIED, but as noted above a limiting instruction reminding the jury that it is not charged with determining the truth of the contentions made in the videos may be provided.

        **6.    Evidence or Argument Labeling Conduct as "Illegal," "Unlawful," "Fraudulent," "Conspiracy," or "Harassment"**

DENIED.

        **7.    Evidence or Argument Concerning the "History" of Anti-Abortion Violence, Terrorism, and Harassment**

GRANTED with respect to use of the words "murder," "murderers," "terror," or "terrorists" and otherwise DENIED. The admissibility of the AIMS reports and HotSpots publications will be determined separately.

        **8.    Evidence Relating to Emotional Distress of any of Plaintiffs' Staff**

DENIED. Witnesses can testify about how they felt as a result of learning the conferences were infiltrated by defendants and/or that they were recorded by defendants.

**B.    Rhomberg**

        **1.    Evidence or Argument Concerning the Quality of Planned Parenthood's Services**

DENIED. The parties shall adhere to their September 2018 stipulation.

        **2.    Evidence or Argument as to Costs of Fetal Tissue Procurement**

GRANTED, as discussed above.

        **3.    Exclude Late Identified Witnesses**

Defendants seek to exclude witnesses who were only recently identified by plaintiffs.

      Plaintiffs clarified at the Pretrial hearing that they no longer wish to call Dunlap to replace Pahl for PPLA, as Pahl has returned as PPLA staff. Pahl will be allowed to testify for PPLA.

      Plaintiffs argue that they should be allowed to replace Laguens with Custer for PPFA, as Laguens no longer works for PPFA. Custer is allowed to substitute for Laguens with respect to

7

the topics that Laguens was disclosed/offered for.

Plaintiffs argue they should be allowed to offer Gonzalez and Kennedy (from PPNorCal) to replace Cuicci who no longer works for PPNorCal, and to replace the PPNorCal Rule 30(b)(6) witness who has retired. Plaintiffs may substitute Gonzalez and Kennedy with respect to the topics Cuicci was disclosed/offered for and with respect to the topics the Rule 30(b)(6) witness was offered for or deposed on.

For Ginde, I will allow her to testify at trial as long as she is made available for three hours of deposition by defendants prior to the start of trial.

For Moreno, defendants do not dispute that he was disclosed as a Doe, but defendants did not choose to depose him. He may testify at trial.

Regarding an authenticating witness from the Internet Archive, defendants can either choose to stipulate to the authentication of the three exhibits at issue, or plaintiffs may present one witness from the Internet Archive to attempt to authenticate the three exhibits.

### 4. Evidence or Argument Concerning Damages Other Than Those Allowed by Court

DENIED. Plaintiffs may discuss injuries even if damages are not compensable given my rulings on the motions for summary judgment. A limiting instruction may be provided to explain to the jury the distinction between injuries and recoverable damages.

### 5. Evidence or Argument Concerning an Alleged "Spike" or Increase in Security Incidents After the Video Release

DENIED, except that no mention of the Colorado shooting is allowed and no witness (expert or lay) shall attempt to directly or indirectly tie any particular act of violence following the video release to the defendants here, given the lack of evidence that any of the defendants was involved in specific acts of violence against plaintiffs or other abortion-providers following the release of the videos. The admissibility of the AIMS Reports and HotSpot publications is under consideration.

### 6. Calling Defense Counsel Catherine Short as a Witness at Trial

GRANTED, as long as defendants stipulate to the authenticity and admissibility of the emails plaintiffs' identified in their opposition to this motion in limine.

### 7. Evidence or Argument Concerning Prior Anti-Abortion Activities of Rhomberg

DENIED. Relevant for the same reasons Daleiden's background is relevant and not outweighed by Rule 403 factors.

### C. Newman

#### 1. Evidence or Argument of Prior Abortion-Related Activities

DENIED. Relevant for the same reasons Daleiden's background is relevant and not outweighed by Rule 403 factors.

#### 2. Evidence or Argument Concerning Violence Against Abortion Provider Dr. Tiller

DENIED. Limited testimony regarding Tiller and Operation Rescue's statements regarding Tiller will be allowed and I will consider a limiting instruction that there is no evidence any defendant here was involved in his murder.

#### 3. Evidence or Argument Concerning Newman's Writings

DENIED, for the same reasons as background is admissible. Federal Rule of Evidence 1006 does not require whole writings to come in and the Court will rule on admission of supplemental designations for completeness if necessary.

#### 4. Evidence or Argument Regarding Cheryl Sullenger

DENIED, except that no evidence of her nearly 30 year old felony conviction is admissible.

#### 5. Mention of the Nuremburg Files

DENIED, but a limiting instruction may be offered to explain that there is no evidence that any defendant was connected to that website.

#### 6. Evidence or Argument Regarding Newman's Detainment in Australia

GRANTED, as agreed.

#### 7. Evidence Regarding Newman's Photo with a Gun

GRANTED under Rule 403 as unduly prejudicial. This photograph may be redacted from proposed exhibits.

#### 8. Evidence or Argument Regarding Newman's Assertion of the Fifth Amendment and/or Article 1, Section 15 of the California Constitution

DENIED. What inferences may or will be drawn is subject to separate briefing and determination.

9

**9.  Evidence or Argument Regarding the Editing of Videos**

DENIED.  Lay witnesses can testify about their impressions of the videos based on their recollection of their comments.

**10.  Evidence or Argument Regarding Operation Rescue**

DENIED.

**11.  Proffering Party Must Identify Whom Evidence or Testimony is Being Offered Against**

DENIED.  I will instruct the jury as necessary and I will include the Ninth Circuit's Model Civil Instruction 1.8 concerning deciding the case as to each defendant in the Preliminary Instructions.

## IV.  PLAINTIFFS' MOTIONS TO EXCLUDE

### A.  Zimmer

Plaintiffs move to exclude the portions of the expert opinion and testimony by Paul Zimmer, CPA on the interpretation of 42 U.S.C. § 289g-2 and whether the four-plaintiff affiliates with fetal tissue programs violated that statute.  The motion is GRANTED.  That issue is a matter of law, so this testimony would be excluded regardless, but it also has only minimal (if any) relevance to the narratives of the parties.  That minimal relevance is significantly outweighed by numerous Rule 403 factors.[2]  This portion of Zimmer's testimony is excluded under Federal Rule of Evidence 702, because it will not help the trier of fact to understand the evidence or determine a fact in issue.[3]

### B.  Woods

Detective James Woods was the investigator into the criminal charges brought against Kermit Gosnell, who was convicted of illegal late-term abortions and killing born-alive infants by severing their spinal cords.  Based on his experience in the Gosnell case, Woods opines that defendants' beliefs about babies being born alive in Planned Parenthood facilities was reasonable

---

[2] Plaintiffs' motion did not extend to Zimmer's opinions about plaintiffs' damages.

[3] Rule 702 provides, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

or appropriate for investigation.

The motion to exclude is GRANTED in full. There will be no mention of Gosnell in this case. In addition, there will be no expert testimony in this case about babies being born alive at Planned Parenthood facilities in support of either defendants' purpose and intent for the HCP or Daleiden and Merritt's reasonable beliefs about the commission of violent felonies. Defendants will be able to testify concerning their intent and personal beliefs at the time of the inception of the HCP or the time of the first operative recordings. Even if Woods was otherwise qualified to give expert testimony on a topic appropriate for expert testimony – which is highly questionable – Woods' opinions are excluded under Rule 702 as he does not have "scientific, technical, or other specialized knowledge [to] help the trier of fact to understand the evidence or to determine a fact in issue."

### C. Smith

Dr. Forrest Smith is an OB/GYN who opines that (1) Planned Parenthood physicians violated the medical standard of care for informed consent for fetal tissue; (2) Planned Parenthood physicians improperly altered abortion techniques and timing for purposes of fetal tissue collection; (3) Planned Parenthood physicians' procedures resulted in born-alive infants; and (4) plaintiffs' acceptance of payment for fetal tissue violates medical standards of practice.

The motion to exclude is GRANTED in full. Whether plaintiffs engaged in illegal conduct will not be determined by the jury. There will be no expert testimony regarding the techniques or timing of abortion procedures because that issue is not relevant to any remaining claim or defense in this case. There will be no expert testimony regarding babies born alive at Planned Parenthood facilities because that issue is likewise not relevant to any remaining claim or defense in this case. Even if there were minimal relevance to these topics, they are excluded under Rule 403 given the significant and outweighing likelihood of undue prejudice, confusion of the issues, misleading the jury, and wasting of time. Therefore, Smith's testimony on these issues is excluded under Rule 702.

Finally, there is no need for expert testimony on the issue of informed consent, an issue not addressed in defendants' opposition. It is unclear why defendants believe this topic is relevant and

appropriate for expert testimony. The only evidence regarding consent sought by the plaintiff-affiliates discussed by Smith is based on the HCP videos or discovery secured once this case was filed. That evidence is irrelevant because it cannot have formed a basis for defendants' intent and purpose for the HCP or Daleiden or Merritt's reasonable beliefs on the commission of violent felonies. This testimony is irrelevant and excluded under Rule 702.[4]

### D. Deisher

Plaintiffs seek to exclude the opinion and testimony of Dr. Theresa Deisher that she is certain that babies were born alive at Planned Parenthood facilities given the types and nature of fetal tissue required for certain research projects.

That motion is GRANTED in full under Rule 702. There will be no expert testimony regarding whether babies were born alive at Planned Parenthood facilities. That testimony has only minimal (if any) relevance to the claims and defenses in this case. The minimal relevance is substantially outweighed by the Rule 403 factors. Defendants may testify regarding their intent and purpose for the HCP and Daleiden or Merritt may testify about their beliefs concerning the commission of violent felonies, including information he may have learned from Deisher if a foundation is laid to establish that Daleiden communicated with Deisher prior to the first relevant recording.

### E. Prendergast

Plaintiffs move to exclude all three opinions of Brian Prendergast regarding the HCP videos: (1) five "longer form" videos are "authentic and show no evidence of manipulation or editing"; (2) any edits made to those videos were to eliminate non-pertinent footage; (3) audio recordings of four of five videos supports his first two opinions. Plaintiffs argue that these opinions must be excluded because Prendergast has no certificate or training in the field, the opinion about deletion of non-pertinent footage usurps role of the jury, and Prendergast admitted that the metadata he relied on could have been manually changed.

---

[4] It is also troubling that Smith did not retain any of his correspondence with Daleiden about this case until Smith was "formally retained" as an expert in "late 2018." Dkt. No. 755 at 12. However, I do not rely on this ground for excluding his testimony.

1  The motion is DENIED. Reviewing Prendergast's qualifications, he is qualified to provide the opinions he does. He may give his opinions on whether he believes the videos were edited to exclude non-pertinent footage and plaintiffs may cross-examine him on that and elicit testimony from their own witnesses to contest those opinions.

## V.  DEFENDANTS' MOTION TO EXCLUDE ECCHER

Defendants move to exclude in whole the testimony of plaintiffs' expert Elizabeth Eccher, Ph.D., or in the alternative, to preclude Eccher from providing a legal interpretation of 42 U.S.C. § 289g-2. Eccher was retained by plaintiffs to rebut the opinions of defense expert Paul Zimmer, CPA, that the four affiliate-plaintiffs violated 42 U.S.C. §§ 289g-2(a), (e)(3) by receiving payments for fetal tissue in excess of their allowable costs.

The opinions of Zimmer that Eccher contests have been excluded. Plaintiffs admit that they only intend to rely on Eccher to the extent Zimmer is allowed to testify about costs and accounting under 42 U.S.C. § 289g-2. Therefore, the motion to exclude is GRANTED.

## VI.  MOTION TO STRIKE

Defendants' motion to strike and request for sanctions is DENIED. Dkt. No. 789. Counsel on both sides shall take to heart and scrupulously adhere to my directions regarding civility, and the avoidance of hyperbole or vilification of any person or group.

## VII.  REQUESTS FOR JUDICIAL NOTICE

At the hearing, defendants clarified that the pending requests for judicial notice (Dkt. Nos. 739, 757) extend beyond requests for notice in support of their motions in limine and motions to exclude and are also requesting judicial notice of the documents for trial. Plaintiffs shall respond to the requests, addressing whether judicial notice of those documents is appropriate for trial, by filing a brief not to exceed five pages on or before September 18, 2019. The matter will be

addressed at the September 23, 2019 Final Pretrial Conference.

**IT IS SO ORDERED.**

Dated: September 12, 2019

William H. Orrick
United States District Judge