UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| Date: September 23, 2019 | Time: 2 hours<br>2:04 p.m. to 3:56 p.m. | Judge: WILLIAM H. ORRICK |
|---|---|---|
| Case No.: 16-cv-00236-WHO | Case Name: Planned Parenthood Federation of America, Inc. v. Center for Medical Progress | |

**Attorneys for Plaintiff:**   Amy Bomse, Sharon D. Mayo, Oscar D. Ramallo, Steven Mayer, Rhonda R. Trotter, Jeremy T. Kamras, and Beth H. Parker (appearing personally)

**Attorneys for Defendants:**   Edward L. White, III, Vladimir Mirko Kozino, Peter Breen, Michael Millen, Charles S. LiMandri, Paul M. Jonna, and Erik M. Zimmerman (appearing personally)
Horatio G. Mihet (appearing telephonically)

**Deputy Clerk:** Jean Davis                             **Court Reporter:** Debra Pas

PROCEEDINGS

Pretrial conference conducted. The Court inquires as to the status of the Preliminary Hearing in the related matter pending in the Superior Court for the City and County of San Francisco. It appears that this will cause no delay in the anticipated proceedings.

Eighty prospective jurors (more or less) will appear 9/24/2019 beginning at 9:00 a.m. to complete written questionnaires. The questionnaires will be copied, and counsel may pick up one copy of the full set each when they are available (hopefully by close of business that day).

The names on the first page of the juror questionnaires are AEO and may be disclosed to counsel and jury consultants only.  The remainder of the questionnaires may be viewed by the parties but shall be treated as confidential.  Given that trial counsel are located around the country, trial counsel may receive and view the remainder of the questionnaires (*i.e.*, every page but the first page disclosing the juror's name) electronically, but shall restrict access to the electronic copies to trial counsel.  All paper copies of the questionnaires, including each first page, shall be returned to the Court following jury selection along with a declaration from all counsel and parties who had access to any part of the questionnaires confirming that all paper and all electronic copies have been either returned or destroyed and a representation that they have complied with the Court's instructions regarding confidentiality.

No electronics shall be used in the courtroom by members of the public or parties (including but not limited to laptops or phones). The only people in the Courtroom who may use electronic devices are counsel (and counsel support staff) and court personnel.

Court clarifies that there will be no trial on October 9, 2019 in observance of Yom Kippur.

Plaintiffs shall prepare 12 jury binders – to include the finalized Claim Chart, Timeline, Trial Calendar, and Preliminary Instructions – and submit them to the Court at 8:00 a.m. Wednesday, October 2, 2019, following review by defendants.

The ruling on the other matters submitted, as well as reiteration of certain prior rulings for clarity, are as follows:

Truth

If plaintiffs mention the term smear campaign in opening statements or closing arguments, that will not automatically open the door to the "truth" of the videos. The limiting instruction prepared by the Court is sufficient to remind the jury that the truth of the videos is not an issue for their decision. However, if plaintiffs intentionally use "smear" as a recurring theme in their case, or otherwise place the truth of the videos repeatedly and directly at issue, they run the risk of opening the door to the matters that I have excluded from this trial.

Intent

Evidence regarding defendants' intent is admissible with respect to their intent to commit the RICO enterprise and to the competing narratives of the parties (whether defendants set out to harm these plaintiffs and/or to uncover illegal conduct through tools of journalism) and punitive damage defense generally. The relevant information regarding this intent includes: (i) the information defendants had about alleged illegal conduct by plaintiffs that defendants possessed at the inception of the CMP when the goals of the Project were laid out and the strategies for the Project identified; (ii) comments defendants made – at inception of project, during the project, and after the project – regarding the Project itself; (iii) the strategies defendants employed as part of the Project; and (iv) the steps that defendants took to inform government officials or members of law enforcement about their findings, which as noted below should be agreed-to as stipulated fact or facts (because the evidence regarding the response of government officials or law enforcement is and continues to be excluded under the prior motion *in limine* rulings under Rule 403). The Court has already prepared a limiting instruction regarding media accounts that were published following the release of the HCP videos.

Section 633.5 defense. The *only* testimony that will be allowed regarding this defense must be based on information Daleiden or Merritt learned prior to the first recording any defendant made in California.

Assertions of Fifth Amendment Privilege

As to Newman, given his apparent overbroad invocation of the Fifth Amendment privilege, Newman should consider stipulating to uncontested facts regarding his background and role with CMP.  Otherwise, the Court will have to consider using additional adverse inferences against him or providing its own instruction in light of the evidence submitted on summary judgment.  Newman's counsel shall notify the Court by Thursday, September 26, 2019, whether and (if so) what stipulations Newman will agree to.

With respect to the key adverse inferences as to Newman's liability, plaintiffs should identify 25 specific adverse inferences (and the questions asked during the deposition in support as to which Newman asserted the Fifth) by Wednesday, September 25, 2019.  Newman may respond on Friday, September 27, 2019 and the Court will consider which inferences are appropriate.

As to the non-party witnesses, plaintiffs shall identify 5 specific adverse inferences they seek for Davin and the same number for Baxter (and the questions asked in deposition in support as to which those witnesses asserted the Fifth) by Wednesday, September 25, 2019.  Defense counsel may respond (in one joint submission) on Friday, September 27, 2019.

In general, the Court is not inclined to let any party or witness (Bryan or others) testify at trial on a matter they asserted the Fifth on and refused to answer in a deposition because of unfair surprise and the risk of prejudice.  Also, the Court is not inclined to allow a witness to be presented or asked a specific question with the sole purpose of eliciting a Fifth Amendment refusal to answer.  However, the Court will address any such issues as they arise at trial.

The Court will give a limiting instruction, when giving adverse inferences, that no adverse inference may be applied to any claim under California law.

Redactions, Does, and Use of Security Information/NAF Preliminary Injunction Materials at Trial

The parties agree that Doe signifiers will not be used for trial witnesses.  Doe signifiers in exhibits (for Does who are not trial witnesses) maybe whited-out or otherwise redacted.  With respect to other information in the trial exhibits that plaintiffs contend is both irrelevant and confidential security information, that information may be whited-out or otherwise redacted.  Information that is relevant and confidential security information may not be redacted from trial exhibits.  That information, however, will be treated as AEO and will not be shown or otherwise published to the public or made available outside the courtroom to parties, but upon admission will be published to the jury.

With respect to trial exhibits that defense counsel have not had the recent opportunity to review in an unredacted form, for documents containing redacted information that plaintiffs intend to use in their case-in-chief and the documents defendants intend to use in their case-in-chief (which defendants shall identify for plaintiffs by end of the day Thursday, September 26, 2019).  Plaintiffs shall review these documents and redactions to make sure those documents contain

either: (i) irrelevant and confidential security information or (ii) AEO relevant and confidential security information that they believe must remain redacted from the public and the parties. If plaintiffs wish to maintain those redactions on the trial exhibits, they must meet and confer with defense counsel and allow representative defense counsel to view the unredacted contents of those documents. If plaintiffs and defendants cannot agree to the appropriate scope of the redactions, the documents (with the redactions in dispute highlighted) shall be submitted to the Court for resolution by Monday, September 30, 2019 at 10:00 a.m.

NAF Preliminary Injunction material, including videos, will likewise be treated as AEO and will not be shown or otherwise published to the public, but upon admission will be published to the jury.

Defendants' Late-Identified Witnesses.

Defendants' late-identified witnesses were not, like plaintiffs' late-identified witnesses (with limited exceptions), witnesses identified to replaced retired or otherwise unavailable witnesses. There is no substantial justification for their late disclosure.

That said, defendants assert that some of these witnesses are relevant to defendant Daleiden's intent and Section 633.5 defense. In this regard, I have previously limited Daleiden's testimony regarding his conversation with Holly O'Donnell to the fact that it occurred and lent support to his investigation. But, because of the prejudicial nature of her statements, the disputed nature of them, the fact that she is deceased and could never be deposed on them, and the likelihood that admission of the substance of her uncorroborated statements would lead to a mini-trial regarding the conduct of Tissue Procurement Organizations and other issues that are beyond the scope of this case, I excluded any testimony from Daleiden regarding the content of his conversation with O'Donnell. I also excluded Dr. Deisher because defendants intended to call her as an expert on matters that are not relevant to the claims and permissible defenses in this action; because her testimony as a percipient witness would inevitably focus on those issues, it raised problems of prejudice, jury confusion, and time wasting. However, Daleiden will be allowed to testify about what she told him. Considering those rulings and Daleiden's asserted need to substantiate (in particular) his reasonable belief for his Section 633.5 defense, I will allow defendants to bring Johnson, Smith, Crutcher, and Rose to testify at trial. They may testify only as percipient witnesses to interactions they had with Daleiden and information or strategies they shared with Daleiden (or other defendants) prior to the first recording taken in California that might support Daleiden's intent for the HCP project or his reasonable belief defense under Section 633.5. These witnesses may only testify if plaintiffs are given the opportunity to depose them prior to their testimony on an agreed-to dates on or before October 8, 2019 (absent stipulation of the parties).

The current or former government officials/members of law enforcement identified are EXCLUDED as late-identified, irrelevant under the prior motions in limine, and under Rule 403.

However, on or before the hearing on Thursday, September 26, 2019, the parties shall meet and confer to attempt to stipulate to the fact or facts regarding defendants contact with local, state,

and/or federal law enforcement prior to the release of the HCP videos. If the parties cannot agree to stipulated fact or facts, I will craft an instruction regarding those contacts for use at trial.

The current or former Planned Parenthood staff (other than Johnson) and witnesses related to tissue procurement organizations, are excluded as late-identified, irrelevant, and under Rule 403.

Finally, as to Boyette (one of plaintiff's Rule 30(b)(6) witnesses who has since retired), the Court reiterates its prior ruling that plaintiffs may substitute Kennedy or Gonzalez as the replacement for Boyette on the Rule 30(b)(6) topics. Plaintiffs may *also* substitute Kennedy or Gonzales for Cuicci (who is also no longer available) for the topics Cuicci was disclosed/offered for. Dkt. No. 804 at 8.

Requests for Judicial Notice

The requests for judicial notice as to the Congressional reports, the Fifth Circuit opinion, the AMA Code of Ethics, and the press release are DENIED as inappropriate requests for notice, irrelevant, and excludable under Rule 403.

I will take judicial notice of the federal statutes identified if and when appropriate during trial.

With respect to the CDC mortality records and the California Department of Justice statistics and explanatory codes, the request for judicial notice is denied as not appropriate. Admission of these records is not precluded and will be addressed by the Court depending on whether and how a witness purports to use them.

AIMS/HotSpots Reports. These records appear to qualify as business records under Rule 803, and may be admissible (depending on how they are used at trial and any appropriate defense objections) for state of mind. If admitted for that purpose, the Court will provide a limiting instruction. Defendants have preserved any foundation objections to these reports.

Timeline. The Court will modify the proposed timeline consistent with its comment in Court and will provide counsel one more time to review it prior to its inclusion in the jury binders.

Claim Chart. The Court will utilize the agreed-to Claim Chart but will remove the UCL claim, which will not be decided by the jury. The Court will clarify that these are the claims alleged and will have to be proven as to each defendant for each plaintiff at issue.

Preliminary Instructions. The Court has reviewed and will rereview the parties' comments on the proposed Preliminary Instructions. The revised Final Proposed Preliminary Instructions will be issued in a separate document.

**No further written order will issue regarding the matters discussed or submitted for resolution at the Second Pretrial Conference**.