UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLANNED PARENTHOOD
FEDERATION OF AMERICA, INC., et al.,

Plaintiffs,

v.

CENTER FOR MEDICAL PROGRESS, et al.,

Defendants.

Case No.  16-cv-00236-WHO

**FINAL PRELIMINARY JURY INSTRUCTIONS**

PRELIMINARY INSTRUCTION NO. 1 - DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, Prejudices, implicit biases or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an Opinion regarding the evidence or what your verdict should be.

PRELIMINARY INSTRUCTION NO. 2 - CLAIMS AND DEFENSES - OVERVIEW

To help you follow the evidence, I will identify the parties and give you a brief summary of the positions of the parties.

Plaintiffs are Planned Parenthood Federation of America (PPFA); Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California (PPNorCal); Planned Parenthood Mar Monte, Inc. (PPMM); Planned Parenthood of the Pacific Southwest (PPPSW); Planned Parenthood Los Angeles (PPLA); Planned Parenthood/Orange and San Bernardino Counties (PPOSBC); Planned Parenthood California Central Coast  (PPCCC); Planned Parenthood Pasadena and San Gabriel Valley, Inc. (PPPSGV); Planned Parenthood of the Rocky Mountains (PPRM); and Planned Parenthood Gulf Coast (PPGC) and Planned Parenthood Center for Choice (PPCFC).  Defendants are the Center for Medical Progress (CMP), BioMax Procurement Services, LLC (BioMax), David Daleiden, Troy Newman, Albin Rhomberg, Sandra Susan Merritt, and Gerardo Adrian Lopez.

Plaintiffs assert claims for fraud, trespass, breach of contract, illegal recording, civil conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants deny that they are liable to Plaintiffs on any of Plaintiffs' claims.

I will now give you an overview of what the law requires Plaintiffs to prove in order to establish their claims.  At the end of the case, I will give you more detailed instructions on the law. This overview is intended to help you digest the evidence as you hear it before you receive my more detailed instructions at the end of the case.

Some issues have already been determined in this case.  You should not speculate about those issues and instead simply focus on the evidence presented to you and the matters you are asked to decide.

United States District Court
Northern District of California

2

1

United States District Court
Northern District of California

PRELIMINARY INSTRUCTION NO. 3 - CLAIMS AND DEFENSES - FRAUD

Plaintiffs assert that defendants are liable for fraud.  There are three different forms of fraud:  (1) Intentional Misrepresentation, (2) Concealment, and (3) False Promise.

In an Intentional Misrepresentation claim, a Plaintiff must prove that a Defendant made a factual statement to a Plaintiff despite knowing that the statement was false.

In a Concealment claim, a Plaintiff must prove that a Defendant disclosed some facts to a Plaintiff but intentionally failed to disclose other facts that the Plaintiff did not know and that made the Defendant's disclosure deceptive.

In a False Promise claim, a Plaintiff must prove that a Defendant made a promise to a Plaintiff but did not intend to perform the promise when the Defendant made it.

In all three types of fraud claims, a Plaintiff must also prove that a Defendant intended for the Plaintiff to rely on the intentional misrepresentation, concealment, or false promise; that the Plaintiff actually relied; that the Plaintiff's reliance was reasonable; and that the Plaintiff's reliance harmed the Plaintiff.

PRELIMINARY INSTRUCTION NO. 4 - CLAIMS AND DEFENSES - TRESPASS

You will be asked to determine whether Defendant CMP is liable for trespass. To establish a claim for trespass, a Plaintiff must prove that it owned, leased, occupied or controlled property; that a Defendant intentionally entered the property; and that the relevant Plaintiff did not give the Defendant permission to enter the property or that the Defendant exceeded the scope of the Plaintiff's permission.

If a Defendants obtained permission to enter because of a misrepresentation, the law treats the Defendant's entry as if it was made without permission.

In pre-trial proceedings, it has been determined that Defendants BioMax, Daleiden, Lopez, and Merritt are directly liable for trespass. You will be required to determine whether Plaintiffs were damaged by those trespasses, and, if so, the amount of damages. If a Plaintiff proves that a trespass occurred, you may award nominal damages even if a plaintiff was not harmed by the trespass.

1

2

United States District Court
Northern District of California

PRELIMINARY INSTRUCTION NO. 5 - CLAIMS AND DEFENSES - BREACH OF

CONTRACT

A Plaintiff may prove a breach of contract claim if the Plaintiff is a party to a contract with a Defendant or, if the Plaintiff is not a party to the contract, the Plaintiff is a third-party beneficiary of the contract.

The parties to a contract are the people who have made promises directly to one another.

A third-party beneficiary is someone who the parties to the contract intended would receive a benefit from the contract.  Plaintiffs allege they are third-party beneficiaries of contracts between the National Abortion Federation (NAF) and Defendants that relate to two NAF Annual Meetings.  Defendants deny that Plaintiffs are third-party beneficiaries of the NAF Contracts.  If Plaintiffs prove the contracts were intended to benefit Plaintiffs, they are third-party beneficiaries of the contract.

Once a Plaintiff proves it is a party to a contract or a third-party beneficiary to a contract, it must prove that a Defendant breached the contract by doing something that the contract prohibited the Defendant from doing or by failing to do something the contract required the Defendant to do.  If a Plaintiff proves breach, you may award nominal damages even if a plaintiff was not harmed by the breach.  If a Plaintiff also proves that a Defendant's breach harmed the Plaintiff, the Plaintiff is entitled to compensation for all the harm foreseeably caused by the Defendant's breach.

In pre-trial proceedings, it has been determined that Defendants Daleiden and BioMax breached the PPFA Exhibitor Agreements.  As to these Defendants and contracts, you will be required to determine whether Plaintiffs were damaged by those breaches, and, if so, the amount of damages.

You will be asked to determine whether Defendants  BioMax, and Daleiden breached the PPGC Nondisclosure Agreement, and if so, the amount of damages.

If you find Plaintiffs are third party-beneficiaries of the NAF Contracts, you will be asked to determine whether certain Defendants breached the NAF Contracts and, if so, whether Plaintiffs were damaged by those breached and, if so, the amount of damages.

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMINARY INSTRUCTION NO. 6 - CLAIMS AND DEFENSES - UNLAWFUL RECORDING

California, Florida, Maryland and Federal law prohibit recording a person without consent in certain situations.

### California Law

To establish a claim under California law, a Plaintiff must prove that a Defendant intentionally recorded a confidential communication without the consent of all the parties to the conversation. A confidential communication is one where the party asserting it is confidential had a reasonable expectation that others are not listening into the conversation or recording it. California law also prohibits trespassing on property for the purpose of recording another in violation of California law.

Defendants contend their recording of Plaintiffs was permitted under California law because they sought to obtain evidence of a violent felony against a person. To establish this defense, Defendants must prove that, before the first time they recorded in California, they had a reasonable belief the persons being recorded committed or intended to commit a violent felony against a person and that was their purpose in making the recording. California law only applies to recordings that occurred in California.

### Florida and Maryland Law

To establish a claim under Florida or Maryland law, a Plaintiff must prove that a Defendant intentionally recorded or procured another person to record an oral communication in which the parties had a reasonable expectation of privacy without the consent of all the parties to the communication. Florida and Maryland law also prohibit disclosing the contents of any oral communication by anyone who knows or should know the contents were obtained through a recording in violation of Florida or Maryland law. Florida law applies only to recordings that occurred in Florida. Maryland law applies only to recordings that occurred in Maryland.

### Federal Law

To establish a claim under federal law, a Plaintiff must prove that a Defendant intentionally recorded an oral communication where the parties had a reasonable expectation of

6

privacy and that one of the Defendant's purposes in doing so was to violate RICO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### PRELIMINARY INSTRUCTION NO. 7 - CLAIMS AND DEFENSES - RICO

Plaintiffs claim that Defendants engaged in acts that violate the Racketeer Influenced and Corrupt Organizations Act, often called "RICO." A RICO claim can be made in a civil case. It allows the members of a formal or informal enterprise to be held responsible for the actions of the other members of the enterprise.  To recover under RICO, a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) directly causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

The (1) conduct element requires that the defendant have some part in directing the affairs of the enterprise.  An (2) "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact.  A (3) pattern is defined as "at least two acts of racketeering activity" within ten years of each other, and Plaintiffs must prove that past conduct that by its nature projects into the future with a threat of repetition (known as open-ended continuity).  (4) Racketeering activity, means commission of certain crimes including producing a fake identification document or transferring a fake identification document, and using the mail or wires in a scheme or plan to defraud.

Plaintiffs also allege that Defendants participated in a RICO conspiracy, which requires Plaintiff to prove that defendants agreed to commit a substantive violation of RICO.

PRELIMINARY INSTRUCTION NO. 8 - CLAIMS AND DEFENSES - CIVIL CONSPIRACY

For Plaintiffs' claims, other than breach of contract, Plaintiffs assert that certain Defendants are liable as civil conspirators.  A conspiracy is an agreement by two or more persons to commit a wrongful act.  If one member of a conspiracy commits a wrongful act, then all members of the conspiracy, including those that themselves did not personally commit the wrongful act, are responsible for compensating the Plaintiff for the harm caused by the wrongful act.

PRELIMINARY INSTRUCTION NO. 9 - BURDEN OF PROOF - PREPONDERANCE OF THE
EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1   <u>PRELIMINARY INSTRUCTION NO. 10 - TWO OR MORE PARTIES - DIFFERENT LEGAL</u>

2   <u>RIGHTS</u>

3         You should decide the case as to each party separately. Unless otherwise stated, the

4   instructions apply to all parties.

United States District Court
Northern District of California

## PRELIMINARY INSTRUCTION NO. 11 – LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation (including a limited liability corporation) is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## PRELIMINARY INSTRUCTION NO. 12 - WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PRELIMINIARY INSTRUCTION NO. 13 - WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1        <u>PRELIMINARY INSTRUCTION NO. 14 - EVIDENCE FOR LIMITED PURPOSE</u>

2        Some evidence may be admitted only for a limited purpose.

3        When I instruct you that an item of evidence has been admitted only for a limited purpose,

4 you must consider it only for that limited purpose and not for any other purpose.

1   <u>PRELIMINARY INSTRUCTION NO. 15 - DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

2          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3   testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4   evidence is proof of one or more facts from which you could find another fact.  You should

5   consider both kinds of evidence.  The law makes no distinction between the weight to be given to

6   either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

7   evidence.

1

## PRELIMINARY INSTRUCTION NO. 16 - RULING ON OBJECTIONS

2      There are rules of evidence that control what can be received into evidence.  When a

3  lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that

4  it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the

5  question may be answered or the exhibit received.  If I sustain the objection, the question cannot

6  be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question,

7  you must ignore the question and must not guess what the answer might have been.

8      Sometimes I may order that evidence be stricken from the record and that you disregard or

9  ignore that evidence.  That means when you are deciding the case, you must not consider the

10  stricken evidence for any purpose.

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMINARY INSTRUCTION NO. 17 - CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

PRELIMINARY INSTRUCTION NO. 18 – MATTERS NOT TO BE DECIDED BY THE JURY

      The claims and defenses in this case concern the strategies chosen and employed by the defendants.  I need to emphasize what this case is not about.  It is not about the truth of whether plaintiffs profited from the sale of fetal tissue or otherwise violated the law in securing tissue for those programs.  It is not about whether any plaintiff actually engaged in illegal conduct.  Those issues are a matter of dispute between the parties in the world outside this courtroom.  In this courtroom your job is to consider the evidence related to the claims and defenses in this case in accordance with the instructions that I give you.

United States District Court
Northern District of California

United States District Court
Northern District of California

## PRELIMINARY INSTRUCTION NO. 19 - CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

Thus, until the end of the case or unless I tell you otherwise: Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and

1    report it to me as soon as possible.

2           These rules protect each party's right to have this case decided only on evidence that has

3    been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

4    accuracy of their testimony is tested through the trial process.  If you do any research or

5    investigation outside the courtroom, or gain any information through improper communications,

6    then your verdict may be influenced by inaccurate, incomplete or misleading information that has

7    not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

8    jury, and if you decide the case based on information not presented in court, you will have denied

9    the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

10   important that you follow these rules.

11          A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

12   mistrial could result that would require the entire trial process to start over.  If any juror is exposed

13   to any outside information, please notify the court immediately.

## PRELIMINARY INSTRUCTION NO. 20 - PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with  it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

United States District Court
Northern District of California

United States District Court
Northern District of California

## PRELIMINARY INSTRUCTION NO. 21 - TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

PRELIMINARY INSTRUCTION NO. 22 - BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become  necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## PRELIMINARY INSTRUCTION NO. 23 - OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.