STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:   (415) 471-3100
Facsimile:   (415) 471-3400
Email:   steve.mayer@arnoldporter.com
         sharon.mayo@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone:   (212) 836-8000
Email:   diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:   (213) 243-4000
Email:   rhonda.trotter@arnoldporter.com
         oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone:   (415) 531-1791
Email:   beth.parker@ppnorcal.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone:   (202) 973-4800
Email:   helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone:   (415) 956-2828
Email:   ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 3:16-cv-00236-WHO <br><br> **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE LATE DISCLOSED EVIDENCE** <br><br> Date:   October 1, 2019 <br> Time:   2:00 p.m. <br> Place:   Courtroom 2, 17th Floor <br> Judge:   Honorable William H. Orrick |

**TABLE OF CONTENTS**

**Page**

I.   THE COURT SHOULD EXCLUDE EVIDENCE THAT DEFENDANTS WITHHELD IN DISCOVERY. ................................................................................ 2

    A.   Defendants' Withholding of Evidence is Not Substantially Justified. ..................... 3

    B.   The Failure to Disclose is Not Harmless. ............................................................... 4

        1.   Failure to disclose Dr. Hurlbut is not harmless. ......................................... 4

        2.   Failure to disclose Dr. McCurdy is not harmless. ...................................... 5

        3.   Failure to disclose Kristen Leu is not harmless. ......................................... 5

        4.   Failure to disclose Abby Johnson is not harmless. ..................................... 6

II.  THE COURT SHOULD EXCLUDE IMPROPER HEARSAY BOLSTERING EVIDENCE. ......................................................................................................................... 7

CONCLUSION ............................................................................................................................ 8

On the eve of trial, it appears that Defendants are intending to augment the information that David Daleiden purportedly had prior to launching his investigation. The problem is that much of this padding involves communications with witnesses whose roles as purported early informants were not disclosed to Plaintiffs.

Plaintiffs request that the Court preclude David Daleiden (or any other witness) from testifying about information he purportedly received from previously undisclosed sources. Specifically, Plaintiffs request the Court exclude any such information received from Dr. William Hurlburt, Dr. Stephen McCurdy, Abby Johnson, and Kristen Leu.[1] The Court should exclude this evidence pursuant to Federal Rule of Civil Procedure 37(c)(1) because (1) Defendants failed to disclose it in response to a targeted interrogatory and in response to nearly fifty pages' worth of questioning over two days of David Daleiden's deposition and (2) Defendants' failure was neither substantially justified nor harmless.

Additionally, Plaintiffs anticipate that Defendants will introduce testimony from Janet Smith, Lila Rose, Mark Crutcher, and Abby Johnson about their hearsay conversations with David Daleiden. To the extent Plaintiffs do not dispute that these individuals said what Daleiden claims they said to him, the Court should exclude their testimony as hearsay and improper bolstering. Fed. R. Evid. 801(d)(1)(B), 403.

---

[1] Plaintiffs were not aware that Defendants intended to introduce evidence that these individuals (other than Abby Johnson) allegedly provided information that caused Defendants to investigate Plaintiffs until Plaintiffs received Defendants' proposed demonstratives for opening statements on September 26, 2019. *See* ECF # 840-2, at 17. Plaintiffs were not aware that Defendants would potentially be allowed to introduce evidence of information that Abby Johnson provided to Defendants until after the deadline for motions *in limine* had passed. Plaintiffs have therefore brought this motion at the earliest possible time.

## I.  THE COURT SHOULD EXCLUDE EVIDENCE THAT DEFENDANTS WITHHELD IN DISCOVERY.

Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to identify evidence or witnesses as required under Rule 26, the party is precluded from introducing that evidence or witness at trial unless the party who failed to provide the required discovery establishes that the failure "was substantially justified or is harmless."  The Ninth Circuit has noted that "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  And use of the sanction can similarly be applied, even without "bad faith or willfulness." *Id.*

CMP/Biomax/Lopez/Rhomberg/Daleiden's initial disclosures failed to identify Dr. Hulburt, Dr. McCurdy, Ms. Johnson or Ms. Leu.  Their disclosures identified only two former or current Stem Express employees, Holly O'Donnell and Megan Barr, Procurement Manager.  Declaration of Sharon Mayo ("Mayo Decl.") Ex. A.

Defendants' written discovery responses also failed to identify these witnesses, who Defendants now characterize as witnesses that "led David to investigate Planned Parenthood." *See* ECF # 840-2, at 17.  Plaintiffs propounded interrogatories requiring David Daleiden to identify all crimes he believed were being committed by Plaintiffs prior to his infiltration of the 2014 NAF conference and to "state all facts of which YOU were aware prior to commencing the RECORDINGS on which YOU based YOUR belief that a crime was committed."  ECF # 847-1, at 56.  Daleiden's five page response served on January 30, 2017 identifies Dr. Deisher, Ms. O'Donnell, and Perrin Larton as sources of information about such crimes.  *Id.*  But the response does not mention Ms. Leu, Ms. Johnson Dr. Hurlbut, or Dr. McCurdy.  *Id.*  On June 11, 2018, Daleiden supplemented his response to this set of interrogatories, but he did not supplement Interrogatory No. 2.  Mayo Decl. Ex. B.

Daleiden also failed to identify any of these witnesses at his deposition on April 16 and April 17, 2019. Over the course of two days, Plaintiffs took nearly fifty pages' worth of testimony on this topic. Daleiden again failed to identify any of these four individuals in his testimony. ECF # 847-1, at 2-47. Because Defendants repeatedly failed to disclose this evidence in response to specific, targeted discovery, the appropriate sanction is to exclude it, unless Defendants can show the failure is substantially justified or harmless. As discussed below, Defendants can show neither.[2]

### A. Defendants' Withholding of Evidence is Not Substantially Justified.

In determining whether a failure to disclose was substantially justified, Courts look to the lapse of time between when the party should have been aware of the relevance of the information and when the party disclosed it. *See Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 549 (N.D. Cal. 2009) ("Plaintiffs' failure to be more forthcoming about the nature and extent of their damages claim until very recently was not substantially justified.").

First, if these individuals truly provided the information that "led David to investigate Planned Parenthood" through his undercover operation, Defendants were aware of the significance of these witnesses from the outset of the case. Furthermore, in Defendants' response to Plaintiffs' objections to including Leu, Johnson, and Hurlbut in Defendants' opening statement demonstratives, Defendants argue that "Plaintiffs have had actual knowledge of the above individuals" throughout the course of the litigation. ECF # 854, at 2. Defendants cannot simultaneously claim they were ignorant of the relevance of the witnesses until a few days ago while at the same time claiming Plaintiffs should have known about their importance throughout the litigation.

As to McCurdy, Defendants have not, even up through today, identified him as a witness in this case. Rather, Plaintiffs suspect that Defendants may in the future attempt to identify McCurdy

---

[2] Plaintiffs cannot predict whether or what other information Defendants may raise that has similarly not been disclosed. To the extent Defendants try to raise other sources of information at trial outside of the information Defendants provided in discovery responses and depositions, that evidence should be excluded for the same reasons.

as a source of such information based on a recent tweet by CMP.[3]  Mayo Decl. Ex. C.  Should Defendants attempt to identify McCurdy as a trial witness at this stage, such a late identification would plainly be without justification.

### B. The Failure to Disclose is Not Harmless.

In response to Plaintiffs' objections to Defendants' opening demonstratives, Defendants argued that their late disclosures are harmless.  ECF # 854, at 1-6.  Defendants' arguments are meritless for the reasons discussed below.

#### 1. Failure to disclose Dr. Hurlbut is not harmless.

Defendants argue their failure to disclose Dr. Hurlbut is harmless because they produced a January 2013 document that identifies Dr. Hurlbut as a potential "expert" in their planned documentary.  ECF # 854 at 5.  But Defendants overstate the significance of that document: nothing in that document gives Plaintiffs notice that Dr. Hurlbut provided Defendants information that caused them to investigate Plaintiffs.  To the contrary, on its face, the document suggests that Defendants had *not yet actually talked to* Dr. Hurlbut before deciding to conduct their investigation.  ECF # 854-1, at 190-92.  Indeed, Dr. Hurlbut was identified as an expert who would be interviewed for a documentary *after* all investigation had been completed.  *Id.*  Thus, this memo threw Plaintiffs off the trail of viewing Dr. Hurlbut as a relevant witness, rather than serving as a substitute for Defendants' failure to identify him in their discovery responses and deposition testimony.

Defendants also note that this document was marked as an exhibit in both the Newman and Davin depositions.  ECF # 854, at 6.  Defendants, however, fail to highlight for the Court that Plaintiffs learned absolutely nothing about the document at those depositions because both witnesses asserted a Fifth Amendment privilege.  ECF # 854-1, at 214-20.  Because Newman and Davin both asserted their Fifth Amendment privilege, Plaintiffs could not and did not learn in these depositions that Dr. Hurlbut had any information regarding to Defendants' reasons for investigating Plaintiffs.

---

[3] *See* https://twitter.com/CtrMedProgress/status/1173654440831635456?s=20.

Defendants also point to a memorandum Dr. Hurlbut wrote on ethical issues in stem cell research and a letter from Dr. Hurlbut to Senator Orin Hatch. ECF # 854, at 6. But these documents are about general ethical issues in stem cell research and do not discuss Plaintiffs. ECF # 854-1, at 196-212. There is nothing in these documents that even remotely suggests that Dr. Hurlbut was one of Defendants' sources of information that Plaintiffs had been engaged in some sort of criminal wrongdoing.

Accordingly, Plaintiffs had no notice that Dr. Hurlbut would become the purported source of information on the reason for Defendants' investigation of Plaintiffs, and had no opportunity to depose Dr. Hurlbut, Daleiden, or other Defendants on this topic. For these reasons, Defendants' failure to identify Dr. Hurlbut as a source of evidence on these topics was not harmless.

### 2. Failure to disclose Dr. McCurdy is not harmless.

As noted above, Defendants have yet to formally disclose Dr. McCurdy as a source of information that caused Defendants to investigate Plaintiffs and have not produced documents indicating that Dr. McCurdy was the reason Defendants began investigating Plaintiffs. To the extent Defendants intend to offer evidence of information they received from Dr. McCurdy, their failure to disclose this information is not harmless because Plaintiffs will not have the opportunity to depose Dr. McCurdy or other Defendants on this issue.

### 3. Failure to disclose Kristen Leu is not harmless.

Defendants argue that their failure to disclose Kristen Leu is harmless because Daleiden testified about her in the separate *Stem Express* lawsuit and submitted a declaration referencing her in support of a motion to compel production of documents in this litigation. ECF # 854, at 3-5.

This testimony and declaration, however, did not give Plaintiffs notice that Ms. Leu was a source of information that caused Defendants to investigate Plaintiffs because neither the testimony nor the declaration discussed any activities of Plaintiffs. Rather, the testimony and declaration state that Ms. Leu is a procurement manager for StemExpress—not Plaintiffs—and that StemExpress changed procedures to keep fetal hearts intact. *See* ECF # 854, at 3-5. Nothing in the testimony or declaration explains what relevant information Ms. Leu provided *about Plaintiffs*. As a result, even as of the present moment, what information Ms. Leu provided about Plaintiffs remains a mystery to

Plaintiffs.[4] Because Ms. Leu's testimony would result in a trial by ambush, Defendants' failure to disclose her is not harmless.

### 4. Failure to disclose Abby Johnson is not harmless.

Defendants point to a single email produced in discovery to argue that their failure to disclose Abby Johnson is harmless. ECF # 854, at 2. The email lists individuals identified by Defendants, in July 2015, as "Key Fetal Tissue Witnesses." As to Ms. Johnson, the email states in in its entirety: "Abby Johnson - former Clinic Director with PP Gulf Coast. Abby sometimes helped supply fetal specimens to Melissa Farrell's Research Department for sale to Amphioxus Cell Technologies in Houston." ECF # 821-1, at 166. The email was sent on July 1, 2015, over a year after Defendants began taping Plaintiffs while undercover. Nothing about these two sentences, buried in the thousands of documents produced in this case, discloses that (a) any Defendant actually spoke to Abby Johnson at all, (b) any Defendant spoke to Abby Johnson before they began surreptitiously taping, or (c) she disclosed to Defendants any allegedly wrongful or criminal conduct by Plaintiffs.

Similarly, Defendants cite a press release—dated after the videos were released and therefore well after Defendants began taping Plaintiffs—that was not produced in discovery, which alleges that Ms. Johnson stated a Plaintiff earned $120,000 per month from fetal tissue. ECF # 854 at 2. Again, Defendants fail to explain how Plaintiffs could have discerned from a press release not produced in discovery that Ms. Johnson was a relevant witness for the basis of Defendants' investigation of Plaintiffs.

Finally, Defendants point to a declaration that David Daleiden submitted in support of summary judgment that discusses Ms. Johnson. ECF # 854, at 3. However, that declaration was submitted after the close of discovery, and Plaintiffs have never had an opportunity to depose Mr. Daleiden, or any other person on the Defendants' side, about the allegations in the declaration. Accordingly, Defendants' late disclosure of Ms. Johnson in summary judgment briefing does not

---

[4] If Defendants seek to use the actions of StemExpress as an alleged basis for investigating the actions of Plaintiffs, the Court should exclude the evidence as irrelevant, unfairly prejudicial, a waste of time, and likely lead to lead to confusion of the issues. Fed. R. Evid. 402, 403.

cure the harm to Plaintiffs from Defendants' unjustified failure to disclose Ms. Johnson during discovery.

## II. THE COURT SHOULD EXCLUDE IMPROPER HEARSAY BOLSTERING EVIDENCE.

A court may not admit hearsay evidence of a prior consistent statement, unless it is "offered to rebut 'an express or implied charge of … recent fabrication or improper influence or motive'" *United States v. Gonzalez*, 533 F.3d 1057, 1061 (9th Cir. 2008) (quoting Fed. R. Evid. 801(d)(1)(B)). Plaintiffs anticipate that Defendants will offer testimony from Janet Smith, Lila Rose, Abby Johnson, and Mark Crutcher in order to bolster Daleiden's testimony about his conversations with these individuals concerning his investigation of Plaintiffs. Plaintiffs expect Defendants will offer the following testimony from these witnesses:

- Defendants refer to Janet Smith as a "moral theologian and advisor for Defendant Daleiden" who will testify "regarding the advice she gave Defendant Daleiden on the morality of lying as part of undercover investigations." Dkt. # 788.

- Lila Rose was Defendant Daleiden's boss for the entirety of his five year tenure at Live Action. As such, she and Daleiden likely had extensive conversations over the years. She is expected to testify that she participated in conversations with Daleiden regarding projects they conducted and released during his time at Live Action. Dkt. # 788. Those projects focused on alleged violations of laws relating to child sex trafficking, and born-alive infants, among others.

- Mark Crutcher's organization, Life Dynamics, conducted a supposed "expose of fetal tissue and organ trafficking at Planned Parenthood" almost 20 years ago. Dkt. # 788.

- Abby Johnson is a former PPGC employee. Her anticipated testimony is related to information she relayed to Defendant Daleiden about PPGC's "sale of fetal tissue." Dkt. # 788.

To the extent Plaintiffs do not challenge the truth of Daleiden's testimony about what was said in his conversations with these individuals, the Court should exclude these individuals testimony about their conversations with Daleiden as improper bolstering hearsay.

In addition, the testimony is cumulative and prejudicial. Daleiden will already be testifying regarding these conversations, and having a lineup of witnesses to repeat his testimony in order to continue discussing, likely in graphic detail, all of the information they allegedly knew about fetal tissue or born-alive infants, would serve no purpose other than to inflame the jury. To the extent Defendants offer these witnesses' testimony for the non-hearsay purpose of purpose of proving Daleiden's state of mind, it should be excluded as cumulative of Daleiden's testimony and unduly prejudicial. Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, the Court should exclude any evidence that Defendants were investigating Plaintiffs based on information allegedly provided to them by Dr. William Hurlburt, Dr. Stephen McCurdy, Kristen Leu, or Abby Johnson. In addition, the Court should exclude improper bolstering testimony from Abby Johnson, Janet Smith, Mark Crutcher, and Lila Rose.

Dated:  September 29, 2019.	Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

ROGERS JOSEPH O'DONNELL

By: /s/ *Sharon D. Mayo*
   SHARON D. MAYO

Attorneys for Plaintiffs