STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T, KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400
Email:  steven.mayer@aporter.com
   sharon.mayo@aporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone:  (212) 836-8000
Email:  diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:  (213) 243-4000
Email: rhonda.trotter@arnoldporter.com
   oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone:  (415) 531-1791
Email: beth.parker@ppnorcal.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone:  (202) 973-4800
Email:  helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; PLANNED PARENTHOOD: SHASTA-DIABLO, INC., ET AL.,<br><br>Plaintiffs,<br>v.<br>CENTER FOR MEDICAL PROGRESS, ET AL.,<br>Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DEMONSTRATIVES FOR OPENING STATEMENTS**<br><br>Judge:  Hon. William H. Orrick, III<br><br>Trial Date: October 2, 2019 |

1  Pursuant to the Court's Order, Dkt. 721, Plaintiffs Planned Parenthood Federation of
2  America, Inc.; Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern
3  California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of the Pacific Southwest;
4  Planned Parenthood Los Angeles; Planned Parenthood/Orange and San Bernardino Counties, Inc.;
5  Planned Parenthood California Central Coast; Planned Parenthood Pasadena and San Gabriel
6  Valley, Inc.; Planned Parenthood of the Rocky Mountains; Planned Parenthood Gulf Coast; and
7  Planned Parenthood Center for Choice ("Plaintiffs") respectfully submit to the Court Plaintiffs'
8  objections to the demonstratives for opening statements provided by Defendants to Plaintiffs on
9  October 2, 2019.
10 Defendants sent Plaintiffs another set of demonstratives on October 2, 2019 that included
11 some new information and language. Although Plaintiffs informed Defendants of the below issues
12 in the late evening on October 1, 2019 as it took time to go through the new slides, Defendants did
13 not respond by midnight. Therefore, some of the below issues may be mooted if Defendants will
14 agree to make the changes. Below are Plaintiffs' outstanding objections to Defendants'
15 demonstratives. For ease of reference, Plaintiffs are inserting the slide images below.

### A. Slide on Fraudulent Misrepresentation

**Plaintiffs Must Prove All Elements of Fraudulent Misrepresentation**

1. Defendant made a factual statement to Plaintiff
2. Defendant knew the factual statement was false
3. Defendant intended for Plaintiff to rely on the false factual statement
4. Plaintiff actually relied on the false factual statement
5. Plaintiff reasonably relied on the false factual statement
6. Plaintiff's reliance on the false factual statement was proximate cause of injury to Plaintiff

Defendants indicated that they "thought that the judge just excluded the marked up versions, and not the unmarked version," so they may still want to use it. Plaintiffs object to use of this slide,

-1-

and believe that the Court has excluded it.  Defendants suggested as a potential alternative that they may "tak[e] out the specific elements and the fraudulent misrepresentation claim, keeping the puzzle piece, and just stating generically, element 1, element 2… etc."  Plaintiffs responded that if Defendants "plan to remove all elements and just keep the puzzle icon, we do not have objections to the slide itself," but expressed concern that Defendants' proposed approach still sounded problematic and may force objections during opening statement.

### B.     New Literature

In the slide on literature, Defendants amended it to include a listing for "NIH-funded fetal tissue studies."  Defendants did not mention NIH in their depositions or in the interrogatory response on this topic.  Plaintiffs do not know what studies they intend to refer to with this slide, and as with other late-disclosed evidence, request the Court exclude it.



### C.     Incorrect Plaintiffs and Defendants

Defendants' slides listing plaintiffs and defendants for different claims contain several errors.  They only show PPFA as having a fraudulent representation claim.  PPPSGV and PPGC

1  also have fraudulent representation claims.  They omit Merritt as a defendant for the 2015 breach of
2  NAF agreements.



### D. Lopez and Merritt as Contractors of BioMax

Defendants include the below slide, which lists Adrian Lopez and Sandra Merrit as "contractors" of BioMax.  Both signed contract agreements with Center for Medical Progress, not BioMax.  There is no evidence that either received paychecks from or signed contractor agreements with BioMax.  Therefore, the below slide is argumentative, incorrect and prejudicial.

-3-
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DEMONSTRATIVES FOR OPENING STATEMENTS

| | |
|---|---|
| Dated: October 1, 2019 | Respectfully submitted, |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | ROGERS JOSEPH O'DONNELL |
| | By: /s/ *Sharon Mayo* |
| |     SHARON MAYO |
| | Attorneys for Plaintiffs |

-4-
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DEMONSTRATIVES FOR OPENING STATEMENTS