# LIBERTY COUNSEL

Post Office Box 540774
Orlando, FL 32854-0774
Telephone: 407•875•1776
Facsimile: 407•875•0770
www.LC.org

122 C St. N.W., Ste. 360
Washington, DC 20005
Telephone: 202•289•1776
Facsimile: 202•737•1776

Post Office Box 11108
Lynchburg, VA 24506-1108
Telephone: 434•592•7000
Facsimile: 434•592•7700
liberty@LC.org

October 14, 2019

**VIA CM/ECF**

Hon. William H. Orrick, III
Judge for the United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      **Re:** *Planned Parenthood Fed. of Am. et al. v. Center for Medical Progress et al.*
           Case No. 3:16-cv-00236-WHO

Your Honor:

    I write to raise three issues in connection with Ms. Merritt's re-taking of the witness stand.

    **First**, Merritt respectfully requests that she be re-called to testify on Wednesday, October 16, instead of Tuesday, October 15. As the Court may recall, I left Merritt in the courtroom during the proceedings on Friday, because I needed to catch a plane to tend to some important family matters in my home state of Florida over the weekend. I am encountering some travel delays, and will not be able to return to San Francisco until close to midnight tonight. Accordingly, I have not had (and will not have) any meaningful opportunity to discuss the Baxter badge issue with Merritt, to review with her the additional video footage providing context, and to conduct the preparation that the Court deemed necessary and appropriate. With the Court's permission, Merritt and I will undertake these matters on Tuesday afternoon, and Merritt will be ready to testify on Wednesday. Neither Plaintiffs nor the progress of trial will suffer any prejudice or delay as a result.

    **Second**, Merritt respectfully requests reconsideration of your ruling on Friday that she may not proactively explain her mistake on the Baxter badge issue to the jury, during her direct examination. Given the Court's correct ruling that the mistake was honestly made and not in bad faith (because Merritt, her counsel and Plaintiffs' counsel were all previously unaware of the additional video footage providing context for the Baxter badge) there is no reason not to allow Merritt herself to explain that mistake to the jury, and to correct it upfront. Proactive explanations of unfavorable matters are routine on direct examination, and are a matter of good and prudent practice. It is unusual – and prejudicial – to prohibit a witness and counsel from addressing such matters on direct.

Merritt emphasizes that the jury will obviously know that she will have seen the additional footage providing context for the Baxter badge within the last few days, and prior to her further direct testimony this week. Unaware of Your Honor's interdiction, the jury will wonder why Merritt did not proactively explain her mistake during her direct testimony, and why she waited for Plaintiffs to bring it up. The jury will mistake this as an indication that Merritt was "hiding" her mistake and hoping not to get "caught." This will be highly prejudicial to Merritt's credibility with the jury.

And, critically, there is no reason for this to happen. If the point is merely to correct an erroneous misimpression of the jury, which was the result of an honest mistake made because of an imperfect memory, 500+ hours of video, and a 5+ year lapse in time, there is no good reason why Merritt should not be allowed to affirmatively explain these circumstances to the jury herself. If permitted, Plaintiffs will undoubtedly use their first-crack opportunity to incorrectly imply – if not expressly argue – that Merritt was being deceitful. The only thing this will accomplish is to correct one misimpression with another, equally erroneous. This does not serve justice, and is not fair.

Plaintiffs will suffer no prejudice by waiting until their cross examination to further probe the above matters. They can still question Merritt's memory and recall; they can still show the additional video footage providing context for the Baxter badge; and they can still make all of their arguments regarding conference security viz-a-viz the badges. The only "downside" to Plaintiffs would be a missed opportunity to create an initial illusion of deceit in the jury's mind – an illusion that would be false but very difficult to dispel under these circumstances.

**Third** and finally, irrespective of whether this issue is taken up on direct, cross, or both, fairness dictates that Plaintiffs not use the single, combined, "spliced" video clip that they provided the Court last week, and instead use the two separate video exhibit files as they existed in discovery and prior to trial.[1] As discussed on Friday morning, there is no single clip generated by the recording devices or exchanged in discovery that contains all of the footage that now gives context to the Baxter badge. Allowing Plaintiffs to play a single clip which they themselves have created after the fact will confuse and mislead the jury into thinking that Merritt and her counsel had access to the same continuous clip but chose to play only a selected part to purposefully mislead the jury. Instead of correcting one misimpression, this would merely replace it with another.

We thank you for your consideration of these issues and look forward to discussing them further on Tuesday morning.

    Respectfully,

    /s/ Horatio G. Mihet
    Horatio G. Mihet
    Counsel for Defendant Sandra Susan Merritt

Copies by ECF to all counsel of record

---

[1] We raised this issue with Plaintiffs' counsel (Ms. Mayo) on Friday, but have not received a substantive response as of this writing.