# Arnold & Porter

Sharon D. Mayo
+1 415.471.3296 Direct
Sharon.Mayo@arnoldporter.com

October 14, 2019

Hon. William H. Orrick, III
United States District Court Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, California  94102

      **Re:**    *Planned Parenthood Fed. of Am., et al. v. Center for Medical Progress,*
               *et al.,* **Case No. 3:16-cv-00236-WHO**

Your Honor:

      I write in response to the letter (ECF 901) from Horatio Mihet, counsel for Defendant Susan Merritt.  The Court should deny Ms. Merritt's requests for the following reasons.

      First, the present situation exists because Ms. Merritt testified to events that did not occur.  In the ordinary course of trial, the opposing party would be able to impeach the witness in cross-examination immediately after that testimony, followed by redirect to try and rehabilitate the witness's credibility.  However, Ms. Merritt's counsel only identified for Plaintiffs the clips that he planned to use in direct examination while all counsel were in the courtroom on the morning of her testimony.  *See* Trial Tr. Friday, October 4, 2019 (Vol. 3), 385:20-386:3.  Had counsel provided the clips in advance – a protocol Plaintiffs repeatedly have requested and adhered to – Plaintiffs could have cross examined Ms. Merritt on Friday.  The Court's ruling that the examination should begin with Plaintiffs' cross-examination followed by questioning from Mr. Mihet on direct is entirely appropriate, and should not be revisited.

      Second, Ms. Merritt should not be given an additional day to prepare.  Again, in the ordinary course, counsel for the witness would not have a "break" before re-direct examination to coach the witness to rehabilitate her testimony after impeachment on cross.  It should only take a few minutes to point out to Ms. Merritt the inaccuracy of her testimony (which Plaintiffs assume has already been done), and to encourage her to

**Arnold&Porter**

Hon. William H. Orrick, III
October 14, 2019
Page 2

explain whatever circumstances led to that testimony.  Plaintiffs should be allowed to cross-examine Ms. Merritt regarding the accuracy of her testimony without the extensive coaching that Mr. Mihet requests.

Third, the Court should reject Mr. Mihet's attempt to direct the method of Plaintiff's cross-examination of Ms. Merritt.  There is no "spliced" video – Mr. Mihet's use of the pejorative term suggests that the video has been altered in some manner.  To the contrary, and as explained in court, due to their size Defendants' undercover videos are saved in approximately half-an-hour segments.  In order to show what transpired in the minutes before the footage in question, Plaintiffs simply connected the two adjacent segments of video.  To the extent the Court is inclined to entertain Mr. Mihet's request regarding how the video can be shown -- two segments played continuously versus taking a break between the segments -- Mr. Mihet should play Exhibit 5402 from the beginning of the video, and not the version that was played in Court with Ms. Merritt on her original cross-examination, which began later than the start of that video segment.

Finally, and contrary to Mr. Mihet's letter, the Court did not make any "ruling" or findings as to whether Ms. Merritt's testimony was honestly made or alternatively was in bad faith.  The credibility and truthfulness of a witness's testimony, and any inferences to be drawn therefrom, is to be determined based on the testimony of the witness, not the argument of her counsel to the Court.

For all these reasons, Plaintiffs request that the Court adhere to its ruling on Friday that Ms. Merritt will take the stand tomorrow for cross-examination by Plaintiffs prior to Mr. Mihet's efforts to rehabilitate her on direct.

Respectfully Submitted,


/s/ *Sharon D. Mayo*
Sharon D. Mayo