STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: steve.mayer@arnoldporter.com
sharon.mayo@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Email: diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Email: rhonda.trotter@arnoldporter.com
oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone: (415) 531-1791
Email: beth.parker@ppnorcal.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone: (202) 973-4800
Email: helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,

Plaintiffs,

v.

CENTER FOR MEDICAL PROGRESS, et al.,

Defendants.

Case No. 3:16-cv-00236-WHO

**PLAINTIFFS' RENEWED MOTION IN LIMINE TO EXCLUDE LATE DISCLOSED EVIDENCE**

Judge: Honorable William H. Orrick

Plaintiffs renew their motion to exclude all evidence of interactions that Defendants had with Abby Johnson, or information she allegedly provided.[1] Plaintiffs also move to restrict Defendants from offering evidence concerning the backgrounds or job responsibilities of Holly O'Donnell, Kristin Leu and Dr. Hurlbut.

**A. Procedural Background**

Two prior motions and Court orders are relevant to the instant motion.

**First**, on September 9, Plaintiffs moved to exclude several late disclosed witnesses including Abby Johnson. ECF No. 794. The Court excluded some witnesses but allowed defendants to bring certain witnesses including Johnson but only on the condition that Defendants to produce Johnson for deposition. ECF No. 835. Defendants did not produce Johnson for deposition.

The **second** relevant motion is Plaintiffs' Motion In Limine to Exclude Late Evidence. ECF No. 856. On September 29, the parties exchanged demonstratives for opening statements. One of Defendants' demonstrative—entitled "What Led David To Investigate"—asserted that information received from Dr. Hurlbut, Kristin Leu and Abby Johnson *led David to investigate*. Plaintiffs promptly filed their motion to exclude evidence of what these witnesses told Mr. Daleiden because Defendants had failed to disclose such information in discovery. The Court partially granted Plaintiffs' motion. ECF No. 861. That order had three components: (a) Defendants were precluded from referencing Hurlbut, Leu, McCurdy or Johnson in opening statements; (b) Daleiden was permitted to identify Hurlbut, McCurdy or Leu as individuals with whom he communicated but precluded from attributing any specific information he learned from any of them; and (c) as to Johnson, in light of the Court's prior order allowing her to testify subject to a deposition, the Court deferred further ruling.

The Court instructed that:

> If, after her deposition, plaintiffs believe that given the nature of the interaction and communication between Daleiden and Johnson . . . should have been disclosed in

[1] Plaintiffs refer the Court to Dkt. 856 for Plaintiffs original motion on this topic, and incorporate the arguments in that motion herein.

> Daleiden's initial disclosures, interrogatory response, or his depositions (or that defendants have attempted to ambush plaintiffs by hiding the extent of Daleiden and Johnson's interactions) that issue should be briefed and submitted to me for reconsideration on their motion to exclude.

Dkt. 861 at 3. Defendants failed to offer Ms. Johnson for deposition in San Francisco. *Id.*

### B. Defendants Should Be Precluded From Offering Evidence That Ms. Johnson Was a Source of Information Concerning Intent/Section 633.5 Due to Defendants' Failure In Discovery To Identify Ms. Johnson Or Any Information She Allegedly Provided

The Court should preclude Daleiden and all defense witnesses from testifying as to anything Ms. Johnson purportedly told them. Plaintiffs have no information about what Ms. Johnson purportedly told Mr. Daleiden and Defendants have effectively admitted their discovery failure. In opposing Plaintiffs' motion in limine to exclude late disclosed witnesses Defendants mustered a single email produced in discovery that contained no reference to or discussion of any communications between Ms. Johnson and any Defendant. *See* ECF 856 at 8 (discussing Defendants' argument in favor of allowing Ms. Johnson to testify).[2]

Allowing testimony regarding Ms. Johnson or anything she allegedly told Mr. Daleiden would be trial by ambush. With respect to former Stem Express employees and a Stanford professor, the Court has ordered that Daleiden may testify that he spoke to these individuals but not testify to the contents of what they said. Respectfully, Plaintiffs do not believe that such an approach is appropriate with respect to Ms. Johnson for at least three reasons. First, Defendants created this situation by failing to identify Ms. Johnson and then, after they had done so, failing to produce her for deposition. Second, and relatedly, because of Defendants' choice not to make Ms. Johnson available, Plaintiffs have no information regarding this supposed interaction--they do not know where, when, how, or even whether, it occurred. Third, Ms. Johnson formerly worked at Planned Parenthood Gulf Coast (well before Defendants began their investigation). If the Court allows any mention of her, even without specific information about what she said, the jury may put

---

[2]Defendants also referenced an unproduced a press release that also does not reference any communication between Ms. Johnson and any Defendant and a declaration filed by Daleiden after the close of discovery.

more weight on such information given her past connection to a Plaintiff. Because Plaintiffs have no information provided in discovery about Ms. Johnson, Plaintiffs are not in a position to effectively cross Defendants regarding the Ms. Johnson as a source--even if the specific information she provided is excluded. Therefore, the Court should exclude any mention of Abby Johnson.

### C. The Court Should Restrict Defendants' Testimony Regarding Late-Disclosed Evidence

The Court has restricted Defendants' testimony regarding Holly O'Donnell, Kristen Leu, Dr. Hurlbut and Dr. McCurdy. Daleiden "may identify" each "as individuals with whom he communicated in support of his intent/Section 633.5 defense," but "he may not attribute any specific information he learned to these three." ECF 861 at 3. With respect to Ms. O'Donnell, Mr. Daleiden is permitted to testify that he spoke to Ms. O'Donnell and that the conversation supported his beliefs. ECF 804.

Plaintiffs anticipate that Defendants will draw out protracted testimony on their backgrounds to build up the importance and reliability of information purportedly communicated to Daleiden—information whose substance will be left to the jury's imagination. Plaintiffs understand that Defendants may need to identify where they worked or their job title, but they should not be permitted to go into detail beyond that. Plaintiffs request the Court to restrict such testimony as it would unfairly circumvent the purpose of the Court's orders, which is to avoid unfair surprise on Plaintiffs due to Defendants' late disclosures.

## CONCLUSION

For the foregoing reasons, Plaintiffs renew their motion to exclude any evidence that Defendants were investigating Plaintiffs based on information allegedly provided to them by Ms. Johnson. Plaintiffs also move to exclude testimony regarding late-disclosed evidence of witnesses, other than their name, employer(s) and that they were "individuals with whom [Daleiden] communicated in support of his intent/Section 633.5 defense."

Dated: October 19, 2019.

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP



System.Object[]

ROGERS JOSEPH O'DONNELL

By: /s/ *Sharon D. Mayo*
SHARON D. MAYO

Attorneys for Plaintiffs