# Arnold & Porter

**Jeremy T. Kamras**
Jeremy.Kamras@arnoldporter.com

October 21, 2019

**VIA ECF**

Hon. William H. Orrick, III
Judge for the United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Planned Parenthood Federation of America, Inc. et al. v. Center for Medical Progress et al.*, **Case No. 3:16-cv-00236-WHO**

Your Honor:

    Plaintiffs request that the Court prohibit David Daleiden from testifying as to any statements he made to any other Defendant purportedly offered to establish the other Defendant's beliefs or intent when participating in their conspiracy. Each of the other Defendants, except Newman, has already testified as to what information he or she knew or believed when participating in the "investigation" of Plaintiffs. Allowing Daleiden to supplement their testimony with additional allegations against Plaintiffs would serve only to expose the jury to irrelevant and highly prejudicial information.

    Indeed, such testimony by Daleiden would be hearsay, rather than proper evidence of state of mind. *See* 2 McCormick On Evid. § 249 (7th ed.) ("A statement that D made a statement to X … will frequently have an impermissible hearsay aspect as well as a permissible nonhearsay aspect."). If another Defendant has already testified as to the basis for his or her beliefs, presenting testimony about additional information Daleiden told the other Defendant would only serve the hearsay purpose of attempting to persuade the jury of the truth of Daleiden's out of court statements. In other words, any information relevant to another Defendant's state of mind has already been introduced through the other Defendants. Whatever additional information Daleiden told another Defendant that the other Defendant did not rely on is irrelevant to the state of mind of the other Defendant, and, as such, is offered only for the hearsay purpose of proving the truth of Daleiden's statements. Fed. R. Evid. 402, 803.

**Arnold & Porter Kaye Scholer LLP**
Three Embarcadero Center, 10th Floor | San Francisco, CA 94111-4024 | **www.arnoldporter.com**

# Arnold & Porter

Hon. William H. Orrick, III
October 21, 2019
Page 2

  Even if Daleiden's testimony did serve a non-hearsay purpose, the probative value of such testimony would be greatly outweighed by its prejudice.  Fed. R. Evid. 403.  Each Defendant knows what information he or she relied on.  Additional information that Daleiden might have told another Defendant but that did not make enough of an impression on the other Defendant for her to raise it in her testimony has little, if any, probative value of the other Defendant's statement of mind.  On the other side of the balance, Daleiden can be expected to testify he told his co-conspirators the most inflammatory of statements against Plaintiffs.  Thus, Daleiden's testimony as to statements he made to other Defendants must be excluded under Rule 403.

  Although Newman has not yet testified, he is likewise the best source of information as to what information he believed or relied upon when forming an intent.  Daleiden should therefore not be given free rein to repeat all hearsay statements he allegedly made to Newman when Newman is the most appropriate witness to explain what information he relied on when agreeing to participate in Defendants' conspiracy.

  For these reasons, Plaintiffs respectfully request the Court preclude David Daleiden from testifying about his out of court statements to other Defendants pertaining to the other Defendants' beliefs or intent in investigating Plaintiffs.

              Respectfully,

              /s/ *Jeremy T. Kamras*
               Jeremy T. Kamras

cc:  Counsel (via ECF)