# FREEDOM of CONSCIENCE
## DEFENSE FUND

CHARLES S. LiMANDRI*
PAUL M. JONNA

JEFFREY M. TRISSELL
B. DEAN WILSON

DANIEL J. PIEDRA
Executive Director

*BOARD CERTIFIED CIVIL TRIAL ADVOCATE
　ADMITTED TO THE CALIFORNIA BAR
　ADMITTED TO THE DISTRICT OF COLUMBIA BAR
　ADMITTED TO THE NEW YORK BAR
　ADMITTED TO THE U.S. SUPREME COURT

MAILING ADDRESS

POST OFFICE BOX 9520
RANCHO SANTA FE, CA  92067
TELEPHONE:  (858) 759-9948
FACSIMILE:    (858) 759-9938

WEBSITE:  www.fcdflegal.org

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA  92091

KATHY DENWORTH
Office Administrator

October 30, 2019

Hon. William H. Orrick
U.S. District Court, Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*,
              Case No. 3:16-cv-0236-WHO

Dear Judge Orrick:

      Plaintiffs' letter argues that questioning Defendant Daleiden about the information that he shared with other Defendants concerning the impetus for the undercover investigation, or the investigation itself, should be strictly limited—and in many cases, prohibited altogether—because the only conceivable justifications for such questioning would be (1) to establish the truth of the statements, making them hearsay, or (2) offering needlessly duplicative evidence of "another Defendant's state of mind." Plaintiffs' claim is incorrect for at least three reasons.

      First, Plaintiffs completely ignore a *third, highly important reason* for questioning about Daleiden's conversations with other Defendants: establishing *each Defendant's knowledge*, or lack thereof, about various aspects of the investigation, in order to combat Plaintiffs' sweeping allegations of conspiracy liability. As the Court discussed in its Order concerning the motions for summary judgment, Doc. #753 (Aug. 23, 2019), each particular Defendant's knowledge of what the other Defendants were doing, or lack of such knowledge, is highly relevant to a determination of whether each Defendant can be held liable on a conspiracy theory for the RICO, trespass, fraudulent misrepresentation, and California recording claims. *See, e.g., id.* at 31, 69-70, 109 (evidence of "knowing consent to or approval of unlawful acts," "knowledge of, agreement to, or support of . . . fraudulent conduct," and knowledge of a scheme's unlawful nature is relevant to conspiracy liability).

      Discussions of conversations between Daleiden and other Defendants would only be "hearsay" if the statements were offered "to prove the truth of the matter asserted in the statement[s]." FRE 801(c). By contrast, discussions of such conversations offered to demonstrate what, specifically, Daleiden did or did

Hon. William H. Orrick
Re: *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*
October 30, 2019

_____

not tell them about Plaintiffs in general, and the investigation in particular, in order to establish the Defendants' *knowledge* of the activities of Daleiden and others is, by definition, *not* hearsay. *Id.*; *see also Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096, 1113 (N.D. Cal. 2008) (business search reports were not hearsay, and were admissible, because they were offered to show the knowledge defendant had at the time); *Chambliss v. Ill. Dep't of Corr.*, Case No. 05-cv- 4175-JPG, 2007 U.S. Dist. LEXIS 10534, at *5-6 (S.D. Ill. Feb. 15, 2007) (reports about the defendants' investigation of sexual harassment complaints were not hearsay, and were admissible, because they were offered to show the existence of the investigations and what information and knowledge the defendants received during those investigations, not to show that the statements in the reports were truthful).

Second, the hypothetical possibility that testimony concerning Daleiden's conversations with other Defendants may, to a limited degree, duplicate what they previously said is certainly no grounds for prohibiting it. In virtually any trial, including this one, parties often offer multiple sources of evidence to corroborate one particular point that is in dispute. Allowing one person to corroborate the testimony of another person on relevant, contested points does not, by any means, pose a danger of "needlessly presenting cumulative evidence" that substantially outweighs the evidence's probative value. *See* FRE 403.

Third, the following statement in Plaintiffs' letter is clearly untenable:

> Although Newman has not yet testified, he is likewise the best source of information as to what information he believed or relied upon when forming an intent. Daleiden should therefore not be given free rein to repeat all hearsay statements he allegedly made to Newman when Newman is the most appropriate witness to explain what information he relied on when agreeing to participate in Defendants' conspiracy.

Plaintiffs have requested a laundry list of adverse inferences based upon Newman's invocation of his Fifth Amendment privilege during his deposition. As Plaintiffs are fully aware, the Court has repeatedly stated that Newman will not be permitted to take the stand to testify concerning matters on which he asserted his privilege during his deposition. Pre-Trial Hearing Transcript, Sept. 23, 2019; Minute Entry, Sept. 24, 2019, Dkt. #835. As such, Plaintiffs' letter amounts to an improper request to compel Newman to waive his Fifth Amendment rights and testify at trial concerning these matters, despite what this Court has previously held, and contrary to Fifth Amendment jurisprudence.

Additionally, granting Plaintiffs' request to bar Daleiden from testifying about what information he did or did not provide to Newman about the undercover investigation is foreclosed by Fifth Amendment jurisprudence, which dictates that other sources of information concerning the topics at issue—such as testimony from another witness—must be utilized where, as here, the information is <u>not</u> uniquely in the possession or control of the person who invoked the privilege. *See, e.g.,* Defs.' Response to Plaintiffs' Request for Adverse Inferences, Doc. #823, at 7-10.

Hon. William H. Orrick
Re: *Planned Parenthood Fed. of Am., et al. v. Ctr. for Med. Progress, et al.*
October 30, 2019

_____

In sum, Plaintiffs' request to prohibit Daleiden from testifying about topics that are clearly relevant to the claims and defenses in this case should be denied.

Respectfully submitted,

FREEDOM OF CONSCIENCE DEFENSE FUND

/s/ Charles S. LiMandri
Charles S. LiMandri, Esq.
*Counsel for Defendants CMP, BioMax Procurement, Gerardo Adrian Lopez,* and *David Daleiden*

*(ON BEHALF OF ALL DEFENDANTS)*