Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
Milan L. Brandon (CA Bar No. 326953)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com

*Attorneys for Defendants CMP, BioMax,
David Daleiden and Adrian Lopez*

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

*Attorneys for Defendants CMP, BioMax,
and David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org

*Attorneys for Defendant David Daleiden*

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants CMP, BioMax,
and David Daleiden*

[*Counsel for Defendants Newman, Rhomberg,
and Merritt listed on signature page*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,

Plaintiffs,

vs.

THE CENTER FOR MEDICAL PROGRESS, et al.,

Defendants.

Case No. 3:16-CV-00236-WHO

Hon. William H. Orrick III

**Defendants' Amended Proposed Jury Instructions & Identification of Issues for Jury Instruction Conference**

Jury Instr. Conf.: Nov. 4, 2019, 2:30 p.m.
Courtroom: 2, 17th Floor

## INTRODUCTION

On Monday, October 28, 2019, the Court scheduled a Jury Instruction Conference for Monday, November 4, 2019, at 2:30 p.m. (Dkt. 936.) Then, on Friday, November 1, 2019, the Court ordered each side to "file a document that tells me (1) what instructions . . . that you are withdrawing . . .; (2) what instructions you want to give me revised instructions on; [a]nd (3) provide those to me." Trial Tr. at 2764. "[T]hen (4) list the top ten issues that you want me to address at the jury instruction conference on Monday." (*Id.*)

Below are the top ten issues Defendants believe the parties should address at the Jury Instruction Conference. Then below that is a copy of Defendants' proposed jury instructions with withdrawals and modifications noted in track changes. Defendants submit the below instructions separately from the Plaintiffs because Defendants noticed that Plaintiffs' prior submission, Dkt. 831, was sometimes incorrect in its ordering (placing the objections before the instructions), sometimes repeated instructions, and sometimes omitted Defendants' instructions (e.g., Def. No. 10.3).

### Top Ten Issues

#### 1. *The Fifth Amendment*

Presently the parties have submitted competing jury instructions with respect to assertions of the Fifth Amendment. Def. No. 1.36, Plt. No. 32, *see* Dkt. 831 at 63–66, 99–100. Defendants believe this issue should be addressed at the Jury Instruction Conference.

#### 2. *The "Return of Verdict" Instruction*

The parties have submitted rival "Return of Verdict" jury instructions. Def. No 12.5, Plt. No. 33, *see* Dkt. 831 at 62, 67–71. An important issue that Defendants wish to address at the conference is how it is important that the jury act unanimously—an issue that Plaintiffs apparently reject.

#### 3. *The Role of "Substantial Factor" in Determining Damages*

Throughout the instructions, Defendants include words to the effect that "[c]onduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct" (CACI 430, Substantial Factor), but tailor it to the facts of this case. In this respect Defendants state, "[i]f you find that any damages flow from the publication of the recordings or information, you cannot award those damages to the Plaintiff." *See* Def. Nos. 3.14, 4.49, 5.14, 6.12, 8.2, 9.6.1.

1    Plaintiffs object to this stating that "a tort plaintiff need only prove that a defendant's tortious

2    conduct was a substantial factor in causing the plaintiff's not [sic] harm, not that the defendant's

3    tortious conduct was the sole cause of the plaintiff's harm." Dkt. 831 at 292 (citing *Yanez v. Plummer*,

4    221 Cal.App.4th 180, 187 (2013); *Knutson v. Foster*, 25 Cal. App. 5th 1075, 1091 (2018). But the Court

5    has already held that all damages that are recoverable via a defamation action (i.e., had as at least one

6    of their causes the publication of information), are barred. *See* Dkt. 753, MSJ Order, at 16 (citing *La*

7    *Luna Enterprises, Inc. v. CBS Corp.*, 74 F. Supp. 2d 384, 392 (S.D.N.Y. 1999). Defendants believe this

8    issue should be addressed at the Jury Instruction Conference.

9       *4. Nominal Damages*

10       Plaintiffs contend that they are "entitled" to nominal damages should they prove breach of

11    contract or trespass. But the law is clear that "nominal damages need not be awarded where no actual

12    loss has occurred." *Staples v. Hoefke*, 189 Cal. App. 3d 1397, 1406 (Cal. Ct. App. 1987); *see also* CACI

13    360, Nominal Damages ("If you decide that [name of defendant] breached the contract but also that

14    [name of plaintiff] was not harmed by the breach, *you may* still award [him/her/it] nominal damages

15    such as one dollar.") (italics added). Indeed, the Court has already adopted this permissive language.

16    *See* Dkt. 850, Final Preliminary Jury Instructions, at 4 ("If a Plaintiff proves that a trespass occurred,

17    you may award nominal damages even if a plaintiff was not harmed by the trespass."), at 5 ("If a

18    Plaintiff proves breach, you may award nominal damages even if a plaintiff was not harmed by the

19    breach."). Defendants believe this issue should be addressed at the Jury Instruction Conference.

20       *5. Specificity with Respect to the Factual Bases for the Claims*

21       During the summary judgment briefing, Defendants struggled to identify the actual recordings

22    at issue in this case, but ultimately did identify them in a chart for the Court. Dkt. 611-5, at 230–240.

23    Defendants could not make a similar chart with respect to the fraud claim, because Defendants did

24    not truly understand Plaintiffs' constantly shifting theories. As a result, the Court stated that

25           [P]roblematic for plaintiffs' motion for summary judgment on the
affirmative misrepresentations, is that plaintiffs have not adequately
26           framed the actionable misrepresentations they seek judgment on.
They have not provided me with a concise list identifying the
27           specific *actionable* affirmative misrepresentations as to each plaintiff.
Instead, they generally assert that unspecified defendants made
28

actionable misrepresentations about BioMax in the PPFA EAs and *perhaps* other application materials submitted to PPFA prior to the conferences. They generally assert that defendants (Daleiden, Merritt, Lopez) made misrepresentations when showing up at the conferences and facilities and presented false identification to unidentified staff. They generally assert defendants (Daleiden, Merritt, Lopez) made oral misrepresentations to various unidentified staff about BioMax. They generally assert defendants (Daleiden, Merritt, Lopez) made oral misrepresentations to various unidentified staff about their identities and roles at BioMax. This broad-brush approach is wholly insufficient to support the "judgment" plaintiffs seek. . . .

Plaintiffs have failed to identify in their motion **but will be required to do so for the jury** the specific written or oral statements they believe are actionable misrepresentations, why each was false, why each was material, who reasonably relied on each, and what recoverable damage was caused from one or more misrepresentations to specific plaintiffs.

MSJ Order at 72–73 (original italics and bolding). But Plaintiffs have yet to identify—for Defendants or the jury—the specific "actionable misrepresentations," including with the elements of (1) "why each was false;" (2) "why each was material;" (3) "who reasonably relied on each;" and (4) "what recoverable damage was caused." *Id*. Defendants request that the Court re-order Plaintiffs to do so.

Further, Plaintiffs' claims for fraudulent concealment and promissory fraud were not inserted into this case until after the summary judgment ruling. *But see Campain v. Safeway Stores, Inc.*, 29 Cal. App. 3d 362, 366 (1972) (reversing judgment based on later inserted theory due to surprise). Nevertheless, Defendants believe the Court's rationale should apply equally to them. Notably, Plaintiffs have already begun drafting an explanation of their theory. *See* Dkt. 831, at 258. Defendants simply request that a version of it be prepared for the jury instructions.

Finally, returning to the recording claims, Defendants' original chart appears outdated. Defendants request that the Court order Plaintiffs to identify the specific recordings that remain at issue in this case, who took them, who was recorded, where were they recorded, and to confirm for the jury instructions that no damages flowed from them (only statutory damages). This is important due to the ramifications throughout the case. For example, at the beginning of the trial, PPFA, PPPSGV, PPNorCal, and PPGC/CFC had claims for recording in California. *See* Def. No. 7.1, Dkt.

1   831 at 404. It now appears that only PPFA and PPPSGV retain those claims. But PPNorCal and

2   PPGC/CFC based their claim for breach of the NAF 2014 contracts and trespass at NAF 2014 on the

3   grounds that their staff were recorded at NAF 2014—recording and trespass claims they are now

4   apparently dropping. Clarity is needed for the parties and the jury.

5        ***6. The Element of "Confidential Communication" under California law.***

6        Plaintiffs' introductory instruction for Cal. Penal Code § 632 states that "[a] confidential

7   communication is one where at least one party to the conversation *has* a reasonable expectation that

8   others are not *listening-in* to the conversation or recording it." Plt. No. 71, Dkt. 831 at 399 (italics

9   added). The language "listening in" comes from the case *Coulter v. Bank of Am.*, 28 Cal. App. 4th

10  923, 929 (1994). Defendants believe that the Court should use the language coming directly from the

11  statute: "A confidential communication does not include any circumstance in which the parties to the

12  communication may reasonably expect that the communication may be overheard." *See* Def. No. 7.1

13  (quoting Cal. Penal Code § 632(c)).

14       To explain a "confidential communication," Plaintiffs also state that "[y]ou must make that

15  determination taking into account all the circumstances, including . . . whether the other people

16  nearby were known or trusted by the speaker, whether the admittance to the location was restricted

17  to people who agreed to maintain confidentiality. . . ." Plt. No. 71. But Defendants are unaware of

18  any case law supporting this, and Plaintiffs do not cite any. This statement contradicts the

19  California Supreme Court's explanation of the law. *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 768

20  (Cal. 2002); *see also Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1465

21  (Cal. Ct. App. 2014).

22       ***7. The Issue of Standing for the Recording Claims***

23       With respect to California law, the parties have submitted rival instructions on standing. Plt.

24  No. 72, Def. No. 7.4, *see* Dkt. 831 at 407–408, 420–422. Defendants state: "For a corporation to

25  maintain a claim for violation of the California's Invasion of Privacy Act, it must establish that the

26  defendant recorded conversations with its employees in their capacities as the corporation's

27  employees." Def. No. 7.4; Dkt. 831 at 420.

28  / / /

1    In contrast, Plaintiffs state:

2
       A corporation may prove a violation of Section 632 if a defendant
3      recorded one of its employees in her capacity as a corporate
       employee. An employee is recorded in her capacity as an [sic]
4      corporate employee if the employee is recorded discussing internal
       matters of the corporation or if the defendant targeted her for
5      recording because she could disclose information about the
       corporation's internal matters.
6

7    Plt. No. 72; Dkt. 831 at 407.

8         Similarly, with respect to Florida, Maryland, and Federal law, Defendants have laid out an

9    instruction on standing. *See* Def. Nos. 4.3, 5.3, 6.3 ("For the communication to be the Plaintiffs'

10   communication, the Plaintiff must prove that the person recorded was speaking on behalf of the

11   Plaintiff at the time."). Plaintiffs object to this instruction without providing their own, and state

12   simply "[t]he statute does not require that an intercepted party be speaking 'on behalf of' a plaintiff

13   for the plaintiff to recover damages. Instead, the statute requires only that the plaintiff's

14   communications be unlawfully intercepted." Dkt. 831 at 463, 504, 538. Defendants request the

15   opportunity to address this at the Jury Instruction Conference.

16   ### 8. *Factors to Be Used to Develop the Reasonableness of an Expectation of Privacy*

17        For the Maryland, Florida, and Federal recording claims, Defendants identified case law that

18   collect the various factors that each jurisdiction has used to determine whether an expectation of

19   privacy is reasonable. Defendant then also performed their own research to find all factors which the

20   various jurisdictions have ever used in that determination. This includes factors that would not

21   necessarily be at issue so that the jury can weigh both the pros and cons of finding that an expectation

22   of privacy was reasonable or not. *See* Def. Nos. 4.6–4.14; Dkt. 831 at 545–571 (Federal); Def. Nos.

23   5.6–5.12; Dkt. 831 at 470–490 (Florida); Def. Nos. 6.6–6.10; Dkt. 831 at 507–521 (Maryland).

24        It appears that Plaintiffs generally object to the enumeration of factors because the factors, on

25   balance, do not favor them—and therefore vagueness would favor the Plaintiffs. Defendants do not

26   believe this is a proper basis for not laying out the factors. Defendants request the opportunity to

27   address this at the Jury Instruction Conference.

28   / / /

### 9. *Sufficient Evidence for a NAF Contract Instructions*

As shown below, Defendants are withdrawing the affirmative defense that they were fraudulently induced to sign the NAF Exhibitor Agreements through NAF's withholding of reference to the NAF Confidentiality Agreements. Def. No. 9.2.6; Dkt. 831 at 155–57. Defendants are withdrawing this instruction due to the lack of evidence from NAF itself.

In this respect, Plaintiffs contend that certain additional instructions should be withdrawn due to lack of evidence. These include that (1) NAF breached the Exhibitor Agreement by refusing Defendants entry to the exhibit hall unless Defendants signed the Confidentiality Agreement, Def. No. 9.2.5, Dkt. 831 at 152–54; (2) the NAF Confidentiality Agreement lacks consideration, Def. No. 9.4.5, Dkt. 831 at 171–72; (3) the specific contract provisions at issue are unenforceable due to a lack of "meeting of the minds," Def. No. 9.1.1, Dkt. 831 at 137–40; (4) that Plaintiffs cannot recover any damages that could have been mitigated, Def. No. 9.6.2, Dkt 831 at 209–11; *see also* Def. No. 11.10, Dkt. 831 at 673–75; and (5) that the jury should interpret various contract provisions due to the party's disagreement as to their meaning. *See* Def. Nos. 9.2.7, 9.2.8, 9.3.6, 9.3.7, 9.4.5; Dkt. 831 at 158–61, 173–76, 201–02.[1]

But the standard for determining whether a factual issue is sufficiently contested to require an instruction is identical to the standard for determining whether a factual controversy prevents the entry of judgment as a matter of law." *Wilson v. Mar. Overseas Corp.*, 150 F.3d 1, 10 (1st Cir. 1998). "A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Blassingill v. Waterman S. S. Corp.*, 336 F.2d 367, 368 (9th Cir. 1964). "Parties are entitled to have the jury instructed on every theory advanced by them that finds support in the evidence." HON. ROBERT E. JONES, ET AL., RUTTER GROUP PRAC. GUIDE: FED. CIV. TRIALS & EVID. § 15.13

---

[1] Plaintiffs contend that the Court should determine which side's interpretation is correct, and not submit the issue to the jury. But contract interpretation is a question of fact for the jury if ascertaining the intent of the parties at the time the contract was executed depends on the credibility of extrinsic evidence. (*City of Hope National MedicalCenter v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395.) Here, the parties have testified as to different interpretations of the contract.

(2019) (original emphasis). Should the Court be inclined to strike these instructions, Defendants would request the opportunity to brief the evidence supporting them.

### 10. The Identification of the Breaches of the PPFA Exhibitor Agreement.

In this action, the Court has already ruled that Defendants breached two provisions in the PPFA Exhibitor Agreements, both times due to the BioMax exhibit booth not being educational and informative. *See* Def. No. 9.5.1, Dkt. 831 at 204. Defendants have omitted the language from those paragraphs because they state that Defendants were required to "comply with all applicable federal, state and local laws and regulations in performance of its respective obligations pursuant to this Agreement, including, without limitation, laws related to fraud, abuse, privacy, discrimination, disabilities, samples, confidentiality, false claims and prohibition of kickbacks." Dkt. 59-2 at 5.

Defendants seek to omit this language, and instead only explain the Court's ruling regarding how this provision was breached because without an explanation of *how*, the jury will be left to speculate regarding how, and may believe that references to "fraud" mean that the Fraudulent Misrepresentation claim has already been proven, and may believe that references to "privacy" and "confidentiality" mean that the recording claims have already been proven.

It is unclear why Plaintiffs seek to include such language except to prejudice Defendants. Defendants seek to address this at the Jury Instruction Conference.

### Additional Issues

In addition to the above, should there be time at the Jury Instruction Conference, Defendants would seek leave to address the following issues.

### A. The Element of "Exhibiting an Expectation of Privacy" under Florida and Federal law.

Under Florida and Federal law, a recording is only unlawful if it concerns an "oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2); Fla. Stat. § 934.02(2). On this point, Defendants previously cited *McDonough v. Fernandez-Rundle*, 862 F.3d 1314 (11th Cir. 2017), which states:

> [The statute] does not apply to the recording of all oral communications. It is expressly limited to communications

"uttered by a person exhibiting an expectation that such communication is not subject to interception...." [citation]. "Exhibit" means "to show externally," "to display" and "to demonstrate." *See* WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY (3rd ed. 1994) (defining the word "exhibit"). The [] Legislature's choice of this verb is telling: it required that the expectations of privacy needed to trigger application of the statute must be exhibited; in other words they must be "shown externally" or "demonstrated." The Legislature did not want expectations of privacy to count that remained unexpressed. Consequently, the Legislature imposed a simple requirement that the expectation be "exhibited".

*Id.* at 1319. Defendants have further drafted a jury instruction along these lines, Def. Nos. 4.5.1, 5.5.1, as well as quoted the relevant language from the statute in the introductory jury instructions, Def. Nos. 4.4, 5.4, but Plaintiffs object to both. Dkt. 831 at 464–65,468–69, 540–41, 543–44. Defendants request the opportunity to argue the importance of those instructions, including the propriety of simply quoting the statute in this context.

### B. The *"Third-Party Beneficiary" Instruction.*

The parties have submitted rival instructions on "Third-Party Beneficiary." Plt. No. 47; Def. Nos. 9.2.2 (NAF EAs), 9.3.2 (NAF CAs); *see* Dkt. 831 at 177–186. Defendants seek leave to address these at the Jury Instruction Conference, especially with respect to how the jury should determine the intentions of the parties.

### C. The Statutes Supporting Defendants' Intent.

With respect to the California and Federal recording statutes, where Defendants' intent is directly at issue, Defendants have included a series of instructions regarding their explanation of their purpose. *See* Def. Nos. 4.19–4.30; Dkt. 831 at 583–618 (Federal); Def. Nos. 7.6–7.13; Dkt. 831 at 425–448 (California). Plaintiffs object to these on the basis of Rule 403. However, there is nothing particularly salacious about defining homicide, and these mundane definitions are needed to explain Defendants' case to the jury. Defendants seek leave to address these at the Jury Instruction Conference.

# TABLE OF CONTENTS

INTRODUCTORY & EVIDENTIARY INSTRUCTIONS ....................................................1

Defendants' Proposed Instruction No. 1.1: Duty Of Jury.......................................... 1

Defendants' Proposed Instruction No. 1.2: Conduct Of Jurors ........................... 2

Defendants' Proposed Instruction No. 1.3: Outline Of Trial ............................... 3

Defendants' Proposed Instruction No. 1.4: No Transcript Available To Jury.................... 4

Defendants' Proposed Instruction No. 1.5: Taking Notes ................................... 5

Defendants' Proposed Instruction No. 1.6: Bench Conferences And Recesses.................. 6

Defendants' Proposed Instruction No. 1.7: Identification Of Plaintiffs ............................. 7

Defendants' Proposed Instruction No. 1.7.1: Identification Of Plaintiffs (Not
Requested If 1.7 Is Adopted)................................................................ 8

Defendants' Proposed Instruction No. 1.8: Identification Of Defendants ......................... 9

Defendants' Proposed Instruction No. 1.9: Identification Of Former Parties
& Non-Parties ............................................................................. 10

Defendants' Proposed Instruction No. 1.9.1: Identification Of Former Parties
& Non-Parties (Not Requested If 1.9 Is Adopted)................................. 11

Defendants' Proposed Instruction No. 1.10: Overview Of Plaintiffs' Claims
(withdrawn) .............................................................................. 12

Defendants' Proposed Instruction No. 1.11: Multiple Plaintiffs.......................... 14

Defendants' Proposed Instruction No. 1.12: Two Or More Parties—
Different Legal Rights..................................................................... 15

Defendants' Proposed Instruction No. 1.13: Corporations And
Partnerships—Fair Treatment ........................................................... 16

Defendants' Proposed Instruction No. 1.14: Race, Religion, National Origin,
Sex, Age, Political Persuasions, Or Personal Beliefs .............................. 17

Defendants' Proposed Instruction No. 1.15: Burden Of Proof—
Preponderance Of The Evidence......................................................... 18

Defendants' Proposed Instruction No. 1.16: Burden Of Proof—Clear And
Convincing Evidence .................................................................... 19

Defendants' Proposed Instruction No. 1.17: What Is Evidence ......................... 20

Defendants' Proposed Instruction No. 1.18: What Is Not Evidence.................... 21

Defendants' Proposed Instruction No. 1.19: Publicity During Trial ................... 22

1

**TABLE OF CONTENTS—Continued**

2

Defendants' Proposed Instruction No. 1.20: Direct And Circumstantial
Evidence .................................................................................................... 23

3

4

Defendants' Proposed Instruction No. 1.21: Evidence For Limited Purpose ..................... 24

Defendants' Proposed Instruction No. 1.22: Evidence Admitted Against
Only One Or Some Of The Parties ............................................................ 25

5

6

Defendants' Proposed Instruction No. 1.23: Stipulated Testimony ..................................... 26

7

Defendants' Proposed Instruction No. 1.24: Stipulations Of Fact....................................... 27

8

Defendants' Proposed Instruction No. 1.25: Judicial Notice ............................................... 28

9

Defendants' Proposed Instruction No. 1.26: Deposition In Lieu Of Live
Testimony................................................................................................... 29

10

11

Defendants' Proposed Instruction Amended No. 1.26.1: Deposition Of Corporation ......................... 30

12

Defendants' Proposed Instruction No. 1.27: Use Of Interrogatories Of A
Party........................................................................................................... 31

13

Defendants' Proposed Instruction No. 1.28: Use Of Requests For Admission
Of A Party ................................................................................................. 32

14

15

Defendants' Proposed Instruction No. 1.29: Charts And Summaries Not
Received In Evidence................................................................................. 33

16

Defendants' Proposed Instruction No. 1.30: Charts And Summaries In
Evidence .................................................................................................... 34

17

18

Defendants' Proposed Instruction No. 1.31: Evidence In Electronic Format ..................... 35

19

Defendants' Proposed Instruction No. 1.32: Expert Opinion .............................................. 36

20

Defendants' Proposed Instruction No. 1.33: Stricken Evidence ......................................... 37

21

Defendants' Proposed Instruction No. 1.34: Ruling On Objections..................................... 38

22

Defendants' Proposed Instruction No. 1.35: Credibility Of Witnesses............................... 39

Defendants' Proposed Instruction No. 1.36: Witness Or Party Asserting
Constitutional Privilege ............................................................................ 40

23

24

Defendants' Proposed Instruction No. 1.37: Impeachment Evidence—
Witness ...................................................................................................... 41

25

Defendants' Proposed Instruction No. 1.38: Liability Of Corporations—
Scope Of Authority Not In Issue .............................................................. 42

26

27

Defendants' Proposed Instruction No. 1.39: Agent And Principal—
Definition................................................................................................... 43

28

# TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 1.40: Agent—Scope Of Authority Defined ............................................................................................................ 44

CIVIL RICO (18 U.S.C. § 1962) ................................................................. 45

Defendants' Proposed Instruction No. 2.1: Civil Rico—Introduction ................ 45

Defendants' Proposed Instruction No. 2.2: Civil Rico—Prejudice From The Word "Racketeering" (withdrawn) ............................................................. 46

Defendants' Proposed Instruction No. 2.3: Civil Rico—Elements .................... 47

Defendants' Proposed Instruction No. 2.4: Civil Rico—Enterprise .................. 48

Defendants' Proposed Instruction No. 2.5: Civil Rico—Interstate Commerce ................. 49

Defendants' Proposed Instruction No. 2.6: Civil Rico—Employed Or Associated With The Enterprise ............................................................... 50

Defendants' Proposed Instruction No. 2.7: Civil Rico—Participated In Conduct Of The Affairs Of The Enterprise ............................................. 51

Defendants' Proposed Instruction No. 2.8: Civil Rico—Through A Pattern Of Racketeering Activity ......................................................................... 52

Defendants' Proposed Instruction No. 2.9: Civil Rico—Two Or More "Predicate Acts" ................................................................................... 53

Defendants' Proposed Instruction No. 2.10: Civil Rico—Related ..................... 54

Defendants' Proposed Instruction No. 2.11: Civil Rico—Continuous ................ 55

Defendants' Proposed Instruction No. 2.12: Civil Rico—Agreement As To Predicate Acts ...................................................................................... 56

Defendants' Proposed Instruction No. 2.13: Civil Rico—Fraud In Connection With Identification Documents—Production (18 U.S.C. § 1028(A)(1)) .......................................................................................... 57

Defendants' Proposed Instruction No. 2.14: Civil Rico—Fraud In Connection With Identification Documents—Transfer (18 U.S.C. § 1028(A)(2)) .......................................................................................... 58

Defendants' Proposed Instruction No. 2.15: Civil Rico—Conspiracy ............... 59

Defendants' Proposed Instruction No. 2.16: Civil Rico—Damages ................... 60

FRAUDULENT MISREPRESENTATION (Common Law) .................................. 61

Defendants' Proposed Instruction No. 3.1: Fraud—Introduction For PPFA ..................... 61

Defendants' Proposed Instruction No. 3.1.1: Fraud—Introduction For PPGC/CFC ............................................................................................ 62

# TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 3.1.2: Fraud—Introduction For PPPSGV ........................................................................................................... 63

Defendants' Proposed Instruction No. 3.2: Fraud—Essential Elements Of Fraudulent Misrepresentation ......................................................................... 64

Defendants' Proposed Instruction No. 3.2.1: Fraud—Essential Elements Of Fraudulent Concealment ................................................................................ 66

Defendants' Proposed Instruction No. 3.2.2: Fraud—Essential Elements Of Promissory Fraud ........................................................................................ 68

Defendants' Proposed Instruction No. 3.3: Fraud—Falsity Generally ............... 69

Defendants' Proposed Instruction No. 3.4: Fraud—Falsity And The First Amendment .................................................................................................... 70

Defendants' Proposed Instruction No. 3.5: Fraud—Falsity And Names ............ 71

Defendants' Proposed Instruction No. 3.6: Fraud—Falsity And Investigations ................................................................................................. 72

Defendants' Proposed Instruction No. 3.7: Fraud—Concealment (Submitted To Preserve Issue For Appeal) ...................................................................... 73

Defendants' Proposed Instruction No. 3.8: Fraud—Reliance ............................. 74

Defendants' Proposed Instruction No. 3.9: Fraud—Reasonable Reliance .......... 75

Defendants' Proposed Instruction No. 3.10: Fraud—Fraud Not Presumed ........ 76

Defendants' Proposed Instruction No. 3.11: Fraud—Conspiracy (Submitted To Preserve Issue For Appeal) ...................................................................... 77

Defendants' Proposed Instruction No. 3.12: Fraud—Agents' Immunity Rule (Submitted To Preserve Issue For Appeal) ................................................... 78

Defendants' Proposed Instruction No. 3.13: Fraud—Board Members (Submitted To Preserve Issue For Appeal; Use No. 10.3 Instead ) .................. 79

Defendants' Proposed Instruction No. 3.14: Fraud—Damages Generally .......... 80

Defendants' Proposed Instruction No. 3.15: Fraud—Damages Must Flow Directly From The Fraudulent Representation, Concealment, Or Promise ...... 81

Defendants' Proposed Instruction No. 3.16: Fraud—Compensatory Damages ......................................................................................................... 82

Defendants' Proposed Instruction No. 3.17: Fraud—Intervening Cause ............ 83

FEDERAL WIRETAPPING (18 U.S.C. § 2511) ........................................................ 84

Defendants' Proposed Instruction No. 4.1: Federal Wiretapping—Introduction .................................................................................................. 84

**TABLE OF CONTENTS—Continued**

Defendants' Proposed Instruction No. 4.2: Federal Wiretapping—Elements Of The Claim .................................................................................................. 85

Defendants' Proposed Instruction No. 4.3: Federal Wiretapping—Interception Of Communication ..................................................................... 86

Defendants' Proposed Instruction No. 4.4: Federal Wiretapping—Oral Communication ................................................................................................ 87

Defendants' Proposed Instruction No. 4.5: Federal Wiretapping—Subjective Expectation Of Privacy ................................................................................... 88

Defendants' Proposed Instruction No. 4.5.1: Federal Wiretapping—Exhibiting The Expectation Of Privacy (Submitted To Preserve Issue For Appeal) ........................................................................................................ 89

Defendants' Proposed Instruction No. 4.6: Federal Wiretapping—Objectively Reasonable Expectation Of Privacy .................................................. 90

Defendants' Proposed Instruction No. 4.7: Federal Wiretapping—The Volume Of The Communication ............................................................................ 91

Defendants' Proposed Instruction No. 4.8: Federal Wiretapping—The Proximity Or Potential Of Other Individuals To Overhear The Conversation .................. 92

Defendants' Proposed Instruction No. 4.9: Federal Wiretapping—The Potential For The Communication To Be Reported .............................................. 93

Defendants' Proposed Instruction No. 4.10: Federal Wiretapping—The Identity Or Relationship Of The Parties ............................................................ 94

Defendants' Proposed Instruction No. 4.11: Federal Wiretapping—Whether The Communication Concerned Private Or Business Matters .......................... 95

Defendants' Proposed Instruction No. 4.12: Federal Wiretapping—Affirmative Actions Taken By The Speakers To Shield Their Privacy .............. 96

Defendants' Proposed Instruction No. 4.13: Federal Wiretapping—The Need For Technological Enhancements To Hear The Communications............ 97

Defendants' Proposed Instruction No. 4.14: Federal Wiretapping—The Location Of The Communication ....................................................................... 98

Defendants' Proposed Instruction No. 4.15: Federal Wiretapping—Intentional Conduct ............................................................................................ 99

Defendants' Proposed Instruction No. 4.16: Federal Wiretapping—Federal Nexus ............................................................................................................. 100

Defendants' Proposed Instruction No. 4.17: Federal Wiretapping—Actual Use Or Disclosure ...................................................................................... 101

Defendants' Proposed Instruction No. 4.18: Federal Wiretapping—Affirmative Defense Of Consent ........................................................................ 102

## TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 4.19: Federal Wiretapping—Purpose To Document Wrongdoing—Introduction ........................................................ 103

Defendants' Proposed Instruction No. 4.20: Federal Wiretapping—Purpose To Document Wrongdoing—Selling Human Organs And Tissue ................... 104

Defendants' Proposed Instruction No. 4.21: Federal Wiretapping—Purpose To Document Wrongdoing—HIPAA Privacy Rule .................................... 105

Defendants' Proposed Instruction No. 4.22: Federal Wiretapping—Purpose To Document Wrongdoing—Transfer Of Waste Tissue ............................ 106

Defendants' Proposed Instruction No. 4.23: Federal Wiretapping—Purpose To Document Wrongdoing—Altering Abortion To Obtain Tissue .................. 107

Defendants' Proposed Instruction No. 4.24: Federal Wiretapping—Purpose To Document Wrongdoing—Illegal Abortion Procedures ....................... 108

Defendants' Proposed Instruction No. 4.25: Federal Wiretapping—Purpose To Document Wrongdoing—Infant Homicide ....................................... 109

Defendants' Proposed Instruction No. 4.26: Federal Wiretapping—Purpose To Document Wrongdoing—Fetal Homicide ......................................... 110

Defendants' Proposed Instruction No. 4.27: Federal Wiretapping—Purpose To Document Wrongdoing—Right To Medical Treatment ...................... 111

Defendants' Proposed Instruction No. 4.28: Federal Wiretapping—Purpose To Document Wrongdoing—Medical Battery ........................................ 112

Defendants' Proposed Instruction No. 4.29: Federal Wiretapping—Purpose To Document Wrongdoing—Invalid Consent ...................................... 113

Defendants' Proposed Instruction No. 4.30: Federal Wiretapping—Purpose To Document Wrongdoing—Ratification ........................................... 114

Defendants' Proposed Instruction No. 4.31: Federal Wiretapping—Purpose To Violate Civil RICO .................................................................. 115

Defendants' Proposed Instruction No. 4.39: Federal Wiretapping—Damages ................... 116

FLORIDA WIRETAPPING (Fla. Stat. § 934.03) ........................................ 117

Defendants' Proposed Instruction No. 5.1: Florida Wiretapping—Introduction ............................................................................ 117

Defendants' Proposed Instruction No. 5.2: Florida Wiretapping—Elements Of The Claim .......................................................................... 118

Defendants' Proposed Instruction No. 5.3: Florida Wiretapping—Interception Of Communication ...................................................... 119

Defendants' Proposed Instruction No. 5.4: Florida Wiretapping—Oral Communication .......................................................................... 120

# TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 5.5: Florida Wiretapping—Subjective Expectation Of Privacy .................................................................................. 121

Defendants' Proposed Instruction No. 5.5.1: Florida Wiretapping—Exhibiting The Expectation Of Privacy (Submitted To Preserve Issue For Appeal) ...................................................................................................... 122

Defendants' Proposed Instruction No. 5.6: Florida Wiretapping—Objectively Reasonable Expectation Of Privacy .................................. 123

Defendants' Proposed Instruction No. 5.7: Florida Wiretapping—The Location Where The Communication Was Made .................................. 124

Defendants' Proposed Instruction No. 5.8: Florida Wiretapping—The Manner In Which The Communication Was Made .............................. 125

Defendants' Proposed Instruction No. 5.9: Florida Wiretapping—The Nature Of The Communication Was Made ........................................ 126

Defendants' Proposed Instruction No. 5.10: Florida Wiretapping—The Intent And Conduct Of The Speaker, And The Purpose Of The Communication .......................................................................................... 127

Defendants' Proposed Instruction No. 5.11: Florida Wiretapping—The Number Of People Present .......................................................... 128

Defendants' Proposed Instruction No. 5.12: Florida Wiretapping—The Contents Of The Communication ...................................................... 129

Defendants' Proposed Instruction No. 5.13: Florida Wiretapping—Intentional Conduct .................................................................... 130

Defendants' Proposed Instruction No. 5.14: Florida Wiretapping—Damages ................. 131

MARYLAND WIRETAPPING (Md. Code Ann., Cts. & Jud. Proc. § 10-402) ........................ 132

Defendants' Proposed Instruction No. 6.1: Maryland Wiretapping—Introduction ............................................................................ 132

Defendants' Proposed Instruction No. 6.2: Maryland Wiretapping—Elements Of The Claim ............................................................. 133

Defendants' Proposed Instruction No. 6.3: Maryland Wiretapping—Interception Of Communication ............................................... 134

Defendants' Proposed Instruction No. 6.4: Maryland Wiretapping—Oral Communication ........................................................................ 135

Defendants' Proposed Instruction No. 6.5: Maryland Wiretapping—Subjective Expectation Of Privacy ...................................... 136

Defendants' Proposed Instruction No. 6.6: Maryland Wiretapping—Objectively Reasonable Expectation Of Privacy ............................ 137

# TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 6.7: Maryland Wiretapping—The Location Where The Communication Occurred.................................................. 138

Defendants' Proposed Instruction No. 6.8: Maryland Wiretapping—The Identity Of The Participants To The Conversation ....................................... 139

Defendants' Proposed Instruction No. 6.9: Maryland Wiretapping— Whether The Communication Revealed Private Information ........................... 140

Defendants' Proposed Instruction No. 6.10: Maryland Wiretapping— Whether The Communication Can Be Overheard.......................................... 141

Defendants' Proposed Instruction No. 6.11: Maryland Wiretapping—Willful Conduct ................................................................................................ 142

Defendants' Proposed Instruction No. 6.12: Maryland Wiretapping— Damages.............................................................................................. 143

CALIFORNIA INVASION OF PRIVACY ACT (Cal. Penal Code §§ 632, 633.5, 634, 637.2).........................................................................................144

Defendants' Proposed Instruction No. 7.1: California Invasion Of Privacy Act—Introduction ................................................................................ 144

Defendants' Proposed Instruction No. 7.2: California Invasion Of Privacy Act—Eavesdropping ............................................................................ 145

Defendants' Proposed Instruction No. 7.3: California Invasion Of Privacy Act—Intentionally Recording A Confidential Communication...................... 146

Defendants' Proposed Instruction No. 7.4: California Invasion Of Privacy Act—Standing ...................................................................................... 147

Defendants' Proposed Instruction No. 7.5: California Invasion Of Privacy Act—Trespass To Eavesdrop ................................................................. 148

Defendants' Proposed Instruction No. 7.6: California Invasion Of Privacy Act—Investigating Violent Felonies ....................................................... 149

Defendants' Proposed Instruction No. 7.7: California Invasion Of Privacy Act—Infant Homicide............................................................................ 150

Defendants' Proposed Instruction No. 7.8: California Invasion Of Privacy Act—Fetal Homicide............................................................................. 151

Defendants' Proposed Instruction No. 7.9: California Invasion Of Privacy Act—Right To Medical Treatment........................................................... 152

Defendants' Proposed Instruction No. 7.10: California Invasion Of Privacy Act—Invalid Consent............................................................................ 153

Defendants' Proposed Instruction No. 7.11: California Invasion Of Privacy Act—Illegal Abortion Procedures .......................................................... 154

# TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 7.12: California Invasion Of Privacy Act—Altering Abortion To Obtain Tissue ........................................................... 155

Defendants' Proposed Instruction No. 7.13: California Invasion Of Privacy Act—Medical Battery ......................................................................................... 156

Defendants' Proposed Instruction No. 7.4: California Invasion Of Privacy Act—Damages ................................................................................................... 157

TRESPASS (Common Law) ......................................................................................... 158

Defendants' Proposed Instruction No. 8.1: Trespass—Introduction ................... 158

Defendants' Proposed Instruction No. 8.2: Trespass—Damages ....................... 159

Defendants' Proposed Instruction No. 8.3: Trespass—CMP Liability ............... 160

BREACH OF CONTRACTS (Common Law) ............................................................ 161

Defendants' Proposed Instruction No. 9.1.1: Breach Of Contract—Background ............................................................................................................ 161

Defendants' Proposed Instruction No. 9.1.2: Breach Of Contract—Meaning Of Ordinary Words ............................................................................................. 162

Defendants' Proposed Instruction No. 9.1.3: Breach Of Contract—Construction Of Contract As A Whole ............................................................... 163

Defendants' Proposed Instruction No. 9.1.4: Breach Of Contract—Construction Against Drafter ............................................................................. 164

Defendants' Proposed Instruction No. 9.2.1: Breach Of NAF Exhibitor Agreements—Introduction (Claim 5(A)) ........................................................... 165

Defendants' Proposed Instruction No. 9.2.2: Breach Of NAF Exhibitor Agreements—Third Party Beneficiary (Claim 5(A)) ......................................... 166

Defendants' Proposed Instruction No. 9.2.3: Breach Of NAF Exhibitor Agreements—Contract Formation (Claim 5(A)) ............................................... 167

Defendants' Proposed Instruction No. 9.2.4: Breach Of NAF Exhibitor Agreements—Breach (Claim 5(A)) .................................................................... 168

Defendants' Proposed Instruction No. 9.2.5: Breach Of NAF Exhibitor Agreements—Substantial Performance (Claim 5(A)) ........................................ 169

Defendants' Proposed Instruction No. 9.2.6: Breach Of Naf Exhibitor Agreements—Fraud (Claim 5(A)) (withdrawn) ................................................. 170

Defendants' Proposed Instruction No. 9.2.7: Breach Of NAF Exhibitor Agreements—Disputed Words 1 (Claim 5(A)) ................................................. 171

Defendants' Proposed Instruction No. 9.2.8: Breach Of NAF Exhibitor Agreements—Disputed Words 2 (Claim 5(A)) ................................................. 172

xviii

Defs.' Amended Proposed Jury Instructions
3:16-CV-00236-WHO

# TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 9.3.1: Breach Of NAF Confidentiality Agreements—Introduction (Claim 5(B)) ............................................ 173

Defendants' Proposed Instruction No. 9.3.2: Breach Of NAF Confidentiality Agreements—Third Party Beneficiary (Claim 5(B)) ........................... 174

Defendants' Proposed Instruction No. 9.3.3: Breach Of NAF Confidentiality Agreements—Contract Formation (Claim 5(B)) ........................... 175

Defendants' Proposed Instruction No. 9.3.4: Breach Of NAF Confidentiality Agreements—Breach (Claim 5(B)) ........................................... 176

Defendants' Proposed Instruction No. 9.3.5: Breach Of NAF Confidentiality Agreements—Consideration (Claim 5(B)) ............................... 177

Defendants' Proposed Instruction No. 9.3.6: Breach Of NAF Confidentiality Agreements—Disputed Words 1 (Claim 5(B)) ......................... 178

Defendants' Proposed Instruction No. 9.3.7: Breach Of NAF Confidentiality Agreements—Disputed Words 2 (Claim 5(B)) ......................... 179

Defendants' Proposed Instruction No. 9.4.1: Breach Of PPGC Nondisclosure Agreement—Introduction (Claim 15) ................................. 180

Defendants' Proposed Instruction No. 9.4.2: Breach Of PPGC Nondisclosure Agreement—Contract Formation (Claim 15) ..................... 181

Defendants' Proposed Instruction No. 9.4.3: Breach Of PPGC Nondisclosure Agreement—Breach (Claim 15) ..................................... 182

Defendants' Proposed Instruction No. 9.4.4: Breach Of PPGC Nondisclosure Agreement—Meaning Of Words (Claim 15) ....................... 183

Defendants' Proposed Instruction No. 9.4.5: Breach Of PPGC Nondisclosure Agreement—Disputed Words (Claim 15) ......................... 184

Defendants' Proposed Instruction No. 9.5.1: Breach Of PPFA Exhibitor Agreements—Breach (Claim 4) ................................................. 185

Defendants' Proposed Instruction No. 9.6.1: Breach Of Contract—Introduction To Contract Damages ............................................. 186

Defendants' Proposed Instruction No. 9.6.2: Breach Of Contract—Mitigation Of Damages ................................................................. 187

Defendants' Proposed Instruction No. 9.6.3: Breach Of Contract—Substantial Factor ......................................................................... 188

CONSPIRACY ........................................................................................ 189

Defendants' Proposed Instruction No. 10.1: Conspiracy—Essential Factual Elements .......................................................................... 189

xix

Defs.' Amended Proposed Jury Instructions
3:16-CV-00236-WHO

# TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 10.2: Conspiracy—Agents' Immunity Rule........................................................................................................ 190

Defendants' Proposed Instruction No. 10.3: Conspiracy—Board Members...................... 191

DAMAGES ..................................................................................................192

Defendants' Proposed Instruction No. 11.1: Damages Generally ...................... 192

Defendants' Proposed Instruction No. 11.2: Consider Damages Only If Necessary.................................................................................................. 193

Defendants' Proposed Instruction No. 11.3: Arguments Of Counsel Not Evidence Of Damages................................................................................. 194

Defendants' Proposed Instruction No. 11.4: Tort Damages ................................ 195

Defendants' Proposed Instruction No. 11.5: Contract Damages......................... 196

Defendants' Proposed Instruction No. 11.6: Compensatory Damages ................ 197

Defendants' Proposed Instruction No. 11.7: Publication Damages ..................... 198

Defendants' Proposed Instruction No. 11.7.1: Nonrecoverable Damages............ 199

Defendants' Proposed Instruction No. 11.8: Proximately Caused Damages......... 200

Defendants' Proposed Instruction No. 11.9: Attorneys' Fees And Court Costs ......................................................................................................... 201

Defendants' Proposed Instruction No. 11.10: Mitigation Of Damages ............... 202

Defendants' Proposed Instruction No. 11.11: Nominal & Statutory Damages..................... 203

Defendants' Proposed Instruction No. 11.12: Punitive Damages........................ 204

Defendants' Proposed Instruction No. 11.13: Punitive Damages On Other Claims ...................................................................................................... 206

Defendants' Proposed Instruction No. 11.14: Multiple Claims, Multiple Defendants................................................................................................ 207

Defendants' Proposed Instruction No. 11.15: Damages On Multiple Leagal Theories .................................................................................................... 208

CONCLUDING INSTRUCTIONS......................................................................... 209

Defendants' Proposed Instruction No. 12.1: Duty Of Jury ................................ 209

Defendants' Proposed Instruction No. 12.2: Duty To Deliberate ....................... 210

Defendants' Proposed Instruction No. 12.3: Consideration Of Evidence—Conduct Of The Jury.................................................................................. 211

## TABLE OF CONTENTS—Continued

Defendants' Proposed Instruction No. 12.4: Communications With Court ........................ 212

Defendants' Proposed Instruction No. 12.5: Return Of Verdict ......................................... 213

Defendants' Proposed Instruction No. 12.6: Judge's Commenting On The
Evidence ............................................................................................................................. 214

Defendants' Proposed Instruction No. 12.7: Readbacks Or Playbacks (Only If
Needed) .............................................................................................................................. 215

Defendants' Proposed Instruction No. 12.8: Additional Instructions Of Law
(Only If Needed) ................................................................................................................ 216

Defendants' Proposed Instruction No. 12.9: Continuing Deliberations After
Juror Is Discharged (Only If Needed) ............................................................................... 217

Defendants' Proposed Instruction No. 12.10: Deadlocked Jury (Only If
Needed) .............................................................................................................................. 218

**INTRODUCTORY & EVIDENTIARY INSTRUCTIONS**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.1: DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

[Based on Ninth Circuit Model Jury Instruction 1.4]


_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.2: CONDUCT OF JURORS**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

[Based on Ninth Circuit Model Jury Instruction 1.15]

     \_\_\_\_\_ GIVEN
     \_\_\_\_\_ GIVEN AS MODIFIED
     \_\_\_\_\_ REFUSED
     \_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.3: OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiffs  will then present evidence, and counsel for the Defendants may cross-examine. Then the Defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


[Based on Ninth Circuit Model Jury Instruction 1.21]


_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1
**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.4: NO TRANSCRIPT AVAILABLE TO JURY**

2

3   During deliberations, you will have to make your decision based on what you recall of the evidence.
    You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is
4   given.

5   If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know
    so that I can correct the problem.

6

7   [Based on Ninth Circuit Model Jury Instruction 1.17]

8

9                                    _____   GIVEN

10                                   _____   GIVEN AS MODIFIED

11
                                     _____   REFUSED
12
                                     _____   WITHDRAWN
13

14
                                     _____
15                                   William H. Orrick III
                                     District Court Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.5: TAKING NOTES**

2
3
4

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

5
6

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

7
8

[Based on Ninth Circuit Model Jury Instruction 1.18]

9
10

_____ GIVEN

11

_____ GIVEN AS MODIFIED

12

_____ REFUSED

13

_____ WITHDRAWN

14
15
16

_____
William H. Orrick III
District Court Judge

17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.6: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[Based on Ninth Circuit Model Jury Instruction 1.20]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.7: IDENTIFICATION OF PLAINTIFFS**

For the purpose of this case, Plaintiff Planned Parenthood Federation of America, Inc. shall be abbreviated to "PPFA."

Plaintiff Planned Parenthood Shasta-Diablo, Inc. doing business as Planned Parenthood Northern California shall be abbreviated to "PPNorCal." In some documents, it may have been abbreviated as "PPNC," "PPSP," or PPSD."

Plaintiff Planned Parenthood of the Pacific Southwest shall be abbreviated to "PPPSW."

Plaintiff Planned Parenthood/Orange and San Bernardino Counties, Inc. shall be abbreviated to "PPOSBC." In some documents, it may have been abbreviated as "PPOSB."

Plaintiff Planned Parenthood California Central Coast (formerly Planned Parenthood of Santa Barbara, Ventura & San Luis Obispo Counties, Inc. shall be abbreviated to "PPCCC." In some documents, it may have been abbreviated as "PPSBVSLO."

Plaintiff Planned Parenthood Pasadena and San Gabriel Valley, Inc. shall be abbreviated to "PPPSGV."

Plaintiff Planned Parenthood of the Rocky Mountains shall be abbreviated to "PPRM."

Plaintiff Parenthood Gulf Coast shall be abbreviated to "PPGC." Plaintiff Planned Parenthood Center for Choice shall be abbreviated to "PPCFC." In some documents, these Plaintiffs may have been collectively abbreviated as "PPGC/CFC."

[Source: Complaint compared with MSJ ruling]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.7.1: IDENTIFICATION OF PLAINTIFFS (Not requested if 1.7 is adopted)**

For the purpose of this case, Plaintiff Planned Parenthood Federation of America, Inc. shall be abbreviated to "PPFA."

Plaintiff Planned Parenthood Shasta-Diablo, Inc. doing business as Planned Parenthood Northern California shall be abbreviated to "PPNorCal." In some documents, it may have been abbreviated as "PPNC," "PPSP," or PPSD."

Plaintiff Planned Parenthood Mar Monte shall be abbreviated to "PPMM."

Plaintiff Planned Parenthood of the Pacific Southwest shall be abbreviated to "PPPSW."

Plaintiff Planned Parenthood Los Angeles shall be abbreviated to "PPLA."

Plaintiff Planned Parenthood/Orange and San Bernardino Counties, Inc. shall be abbreviated to "PPOSBC." In some documents, it may have been abbreviated as "PPOSB."

Plaintiff Planned Parenthood California Central Coast (formerly Planned Parenthood of Santa Barbara, Ventura & San Luis Obispo Counties, Inc. shall be abbreviated to "PPCCC." In some documents, it may have been abbreviated as "PPSBVSLO."

Plaintiff Planned Parenthood Pasadena and San Gabriel Valley, Inc. shall be abbreviated to "PPPSGV."

Plaintiff Planned Parenthood of the Rocky Mountains shall be abbreviated to "PPRM."

Plaintiff Parenthood Gulf Coast shall be abbreviated to "PPGC." Plaintiff Planned Parenthood Center for Choice shall be abbreviated to "PPCFC." In some documents, these Plaintiffs may have been collectively abbreviated as "PPGC/CFC."

[Source: Complaint]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.8: IDENTIFICATION OF DEFENDANTS**

For the purpose of this case, Defendant the Center for Medical Progress shall be abbreviated to "CMP."

Defendant BioMax Procurement Services, LLC shall be BioMax.

Defendants David Daleiden, Troy Newman, and Albin Rhomberg shall not be abbreviated.

Defendant Sandra Susan Merritt shall be Sandra Merritt.

Defendant Gerardo Adrian Lopez shall be Adrian Lopez.

[Source: Complaint]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.9: IDENTIFICATION OF FORMER PARTIES & NON-PARTIES**

Former Plaintiff Planned Parenthood Mar Monte, Inc. shall be abbreviated to "PPMM."

Former Plaintiff Planned Parenthood Los Angeles shall be abbreviated to "PPLA."

Former Defendant Phillip Cronin shall not be abbreviated.

Non-Party the International Society of Stem Cell Researchers shall be abbreviated to "ISSCR."

Non-Party the Association of Reproductive Health Professionals shall be abbreviated as "ARHP."

Non-Party the National Abortion Federation shall be abbreviated to "NAF."

Non-Party Advanced Bioscience Resources, Inc. shall be abbreviated to "ABR."

Non-Party StemExpress, LLC shall be StemExpress.

Non-Parties DaVinci Biosciences, LLC and DV Biologics, LLC shall collectively be "DaVinci."

Non-Party Novogenix Laboratories, Inc. shall be Novogenix.

[Source: Complaint]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.9.1: IDENTIFICATION OF FORMER PARTIES & NON-PARTIES (Not requested if 1.9 is adopted)**

Former Defendant Phillip Cronin shall not be abbreviated.

Non-Party the International Society of Stem Cell Researchers shall be abbreviated to "ISSCR."

Non-Party the Association of Reproductive Health Professionals shall be abbreviated as "ARHP."

Non-Party the National Abortion Federation shall be abbreviated to "NAF."

Non-Party Advanced Bioscience Resources, Inc. shall be abbreviated to "ABR."

Non-Party StemExpress, LLC shall be StemExpress.

Non-Parties DaVinci Biosciences, LLC and DV Biologics, LLC shall collectively be "DaVinci."

Non-Party Novogenix Laboratories, Inc. shall be Novogenix.

[Source: Complaint]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.10: OVERVIEW OF PLAINTIFFS' CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties. The Plaintiffs claim the following:

1. Plaintiff PPFA claims that all Defendants violated the Racketeer Influenced and Corrupt Organizations Act (Civil RICO);

2. Plaintiff PPFA claims that Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez engaged in Fraudulent Misrepresentation, and that Defendants Troy Newman and Albin Rhomberg engaged in Conspiracy to engage in Fraudulent Misrepresentation, to gain access to PPFA conferences.

3. All Plaintiffs claim that Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez surreptitiously recorded certain individuals in violation of 18 U.S.C. § 2511(a) and (b) (Federal Wiretapping);

4. Plaintiffs PPFA, PPRM, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez surreptitiously recorded certain individuals in violation of Fla. Stat. § 934.03 (Florida Wiretapping);

5. Plaintiffs PPFA, PPRM, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez surreptitiously recorded certain individuals in violation of Md. Code Ann., Cts. & Jud. Proc. § 10-402 (Maryland Wiretapping);

6. Plaintiffs PPFA, PPNorCal, PPPSGV, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, and Sandra Merritt surreptitiously recorded certain individuals in violation of Cal. Penal Code § 632 (California Invasion of Privacy Act—Recording);

7. Plaintiffs PPFA, PPRM, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez engaged in Trespass at their conferences or offices;

8. Plaintiffs PPFA, PPNorCal, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, and Sandra Merritt engaged in trespass for the purpose of engaging in illegal surreptitious recording in violation of Cal. Penal Code § 634 (California Invasion of Privacy Act—Trespass);

9. Plaintiffs PPFA, PPNorCal, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez breached contracts related to NAF conferences;

10. Plaintiff PPGC claims that Defendants BioMax and David Daleiden breached a non-disclosure and confidentiality agreement;

1    11. Plaintiff PPFA claims that Defendants CMP, BioMax, and David Daleiden breached contracts related to PPFA conferences; and

2

3    12. All Plaintiffs claim that all Defendants engaged in unlawful, unfair, or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 (California Unfair Competition

4    Law).

5    The Plaintiffs have the burden of proving each element of these claims. The Defendants deny that

6    their conduct constituted tortious or illegal actions, and deny that they breached any contracts. The Court has already found that certain Defendants trespassed at PPFA conferences, and PPRM and

7    PPGC/CFC offices. The Court has also already found that certain Defendants breached the contracts related to PPFA conferences.

8

9    Defendants also contend that their surreptitious recording in California was permitted because they took the recordings with the reasonable belief that they were needed in furtherance of an

10   investigation of whether the Plaintiffs were engaged in violent felonies, as permitted by Cal. Penal Code § 633.5. The Defendants have the burden of proving each element of this defense.

11

12   [Source: Based on Ninth Circuit Model Jury Instruction 1.5; Complaint compared with MSJ ruling]

13

14   _____   GIVEN

15   _____   GIVEN AS MODIFIED

16   _____   REFUSED

17   _____   WITHDRAWN

18

19

20   _____
     William H. Orrick III
     District Court Judge

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.11: MULTIPLE PLAINTIFFS**

Although there are multiple Plaintiffs in this action, it does not follow from that fact alone that if one Plaintiff is entitled to recover, all others are entitled to recover. Each Defendant is entitled to a fair consideration as to each Plaintiff, just as each Plaintiff is entitled to a fair consideration of that Plaintiffs' claim against each Defendant. Unless otherwise stated, all instructions I give you govern the case as to each Plaintiff.

[Source: CACI 103]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.12: TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each Plaintiff and each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

[Source: CACI 113, Ninth Circuit Model Jury Instruction 1.8]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.13: CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

2

3

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

4

5

[Based on Ninth Circuit Model Jury Instruction 4.1]

6

7

_____ GIVEN

8

_____ GIVEN AS MODIFIED

9

_____ REFUSED

10

_____ WITHDRAWN

11

12

_____

13

William H. Orrick III
District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.14: RACE, RELIGION, NATIONAL ORIGIN, SEX, AGE, POLITICAL PERSUASIONS, OR PERSONAL BELIEFS**

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, age, political persuasions or personal beliefs.

This includes personal beliefs about abortion. Whatever one thinks of abortion, it cannot be denied that there are common and respectable reasons for supporting or opposing it. Men and women of good conscience can disagree, and we suppose some always shall disagree, about the profound moral and spiritual implications of terminating a pregnancy, even in its earliest stage. Beliefs about abortion involve the most intimate and personal choices a person may make in a lifetime, choices central to personal dignity and autonomy, and are central to the liberty protected by the Constitution.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the Defendants to influence you in any way.

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

[Based on CACI 113]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.15: BURDEN OF PROOF—
PREPONDERANCE OF THE EVIDENCE**

2

3
When a party has the burden of proof on any claim or affirmative defense by a preponderance of the
evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is
more probably true than not true.

4

5
You should base your decision on all of the evidence, regardless of which party presented it.

6

7
[Based on Ninth Circuit Model Jury Instruction 1.6]

8

9
\_\_\_\_\_   GIVEN

10
\_\_\_\_\_   GIVEN AS MODIFIED

11
\_\_\_\_\_   REFUSED

12
\_\_\_\_\_   WITHDRAWN

13

14
_____

15
William H. Orrick III
District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.16: BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

[Based on Ninth Circuit Model Jury Instruction 1.7]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.17: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

4.   any facts that I have instructed you to accept as proved.


[Based on Ninth Circuit Model Jury Instruction 1.9]


\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.18: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and will say in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[Based on Ninth Circuit Model Jury Instruction 1.10]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.19: PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

[Based on Ninth Circuit Model Jury Instruction 1.16]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.20: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2

3   Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial

4   evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct

5   or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

6

7   [Based on Ninth Circuit Model Jury Instruction 1.12]

8

9                                   _____   GIVEN

10                                  _____   GIVEN AS MODIFIED

11                                  _____   REFUSED

12                                  _____   WITHDRAWN

13

14                                  _____

15                                  William H. Orrick III
                                    District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 1.21: EVIDENCE FOR LIMITED PURPOSE

2

3

Some evidence may be admitted for a limited purpose only.

4

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

5

6

[Based on Ninth Circuit Model Jury Instruction 1.11]

7

8              _____  GIVEN

9              _____  GIVEN AS MODIFIED

10             _____  REFUSED

11             _____  WITHDRAWN

12

13

14             _____
               William H. Orrick III
15             District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.22: EVIDENCE ADMITTED AGAINST ONLY ONE OR SOME OF THE PARTIES**

Each party is entitled to have this case decided solely on the evidence that applies to that party. Under the rules of evidence some of the evidence in this case is limited to one of, or only to some of, the parties and cannot be considered against the others.

[Source: CACI 207]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.23: STIPULATED TESTIMONY**

The parties have agreed what witness [name]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

[Based on Ninth Circuit Model Jury Instruction 2.1]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.24: STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.

These facts are:

You should therefore treat these facts as having been proved.

[Based on Ninth Circuit Model Jury Instruction 2.2]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.25: JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [insert fact] even though no evidence has been introduced on the subject. You must accept this fact as true.

[Based on Ninth Circuit Model Jury Instruction 2.3]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.26: DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of PPFA employees Julia Kohn and Krista Noah [and name(s)] were taken in this action and those witnesses are unavailable for trial. You should consider their video deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

You should consider the deposition testimony, and judge its credibility, as you would with any witness who testifies here in person.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

[Based on Ninth Circuit Model Jury Instruction 2.4]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.26.1: DEPOSITION OF CORPORATION**

Although the law treats corporations as "persons," it is obviously not literally possible to take the deposition of a corporation. As a result, federal law requires the corporation to designate a person to attend a deposition on its behalf. This person is called a Rule 30(b)(6) witness. This person does not give his own personal opinions, but represents the corporation's position with respect to topics identified by the other party. When a corporation produces an employee pursuant to Rule 30(b)(6), it represents that the employee has the authority to speak on behalf of the corporation. This extends not only to facts, but also to subjective beliefs and opinions.

The corporation has a duty to present enough witnesses so that they may give complete, knowledgeable and binding answers on behalf of the corporation. As a result, a corporation can have several Rule 30(b)(6) witnesses. If it becomes obvious before trial that the Rule 30(b)(6) witness is not sufficiently knowledgeable, the corporation has a duty to substitute another person.

Because the Rule 30(b)(6) witness is supposed to provide the corporation's position on a topic, a corporation generally cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative. This only applies, however, to a contradiction, and not a clarification of the facts with good reason and explanation.

[Source: *Snapp v. United Transportation Union*, 889 F.3d 1088, 1103 (9th Cir. 2018); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006); *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *see also Sherwood v. BNSF Ry. Co.*, No. 2:16-CV-00008-BLW, 2019 WL 1031017, at *1 (D. Idaho Mar. 4, 2019) (discussing potential "instruction on the function of the 30(b)(6) deposition and the obligation of the deposed party to offer a representative who is knowledgeable and able to address the topics identified by the deposing party").]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.27: USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

[Based on Ninth Circuit Model Jury Instruction 2.11]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.28: USE OF REQUESTS FOR ADMISSION OF A PARTY**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

[Based on Ninth Circuit Model Jury Instruction 2.12]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.29: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2

3   Certain charts and summaries not received in evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

4

5

6

7   [Based on Ninth Circuit Model Jury Instruction 2.14]

8

9                                          _____   GIVEN

10                                         _____   GIVEN AS MODIFIED

11                                         _____   REFUSED

12                                         _____   WITHDRAWN

13

14                                         _____

15                                         William H. Orrick III
                                           District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.30: CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

[Based on Ninth Circuit Model Jury Instruction 2.15]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.31: EVIDENCE IN ELECTRONIC FORMAT**

2

3   Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

4

5   A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [insert title]. If you need additional equipment or supplies, you may make a request by sending a note.

6

7

8

9   In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [insert title], signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

10

11

12   If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [insert title] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

13

14

15

16   The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

17

18

19

20

21   [Based on Ninth Circuit Model Jury Instruction 2.16]

22

23   _____   GIVEN
       _____   GIVEN AS MODIFIED
       _____   REFUSED
       _____   WITHDRAWN

24

25

26   _____
       William H. Orrick III
       District Court Judge

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.32: EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

[Based on Ninth Circuit Model Jury Instruction 2.13]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.33: STRICKEN EVIDENCE**

Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

[Based on Ninth Circuit Model Jury Instruction 1.10]


\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.34: RULING ON OBJECTIONS**

2

3

4

5

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

6

7

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

8

9

[Based on Ninth Circuit Model Jury Instruction 1.13]

10

11

\_\_\_\_\_ GIVEN

12

\_\_\_\_\_ GIVEN AS MODIFIED

13

\_\_\_\_\_ REFUSED

14

\_\_\_\_\_ WITHDRAWN

15

16

17

_____
William H. Orrick III
District Court Judge

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.35: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    1.   the opportunity and ability of the witness to see or hear or know the things testified to;

    2.   the witness's memory;

    3.   the witness's manner while testifying;

    4.   the witness's interest in the outcome of the case and any bias or prejudice;

    5.   whether other evidence contradicted the witness's testimony;

    6.   the reasonableness of the witness's testimony in light of all the evidence; and

    7.   any other factors that bear on believability.

Neither the proof of a fact, nor the weight of the evidence as to a fact, necessarily depends on the number of witnesses who testify about it.

[Shortened from Ninth Circuit Model Jury Instruction 1.14]


\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.36: WITNESS OR PARTY ASSERTING CONSTITUTIONAL PRIVILEGE**

2

3   A party or a witness has the right to decline to answer questions on the grounds of his or her privilege against self-incrimination, which is protected by the Fifth Amendment to the United States Constitution and Article 1, Section 15 of the California Constitution.

4

5   Invoking the privilege against self-incrimination does not mean that the witness would have incriminated himself or herself by answering the question; a witness may invoke the privilege if he or she believes that the requested information could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner.

6

7

8   In limited circumstances, you may be permitted, but not required, to draw the inference that the information withheld in response to a particular question would have been unfavorable to the witness invoking the privilege. Such an inference would only be appropriate (if at all) if (1) it was impossible for the party asking the question to obtain the requested information from another source, and (2) the party asking the question has provided independent evidence concerning the question being asked that is unfavorable to the witness. No adverse inference may be drawn unless it is supported and corroborated by other facts established by the evidence.

9

10

11

12

13   Other than the limited circumstances in which an inference may be drawn, you may not consider, for any reason at all, the fact that a witness has invoked the privilege against self-incrimination. Do not discuss that fact during your deliberations or let it influence your decision in any way.

14

15

16   [Source: *Kastigar v Unied States*, 406 U.S. 441, 444 (1972); *Brown v Superior Court*, 180 Cal. App. 3d 701, 708 (Cal. Ct. App. 1986); Cal. Evid. Code § 913]

17

18   _____ GIVEN

19   _____ GIVEN AS MODIFIED

20

21   _____ REFUSED

22   _____ WITHDRAWN

23

24   _____
William H. Orrick III

25   District Court Judge

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.37: IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness has [e.g., lied under oath on a prior occasion] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

[Based on Ninth Circuit Model Jury Instruction 2.9]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.38: LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

[Based on Ninth Circuit Model Jury Instruction 4.2]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.39: AGENT AND PRINCIPAL—DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

[Based on Ninth Circuit Model Jury Instruction 4.4]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.40: AGENT—SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

[Based on Ninth Circuit Model Jury Instruction 4.5]

_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**CIVIL RICO (18 U.S.C. § 1962)**

2

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.1: CIVIL RICO—INTRODUCTION**

3

Plaintiff PPFA asserts a claim against CMP, BioMax, Troy Newman, Albin Rhomberg, David

4

Daleiden, Sandra Merritt and Adrian Lopez for violating the Racketeer Influenced and Corrupt

Organizations Act, commonly known as RICO. All plaintiffs specifically claim that CMP, BioMax,

5

David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt and Adrian Lopez violated

§ 1962(c) of RICO, which provides:

6

7

It shall be unlawful for any person employed by or associated with any enterprise engaged

in, or the activities of which affect, interstate or foreign commerce, to conduct or

8

participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern

of racketeering activity or collection of unlawful debt.

9

10

18 U.S.C. § 1962(c).

11

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 84-21 (April 2014).]

12

13

_____ GIVEN

14

_____ GIVEN AS MODIFIED

15

16

_____ REFUSED

17

_____ WITHDRAWN

18

19

_____

William H. Orrick III

20

District Court Judge

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.2: CIVIL RICO—PREJUDICE FROM THE WORD "RACKETEERING"**

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the Plaintiff has established the elements of the claim. The term is only a term used by Congress to describe the statute.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 84-22 (April 2014).]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.3: CIVIL RICO—ELEMENTS**

In order for you to find any defendant guilty of violating § 1962(c), plaintiffs must prove each of the following five facts by a preponderance of the evidence:

1.  The existence of an enterprise;

2.  That the enterprise engaged in, or had some effect on, interstate or foreign commerce;

3.  That the defendant was employed by or associated with the alleged enterprise;

4.  That the defendant participated, either directly or indirectly, in directing the conduct of the affairs of the enterprise; and

5.  That the defendant participated through a pattern of racketeering activity.

Now I'll provide you with some additional instructions to apply as you consider the facts that each plaintiff must prove.

[Source: 18 U.S.C. § 1962(c); MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 84-23 (April 2014) (slightly modified); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.4: CIVIL RICO—ENTERPRISE**

To satisfy the first element, plaintiffs must prove by a preponderance of the evidence that an "enterprise" existed.

An "enterprise" may be an individual, partnership, corporation, or other legal entity.

Alternatively, an "enterprise" may be an "association in fact," which is a group of persons associated together for the common purpose of engaging in a course of conduct. To find an "association in fact," you must find by a preponderance of the evidence:

> (1) that the group had a purpose and longevity sufficient for the members of the group to pursue its purpose;
> (2) that the group had an ongoing organization with some sort of framework, formal or informal, for carrying out its objectives;
> (3) that the members of the group functioned as a continuing unit to achieve a common purpose; and
> (4) that the group existed separate and apart from the alleged pattern of racketeering activity.

[Source: 18 U.S.C. § 1961(4); MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 84-24 (April 2014) (modified); *United States v. Turkette*, 452 U.S. 576, 583 (1981).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.5: CIVIL RICO—INTERSTATE COMMERCE**

2

3

To satisfy the second element, plaintiffs must prove by a preponderance of the evidence that that the enterprise's predicate acts had an effect on interstate or foreign commerce.

4

5

"Engage in or have an effect on interstate or foreign commerce" means that the enterprise's predicate acts either engaged in, or had an effect on, commerce between two or more states, or on commerce between a state and a foreign country.

6

7

An enterprise has "engaged in" interstate commerce when its predicate acts directly involve the production, distribution or acquisition of services, money, goods or other property in interstate commerce. An enterprise's activities "affect" interstate commerce if they interfere with, change, or alter the movement or transportation or flow of goods, merchandise, money, or other property between or among two or more states.

8

9

10

11

[Source: 18 U.S.C. § 1028(c)(3); *United States v. Della Rose*, 278 F.Supp.2d 928 (N.D.Ill. 2003).]

12

13                          _____ GIVEN

14                          _____ GIVEN AS MODIFIED

15                          _____ REFUSED

16                          _____ WITHDRAWN

17

18
                          _____
19                          William H. Orrick III
                          District Court Judge
20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.6: CIVIL RICO—EMPLOYED OR ASSOCIATED WITH THE ENTERPRISE**

To satisfy the third element, each plaintiff must prove by a preponderance of the evidence that each defendant was employed by or associated with the alleged enterprise. In other words, plaintiffs must show that the defendant was aware of the general existence and nature of the enterprise and that it extended beyond his or her individual role, and with that awareness participated in the enterprise's activities.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 84-26 (April 2014) (modified).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.7: CIVIL RICO—PARTICIPATED IN CONDUCT OF THE AFFAIRS OF THE ENTERPRISE**

To satisfy the fourth element, Plaintiffs must prove by a preponderance of the evidence that each Defendant "participated, directly or indirectly, in the conduct of the affairs of the enterprise." To prove this, Plaintiffs must show that the Defendant was involved in the operation or management of the alleged enterprise. The Defendant need not have participated in, or been aware of, all of the enterprise's activities; it is sufficient if he or she was involved in the operation or management of some of the enterprise's activities.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 84-27 (April 2014) (modified); *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.8: CIVIL RICO—THROUGH A PATTERN OF RACKETEERING ACTIVITY**

To satisfy the fifth element, Plaintiffs must prove that the Defendant participated in the conduct of the enterprise's affairs through a "pattern of racketeering activity." In other words, in order to find any Defendant guilty under § 1962(c) of RICO, you must find that he or she personally engaged in a "pattern of racketeering activity" that was part of his or her participation in the conduct of the enterprise. It is not sufficient that a defendant was associated with an enterprise in which others engaged in racketeering.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 84-29 (April 2014) (modified).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.9: CIVIL RICO—TWO OR MORE "PREDICATE ACTS"**

"Racketeering activity" refers to individual violations of certain federal statutes. In this case, the Plaintiffs have alleged that the Defendants engaged in "racketeering activity" in the form of identification fraud, which I will instruct you how to identify in the instructions that follow these. Each individual violation of this federal law is known under RICO as a "predicate act."

Once you have determined, based on the following jury instructions, whether any Defendant is guilty of any instances of identification fraud ("predicate acts"), you will then have to determine whether the individual predicate acts of each Defendant formed a "pattern" of racketeering activity under RICO.

To find a "pattern" of racketeering activity, you must find that a Defendant committed at least two predicate acts within a ten-year period. "Distinct" does not mean that the two acts have to be of different types. ~~It can be two separate instances of the same kind of act—for example, identification fraud.~~ But in order to find a "pattern" for the purposes of RICO, you must find that a Defendant committed at least two distinct predicate acts within a ten-year period.

To amount to a "pattern," however, the two or more predicate acts a Defendant is guilty of must be both "related" and "continuous."

[Source: 18 U.S.C. § 1961(5); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).]


_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.10: CIVIL RICO—RELATED**

You may find that predicate acts are related to one another if they have the same or similar purposes, results, participants, victims, or methods. Predicate acts are also related if they have common distinguishing characteristics and are not isolated events. Two or more acts of racketeering activity that aren't related don't establish a pattern of racketeering activity under RICO.

[Source: *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240-41 (1989).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.11: CIVIL RICO—CONTINUOUS**

Predicate acts may be "continuous" in one of two ways: either by (1) extending over a substantial period of time or (2) posing a threat of continued criminal activity. In this case, only the latter type of continuity—that Defendants' predicate acts threatened to continue into the future—has been alleged. Accordingly, to satisfy the fifth element of RICO with respect to any Defendant, Plaintiffs must show by a preponderance of the evidence that that the Defendant's predicate acts (not the entire enterprise, but specifically the Defendant's predicate acts) were the type of activity that threatened to continue into the future, such as a routine way Defendants illegally conducted a business. Predicate acts are not "continuous" in this way if they formed part of a single endeavor with a definite endpoint or if they were isolated and presented no threat of continuing.

[Source: *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242-43 (1989); *Turner v. Cook*, 362 F.3d 1219, 1230 (9th Cir. 2004); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992); *Medallion Television Enterprises, Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1364 (9th Cir. 1987).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.12: CIVIL RICO—AGREEMENT AS TO PREDICATE ACTS**

Finally, in determining whether any Defendant engaged in a "pattern of racketeering activity" under RICO, you must unanimously agree on which of the Defendant's alleged predicate acts, if any, were sufficiently "related" and "continuous" to form a RICO "pattern." You have not identified a RICO "pattern" if you disagree as to which predicate acts form that pattern.

[Source: *United States v. Brown*, 583 F.2d 659, 669 (3d Cir. 1978).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.13: CIVIL RICO—FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS—PRODUCTION (18 U.S.C. § 1028(a)(1))**

The fifth element of RICO, proving that Defendants participated in a pattern of racketeering activity, requires that Plaintiffs prove that Defendants committed a "predicate act." One predicate act alleged by Plaintiffs is a violation Section 1028(a)(1) of Title 18 of the United States Code. To succeed in this claim, each Plaintiff must prove each of the following elements by a preponderance of the evidence as against each individual Defendant:

First, the Defendants knowingly produced a false identification document; and

Second, the Defendants produced the false identification document without lawful authority.

"Produce" means to alter, authenticate, or assemble.

[Source: 18 U.S.C. §§ 1028(a)(1) & 1028(d)(9); Interstate commerce element omitted per MSJ Ruling]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.14: CIVIL RICO—FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS—TRANSFER (18 U.S.C. § 1028(a)(2))**

The fifth element of RICO, proving that Defendants participated in a pattern of racketeering activity, requires that Plaintiffs prove that Defendants committed a "predicate act." One predicate act alleged by Plaintiffs is a violation Section 1028(a)(2) of Title 18 of the United States Code. To succeed in this claim, each Plaintiff must prove each of the following elements by a preponderance of the evidence as against each individual Defendant:

First, the Defendants knowingly transferred a false identification document;

Second, the Defendant knew the false identification document was produced without lawful authority; and

Third, the production of the false identification document was in or affected commerce between one state and another states, or between a state of the United States and a foreign country.

The term "transfer" includes selecting an identification document, false identification document, or document-making implement and placing or directing the placement of such identification document, false identification document, or document-making implement in an online location where it is available to others.

[Source: 18 U.S.C. §§ 1028(a)(2), (c)(3)(A), (d)(1).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.15: CIVIL RICO—CONSPIRACY**

2

All Plaintiffs also claim that CMP, BioMax, David Daleiden, Troy Newman, Albin Rhomberg,
Sandra Merritt and Adrian Lopez violated RICO § 1962(d), or conspired to violate RICO.

3

4

This means that Plaintiffs allege that the Defendants conspired to conduct or participate in the
affairs of an enterprise through a pattern of racketeering activity.

5

6

To prevail on this claim with respect to any Defendant, Plaintiffs must prove by a preponderance of
the evidence that the Defendant knowingly and willfully became a member of the conspiracy. This
means that the Plaintiffs must show that the Defendant agreed to participate, directly or indirectly,
in the affairs of the enterprise through a pattern of racketeering activity.

7

8

There are two ways in which you can find that a Defendant agreed to participate in the affairs of the
enterprise through a pattern of racketeering activity:

9

10

First, you may find by a preponderance of the evidence that by actually committing two or more
racketeering acts the Defendant has shown that he agreed to participate in the affairs of the
enterprise through a pattern of racketeering activity.

11

12

In the alternative, you may find by a preponderance of the evidence that the Defendant agreed to
participate in a plan that involved two or more racketeering acts in violation of RICO.

13

14

[Source: 18 U.S.C. § 1962(d); *Salinas v. United States*, 522 U.S. 52, 64-65 (1997).]

15

16

_____ GIVEN

17

_____ GIVEN AS MODIFIED

18

19

_____ REFUSED

20

_____ WITHDRAWN

21

22

_____

23

William H. Orrick III
District Court Judge

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2.16: CIVIL RICO—DAMAGES**

In the event you find that Plaintiff PPFA has proven by a preponderance of the evidence that any Defendant has violated RICO under 18 U.S.C. § 1962(c) or § 1962(d), then you must determine whether Plaintiff PPFA has suffered damages as a result of those violations. The damages that Plaintiff PPFA may recover are those it proved by a preponderance of the evidence it suffered in its business or property as a result of the predicate acts that constituted the pattern of racketeering activity. Plaintiff PPFA can recover only damages to its business or property caused by the predicate acts of producing or transferring false identification documents, as described earlier.

PPFA claims that it spent $_____ to prevent future infiltrations of its conferences. This amount is the total of the [number] of entries highlighted on Exhibits XXXXXXXX. [Witnesses] testified about these entries. These are the only dollar amounts that PPFA may recover, and it may recover some or all of those amounts only if it shows by a preponderance of the evidence that those amounts were caused directly by a defendant producing and/or transferring false identification documents. PPFA may not recover any amounts that were caused only indirectly by a Defendant producing or transferring false identification documents, including by the publication of any recordings or information.

~~For purposes of your deliberations, CMP's publications must be assumed to be true.~~

[Source: Modern Federal Jury Instructions (Civil Volumes) Instruction 84-30 (April 2014) (modified); MSJ Ruling; *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268–69 (1992); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496–97 (1985).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**FRAUDULENT MISREPRESENTATION (Common Law)**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.1: FRAUD—INTRODUCTION FOR PPFA**

Plaintiff PPFA has sued for actual and punitive damages because of certain affirmative representations, concealments, or promises made by Defendants CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez to it that it claims were false or fraudulent.

The affirmative representations related to statements that CMP, BioMax, David Daleiden and Adrian Lopez made to gain permission to attend and have an exhibit booth at PPFA conferences in Miami, Orlando, and Washington D.C., and statements that CMP, BioMax, David Daleiden and Sandra Merritt made that led Dr. Nucatola to attend a lunch meeting with Daleiden and Merritt.

The concealments related to CMP, BioMax, David Daleiden and Adrian Lopez's intention to surreptitiously record PPFA employees at various PPFA conferences, and their intent to publish those recordings.

The promises related to CMP, BioMax, and David Daleiden's intention of complying with Exhibitor Agreements entered into with PPFA in which Defendants agreed to comply with applicable laws relating to confidentiality and privacy.

Defendants CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez deny that their actions were fraudulent.

[Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 123:01 (6 ed. 2011); Dkt. 694, PP MSJ Reply, 33:6–11 (concealment); Dkt. 694, PP MSJ Reply 34:26–35:6 (false promise).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.1.1: FRAUD—INTRODUCTION FOR PPGC/CFC**

2

3    Plaintiffs PPGC and PPCFC have sued for actual and punitive damages because of certain affirmative representations, concealments, or promises s made by Defendants CMP, BioMax,

4    David Daleiden and Sandra Merritt to it that it claims were false or fraudulent.

5    The affirmative representations related to statements that CMP, BioMax, David Daleiden and Sandra Merritt made to gain permission to visit the PPGC/CFC offices and clinics in Houston,

6    Texas.

7    The concealments related to CMP, BioMax, David Daleiden and Sandra Merritt's intention to

8    surreptitiously record PPGC/CFC employees at its offices, and their intent to publish those recordings.

9

10   The promises related to CMP, BioMax, and David Daleiden's intention of complying with a Nondisclosure Agreement entered into with PPGC/CFC.

11

12   Defendants CMP, BioMax, David Daleiden and Sandra Merritt deny that their actions were fraudulent.

13

14   [Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 123:01 (6 ed. 2011).]

15

16                          _____ GIVEN

17                          _____ GIVEN AS MODIFIED

18                          _____ REFUSED

19                          _____ WITHDRAWN

20

21

22                          _____
                            William H. Orrick III
                            District Court Judge

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.1.2: FRAUD—INTRODUCTION FOR PPPSGV**

Plaintiff PPPSGV has sued for actual and punitive damages because of certain affirmative representations and concealments made by Defendants CMP, BioMax, David Daleiden and Sandra Merritt to it that it claims were false or fraudulent.

The representations related to statements that CMP, BioMax, David Daleiden and Sandra Merritt made that led Dr. Gatter and Ms. Felczer to attend a lunch meeting with Daleiden and Merritt.

The concealments related to CMP, BioMax, David Daleiden and Sandra Merritt's intention to surreptitiously record the lunch meeting, and their intent to publish that recording.

Defendants CMP, BioMax, David Daleiden and Sandra Merritt deny that their actions were fraudulent.

[Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 123:01 (6 ed. 2011).]


\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.2: FRAUD—ESSENTIAL ELEMENTS OF FRAUDULENT MISREPRESENTATION**

PPFA, PPGC/CFC, and PPPSGV's claims against Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez for fraudulent affirmative misrepresentation have six essential elements, as follows:

1. The Defendant represented to the Plaintiff that (1) BioMax was a tissue procurement organization that intended to procure tissue; (2) CMP's investigators were employed by BioMax as "procurement technicians;" (3) CMP's investigators had names such as "Robert" and "Susan." For each Plaintiff, this allegedly occurred on the following occasions:
   a. To PPFA: (1) [date, time, parties]
   b. To PPGC/CFC: (1) [date, time, parties]
   c. To PPPSGV: (1) [date, time, parties]

2. The representation was false;

3. The representation was known by the Defendant to be false when it was made;

4. The Plaintiff relied on the representation and was deceived by it;

5. The Plaintiff acted with ordinary prudence in relying on the representation;

6. The false representation was the proximate cause of injury to the Plaintiff.

With respect to PPGC/CFC's claims, PPPSGV's claims, and PPFA's claims related to the conferences in Florida, if you find that the Plaintiff has established each of these elements by the preponderance of the evidence, then you should return a verdict for the Plaintiff.

With respect to PPFA's claim related to the conference in Washington D.C., if you find that PPFA has established each of these elements by clear and convincing evidence, then you should return a verdict for PPFA.

If on the other hand you find that the Plaintiff has failed to establish any one or more of these six elements, then you must find for the Defendant.

[Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 123:02 (6 ed. 2011).]

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.2.1: FRAUD—ESSENTIAL ELEMENTS OF FRAUDULENT CONCEALMENT**

To establish fraud based upon concealment of a fact or facts, PPFA, PPGC/CFC, and PPPSGV must show each of the following:

1. That the Defendant disclosed some facts to the Plaintiff but intentionally failed to disclose other facts, making the disclosure deceptive;

2. The other facts that were not disclosed were material;

3. The Defendant knew that the fact was material;

4. The omitted fact was unknown and inaccessible to the Plaintiff;

5. The Defendant must have intentionally concealed or suppressed the fact with the intend to defraud the Plaintiff;

6. The Plaintiff must have been unaware of the fact and would not have acted as the Plaintiff did if the Plaintiff had known of the concealed or suppressed fact;

7. The concealment or suppression of the fact was a substantial factor in causing the Plaintiff's harm.

With respect to PPGC/CFC's claims, PPPSGV's claims, and PPFA's claims related to the conferences in Florida, if you find that the Plaintiff has established each of these elements by the preponderance of the evidence, then you should return a verdict for the Plaintiff.

With respect to the PPFA conferences in Washington D.C., if you find that PPFA has established each of these elements by clear and convincing evidence, then you should return a verdict for PPFA.

If on the other hand you find that the Plaintiff has failed to establish any one or more of these six elements, then you must find for the Defendant.

[Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 123:03 (6 ed. 2011); CACI 1901.]

      \_\_\_\_\_ GIVEN
      \_\_\_\_\_ GIVEN AS MODIFIED
      \_\_\_\_\_ REFUSED
      \_\_\_\_\_ WITHDRAWN

1
                       _____

                       William H. Orrick III

2
                       District Court Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.2.2: FRAUD—ESSENTIAL ELEMENTS OF PROMISSORY FRAUD**

To establish fraud based upon a false promise, PPFA and PPGC/CFC must show each of the following:

1.  That the Defendant made a promise to the Plaintiff;

2.  That the Defendant did not intend to perform this promise when he or she made it;

3.  That the defendant intended that the Plaintiff rely on this promise;

4.  That the Plaintiff reasonably relied on the Defendant's promise;

5.  That the Defendant did not perform the promised act;

6.  That the Plaintiff was harmed;

7.  That the Plaintiff's reliance on the Defendant's promise was a substantial factor in causing its harm.

With respect to PPGC/CFC's claims and PPFA's claims related to the conferences in Florida, if you find that the Plaintiff has established each of these elements by the preponderance of the evidence, then you should return a verdict for the Plaintiff.

With respect to the PPFA conferences in Washington D.C., if you find that PPFA has established each of these elements by clear and convincing evidence, then you should return a verdict for PPFA.

If on the other hand you find that the Plaintiff has failed to establish any one or more of these six elements, then you must find for the Defendant.

[Source: CACI 1902.]

\_\_\_\_\_ GIVEN
\_\_\_\_\_ GIVEN AS MODIFIED
\_\_\_\_\_ REFUSED
\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.3: FRAUD—FALSITY GENERALLY**

The term "fraud" is a generic one which embraces all the multifarious means resorted to by one individual to gain advantage over another by false suggestions or by suppression of the truth. "Fraud" is a peculiar species of falsity that consists in deception practiced in order to induce another to part with property or surrender some legal right and which accomplishes the end designed. The gist of fraud is successfully using cunning, deception, or artifice to cheat another to the other's injury. Even false statements are protected by the First Amendment. Thus, the grounds for a tort action based upon fraud—action of deceit—are both misrepresentation and damage. Neither misrepresentation without damage nor damage without misrepresentation is fraud.

[Source: 37 Am. Jur. 2d Fraud and Deceit §§ 1, 21 (May 2019); *United States v. Alvarez*, 132 S. Ct. 2537 (2012)]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.4: FRAUD—FALSITY AND THE FIRST AMENDMENT**

False statements are protected by the First Amendment of the U.S. Constitution's guarantee of freedom of speech and expression, unless those false statements are made for the purpose of material gain or advantage, or cause harm that is recognized by law. Many lies do not inflict any material or legal harm on the deceived party.

[Source: *United States v. Alvarez*, 132 S. Ct. 2537 (2012); *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1194 (9th Cir. 2018).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3.5: FRAUD—FALSITY AND NAMES

2

3   A person has a common law right to assume a different name, or use several different names. A
person may change his or her name either by petitioning the court or by the simple expedient of

4   adopting and using a new one. Both procedures are equally valid in the eyes of the law. The only
limitation is that changing one's name cannot be done for a fraudulent purpose.

5

6   [Source: *State v. Hayes*, 119 Ohio Misc. 2d 124, 127 (2002); *Kropp Forge Co. v. Employers' Liab.*
*Assur. Corp., of London, England*, 159 F.2d 536, 538 (7th Cir. 1947).]

7

8

9                                   _____ GIVEN

10                                  _____ GIVEN AS MODIFIED

11                                  _____ REFUSED

12                                  _____ WITHDRAWN

13

14                                  _____

15                                  William H. Orrick III
District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.6: FRAUD—FALSITY AND INVESTIGATIONS**

2

3
Making a false statement to obtain information or to gain access to property in order to publicly expose bad or criminal acts is not a scheme to defraud.

4

5
[Source: *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1194 (9th Cir. 2018); *Desnick v. Am. Broad. Co., Inc.*, 44 F.3d 1345 (7th Cir. 1995).]

6

7
\_\_\_\_\_  GIVEN

8
\_\_\_\_\_  GIVEN AS MODIFIED

9

10
\_\_\_\_\_  REFUSED

11
\_\_\_\_\_  WITHDRAWN

12

13
_____

14
William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.7: FRAUD—CONCEALMENT**
**(Submitted to preserve issue for appeal)**

Fraudulent Concealment is a different claim that Fraudulent Misrepresentation. Plaintiffs are not bringing a claim for Fraudulent Concealment. Fraudulent Misrepresentation requires an affirmative false representation.

[Source: Complaint]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.8: FRAUD—RELIANCE**

The Plaintiff relied on the Defendant's representation, concealment, or promise if:

1. The representation, concealment, or promise substantially influenced it to permit the Defendant to attend or have an exhibit booth at the conferences, permit Defendants to meet with their staff at lunch meetings, or permit Defendants to visit their offices;

2. The Plaintiff would probably not have permitted the Defendant to attend or have an exhibit booth at the conferences, meet with their staff at lunch meetings, or visit their offices, without the representation, concealment, or promise.

It is not necessary for a representation, concealment, or promise to be the only reason for the Plaintiff's conduct.

[Source: CACI 1907]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.9: FRAUD—REASONABLE RELIANCE**

2

3

In determining whether the Plaintiff's reliance on the representation, concealment, or promise was reasonable, the Plaintiff must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

4

5

If you decide that the matter is material, you must then decide whether it was reasonable for the Plaintiff to rely on the representation, concealment or promise. In making this decision, take into consideration the Plaintiff's intelligence, knowledge, education, and experience.

6

7

However, it is not reasonable for anyone to rely on a representation, concealment, or promise that is preposterous. It also is not reasonable for anyone to rely on a representation, concealment, or promise if facts that are within its observation show that it is obviously false.

8

9

10

[Source: CACI 1908.]

11

12

_____ GIVEN

13

_____ GIVEN AS MODIFIED

14

15

_____ REFUSED

16

_____ WITHDRAWN

17

18

_____
William H. Orrick III
District Court Judge

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.10: FRAUD—FRAUD NOT PRESUMED**

Fraud is never presumed, but must always be proved by a preponderance of the evidence or clear and convincing evidence.

You should assume persons are fair and honest in their dealings until the contrary appears from the evidence.

If a transaction called into question is equally capable of two interpretations, one honest and the other fraudulent, it should be found to be honest.

[Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 123:09 (6 ed. 2011).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.11: FRAUD—CONSPIRACY**
**(Submitted to preserve issue for appeal)**

PPFA claims that it was harmed by fraudulent misrepresentations by CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez to it, and that each of the foregoing, as well as Defendants Troy Newman and Albin Rhomberg, are all responsible for all of the harm (except harm caused by publication) caused by any such fraudulent misrepresentations (even if made by other Defendants) because they are part of a conspiracy to commit fraudulent misrepresentation. A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez committed fraudulent misrepresentation that harmed PPFA, then you must determine whether every Defendant, including Troy Newman and Albin Rhomberg, is responsible for the harm cause by every other Defendants' actions. Each Defendant is only responsible for each other Defendants' actions if Plaintiff proves both of the following as to each Defendant:

1.   That each Defendant was aware that CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez planned to engage in fraudulent misrepresentation; and

2.   That each Defendant agreed with CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez and intended that the fraudulent misrepresentation be committed.

Mere knowledge of a wrongful act, without cooperation or an agreement to cooperate in the wrongful act, is insufficient to make each Defendant responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators. If the Plaintiffs meet their burden of proof as set forth above, they are not required to prove that Troy Newman or Albin Rhomberg personally committed a wrongful act or that they knew all the details of the agreement or the identities of all the other participants.

[Source: CACI 3600]

_____  GIVEN
_____  GIVEN AS MODIFIED
_____  REFUSED
_____  WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.12: FRAUD—AGENTS'
IMMUNITY RULE (Submitted to preserve issue for appeal)**

Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez claim that they were not part of a conspiracy because they were acting as an agent or employee of Defendant CMP. To succeed Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez must prove both of the following:

1. That Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez were acting in their official capacity on behalf of Defendant CMP;

2. That Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez were not acting to advance their own personal interests independent of CMP's interests.

If you find both of the above, then Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez can only be liable for conduct that they personally undertook, and not the conduct of other Defendants.

[Source: CACI 3602.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.13: FRAUD—BOARD MEMBERS**
**(Submitted to preserve issue for appeal; use No. 10.3 instead )**

Defendants Troy Newman and Albin Rhomberg were formerly board members of Defendant CMP, a corporation. Plaintiffs are seeking to hold Newman and Rhomberg liable in their personal capacity on Plaintiffs' fraudulent misrepresentation claim.

In order for Defendant(s) Newman and/or Rhomberg to be held liable on the fraudulent misrepresentation claim, Plaintiffs must establish each of the following things by a preponderance of the evidence:

1. One or more other Defendants committed the tort of fraudulent misrepresentation;

2. Newman and/or Rhomberg specifically authorized, directed or participated in conduct that constituted fraudulent misrepresentation; and

3. An ordinarily prudent person, knowing what Newman and/or Rhomberg knew at that time, would not have acted similarly under the circumstances.

[Source: *Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 508-09 (1986); *GeoData Sys. Mgmt. v. Am. Pac. Plastic Fabricators, Inc.*, No. 15-04125VAP (JEMx), 2016 U.S. Dist. LEXIS 195422, at *15-18 (C.D. Cal. Apr. 21, 2016).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.14: FRAUD—DAMAGES GENERALLY**

The Plaintiff can only recover damages flowing from the fraudulent affirmative misrepresentation, concealment, or promise itself—not any subsequent publication of ~~or public reaction to~~ any recording or information. If you find that any damages flow from the publication of the recordings or information, you cannot award those damages to the Plaintiff. ~~For purposes of your deliberations, CMP's publications must be assumed to be true.~~

[Source: *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505 (4th Cir. 1999).]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.15: FRAUD—DAMAGES MUST FLOW DIRECTLY FROM THE FRAUDULENT REPRESENTATION, CONCEALMENT, OR PROMISE**

The burden of proof is on PPFA to show what harm they would have experienced, if any, if CMP's videos had never been released. If Plaintiffs would not have suffered any harm from Defendants' prior representations, concealments, or promises without the videos being released, then Defendants cannot be found responsible for any harm.

[Source: *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505 (4th Cir. 1999).]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.16: FRAUD—COMPENSATORY DAMAGES**

The Plaintiff, in being awarded damages, is not to be placed in a better position than it would have occupied had the alleged fraud not been done.

[Source: *Gagne v. Bertran*, 43 Cal. 2d 481 (1954); *Valdez v. Taylor Auto. Co.*, 129 Cal. App. 2d 810 (1954).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3.17: FRAUD—INTERVENING CAUSE**

If factors other than the Defendants' representations, concealments, or promises, such as the Plaintiff's own decisions to increase security, are an intervening direct cause of the Plaintiff's injury, then that injury was not caused by the Defendants' actions.

[Source: *Ambassador Hotel Co., Ltd. v. Wei-Chuan Investment*, 189 F.3d 1017 (9th Cir. 1999).]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**FEDERAL WIRETAPPING (18 U.S.C. § 2511)**

2

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.1: FEDERAL WIRETAPPING—
INTRODUCTION**

3

4
5
6
7

The claim before you is based on a federal law called the Wiretap Act and alleges that the Defendant unlawfully intercepted oral communications. The statute, section 2511(1)(b)(iv) of Title 18 of the United States Code, provides that it is unlawful for "any person [to] intentionally intercept . . . any wire, oral, or electronic communication. Section 2520(a) of the Act then provides in pertinent part that "any person whose wire, oral, or electronic communication is intercepted . . . in violation of [the Wiretap Act]" may sue for damages in federal court.

8
9

Plaintiffs PPFA, PPNorCal, PPPSW, PPOSBC, PPCCC, PPPSGV, PPRM, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez unlawfully recorded their staff.

10

11
12

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-1 (April 2014) (verbatim except last paragraph added).]

13

14
_____ GIVEN

15
_____ GIVEN AS MODIFIED

16
_____ REFUSED

17
_____ WITHDRAWN

18

19

20
_____
William H. Orrick III
District Court Judge

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.2: FEDERAL WIRETAPPING—
ELEMENTS OF THE CLAIM**

Under the Federal Wiretap Act, each Plaintiff bringing this claim has the burden of proving each of the following elements by a preponderance of the evidence as to each individual Defendant:

First, that the Defendant intercepted a Plaintiffs' communication;

Second, that the intercepted communication was an oral communication, as I will define that term for you;

Third, that the Defendant acted intentionally;

Fourth, that, if only an oral communication was intercepted, there is some demonstrated federal nexus; and

Fifth, that there was actual use or disclosure of the intercepted recording, not mere recording.

[Sources: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-2 (April 2014) (slightly modified, including with fourth element added in line with *United States v. Burroughs*, 564 F.2d 1111, 1116 (4th Cir. 1977), and fifth element added in line with: *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 960 (7th Cir. 1982) ("We think it is the use of the interception with intent to harm rather than the fact of interception that is critical to liability, and there was no use of the interception here."); *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2019 WL 3997494, at *51 (N.D. Cal. Aug. 23, 2019) ("Unlike the federal statute, under Florida law there is no element of subsequent use or disclosure or purpose to commit a criminal or tortious act.").]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.3: FEDERAL WIRETAPPING—INTERCEPTION OF COMMUNICATION**

The first element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant intercepted its communication. To intercept a communication means to acquire access to the contents of that communication through the use of any electronic, mechanical, or other device. For the communication to be the Plaintiffs' communication, the Plaintiff must prove that the person recorded was speaking on behalf of the Plaintiff at the time.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-13 (April 2014) (slightly modified).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.4: FEDERAL WIRETAPPING—ORAL COMMUNICATION**

The second element that the Plaintiff must prove by a preponderance of the evidence is that the intercepted communication was an "oral communication."

An "oral communication" means any communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying that expectation that the communication is private.

With respect to whether a person has a justifiable expectation of privacy, if a person knows for a fact that his or her conversations are being monitored, then that person would not have a justifiable expectation of privacy. On the other hand, a person could still have a justifiable expectation of privacy even if he or she suspected that his or her conversations were being monitored. It is for you to determine whether, under all of the circumstances, the Plaintiffs had a justifiable expectation that his or her conversations were private.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-5 (April 2014) (modified to track language of statute).]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.5: FEDERAL WIRETAPPING—
SUBJECTIVE EXPECTATION OF PRIVACY**

A part of the second element that the Plaintiff must prove by a preponderance of the evidence is that the person recorded had a "subjective" expectation of privacy. This means the person recorded him or herself actually had an expectation of privacy, regardless of whether that expectation of privacy was reasonable.

[Source: *United States v. McIntyre*, 582 F.2d 1221, 1223 (9th Cir. 1978).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.5.1: FEDERAL WIRETAPPING—EXHIBITING THE EXPECTATION OF PRIVACY (Submitted to preserve issue for appeal)**

As part of the second element that the Plaintiff must prove by a preponderance of the evidence is that the person recorded "exhibited" an expectation of privacy. This means that the person must demonstrate or show externally his subjective expectation to those around him. For example, he could set ground rules for the conversation such as suggesting that it was confidential or off the record, or ask to move the conversation into a more private setting with fewer people around.

[Source: *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1319 (11th Cir. 2017); *but see Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2019 WL 3997494, at *51 (N.D. Cal. Aug. 23, 2019) ("Lopez argues that the Eleventh Circuit in *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1319 (11th Cir. 2017) recognized a separate requirement that those taped must 'show externally' and 'demonstrate' their expectation that they would not be recorded under Florida law. I have rejected that argument.").]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.6: FEDERAL WIRETAPPING—OBJECTIVELY REASONABLE EXPECTATION OF PRIVACY**

A part of the second element that the Plaintiff must prove by a preponderance of the evidence is that the person recorded had an "objectively reasonable" expectation of privacy. This means that the person's expectation of privacy must be one that society is prepared to accept as reasonable. It is for you to determine whether, under all of the circumstances, the Plaintiffs had a justifiable expectation that his or her conversations were private.

In making this determination, you should look to all of the factors, including:

1. The volume of the communication or conversation;

2. The proximity or potential of other individuals to overhear the conversation;

3. The potential for communications to be reported;

4. The identity and relationship of the parties;

5. Whether the communication concerned private or business matters;

6. The affirmative actions taken by the speakers to shield their privacy;

7. The need for technological enhancements to hear the communications; and

8. The place or location of the oral communications as it relates to the subjective expectations of the individuals who are communicating.

[Source: *United States v. Galloway*, No. CR 14-607 PJH, 2016 WL 4269961, at *9 (N.D. Cal. Aug. 15, 2016) (citing *Reynolds v. City & Cty. of San Francisco*, No. C 09-0301 RS, 2012 WL 1143830, at *5 (N.D. Cal. Mar. 30, 2012); *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 213–15 (5th Cir. 2001)); *United States v. Congote*, 656 F.2d 971, 976 (5th Cir. 1981); *Reynolds v. City & Cty. of San Francisco*, No. C 09-0301 RS, 2012 WL 1143830, at *5 (N.D. Cal. Mar. 30, 2012), *aff'd*, 576 F. App'x 698 (9th Cir. 2014).]

\_\_\_\_\_ GIVEN
\_\_\_\_\_ GIVEN AS MODIFIED
\_\_\_\_\_ REFUSED
\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.7: FEDERAL WIRETAPPING—
THE VOLUME OF THE COMMUNICATION**

With respect to the volume of the communication, society does not generally accept as reasonable expectations of privacy in communications that are loud enough to be heard in adjoining rooms, or overheard by nearby people, but does find that there can be an expectation of privacy where the parties spoke in hushed voices, or ceased speaking to avoid being overheard.

[Source: *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 215 n. 12 (5th Cir. 2001) (collecting cases).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.8: FEDERAL WIRETAPPING—
THE PROXIMITY OR POTENTIAL OF OTHER INDIVIDUALS TO OVERHEAR THE
CONVERSATION**

With respect to the proximity or potential of other individuals to overhear the conversation, society does not generally accept as reasonable expectations of privacy in communications made in large crowds or where there is a large number of people present.

[Source: *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 215 n. 13 (5th Cir. 2001) (collecting cases).]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.9: FEDERAL WIRETAPPING—
THE POTENTIAL FOR THE COMMUNICATION TO BE REPORTED**

2

3

With respect to the potential for the communication to be reported, society does not generally accept as reasonable expectations of privacy in communications where the speaker understands that there is a potential that the communications could be reported to legal authorities.

4

5

[Source: *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 215 n. 14 (5th Cir. 2001) (collecting cases).]

6

7

_____ GIVEN

8

_____ GIVEN AS MODIFIED

9

10

_____ REFUSED

11

_____ WITHDRAWN

12

13

_____

14

William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.10: FEDERAL WIRETAPPING—
THE IDENTITY OR RELATIONSHILP OF THE PARTIES**

With respect to the identity or relationship of the parties, the fact that the parties to the communication are strangers to each other, is a factor decreasing the degree to which society will find the expectation of privacy reasonable.

[Source: *United States v. Congote*, 656 F.2d 971, 976 (5th Cir. 1981); *State v. Gonzalez*, 278 Conn. 341, 353 (2006).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.11: FEDERAL WIRETAPPING—
WHETHER THE COMMUNICATION CONCERNED PRIVATE OR BUSINESS
MATTERS**

With respect to whether the communication concerned private or business matters, to the extent that the communication only reveals company confidential information, as opposed to information about personal life or affairs, that is a factor decreasing the degree to which society will find the expectation of privacy reasonable.

[Source: *Reynolds v. City & Cty. of San Francisco*, No. C 09-0301 RS, 2012 WL 1143830, at *5 (N.D. Cal. Mar. 30, 2012), *aff'd*, 576 F. App'x 698 (9th Cir. 2014) (citing *Medical Lab. Mgmt. Consultants v. Am. Broad. Co., Inc.*, 306 F.3d 806, 814 (9th Cir.2002).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.12: FEDERAL WIRETAPPING—AFFIRMATIVE ACTIONS TAKEN BY THE SPEAKERS TO SHIELD THEIR PRIVACY**

With respect to affirmative actions taken by the speakers to shield their privacy, the fact that the parties to the communication made efforts to exclude the uninvited ear, such as by stopping the conversation when it could be overheard, is a factor increasing the degree to which society will find the expectation of privacy reasonable.

[Source: *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 215 n. 15 (5th Cir. 2001) (collecting cases).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.13: FEDERAL WIRETAPPING—
THE NEED FOR TECHNOLOGICAL ENHANCEMENTS TO HEAR THE
COMMUNICATIONS**

With respect to the need for technological enhancements to hear the communications, the fact that a communication could be overheard with the naked ear is a factor diminishing the degree to which society will find the expectation of privacy reasonable.

[Source: *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 215 n. 16 (5th Cir. 2001) (collecting cases).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.14: FEDERAL WIRETAPPING—THE LOCATION OF THE COMMUNICATION**

With respect to the place or location of the oral communications as it relates to the subjective expectations of the individuals who are communicating, you should weigh the location against subjective expectations of privacy. For example, society does not generally accept as reasonable expectations of privacy in public places or places of business, unless the communication takes place in a secluded area, such as a telephone booth or a room corner. But this is for you to weigh. Bedroom whispers in the middle of a large house on a large, private tract of land carry quite different expectations of privacy, reasonably speaking, than does a boisterous conversation occurring in a crowded supermarket or subway.

[Source: *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 215 n. 17 (5th Cir. 2001) (collecting cases); *United States v. Gonzalez*, No. CRIM 07-748 (FSH), 2008 WL 4837468, at *2 (D.N.J. Oct. 31, 2008); *Gray v. Royal*, 181 F. Supp. 3d 1238, 1254 (S.D. Ga. 2016); *Brannen v. Kings Local Sch. Dist. Bd. of Edn.*, 144 Ohio App. 3d 620, 630 (Ohio Ct. App. 2001); *Thompson v. Johnson Cty. Cmty. Coll.*, 930 F. Supp. 501, 504, 507 (D. Kan. 1996).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.15: FEDERAL WIRETAPPING— INTENTIONAL CONDUCT**

The third element that the Plaintiffs must prove by a preponderance of the evidence is that the Defendant acted intentionally. To act intentionally means to act deliberately and purposefully. That is, the Defendant's acts must have been the product of Defendant's conscious objective to intercept the communication in question rather than the product of a mistake or accident.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-7 (April 2014) (verbatim).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1   **DEFENDANTS' PROPOSED INSTRUCTION NO. 4.16: FEDERAL WIRETAPPING—
    FEDERAL NEXUS**

2

3   The fourth element that the Plaintiffs must prove by a preponderance of the evidence is that there
    is some demonstrated federal nexus.

4

5   [Sources: *United States v. Burroughs*, 564 F.2d 1111, 1116 (4th Cir. 1977)).]

6

7   _____   GIVEN

8   _____   GIVEN AS MODIFIED

9   _____   REFUSED

10  _____   WITHDRAWN

11

12

13  _____
    William H. Orrick III
    District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.17: FEDERAL WIRETAPPING—ACTUAL USE OR DISCLOSURE**

2

3

4

The fifth element that the Plaintiffs must prove by a preponderance of the evidence is that the Defendant actually used the intercepted communication with intent to illegally harm (i.e., not via publication of newsworthy material). The fact of interception itself is not sufficient.

5

6

7

8

[Source: *By-Prod Corp. v. Armen-Berry Co.*, 668 F.2d 956, 960 (7th Cir. 1982) ("We think it is the use of the interception with intent to harm rather than the fact of interception that is critical to liability, and there was no use of the interception here."); *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2019 WL 3997494, at *51 (N.D. Cal. Aug. 23, 2019) ("Unlike the federal statute, under Florida law there is no element of subsequent use or disclosure or purpose to commit a criminal or tortious act.").]

9

10
_____ GIVEN

11
_____ GIVEN AS MODIFIED

12

13
_____ REFUSED

14
_____ WITHDRAWN

15

16
_____

17
William H. Orrick III
District Court Judge

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.18: FEDERAL WIRETAPPING— AFFIRMATIVE DEFENSE OF CONSENT**

Defendant has offered evidence that, as to each recording at issue, at least one of the defendants was a party to the communication because that defendant was recording the conversation.

I charge you that it is not unlawful for a person to intercept a communication when such person is a party to the communication, unless the communication was intercepted for the purpose of committing any criminal or wrongful act in violation of the Constitution or laws of the United States or of any State.

If you find that a Defendant was a party to each recorded communication, then the Plaintiff must prove by a preponderance of the evidence that the purpose of the interception was to commit a criminal or wrongful act in violation of the law, separate from the recording itself. The statute does not prohibit the recording of communications for the purpose of injuring the other party using legal means.

Here, Plaintiffs claim that Defendants made the recordings to use them to violate Civil RICO. Defendants claim that they made the recordings to document and publicize various immoral, unethical, illegal, or criminal practices.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-8 (April 2014) (modified to make more clear; fourth paragraph added); *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 966 (9th Cir. 1978); *Betancourt v. Nippy, Inc.*, 137 F. Supp. 2d 27, 32 n.5 (D.P.R. 2001).]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.19: FEDERAL WIRETAPPING—
PURPOSE TO DOCUMENT WRONGDOING—INTRODUCTION**

2

3   It is of no significance whether the present case involves a private individual, and not a reporter,
gathering information. The First Amendment right to gather news is not one that inures solely to
4   the benefit of the news media; rather, the public's right of access to information is coextensive with
that of the press. News stories are just as likely to be broken by a blogger at her computer as a
5   reporter at a major newspaper. The news-gathering protections of the First Amendment cannot
turn on professional credentials or status.

6

7   [Source: *Glik v. Cunniffe*, 655 F.3d 78, 84 (1st Cir. 2011)

8

9                           _____   GIVEN

10                          _____   GIVEN AS MODIFIED

11

12                          _____   REFUSED

13                          _____   WITHDRAWN

14

15                          _____
                            William H. Orrick III
16                          District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.20: FEDERAL WIRETAPPING—PURPOSE TO DOCUMENT WRONGDOING—SELLING HUMAN ORGANS AND TISSUE**

It is illegal under federal and California law to sell human body parts, such as organs or bones, whether those human body parts come from adults, children, or fetuses. But this does not include reasonable payments associated with the transportation, implantation, processing, preservation, quality control, or storage of human fetal tissue.

[Source: 42 U.S.C. §§ 274e, 289g-2(a); Cal. Health & Saf. Code §§ 1635(c), 7150.75, 7150.10(4), 125320(a).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.21: FEDERAL WIRETAPPING—
PURPOSE TO DOCUMENT WRONGDOING—HIPAA PRIVACY RULE**

It is illegal under federal law for a healthcare provider to disclose information relating to an individual's past, present, or future physical or mental health condition, and the provision of healthcare to the individual, unless the individual consents or there is a medically valid need to disclose the information, such as to another healthcare provider.

[Source: 45 C.F.R. §§ 160.103, 164.502(a).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.22: FEDERAL WIRETAPPING—
PURPOSE TO DOCUMENT WRONGDOING—TRANSFER OF WASTE TISSUE**

2

3

It is illegal under federal law for any person to take possession of waste tissue resulting from any medical procedure without the consent of the individual on whom the medical procedure was performed. This includes waste tissue resulting from an abortion.

4

5

[Source: 42 U.S.C. § 289g-1(b)(1).]

6

7

_____ GIVEN

8

_____ GIVEN AS MODIFIED

9

10

_____ REFUSED

11

_____ WITHDRAWN

12

13

_____

14

William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.23: FEDERAL WIRETAPPING—PURPOSE TO DOCUMENT WRONGDOING—ALTERING ABORTION TO OBTAIN TISSUE**

It is illegal under federal law for a medical provider to alter the timing, method, or procedures used to terminate a pregnancy solely for the purpose of obtaining fetal organs or tissue.

[Source: 42 U.S.C. § 289g-1(b)(2).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.24: FEDERAL WIRETAPPING—PURPOSE TO DOCUMENT WRONGDOING—ILLEGAL ABORTION PROCEDURES**

It is illegal under federal law for a physician to terminate a pregnancy by vaginally delivering a living fetus until, in the case of a head-first presentation, the entire fetal head is outside the body of the mother, or, in the case of feet-first presentation, any part of the fetal trunk past the navel is outside the body of the mother, and then terminating the partially delivered fetus.

[Source: 18 U.S.C. § 1531.]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.25: FEDERAL WIRETAPPING—PURPOSE TO DOCUMENT WRONGDOING—INFANT ~~MURDER~~HOMICIDE**

2

3

Under federal law, ~~murder~~ homicide includes the unlawful and intentional killing of any member of the species homo sapiens who has been expelled from his or her mother at any stage of development, even premature or non-viable infants, and who has a beating heart or definite movement of voluntary muscles.

4

5

6

[Source: 18 U.S.C. § 1111; 1 U.S.C. § 8.]

7

8                          _____  GIVEN

9                          _____  GIVEN AS MODIFIED

10                          _____  REFUSED

11                          _____  WITHDRAWN

12

13

14                          _____
                           William H. Orrick III
                           District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.26: FEDERAL WIRETAPPING—
PURPOSE TO DOCUMENT WRONGDOING—FETAL ~~MURDER~~HOMICIDE**

Under federal and California law, ~~murder~~ homicide includes the unlawful and intentional killing of a fetus, except with the consent of the mother of the fetus.

[Source: Cal. Penal Code § 187(a), (b)(3); 18 U.S.C. § 1841(a)(1), (c)(1)

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.27: FEDERAL WIRETAPPING—PURPOSE TO DOCUMENT WRONGDOING—RIGHT TO MEDICAL TREATMENT**

Under federal and California law, the rights to medical treatment of an infant prematurely born alive in the course of an abortion are the same as the rights of an infant of similar medical status prematurely born spontaneously.

[Source: Cal. Health & Saf. Code § 123435; 1 U.S.C. § 8.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.28: FEDERAL WIRETAPPING—PURPOSE TO DOCUMENT WRONGDOING—MEDICAL BATTERY**

Where a doctor obtains consent of the patient to perform one type of treatment and subsequently performs a substantially different treatment for which consent was not obtained, that is a medical battery.

[Source: *Cobbs v. Grant*, 8 Cal. 3d 229, 239 (1972); *Saxena v. Goffney*, 159 Cal. App. 4th 316, 324 (2008); CACI 530A.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.29: FEDERAL WIRETAPPING—
PURPOSE TO DOCUMENT WRONGDOING—INVALID CONSENT**

2

3

Consent is not a defense to an illegal act when the act was made criminal for the protection of a particular class.

4

5

[Source: *Doe 1 v. Hubbs*, No. A143158, 2018 WL 4579951, at *6 (Cal. Ct. App. Sept. 25, 2018); *In re Kennedy*, No. CIV 2:07-0069 FCDGGH, 2009 WL 256511, at *5 (E.D. Cal. Feb. 3, 2009).]

6

7                              _____  GIVEN

8                              _____  GIVEN AS MODIFIED

9                              _____  REFUSED

10                             _____  WITHDRAWN

11

12

13                             _____
                               William H. Orrick III
                               District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.30: FEDERAL WIRETAPPING—PURPOSE TO DOCUMENT WRONGDOING—RATIFICATION**

Defendants claim that Plaintiff PPFA is responsible for its affiliates' conduct because PPFA approved that conduct after it occurred. Below are the elements that would be required to establish this contention:

1. That PPFA's affiliates, although not authorized to do so, purported to act on behalf of PPFA;

2. That PPFA learned of its affiliates' unauthorized conduct, and all of the material facts involved in the unauthorized transaction, after it occurred; and

3. That PPFA then approved its affiliates' conduct.

Approval can be shown through words, or it can be inferred from a person's conduct.

[Source: CACI 3710]


_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.31: FEDERAL WIRETAPPING—PURPOSE TO VIOLATE CIVIL RICO**

To establish that ~~defeat Defendant's affirmative defense of consent based on the claim that~~ the recording was made to violate Civil RICO, the Plaintiff must establish that the recording at issue was essential to collecting illegal RICO income or that this was the Defendants' intended use for the recording. It is insufficient to establish that the recording was made simply to further a conspiracy.

[Source: *United States v. Christensen*, 624 F. App'x 466, 475 (9th Cir. 2015); *United States v. McTiernan*, 695 F.3d 882, 888 (9th Cir. 2012).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.39: FEDERAL WIRETAPPING— DAMAGES**

If you find that the Plaintiffs have proved that the Defendants are liable for a violation of the Wiretap Act, then you must determine what were each Plaintiff's actual damages.

In determining this amount, you should add together first, any damages that the Plaintiffs suffered as a direct result of Defendants' wrongful actions, and second, any profits made by the Defendants as a direct result of those wrongful actions.

Plaintiffs can only recover damages flowing from the act of recording itself, not any subsequent publication of ~~or public reaction to~~ any recording. If you find that any damages flow from the publication of the recording, you cannot award those damages to Plaintiffs. ~~For purposes of your deliberations, CMP's publications must be assumed to be true.~~

Instead of awarding actual damages, you may award statutory damages of $10,000 per Plaintiff. You may only award these damages if they are greater than the actual damages.

The burden is on the Plaintiffs to prove the amount of actual damages by a preponderance of the evidence.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-9 (April 2014) (verbatim, except third and fourth paragraphs added).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**FLORIDA WIRETAPPING (Fla. Stat. § 934.03)**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.1: FLORIDA WIRETAPPING—
INTRODUCTION**

The claim before you is based on a Florida law called the Wiretap Act and alleges that the Defendant unlawfully intercepted oral communications. The statute, section 934.03 of Title XLVII of the Florida Criminal Procedure Law, provides that it is unlawful for "any person . . . [to] intentionally intercept[] . . . any wire, oral, or electronic communication." Section 934.10 of the Act then provides in pertinent part that "[a]ny person whose wire, oral, or electronic communication is intercepted . . . in violation of [the Wiretap Act]" may sue for the greater of $1,000 or actual damages, punitive damages, and reasonable attorney's fees.

Plaintiffs PPFA, PPGC/CFC, PPOSB, PPPSGV, PPPSW, PPRM, and PPCCC claim that Defendants CMP, BioMax, David Daleiden and Adrian Lopez unlawfully recorded their staff.

Specifically:

1.  PPFA claims that Defendants unlawfully recorded Deborah Nucatola and Karen Shea once each in Miami, Florida, and that they recorded Anne-Marie Grewer, Deborah Vanderhei, June Gupta, Vanessa Cullins, and Deborah Nucatola (twice) in Orlando, Florida.

2.  PPRM claims that Defendants unlawfully recorded Savita Ginde once in Miami, Florida.

3.  PPGC/CFC claims that Defendants unlawfully recorded Bonnie Smith once and Paul Fine twice in Orlando, Florida.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-1 (April 2014) (modified for Florida).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.2: FLORIDA WIRETAPPING—
ELEMENTS OF THE CLAIM**

2

3

Under the Florida Wiretap Act, each Plaintiff bringing this claim has the burden of proving each of the following elements by a preponderance of the evidence as to each individual Defendant:

4

First, that the Defendant intercepted a Plaintiffs' communication;

5

6

Second, that the intercepted communication was an oral communication, as I will define that term for you; and

7

Third, that the Defendant acted intentionally.

8

9

[Sources: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-2 (April 2014) (modified for Florida).]

10

11

12                         _____ GIVEN

13                         _____ GIVEN AS MODIFIED

14                         _____ REFUSED

15                         _____ WITHDRAWN

16

17                         _____

18                         William H. Orrick III
                           District Court Judge

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.3: FLORIDA WIRETAPPING—INTERCEPTION OF COMMUNICATION**

2

3

The first element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant intercepted its communication. To intercept a communication means to acquire access to the contents of that communication through the use of any electronic, mechanical, or other device. For the communication to be the Plaintiffs' communication, the Plaintiff must prove that the person recorded was speaking on behalf of the Plaintiff at the time.

4

5

6

7

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-13 (April 2014) (modified for Florida, and modified for corporation).]

8

9          _____  GIVEN

10          _____  GIVEN AS MODIFIED

11

12          _____  REFUSED

13          _____  WITHDRAWN

14

15          _____
            William H. Orrick III
16          District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.4: FLORIDA WIRETAPPING—
ORAL COMMUNICATION**

The second element that the Plaintiff must prove by a preponderance of the evidence is that the intercepted communication was an "oral communication."

An "oral communication" means any communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying that expectation that the communication is private.

With respect to whether a person has a justifiable expectation of privacy, if a person knows for a fact that his or her conversations are being monitored, then that person would not have a justifiable expectation of privacy. On the other hand, a person could still have a justifiable expectation of privacy even if he or she suspected that his or her conversations were being monitored. It is for you to determine whether, under all of the circumstances, the Plaintiffs had a justifiable expectation that his or her conversations were private.


[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-5 (April 2014) (modified to track statute).]


_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.5: FLORIDA WIRETAPPING—
SUBJECTIVE EXPECTATION OF PRIVACY**

2

3

A part of the second element that the Plaintiff must prove by a preponderance of the evidence is
that the person recorded had a "subjective" expectation of privacy. This means the person
recorded him or herself actually had an expectation of privacy, regardless of whether that
expectation of privacy was reasonable.

4

5

6

[Source: *State v. Inciarrano*, 473 So. 2d 1272, 1275 (Fla. 1985).]

7

8              _____ GIVEN

9              _____ GIVEN AS MODIFIED

10             _____ REFUSED

11             _____ WITHDRAWN

12

13

14             _____
               William H. Orrick III
               District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.5.1: FLORIDA WIRETAPPING—EXHIBITING THE EXPECTATION OF PRIVACY (Submitted to preserve issue for appeal)**

As part of the second element that the Plaintiff must prove by a preponderance of the evidence is that the person recorded "exhibited" an expectation of privacy. This means that the person must demonstrate or show externally his subjective expectation to those around him. For example, he could set ground rules for the conversation such as suggesting that it was confidential or off the record, or ask to move the conversation into a more private setting with fewer people around.

[Source: *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1319 (11th Cir. 2017); *but see Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2019 WL 3997494, at *51 (N.D. Cal. Aug. 23, 2019) ("Lopez argues that the Eleventh Circuit in *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1319 (11th Cir. 2017) recognized a separate requirement that those taped must 'show externally' and 'demonstrate' their expectation that they would not be recorded under Florida law. I have rejected that argument.").]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.6: FLORIDA WIRETAPPING—
OBJECTIVELY REASONABLE EXPECTATION OF PRIVACY**

A part of the second element that the Plaintiff must prove by a preponderance of the evidence is that the person recorded had an "objectively reasonable" expectation of privacy. This means that the person's expectation of privacy must be one that Florida ~~society~~ is prepared to accept as reasonable. It is for you to determine whether, under all of the circumstances, the Plaintiffs had a justifiable expectation that his or her conversations were private.

In making this determination, you should look to all of the factors, including:

    1.   The location where the communication took place;

    2.   The manner in which the communication was made;

    3.   The nature of the communication;

    4.   The intent of the speaker;

    5.   The purpose of the communication;

    6.   The conduct of the speaker;

    7.   The number of people present; and

    8.   The contents of the communication.

[Source: *Brugmann v. State*, 117 So. 3d 39, 49, 51 (Fla. Dist. Ct. App. 2013) (identifying factors)]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.7: FLORIDA WIRETAPPING—
THE LOCATION WHERE THE COMMUNICATION WAS MADE**

With respect to the location where the communication was made, Florida does not generally accept as reasonable expectations of privacy in public places or places of business, unless the communication takes place in a secluded area, such as a telephone booth or a room corner.

[Source: *Brugmann v. State*, 117 So. 3d 39 (Fla. Dist. Ct. App. 2013); *Wentz v. Project Veritas*, No. 6:17-cv-1164-Orl-18GJK, 2019 WL 1716024, at *5 (M.D. Fla. Apr. 16, 2019).]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.8: FLORIDA WIRETAPPING—
THE MANNER IN WHICH THE COMMUNICATION WAS MADE**

2

3

With respect to the manner in which the communication was made, Florida does not generally accept as reasonable expectations of privacy in communications that express threats or extortions.

4

5

[Source: *Stevenson v. State*, 667 So. 2d 410, 412 (Fla. Dist. Ct. App. 1996) (citing *State v. Inciarrano*, 473 So. 2d 1272 (Fla. 1985)) (manner).]

6

7

_____ GIVEN

8

_____ GIVEN AS MODIFIED

9

10

_____ REFUSED

11

_____ WITHDRAWN

12

13

_____

14

William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.9: FLORIDA WIRETAPPING—
THE NATURE OF THE COMMUNICATION WAS MADE**

2

3

With respect to the nature of the communication, Florida does not generally accept as reasonable expectations of privacy where the circumstances surrounding the making of the statement were highly suggestive of criminal activity.

4

5

[Source: *Brugmann v. State*, 117 So. 3d 39, 51 (Fla. Dist. Ct. App. 2013) (citing *Migut v. Flynn*, 131 F. App'x 262, 263 (11th Cir. 2005)) (nature).]

6

7

8                              _____ GIVEN

9                              _____ GIVEN AS MODIFIED

10                             _____ REFUSED

11                             _____ WITHDRAWN

12

13

14                             _____
                               William H. Orrick III
                               District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.10: FLORIDA WIRETAPPING—THE INTENT AND CONDUCT OF THE SPEAKER, AND THE PURPOSE OF THE COMMUNICATION**

3
4
5

With respect to the intent and conduct of the speaker, and the purpose of the communication, Florida does not generally accept as reasonable expectations of privacy for communications made during the commission of a crime, or where the communication is for the purpose of or in furtherance of the commission of a crime.

6
7

[Source: *Brugmann v. State*, 117 So. 3d 39, 49–50, 60–61 (Fla. Dist. Ct. App. 2013) (citing *Jatar v. Lamaletto*, 758 So. 2d 1167, 1169 (Fla. Dist. Ct. App. 2000)) (contents).]

8

9

_____ GIVEN

10

_____ GIVEN AS MODIFIED

11

_____ REFUSED

12

13

_____ WITHDRAWN

14

15

_____
William H. Orrick III
District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.11: FLORIDA WIRETAPPING—
THE NUMBER OF PEOPLE PRESENT**

With respect to the number of people present, generally the more people who are present the less likely that Florida will accept an expectation of privacy as reasonable.

[Source: *Brugmann v. State*, 117 So. 3d 39, 51 (Fla. Dist. Ct. App. 2013) (citing *Dep't of Agric. & Consumer Servs. v. Edwards*, 654 So. 2d 628, 632–33 (Fla. Dist. Ct. App. 1995)).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.12: FLORIDA WIRETAPPING—
THE CONTENTS OF THE COMMUNICATION**

With respect to the contents of the communication, Florida does not generally accept as reasonable expectations of privacy where the contents of the communication reveal illegal activity.

[Source: *Brugmann v. State*, 117 So. 3d 39, 60 (Fla. Dist. Ct. App. 2013); *Adams v. Sumner*, 39 F.3d 933, 936 (9th Cir. 1994).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.13: FLORIDA WIRETAPPING—INTENTIONAL CONDUCT**

The third element that the Plaintiffs must prove by a preponderance of the evidence is that the Defendant acted intentionally. To act intentionally means to act deliberately and purposefully. That is, the Defendant's acts must have been the product of Defendant's conscious objective to intercept the communication in question rather than the product of a mistake or accident.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-7 (April 2014) (modified for Florida).]

_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.14: FLORIDA WIRETAPPING—DAMAGES**

If you find that the Plaintiffs have proved that the Defendants are liable for a violation of the Wiretap Act, then you must determine what were each Plaintiff's actual damages.

In determining this amount, you should add together first, any damages that the Plaintiffs suffered as a direct result of Defendants' wrongful actions, and second, any profits made by the Defendants as a direct result of those wrongful actions.

Plaintiffs can only recover damages flowing from the act of recording itself, not any subsequent publication of or public reaction to any recording. If you find that any damages flow from the publication of the recording, you cannot award those damages to Plaintiffs. ~~For purposes of your deliberations, CMP's publications must be assumed to be true.~~

Instead of awarding actual damages, you may award statutory damages of $1,000 per Plaintiff. You may only award these damages if they are greater than the actual damages.

The burden is on the Plaintiffs to prove the amount of actual damages by a preponderance of the evidence.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-9 (April 2014) (verbatim, except third and fourth paragraphs added).]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**MARYLAND WIRETAPPING (Md. Code Ann., Cts. & Jud. Proc. § 10-402)**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.1: MARYLAND WIRETAPPING—INTRODUCTION**

The claim before you is based on a Maryland law called the Wiretap Act and alleges that the Defendant unlawfully intercepted oral communications. The statute, section 10-402 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code, provides that it is unlawful for "any person to [] [w]illfully intercept[] . . . any wire, oral, or electronic communication." Section 10-410 of the Act then provides in pertinent part that "[a]ny person whose wire, oral, or electronic communication is intercepted . . . in violation of [the Wiretap Act]" may sue for the greater of $1,000 or actual damages, punitive damages, and reasonable attorney's fees.

Plaintiffs PPFA, PPGC/CFC, and PPRM claim that Defendants CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez unlawfully recorded their staff.

Specifically:

1.  PPFA claims that Defendants unlawfully recorded Deborah Nucatola, Kristin Flood, Deborah Vanderhei, and Jen Castle in Maryland.

2.  PPRM claims that Defendants unlawfully recorded Savita Ginde in Maryland.

3.  PPGC/CFC claims that Defendants unlawfully recorded Ann Schutt-Aine, Tram Nguyen, and Jackie Kinabrew in Maryland.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-1 (April 2014) (modified for Maryland).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.2: MARYLAND WIRETAPPING—ELEMENTS OF THE CLAIM**

Under the Maryland Wiretap Act, each Plaintiff bringing this claim has the burden of proving each of the following elements by a preponderance of the evidence as to each individual Defendant:

First, that the Defendant intercepted a Plaintiffs' communication;

Second, that the intercepted communication was an oral communication, as I will define that term for you; and

Third, that the Defendant acted willfully.

[Sources: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-2 (April 2014) (modified for Maryland).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.3: MARYLAND WIRETAPPING—INTERCEPTION OF COMMUNICATION**

2

3

The first element that the Plaintiff must prove by a preponderance of the evidence is that the Defendant intercepted its communication. To intercept a communication means to acquire access to the contents of that communication through the use of any electronic, mechanical, or other device. For the communication to be the Plaintiffs' communication, the Plaintiff must prove that the person recorded was speaking on behalf of the Plaintiff at the time.

4

5

6

7

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-13 (April 2014) (modified for Maryland, and modified for corporation).]

8

9                         _____  GIVEN

10                        _____  GIVEN AS MODIFIED

11

12                        _____  REFUSED

13                        _____  WITHDRAWN

14

15                        _____
                          William H. Orrick III
16                        District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.4: MARYLAND WIRETAPPING—ORAL COMMUNICATION**

The second element that each Plaintiff must prove by a preponderance of the evidence is that the intercepted communication was an "oral communication."

An "oral communication" means any conversation or words spoken to or by any person in private conversation.

With respect to whether a person has a justifiable expectation of privacy, if a person knows for a fact that his or her conversations are being monitored, then that person would not have a justifiable expectation of privacy. On the other hand, a person could still have a justifiable expectation of privacy even if he or she suspected that his or her conversations were being monitored. It is for you to determine whether, under all of the circumstances, the Plaintiffs had a justifiable expectation that his or her conversations were private.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-5 (April 2014) (modified to track Maryland statute, § 10-401(13)(i)).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.5: MARYLAND WIRETAPPING—SUBJECTIVE EXPECTATION OF PRIVACY**

As part of the second element that each Plaintiff must prove by a preponderance of the evidence is that the person recorded had a "subjective" expectation of privacy. This means the person recorded him or herself actually had an expectation of privacy, regardless of whether that expectation of privacy was reasonable.

[Source: *Malpas v. State*, 116 Md. App. 69, 84 (1997); *Hughes v. State*, No. 123, Sept. Term 2016, 2018 WL 6719420, at *13 (Md. Ct. Spec. App. Dec. 19, 2018).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.6: MARYLAND WIRETAPPING—OBJECTIVELY REASONABLE EXPECTATION OF PRIVACY**

A part of the second element that the Plaintiff must prove by a preponderance of the evidence is that the person recorded had an "objectively reasonable" expectation of privacy. This means that the person's expectation of privacy must be one that ~~society~~ Maryland is prepared to accept as reasonable. It is for you to determine whether, under all of the circumstances, the Plaintiffs had a justifiable expectation that his or her conversations were private.

In making this determination, you should look to all of the factors, including:

1.   The location where the communication took place;

2.   The identity of the participants to the conversation;

3.   Whether the communication revealed private information; and

4.   Whether the communication could be overheard

[Source: *Mills v. PPE Casino Resorts Maryland, LLC*, No. CV RDB-15-495, 2017 WL 1862474, at *4 (D. Md. May 8, 2017); *Malpas v. State*, 116 Md. App. 69, 84, 695 A.2d 588, 595 (1997).]


_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.7: MARYLAND WIRETAPPING—THE LOCATION WHERE THE COMMUNICATION OCCURRED**

With respect to the location where the communication occurred, Maryland does not generally accept as reasonable expectations of privacy in public places or places of business because what a person knowingly exposes to the public is not private.

[Source: *Malpas v. State*, 116 Md. App. 69, 84 (1997).]

      \_\_\_\_\_  GIVEN

      \_\_\_\_\_  GIVEN AS MODIFIED

      \_\_\_\_\_  REFUSED

      \_\_\_\_\_  WITHDRAWN

      _____

      William H. Orrick III
      District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.8: MARYLAND WIRETAPPING—
THE IDENTITY OF THE PARTICIPANTS TO THE CONVERSATION**

2

3

With respect to the identity of the participants to the conversation, Maryland does not generally accept as reasonable expectations of privacy with respect to material shared with strangers because a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.

4

5

6

[Source: *Mills v. PPE Casino Resorts Maryland, LLC*, No. CV RDB-15-495, 2017 WL 1862474, at *4 (D. Md. May 8, 2017); *Malpas v. State*, 116 Md. App. 69, 84 (1997).]

7

8

_____  GIVEN

9

_____  GIVEN AS MODIFIED

10

11

_____  REFUSED

12

_____  WITHDRAWN

13

14

_____

William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.9: MARYLAND WIRETAPPING—WHETHER THE COMMUNICATION REVEALED PRIVATE INFORMATION**

With respect to whether the communication revealed private information, Maryland does not generally accept as reasonable expectations of privacy with respect to material that does not reveal information about individuals' private lives.

[Source: *Mills v. PPE Casino Resorts Maryland, LLC*, No. CV RDB-15-495, 2017 WL 1862474, at *5 (D. Md. May 8, 2017).]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.10: MARYLAND WIRETAPPING— WHETHER THE COMMUNICATION CAN BE OVERHEARD**

With respect to whether the communication could be overheard, Maryland does not generally accept as reasonable expectations of privacy with respect to material that can be overheard with the naked ear.

[Source: *Malpas v. State*, 116 Md. App. 69, 84 (1997).]


_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.11: MARYLAND WIRETAPPING—WILLFUL CONDUCT**

2

3

The third element that each Plaintiff must prove by a preponderance of the evidence is that the Defendant acted willfully. To act willfully means to act deliberately and purposefully. That is, the Defendant's acts must have been the product of Defendant's conscious objective to intercept the communication in question rather than the product of a mistake or accident.

4

5

6

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-7 (April 2014) (essentially verbatim).]

7

8

_____ GIVEN

9

_____ GIVEN AS MODIFIED

10

11

_____ REFUSED

12

_____ WITHDRAWN

13

14

_____

William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 6.12: MARYLAND WIRETAPPING—DAMAGES**

If you find that one or more of the Plaintiffs have proved that the Defendants are liable for a violation of the Wiretap Act, then you must determine what were each Plaintiff's actual damages.

In determining this amount, you should add together first, any damages that the Plaintiffs suffered as a direct result of Defendants' wrongful actions, and second, any profits made by the Defendants as a direct result of those wrongful actions.

Plaintiffs can only recover damages flowing from the act of recording itself, not any subsequent publication of or public reaction to any recording. If you find that any damages flow from the publication of the recording, you cannot award those damages to Plaintiffs. For purposes of your deliberations, CMP's publications must be assumed to be true.

Instead of awarding actual damages, you may award statutory damages of $1,000 per Plaintiff. You may only award these damages if they are greater than the actual damages.

The burden is on the Plaintiffs to prove the amount of actual damages by a preponderance of the evidence.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-9 (April 2014) (verbatim, except third and fourth paragraphs added).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**CALIFORNIA INVASION OF PRIVACY ACT (Cal. Penal Code §§ 632, 633.5, 634, 637.2)**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.1: CALIFORNIA INVASION OF PRIVACY ACT—INTRODUCTION**

The claim before you is based on a California law called the Invasion of Privacy Act, located in the California Penal Code. Section 632 of that Act prohibits recording confidential communications without the consent of all parties to the communication, and section 634 of that Act prohibits trespassing for the purpose of making such recordings. Section 632.7 then provides that any person who has been injured by a violation of California's Invasion of Privacy Act may sue for damages.

Plaintiffs PPFA, PPNorCal, PPPSGV, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, and Sandra Merritt unlawfully recorded their staff.

Specifically:

1. PPFA claims that Defendants unlawfully recorded Todd Buckacker and Deborah Nucatola (twice) at the NAF Annual Meeting held in San Francisco, California.
2. PPFA also claims that Defendants unlawfully recorded Deborah Nucatola at a restaurant in Pasadena, California.
3. PPNorCal claims that Defendant unlawfully recorded Debbie Bamberger and Leslie Drummond at the NAF Annual Meeting in San Francisco, California.
4. PPPSGV claims that Defendants unlawfully recorded Mary Gatter and Laurel Felczer at a restaurant in Los Angeles, California.
5. PPGC/CFC claims that Defendant unlawfully recorded Cassie Ramey at the NAF Annual Meeting held in San Francisco, California.

Also, Plaintiffs PPFA, PPNorCal, and PPGC/CFC claim that Defendants CMP, BioMax, David Daleiden, and Sandra Merritt unlawfully trespassed at the NAF Annual Meeting held in San Francisco, California for the purpose of unlawfully recording their staff.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-1 (April 2014) (modified with elements from Cal. Penal Code §§ 632, 637.2 (2015)).]

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.2: CALIFORNIA INVASION OF PRIVACY ACT—EAVESDROPPING**

Plaintiffs claim that certain Defendants violated their right to privacy. To establish this claim, Plaintiffs must prove all of the following as to each Defendant at issue:

1.  That the Defendant intentionally recorded a confidential communication with the Plaintiff by using an electronic device;

2.  That the Plaintiff's conversation with the Defendant was a confidential communication;

3.  That the Defendant did not have the consent of all parties to the confidential communication to record it.

If you find all of the above, then the law assumes that the Plaintiff has been harmed and the Plaintiff is entitled to $5,000. Individual Plaintiffs are entitled to additional damages if they prove the following:

4.  That the Plaintiff was harmed by the recording itself in excess of $5,000; and

5.  That the Defendant's conduct was a substantial factor in causing the Plaintiff's harm.

[Source: CACI 1809 (modified)]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.3: CALIFORNIA INVASION OF PRIVACY ACT—INTENTIONALLY RECORDING A CONFIDENTIAL COMMUNICATION**

Under the Recording provision of California's Invasion of Privacy Act, the first element that the Plaintiffs must prove by a preponderance of the evidence is that the Defendant intentionally recorded the communication.

The word "intentionally" does not go only to the act of putting the recording equipment in operation. It is not the purpose of the statute to punish a person who intends to make a recording but only a person who intends to make a recording of a "confidential communication."

Under the Recording provision of California's Invasion of Privacy Act, the second element that the Plaintiffs must prove by a preponderance of the evidence is that the Defendant recorded a "confidential communication." A conversation is not a "confidential communication" in any circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

It is not relevant whether the party has an objectively reasonable expectation that the content will not later be divulged to third parties, e.g., because the content is private. The standard of confidentiality is an objective one defined in terms of reasonableness and whether the communication can be overheard.

[Source: *People v. Superior Court of Los Angeles Cty.*, 70 Cal. 2d 123, 132 (Cal. 1969); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (Cal. 2002); *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1465 (Cal. Ct. App. 2014); *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).]


\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.4: CALIFORNIA INVASION OF PRIVACY ACT—STANDING**

2

3

For a corporation to maintain a claim for violation of the California's Invasion of Privacy Act, it must establish that the defendant recorded conversations with its employees in their capacities as the corporation's employees.

4

5

[Source: *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-DHB, 2016 WL 3543699, at *6 (S.D. Cal. June 29, 2016).]

6

7

8                                         _____ GIVEN

9                                         _____ GIVEN AS MODIFIED

10                                        _____ REFUSED

11                                        _____ WITHDRAWN

12

13

14                                        _____
                                          William H. Orrick III
                                          District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.5: CALIFORNIA INVASION OF PRIVACY ACT—TRESPASS TO EAVESDROP**

Plaintiffs claim that certain Defendants trespassed on NAF's property for the purpose of invading their privacy under California's Invasion of Privacy Act. To establish this claim, Plaintiffs must prove all of the following as to each Defendant at issue:

1. That NAF had a possessory interest in the property;

2. That the Defendant intentionally entered NAF's property;

3. That NAF did not give consent for the entry;

4. That the Defendant's purpose for entering was to violate California's Invasion of Privacy Act; and

5. That the Plaintiff was injured by the entry itself.

If you find all of the above, then the law assumes that the Plaintiff has been harmed and the Plaintiff is entitled to $5,000. The Plaintiff is entitled to additional damages if the Plaintiff proves the following:

6. That the Plaintiff was harmed by the entry itself in excess of $5,000; and

7. That the Defendant's conduct was a substantial factor in causing the Plaintiff's harm.

[Source: CACI 1809, 2000; Cal. Penal Code § 634.]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.6: CALIFORNIA INVASION OF PRIVACY ACT—INVESTIGATING VIOLENT FELONIES**

It is an affirmative defense to violation of California's Invasion of Privacy Act that the Defendant made the recording of the confidential communication because he reasonably believed it to be necessary in furtherance of an investigation into the crimes of extortion, kidnapping, bribery, or any felony involving violence against the person, including, but not limited to, human trafficking or domestic violence, being committed by another party to the confidential communication.

Reasonable belief means that a reasonable person knowing the evidence that Defendants knew at the time of conduct would believe that the crimes of extortion, kidnapping, bribery, or any felony involving violence against the person were being committed by the other party to the confidential communication.

The recording need not capture the anticipated evidence, and need not be made to gather evidence for use in a criminal prosecution. The Plaintiff does not have to be found to have committed the crimes of extortion, kidnapping, bribery, or any felony involving violence against the person.

[Source: Cal. Penal Code § 633.5; Digest of Assembly Bill 860 (Jun. 16, 1967); 82 Cal. Op. Cal. Att'y Gen. 148, 1999 WL 566799 (1999); *Lubetzky v. State Bar*, 54 Cal. 3d 308, 321 (1991).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.7: CALIFORNIA INVASION OF PRIVACY ACT—INFANT ~~MURDER~~HOMICIDE**

Under federal law, ~~murder~~ homicide includes the unlawful and intentional killing of any member of the species homo sapiens who has been expelled from his or her mother at any stage of development, even premature or non-viable infants, and who has a beating heart or definite movement of voluntary muscles.

[Source: 18 U.S.C. § 1111; 1 U.S.C. § 8.]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.8: CALIFORNIA INVASION OF PRIVACY ACT—FETAL ~~MURDER~~HOMICIDE**

Under federal and California law, ~~murder~~ homicide includes the unlawful and intentional killing of a fetus, except with the consent of the mother of the fetus.

[Cal. Penal Code § 187(a), (b)(3); 18 U.S.C. § 1841(a)(1), (c)(1)

　　　　　　　　　　_____   GIVEN

　　　　　　　　　　_____   GIVEN AS MODIFIED

　　　　　　　　　　_____   REFUSED

　　　　　　　　　　_____   WITHDRAWN


　　　　　　　　　　_____
　　　　　　　　　　William H. Orrick III
　　　　　　　　　　District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.9: CALIFORNIA INVASION OF PRIVACY ACT—RIGHT TO MEDICAL TREATMENT**

2

3   Under federal and California law, the rights to medical treatment of an infant prematurely born alive in the course of an abortion are the same as the rights of an infant of similar medical status prematurely born spontaneously.

4

5

[Source: Cal. Health & Saf. Code § 123435; 1 U.S.C. § 8.]

6

7                                              _____  GIVEN

8                                              _____  GIVEN AS MODIFIED

9

10                                             _____  REFUSED

11                                             _____  WITHDRAWN

12

13                                       _____
                                         William H. Orrick III
14                                       District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.10: CALIFORNIA INVASION OF PRIVACY ACT—INVALID CONSENT**

Consent is not a defense to an illegal act when the act was made criminal for the protection of a particular class.

[Source: *Doe 1 v. Hubbs*, No. A143158, 2018 WL 4579951, at *6 (Cal. Ct. App. Sept. 25, 2018); *In re Kennedy*, No. CIV 2:07-0069 FCDGGH, 2009 WL 256511, at *5 (E.D. Cal. Feb. 3, 2009).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.11: CALIFORNIA INVASION OF PRIVACY ACT—ILLEGAL ABORTION~~OIN~~ PROCEDURES**

It is illegal under federal law for a physician to terminate a pregnancy by vaginally delivering a living fetus until, in the case of a head-first presentation, the entire fetal head is outside the body of the mother, or, in the case of feet-first presentation, any part of the fetal trunk past the navel is outside the body of the mother, and then terminating the partially delivered fetus.

[Source: 18 U.S.C. § 1531.]


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.12: CALIFORNIA INVASION OF PRIVACY ACT—ALTERING ABORTION TO OBTAIN TISSUE**

It is illegal under federal law for a medical provider to alter the timing, method, or procedures used to terminate a pregnancy solely for the purpose of obtaining fetal organs or tissue.

[Source: 42 U.S.C. § 289g-1(b)(2).]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.13: CALIFORNIA INVASION OF PRIVACY ACT—MEDICAL BATTERY**

2

3   Where a doctor obtains consent of the patient to perform one type of treatment and subsequently performs a substantially different treatment for which consent was not obtained, that is a medical battery.

4

5

6   [Source: *Cobbs v. Grant*, 8 Cal. 3d 229, 239 (1972); *Saxena v. Goffney*, 159 Cal. App. 4th 316, 324 (2008).]

7

8                     _____   GIVEN

9                     _____   GIVEN AS MODIFIED

10                    _____   REFUSED

11                    _____   WITHDRAWN

12

13

14                    _____
                      William H. Orrick III
15                    District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.4: CALIFORNIA INVASION OF PRIVACY ACT—DAMAGES**

If you find that the Plaintiff has proved that the Defendant is liable for a violation of the Invasion of Privacy Act, then you must determine what were each Plaintiff's actual damages.

In determining this amount, you should add together first, any damages that the Plaintiff suffered as a direct result of the Defendant's wrongful actions, and second, any profits made by the Defendants as a direct result of those wrongful actions. Then you should multiply those damages by three.

California's Invasion of Privacy Act does not prohibit the disclosure of information gathered in violation of its terms. Although a recording preserves the conversation and thus could cause greater damage to an individual's privacy in the future, these losses are not protected by the Act. ~~For purposes of your deliberations, CMP's publications must be assumed to be true.~~

The "actual damages" must relate directly to the surreptitious recording or trespass. For example, an individual may have suffered emotional distress or outrage upon discovering that he had been surreptitiously recorded or had his property trespassed upon. Corporations cannot recover for emotional distress themselves or on behalf of their staff.

Instead of awarding actual damages, you may award statutory damages of $5,000 per Plaintiff. Statutory damages are limited to $5,000 per Plaintiff in this action, not $5,000 per each recording of trespass. You may only award these damages if they are greater than the actual damages.

The burden is on the Plaintiffs to prove the amount of actual damages by a preponderance of the evidence.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 92-9 (April 2014) (modified with law from: Cal. Penal Code §§ 632, 634, 637.2 (2015);; *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 167 (Cal. Ct. App. 2003); *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1393 (Cal. Ct. App. 2011); *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 19 (Cal. Ct. App. 1977); *Franklin v. Ocwen Loan Servicing, LLC*, No. 18-CV-03333-SI, 2018 WL 5923450, at *6 (N.D. Cal. Nov. 13, 2018)).]

\_\_\_\_\_   GIVEN
\_\_\_\_\_   GIVEN AS MODIFIED
\_\_\_\_\_   REFUSED
\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**TRESPASS (Common Law)**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 8.1: TRESPASS—INTRODUCTION**

PPFA claims that CMP, BioMax, David Daleiden and Adrian Lopez trespassed at PPFA conferences in Miami, Orlando, and Washington D.C.,

PPRM and PPGC/CFC claim that CMP, BioMax, David Daleiden and Sandra Merritt trespassed at their offices in Denver, Colorado and Houston, Texas. Each of the five trespasses must be evaluated separately.

The Court has already found that BioMax, Daleiden, and Lopez~~the above Defendants~~ made these trespasses. The only issues that you need to determine is whether any damages were caused by these trespasses, and if so, whether CMP should be held liable for any of those damages.

[Source: MSJ Ruling]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 8.2: TRESPASS—DAMAGES**

The Plaintiff can only recover damages if the Defendant's trespass was a substantial factor in causing the harm. The Plaintiff can only recover damages flowing from the act of trespass itself, not any subsequent publication of or public reaction to any recording or information. If you find that any damages flow from the publication of the recording or information, you cannot award those damages to Plaintiffs. For purposes of your deliberations, CMP's publications must be assumed to be true.

[Source: MSJ Ruling; CACI 2000]


\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 8.3: TRESPASS—CMP LIABILITY**

PPFA, PPGC/CFC, and PPRM claim that CMP trespassed on their property. To establish this claim, each of those Plaintiffs must prove all of the following as to CMP:

    1.   That the Plaintiff had a possessory interest in the property;

    2.   That CMP intentionally entered that Plaintiff's property;

    3.   That the Plaintiff did not give consent for the entry;

If you find all of the above, then there is trespass, and you may award the Plaintiff nominal damages, such as $1. Individual Plaintiffs are entitled to additional damages if they prove the following:

    4.   That the Plaintiff was harmed by the entry itself in excess of $1; and

    5.   That CMP's conduct was a substantial factor in causing the Plaintiff's harm.

[Source: CACI 2000.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**BREACH OF CONTRACTS (Common Law)**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.1.1: BREACH OF CONTRACT—BACKGROUND**

A contract is a promise or set of promises exchanged between parties. If either party breaches the promise, the law provides the non-breaching party the right to pursue a remedy that will still provide to the non-breaching party the benefits of the contract as if it were not breached. Damages arising from a breach of contract claim are typically limited to the benefits the contract would have provided if both parties had fulfilled their duties.

To be binding, a contract must include a manifestation of mutual assent among the contracting parties to be bound to the terms and conditions of the promises reflected in the contract. This is referred to as the "meeting of the minds." There must be a meeting of the minds; there can be no contract if only one party intends to be bound.

Because intent, including intent to be bound, is difficult to prove as it relates to a person's state of mind, the law presumes that a person intends the natural and probable consequences of that person's acts. The meeting of the minds or the mutual manifestation of intent may be inferred wholly or partly by written or spoken words or by other acts or conduct at the time the parties signed the contract. An internal or unexpressed intention not to be bound is ineffective.

In determining whether there was any contract, you must decide whether or not there was a meeting of the minds between the parties with respect to the terms of the alleged agreement and an intention to be bound to those terms at the time the parties signed the contract.

PPFA, PPNorCal, and PPGC/CFC ~~and~~ claim that CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez breached various contracts relating to two NAF conferences held in San Francisco and Baltimore (Claim 5), one visit to PPGC/CFC offices in Houston (Claim 15), and three PPFA conferences held in Miami, Orlando, and Washington D.C. (Claim 4). Each of the contracts do not relate to each other, and must be evaluated separately.

[Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 126:01 (6 ed. 2011) (modified, including last paragraph added).]

\_\_\_\_\_   GIVEN
\_\_\_\_\_   GIVEN AS MODIFIED
\_\_\_\_\_   REFUSED
\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.1.2: BREACH OF CONTRACT— MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

[Source: CACI 315.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.1.3: BREACH OF CONTRACT—CONSTRUCTION OF CONTRACT AS A WHOLE**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

[Source: CACI 317.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.1.4: BREACH OF CONTRACT—CONSTRUCTION AGAINST DRAFTER**

In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you. If, after considering these instructions, you still cannot agree on the meaning of the words, then you should interpret the contract against the party who drafted it, NAF or PPFA or PPGC.

[Source: CACI 320.]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.1: BREACH OF NAF EXHIBITOR AGREEMENTS—INTRODUCTION (CLAIM 5(A))**

PPFA, PPNorCal, and PPGC/CFC claim that NAF and CMP, BioMax, and David Daleiden entered into a contract called an Exhibitor Agreement for the 2014 conference hosted by NAF. Plaintiffs PPFA and PPGC/CFC claim that NAF and Defendants CMP, BioMax, and David Daleiden entered into a contract called an Exhibitor Agreement for the 2015 conference hosted by NAF.

The Plaintiffs claim that the Defendants breached the Exhibitor Agreements by (1) promising not to misrepresent their identities and then misrepresenting them; and (2) promising not to disclose confidential information learned at NAF conferences and then doing so.

The Plaintiffs also claim that the breaches by the Defendants caused harm to the Plaintiffs, for which the Defendants should pay.

CMP, BioMax, and David Daleiden each (1) deny that a valid contract existed due to no meeting of the minds; (2) deny that the contracts prohibited them from misrepresenting their identities; (3) deny that they are prohibited from disclosing the information they acquired; and (4) deny that PPFA, PPNorCal, and PPGC/CFC suffered any damages from the alleged breaches.

[Source: CACI 300.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.2: BREACH OF NAF EXHIBITOR AGREEMENTS—THIRD PARTY BENEFICIARY (CLAIM 5(A))**

PPFA, PPNorCal, and PPGC/CFC are not parties to the contract. Typically, only parties to a contract may enforce the contract. However, PPFA, PPNorCal, and PPGC/CFC may be entitled to damages for breach of contract if they prove that NAF and CMP, BioMax, and David Daleiden, intended for PPFA, PPNorCal, and PPGC/CFC to benefit from their contract. It is not necessary for PPFA, PPNorCal, and PPGC/CFC to have been named in the contract. However, the contract must be clear enough that the parties could understand that the parties had an intent to benefit PPFA, PPNorCal, and PPGC/CFC. In deciding what NAF and CMP, BioMax, and David Daleiden intended, you should consider the entire contract and the circumstances under which it was made.


[Source: CACI 301.]


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.3: BREACH OF NAF EXHIBITOR AGREEMENTS—CONTRACT FORMATION (CLAIM 5(A))**

2

3    PPFA, PPNorCal, and PPGC/CFC claims that NAF and CMP, BioMax, and David Daleiden

4    entered into contracts. To prove that a contract was created, PPFA, PPNorCal, and PPGC/CFC must prove all of the following:

5       1.   That the contract terms were clear enough that the parties could understand what each was

6            required to do, i.e., the contract terms were clear enough that the Defendants would understand that their conduct would breach the contract;

7
        2.   That the parties agreed to give each other something of value in exchange for the other's

8            promise; and

9       3.   That the parties agreed to the terms of the contract.

10

11   When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

12

13   If PPFA, PPNorCal, and PPGC/CFC did not prove all of the above, then a contract was not created.

14

15   [Source: CACI 302.]

16

17                                        _____ GIVEN

18                                        _____ GIVEN AS MODIFIED

19
                                          _____ REFUSED
20
                                          _____ WITHDRAWN
21

22

23                                        _____
                                          William H. Orrick III
                                          District Court Judge
24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.4: BREACH OF NAF
EXHIBITOR AGREEMENTS—BREACH (CLAIM 5(A))**

To recover damages from the Defendants for breach of contract, PPFA, PPNorCal, and PPGC/CFC must prove all of the following:

1.  That NAF and the Defendants entered into a contract;

2.  That NAF did all, or substantially all, of the significant things that the contract required it to do;

3.  That all conditions required by the contract for the Defendants' performance occurred, e.g., that NAF permitted the Defendants to host an exhibit booth at the conference; and

4.  That the Defendants failed to do something that the contract required them to do, or did something that the contract prohibited them from doing

If you find all of the above, then there is breach, and you may award the Plaintiff ~~is entitled to~~ nominal damages, such as $1. Individual Plaintiffs are entitled to additional damages if they prove the following:

5.  That PPFA, PPNorCal, and PPGC/CFC were harmed by the breach; and

6.  That the Defendants' breach of contract was a substantial factor in causing PPFA, PPNorCal, and PPGC/CFC's harm.

[Source: CACI 303.]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.5: BREACH OF NAF EXHIBITOR AGREEMENTS—SUBSTANTIAL PERFORMANCE (CLAIM 5(A))**

The Defendants contend that NAF did not perform all of the things that it was required to do under the contract, because NAF would not permit the Defendants access to the exhibit booth without a second agreement, and therefore the Defendant did not have to perform their obligations under the contract. To overcome this contention, PPFA, PPNorCal, and PPGC/CFC must prove both of the following:

1.  That NAF made a good faith effort to comply with the contract; and

2.  That the Defendants received essentially what the contract called for because NAF's failures, if any, were so trivial or unimportant that they could have been easily fixed or paid for.

[Source: CACI 312.]


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.6: BREACH OF NAF EXHIBITOR AGREEMENTS—FRAUD (CLAIM 5(A))**

CMP, BioMax, and David Daleiden claim that no contract was created because their consent was obtained by fraud. To succeed, CMP, BioMax, and David Daleiden must prove all of the following:

1.  That NAF represented that by agreeing to the Exhibitor Agreement, the Defendants would be permitted to attend and host an exhibit booth at the NAF conferences without having to agree to any further requirements;

2.  That NAF knew that the representation was not true;

3.  That NAF made the representation to persuade the Defendants to agree to the contract;

4.  That the Defendants reasonably relied on this representation; and

5.  That the Defendants would not have entered into the contract if they had known that the representation was not true.

If you decide that CMP, BioMax, and David Daleiden have proved all of the above, then no contract was created.


[Source: CACI 335.]


_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.7: BREACH OF NAF EXHIBITOR AGREEMENTS—DISPUTED WORDS 1 (CLAIM 5(A))**

The Plaintiffs and the Defendants dispute the meaning of the following words: "Exhibitor agrees to identify, display, and/or represent their businesses, products, and/or services truthfully, accurately, and consistently with the information provided in the Application."

The Plaintiffs claim that the words means that the Defendants promised not to use pseudonymous identities, promised not to withhold their true identities, and promised not to misrepresent the degree to which BioMax had actually procured fetal tissue for transfer to researchers.

The Defendants claim that the words mean that the Defendants were required to present an Exhibit that was consistent with their application to exhibit, but that it did not require them to identify that they were citizen journalists founding a start-up tissue procurement company.

The Plaintiffs must prove that their interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

[Source: CACI 314.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.2.8: BREACH OF NAF EXHIBITOR AGREEMENTS—DISPUTED WORDS 2 (CLAIM 5(A))**

The Plaintiffs and the Defendants dispute the meaning of the following words:

> In connection with NAF's Annual Meeting, Exhibitor understands that any information NAF may furnish is confidential and not available to the public. Exhibitor agrees that all written information provided by NAF, or any information which is disclosed orally or visually to Exhibitor, or any other exhibitor or attendee, will be used solely in conjunction with Exhibitor's business and will be made available only to Exhibitor's officers, employees, and agents. Unless authorized in writing by NAF, all information is confidential and should not be disclosed to any other individual or third parties.

The Plaintiffs claim that the words mean that all information learned at NAF meetings is confidential, and disclosing it to anybody breaches the Exhibitor Agreement.

The Defendants claim that the words mean that only written information provided or furnished by NAF itself to exhibitors, and not all information learned, is confidential and cannot be disclosed.

The Plaintiffs must prove that their interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

[Source: CACI 314.]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.3.1: BREACH OF NAF CONFIDENTIALITY AGREEMENTS—INTRODUCTION (CLAIM 5(B))**

2

3   PPFA, PPNorCal, and PPGC/CFC claim that NAF and CMP, BioMax, David Daleiden and

4   Sandra Merritt entered into a contract called a Confidentiality Agreement for the 2014 conference hosted by NAF. PPFA and PPGC/CFC claim that NAF and CMP, BioMax, and Adrian Lopez entered into a contract called a Confidentiality Agreement for the 2015 conference hosted by NAF.

5

6   The Plaintiffs claim that the Defendants breached the Confidentiality Agreements by (1) making surreptitious recordings at the NAF conferences; and (2) disclosing confidential information

7   learned at NAF conferences.

8   The Plaintiffs also claim that the Defendants' breaches of these contracts caused harm to the

9   Plaintiffs, for which the Defendants should pay.

10   CMP, BioMax, David Daleiden, Sandra Merritt and Adrian Lopez each (1) deny that a valid contract was formed due to lack of consideration; (2) deny that they are prohibited from disclosing

11   the information they acquired; and (3) deny that PPFA, PPNorCal, and PPGC/CFC suffered any damages.

12

13   [Source: CACI 300.]

14

15                          _____ GIVEN

16                          _____ GIVEN AS MODIFIED

17
                           _____ REFUSED
18
                           _____ WITHDRAWN
19

20

21                          _____
                           William H. Orrick III
22                          District Court Judge

23

24

25

26

27

28

1   **DEFENDANTS' PROPOSED INSTRUCTION NO. 9.3.2: BREACH OF NAF**
2   **CONFIDENTIALITY AGREEMENTS—THIRD PARTY BENEFICIARY (CLAIM 5(B))**

3   PPFA, PPNorCal, and PPGC/CFC are not parties to the contract. Typically, only parties to a contract may enforce the contract. However, PPFA, PPNorCal, and PPGC/CFC may be entitled to damages for breach of contract if they prove that NAF and CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez intended for PPFA, PPNorCal, and PPGC/CFC to benefit from their contract. It is not necessary for PPFA, PPNorCal, and PPGC/CFC to have been named in the contract. However, the contract must be clear enough that the parties could understand that the parties had an intent to benefit PPFA, PPNorCal, and PPGC/CFC. In deciding what NAF and CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez intended, you should consider the entire contract and the circumstances under which it was made.

9   [Source: CACI 301.]

11   _____ GIVEN

12   _____ GIVEN AS MODIFIED

13   _____ REFUSED

14   _____ WITHDRAWN

17   _____
     William H. Orrick III
     District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.3.3: BREACH OF NAF CONFIDENTIALITY AGREEMENTS—CONTRACT FORMATION (CLAIM 5(B))**

PPFA, PPNorCal, and PPGC/CFC claim that NAF and CMP, BioMax, David Daleiden, Sandra Merritt, and Adrian Lopez entered into contracts. To prove that a contract was created, PPFA, PPNorCal, and PPGC/CFC must prove all of the following:

1.  That the contract terms were clear enough that the parties could understand what each was required to do i.e., the contract terms were clear enough that the Defendants would understand that their conduct would breach the contract;

2.  That the parties agreed to give each other something of value; and

3.  That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If PPFA, PPNorCal, and PPGC/CFC did not prove all of the above, then a contract was not created.

[Source: CACI 302.]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.3.4: BREACH OF NAF CONFIDENTIALITY AGREEMENTS—BREACH (CLAIM 5(B))**

To recover damages from the Defendants for breach of contract, PPFA, PPNorCal, and PPGC/CFC must prove all of the following:

1. That NAF and the Defendants entered into a contract;

2. That NAF did all, or substantially all, of the significant things that the contract required it to do;

3. That all conditions required by the contract for the Defendants' performance occurred; and

4. That the Defendants failed to do something that the contract required them to do, or did something that the contract prohibited them from doing

If you find all of the above, then there is breach, and you may award the Plaintiff ~~is entitled to~~ nominal damages, such as $1. Individual Plaintiffs are entitled to additional damages if they prove the following:

5. That PPFA, PPNorCal, and PPGC/CFC were harmed by the breach; and

6. That the Defendants' breach of contract was a substantial factor in causing PPFA, PPNorCal, and PPGC/CFC's harm.

[Source: CACI 303.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.3.5: BREACH OF NAF CONFIDENTIALITY AGREEMENTS—CONSIDERATION (CLAIM 5(B))**

The Defendants contend that NAF did not agree to give the Defendants something of value, but rather they were coerced into signing the Confidentiality Agreements by NAF's wrongful threat of breaching the Exhibitor Agreements by not permitting them access to their exhibit booth. To overcome this contention, PPFA, PPNorCal, and PPGC/CFC must prove both of the following:

1. That NAF agreed to give Defendants something of value; and

2. That the item of value was not something that NAF was already legally obligated to provide to the Defendants.

[Source: *Passante v. McWilliam*, 53 Cal. App. 4th 1240, 1247 (1997); *Leonard v. Gallagher*, 235 Cal. App. 2d 362, 373 (1965).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.3.6: BREACH OF NAF CONFIDENTIALITY AGREEMENTS—DISPUTED WORDS 1 (CLAIM 5(B))**

The Plaintiffs and the Defendants dispute the meaning of the following words: "Attendees are prohibited from making video, audio, photographic, or other recordings of the meetings or discussions at this conference."

The Plaintiffs claim that the words means that the Defendants could not make any recordings whatsoever at the NAF conferences.

The Defendants claim that the words means that they were not permitted to record formal conference events, but not informal conversations.

The Plaintiffs must prove that their interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

[Source: CACI 314.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.3.7: BREACH OF NAF
CONFIDENTIALITY AGREEMENTS—DISPUTED WORDS 2 (CLAIM 5(B))**

2

3      The Plaintiffs and the Defendants dispute the meaning of the following words: "NAF Conference
Information includes all information distributed or otherwise made available at this conference by

4      NAF or any conference participants through all written materials, discussions, workshops or other
means. . . . Attendees may not disclose any NAF Conference Information. . . ."

5

6      The Plaintiffs claim that the words means all information learned at NAF meetings is confidential,
and disclosing it to anybody breaches the Confidentiality Agreement.

7

8      The Defendants claim that the words mean that only information provided or furnished by NAF, or
provided at formal discussions or workshops, and not all information learned, is confidential and
cannot be disclosed.

9

10     The Plaintiffs must prove that their interpretation is correct.

11     In deciding what the words of a contract mean, you must decide what the parties intended at the
time the contract was created. You may consider the usual and ordinary meaning of the language

12     used in the contract as well as the circumstances surrounding the making of the contract.

13

14     [Source: CACI 314.]

15

16                              _____ GIVEN

17                              _____ GIVEN AS MODIFIED

18                              _____ REFUSED

19                              _____ WITHDRAWN

20

21
                               _____
22                             William H. Orrick III
                               District Court Judge
23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.4.1: BREACH OF PPGC NONDISCLOSURE AGREEMENT—INTRODUCTION (CLAIM 15)**

2

3

PPGC claims that it and BioMax and David Daleiden entered into a contract called a Nondisclosure Agreements for Defendants' visit to PPGC's offices.

4

5

PPGC claims that BioMax and David Daleiden breached the contract by recording their meeting with PPGC personnel at the PPGC offices, and then publishing that recording online.

6

7

PPGC also claims that BioMax and David Daleiden's breaches of this contract caused harm to PPGC for which BioMax and David Daleiden should pay.

8

9

BioMax and David Daleiden (1) deny that they were prohibited from making the recording; (2) deny that they were prohibited from publishing the recording; and (2) deny that PPGC suffered any damages.

10

11

[Source: CACI 300.]

12

13

_____ GIVEN

14

_____ GIVEN AS MODIFIED

15

_____ REFUSED

16

_____ WITHDRAWN

17

18

19

_____
William H. Orrick III
District Court Judge

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.4.2: BREACH OF PPGC NONDISCLOSURE AGREEMENT—CONTRACT FORMATION (CLAIM 15)**

PPGC claims that it and BioMax and David Daleiden entered into a contract. To prove that a contract was created, PPGC must prove all of the following:

1.  That the contract terms were clear enough that the parties could understand what each was required to do i.e., the contract terms were clear enough that the Defendants would understand that their conduct would breach the contract;

2.  That the parties agreed to give each other something of value; and

3.  That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If PPGC did not prove all of the above, then a contract was not created.

[Source: CACI 302.]

\_\_\_\_\_  GIVEN

\_\_\_\_\_  GIVEN AS MODIFIED

\_\_\_\_\_  REFUSED

\_\_\_\_\_  WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.4.3: BREACH OF PPGC NONDISCLOSURE AGREEMENT—BREACH (CLAIM 15)**

To recover damages from BioMax and David Daleiden for breach of contract, PPGC must prove all of the following:

1. That PPGC and BioMax and David Daleiden entered into a contract;

2. That PPGC did all, or substantially all, of the significant things that the contract required it to do;

3. That all conditions required by the contract for BioMax and David Daleiden's performance occurred, i.e., material was identified at the time of disclosure as confidential, or reasonably understood by BioMax and Daleiden as confidential; and

4. That BioMax and David Daleiden did something that the contract prohibited them from doing, i.e., copy or publish PPGC confidential information.

If you find all of the above, then there is breach, and you may award PPGC ~~is entitled to~~ nominal damages, such as $1. PPGC is entitled to additional damages if they prove the following:

5. That PPGC was harmed; and

6. That BioMax and David Daleiden's breach of contract was a substantial factor in causing PPGC's harm.

[Source: CACI 303.]


\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.4.4: BREACH OF PPGC NONDISCLOSURE AGREEMENT—MEANING OF WORDS (CLAIM 15)**

The Nondisclosure Agreement contains the following language:

> Subject to the limitations set forth in Paragraph 2, all information disclosed by the Disclosing Party to the Recipient shall be deemed to be "Confidential Information." In particular, "Confidential Information" shall be deemed to include (i) all written information of the Disclosing Party, and (ii) all oral information of the Disclosing Party, which in either case is identified at the time of disclosure as being of a confidential or proprietary nature or is reasonably understood by the Recipient to be confidential under the circumstances of the disclosure. . . .

The Court has already determined that the general language "all information disclosed" is modified by the next sentences, such that the Nondisclosure Agreement does not generally cover "all information disclosed," but only covers the information identified in (i) and (ii).

[Source: MSJ Ruling]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.4.5: BREACH OF PPGC NONDISCLOSURE AGREEMENT—DISPUTED WORDS (CLAIM 15)**

The Nondisclosure Agreement contains the following language: "Recipient will not copy any Confidential Information of the Disclosing Party, except as authorized in writing by the Disclosing Party. . . ."

PPGC claims that the words means that the Defendants were prohibited from video recording any conversation with PPGC where Confidential Information is discussed. Defendants disagree with this interpretation.

The Plaintiffs must prove that their interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.


[Source: CACI 314.]


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.5.1: BREACH OF PPFA EXHIBITOR AGREEMENTS—BREACH (CLAIM 4)**

2

3   PPFA claims that it and BioMax, and David Daleiden entered into the following contracts: (1) Miami, Florida Conference Exhibitor Agreement; (2) Orlando, Florida Conference Exhibitor Agreement; (3) Washington, D.C. Conference Exhibitor Agreement.

4

5   The Court has also already held that Defendants David Daleiden and BioMax breached those contracts in two ways.

6

7   The first breach is in paragraph 1 of the general section and paragraph 12 of the "exhibit space" section of the Miami contract, and paragraph 1 of the general section and paragraph 11 of the

8   "exhibit space" section of the Orlando contract. Daleiden and BioMax breached these paragraphs because the BioMax exhibit booth was not educational and informative.

9

10   The second breach was in paragraph 3 of the "legal and compliance matters" section of the Miami and Orlando contracts, and paragraph 16 of the "legal and compliance matters" section of the

11   Washington D.C. contract. Daleiden and BioMax also breached these paragraphs because the BioMax exhibit booth was not educational, useful, or actual.

12

13   The only issue you need to decide are what damages flow from these breaches, if any.

14   [Source: MSJ Ruling]

15

16                                    _____ GIVEN

17                                    _____ GIVEN AS MODIFIED

18                                    _____ REFUSED

19                                    _____ WITHDRAWN

20

21

22                                    _____
                                     William H. Orrick III
                                     District Court Judge

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.6.1: BREACH OF CONTRACT— INTRODUCTION TO CONTRACT DAMAGES**

2

3    If you decide that the Plaintiff has proved its claim against the Defendant for breach of contract, you also must decide how much money will reasonably compensate the Plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put the Plaintiff in as good a position as it would have been if the Defendant had performed as promised.

4

5

6    To recover damages for any harm, the Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

7

8    The Plaintiff also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

9

10

11   The Plaintiffs claim that due to the Defendants' breaches of contracts, the Plaintiffs had to increase the security measures at their conferences and offices. Plaintiffs claim that the Defendants should have to reimburse them for the costs of those security measures.

12

13   Plaintiffs can only recover damages flowing from the breaches themselves, not any subsequent publication of ~~or public reaction to~~ any recording. If you find that any damages flow from the publication of the recording, you cannot award those damages to Plaintiffs. ~~For purposes of your deliberations, CMP's publications must be assumed to be true.~~

14

15

16   [Source: CACI 350 (last two paragraphs added).]

17

18   _____ GIVEN

19   _____ GIVEN AS MODIFIED

20

21   _____ REFUSED

22   _____ WITHDRAWN

23

24   _____
     William H. Orrick III
25   District Court Judge

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.6.2: BREACH OF CONTRACT—MITIGATION OF DAMAGES**

If the Defendant breached the contract and the breached caused harm, the Plaintiff is not entitled to recover damages for harm that the Defendant proves the Plaintiff could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of the Plaintiff's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

If the Plaintiff made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

[Source: CACI 358.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 9.6.3: BREACH OF CONTRACT—SUBSTANTIAL FACTOR**

2

3

The Plaintiff is only entitled to recover damages for loss or harm that was caused by the specific breach of contract. In law, a breach of contract is considered to have caused a loss or harm if it was a substantial factor in bringing it about. Therefore, you may not award the Plaintiff damages for a particular loss or harm unless you find that a breach of contract by the Defendants was a substantial factor in bringing it about.

4

5

6

[Source: CACI 303, Element 6.]

7

8

_____ GIVEN

9

_____ GIVEN AS MODIFIED

10

11

_____ REFUSED

12

_____ WITHDRAWN

13

14

_____

William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSPIRACY**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10.1: CONSPIRACY—ESSENTIAL FACTUAL ELEMENTS**

The Plaintiffs claim that they were harmed by the Defendants' alleged fraud, unlawful recording, and trespass, and that each Defendant is responsible for the harm because each Defendant was part of a conspiracy to engage in fraud, unlawful recording, and trespass. A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that certain Defendants committed fraud, unlawful recording, or trespass that harmed a certain Plaintiff, then you must determine whether any Defendant is responsible for the harm. Each Defendant is only responsible for any other Defendants' actions if Plaintiff proves both of the following as to each Defendant:

1.  That each Defendant was aware that the other Defendant planned to engage in fraud, unlawful recording, or trespass resulting in harm other than from publication or a public reaction to any recordings or information; and

2.  That each Defendant agreed with the other Defendant and intended that the fraud, unlawful recording, or trespass be committed.

Mere knowledge of a wrongful act, without cooperation or an agreement to cooperate in the wrongful act, is insufficient to make each Defendant responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators. If the Plaintiffs meet their burden of proof as set forth above, they are not required to prove that the other Defendant personally committed a wrongful act or that they knew all the details of the agreement or the identities of all the other participants.

[Source: CACI 3600]

\_\_\_\_\_   GIVEN
\_\_\_\_\_   GIVEN AS MODIFIED
\_\_\_\_\_   REFUSED
\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10.2: CONSPIRACY—AGENTS' IMMUNITY RULE**

Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez claim that they were not part of a conspiracy because they were acting as an agent or employee of Defendant CMP. To succeed Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez must prove both of the following:

1.  That Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez were acting in their official capacity on behalf of Defendant CMP;

2.  That Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez were not acting to advance their own personal interests independent of CMP's interests.

If you find both of the above, then Defendants BioMax, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, and Adrian Lopez can only be liable for conduct that they personally undertook, and not the conduct of other Defendants.

[Source: CACI 3602.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10.3: CONSPIRACY—BOARD MEMBERS**

Defendants Troy Newman and Albin Rhomberg were formerly board members of Defendant CMP, a corporation. Plaintiffs are seeking to hold Newman and Rhomberg liable in their personal capacity on Plaintiffs' claims against CMP.

In order for Defendant(s) Newman and/or Rhomberg to be held liable on the claims, Plaintiffs must establish each of the following things by a preponderance of the evidence:

1. One or more other Defendants committed the fraud, unlawful recording, or trespass with the understanding it would result in harm other than from publication or a public reaction to any recordings or information;

2. Newman and/or Rhomberg specifically authorized, directed or participated in conduct that constituted fraudulent misrepresentation; and

3. An ordinarily prudent person, knowing what Newman and/or Rhomberg knew at that time, would not have acted similarly under the circumstances.

[Source: *Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 508-09 (1986); *GeoData Sys. Mgmt. v. Am. Pac. Plastic Fabricators, Inc.*, No. 15-04125VAP (JEMx), 2016 U.S. Dist. LEXIS 195422, at *15-18 (C.D. Cal. Apr. 21, 2016).]

_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DAMAGES**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.1: DAMAGES GENERALLY**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on or more of its claims, you must determine the Plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. The universe of sought damages are represented on the invoices entered into evidence by the Plaintiffs.

[Source: Ninth Circuit Model Jury Instruction 5.1.]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.2: CONSIDER DAMAGES ONLY IF NECESSARY**

2

3 If the Plaintiff has proven by a preponderance of the credible evidence that a Defendant is liable on

the Plaintiff's claim, then you must determine the damages to which the Plaintiff is entitled.

4 However, you should not infer that the Plaintiff is entitled to recover damages merely because I am

instructing you on the elements of damages. It is exclusively your function to decide upon liability,

5 and I am instructing you on damages only so that you will have guidance should you decide that the

Plaintiff is entitled to recovery.

6

7 [Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 77-1 (April 2014).]

8

9 _____ GIVEN

10 _____ GIVEN AS MODIFIED

11

12 _____ REFUSED

13 _____ WITHDRAWN

14

_____
15 William H. Orrick III
District Court Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.3: ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the ~~other~~ invoices~~evidence~~ that ha~~s~~ve been admitted during trial.

[Source: CACI 3925.]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.4: TORT DAMAGES**

If you decide that the Plaintiff has proved its claims for Civil RICO, Fraudulent Misrepresentation, Unlawful Recording, and/or Trespass against the Defendant, you also must decide how much money will reasonably compensate the Plaintiff for the harm. This compensation is called "damages." The amount of damages must include an award for each item of harm that was caused by the Defendant's predicate acts or wrongful conduct, even if the particular harm could not have been anticipated. The Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages and your award should correspond to the invoices that the Plaintiffs have entered into evidence in this case.

[Source: CACI 3900.]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.5: CONTRACT DAMAGES**

If you decide that the Plaintiff has proved its claim against the Defendant for breach of contract, you also must decide how much money will reasonably compensate the Plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put the Plaintiff in as good a position as it would have been if the Defendant had performed as promised. To recover damages for any harm, the Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract. The Plaintiff also must prove the amount of its damages. The Plaintiff does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages and your award should correspond to the invoices that the Plaintiffs have entered into evidence in this case.

[Source: CACI 350]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.6: COMPENSATORY DAMAGES**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the Defendant's violation of the Plaintiff's rights. If you find that the Defendant is liable on the claims, as I have explained them, then you must award the Plaintiff sufficient damages to compensate him or her for any injury proximately caused by the Defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the Plaintiff whole—that is, to compensate him or her for the damage suffered. Damages for a breach of contract should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.

I remind you that you may award compensatory damages only for injuries that a Plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages that corresponds to the invoices that the Plaintiffs have entered into evidence in this case.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 77-3 (April 2014).]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.7: PUBLICATION DAMAGES**

This lawsuit is not about whether the Defendant's published information about the Plaintiffs is true or false. The Plaintiffs have not brought an action challenging the truth or falsity of that published information. Instead, Plaintiffs have brought an action challenging the means by which the information was gathered. Under the law, a party cannot recover damages to their reputation caused by the publishing of ~~true and~~ newsworthy material because those damages are legally caused by the party's own wrongdoing. As a result, ~~for the purposes of determining damages, you must assume that the Defendants' published information about Plaintiffs is true, and~~ you may not award any damages that you find to flow from, or be caused by, the publication of information.

[Source: *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505 (4th Cir. 1999).]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.7.1: NONRECOVERABLE DAMAGES**

2

3

You may have heard evidence of that certain Plaintiffs incurred damages that they are not seeking to recover through this lawsuit. This evidence is only intended to provide background and context. You should not assume that those damages were caused by Defendants or related to Defendants in any way. There are many reasons why a party might choose not to recover certain damages, including both tactical reasons, and because those damages were not caused by the Defendants.

4

5

6

7

[Source: *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505 (4th Cir. 1999); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808, 839 (N.D. Cal. 2016).]

8

9                                     _____ GIVEN

10                                    _____ GIVEN AS MODIFIED

11

12                                    _____ REFUSED

13                                    _____ WITHDRAWN

14

15                              _____
                               William H. Orrick III
16                              District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.8: PROXIMATELY CAUSED DAMAGES**

2

3   You are not to award damages for any injury or condition from which the Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence

4   in the case that such injury or condition was proximately, i.e. legally, caused by the Defendants' conduct.

5

6   [Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 128.70 (6 ed. 2011).]

7

8   _____   GIVEN

9   _____   GIVEN AS MODIFIED

10

11   _____   REFUSED

12   _____   WITHDRAWN

13

14   _____
    William H. Orrick III
15   District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.9: ATTORNEYS' FEES AND COURT COSTS**

2

3
If you find for the Plaintiff, you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of the Plaintiffs' damages. I will decide the matter of attorneys

4
'fees and court costs, if any, later.

5

6
[Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 128.100 (6 ed. 2011); see also CACI 3964.]

7

8
_____ GIVEN

9
_____ GIVEN AS MODIFIED

10

11
_____ REFUSED

12
_____ WITHDRAWN

13

14
_____
William H. Orrick III
District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.10: MITIGATION OF DAMAGES**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances in order to prevent the aggravation of such injuries and to effect a recovery from such injuries.

 [Source: FEDERAL JURY PRACTICE AND INSTRUCTIONS, Instruction 128.50 (6 ed. 2011) (verbatim); *see also* CACI 3930, 358; Ninth Circuit Model Jury Instruction 5.3.]

\_\_\_\_\_   GIVEN

\_\_\_\_\_   GIVEN AS MODIFIED

\_\_\_\_\_   REFUSED

\_\_\_\_\_   WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.11: NOMINAL & STATUTORY DAMAGES**

2

3
If you decide that the Defendant trespassed or breached a contract but also that the Plaintiff was not harmed by the breach, you may still award it nominal damages such as one dollar.

4

5
If you decide that the Defendant violated the Federal Wiretapping Law but also that the Plaintiff was not harmed by the violation, you must still award it statutory damages of $10,000.

6

7
If you decide that the Defendant violated the California Invasion of Privacy Act but also that the Plaintiff was not harmed by the violation, you must still award it statutory damages of $5,000.

8

9
If you decide that the Defendant violated the Florida or Maryland Wiretapping Acts but also that the Plaintiff was not harmed by the violation, you must still award it statutory damages of $1,000.

10

11

12
If you decide that the Defendant's conduct would have violated Civil RICO or Fraudulent Misrepresentation, except that the Plaintiff was not harmed by the RICO predicate acts or the affirmative misrepresentations, then the Defendant did not violate Civil RICO or Fraudulent Misrepresentation, and you may not award any damages.

13
[Source: CACI 360.]

14

15
_____ GIVEN

16
_____ GIVEN AS MODIFIED

17

18
_____ REFUSED

19
_____ WITHDRAWN

20

21
_____
William H. Orrick III

22
District Court Judge

23

24

25

26

27

28

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.12: PUNITIVE DAMAGES**

2

3

If you decide that the Defendant's conduct caused the Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the Plaintiff and to discourage similar conduct in the future.

4

5

6

You may award punitive damages against Defendants David Daleiden, Troy Newman, Albin Rhomberg, Sandra Merritt, or Adrian Lopez only if the Plaintiff proves by clear and convincing evidence that the Defendant engaged in that conduct with malice, oppression, or fraud.

7

8

You may award punitive damages against Defendants CMP or BioMax only if the Plaintiff proves that Defendants CMP or BioMax acted with malice, oppression, or fraud. To do this, the Plaintiff must prove one of the following by clear and convincing evidence.

9

10

    1.   That the malice, oppression, or fraud was the conduct of one or more officers, directors, or managing agents of CMP or BioMax, who acted on behalf of CMP or BioMax; or

11

12

    2.   That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of CMP or BioMax; or

13

14

    3.   That one or more officers, directors, or managing agents of CMP or BioMax knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

15

16

17

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

18

19

"Oppression" means that a defendant's conduct was despicable and subjected the Plaintiff to cruel and unjust hardship in knowing disregard of its rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

20

21

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm the Plaintiff.

22

23

24

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors separately for each defendant in determining the amount:

25

    a.   How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

26

27

        1.   Whether the conduct caused physical harm;

28

        2.   Whether the defendant disregarded the health or safety of others;

3.   Whether the Plaintiff was financially weak or vulnerable and the defendant knew the Plaintiff was financially weak or vulnerable and took advantage of it;

4.   Whether the defendant's conduct involved a pattern or practice; and

5.   Whether the defendant acted with trickery or deceit.

b.   Is there a reasonable relationship between the amount of punitive damages and the Plaintiff's harm?

c.   In view of that defendant's financial condition, what amount is necessary to punish him, her, or it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant] has substantial financial resources. Any award you impose may not exceed that defendant's ability to pay.

Punitive damages may not be used to punish a defendant] for the impact of his, her, or its alleged misconduct on persons other than the Plaintiff. For the purposes of determining punitive damages, you must assume that the Defendants' published information about Plaintiffs is true

[Source: CACI 3947]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.13: PUNITIVE DAMAGES ON OTHER CLAIMS**

Punitive damages may not be awarded on a claim for breach of contract. Damages for breach of contract are limited to those that are necessary to compensate the Plaintiff for its injuries or losses. Plaintiffs are also not seeking punitive damages for Civil RICO or violations of the California Invasion of Privacy Act.

Therefore, you may not include punitive damages, or any damages that are awarded to punish or to make an example of Defendant rather than to compensate Plaintiff, in any award that you may make on Plaintiff's breach of contract claims, Civil RICO claim, or claims based on California's Invasion of Privacy Act. If punitive damages may be awarded, they may only be awarded on Plaintiff's claims for Fraudulent Misrepresentation, Trespass, and violation of the Federal, Florida, or Maryland Wiretapping Laws.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.14: MULTIPLE CLAIMS, MULTIPLE DEFENDANTS**

I have two more cautionary instructions before I define the types of damages you may award, if you find that the Plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the Defendant or Defendants who you find to be liable on that claim. Although there are seven Defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each Defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other Defendants. If you find that only one Defendant is responsible for a particular injury, then you must impose damages for that injury only upon that Defendant.

Nevertheless, you might find that more than one Defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular Defendant that you find liable. Thus, if you find that the Defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of deciding damages. If you decide that two or more of the Defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

[Source: MODERN FEDERAL JURY INSTRUCTIONS (CIVIL VOLUMES) Instruction 77-2 (April 2014).]

\_\_\_\_\_ GIVEN
\_\_\_\_\_ GIVEN AS MODIFIED
\_\_\_\_\_ REFUSED
\_\_\_\_\_ WITHDRAWN

_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 11.15: DAMAGES ON MULTIPLE LEAGAL THEORIES**

2

3   The various Plaintiffs seek compensatory damages from the Defendants under more than one legal theory. However, each item of compensatory damages may be awarded only once, regardless of the

4   number of legal theories alleged.

5   You will be asked to decide whether the Defendants are liable to the Plaintiff for compensatory damages under the following legal theories:

6

7        1.   Civil RICO
         2.   Fraudulent Misrepresentation

8        3.   Federal Wiretapping
         4.   Florida Wiretapping

9        5.   Maryland Wiretapping
         6.   California Invasion of Privacy Act

10       7.   Trespass

11       8.   Breach of Contract

12   The following items of damages are recoverable only once under all of the above legal theories:

13       1.   [Insert from Plaintiffs' itemization of damages]

14       2.   [Insert from Plaintiffs' itemization of damages]

15   [Source: CACI 3934]

16

17                                    _____  GIVEN

18                                    _____  GIVEN AS MODIFIED

19                                    _____  REFUSED

20
                                      _____  WITHDRAWN
21

22

23                                    _____
                                      William H. Orrick III
                                      District Court Judge
24

25

26

27

28

# CONCLUDING INSTRUCTIONS

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12.1: DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

[Source: Ninth Circuit Model Jury Instruction 1.4]

\_\_\_\_\_ GIVEN

\_\_\_\_\_ GIVEN AS MODIFIED

\_\_\_\_\_ REFUSED

\_\_\_\_\_ WITHDRAWN


_____
William H. Orrick III
District Court Judge

1

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.2: DUTY TO DELIBERATE**

2

3

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

4

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

5

6

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

7

8

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Be willing to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9

10

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

11

12

You should use your common sense and experience in deciding whether testimony is true and accurate. However, during your deliberations, do not make any statements or provide any information to other jurors based on any special training or unique personal experiences that you may have had related to matters involved in this case. What you may know or have learned through your training or experience is not a part of the evidence received in this case.

13

14

15

Sometimes jurors disagree or have questions about the evidence or about what the witnesses said in their testimony. If that happens, you may ask to have testimony read back to you or ask to see any exhibits admitted into evidence that have not already been provided to you. Also, jurors may need further explanation about the laws that apply to the case. If this happens during your discussions, write down your questions and give them to the clerk or bailiff. I will talk with the attorneys before I answer so it may take some time. You should continue your deliberations while you wait for my answer. I will do my best to answer them. When you write me a note, do not tell me how you voted on an issue.

16

17

18

19

While I know you would not do this, you must not base your decision on chance, such as a flip of a coin. If you decide to award damages, you may not agree in advance to simply add up the amounts each juror thinks is right and then, without further deliberations, make the average your verdict.

20

21

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

22

23

[Source: Ninth Circuit Model Jury Instruction 3.1; CACI 5009]

24

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

25

26

27

_____
William H. Orrick III
District Court Judge

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.3: CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

□   Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

□   Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

[Source: Ninth Circuit Model Jury Instruction 3.2]

_____   GIVEN
_____   GIVEN AS MODIFIED
_____   REFUSED
_____   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.4: COMMUNICATIONS WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

[Source: Ninth Circuit Model Jury Instruction 3.3]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.5: RETURN OF VERDICT**

A verdict form has been prepared for you. The verdict form is divided into several sections based on the thirteen distinct legal claims brought by the eleven Plaintiffs against the seven Defendants. You must complete the first thirteen sections. You must complete the first thirteen sections to determine whether any Defendant is liable to any Plaintiff on any legal theory, and what amount of damages, if any, the Defendants' conduct caused the Plaintiff to incur.

Following those sections are six sections relating exclusively to damages. The first section is used to regularize any damages awards you decide to make. The Plaintiff can only recover an item of damages once, even if the Plaintiff succeeds on multiple legal theories. The remaining five sections are used to determine whether any Defendant should pay punitive damages to any Plaintiff.

You must follow the law provided to you in the Jury Instructions in answering the questions in this Verdict Form.

Some of the questions require you to answer yes or no to more than one Plaintiff and Defendant. You must give an answer for each Plaintiff and each Defendant listed for a question, unless that Plaintiff or Defendant is no longer at issue due to an earlier question. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any order, you must answer the questions on the verdict form in the order they appear. Within each section, there are instructions after each question that will tell you whether to answer the next question, or to skip ahead to another question or to the next section.

Your answers must be unanimous for each question that you are required to answer. If your answer is not unanimous, do not proceed to the next question. Unless otherwise noted, your answers should be based on the preponderance of the evidence standard. Where there are multiple means by which a claim could proceed, such as multiple recordings or multiple allegedly fraudulent statements, you cannot merely unanimously agree that there was unlawful recording or fraud. You must unanimously agree on which recording was unlawful or which statement was fraudulent.

Ask the court clerk if you need additional copies of the verdict form.

Once you have reached a unanimous verdict on all questions that you are required to answer, the presiding juror should sign the verdict form and notify the court clerk that you are ready to present your verdict in the courtroom

[Source: Idea taken from Ninth Circuit Model Jury Instruction 3.5; CACI 5012]

_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.6: JUDGE'S COMMENTING ON THE EVIDENCE**

In this case, I may have exercised my right to comment on the evidence. However, you the jury are the exclusive judges of all questions of fact and of the credibility of the witnesses. You are free to completely ignore my comments on the evidence and to reach whatever verdict you believe to be correct, even if it is contrary to any or all of those comments.

[Source: CACI 5016.]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.7: READBACKS OR PLAYBACKS**
**(only if needed)**

Because a request has been made for a readback or playback of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all readbacks and playbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony.

Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony.

Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read or played cannot be considered in isolation, but must be considered in the context of all the evidence presented.

[Source: Ninth Circuit Model Jury Instruction 3.4]


_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN


_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.8: ADDITIONAL
INSTRUCTIONS OF LAW (only if needed)**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

[Source: Ninth Circuit Model Jury Instruction 3.6]

_____   GIVEN

_____   GIVEN AS MODIFIED

_____   REFUSED

_____   WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.9: CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED (only if needed)**

One of your fellow jurors has been excused from service and will not participate further in your deliberations. You should not speculate about the reason the juror is no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused juror as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

[Source: Ninth Circuit Model Jury Instruction 3.8]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____
William H. Orrick III
District Court Judge

**DEFENDANTS' PROPOSED INSTRUCTION NO. 12.10: DEADLOCKED JURY (only if needed)**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

[Source: Ninth Circuit Model Jury Instruction 3.7]

_____  GIVEN

_____  GIVEN AS MODIFIED

_____  REFUSED

_____  WITHDRAWN

_____
William H. Orrick III
District Court Judge

1   Date:   November 2, 2019                    Respectfully submitted

2                                               /s/ Charles S. LiMandri
3                                               Charles S. LiMandri (CA Bar No. 110841)
                                                Paul M. Jonna (CA Bar No. 265389)
4                                               Jeffrey M. Trissell (CA Bar No. 292480)
                                                B. Dean Wilson (CA Bar No. 305844)
5                                               Milan L. Brandon (CA Bar No. 326953)
                                                FREEDOM OF CONSCIENCE DEFENSE FUND
6                                               P.O. Box 9520
                                                Rancho Santa Fe, CA 92067
7                                               Tel: (858) 759-9948
                                                Facsimile: (858) 759-9938
8                                               cslimandri@limandri.com
                                                pjonna@limandri.com
9                                               jtrissell@limandri.com
                                                dwilson@limandri.com
10                                              mbrandon@limandri.com

11                                              *Attorneys for Defendants the Center for Medical Progress,*
12                                              *BioMax Procurement Services, LLC, David Daleiden, and*
                                                *Gerardo Adrian Lopez*
13

14
                                                Harmeet K. Dhillon (CA Bar No. 207873)
15                                              Gregory R. Michael (CA Bar No. 306814)
                                                DHILLON LAW GROUP INC.
16                                              177 Post Street, Suite 700
                                                San Francisco, CA 94108
17                                              415-433-1700
                                                415-520-6593 (fax)
18                                              harmeet@dhillonlaw.com
                                                gmichael@dhillonlaw.com
19

20                                              Denise M. Harle (CA Bar No. 275561)
                                                ALLIANCE DEFENDING FREEDOM
21                                              1000 Hurricane Shoals Rd., NE
                                                Suite D1100
22                                              Lawrenceville, GA 30043
                                                Tel: (770) 339-0774
23                                              dharle@ADFlegal.org

24                                              *Attorneys for Defendants the Center for Medical Progress,*
25                                              *BioMax Procurement Services, LLC, and David Daleiden*

26

27

28

1

2   /s/ Thomas Brejcha
    Thomas Brejcha, *pro hac vice*
    Peter Breen, *pro hac vice*
3   Matthew F. Heffron, *pro hac vice*
    THOMAS MORE SOCIETY
    309 W. Washington St., Ste. 1250
4   Chicago, IL 60606
    Tel: (312) 782-1680
5   tbrejcha@thomasmoresociety.org
    pbreen@thomasmorsociety.org
6   mheffron@thomasmoresociety.org

7   *Attorneys for Defendant David Daleiden*

8

9   /s/ Edward L. White
    Edward L. White III, *pro hac vice*
10  Erik M. Zimmerman, *pro hac vice*
11  John A. Monaghan, *pro hac vice*
    Christy Stierhoff, *pro hac vice*
12  AMERICAN CENTER FOR LAW & JUSTICE
13  3001 Plymouth Rd., Ste. 203
    Ann Arbor, MI 48105
14  Tel: (734) 680-8007
    ewhite@aclj.org
15  ezimmerman@aclj.org
16  jmonaghan@aclj.org
    cstierhoff@aclj.org
17

18  Vladimir F. Kozina (#95422)
    MAYALL HURLEY, P.C.
19  2453 Grand Canal Blvd.
    Stockton, CA 95207
20  Tel: (209) 477-3833
    VKozina@mayallaw.com
21

22  *Attorneys for Defendant Troy Newman*

23

24

25

26

27

28

1

2
/s/ Catherine Short
Catherine W. Short (CA Bar No. 117442)
Corrine G. Konczal (CA Bar No. 320238)

3
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313

4
Tel: (707) 337-6880
kshort@LLDF.org

5
konczallaw@gmail.com

6

7
Michael Millen (CA Bar No. 151731)
ATTORNEY AT LAW
119 Calle Marguerita Ste. 100

8
Los Gatos, CA 95032
Tel: (408) 871-0777

9
Facsimile: (408) 866-7480
mikemillen@aol.com

10
*Attorneys for Defendant Albin Rhomberg*

11

12
/s/ Horatio G. Mihet
Horatio G. Mihet*

13
Liberty Counsel

14
hmihet@lc.org
P.O. Box 540774

15
Orlando, FL 32854
(407) 875-1776

16
*Admitted pro hac vice

17
Nicolaie Cocis CA Bar # 204703

18
Law Office of Nic Cocis and Associates
nic@cocislaw.com

19
38975 Sky Canyon Dr., Suite 211
Murrieta, CA 92563

20
(951) 695-1400

21
*Attorneys for Defendant Sandra Susan Merritt*

22

23

24

25

26

27

28

DEFS.' AMENDED PROPOSED JURY INSTRUCTIONS
3:16-CV-00236-WHO