UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., | Case No.  16-cv-00236-WHO |
| Plaintiffs, | **REVISED TENTATIVE JURY INSTRUCTIONS** |
| v. | |
| CENTER FOR MEDICAL PROGRESS, et al., | |
| Defendants. | |

**Following the November 8, 2019 further Jury Instructions Conference, the instructions are revised as follows.  The instructions may be further amended after I review the parties' Rule 50 motions and the final submission on the RICO/*Scheidler* issue.  All objections have been preserved.  The only substantive issues I draw the parties' attention to are the recording claim instructions defining "oral communications," the incorporation of the subjective and objective intent, and the treatment of the statutory damage issues in those instructions.  If the parties have any final thoughts on these substantive issues or if they notice any ministerial edits to be made in light of typographical errors or for consistency, the parties shall file a list of those edits by 10:00 a.m. on Monday, November 11, 2019**.

TABLE OF CONTENTS

I.   INTRODUCTORY AND MISCELLANEOUS INSTRUCTIONS ......................................... 7

    1.   Duty of Jury - Instructions ............................................. 7

    2.   Matters Not to be Decided by the Jury ................................. 8

    3.   Burden of Proof – Preponderance of Evidence.......................... 9

United States District Court
Northern District of California

4. Burden of Proof—Clear and Convincing Evidence ........................................ 10

5. Two or More Parties – Different Legal Rights ............................................ 11

6. What is Evidence ............................................................................ 12

7. What is Not Evidence ........................................................................ 13

8. Evidence for Limited Purpose ............................................................... 14

9. Direct and Circumstantial Evidence ......................................................... 15

10. Ruling on Objections ....................................................................... 16

11. Credibility of Witnesses ................................................................... 17

12. Witnesses Statements on the Law ........................................................... 18

13. Expert Opinions ............................................................................ 19

14. Charts and Summaries Not Received in Evidence ............................................. 20

15. Charts and Summaries Received in Evidence ................................................. 21

16. Stipulations of Fact ....................................................................... 22

17. Deposition In Lieu Of Live Testimony ...................................................... 23

II. CLAIMS AND DEFENSES ......................................................................... 24

A. GENERAL INSTRUCTIONS ........................................................................ 24

1. Liability of Corporations – Scope of Authority Not in Issue ................................ 24

2. Agent and Principal—Definition ............................................................. 25

3. Agent—Scope of Authority Defined ........................................................... 26

4. Scope of Employment ........................................................................ 27

5. Ostensible Agent ........................................................................... 28

6. Agency - Corporate Parent and Subsidiary ................................................... 29

7. First Amendment ............................................................................ 30

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.      Fifth Amendment and Adverse Inferences - Party ........................................ 31

9.      Fifth Amendment and Adverse Inferences – Non-Party ............................... 32

10.     Advice of Counsel Not a Defense ................................................................ 33

11.     Causation—Substantial Factor ..................................................................... 34

B.      TRESPASS CLAIMS ............................................................................................. 35

1.      Trespass—Essential Factual Elements—Daleiden, Lopez, BioMax, CMP—2014 Forum, MeDC, 2015 National Conference ........................................................... 35

2.      Trespass—Essential Factual Elements-Daleiden, Merritt, BioMax, CMP—PPRM Health Center ......................................................................................................... 36

3.      Trespass—Essential Factual Elements-Daleiden, Merritt, BioMax, and CMP—PPGC/PPCFC Health Center .............................................................................. 37

C.      BREACH OF CONTRACT CLAIMS ................................................................... 38

1.      Breach of Contract—Introduction ............................................................... 38

2.      Breach of Contract—Construction of Contract as a Whole ......................... 39

3.      Breach of Contract—Meaning of Ordinary Words ...................................... 40

4.      Breach of Contract—Essential Factual Elements—PPFA Exhibitor Terms and Conditions – Breach Determined by the Court .................................................... 41

5.      Breach of Contract—Essential Factual Elements—PPFA Exhibitor Terms and Conditions – Breach Disputed ............................................................................. 42

6.      Breach of Contract—Essential Factual Elements—Breach of NAF Agreements ........ 43

7.      Breach of Contract—Essential Factual Elements—Breach of PPGC NDA ................. 44

D.      FRAUD CLAIMS ................................................................................................... 46

1.      Fraud—Introduction ..................................................................................... 46

2.      Fraud—Intentional Misrepresentation ......................................................... 47

3.    Fraud—False Promise ................................................................ 51

4.    Fraud—Reliance ......................................................................... 53

5.    Fraud—Reasonable Reliance ...................................................... 54

6.    Fraud - Plaintiff's Negligence Not a Defense ............................ 55

7.    Fraud—Misrepresentations Made to Persons Other Than the Plaintiff ...................... 56

E.    RICO ........................................................................................... 57

1.    RICO—Introduction ................................................................... 57

2.    RICO—Conducting Affairs of Association-in-Fact—Elements ................................. 58

3.    RICO—Enterprise ....................................................................... 59

4.    RICO—Association with the Enterprise ..................................... 60

5.    RICO—Conducting or Participating in the Enterprise ............... 61

6.    RICO—Interstate Commerce ...................................................... 62

7.    RICO—Pattern of Racketeering ................................................. 63

8.    RICO—"Racketeering Act" Defined .......................................... 64

9.    RICO - Racketeering Activity - Wire Fraud .............................. 65

10.   Violation of 18 U.S.C §1028(a)(1) ............................................ 66

11.   Violation of 18 U.S.C §1028(a)(2) ............................................ 67

12.   RICO—Racketeering Conspiracy—Conspiracy in General ........................ 68

13.   RICO—Racketeering Conspiracy—Elements ............................ 70

14.   RICO—Causation ....................................................................... 71

F.    RECORDING CLAIMS OVERVIEW ....................................... 72

G.    CALIFORNIA RECORDING CLAIMS ...................................... 75

1.    Violation of California Penal Code §632 .................................... 75

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2.     Violation of California Penal Code §632 - Corporation as Plaintiff............................ 76

3.     Violation of California Penal Code § 632 - § 633.5 affirmative defense .................... 77

4.     California Penal Code - § 632 - Confidential Subject Matter Not Required ............... 78

5.     California Penal Code - § 633.5 Defense - Reasonable Belief Independent of Recorded
Material ............................................................................................................................. 79

H.     FLORIDA RECORDING CLAIMS ......................................................................... 80

1.     Violation of Section 934.03 of Title XLVII of the Florida Criminal Procedure Law .. 80

2.     Violation of Section 934.03 of Title XLVII of the Florida Criminal Procedure Law -
Corporation as Plaintiff ................................................................................................... 81

I.     MARYLAND RECORDING CLAIMS ....................................................................... 82

1.     Violation of Section 10-402 of the Courts and Judicial Proceedings Article of the
Maryland Annotated Code ................................................................................................ 82

2.     Violation of Section 10-402 of the Courts and Judicial Proceedings Article of the
Maryland Annotated Code - Corporation as Plaintiff ........................................................ 83

J.     FEDERAL RECORDING CLAIMS ......................................................................... 84

1.     Violation of 18 U.S.C. §2511 ................................................................................. 84

2.     Federal Recording - Mixed Purpose ....................................................................... 86

3.     Federal Recording - Corporation as Plaintiff .......................................................... 87

K.     CONSPIRACY ......................................................................................................... 88

1.     Conspiracy—Essential Elements ............................................................................ 88

2.     Conspiracy—Essential Elements ............................................................................ 89

L.     DAMAGES ............................................................................................................... 90

1.     Damages - Generally............................................................................................... 90

2.     Damages – Mitigation.............................................................................................. 91

3. Damages—Tort Damages ................................................................. 92

4. Damages - Contract Damages ......................................................... 93

5. Damages—Fraud, Trespass, Breach, Recording, RICO ........................ 94

6. Arguments of Counsel Not Evidence of Damages ............................... 95

7. Attorney Fees and Court Costs ....................................................... 96

M. PUNITIVE DAMAGES ............................................................................ 97

1. Punitive Damages—Individual and Entity Defendants—Trial Not Bifurcated............ 97

2. Punitive Damages for Violation of 934.03 of Title XLVII of the Florida Criminal Procedure Law ..................................................................................... 99

III. CLOSING INSTRUCTIONS ........................................................................... 101

1. Duty to Deliberate ......................................................................... 101

2. Evidence in Electronic Format ........................................................ 103

3. Consideration of Evidence – Conduct of the Jury .............................. 104

4. Communication with Court .............................................................. 106

5. Return of Verdict .......................................................................... 107

United States District Court
Northern District of California

# I.      INTRODUCTORY AND MISCELLANEOUS INSTRUCTIONS

### 1.      Duty of Jury - Instructions

Members of the Jury: Now that you have heard all of the evidence it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  This includes personal beliefs about abortion.  Your verdict should be based on the law and facts and not whether you agree with one side or the other on abortion.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

### 2.      Matters Not to be Decided by the Jury

The claims and defenses in this case concern the strategies chosen and employed by the defendants, and I limited the evidence accordingly.  I need to emphasize what this case is not about.  It is not about the truth of whether plaintiffs profited from the sale of fetal tissue or otherwise violated the law in securing tissue for those programs.  It is not about whether any plaintiff actually engaged in illegal conduct.  It is not about whether abortion is good or bad.  Those issues are a matter of dispute between the parties in the world outside this courtroom.  In this courtroom your job is to consider the evidence related to the claims and defenses in this case in accordance with the instructions that I give you.

### 3. Burden of Proof – Preponderance of Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 4.     Burden of Proof—Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.

This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

### 5.   Two or More Parties – Different Legal Rights

You should decide the case as to each party separately. There are multiple plaintiffs in this trial. You should decide the case of each Plaintiff separately as if it were a separate lawsuit.  Each Plaintiff is entitled to separate consideration of its own claims.  There are multiple defendants in this trial. You should decide the case against each Defendant separately as if it were a separate lawsuit.  Each Defendant is entitled to separate consideration of his or her own defenses.

Unless otherwise stated, the instructions apply to all parties.

### 6.    What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

### 7.    What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### 8.      Evidence for Limited Purpose

Some evidence in this case has been admitted only for a limited purpose.

Where I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

### 9.      Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### 10.    Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

### 11.    Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**12.  Witnesses Statements on the Law**

During the course of the trial, you have heard witnesses and others express views about that the law is.  Your duty is to follow my instructions on the law, not what others may have said it is, including statements in the 20/20 video.

United States District Court
Northern District of California

### 13.    Expert Opinions

You have heard testimony from David Cohen, Gregory Regan, Michael New, Paul Zimmer, and Jonathan Perkins who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

### 14.    Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### 15.     Charts and Summaries Received in Evidence

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 16.   Stipulations of Fact

The parties have agreed to certain facts I read to you during the course of the trial.  You must therefore treat these facts as having been proved.

### 17.     Deposition In Lieu Of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of several witnesses and parties were taken in this action.  You should consider their video deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Where deposition testimony is read from the transcript instead of presented by video, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## II.  CLAIMS AND DEFENSES

### A.  GENERAL INSTRUCTIONS

#### 1.  Liability of Corporations – Scope of Authority Not in Issue

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation (including a limited liability corporation) is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

### 2. Agent and Principal—Definition

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

United States District Court
Northern District of California

1

### 3.    Agent—Scope of Authority Defined

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

### 4.     Scope of Employment

Defendants Center for Medical Progress and BioMax are corporations.  Corporations are responsible for the acts of their employees and agents within the scope of their employment or authorization.

Conduct is within the scope of employment or authorization if:

(a) It is reasonably related to the kinds of tasks that the employee or agent was employed to perform; or

(b) It is reasonably foreseeable in light of the employer's business or the agent's or employee's job responsibilities.

**5. Ostensible Agent**

A business entity is liable for the acts of an individual who is its ostensible agent, even if the ostensible agent was not an employee of the entity and even if the entity did not give the individual actual authority to act on its behalf.

To establish an individual is an ostensible agent of an entity, a plaintiff must prove all of the following:

1.  That the entity intentionally or carelessly created the impression that the individual was the entity's employee or agent;

2.  That the plaintiff reasonably believed that the individual was the entity's employee or agent; and

3.  That plaintiff was harmed because it reasonably relied on its belief.

### 6.     Agency - Corporate Parent and Subsidiary

If a corporation owns another company, it is called a "parent corporation."  The company owned by the corporation is called a "subsidiary" of the parent corporation.

A subsidiary is the agent of its parent corporation if the parent goes beyond providing general policy and direction to its subsidiary and takes over the subsidiary's day-to-day operations in carrying out that policy.

### 7. First Amendment

The First Amendment is not a defense to the claims in this case for the jury to consider. Defendants' argument that they were citizen journalists was admissible as context for the defendants' case, not as a legal defense.

United States District Court
Northern District of California

**8.      Fifth Amendment and Adverse Inferences - Party**

The Fifth Amendment of the United States Constitutional affords every person the right to decline to answer questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the defendant.

In this case, defendant Troy Newman exercised his right under the Fifth Amendment not to incriminate himself and did not answer any substantive questions asked by plaintiffs during his deposition. Accordingly, he did not testify in this trial. For claims based on California law, you may not consider that, or speculate about why, Newman invoked the Fifth Amendment and refused to answer. For claims based on federal law, and the laws of Florida, Maryland, and the District of Columbia, you may make an adverse inference from the fact Newman invoked the Fifth Amendment and refused to answer questions.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

**9.      Fifth Amendment and Adverse Inferences – Non-Party**

If a witness who asserts the Fifth Amendment is associated closely enough with a defendant, you may, but are not required to, draw an adverse inference against the defendant. Whether a witness is sufficiently closely associated depends on the entire circumstances of his or her relationship with the defendant.  For example, a witness who is a past or present employee, officer or agent of a party may be, but is not necessarily, sufficiently associated with that party to justify an adverse inference.  Likewise, a coconspirator may be sufficiently associated with a party to permit the drawing of an inference adverse to the party if the coconspirator refuses to testify.

In this case, non-parties Brianna Baxter and Annamarie Bettisworth Davin exercised their rights under the Fifth Amendment not to incriminate themselves in response to deposition questions and will not testify in this trial.

If you determine these non-parties are associated closely enough with a defendant, you may, but are not required to, draw an adverse inference against the defendant. For claims based on California law, you may not consider that, or speculate about why, Baxter or Davin invoked the Fifth Amendment and refused to answer. For claims based on federal law, and the laws of Florida, Maryland, and the District of Columbia, you may make an adverse inference from the fact that Baxter or Davin invoked the Fifth Amendment and refused to answer questions.

**10.     Advice of Counsel Not a Defense**

During trial, you have heard that Defendants consulted lawyers when carrying out their activities against Plaintiffs.  Consulting with lawyers is not a defense to any of Plaintiffs' claim. You may not speculate as to whether Defendants accurately described their plans to their lawyers, whether their lawyers told Defendants their conduct was lawful or not, and whether Defendants' lawyers provided correct advice.  You should base your verdict solely on the law I have given you and the evidence presented in this case, not on whether Defendants consulted with lawyers.

### 11.    Causation—Substantial Factor

Throughout these instructions, you will be asked to determine whether conduct is a "substantial factor" in causing harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

United States District Court
Northern District of California

**B.      TRESPASS CLAIMS**

   **1.      Trespass—Essential Factual Elements—Daleiden, Lopez, BioMax, CMP—2014 Forum, MeDC, 2015 National Conference**

  Plaintiff PPFA contends that Defendants Daleiden, Lopez, BioMax, and CMP trespassed at the 2014 Forum in Miami, Florida; at the 2015 MeDC Meeting in Orlando, Florida; and the 2015 National Conference in Washington, D.C.

  I have already determined that these Defendants trespassed at each of these locations. Because I determined that these Defendants trespassed, the law assumes that PPFA has been harmed and PPFA is entitled to an award of nominal damages such as one dollar for each trespass.

  PPFA is also entitled to actual damages for the trespasses if PPFA proves the following:

  1.      That PPFA was actually harmed; and

  2.      That a Defendant's entry was a substantial factor in causing PPFA's harm.

United States District Court
Northern District of California

### 2. Trespass—Essential Factual Elements-Daleiden, Merritt, BioMax, CMP—PPRM Health Center

Plaintiff PPRM claims that Daleiden, Merritt, BioMax, and CMP trespassed at the PPRM Stapleton Health Center in Colorado.  I have already determined that these Defendants trespassed at this location.  Because I determined that these Defendants trespassed, the law assumes that PPRM has been harmed.  PPRM does not seek damages from that trespass, but PPFA contends that it may recover damages for amounts PPFA spent as a result of the trespass at PPRM.

PPFA may be entitled to actual damages for the trespasses at PPRM, if PPFA proves the following:

1.     That PPRM was actually harmed; and

2.     That a Defendant's entry was a substantial factor in causing PPFA to incur costs for the trespass at PPRM.

A party who voluntarily reimburses the expenses of another may not be awarded those amounts as damages unless the party had an obligation to pay those expenses.

36

### 3.    Trespass—Essential Factual Elements-Daleiden, Merritt, BioMax, and CMP—PPGC/PPCFC Health Center

Plaintiff PPGC/PPCFC claims that Daleiden, Merritt, BioMax, and CMP trespassed at the PPGC/PPCFC Prevention Park Health Center in Texas.  I have already determined that these Defendants trespassed at this location.  Because I determined that these Defendants trespassed, the law assumes that PPCG/PPCFC has been harmed and PPCG/PPCFC is entitled to an award of nominal damages such as one dollar for each trespass.

PPGC/PPCFC is also entitled to actual damages for trespass if it proves the following:

1.      That PPCG/PPCFC was actually harmed; and

2.      That a Defendant's entry was a substantial factor in causing PPCG/PPCFC harm.

### C.   BREACH OF CONTRACT CLAIMS

#### 1.   Breach of Contract—Introduction

I will now instruct you on the law you must apply to Plaintiffs' breach of contract claims. Plaintiffs have brought three different sets of breach of contract claims.

The first set of claims concerns claims for breach of the PPFA Exhibitor Terms and Conditions.  I have already found that Defendants Daleiden, BioMax, and CMP breached certain provisions in these agreements. Plaintiffs allege Defendants Daleiden, BioMax, and CMP breached additional provisions that I have not ruled on. Defendants deny that they breached these additional provisions.

The second and third set of claims concern claims for breach of the NAF Agreements and breach of the PPGC NDA. Defendants deny breaching the NAF Agreements and the PPGC NDA.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**2.      Breach of Contract—Construction of Contract as a Whole**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

### 3.      Breach of Contract—Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 4.     Breach of Contract—Essential Factual Elements—PPFA Exhibitor Terms and Conditions – Breach Determined by the Court

I will now discuss the first set of breach of contract claims involving the breach of the PPFA Exhibitor Terms and Conditions.  These contracts relate to the following meetings: the 2014 North American Forum on Family Planning (the "2014 Forum Agreement"), the 2015 MeDC Conference (the "MeDC Agreement"), and the 2015 PPFA National Conference (the "2015 National Conference Agreement"). These contracts were entered into by PPFA, Daleiden, and BioMax.

I will now explain to you the provisions of these agreements that I have already determined have been breached by Daleiden, BioMax, and CMP.

Educational Nature Promises

The 2014 Forum Agreement and the MeDC Agreement both contain provisions in which Daleiden and BioMax promised that their conference exhibits would be "educational and informative, emphasizing information about products and services useful to the registrants' practice and beneficial to the interests of their clients and patients." Both of these agreements also require that exhibits be "of an educational nature."

Show Products Promises

The 2015 National Conference Agreement contains a provision in which Daleiden and BioMax promised to "show only products manufactured or represented by their company in the regular course of business."

Because I determined that these Defendants breached these provisions, the law assumes that PPFA has been harmed and PPFA is entitled to an award of nominal damages such as one dollar for each breach.

PPFA is also entitled to actual damages for these breaches from these Defendants if PPFA proves the following:

1. That PPFA was harmed by the breach; and

2. That these Defendants' breach of contract was a substantial factor in causing it harm.

41

United States District Court
Northern District of California

### 5.      Breach of Contract—Essential Factual Elements—PPFA Exhibitor Terms and Conditions – Breach Disputed

The 2014 Forum Agreement, the 2015 MeDC Agreement, and the 2015 National Conference Agreement each contain the following provision:  the signatories promised that they would "comply with all applicable federal, state, and local laws and regulations in performance of its respective obligations pursuant to this Agreement, including, without limitation, laws related to fraud, abuse, privacy, discrimination, disabilities, samples, confidentiality, false claims and prohibition of kickbacks."

Plaintiffs contend that Defendants Daleiden, BioMax, and CMP breached these provisions in each of the contracts.  Daleiden, BioMax, and CMP deny that they breached the agreements in this manner.

To recover damages for breach of this provision in the PPFA Exhibitor Terms and Conditions from these Defendants concerning compliance with laws concerning fraud and privacy, PPFA must prove all of the following:

1. That these Defendants violated an applicable law concerning fraud or privacy, in performing their respective obligations under the contracts;

2. That PPFA was harmed by the violation; and

3. That Defendants' violation was a substantial factor in causing PPFA harm.

If you decide that these Defendants breached this provision in the contracts but also that PPFA was not harmed by the breach, PPFA is still entitled to an award of nominal damages, such as one dollar.

1

2

3    **6.      Breach of Contract—Essential Factual Elements—Breach of NAF Agreements**

4        I will now discuss the second set of breach of contract claims, involving the alleged breach

5   of the NAF Agreements.  The Plaintiffs bringing these claims are PPFA and PPNorCal.  These

6   claims are asserted against Defendants Daleiden, Lopez, Merritt, BioMax, and CMP.

7        I have determined that these Plaintiffs are third-party beneficiaries of the 2014 NAF

8   Agreement and Confidentiality Agreement and the 2015 NAF Agreement and Confidentiality

9   Agreement.  I will refer to these agreements as the "NAF Agreements."  Plaintiffs claim that

10  Defendants breached the NAF Agreements by misrepresenting their identities, recording private

11  conversations, and disclosing confidential information.  Plaintiffs also claim that Defendants'

12  breach of these contracts caused harm for which Defendants should pay.  Defendants deny that

13  they breached the contracts or caused harm to Plaintiffs.

14       To recover damages for breach of a NAF Agreement from a Defendant, a Plaintiff must

15  prove all of the following:

16       1.  That the Defendant (a) failed to do something that the contract required Defendant to do

17  or (b) did something that the contract prohibited Defendant from doing.

18       2.  That Plaintiff was harmed; and

19       3.  That the Defendant's breach of contract was a substantial factor in causing Plaintiff's

20  harm.

21       If you decide that the Defendants breached these contracts but also that a Plaintiff was not

22  harmed by the breach, the Plaintiff is still entitled to an award of nominal damages, such as one

23  dollar.

24

25

26

27

28

43

### 7. Breach of Contract—Essential Factual Elements—Breach of PPGC NDA

I will now discuss the third set of breach of contract claims involving the alleged breach of the PPGC non-disclosure agreement. I will refer to this agreement as the "PPGC NDA." The Plaintiff bringing this claim is PPGC. This claim is brought against Defendants Daleiden and BioMax.

Plaintiff PPGC claims that these Defendants breached the confidentiality provisions of the PPGC NDA. The NDA contains the following language regarding confidentiality:

> Subject to the limitations set forth in Paragraph 2, all information disclosed by the Disclosing Party to the Recipient shall be deemed to be "Confidential Information." In particular, "Confidential Information" shall be deemed to include (i) all written information of the Disclosing Party, and (ii) all oral information of the Disclosing Party, which in either case is identified at the time of disclosure as being of a confidential or proprietary nature or is reasonably understood by the Recipient to be confidential under the circumstances of the disclosure. . . .

The Court has already determined that the general language "all information disclosed" is modified by the next sentences, such that the NDA does not cover "all information disclosed," but only covers the information identified in (i) and (ii). Confidentiality must be determined objectively looking at the totality of the circumstances such as the context and location of the discussion.

PPGC claims that Defendants' breach of this contract caused harm to PPGC. Defendants deny they breached the PPGC NDA or that any breach caused harm to PPGC.

To recover damages for breach of the PPGC NDA from a Defendant, PPGC must prove all of the following:

1. That PPGC and the Defendant entered into a contract;

2. That PPGC did all, or substantially all, of the significant things that the contract required it to do; and

3. That a Defendant (a) failed to do something that the contract required Defendant to do or (b) did something that the contract prohibited Defendant from doing;

4. That PPGC was harmed; and

5. That the Defendant's breach of contract was a substantial factor in causing PPGC harm.

44

1    If you decide that the Defendants breached this contract but also that PPCG was not

2    harmed by the breach, PPGC is still entitled to an award of nominal damages, such as one dollar.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### D.      FRAUD CLAIMS

#### 1.      Fraud—Introduction

Plaintiffs PPFA, PPGC, PPCFC, and PPPSGV contend that they were defrauded by Defendants Daleiden, Merritt, Lopez, BioMax, and CMP.  In addition, Plaintiffs contend Defendants Rhomberg and Newman conspired with the other Defendants to commit fraud. Defendants deny that they defrauded Plaintiffs.

A Plaintiff may establish fraud in two different ways relevant to this case:  (1) Intentional Misrepresentation and (2) False Promise.  A Plaintiff need only establish one of these forms of fraud in order to prevail on a claim for fraud.  I will now instruct you on the elements of each of form of fraud.

### 2.    Fraud—Intentional Misrepresentation

To establish a claim for intentional misrepresentation against a Defendant, a plaintiff must prove all of the following:

1. That the Defendant represented to Plaintiff that a fact was true;

2. That the Defendant's representation was false;

3. That the Defendant knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth;

4. That the Defendant intended that the Plaintiff rely on the representation;

5. That the Plaintiff reasonably relied on the Defendant's representation;

6. That the Plaintiff was harmed; and

7. That the Plaintiff's reliance on Defendant's representation was a substantial factor in causing its harm.

As to allegedly fraudulent statements made in Washington, D.C., Plaintiffs must prove each of these elements by clear and convincing evidence. As to allegedly fraudulent statements made in any location besides Washington, D.C., Plaintiffs must prove each of the elements by the preponderance of the evidence.

Plaintiffs contend that Defendants made three general categories of false statements of fact: (1) Defendants' use of fake names; (2) Defendants' provision of fake identifications; and (3) statements suggesting BioMax was a legitimate tissue procurement organization. Statements suggesting that BioMax was a legitimate tissue procurement organization include: (a) Defendants and their accomplices portraying themselves as having relevant job tiles, such as "procurement technician," "CEO," and "Procurement Manager and Vice President of Operations," (b) representations that Defendants had education or relevant experience in the tissue procurement industry, (c) oral representations that BioMax actually engaged in tissue procurement, and (d) distributing brochures and business cards that stated or suggested that BioMax engaged in tissue procurement.

Plaintiffs contend that the following Defendants presented fake identifications to Plaintiffs' registration staff at conferences or desk staff at offices to gain entry into the following locations:

47

- The Forum (October 11-13, 2014): Daleiden.

- MeDC (February 26-28, 2015): Daleiden.

- PPFA National Conference (March 18-20, 2015): Daleiden.

- PPGC (April 9, 2015): Daleiden and Merritt.

Plaintiffs contend that Defendants used fake names and misrepresented the nature of BioMax at the following locations to the following individuals:

- Association of Reproductive Healthcare Professional ("ARHP") Conference (Colorado: September 19-21, 2013):
    - Merritt and BioMax in person to NAF representatives (Sandy Fulkerson and Jennifer Hart)

- Pre-NAF 2014 (November 2013 - April 2014)
    - Daleiden and BioMax's communications regarding registration.
    - BioMax's 2014 NAF registration.

- NAF 2014 (California: April 5-8, 2014):
    - Daleiden, Merritt, and BioMax's misrepresentations to NAF regarding registration, check-in, and NAF Confidentiality Agreement.
    - Daleiden, Merritt, and BioMax in person to Dr. Deborah Nucatola of PPFA.

- Nucatola Lunch (California: July 24, 2014):
    - Daleiden, Merritt, and BioMax in person to Dr. Deborah Nucatola of PPFA.
    - Defendants also made similar representations in emails to set up the lunch.

- Pre-Forum (August to September 2014)
    - Daleiden and BioMax's communications regarding registration, including to Vikky Graziani.
    - BioMax's 2014 Forum registration and Exhibitor Agreement.

- The Forum (Florida: October 11-13, 2014):
    - Daleiden, Lopez, and BioMax's misrepresentations to PPFA regarding registration and check-in.
    - Daleiden, Lopez, and BioMax in person to Dr. Deborah Nucatola of PPFA, Dr.

48

United States District Court
Northern District of California

1        Mary Gatter of PPPSGV, Dr. Savita Ginde of PPRM, and Karen Shea of PPFA.

2   • Gatter Lunch (California: February 6, 2015):

3       o Daleiden, Merritt, and BioMax in person to Dr. Mary Gatter and Laurel Felczer of

4           PPPSGV.

5       o Defendants also made similar representations in emails to set up the lunch.

6   • Pre-MeDC (February 2015):

7       o Daleiden and BioMax's communications regarding registration, including to Vikky

8           Graziani.

9       o BioMax's 2015 MeDC registration and Exhibitor Agreement.

10  • MeDC (Florida: February 26-28, 2015):

11      o Daleiden, Lopez, and BioMax's misrepresentations to PPFA regarding registration

12          and check-in.

13      o Daleiden, Lopez, and BioMax in person to Vikky Graziani of PPFA, Kate Carlucci

14          of PPFA, June Gupta of PPFA, Dr. Jennefer Russo of PPOSBC, Bonnie Smith of

15          PPGC, Dr. Mary Gatter of PPPSGV, Dr. Deborah Nucatola of PPFA.

16  • Pre-PPFA National Conference (February 2015):

17      o Daleiden, Lopez, and BioMax's communications regarding registration.

18      o BioMax's 2015 PPFA National Conference registration and Exhibitor Agreement.

19  • PPFA National Conference (Washington, D.C.: March 18-20, 2015):

20      o Daleiden, Lopez, and BioMax's misrepresentations to PPFA regarding registration

21          and check-in.

22      o Daleiden, Lopez, and BioMax in person to Jen Castle of PPFA, Kristin Flood of

23          PPFA, Deborah VanDerHei of PPFA, Janet Fils-Amie of PPFA, Anne-Marie

24          Grewer of PPFA, Dr. Dr. Carolyn Westhoff of PPFA, Tram Nguyen of PPCFC,

25          Jackie Krugler of PPGC/PPCFC.

26  • Pre-PPRM Site Visit (October 2014-April 2015):

27      o Daleiden and BioMax's communications with Dr. Savita Ginde and J.R. Johnstone

28          regarding BioMax.

- PPRM (Colorado: April 7, 2015):
    - o Daleiden, Merritt, and BioMax in person to Dr. Savita Ginde, J.R. Johnstone, and other PPRM staff.
- Pre-PPGC Site Visit (March-April 2015):
    - o Daleiden and BioMax's communications with Melissa Farrell and Tram Nguyen concerning BioMax.
    - o BioMax's PPGC NDA.
- PPGC Site Visit (Texas: April 9, 2015):
    - o Daleiden, Merritt, and BioMax's communications to registration desk staff.
    - o Daleiden, Merritt, and BioMax's in person to Melissa Farrell, Tram Nguyen, and other PPGC/PPCFC lab staff.
- Pre-NAF 2015 (March-April 2015):
    - o Daleiden and BioMax's communications regarding registration.
    - o BioMax's 2015 NAF registration.
- NAF 2015 (Maryland: April 18-21, 2015):
    - o Daleiden, Merritt, Lopez, and BioMax's misrepresentations to NAF regarding registration, check-in, and NAF Confidentiality Agreement.
    - o Daleiden, Merritt, and Lopez in person to Deborah VanDerHei of PPFA, Jen Castle of PPFA, Dr. Deborah Nucatola of PPFA, Tram Nguyen of PPCFC, Jackie Krugler of PPGC/PPCFC, Dr. Anne Schutt-Aine of PPCFC.

Defendants deny that they made any fraudulent misrepresentations.

United States District Court
Northern District of California

### 3.    Fraud—False Promise

To establish a claim for false promise against a defendant, a plaintiff must prove all of the following:

1. That Defendant made a promise to Plaintiff;

2. That Defendant did not intend to perform this promise when he made it;

3. That Defendant intended that Plaintiff rely on this promise;

4. That Plaintiff reasonably relied on Defendant's promise;

5. That Defendant did not perform the promised act;

6. That Plaintiff was harmed; and

7. That Plaintiff's reliance on Defendant's promise was a substantial factor in causing its harm.

As to allegedly false promises made in Washington, D.C., Plaintiffs must prove each of these elements by clear and convincing evidence. As to allegedly false promises made in any location besides Washington, D.C., Plaintiffs must prove each of the elements by the preponderance of the evidence.

Plaintiffs allege that Defendants did not intend to perform the following promises:

1. Defendants Daleiden and BioMax promised in the 2014 Forum Agreement that:

    a. BioMax's conference exhibits would be "educational and informative, emphasizing information about products and services useful to the registrants' practice and beneficial to the interests of their clients and patients."

    b. BioMax's exhibits would be "of an educational nature."

    c. They would "comply with all applicable federal, state, and local laws and regulations in performance of its respective obligations pursuant to this Agreement, including, without limitation, laws related to fraud, abuse, privacy, discrimination, disabilities, samples, confidentiality, false claims and prohibition of kickbacks."

2. Defendants Daleiden and BioMax promised in the 2015 MeDC Agreement that:

    a. BioMax's conference exhibits would be "educational and informative, emphasizing information about products and services useful to the registrants'

practice and beneficial to the interests of their clients and patients."

b. BioMax's exhibits would be "of an educational nature."

c. They would "comply with all applicable federal, state, and local laws and regulations in performance of its respective obligations pursuant to this Agreement, including, without limitation, laws related to fraud, abuse, privacy, discrimination, disabilities, samples, confidentiality, false claims and prohibition of kickbacks."

3. Defendants Daleiden and BioMax promised in the 2015 National Conference Agreement that:

a. BioMax would "show only products manufactured or represented by their company in the regular course of business."

b. They would "comply with all applicable federal, state, and local laws and regulations in performance of its respective obligations pursuant to this Agreement, including, without limitation, laws related to fraud, abuse, privacy, discrimination, disabilities, samples, confidentiality, false claims and prohibition of kickbacks."

4. Defendants Daleiden and BioMax promised in the PPGC NDA:

a. "Recipient shall maintain the Disclosing Party's Confidential Information strictly confidential, shall not use the Confidential Information for any purpose other than to evaluate, negotiate and consummate the Transaction and shall not disclose to any third party or use any Confidential Information for any other purpose following the date of disclosure of such Confidential Information."

Defendants deny they made any false promises.

### 4.      Fraud—Reliance

A Plaintiff relied on the Defendant's misrepresentation or false promise if:

1. The misrepresentation or false promise substantially influenced the Plaintiff to act; and

2. The Plaintiff would probably not have acted in the same way without the misrepresentation or false promise.

It is not necessary for a misrepresentation or false promise to be the only reason for the Plaintiff's conduct.

### 5.    Fraud—Reasonable Reliance

In determining whether the Plaintiff's reliance on the representation or promise was reasonable, the Plaintiff must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for the Plaintiff to rely on the representation or promise. In making this decision, take into consideration the Plaintiff's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a representation or promise that is preposterous. It also is not reasonable for anyone to rely on a representation or promise if facts that are within its observation show that it is obviously false.

### 6. Fraud - Plaintiff's Negligence Not a Defense

When a Defendant makes a false statement or promise, the Plaintiff does not have any duty to investigate whether the Defendant was telling the truth to or concealing information from the Plaintiff.

In determining whether a Plaintiff's reliance on a defendant's false representation was reasonable, you should not consider whether a hypothetical reasonable person would have conducted more investigation of the defendant than the plaintiff did.  A Plaintiff's reliance on a Defendant's false representations is reasonable, unless the Defendants' misrepresentation would be so obviously false or preposterous to someone with the same information and intelligence as the Plaintiff that the Plaintiff would have needed to purposefully close his eyes to avoid discovering the truth.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 7.       Fraud—Misrepresentations Made to Persons Other Than the Plaintiff

Defendants are responsible for a representation that was not made directly to Plaintiffs if they made the representation to another person, intending or reasonably expecting that it would be repeated to Plaintiffs.  This instruction does not apply to alleged fraudulent conduct occurring in Florida.

**E.      RICO**

      **1.      RICO—Introduction**

Plaintiffs PPFA, PPGC, PPCFC, PPOSBC, and PPPSGV claim that all Defendants are liable to them under the RICO statute.

I will now instruct you on the elements of Plaintiffs' RICO claim. As relevant here, there are two different ways to violate RICO: (1) conducting the affairs of an enterprise through a pattern of racketeering or (2) conspiring to do so. Plaintiffs allege both theories.

RICO refers to the Racketeer Influenced and Corrupt Organization Act. This does not mean, however, that RICO is limited to organized crime. When Congress enacted RICO, it wanted to reach persons who use legitimate and illegitimate enterprises to commit racketeering.

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether Plaintiffs have established the elements of the claim. The term is only a term used by Congress to describe the statute.

The RICO claim asserted by Plaintiffs in this case is a civil claim subject to the civil burden of proof of preponderance of the evidence.

## 2.    RICO—Conducting Affairs of Association-in-Fact—Elements

Plaintiffs first allege that each of the Defendants conducted or participated in the conduct of the affairs of an enterprise through a pattern of racketeering activity.

Plaintiffs must prove each of the following elements by a preponderance of the evidence:

First, there was an ongoing enterprise with some sort of formal or informal framework for carrying out its objectives consisting of a group of persons associated together for a common purpose of engaging in a course of conduct;

Second, the Defendant was employed by or associated with the enterprise;

Third, the Defendant conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity. To conduct or participate means that the Defendant had to be involved in the operation or management of the enterprise; and

Fourth, the enterprise engaged in or its activities in some way affected interstate or foreign commerce.

Fifth, the Defendants' conduct or participation in the enterprise was the cause of Plaintiffs' damages.

An enterprise need not be a formal entity such as a corporation and need not have a name, regular meetings, or established rules.

I have already determined that Defendants' production and transfer of fake identifications affected interstate commerce.  You must treat that fact as established.

United States District Court
Northern District of California

58

### 3.      RICO—Enterprise

An "enterprise" is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel in the enterprise, however, may change and need not be associated with the enterprise for the entire period of its existence. The group does not have to be a legally recognized entity, such as a partnership or corporation. The group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the claim and does not have to be proved.

Plaintiffs must prove that the enterprise had at least the three following structural features: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose.

It is not necessary that the enterprise have any particular or formal structure, but it must have sufficient organization that its members functioned and operated in a coordinated manner in order to carry out the alleged common purpose or purposes of the enterprise. Such a group need not have a hierarchal structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods. Members of the group need not have fixed roles; different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must or would function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of inactivity.

### 4.     RICO—Association with the Enterprise

With regard to the element that the defendant must have been associated with or employed by the enterprise:

It is required that at some time during the relevant time period, the defendant was employed by, or associated with, the enterprise. It is not required, however, that the defendant have been employed by, or associated with, the enterprise for the entire time that the enterprise existed.

A person cannot be associated with, or employed by, an enterprise if he or she does not know of the enterprise's existence or the nature of its activities.  Thus, in order to prove this element, Plaintiffs must prove that the defendant was connected to the enterprise in some meaningful way and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

With regard to the corporate defendants, CMP and BioMax: A corporation is considered to know of all material facts for which its employee acquires knowledge of or receives notice of while acting within the scope of the employee's employment.

**5.      RICO—Conducting or Participating in the Enterprise**

With regard to the element that the Defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity:

To conduct or participate in the conduct of the enterprise means that the Defendant must have played some part in the operation or management of the enterprise.  Plaintiffs are not required to prove that the Defendant was a member of upper management.  An enterprise is operated not only by those in upper management, but also those lower down in the enterprise who act under the direction of upper management.  The Defendant need not have participated in, or been aware of, all of the enterprise's activities; it is sufficient if he or she was involved in the operation or management of some of the enterprise's activities.

### 6.    RICO—Interstate Commerce

The commerce element requires that the enterprise did or would engage in interstate commerce or that the enterprise's activities did or would affect interstate commerce. "Interstate commerce" means commerce between one state and another state.  Interstate commerce includes the movement of goods, services, money, and individuals between states.  These goods can be legal or illegal.  This effect on interstate commerce could have occurred in any way.  Only a minimal effect on interstate commerce is required.

It is not necessary for you to find that the Defendants themselves engaged in interstate commerce or that they knew the enterprise was engaged in interstate commerce. It is not necessary to prove that the Defendants' own acts affected interstate commerce as long as the enterprise's acts had or would have had such an effect.  Nor is it necessary that the effect on interstate commerce has been adverse to commerce.  All that is necessary is that the enterprise has engaged in or its activities affected interstate commerce in some minimal way.

This requirement is met if the enterprise or its activities involved interstate communication devices (for example, use of the telephone, internet, or domestic or international mail service).

I have already determined that Defendants' production and transfer of fake identifications affected interstate commerce.  You must treat that fact as established.

### 7.    RICO—Pattern of Racketeering

A pattern of racketeering activity requires:

First, at least two separate acts of racketeering were committed, though two separate racketeering acts are not necessarily enough to establish a pattern of racketeering;

Second, the acts of racketeering had a relationship to each other which posed a threat of continued criminal activity; and

Third, the acts of racketeering embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.

Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.

### 8.   RICO—"Racketeering Act" Defined

The RICO statute defines a racketeering act to be any of a long list of specified crimes.

The pattern of racketeering Plaintiffs allege in this case consists of two crimes listed in the RICO statute: (i) mail and wire fraud; and (iv) violation of the federal false identification statute.

As I mentioned in the previous instruction, a pattern of racketeering requires at least two acts of racketeering. The two contemplated racketeering acts may be of the same type, for example, two acts of mail and wire fraud; or, the two acts may be of different predicates, for example, one act of mail and wire fraud and one act of violating the federal false identification statute.  Regardless of whether it is two racketeering acts of the same type or two racketeering acts of two different types, in order to satisfy this element, you must unanimously conclude that, for at least two specific acts of racketeering, the Defendant in question either committed those particular predicate acts or conspired for someone to commit those particular predicate acts.

I will now instruct you on the definition of each of these racketeering activities that the Defendants are alleged to have committed.

### 9.    RICO - Racketeering Activity - Wire Fraud

Plaintiffs allege that defendants committed the predicate act of wire fraud.

Plaintiffs must prove each of the following elements of wire fraud:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material—that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, deceive, or cheat; and

Fourth, the defendant used, or caused to be used, domestic wire or radio communications to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole. You may only find that the defendant participated in a scheme to defraud based on statements that omitted facts or a failure to disclose if the defendant who made the statements at issue had an independent duty to disclose the allegedly omitted information.

Use of wire or radio communications is caused when one knows that wire or radio communications will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material transmitted using wire or radio communications was itself false or deceptive so long as wire or radio communications were used as part of the scheme.  Nor does it matter whether the scheme was successful or that any money or property was obtained by the defendant.

Someone uses wire or radio communications when, for example, they use the telephone, internet, or email to communicate.

For the purpose of this instruction, access to Plaintiffs' conferences constitutes property.

### 10.   Violation of 18 U.S.C §1028(a)(1)

Plaintiffs also allege that Defendants committed the predicate act of violating 28 U.S.C. §1028(a)(1).  To prove a violation of that statute, Plaintiffs must prove all of the following:

First, the Defendant knowingly produced, or caused to be produced, a false identification document;

Second, the Defendant produced the false identification document without lawful authority; and

Third, the false identification document was or appeared to be issued by or under authority of a State of the United States.

"Produce" includes to alter, authenticate, or assemble.

The phrase "false identification document" means a document of a type intended or commonly accepted for the purposes of identification of individuals that—

(A)  is not issued by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit; and

(B)  appears to be issued by or under the authority of a State.

United States District Court
Northern District of California

### 11.      Violation of 18 U.S.C §1028(a)(2)

In addition, Plaintiffs allege that Defendants committed the predicate act of violating 28 U.S.C. §1028(a)(2).  To prove a violation of that statute, Plaintiffs must prove all of the following:

First, the Defendant knowingly transferred a false identification document;

Second, the Defendant knew that the false identification document was produced without lawful authority; and

Third, the false identification document was or appeared to be issued by or under authority of a State of the United States.

The phrase "false identification document" means a document of a type intended or commonly accepted for the purposes of identification of individuals that—

(A)  is not issued by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit; and

(B)  appears to be issued by or under the authority of a State.

### 12.      RICO—Racketeering Conspiracy—Conspiracy in General

I said that Plaintiffs alleged two bases for its RICO claim. Plaintiffs' second basis alleges a conspiracy to violate RICO.  Plaintiffs allege that each of the Defendants knowingly and intentionally conspired with at least one other person to conduct or to participate in the conduct of the affairs of the enterprise in violation of RICO.

A conspiracy for purposes of RICO is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. An informal understanding is enough. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even if the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions. One may join a conspiracy after it is already in progress. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Events that occurred before a conspirator joined a conspiracy may be considered by you to prove the nature and scope of the conspiracy at the time the person joined.

It is no defense that a person's participation in a conspiracy was minor or for a short period

68

1    of time.

### 13.    RICO—Racketeering Conspiracy—Elements

Plaintiffs must prove each of the following elements of a conspiracy to violate RICO by a preponderance of the evidence:

First, the alleged enterprise was or would be established;

Second, the enterprise or its activities would affect interstate or commerce;

Third, the Defendant knowingly agreed that either the Defendant or another person would be associated with the enterprise; and

Fourth, the Defendant knowingly agreed that either the Defendant or another person would conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.  For purposes of conspiracy, it is not necessary for Plaintiffs to prove that the Defendant actually committed a pattern of racketeering activity; rather, the element is satisfied if the Defendant agreed that a pattern of racketeering activity would be committed.

Plaintiffs must prove that the Defendant agreed to participate in the conspiracy with the knowledge and intent that at least one member of the racketeering conspiracy would intentionally commit, or cause, or aid and abet the commission of, two or more racketeering acts.  That one member could be one of the Defendants or another person.  You must agree on at least two acts of racketeering the Defendants understood would be committed.  But Plaintiffs are not required to prove that the Defendants personally committed, or agreed to personally commit, two or more racketeering acts.  Nor is there any requirement that the Defendant actually conspired to operate or manage the enterprise himself or herself.

Plaintiffs must prove that the Defendant joined the conspiracy knowing the conspiracy's purpose and intending to facilitate it. The Defendant must also have been aware of the essential nature and scope of the enterprise and intended to participate in it.

In your consideration of Plaintiffs' conspiracy claim, you should first determine whether the alleged conspiracy existed.  If you conclude that a conspiracy existed as alleged, you should then determine whether each Defendant knowingly became a member of that conspiracy.

I have already determined that Defendants' production and transfer of fake identifications affected interstate commerce.  You must treat that fact as established.

70

### 14.    RICO—Causation

If you find that the Defendant in question conducted or participated in the affairs of a racketeering enterprise through a pattern of racketeering, or conspired to do so, you must also determine whether each Plaintiff has proved by a preponderance of the evidence that the violation caused that Plaintiff an injury to its business or property before you may find for that Plaintiff. This requirement will be satisfied if the damages are caused by the predicate acts or if the damages are caused by the pattern of acts as a whole, or both. In either case, you must find that there was some direct relationship between the injury that Plaintiff has asserted and the alleged violation by the Defendant in question.

### F.      RECORDING CLAIMS OVERVIEW

Certain Plaintiffs have brought claims against certain Defendants under the laws of California, Florida, and Maryland, and under Federal law, for secretly recording individuals whom Plaintiffs contend were their employees and contractors.  I will now provide you a summary of each recording for which you will be asked to determine whether the recording violated the law.

You should apply Federal law to every claim.  If a recording occurred in California, Florida, or Maryland, you should apply both the law of the state where the recording occurred and Federal law.  If the recording occurred outside of California, Florida, or Maryland, you should apply only Federal law.

### I.      CALIFORNIA (CALIFORNIA AND FEDERAL LAW):

**NAF Annual Meeting held in San Francisco, CA from April 5-8, 2014**

PPNorCal contends that Dr. Leslie Drummond-Hay was illegally recorded in the exhibitor hall by David Daleiden and Sandra Merritt.

PPFA contends that Dr. Deborah Nucatola was illegally recorded on two separate instances in the exhibitor hall: In the first encounter, by Sandra Merritt, and Brianna Baxter. In the second encounter, by David Daleiden, Sandra Merritt, and Brianna Baxter.

**Lunch in Los Angeles, CA on July 25, 2014**

PPFA contends that Dr. Deborah Nucatola was illegally recorded during lunch at Craft by both David Daleiden and Sandra Merritt.

**Lunch in Pasadena, CA on February 6, 2015**

PPPSGV contends that Dr. Mary Gatter and Laurel Felczer were illegally recorded during lunch at a/k/a Bistro by both David Daleiden and Sandra Merritt.

### II.      FLORIDA (FLORIDA AND FEDERAL LAW):

**National Medical Conference/North American Forum on Family Planning in Miami, FL from October 11-13, 2014.**

PPFA contends that Dr. Deborah Nucatola was illegally recorded on two separate occasions: One, during at an outdoor reception by both Adrian Lopez and David Daleiden. The other, during an indoor reception by both Adrian Lopez and David Daleiden.

PPFA contends that Karen Shea was illegally recorded at an outdoor reception by both David Daleiden and Adrian Lopez.

PPCCC contends that Dr. Virginia Siegfried was illegally recorded at an outdoor reception by both David Daleiden and Adrian Lopez.

PPRM contends that Dr. Savita Ginde was illegally recorded inside the exhibitor hall by David Daleiden.

**PPFA's Medical Director's Council Annual Meeting in Orlando FL from February 26-28, 2015.**

PPFA contends that June Gupta was illegally recorded on two separate occasions at the conference: The first during a PPFA-hosted dinner by both David Daleiden and Adrian Lopez, and the second in the exhibitor hall by both David Daleiden and Adrian Lopez.

PPFA contends that Dr. Deborah Nucatola was illegally recorded on two instances: The first during an outdoor reception by both David Daleiden and Adrian Lopez, and the second inside the exhibitor hall by both David Daleiden and Adrian Lopez.

PPFA contends that Deborah VanDerhei was illegally recorded inside the exhibitor hall by both David Daleiden and Adrian Lopez.

PPPSGV contends that Dr. Mary Gatter was illegally recorded at an outdoor reception by both David Daleiden and Adrian Lopez.

PPOSBC contends that Dr. Jennifer Russo was illegally recorded during a PPFA-hosted dinner by David Daleiden and Adrian Lopez.

PPGC contends that Bonnie Smith was illegally recorded inside the exhibitor hall by David Daleiden.

PPPSW contends that Dr. Son Nguyen and Dr. Tom Moran were illegally recorded inside the exhibitor hall by David Daleiden and Adrian Lopez.

**III.       MARYLAND (MARYLAND AND FEDERAL LAW):**

**NAF Annual Meeting held in Baltimore, MD from April 18-21, 2015**

PPFA contends that Dr. Deborah Nucatola was illegally recorded in a meeting room by David Daleiden.

United States District Court
Northern District of California

PPFA contends that Deborah VanDerhei and Jen Castle were illegally recorded in a refreshment area by David Daleiden and Sandra Merritt.

PPCFC contends that Tram Nguyen and Dr. Ann Schutt-Aine, and PPGC/PPCFC contends that Jackie Krugler, were illegally recorded on two occasions. The first was at a reception in the exhibitor hall by Adrian Lopez. The second was at another reception by David Daleiden.

**IV.    OTHER JURISDICTIONS (FEDERAL LAW):**

**PPFA National Conference in Washington, DC from March 18-20, 2015**

PPFA contends that Dr. Carolyn Westhoff was illegally recorded inside the exhibitor hall by David Daleiden and Adrian Lopez.

PPFA contends that Jen Castle was illegally recorded inside the exhibitor hall by David Daleiden and Adrian Lopez.

PPFA contends that Kristin Flood was illegally recorded inside an evening reception by David Daleiden and Adrian Lopez.

PPFA contends that Janet Fils-Aime and Anne-Marie Grewer were illegally recorded inside the exhibitor hall by David Daleiden and Adrian Lopez.

PPCFC contends that Tram Nguyen, and PPGC/PPCFC contends that Jackie Krugler, were illegally recorded inside the exhibitor hall by David Daleiden and Adrian Lopez.

PPGC contends that Melaney Linton was illegally recorded inside the exhibitor hall by David Daleiden and Adrian Lopez.

**PPRM Stapleton Health Center Visit in Colorado on April 7, 2015**

PPRM contends that Dr. Savita Ginde and J.R. Johnstone were illegally recorded over a period of hours inside the PPRM health center by David Daleiden and Sandra Merritt.

**PPGC Prevention Park Health Center Visit in Texas on April 9, 2015**

PPGC contends that Melissa Farrell was illegally recorded over a period of 7 hours inside the PPGC health center by David Daleiden and Sandra Merritt.

PPGC contends that two receptionists were illegally recorded at the reception desk inside the PPGC health center by David Daleiden and Sandra Merritt.

United States District Court
Northern District of California

### G.     CALIFORNIA RECORDING CLAIMS

#### 1.     Violation of California Penal Code §632

Plaintiffs PPFA, PPPSGV, PPNorCal, and PPGC/PPCFC allege that Defendants Daleiden, Merritt, BioMax, and CMP violated Section 632 of the California Penal Code during meetings and/or conferences that occurred in California by recording confidential conversations. To prove a violation, Plaintiffs must show that a Defendant did all of the following:

1. That the Defendant intentionally recorded one of Plaintiffs' employees or contractors by using an electronic device;

2. That the person recorded had a reasonable expectation that the conversation was not being overheard or recorded; and

3. That the Defendant did not have the consent of all parties to the conversation to record it.

A conversation is confidential where the recorded party had a reasonable expectation that others are not listening-in to the conversation or recording it.

If you find all of the above, then the law assumes that Plaintiff has been harmed and I may award statutory damages.  A Plaintiff is entitled to actual damages if the plaintiff proves the following:

First, that Plaintiff was harmed by the recording; and

Second, that the Defendant's conduct was a substantial factor in causing plaintiff's harm.

If the Plaintiff has suffered actual damages, you should award the greater of actual damages or statutory damages.  You may not award both.

### 2.      Violation of California Penal Code §632 - Corporation as Plaintiff

A corporation may prove a violation of Section 632 if a Defendant recorded one of its employees or contractors in her capacity as a corporate employee or contractor.  An employee or contractor is recorded in her capacity as a corporate employee or contractor if the employee or contractor is recorded discussing internal matters of the corporation or if the Defendant targeted her for recording because she could disclose information about the corporation's internal matters.

### 3. Violation of California Penal Code § 632 - § 633.5 affirmative defense

Defendants assert that they were permitted to record Plaintiffs in California by California Penal Code section 633.5.

To establish an affirmative defense under section 633.5, a Defendant has the burden of proving all of the following:

(1) That Defendant believed that the person being recorded committed or intended to commit a violent felony against a person;

(2) That, based on information the Defendants had before Defendants conducted their first recording in California, the Defendant's belief that the person being recorded committed or intended to commit a violent felony against a person was reasonable; and

(3) That Defendants' purpose for recording the communication was to obtain evidence that the person being recorded committed or intended to commit a violent felony against a person.

In determining whether a Defendant's belief was reasonable, you may not rely on information that the Defendant learned only after they began recording in California.

### 4. California Penal Code - § 632 - Confidential Subject Matter Not Required

In determining whether a person had a reasonable expectation of privacy in a conversation, it is not relevant whether the content of the communication is sensitive or confidential.

United States District Court
Northern District of California

1

### 5. California Penal Code - § 633.5 Defense - Reasonable Belief Independent of Recorded Material

In determining whether a Defendant had a reasonable belief the person being recorded committed or intended to commit a violent felony against a person, you may not consider the content of the recorded conversation itself.

**H.      FLORIDA RECORDING CLAIMS**

**1.      Violation of Section 934.03 of Title XLVII of the Florida Criminal Procedure Law**

Plaintiffs PPFA, PPRM, PPOSBC, PPPSGV, PPPSW, PPRM, PPCCC and PPGC/PPCFC allege that Defendants Daleiden, Lopez, BioMax, and CMP have violated a Florida statute known as Section 934.03 of Title XLVII (the Florida Criminal Procedure Law) during conferences that occurred in Florida.

To prove a violation, Plaintiffs must show that each Defendant did one of the following acts:

(1) intentionally recorded or procured any other person to record any private oral communication; or

(2) intentionally disclosed to any other person the contents of any recorded private oral communication, knowing or having reason to know that the contents were obtained through the recording of an oral communication in violation of the statute.

However, it is lawful to do any of the foregoing acts if all parties to the communication have given prior consent to the interception.

An oral communication means a communication uttered by a person who has a subjective expectation that the communication is not subject to interception under circumstances justifying such expectation, and whose expectation was objectively reasonable.

If you find a Defendant liable to Plaintiff, I may award statutory damages.  A Plaintiff may be entitled to actual damages to compensate the Plaintiff for the actual harm caused by the violation.

### 2. Violation of Section 934.03 of Title XLVII of the Florida Criminal Procedure Law - Corporation as Plaintiff

A corporation may prove a violation of the Florida Criminal Procedure Law if a Defendant recorded one of its employees or contractors in her capacity as a corporate employee or contractor. An employee or contractor is recorded in her capacity as a corporate employee or contractor if the employee or contractor is recorded discussing internal matters of the corporation or if the Defendant targeted her for recording because she could disclose information about the corporation's internal matters.

## I.    MARYLAND RECORDING CLAIMS

### 1.    Violation of Section 10-402 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code

Plaintiffs PPFA and PPGC/PPCFC contend that Defendants Daleiden, Merritt, Lopez, BioMax, and CMP violated Section 10-402 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code during conferences that occurred in Maryland.  To prove a violation, Plaintiffs must show that each Defendant did one of the following acts:

(1) intentionally recorded or procured any other person to record any private oral communication; or

(2) intentionally disclosed to any other person the contents of any recorded private oral communication, knowing or having reason to know that the contents were obtained through the recording of an oral communication in violation of the statute.

An oral communication means a communication made by a person who had the subjective belief that the conversation was private, and that subjective belief was objectively reasonable.

However, it is lawful to do any of the foregoing acts if all parties to the communication have given prior consent to the interception.

If you find a Defendant liable to Plaintiff, I may award statutory damages.  A Plaintiff may be entitled to actual damages to compensate the Plaintiff for the actual harm caused by the violation.

## 2. Violation of Section 10-402 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code - Corporation as Plaintiff

A corporation may prove a violation of Maryland law if a Defendant recorded one of its employees or contractors in her capacity as a corporate employee or contractor. An employee or contractor is recorded in her capacity as a corporate employee or contractor if the employee or contractor is recorded discussing internal matters of the corporation or if the Defendant targeted her for recording because she could disclose information about the corporation's internal matters.

United States District Court
Northern District of California

J.     **FEDERAL RECORDING CLAIMS**

1.     **Violation of 18 U.S.C. §2511**

Plaintiffs PPFA, PPGC/PPCFC, PPNorCal, PPOSBC, PPPSGV, PPPSW, PPRM, and PPCCC allege that Defendants Daleiden, Merritt, Lopez, BioMax, and Center for Medical Progress violated 18 U.S.C. §2511, the federal law against unlawful recording. To prove that the Defendant violated this statute, Plaintiffs must prove that the Defendant did one of the following acts:

(1) intentionally intercepted or procured any other person to intercept or endeavor to intercept, any private oral communication; or

(2) intentionally disclosed, or endeavored to disclose, to any other person the contents of any private oral communication, knowing or having reason to know that the information was obtained through the interception of an oral communication in violation of this subsection; or

(3) intentionally used, or endeavored to use, the contents of any private oral communication, knowing or having reason to know that the information was obtained through the interception of an oral communication in violation of this subsection.

An oral communication means a communication made by a person who had the subjective belief that the conversation was private, and that subjective belief was objectively reasonable.

To "intercept" an oral communication means to acquire the contents of that communication through the use of any electronic, mechanical, or other device.

However, a party to an intercepted communication who consents to the interception does not violate this statute unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State. Here, plaintiffs claim defendants used the recordings to violate civil RICO.

If you find that one or more Defendant violated this statute, you must then determine whether the violation caused harm to each plaintiff.

If you find a Defendant liable to Plaintiff, I may award statutory damages. A Plaintiff may be entitled to actual damages to compensate the Plaintiff for the actual harm caused by the

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    violation.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.     Federal Recording - Mixed Purpose

A person may record for both a lawful purpose and an unlawful purpose at the same time. The existence of a lawful purpose does not negate the unlawful purpose.  If you find that a defendant had both a lawful and unlawful purpose for recording, you should find the defendant acted with an unlawful purpose in violation of the federal recording statute.

### 3.    Federal Recording - Corporation as Plaintiff

A corporation may prove a violation of Federal law if a Defendant recorded one of its employees or contractors in her capacity as a corporate employee or contractor. An employee or contractor is recorded in her capacity as a corporate employee or contractor if the employee or contractor is recorded discussing internal matters of the corporation or if the Defendant targeted her for recording because she could disclose information about the corporation's internal matters.

### K.    CONSPIRACY

#### 1.    Conspiracy—Essential Elements

Plaintiffs claim that Defendants Daleiden, Lopez, Merritt, BioMax, Center for Medical Progress, Rhomberg, and Newman conspired to commit trespass, fraud and recording in violation of federal and state laws and that the conspiracy harmed one or more Plaintiffs.

A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.  If you find that one Defendant committed a wrongful act that harmed a plaintiff, then you must determine whether other Defendant that did not commit the wrongful act are also responsible for the harm.

A Defendant is responsible if a plaintiff proves both of the following:

1. That the Defendant was aware that another Defendant or person planned to commit a wrongful act; and

2. That the Defendant agreed with the other Defendant or person and intended that the wrongful act be committed.

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make a Defendant responsible for the harm.  A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. Plaintiff are not required to prove that each Defendant personally committed a wrongful act or that he or she knew all the details of the agreement or the identities of all the other participants.

1

2

### 2.    Conspiracy—Essential Elements

If you decide that a Defendant joined the conspiracy to commit fraud, trespass, or illegally record, then he or she is responsible for all acts done as part of the conspiracy, whether the acts occurred before or after he or she joined the conspiracy.

**L.      DAMAGES**

**1.      Damages - Generally**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a Plaintiff on one or more of its claims, you must determine that Plaintiff's damages. A Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### 2. Damages – Mitigation

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

1. that a Plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

1

2                     **3.        Damages—Tort Damages**

3              This instruction applies to Plaintiffs' fraud, trespass, California recording, Florida

4    recording, Maryland recording, Federal recording, and RICO claims.

5              For each of these claims in which a Defendant has been found liable, either by me or by

6    you, you must determine the damages for each Plaintiff that was caused by the conduct giving rise

7    to liability.

8              Plaintiffs have the burden of proving damages. Damages means the amount of money that

9    will reasonably and fairly compensate each Plaintiff for any injury you find was caused by the

10   Defendants.  It is for you to determine what damages, if any, have been proved.  Your award must

11   be based on evidence and not on speculation, guesswork, or conjecture.

12             The amount of damages must include an award for each category of harm that was caused

13   by the Defendant's wrongful conduct, even if the particular harm could not have been anticipated.

14   The plaintiff does not have to prove the exact amount of damages that will provide reasonable

15   compensation for the harm. However, you must not speculate or guess in awarding damages.

16   You may award Plaintiffs damages to reimburse them for expenses that were directly caused by

17   Defendants' acts.  These expenses may include the costs of security for staff members after

18   plaintiffs became aware of defendants' recordings, costs to investigate intrusions, and to

19   implement access security measures to prevent intrusions in the future.

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 4.      Damages - Contract Damages

This instruction applies to Plaintiffs' claims for Breach of the NAF Agreements, Breach of the PPFA Exhibitor Agreements, and Breach of the PPGC NDA.

For each of these claims in which a Defendant has been found liable, either by me or by you, you also must decide how much money will reasonably compensate the plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put plaintiff in as good a position as it would have been if the Defendant had performed as promised.  To recover damages for any harm, the Plaintiff must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.  The Plaintiff also must prove the amount of its damages according to the following instructions.  It does not have to prove the exact amount.

You may award Plaintiffs damages to reimburse them for expenses that were directly caused by Defendants' acts.  These expenses may include the costs of private security for staff members after Plaintiffs became aware of Defendants' recordings, costs to investigate the intrusions and to implement access-security measures to prevent intrusions in the future, and personal security costs for staff who were recorded by Defendants or had conversations with Defendants.  Any damages based on money spent by Plaintiffs must have been for expenses that were reasonably incurred in light of Defendants' actions.

### 5.       Damages—Fraud, Trespass, Breach, Recording, RICO

Plaintiffs seek damages under more than one cause of action. You will be asked to decide whether Defendants are liable to Plaintiffs under the following cause of action:

- Trespass

- Breach of PPFA Exhibitor Terms and Conditions

- Breach of NAF Agreements

- Breach of PPGC NDA

- Fraud

- RICO

- Recording (California law)

- Recording (Florida law)

- Recording (Maryland law)

In the verdict form, you will be asked to determine the amount of damages, if any, you award to each Plaintiff for each cause of action.  For each cause of action, enter the entire amount of damages each Plaintiff is entitled to under that cause of action, even if you awarded the same item of damage under a different cause of action.  After you complete your deliberations, I will remove any duplicate damages from any final award to Plaintiffs.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 6.      Arguments of Counsel Not Evidence of Damages

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

### 7.   Attorney Fees and Court Costs

If you find for a plaintiff or plaintiffs, you must not take into account any consideration of attorney fees or court costs in deciding the amount of the plaintiffs' damages. I will decide the matter of attorney fees and court costs, if any, later.

### M.   PUNITIVE DAMAGES

#### 1.   Punitive Damages—Individual and Entity Defendants—Trial Not Bifurcated

If you decide that a Defendant's fraud, trespass, or violation of the Maryland or federal recording statutes caused harm, you must also decide whether that conduct justifies an award of punitive damages based on this instruction.  (A separate instruction I will give governs the award of punitive damages for the Florida recording claim.)  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against a Defendant who is a natural person, i.e. a human being, only if a plaintiff proves by clear and convincing evidence that the Defendant engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against a Defendant that is a corporate entity only if a plaintiff proves that the corporation acted with malice, oppression, or fraud. To do this, a plaintiff must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of the entity Defendant, who acted on behalf of the entity Defendant; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of the entity Defendant; or

3.  That one or more officers, directors, or managing agents of the entity Defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that a Defendant acted with intent to cause injury or that a Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A Defendant acts with knowing disregard when the Defendant is aware of the probable dangerous consequences of his conduct and deliberately fails to avoid those consequences.

"Oppression" means that a Defendant's conduct was despicable and subjected the plaintiff to cruel and unjust hardship in knowing disregard of its rights.

1    "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be

2    looked down on and despised by reasonable people.

3    "Fraud" means that a Defendant intentionally misrepresented or concealed a material fact

4    and did so intending to harm a plaintiff.

5    An employee is a "managing agent" if he or she exercises substantial independent

6    authority and judgment in his or her corporate decision making such that his or her decisions

7    ultimately determine corporate policy.

8    There is no fixed formula for determining the amount of punitive damages, and you are not

9    required to award any punitive damages. If you decide to award punitive damages, you should

10   consider all of the following factors separately for each Defendant in determining the amount:

11   (a) How reprehensible was that Defendant's conduct? In deciding how reprehensible a

12   Defendant's conduct was, you may consider, among other factors:

13       1. Whether the conduct caused physical harm;

14       2. Whether the Defendant disregarded the health or safety of others;

15       3. Whether plaintiff was financially weak or vulnerable and the Defendant knew

16       plaintiff was financially weak or vulnerable and took advantage of it;

17       4. Whether the Defendant's conduct involved a pattern or practice; and

18       5. Whether the Defendant acted with trickery or deceit.

19   (b) Is there a reasonable relationship between the amount of punitive damages and

20   plaintiff's harm?

21   (c) In view of that Defendant's financial condition, what amount is necessary to punish

22   him and discourage future wrongful conduct? You may not increase the punitive award

23   above an amount that is otherwise appropriate merely because a Defendant has substantial

24   financial resources.

25

26

27

28

United States District Court
Northern District of California

1

### 2.  Punitive Damages for Violation of 934.03 of Title XLVII of the Florida Criminal Procedure Law

If you find that Defendants have violated Section 934.03 and award compensatory damages, you must also decide whether punitive damages are warranted as punishment to one or more of the Defendants and as a deterrent to others.

Punitive damages are warranted against Defendants if you find by clear and convincing evidence that the defendant was guilty of intentional misconduct or gross negligence, which was a substantial cause of injury to the Plaintiffs.  Under those circumstances you may, in your discretion, award punitive damages against Defendants.  If clear and convincing evidence does not show such conduct by any Defendant, punitive damages are not warranted against that defendant.

"Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of his or her conduct and that there was a high probability that injury or damage to Plaintiffs and, despite that knowledge, he or she intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from "preponderance of the evidence" in that it is more compelling and persuasive.  Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

If you decide that punitive damages that are warranted against one or more of the defendants then you must decide the amount of punitive damages, if any, to be assessed as punishment against the defendants and as a deterrent to others.  This amount would be in addition to the compensatory damages you have previously awarded.  In making this determination, you should consider the following:

(1).    the nature, extent and degree of misconduct and the related circumstances, including the following:

(A).    whether the wrongful conduct was motivated solely by unreasonable financial gain;

99

(B).     whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by defendants;

(C).     whether, at the time of Plaintiffs' damage, the defendant had a specific intent to harm Plaintiffs and the conduct of defendants did in fact harm Plaintiffs; and

(2).     the financial resources of defendants.

However, you may not award an amount that would financially destroy defendants.

You may in your discretion decline to assess punitive damages. You may assess punitive damages against one defendant and not the others or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.

### III.    CLOSING INSTRUCTIONS

####    1.    Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous, as to each element of a claim or defense.  If more than one piece of evidence can support an element of a claim or defense, you do not need to unanimously agree on which piece of evidence satisfies the element of the claim or defense, as long as you unanimously agree that the element has been satisfied.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense and experience in deciding whether testimony is true and accurate. However, during your deliberations, do not make any statements or provide any information to other jurors based on any special training or unique personal experiences that you may have had related to matters involved in this case. What you may know or have learned through your training or experience is not a part of the evidence received in this case.

Sometimes jurors disagree or have questions about the evidence or about what the witnesses said in their testimony. If that happens, you may ask to have testimony read back to you or ask to see any exhibits admitted into evidence that have not already been provided to you. Also,

United States District Court
Northern District of California

jurors may need further explanation about the laws that apply to the case. If this happens during your discussions, write down your questions and give them to the clerk or bailiff. I will talk with the attorneys before I answer so it may take some time. You should continue your deliberations while you wait for my answer. I will do my best to answer them. When you write me a note, do not tell me how you voted on an issue.

While I know you would not do this, you must not base your decision on chance, such as a flip of a coin. If you decide to award damages, you may not agree in advance to simply add up the amounts each juror thinks is right and then, without further deliberations, make the average your verdict.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

## 2.    Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through my clerk, Ms. Davis. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to Ms. Davis, signed by your presiding juror or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data  from the jury room, and do not copy any such data.

**3.      Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

### 4.     Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through my Clerk, Ms. Davis, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### 5.      Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Davis that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated: November 8, 2019



William H. Orrick
United States District Judge