Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
Milan L. Brandon (CA Bar No. 326953)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com

*Attorneys for Defendants CMP, BioMax,
David Daleiden and Adrian Lopez*

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

*Attorneys for Defendants CMP, BioMax,
and David Daleiden*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org

*Attorneys for Defendant David Daleiden*

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants CMP, BioMax,
and David Daleiden*

[*Counsel for Defendants Newman, Rhomberg,
and Merritt listed on signature page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 3:16-CV-00236-WHO <br><br> Hon. William H. Orrick III <br><br> **DEFENDANTS' ADDITIONAL OBJECTIONS TO JURY INSTRUCTIONS** <br><br> Trial Date: October 2, 2019 <br> Courtroom: 2, 17th Floor |

**DEFENDANTS' OBJECTION TO RICO MAIL & WIRE FRAUD INSTRUCTION**

To be guilty of the predicate act of wire fraud, a "defendant [must have] knowingly participated in or devised . . . a scheme or plan for obtaining property by means of false or fraudulent pretenses, representations, or promises." Dkt. 983, Revised Tentative Jury Instructions, at 65. But, as this Court has correctly observed, "[i]n order to find 'a scheme or plan for obtaining property,' one must find that Defendants attempted to 'acquire money or property through fraud.'" See Dkt. 124, Order on Motion to Dismiss, at 9 (citing, *e.g., United States v. Ali*, 620 F.3d 1062, 1070 (9th Cir. 2010)). To "acquire" means more than merely to "interfere with" or "disrupt" a party's use of its property, but rather that "Defendant have 'pursued or received "something of value"' from a Plaintiff 'that they could exercise, transfer or sell.'" *Scheidler v. Nat'l Org. for Women*, 537 U.S. 393, 405 (2003) (cited in Dkt. 124 at 9) (citing *United States v. Nardello*, 393 U.S. 286, 290 (1969)).

On Friday November 8, 2019, Plaintiffs requested until the end of the next day to find and present the Court with a case more on point than *Scheidler v. Nat'l Org. for Women*, 537 U.S. 393, 405 (2003). *See* 20 Trial Tr. 3723:14–19. In this respect, the Court stated:

> THE COURT: So I am very much inclined to agree with you, Mr. Breen. I will let Mr. Mayer take—see whether there's something else that's out there, and I'll look at it. But in rereading things last night and also taking a look at what I wrote in the summary-judgment order, I'm just—I'm inclined to agree with you.

20 Trial Tr. 3724:15–20. However, Plaintiffs presented no new case by Saturday, and thus have waived any further objection to removing the mail and wire fraud instruction. Thus, the Court should do so.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# DEFENDANTS' OBJECTION TO DEFINITIONS OF "CONFIDENTIAL COMMUNICATION" AND "ORAL COMMUNICATION" IN JURY INSTRUCTIONS

With respect to the jury instructions, Defendants submit a renewed objection to the Court's definition of "confidential communication" under the California Recording Statute, and "oral communication" under the federal, Florida and Maryland Wiretapping Statutes. *See* Dkt. 983, at 75 (Cal.), 80 (Fla.), 82 (Md.), 84 (Fed.). Each of those statutes defines the terms in a clear and comprehensible manner:

> For the purposes of this section, "confidential communication" means any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive, or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Cal. Penal Code § 632(c).

> "Oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication.

Fla. Stat. § 934.02(2).

> (i) "Oral communication" means any conversation or words spoken to or by any person in private conversation. (ii) "Oral communication" does not include any electronic communication.

Md. Cts. & Jud. Proc. § 10-401(2).

> "oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication.

18 U.S.C. § 2510(2).

/ / /

/ / /

Presently, the instructions for each of the four recording claims has a definition of "confidential communication" or "oral communication," but such definitions do not match the statutory definitions. Defendants object to modifying the statutory definition, and suggest the following changes:

| Revised Tentative Jury Instructions | Proposed Text from Statute |
|---|---|
| A conversation is confidential where the recorded party had a reasonable expectation that others are not listening-in to the conversation or recording it.<br><br>Dkt. 983, at 75, California Recording Claim.[1] | ~~For the purposes of this section,~~ "confidential communication" means any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering ~~or in any legislative, judicial, executive, or administrative proceeding open to the public,~~ or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.<br><br>Cal. Penal Code § 632(c) (strikethroughs added to show difference between statute and proposed instruction. |
| An oral communication means a communication uttered by a person who has a subjective expectation that the communication is not subject to interception under circumstances justifying such expectation, and whose expectation was objectively reasonable.<br><br>Dkt. 983, at 80, Florida Wiretapping Claim | "Oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication.<br><br>Fla. Stat. § 934.02(2). |

---

[1] Defendants specifically object to the language "listening-in," which appears in neither the statute, nor the CACI 1809 instruction for Cal. Penal Code § 632.

| | |
|---|---|
| An oral communication means a communication made by a person who had the subjective belief that the conversation was private, and that subjective belief was objectively reasonable.<br><br>Dkt. 983, at 82, Maryland Wiretapping Claim | (i) "Oral communication" means any conversation or words spoken to or by any person in private conversation. (ii) "Oral communication" does not include any electronic communication.<br><br>Md. Cts. & Jud. Proc. § 10-401(2). |
| An oral communication means a communication made by a person who had the subjective belief that the conversation was private, and that subjective belief was objectively reasonable.<br><br>Dkt. 983, at 80, Federal Wiretapping Claim | "oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication.<br><br>18 U.S.C. § 2510(2). |

Date:   November 11, 2019      Respectfully submitted

/s/ Charles S. LiMandri
Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
Milan L. Brandon (CA Bar No. 326953)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
Facsimile: (858) 759-9938
cslimandri@limandri.com
pjonna@limandri.com
jtrissell@limandri.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, and Gerardo Adrian Lopez*

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*


/s/ Thomas Brejcha
Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
Sarah E. Pitlyk, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org

*Attorneys for Defendant David Daleiden*


/s/ Edward L. White
Edward L. White III, *pro hac vice*
Erik M. Zimmerman, *pro hac vice*
John A. Monaghan, *pro hac vice*
Christy Stierhoff, *pro hac vice*
AMERICAN CENTER FOR LAW & JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
Tel: (734) 680-8007
ewhite@aclj.org
ezimmerman@aclj.org
jmonaghan@aclj.org
cstierhoff@aclj.org

Vladimir F. Kozina (#95422)
MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
Tel: (209) 477-3833
VKozina@mayallaw.com

*Attorneys for Defendant Troy Newman*

/s/ Catherine Short
Catherine W. Short (CA Bar No. 117442)
Corrine G. Konczal (CA Bar No. 320238)
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
LLDFOjai@earthlink.net

Michael Millen (CA Bar No. 151731)
ATTORNEY AT LAW
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Tel: (408) 871-0777
Facsimile: (408) 866-7480
mikemillen@aol.com

*Attorneys for Defendant Albin Rhomberg*


/s/ Horatio G. Mihet
Horatio G. Mihet*
Liberty Counsel
hmihet@lc.org
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
*Admitted pro hac vice

Nicolaie Cocis CA Bar # 204703
Law Office of Nic Cocis and Associates
nic@cocislaw.com
38975 Sky Canyon Dr., Suite 211
Murrieta, CA 92563
(951) 695-1400

*Attorneys for Defendant Sandra Susan Merritt*