UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,

Plaintiffs,

v.

CENTER FOR MEDICAL PROGRESS, et al.,

Defendants.

Case No. 16-cv-00236-WHO

**ORDER REGARDING PLAINTIFFS' RULE 50 MOTION AND VERDICT FORM**

## I. PLAINTIFFS' RULE 50 MOTION

Having reviewed the parties' briefing, I have concluded that Plaintiffs' employees and contractors are third-party beneficiaries of the NAF Agreements (both the Exhibitor Agreements and the Confidentiality Agreements). A reasonable jury would not have a legally sufficient basis to find otherwise. Whether the Plaintiffs themselves are third-party beneficiaries with standing to seek damages from breach of the NAF Agreements or, as Defendants characterize them, fourth-party beneficiaries who failed to establish standing at trial, are legal matters that will be determined post-trial. Therefore, the issue of Third-Party Beneficiary status as it relates to the NAF Agreements will not go to the jury.

I also conclude that Plaintiffs' Rule 50 motion should be granted as to the breach of the NAF Agreements, specifically as to defendants Merritt, Daleiden, BioMax, and CMP in 2014 and defendants Daleiden, Lopez, BioMax, and CMP in 2015 concerning the first term of the 2014 and 2015 Confidentiality Agreements prohibiting "Videotaping or Other Recording" and as to defendants Daleiden, BioMax, and CMP with respect to the NAF Exhibitor Agreements in 2014 and 2015 concerning the requirement to provide "truthful, accurate, complete, and not misleading" information. I reject defendants' arguments as to ambiguity, the liability of CMP and BioMax

through their agents (Daleiden, Lopez, Merritt), and lack of consideration.  A reasonable jury would not have a legally sufficient basis to find otherwise.

Plaintiffs' Rule 50 motion is denied in all other respects.  The Final Jury Instructions will be revised accordingly.  There is no basis to give the additional three instructions sought by Defendants regarding adverse inferences and I will not give them.  (Dkt. No. 985.)

## II.  FINAL VERDICT FORM

By 7:00 a.m. Tuesday November 12, 2019, Plaintiffs shall file (and email in Word) a revised Verdict Form that takes into account: (1) my Order on Plaintiffs' Rule 50 motion; (2) the revised page numbers on the Final Jury Instructions; (3) the limitation of the RICO predicate acts to those arising under 18 U.S.C. § 1028 (and exclusion of the wire fraud theory); and (4) defendants' proposed changes to the Verdict Form to which Plaintiffs agree.  *See* Dkt. No. 985 at 3:21-24; id. at 3:26-4:12.

I have reviewed Newman and Rhomberg's filings (Dkt. Nos. 987, 990) and Plaintiffs' response (Dkt. 991) and overrule Defendants' objections to the Plaintiffs' most recent Proposed Verdict Forms.  I ruled in Dkt. No. 804 that the scope of the civil conspiracy claim could proceed on the underlying tort claims, including fraud, trespass and illegal recording.  Plaintiffs did not represent that they were limiting the scope further.  The revised verdict form does not expand the scope of the civil conspiracy claims and the colloquy on November 8 related to punitive damages, not the recording statute, in California.

**IT IS SO ORDERED.**

Dated: November 11, 2019



William H. Orrick
United States District Judge