# THOMAS MORE SOCIETY

*A National Public Interest Law Firm*

November 12, 2019

The Hon. William H. Orrick, III
United States District Judge
Northern District of California
San Francisco, California

        Re:    *Planned Parenthood Federation of America v. Center for Medical Progress*
               N.D. Cal. Case No. 3:16-cv-236-WHO

Your Honor:

      Before Trial, Plaintiffs fought to exclude evidence of David Daleiden meeting with El Dorado and Orange County law enforcement. Dkt. 762 (MIL #6). Plaintiffs were successful in limiting Defendants to a bare statement of "agreed-upon facts." Dkt. 835. Defendants objected to calling this a "stipulation," as they sought additional facts therein. Trial Tr. 2138:14-17. The final "agreed-upon facts" were either silent or potentially confusing as to whether or not certain law enforcement contacts involved Planned Parenthood (and were entirely silent on individual abortion providers, including Dr. Nucatola). See, Dkt. 928. However, Plaintiffs knew that Mr. Daleiden *had* actually informed the relevant law enforcement agencies about Planned Parenthood and Dr. Nucatola. *See, e.g.*, Dkt. 898; Trial Tr. 2998:6–3000:17; dkt. 997[1]; Exh. 1 hereto, "**Confidential** - For the Orange County District Attorney's Office," CM4498-4507; Exh. 2 hereto, "**Confidential** - For the El Dorado County District Attorney's and Sheriff's Offices," CMP33-43; Testimony of David Daleiden, *People v. Daleiden*, R.T. 1141-1142, 1182:19-1184:18, 1142:27-1143:4 (testifying on Orange County and El Dorado law enforcement meetings) & Exh. UU (El Dorado report); see also, Trial Ex. 68.

      Yet during closing argument today, Plaintiffs' counsel repeatedly alleged that Mr. Daleiden had not provided information about Planned Parenthood and Dr. Nucatola to those law enforcement agencies, urging that due to the lack of such reporting, the jury should throw out Mr. Daleiden's defense under Cal. Pen. Code § 633.5 and conclude that "the whole violent crimes -- gathering crimes thing is a smokescreen." Trial Tr. 3964-66 ("TROTTER: a stipulation of the parties as to facts related to Mr. Daleiden's contacts with law enforcement . . . . May, 2015. Orange County District Attorney's Office. Well, at least that's in California. Orange County is in southern California. But what information was provided? Information about DaVinci Biosciences. Another company, DV Biologics, and various non-Planned Parenthood abortion

---

[1] When Defense Counsel previously raised the issue in Open Court that these alleged "facts" are incomplete and potentially confusing, Defense Counsel did not intend to emphasize the law enforcement contacts in their own closing, and had no thought that Plaintiffs would argue facts they had not wanted in evidence in the first place. Thus Defense Counsel did not seek to re-read a new version of the Court's statements to the jury.

309 W. Washington St. | Ste. 1250 | Chicago, IL 60606 | thomasmoresociety.org | P: 312.782.1680

*"Injustice anywhere is a threat to justice everywhere."* – Rev. Dr. Martin Luther King

The Hon. William H. Orrick III
November 12, 2019
Page 2

clinics. Again, no mention of Planned Parenthood or the taped lunch with Dr. Nucatola or the evidence gathered from the Dr. Gatter lunch.  No mention of Planned Parenthood. And finally, May 2015, El Dorado County, California, Sheriff's office and El Dorado County, District Attorney's office, re StemExpress.  Mr. Rhomberg was also in attendance at that meeting.  No mention of Planned Parenthood, evidence gathered at the Dr. Nucatola lunch, evidence gathered at either of the NAF conferences in 2014 or 2015, or at any of the clinics, PPGC, PPRM.  Remember, all of that taping is occurring during this entire period. Looking for evidence of crimes?  Really?  Why wouldn't you be reporting what you're finding?  It makes no sense.  Members of the jury, doesn't this tell you that the whole violent crimes -- gathering crimes thing is a smokescreen?").

Plaintiffs' counsel's arguments today are not supported by the "agreed-upon facts," nor are they in any way permissible inferences that can be drawn from those alleged facts. More importantly, the arguments are absolutely and demonstrably false. See, Cal. Rules of Professional Conduct, rule 5-200(B) ("In presenting a matter to a tribunal, a member . . . Shall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law").

As a result of the information provided by Mr. Daleiden, the Orange County District Attorney prosecuted and shut down the California operations of PPOSBC's tissue procurement partners, DaVinci Biosciences LLC and DV Biologics LLC. *See, e.g.,* OCDA Settlement Shuts Down Yorba Linda Fetal Tissue Traders, Matt Coker, OC Weekly, December 13, 2017 ("The Center for Medical Progress in 2015 unveiled undercover videos of Planned Parenthood officials around the country meeting with David Daleiden, founder of CMP, and others from the activist group posing as fetal tissue traders. One such video featured a conversation where the name of an official with Planned Parenthood of Orange & San Bernardino Counties came up, as did DV Biologics and DaVinci Biosciences.").

And Mr. Daleiden's report provided by to Orange County law enforcement, which was produced to Plaintiffs in Defendants' production set 6, on June 22, 2018, repeatedly references Planned Parenthood and Dr. Nucatola. See, Exh. 1. Page 2 of the report states that:

> 2) Planned Parenthood Orange & San Bernardino Counties (PPOSBC) supplies fetal tissue to DVB for profit
> 3) PPOSBC uses partial-birth abortion procedures in order to supply fetal tissue to DVB
> 4) PPOSBC's abortion practices for fetal tissue sales to DVB produce born-alive infants who are killed through either neglect or overt homicide by PPOSBC or DVB staff
> 5) PPOSBC sells fetal tissue and uses illegal abortion procedures with the knowledge and encouragement of Planned Parenthood Federation of America (PPFA)

The Hon. William H. Orrick III
November 12, 2019
Page 3

And Page 3 specifically references PPOSBC, PPFA, Dr. Jennefer Russo, and Dr. Nucatola. Page 6 is titled, "PPOSBC supplies aborted fetal tissue to DVB for profit" and specifically cites and quotes Dr. Nucatola. Page 7 is titled, "PPOSBC uses partial-birth abortions to supply intact fetal tissue to DVB" again referencing Dr. Nucatola. Page 8 is titled, "PPOSBC's abortion practices for fetal tissue sales to DVD produce born-alive infants who are killed through either neglect or overt homicide by PPOSBC or DVB staff." Page 9 is titled, "PPOSBC sells fetal tissue and uses illegal abortion procedures with the knowledge and encouragement of PPFA." The El Dorado report contains similar material. See, Exh. 2.

Mr. Daleiden specifically testified about his contacts with El Dorado County law enforcement at the criminal Preliminary Hearing, R.T. 1141-1142, 1182:19-1184:18, and the El Dorado report was identified as Exhibit UU at that Preliminary Hearing. Mr. Daleiden also testified about the Orange County law enforcement contacts and report at the Preliminary Hearing, R.T. 1142:27-1143:4. Various Plaintiffs' counsel attended that Preliminary Hearing; the transcripts of it have been released to Plaintiffs' counsel; and those transcripts have repeatedly been used for impeachment in this case.

In view of the egregious, flagrant misconduct of Plaintiffs' Counsel, and in order to repair the damage caused by Plaintiffs' Counsel before the jury, Defendants respectfully request the following:

(1) An instruction from the Court that Plaintiffs' attorneys had received the reports of Mr. Daleiden to El Dorado and Orange Counties, that those reports clearly mentioned the relevant Plaintiff Planned Parenthood affiliates and the doctors involved, and that all attorneys were fully aware of those facts, as the very reports recently had been briefed and argued before the court;
(2) That the Court allow into evidence Mr. Daleiden's reports to El Dorado and Orange Counties, so that the members of the jury may be able to see the truth of the matter themselves; and
(3) That Defense Counsel be granted an additional 10 minutes in closing argument to address these issues and refute the intentional falsehoods of Plaintiffs' counsel.

Respectfully submitted,

/s/Peter Breen
*Counsel for Mr. Daleiden*

Enclosures