STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: steve.mayer@arnoldporter.com
       sharon.mayo@arnoldporter.com
       jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Email: diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Email: rhonda.trotter@arnoldporter.com
       oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone: (415) 531-1791
Email: beth.parker@ppnorcal.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone: (202) 973-4800
Email: helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>             Plaintiffs,<br><br>        v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>             Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**PLAINTIFFS' RESPONSE TO DKT. 1012 LETTER FROM PETER BREEN RE LAW ENFORCEMENT STIPULATION** |

Defendants expressly agreed to the facts set forth in the law enforcement stipulation read to the jury.  When they did so, Defendants apparently blundered in their research and review of their own documents, blunders compounded when they failed to take corrective action despite ample time and multiple opportunities to do so.  Rather than owning up to these mistakes, Defendants try to lay the blame on Plaintiffs—making outrageous and meritless accusations along the way.

## I. TIMELINE OF EVENTS:

Plaintiffs set forth the facts for the Court's benefit.

Step 1:  On October 10th, the Court asked the parties for a update on the status of the stipulation regarding law enforcement:  "Now, I thought that the parties were going to stipulate regarding the law enforcement contacts that Mr. Daleiden had prior to the release of the videos.  What's the status of that?"  Trial Tr. (Vol. 5) 784:24-785:1.  The parties informed the Court they could not come to an agreement and the Court ordered both parties to submit their respective proposed stipulations.  *Id.* at 786:23-787:2.

Step 2:  Later on October 10th, Defendants filed their Submission Regarding CMP's Contacts with Law Enforcement.  (Dkt. 898).

Step 3:  On October 11th, Plaintiffs' filed their Proposed Stipulation re: Law Enforcement Contacts.  (Dkt. 900).

Step 4:  Ten day later, on October 21st, the Court issued its Proposed Law Enforcement Contacts Stipulation.  (Dkt. 928).

Step 5:  On October 22, the parties agreed on the record that the Court's proposed stipulation was true:

-1-
PLAINTIFFS' RESPONSE TO DKT. 1012 LETTER FROM PETER BREEN
No. 3:16-cv-00236-WHO

US 167085904v4

```
 3            MR. LIMANDRI:  Charles LiMandri.
 4       With regard to the stipulation on law enforcement, I just
 5  wanted the record to reflect that we had submitted a bit of a
 6  longer stipulation.  And I understand the Court's going to be
 7  reading the shorter one.
 8       Inasmuch as it's called a stipulation, I just wanted the
 9  record to reflect that what we were willing to stipulate to was
10  a longer one, which is not what we received.  So it's not, in
11  its present form, a stipulation, per se, we have agreed to.
12       But of course, I'm understanding and accepting of the
13  Court's order.  But I wanted the record to reflect that.
14            THE COURT:  So, you agree to the facts that are here.
15            MR. LIMANDRI:  I do.
16            THE COURT:  You would like additional facts.
17            MR. LIMANDRI:  Exactly, Your Honor.
18            THE COURT:  Okay.  So the record should reflect that.
19  And I'll read it as -- instead of a stipulation, I'll just say
20  that the parties agree that the following -- these are -- these
21  facts should be taken as true by the jury.
22            MR. LIMANDRI:  Fair enough.  Thank you, Your Honor.
```

Step 6:  Nine days later, on October 31st, the Court read the stipulation to the jury during Mr. Daleiden's testimony.  Trial Tr. (Vol. 14) at 2629:2-2630:24.

Step 7:  On November 4th, before the parties rested, Mr. LiMandri for the first time advised the Court and Plaintiffs that Defendants believed there were certain "inaccuracies" in the stipulation that they "didn't catch."  Trial Tr. (Vol. 16) at 2998:13.  But he also told the Court that, while he wanted to correct the record, **he didn't "think it needs to be dealt with further"** or to be reread or presented to the jury.  *Id*. at 2999:6-7.  In response to Mr. Limandri, Plaintiffs' counsel made clear that Plaintiffs did not know what Mr. Limandri was referring to: "I'll have to check.  I mean.  I just don't know right offhand, without documents to confirm the corrections that counsel is indicating."  Plaintiffs' ounsel then asked for clarification regarding whether counsel could refer to the facts that were read to the jury in closing.  *Id.* at 3000:1-4.  The Court confirmed that she could, stating "it's part of the case."  *Id.* at 3000:6.  Mr. LiMandri then stated that he "view[s] it as testimony" *and that*

*he "might summarize it, as I would any other testimony that I thought might be helpful." Id.* Defendants did not follow up in any way. Defendants did not provide to Plaintiffs or to the Court any documents or testimony supporting the purported corrections.

Step 8: At 10 p.m. on November 11th, the night before closing argument and after Plaintiffs had spent a week preparing and finalizing their closing based on the evidence that had come in, Defendants filed a Correction to the Law Enforcement Facts for the Record, again with no documents or testimony to support the purported corrections. (Dkt. 997). Plaintiffs filed a brief opposition.

Step 9: Before Plaintiffs gave their closing argument, Mr. LiMandri confirmed that the only purpose of the "Correction" was to "do something more formal." Then, as scheduled, Plaintiffs' counsel presented their closing argument. As part of that argument, as they had stated they intended to do a week earlier, and with the Court's approval, Plaintiffs made arguments based on the stipulation that was in the record. Defendants then objected, suggesting that Plaintiffs had emphasized "incorrect facts."

## II. DEFENDANTS' ACCUSATIONS OF MISCONDUCT ARE WITHOUT MERIT AND DEFENDANTS LONG AGO WAIVED ANY REMEDY.

As the above timeline makes clear, Defendants' accusation that Plaintiffs engaged in misconduct is meritless. Moreover, the relief they seek is unwarranted. Plaintiffs did nothing inappropriate. They argued the case based on the facts in the record, including the stipulation, precisely as Ms. Trotter indicated that she intended to do a week ago. The evidence relied on was evidence that Defendants specifically agreed to. Although Mr. LiMandri asserted that there were errors in the stipulation after it had been read, he did not support that assertion with any documents or information. Instead, knowing that, Plaintiffs were not aware of any documents that supported his claims, Mr. LiMandri stood pat and made no effort to provide any information to Plaintiffs or to the Court until after Plaintiffs gave their closing statement.

It took Mr. LiMandri *weeks* after the Court prepared the final law enforcement stipulation to identify the purported mistakes, even though his client Mr. Daleiden surely knows the scope of his own communications with law enforcement in far greater detail than Plaintiffs. That unwarranted

-3-
PLAINTIFFS' RESPONSE TO DKT. 1012 LETTER FROM PETER BREEN
No. 3:16-cv-00236-WHO

US 167085904v4

1  delay undermines their accusation of misconduct on the part of Plaintiffs' counsel. Likewise, the

2  materials that Mr. Breen has now submitted after-the-fact do not support the charge that Plaintiffs'

3  counsel should have known about defense counsel's blunder. In particular, while Mr. Breen refers

4  to Mr. Daleiden's testimony and certain exhibits in his criminal trial, he does not explain why

5  Plaintiffs should have known about them more readily than Mr. Breen who is Mr. Daleiden's

6  counsel in the criminal case.

7  At this point, it is simply too late to make any change to the evidentiary record. Defendants

8  failed to identify their own mistake, then failed to take any action when they did identify it, and now

9  seek to shift the blame to Plaintiffs. Contrary to Defendants' accusations, there is no basis to assert

10 that Plaintiffs somehow knew better than Defendants whether Mr. Daleiden had discussed Planned

11 Parenthood with law enforcement. The reality is that while the two documents that Defendants rely

12 on were produced in discovery, they were not used for any purpose by Plaintiffs or Defendants in

13 discovery or trial.

14 Moreover, the documents do not support the changes that Defendants propose. The focus of

15 these documents is on Stem Express and DaVinci, respectively. They are two briefings that appear

16 to have been prepared by CMP for the El Dorado County D.A. and the Orange County D.A. For

17 example, the second page of the briefing to the El Dorado County describes violations of state and

18 federal laws by Stem Express.

19 Finally, the cure here is far worse than the disease. It would undermine the credibility of

20 Plaintiffs' counsel with the jury at a critical moment in the case. Plaintiffs did nothing to create this

21 circumstance. The agreed facts are essentially correct and no revision is either necessary nor

22 appropriate at this very late stage.

| | | |
|---|---|---|
| 1 | Dated: November 13, 2019 | Respectfully submitted, |
| 2 | | ARNOLD & PORTER KAYE SCHOLER LLP |
| 4 | | By: /s/ *Sharon D. Mayo* |
| | | SHARON D. MAYO |
| 5 | | Attorneys for Plaintiffs |