Hon. William Orrick
U.S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA  94102

       Re: Combined Proposed Judgment Objection Letter, Case No. 3:16-cv-0236-WHO

Dear Judge Orrick:

       Plaintiffs provided Defendants the Proposed Rule 54(b) Judgment lodged concurrently with this letter.  Defendants made no recommended changes to the form.  Defendants' objections to the Proposed Judgment, followed by Plaintiffs' responses to the objections, are set forth below.

**I.**      **Partial Judgment**

      **A.**      **Defendants:  A partial judgment under F.R.C.P. 54(b) is not appropriate in this case.**

       The purpose of Rule 54(b) is to facilitate immediate appellate review of the particular issues subject to that judgment, separate from the non-54(b) issues, and not merely to start the clock on post-trial briefing with the goal of facilitating one appeal at a later time. *See, e.g., James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002). The Ninth Circuit "encourage[s] district courts to make findings and to explain their reasons for certifying under Rule 54(b)," *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015), and "[i]t will be the rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." *Id.* at 630.

       Here, the Court has not made any specific findings that would justify utilizing the Rule 54(b) procedure. Indeed, given that the Court will be issuing a ruling concerning the injunctive relief sought under the Cal. Bus. & Profs. Code § 17200 ("UCL") claim, without the introduction of further evidence, the posture of the case does not support a Rule 54(b) partial judgment. Most importantly, the facts underlying the jury verdict and the UCL claim are nearly identical and the legal issues significantly overlap.

       Also, Plaintiffs have stated they intend to seek unspecified other injunctive and equitable relief on the same claims covered by the proposed partial judgment—Plaintiffs' proposed partial judgment would not even finally resolve those claims. Defendants object to any further relief on these claims and request an opportunity to be heard concerning any such relief prior to entry of judgment on those claims. The Court should wait to enter one final judgment on all issues after the bench trial on the UCL issue and whatever briefing will be necessary concerning Plaintiffs' yet-to-be-specified request for other injunctive and equitable relief.

       Finally, due to unavailability of counsel and holiday conflicts, should the Court conclude that entering two separate judgments is permissible under Rule 54(b) and advisable, the defense requests that any judgment not be entered until 12/20/19, at the earliest, so that the various FRCP 50 & 59 motions and any UCL briefing would not be due until at least mid-to-late January 2020.

### B. Plaintiffs' Response

Plaintiffs take no position regarding Defendants' request that the Court enter a single judgment, provided that Plaintiffs are given an opportunity to seek equitable relief under their California Bus. & Profs. Code § 17200 and their other claims. If the Court enters separate judgments, Plaintiffs take no position on the timing of entry.

## II. PPRM Nominal Damages

### A. Defendants: PPRM is not entitled to nominal damages.

PPRM cannot recover nominal damages for the trespass claim. In discovery, PPRM stated that it "seeks only injunctive relief." Doc. 753 at 68:14 n.71 ("PPRM may seek injunctive relief.") See also Tr. 3585:17 – 3586:10. The Court stated that "summary judgment on 'damages' is not appropriate given that plaintiffs seek nominal damages," and submitted the issue of nominal damages to the jury. Order on MSJ, Dkt. #753 at 67. The verdict forms did not contain any question on nominal damages, and the jury did not award damages, nominal or otherwise, to PPRM. Jury Verdict, Dkt. #1016 at 2. A jury may decline to award nominal damages. *See generally California v. Altus Fin. S.A.*, 540 F.3d 992, 1002 (9th Cir. 2008). Therefore, the Court may not award $1 to PPRM against any Defendant for trespass.

### B. Plaintiffs: PPRM is Entitled to Nominal Damages.

The Court ruled on summary judgment that Defendants were liable to PPRM for trespass, and it has already determined that nominal damages for trespass are mandatory. Tr. 3570:12-3571:9. Accordingly, PPRM is entitled to nominal damages, and PPRM is not seeking actual damages for the PPRM trespass.

## III. Election of Remedies

### A. Defendants: Plaintiffs have not made a complete election of remedies, and cannot be awarded an improper windfall.

Although Section IV of Plaintiffs' proposed Rule 54(b) judgment states that any duplication of damages awards has been removed, much improper duplication still remains. Additionally, Section IV makes an improper conditional, partial election rather than complete election, with Plaintiffs seeking the same type of damages twice, for the same conduct.

Plaintiffs should not be awarded additional statutory damages on top of the actual damages determined by the jury. Plaintiffs have elected to receive those actual damages under RICO, so as to benefit from its trebling provision—either way, they have been fully compensated. *Nintendo of Am., Inc. v. Dragon Pac. Int'l,* 40 F.3d 1007 (9th Cir. 1994), cited by Plaintiffs did not allow for this sort of double recovery. In *Nintendo*, the Ninth Circuit explicitly stated that Nintendo's claims were *not* "based on the same wrongful act." *Id*. at 1010. Rather, "Congress created two separate statutory schemes to govern copyright and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both." *Id*. at 1011. The Court went on to note that the type of damages Nintendo recovered were not the same, one being statutory damages for copyright infringement and the other disgorgement of defendants' profits under the Lanham Act. Plaintiffs'

RICO (and other) claims subsume within them the surreptitious recording activity that is at the heart of the various recording claims, for which the jury awarded the same actual damages.

Moreover, Plaintiffs should not receive damages under both federal and state recording laws for the same recordings. Nine Plaintiffs are asserting an entitlement to receive federal <u>and</u> state statutory damages for the same alleged recording violations.

Additionally, the statutory damages for a successful California Section 632 claim are limited to $5,000 per lawsuit; it is not $5,000 per violation.[1] Moreover, even if statutory damages were available per violation, PPPSGV would still only be entitled to $5,000 for the single act of recording a communication, not the $10,000 they are claiming ($5,000 each for Gatter and Felczer).

Finally, although Plaintiffs have elected not to receive damages[2] for the contract claims, they have stated that they may change their election in the future. *See* Section IV. However, since the actual damages awarded for the contract claims are the same as for the wiretapping claims, Plaintiffs' pursuit of statutory damages should foreclose any future attempt to recover damages under the contracts. Any future recovery of actual damages, on top of statutory damages already awarded, would place them in a better position by the recovery than if no breach of contract had occurred, an impermissible result.[3] Additionally, PPFA cannot affirm the exhibitor agreements and receive judgment and collect damages thereon, and also receive judgment and collect damages for fraudulent inducement to enter into the same contracts or for trespass onto the premises to which the exhibitor agreements granted access.

PPFA was awarded duplicative damages for the breach of contract and for the related promissory fraud and trespass claims.[4] PPFA now states that it is affirming the PPFA exhibitor agreements. Every contract carries with it burdens and benefits. As PPFA is seeking to enforce the benefits the contracts provide, PPFA must itself comply with the burdens, one of which was to provide defendants' permission to enter the conference premises. PPFA cannot simultaneously seek contract damages while at the same time holding Defendants liable for trespass. Having affirmed the contract allowing Defendants' access to the conferences, they are not entitled to a judgment against Defendants for trespass, nor to an award of damages for trespass.

### B.     Plaintiffs:  The Awards of Actual Damages and Statutory Damages are Appropriate.

Defendants' acts of fraud, trespass, racketeering, and breach of contract are separate violations from their acts of illegally recording Plaintiffs.  The Ninth Circuit has held that it is appropriate to award actual damages for a violation of one right and statutory damages for a

---

[1] *See, e.g., Franklin v. Ocwen Loan Servicing, LLC*, 18-CV-03333-SI, 2018 WL 5923450, at *7 (N.D. Cal. Nov. 13, 2018), order clarified, 18-CV-03333-SI, 2019 WL 452027 (N.D. Cal. Feb. 5, 2019).

[2] At least one of the contracts appears to include an attorney's fees provision, which the proposed judgment expressly leaves for future determination.

[3] *Miller v. Robertson*, 266 U.S. 243, 260 (1924); *Ramona Equip. Rental, Inc. v. Carolina Cas. Ins. Co.*, 755 F.3d 1063 (9th Cir. 2014).

[4] Although, at present, Plaintiffs are not pursuing damages on their contract or tort claims, they have not expressly disclaimed an intent to do so in the future. To the contrary, Plaintiffs have stated that their current election of remedies is conditional.

violation of another right in the same case. *Nintendo of Am., Inc. v. Dragon Pac. Int'l,* 40 F.3d 1007, 1010-11 (9th Cir. 1994) (affirming award of copyright statutory damages and trademark actual damages).  Moreover, federal wiretapping is a separate violation from state wiretapping, and includes an additional element of wrongful intent.  Thus, separate awards on state and federal recording claims are also appropriate.[5]

California has recently amended the California Privacy Act to expressly allow for statutory damages "per violation," and the better-reasoned decisions hold that this amendment clarified, rather than changed, existing law.  *See, e.g., Ronquillo-Griffin v. TELUS Communication, Inc*., No. 17-cv-129 JM (BLM), 2017 WL 2779329 (S.D. Cal. June 27, 2017).  Furthermore, the taping of Gatter and Felczer constitutes at least two separate violations because two separate individuals were recorded by two individuals.  Cal. Pen. Code § 637.2 ("*any* person who has been injured" may bring an action "against *the person* who committed the violation") (emphasis added).

Defendants cite no authority for the proposition that "PPFA cannot affirm the exhibitor agreements and receive judgment and collect damages thereon, and also receive judgment and collect damages for fraudulent inducement to enter into the same contracts or for trespass."  Their argument is "repugnant to the well settled rule that one who is induced by fraud to enter into a contract is entitled *both* to '*affirm*' the contract *and* to sue for damages in tort."  *Denevi v. LGCC, LLC*, 121 Cal. App. 4th 1211, 1220 (2004).  While Plaintiffs are not entitled to *rescind* a contract for fraud and sue for breach of contract damages, *see id.*, Plaintiffs are not electing to rescind any contract or seek any damages or restitution based on rescission.  Plaintiffs have elected to affirm the contracts, and no further election between fraud and contract remedies is required.  Furthermore, Defendants promised in the PPFA Exhibitor Agreements not to commit "fraud" or other violations of law, and, therefore, seeking remedies based on fraud, trespass or otherwise is consistent with the express terms of those agreements.

## IV. Punitive Damages

### A. Defendants Must Elect Between Statutory, Trebled, and Punitive Damages

Plaintiffs cannot recover punitive damages on the claims where they elect their statutory damages, nor can they recover duplicative punitive damages to elected trebled or statutory damages. Specifically, "California courts have held that if a defendant is liable for a statutory penalty or multiple damages under a statute, the award is punitive in nature, and the award penalizes essentially the same conduct as an award of punitive damages. The plaintiff cannot recover punitive damages in addition to that recovery but must elect its remedy." *Fassberg Construction Co. v. Hous. Auth. of Los Angeles,* 152 Cal.App.4th 720, 759–760 (2007). See also, *Turnbull & Turnbull v. ARA Transportation*, 219 Cal.App. 3d, 811 827-27 (1990) ("[w]hen a new right, not existing at common law, is created by statute and a statutory remedy for infringement thereof is provided, such remedy is exclusive of all others unless the statutory remedy is inadequate"); *Clauson v. Super. Ct*., 7 Cal.App.4th 1253, 1256 (plaintiff must elect

---

[5] Plaintiffs are not seeking "future recovery of actual damages, on top of statutory damages already awarded" - but rather are simply reserving the right to elect actual damages in lieu of statutory damages in the event that an actual damages award on another claim is vacated.

4

between statutory damages under Penal Code §637.2 and punitive damages under common law invasion of privacy as pled); *Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 810 (N.D. Cal. 1989) ("The Court concludes that plaintiff may not seek punitive damages under either RICO or California Business and Professions Code § 17200. The civil remedy provision of RICO, 18 U.S.C. § 1964, provides for treble damages which are themselves punitive in character. Punitive damages in addition to these treble damages are not appropriate").

Plaintiffs cannot recover punitive damages on the claims where they elected their statutory damages (Federal Wiretapping, California Penal Code § 632, Florida Wiretapping, and Maryland Wiretapping), nor punitives that are duplicative of their trebled RICO or statutory damages, nor on the breach of contract, trespass, or fraud claims, for which they are not seeking any damages at all. Plaintiffs' Proposed Rule 54(b) Judgment, Section IV. Plaintiffs therefore cannot recover any punitive damages, and based on Plaintiffs' elections, they must be stricken from the proposed judgment.

### B. Plaintiffs: The Jury Awarded Punitive Damages.

The jury awarded punitive damages. The proper procedure for Defendants to challenge the sufficiency of evidence or raise other legal objections to the award of punitive damages is a post-trial motion.

Plaintiffs need not elect statutory or punitive damages because Federal courts do not recognize the concept of double-recovery for awards that are punitive in character. *Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1131 (9th Cir. 1997) ("We hold that a plaintiff may receive both treble damages under RICO and state law punitive damages for the same course of conduct"), *overruled on other grounds*, *United States v. Fernandez*, 388 F.3d 1199, 1228 (9th Cir. 2004); *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 725 (1st Cir. 1994) ("[T]he considerations that operate to bar multiple recoveries are conceptually and legally inapplicable to punitive damages."). Defendants' citations to *Marine, Inc.*, a *pre-Neibel* district court case, is not persuasive. Moreover, *Marine, Inc.* holds a party cannot recover punitive damages *for a RICO claim*. Plaintiffs did not ask for punitive damages on their RICO claim.

Even if state law were applicable (it is not), Defendants do not identify why it would be California law; and even if it were, Defendants overstate it. As noted in *Fassberg Constr. Co. v. Hous. Auth. of City of Los Angeles*, 152 Cal. App. 4th 720, 761 (2007), the court did "not decide categorically whether the recovery of treble damages and a civil penalty under the California False Claims Act precludes the recovery of punitive damages on a common law cause of action arising from the same conduct in all cases." *Id.* Rather, it held on the particular facts of the case, that multiple awards were excessive. *Id.* Defendants' one sentence argument does not make this factual showing.

Moreover, in asking the Court to enter a judgment that changes the jury's verdict, for example by striking the jury's award of punitive damages, Defendants have misconstrued the Court's responsibility at this stage of the proceedings. While Rule 58 requires the Court to enter a judgment, it "by no means empowers a court to enter a judgment contrary to a jury verdict." *Gaia Technologies, Inc. v. Recycled Products Corp.*, 175 F.3d 365, 371 n.6 (5th Cir. 1999). Indeed, any change in the jury's verdict other than by post-trial motion or by Plaintiffs'

election of remedies would violate the Seventh Amendment.  *See Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1121 (C.D. Cal. 2016).  Accordingly, "[t]he judgment entered must be consistent with the jury's verdict."  Robert E. Jones, et al., *Federal Civil Trials and Evidence*, 18:176.1 at p. 18-61 (2019 ed).

| | |
|---|---|
| */s/ Steven L. Mayer* <br> Steven L. Mayer <br> Attorney for Plaintiffs | */s/ Peter Breen* <br> Peter Breen <br> Attorney for Defendant Daleiden |
| */s/ Horatio Mihet* <br> Horatio Mihet <br> Attorney for Sandra Merritt | */s/ Edward L. White* <br> Edward L. White <br> Attorney for Defendant <br> Troy Newman |
| | /s/Catherine Short <br> Catherine Short <br> Attorney for Albin Rhomberg |

## ATTESTATION PURSUANT TO CIVIL L.R. 5.1(i)(3)

As the filer of this document, I attest that concurrence in the filing was obtained from the other signatories.

/s/ *Steven L. Mayer*
Steven L. Mayer
Attorney for Plaintiffs