Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
Milan L. Brandon (CA Bar No. 326953)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com

*Attorneys for Defendants CMP, BioMax, David Daleiden and Gerardo Adrian Lopez*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org

*Attorneys for Defendant David Daleiden*

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
Dorothy C. Yamamoto (CA Bar No. 306817)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants CMP, BioMax, and David Daleiden*

[Counsel for Defendants Troy Newman, Albin Rhomberg, and Sandra Susan Merritt listed on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>THE CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 3:16-CV-00236 (WHO)<br><br>Hon. William H. Orrick III<br><br>Defendants' Joint (1) Response to Plaintiffs' Motion to Extend Time Regarding Bills of Costs and Attorneys' Fee Motions, and (2) Cross-Motion to Defer Adjudication of the Attorneys' Fees and Litigation Costs Until All Appeals Have Been Exhausted |

# INTRODUCTION

Pursuant to Civ. L.R. 6-3, and in the interests of judicial economy and fundamental fairness, Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, Troy Newman, Albin Rhomberg, Sandra Susan Merritt, and Gerardo Adrian Lopez, hereby respond to Plaintiffs' motion to extend time regarding bills of costs and attorneys' fees motions, Dkt. 1059, and move for an order deferring the adjudication of Plaintiffs' forthcoming motion for attorneys' fees and Plaintiffs' forthcoming bill of costs until after Defendants' forthcoming appeals.

# GOVERNING LAW

A motion for attorneys' fees must be "filed no later than 14 days after the entry of judgment" "[u]nless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(D)(B). Similarly, "[n]o later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs." Civ. L.R. 54-4. In the Northern District of California, a motion for "a court order provid[ing] otherwise" is a five-page "motion under Civil L.R. 6-3." Civ. L.R. 54-5.

"Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58(e). The Advisory Committee Notes provide that, "[p]articularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58, advisory committee's note to 1993 amendment. "[T]he reasoning of the advisory committee's note to the 1993 Amendment to Fed. R. Civ. P. 54 is applicable to a ruling on a bill of costs." *G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 932087, at *2 (E.D. Cal. Feb. 16, 2018) (quotation marks omitted).

Because of the Advisory Committee Notes, many courts focus on whether an appellate decision is likely to affect the liability for fees or costs. *See, e.g., Sun Capital Partners III, LP v. New England Teamsters & Trucking Indus. Pension Fund*, 329 F.R.D. 102, 108 (D. Mass. 2018) ("[J]udicial efficiency often supports tabling the fee issue until after appeal.") (citations omitted); *Madrid v. Concho Elementary Sch. Dist. No. 6 of Apache Cty.*, No. CV-07-8103-PCT-DGC, 2010 WL 2991562, at *1 (D. Ariz. July 26, 2010) ("The issues on appeal carry a significant potential that the

Ninth Circuit's disposition may greatly affect the Court's consideration of Defendants' motion for attorneys' fees. In the interest of judicial economy, the Court will not rule on Defendants' motion for fees until after the Ninth Circuit has ruled.") (quotation marks, brackets, and citations omitted).

Other courts look to judicial economy generally. *See, e.g., Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, No. 13-CV-2856 JLS (RBB), 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017) ("[W]hatever the Court's ruling on this motion, Defendant promises to file a second motion for attorneys' fees if it is successful on appeal. Thus, under any scenario at the Ninth Circuit, the Court's efforts would either be moot or insufficient.") (citations omitted); *Fisher v. City of San Jose*, No. C 01-21192 PVT, 2004 WL 7334930, at *1 (N.D. Cal. Aug. 13, 2004) ("[I]t is appropriate to stay the fee issue of the instant action until the appeal on the merits is complete. If Defendants prevail on the appeal, the fees issue becomes moot. This is particularly significant in this action since the fees issue is not a simple one. It requires the complex task of apportioning the resources consumed through litigating each of the individual claims.").

## ARGUMENT

Here, Plaintiffs' complaint seeks attorneys' fees with respect to their claims for Civil RICO, and the Federal, Florida, and Maryland Wiretapping statutes. FAC, ¶¶ 162, 171, 231, 237. Plaintiffs do not seek attorneys' fees under their breach of contract claims, their common law torts, California's Unfair Competition Law, or for California's Invasion of Privacy Act. *See id.*

In contrast, certain Defendants will seek a portion of their fees (an off-set) under California's Anti-SLAPP statute. *See* Dkt. 791, Def. Stmnt. of Relief Claimed, § 2 (discussing Defendants' continuing entitlement to some fees); Dkt. 753, 2d Anti-SLAPP Order, 119:16 ("I can decide any appropriate motions for [anti-SLAPP] attorneys' fees after the trial."). Further, should the Ninth Circuit significantly reverse the judgment—making Defendants the prevailing party on balance—Defendants will seek their fees under California's Private Attorney General statute. *See* Dkt. 791, Def. Stmnt. of Relief Claimed, § 1.

As a result, the attorneys' fees cross-motions in this action will be quite complicated. Even considering only Plaintiffs' claims, apportionment of fees would necessitate a complex analysis. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 889 & n.11 (9th Cir. 2011) (discussing necessity of

apportionment). This is especially true since only two of the Plaintiffs succeeded on all four of the above counts. Of the remaining Plaintiffs, seven did not succeed on the RICO claim. Two succeeded on three claims, four on two claims, one on only the federal recording claim, and two on none of the claims. *See Harris v. Marhoefer*, 24 F.3d 16, 18–19 (9th Cir. 1994) ("Harris achieved only partial success based upon the results obtained, i.e., the amount of damages recovered versus the amount sought, and the number of claims prevailed upon versus the number of claims dismissed or decided in defendant's favor. The degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee") (citations, quotation marks, brackets, and emphasis omitted).

The required apportionment, further, will change if the judgment on any one of these four causes of action is reversed. Without binding Ninth Circuit authority on a number of critical issues at bar, this Court was free to come to its own best conclusion as to the legal contours of these claims, which the Ninth Circuit will review *de novo*. Looking at Civil RICO, that complex statute has many legal intricacies under which the Ninth Circuit may find no liability here, including the interstate commerce element, the pattern element, and predicate-act damages causation. *See* Dkt. 611-2, CMP MSJ Brief (addressing Civil RICO); Dkt. 698, CMP MSJ Reply (same).

As the RICO claim undergirds all of the federal recording claims, reversal of the finding of liability under RICO would also undermine liability on all of the federal recording claims. But even if RICO liability is upheld on appeal, the federal recording claims could nonetheless be reversed because of the lack of evidence that Defendants made the specific recordings at issue for the purpose of using them to violate Civil RICO. *See United States v. McTiernan*, 695 F.3d 882, 888 (9th Cir. 2012) (insufficient that "the Recording was made for the purpose of committing a criminal or tortious act because . . . [the defendant] made the Recording as part of a . . . far-reaching criminal enterprise"). One panel of the Ninth Circuit (in an unpublished decision) held that to meet this test, a plaintiff must establish that the "recordings were essential to collecting illegal RICO income or that this was [the defendant's] intended use." *United States v. Christensen*, 624 F. App'x 466, 475 (9th Cir. 2015). If the Ninth Circuit in Defendants' appeal follows this memorandum decision, the federal recording verdict may well fall—as there is no evidence that any, let alone each, of the

recordings were essential to collecting RICO income.

The legal contours of the Florida and Maryland statutes may also require reversing the jury verdict as to them. For instance, the Eleventh Circuit held that the Florida statute requires that expectations of privacy "must be exhibited; in other words they must be 'shown externally' or 'demonstrated'" by the "set[ting] [of] ground rules" for the conversation, such as "suggest[ing] that the meeting was confidential or 'off the record,'" or providing "advance notice or published or displayed rules that establish[] confidentiality" or "prohibit[] note taking or recordings." *McDonough v. Fernandez-Rundle*, 862 F.3d 1314, 1319 (11th Cir. 2017). If the Ninth Circuit follows the Eleventh Circuit here, the jury's verdict would presumably be reversed, as there is no evidence that any, let alone each, of the recordings were prefaced with an "off the record"-type statement.

And under the Maryland statute, the District of Maryland has tied the Maryland statute to common law privacy, requiring that personal matters be contained in the content of the communication. *Mills v. PPE Casino Resorts Maryland, LLC*, No. CV RDB-15-495, 2017 WL 1862474, at *5 (D. Md. May 8, 2017) ("[N]othing which the Officers or Coulter said in the secured, back hallway remotely involved their 'private lives,' so as to give rise to an expectation of privacy."). Here, again, if Ninth Circuit follow the District of Maryland's approach, then the jury verdict will fall.

Some courts also have appealed to equitable considerations in determining whether to postpone fee applications—albeit as a secondary consideration. *See Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, No. 13-CV-2856 JLS (RBB), 2017 WL 11420268, at *1 n.3 (S.D. Cal. Feb. 9, 2017) ("Plaintiff also claims that at this point it does not have the means to pay over $4 million in attorneys' fees, which may threaten its ability to litigate the appeal."); *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 286 (E.D.N.Y. 2014) ("Further, the Court identifies little, if any, prejudice to the Plaintiffs by delaying resolution of the Plaintiffs' request for fees until after the Garden City Merits Appeal has been decided"). Here, like in the above cases, there is no prejudice to Plaintiffs from deferring adjudication of the fees and costs—all prejudice here will flow solely to Defendants, who are being defended pro bono by non-profit law firms. It should come as no surprise that Defendants will not be able to afford to post a bond covering the many millions of

dollars that will be requested by Plaintiffs for their attorneys' fees, making imposition of liability for those costs now a significant problem in this case with nationwide implications.

## CONCLUSION

The legal issues at play here are complex and likely will require discovery and experts to evaluate what will likely be a multi-million-dollar request for attorneys' fees. Many legal issues herein will be reviewed *de novo* on appeal, including novel issues, that may significantly alter the fee analysis. And imposing liability for Plaintiffs' fees and costs could threaten the availability of appellate review. Therefore, both judicial economy and the interests of justice support deferring the fee and cost briefing until after all appeals are exhausted.

Respectfully submitted,

/s/ Charles S. LiMandri
Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
Milan L. Brandon (CA Bar No. 326953)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
Facsimile: (858) 759-9938
cslimandri@limandri.com
pjonna@limandri.com
jtrissell@limandri.com

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, Gerardo Adrian Lopez, and David Daleiden*

/s/ Harmeet K. Dhillon
Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
Dorothy C. Yamamoto (CA Bar No. 306817)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com
gmichael@dhillonlaw.com

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, and David Daleiden*


/s/ Thomas Brejcha
Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
Facsimile: (312) 782-1887
tbrejcha@thomasmoresociety.org
pbreen@thomasmoresociety.org
mheffron@thomasmoresociety.org

*Attorneys for Defendant David Daleiden*

/s/ Edward L. White
Edward L. White III, *pro hac vice*
Erik M. Zimmerman, *pro hac vice*
John A. Monaghan, *pro hac vice*
Christina A. Stierhoff, *pro hac vice*
AMERICAN CENTER FOR LAW & JUSTICE
3001 Plymouth Rd., Ste. 203
Ann Arbor, MI 48105
Tel: (734) 680-8007; Fax: (734) 680-8006
ewhite@aclj.org
ezimmerman@aclj.org
jmonaghan@aclj.org
cstierhoff@aclj.org

Vladimir F. Kozina; SBN 95422
MAYALL HURLEY, P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
Tel: (209) 477-3833; Fax: (209) 473-4818
VKozina@mayallaw.com

*Attorneys for Defendant Troy Newman*


/s/ Catherine Short
Catherine W. Short (CA Bar No. 117442)
Corrine G. Konczal (CA Bar No. 320238)
LIFE LEGAL DEFENSE FOUNDATION
Post Office Box 1313
Ojai, CA 93024-1313
Tel: (707) 337-6880
kshort@LLDF.org
konczallaw@gmail.com

Michael Millen (CA Bar No. 151731)
ATTORNEY AT LAW
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Tel: (408) 871-0777
Facsimile: (408) 866-7480
mikemillen@aol.com

*Attorneys for Defendant Albin Rhomberg*

/s/ Horatio G. Mihet
Horatio G. Mihet*
Liberty Counsel
hmihet@lc.org
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
*Admitted pro hac vice

Nicolaie Cocis CA Bar # 204703
Law Office of Nic Cocis and Associates
nic@cocislaw.com
38975 Sky Canyon Dr., Suite 211
Murrieta, CA 92563
(951) 695-1400

*Attorneys for Defendant Sandra Susan Merritt*

**Attestation Pursuant to Civ. L.R. 5.1(i)(3)**

As the filer of this document, I attest that concurrence in the filing was obtained from the other signatories.

/s/ Charles S. LiMandri
Charles S. LiMandri
*Counsel for CMP, BioMax, Lopez & Daleiden*