Charles S. LiMandri (CA Bar No. 110841)
Paul M. Jonna (CA Bar No. 265389)
Jeffrey M. Trissell (CA Bar No. 292480)
B. Dean Wilson (CA Bar No. 305844)
Milan L. Brandon (CA Bar No. 326953)
FREEDOM OF CONSCIENCE DEFENSE FUND
P.O. Box 9520
Rancho Santa Fe, CA 92067
Tel: (858) 759-9948
cslimandri@limandri.com

*Attorneys for Defendants CMP, BioMax, David Daleiden and Gerardo Adrian Lopez*

Thomas Brejcha, *pro hac vice*
Peter Breen, *pro hac vice*
Matthew F. Heffron, *pro hac vice*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org

*Attorneys for Defendant David Daleiden*

Harmeet K. Dhillon (CA Bar No. 207873)
Gregory R. Michael (CA Bar No. 306814)
Dorothy C. Yamamoto (CA Bar No. 306817)
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
415-433-1700
415-520-6593 (fax)
harmeet@dhillonlaw.com

Denise M. Harle (CA Bar No. 275561)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd., NE
Suite D1100
Lawrenceville, GA 30043
Tel: (770) 339-0774
dharle@ADFlegal.org

*Attorneys for Defendants CMP, BioMax, and David Daleiden*

[Counsel for Defendants Troy Newman, Albin Rhomberg, and Sandra Susan Merritt listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiff, <br><br> vs. <br><br> THE CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 3:16-CV-00236 (WHO) <br><br> Hon. William H. Orrick III <br><br> Declaration of Paul M. Jonna in Support of Defendants' Joint (1) Response to Plaintiffs' Motion to Extend Time Regarding Bills of Costs and Attorneys' Fee Motions, and (2) Cross-Motion to Defer Adjudication of the Attorneys' Fees and Litigation Costs Until All Appeals Have Been Exhausted |

I, Paul M. Jonna, declare as follows:

1. I am an attorney admitted to practice before all the courts of California, State and Federal. I am a Senior Counsel with the Freedom of Conscience Defense Fund, and am counsel of record for Defendants the Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, and Gerardo Adrian Lopez, in the above-entitled action. Accordingly, I have personal knowledge of the matters set forth below and could and would competently testify thereto if called upon to do so in Court. I make this declaration pursuant to Civ. L.R. 6-3 in support of Defendants' Joint (1) Response to Plaintiffs' Motion to Extend Time Regarding Bills of Costs and Attorneys' Fee Motions, and (2) Cross-Motion to Defer Adjudication of the Attorneys' Fees and Litigation Costs Until All Appeals Have Been Exhausted.

2. Defendants seek the modification of the time period in which the parties will litigate their respective entitlements to attorneys' fees and litigation costs. Defendants seek to postpone all such motions until after all appeals have been exhausted. Once this Court enters a judgment and rules on all post-trial motions in this action, Defendants will appeal to the Ninth Circuit. If necessary thereafter, Defendants will also file a petition for a writ of certiorari with the Supreme Court.

3. Defendants seek to postpone these motions primarily for reasons of economy. Litigating these motions will be a lengthy and complicated task, potentially requiring the retention of experts, and a review of five years' worth of fees and costs. Many of the legal theories advanced by Plaintiffs are ones that Defendants feel optimistic could be rejected on appeal, substantially modifying the scope of recoverable fees. Requiring (intense) litigation of fees and costs twice is the opposite of an efficient use of the Court's and the parties' resources.

4. Defendants also seek to postpone these motions because they may deny Defendants meaningful access to appellate review. In the related case, NAF's attorneys' fees for one motion were approximately $200,000. Defendants expect that Plaintiffs' fees here will be several millions of dollars, an amount for which Defendants could not hope to post a bond.

///

///

5. Granting this extension of time would not meaningfully affect the timeline of this case, and would instead simplify and speed up the soon-to-be-filed appeal. If the parties were to engage discovery, experts, and briefing on fees and costs now, that could delay the coming appeal or require a duplicative and potentially unnecessary appeal—and then possibly require additional briefing post-appeal. But if the parties brief these motions post-appeal, only one round of briefing will be required. Granting this motion would be more time-efficient, not less.

6. On Friday, February 21, 2020, Plaintiffs' counsel sought a stipulation to defer filing attorneys' fees motions until after the post-judgment motions are adjudicated. Currently, those motions are due immediately after judgment is entered, but before post-trial motions are adjudicated. Defendants responded by seeking a stipulation to put off these motions until after the appeals.

7. Plaintiffs responded to that offer saying they were unlikely to so stipulate. Defendants then stated they would file a motion seeking a deferral unless they heard anything further from Plaintiffs. Plaintiffs did not respond further. This afternoon, they filed an administrative motion seeking their relief. A true and correct copy of my email chain with Ms. Bomse is attached hereto.

8. Prior time modifications in this case include (1) Dkt. 60, Order Extending Time to Respond to Amended Complaint and Motions; (2) Dkt. 83, Order Extending Time to File Anti-SLAPP Motions; (3) Dkt. 89, Order Extending Deadline for Opposition and Reply Briefs on Merritt's Anti-SLAPP Motion; (4) Dkt. 128, Order Extending Time to Answer; (4) Dkt. 221, Order Extending Time to Submit Joint Discovery Dispute Letter; (5) Dkt. 243, Order Extending Time for District Court to Respond to Petition; (6) Dkt. 253, Order Extending Time for Defendants to File Reply in Support of Petition; (7) Dkt. 276, Order Extending Time to Comply with Discovery Order; (8) Dkt. 405, Order Extending Briefing Schedule; (9) Dkt. 455, Order Extending Time to File Motion to Compel; (10) Dkt. 592, Order Extending Time for Plaintiffs to Respond to Nondispositive Pretrial Order of Mag. Judge Ryu; (11) Dkt. 627, Order Extending Time to Respond to Administrative Motions to Seal; (12) Dkt. 648, Order Extending Time for Merritt to Oppose Plaintiffs' Motion for Summary Judgment; (13) Dkt. 770, Order Extending Time for

Plaintiffs to Oppose Defendants' Motions in Limine; (14) Dkt. 845, Order Extending Deadline to Provide Exhibits to Court.

      I declare until penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on March 2, 2020.

                                                    Paul M. Jonna

3

JONNA DECL. ISO DEFS' JT. (1) RESP. TO PLT. MTN. TO EXTEND TIME RE: BILLS OF COSTS & ATTORNEYS' FEES; AND (2) CROSS-MTN. TO DEFER ADJ. OF ATTORNEYS' FEES & LITIGATION COSTS—3:16-CV-236

**ATTACHMENT**

| | |
|---|---|
| **From:** | "Paul Jonna" via Team Defense |
| **To:** | Amy L. Bomse; Charles Limandri; pbreen@thomasmoresociety.org; Erik Zimmerman; Catherine Short; hmihet@lc.org |
| **Cc:** | Trotter, Rhonda; Kate A. Christensen; Team Defense; Kamras, Jeremy T.; Ramallo, Oscar; Mayo, Sharon D. |
| **Subject:** | RE: Proposed stipulation re deadline for filing attorney fee motions |
| **Date:** | Wednesday, February 26, 2020 1:24:41 PM |

Amy:

No, we think the Court should rule on the issue without a temporary extension. We will file an administrative motion addressing the issue. Let me know if you have any other questions.

Paul

**From:** Amy L. Bomse <ABomse@rjo.com>
**Sent:** Wednesday, February 26, 2020 10:35 AM
**To:** Paul Jonna <pjonna@limandri.com>; Charles Limandri <climandri@limandri.com>; pbreen@thomasmoresociety.org; Erik Zimmerman <ezimmerman@aclj.org>; Catherine Short <kshort@lldf.org>; hmihet@lc.org
**Cc:** Trotter, Rhonda <Rhonda.Trotter@arnoldporter.com>; Kate A. Christensen <KChristensen@rjo.com>; Team Defense <teamdefense@thomasmoresociety.org>; Kamras, Jeremy T. <Jeremy.Kamras@arnoldporter.com>; Ramallo, Oscar <Oscar.Ramallo@arnoldporter.com>; Mayo, Sharon D. <Sharon.Mayo@arnoldporter.com>
**Subject:** RE: Proposed stipulation re deadline for filing attorney fee motions

Paul,

We are unlikely to agree to that although we will look at the law. Are you willing to stipulate to the extension under our proposal without prejudice to a future motion to defer pending the appeal if defendants' post-judgment motions are denied?

Amy

**From:** Paul Jonna <pjonna@limandri.com>
**Sent:** Wednesday, February 26, 2020 9:59 AM
**To:** Amy L. Bomse <ABomse@rjo.com>; Charles Limandri <climandri@limandri.com>; pbreen@thomasmoresociety.org; Erik Zimmerman <ezimmerman@aclj.org>; Catherine Short <kshort@lldf.org>; hmihet@lc.org
**Cc:** Trotter, Rhonda <Rhonda.Trotter@arnoldporter.com>; Kate A. Christensen <KChristensen@rjo.com>; Team Defense <teamdefense@thomasmoresociety.org>
**Subject:** RE: Proposed stipulation re deadline for filing attorney fee motions

Amy:

Defendants' position is that any motions for attorneys' fees should be filed and adjudicated after the appeal has been resolved.

The Advisory Committee notes to FRCP, Rule 58 (1993 Amendment) provide that, "if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Any motion for fees in this case will involve complex issues that we believe will most certainly be affected by the appeal. Indeed, courts routinely hold that, "it would be most efficient to consider a motion for attorneys' fees after the appeal has been resolved." See *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067-BEN JLB, 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014). Many courts have denied motions for attorneys' fees without prejudice to renewal following disposition of the matter on appeal. See, e.g., *Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co.*, No. 2:05CV00312MCEDAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008); *Flores v. Emerich & Fike*, No. 1:05 CV 0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007), aff'd, 385 F. App'x 728 (9th Cir. 2010); *Lasic v. Moreno*, No. 2:05-CV-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007); *G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 932087, at *3 (E.D. Cal. Feb. 16, 2018); *Dufour v. Allen*, Case No. 2:14-cv-5616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015).

Therefore, we believe that it would be most efficient to stipulate to defer the filing of any motions for attorneys' fees until after the appeal has been resolved. Let us know if Plaintiffs will agree or if we need to raise the issue with the Court.

Regards,

Paul Jonna

**From:** Amy L. Bomse <ABomse@rjo.com>
**Sent:** Tuesday, February 25, 2020 3:07 PM
**To:** Charles Limandri <climandri@limandri.com>; pbreen@thomasmoresociety.org; Erik Zimmerman <ezimmerman@aclj.org>; Catherine Short <kshort@lldf.org>; hmihet@lc.org; Paul Jonna <pjonna@limandri.com>
**Cc:** Trotter, Rhonda <Rhonda.Trotter@arnoldporter.com>; Kate A. Christensen <KChristensen@rjo.com>
**Subject:** RE: Proposed stipulation re deadline for filing attorney fee motions

Charles and Peter,

I would appreciate a response to the email below.

Thank you.

Amy

**From:** Amy L. Bomse
**Sent:** Friday, February 21, 2020 3:53 PM
**To:** Charles Limandri <CLimandri@limandri.com>; pbreen@thomasmoresociety.org; Erik

Zimmerman <ezimmerman@aclj.org>; Catherine Short <kshort@lldf.org>; hmihet@lc.org; Paul Jonna <PJonna@limandri.com>
**Cc:** Trotter, Rhonda <Rhonda.Trotter@arnoldporter.com>; Kate A. Christensen <kchristensen@rjo.com>
**Subject:** Proposed stipulation re deadline for filing attorney fee motions

Counsel:

As you know, the local and federal rule requires a party to file a motion for attorney fees w/in 14 days of entry of judgment unless the parties stipulate to enlarge time and the court enters an order on that stipulation.  It seems inefficient to file such motions before the outcome of post-trial motions is known.  Accordingly, we propose a stipulation that such motions and cost bill be due 14 days after grant or denial of post-trial motions.  I've attached a draft stipulation for your review.  Please let us know by early next week if we can agree or if plaintiffs will need to seek relief by motion.

Regards,

Amy

**Amy L. Bomse** | Shareholder
**ROGERS JOSEPH O'DONNELL** | a Professional Law Corporation
311 California Street, 10th fl | San Francisco, CA 94104
415.365.5332 direct | 415.956.2828 main
abomse@rjo.com | www.rjo.com

Notice to recipient:  This email is meant for only the intended recipient(s) of the transmission and may be privileged by law.  If you receive this email in error, please notify us immediately.  Do not print, copy, or disseminate it.  Please delete the email from your system.  Thank you.