STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: steve.mayer@arnoldporter.com
sharon.mayo@arnoldporter.com
jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Email: diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Email: rhonda.trotter@arnoldporter.com
oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone: (415) 531-1791
Email: beth.parker@ppnorcal.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone: (202) 973-4800
Email: helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DEFER ADJUDICATION OF THE ATTORNEYS' FEES AND LITIGATION COSTS UNTIL ALL APPEALS HAVE BEEN EXHAUSTED**<br><br>No Hearing Scheduled |

## INTRODUCTION

In their motion, Defendants ask the Court to defer consideration of Plaintiffs' claim for attorneys' fees and litigation costs until after all of their appeals have been exhausted. The Court should deny this request for three separate reasons: ***First***, although Defendants cloak their request in the guise of furthering judicial economy, granting their motion will frustrate judicial economy by leading to piecemeal appeals and forcing the Court to put off making its fee and cost determinations to a time when the case is no longer fresh in the Court's mind. ***Second***, Defendants' request infringes upon Plaintiffs' interest in prompt payment, and Defendants have not stated any reasonable prejudice that they would suffer if the Court did not defer the issue. ***Third***, Defendants' arguments regarding why they may be successful on appeal have already been rejected by either the Court or the jury; and, in any event, courts have recognized that merely raising a question as to the merits on appeal is insufficient to warrant deferring a determination of fees and costs.

## ARGUMENT

### I. JUDICIAL ECONOMY SUPPORTS HEARING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS IN A TIMELY FASHION.

The Federal Rules of Civil Procedure and case law recognize that judicial economy is furthered—not hampered—by promptly ruling on motions for fees and costs.[1] The 1993 Advisory Committee's notes to Rule 54 emphasize that deciding an attorneys' fee motion shortly after trial allows the court to resolve the dispute "while the services performed are freshly in mind," and enables the court "to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." Fed. R. Civ. P. 54, 1993 Amendment. Similarly, the 1993 Advisory Committee's notes to Rule 58 state that, rather than deferring the issue, "in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case." Fed. R. Civ. P. 58, 1993 Amendment.

Case law is in accord. "[T]he weight of authority is that the usual course is for the Court to

---

[1] There is no dispute that this Court retains jurisdiction to rule on motions for attorneys' fees even after a notice of appeal has been filed. *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed.").

consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Sport Dimension, Inc. v. Coleman Co.*, No. CV 14-00438 BRO (MRWx), 2015 WL 10013784, at *3 n.1 (C.D. Cal. June 4, 2015) (quoting *Lugus IP, LLC v. Volvo Car Corp.*, No. CIV.A. 12-2906 JEI/JS, 2015 WL 1399175, at *3 (D.N.J. Mar. 26, 2015)); *Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV 17-00660 JVS (JCGx), 2018 WL 6016149, at *2 (C.D. Cal. Aug. 13, 2018), *aff'd*, 773 Fed. Appx. 625 (Fed. Cir. 2019) (same); *Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, No. CIV 2:11-1787 WBS, 2012 WL 538263, at *5 (E.D. Cal. Feb. 17, 2012) ("The court is in a much better position at the present time, when the details of the proceedings are fresh in its mind, to judge the expertise and time required by [counsel] to prevail in this case than it would be when the appeal has been decided."); *see also Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 149 (1st Cir. 2009) (holding that "set[ting] the fee at the conclusion of the trial" is "the better practice").  The Ninth Circuit has also implied as much, noting that the district court's retention of power to award attorneys' fees after a notice of appeal "best serves the policy against piecemeal appeals" and "prevent[s] postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge." *Masalosalo*, 718 F.2d at 957 (citing *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980)).

Here, determining Plaintiffs' attorneys' fees and costs awards after entry of the Court's orders on all post-trial motions will allow for a single appeal of all remaining outstanding issues in the litigation. *See Yenidunya*, 2012 WL 538263, at *5 ("Judicial economy would therefore not be served by requiring the court to revisit cases years after they were initially decided for the sole purpose of awarding attorneys' fees.").

**II.  DEFENDANTS' REQUEST WOULD INFRINGE UPON PLAINTIFFS' INTEREST IN PROMPT PAYMENT, AND DEFENDANTS' CLAIMS OF PREJUDICE ARE UNAVAILING.**

Defendants next argue that deferral is warranted because both (i) Plaintiffs will not suffer any prejudice from such an order; and (ii) Defendants will suffer prejudice absent relief. Defendants are wrong on both counts.  Cross-Mot. (Dkt. 1061) at 4-5.

Regarding the first argument, courts have recognized that a successful plaintiff has at least an "interest in the prompt payment of its taxable costs" and is presumptively injured by delay.

*Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014); *see also Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, 2015 WL 1304779 at *2 (N.D. Cal. Mar. 20, 2015) (noting that, in addition to "an interest in prompt payment," a successful litigant faces a "presumptive injury" from "delay of taxation of costs") (citation omitted).  In light of this interest in "prompt payment," the *Apple* court refused to defer a decision on costs despite the presence of a pending appeal to the Ninth Circuit: "Recognizing that the prevailing party has an interest in the prompt payment of its taxable costs and in light of the need to finally bring the litigation before this Court to an end, the Court finds that there is no basis to defer a decision on the bill of cots pending [defendant's] appeal." 2014 WL 4745933, at *4.

The same interests that the *Apple* court relied upon are also present here.  As in that case, it is undeniable that Plaintiffs are entitled to their costs and reasonable attorneys' fees under Civil RICO[2] and the Federal,[3] Florida,[4] and Maryland[5] Wiretapping statutes, and, as the successful parties, that Plaintiffs are also entitled to a "strong presumption" in favor of receiving their costs under Federal Rule of Civil Procedure 54. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003).  And also as in that case, the instant action has been pending for many years; as such, there is a need to "finally bring the litigation before this Court to an end." 2014 WL 4745933, at *4.

A key distinction between this case and *Freeman Investment Management Co. v. Frank Russell Co.*, on which Defendants rely, is that in that case, the attorneys' fees were being requested by a successful defendant who had completely defeated the plaintiff's claims (meaning that the attorneys' fee award was the only potential liability the plaintiff faced pending appeal).  No 13-CV-2856 JLS (RBB), 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017) ("*Frank Russell Co.*")).

---

[2] 18 U.S.C. § 1964(c) (successful plaintiff "shall recover threefold the damages he sustains and the costs of suit, including a reasonable attorney's fee . . ..").

[3] 18 U.S.C. § 2520(b)(3)  ("In an action under this section, appropriate relief includes [¶] a reasonable attorney's fees and other litigation costs reasonably incurred.")

[4] Florida's Criminal Procedure & Corrections Code § 934.10(1)(d) (successful plaintiff "shall be entitled to recover . . . [a] reasonable attorney's fee and other litigation costs reasonably incurred.").

[5] Md. Code Ann., Cts. & Jud. Proc. § 10-410(a)(3) (successful plaintiff "shall . . . be entitled to recover from any person: [¶] [a] reasonable attorney's fee and other litigation costs reasonably incurred.").

Here, in contrast, Defendants are already facing a $2.2 million judgment, which they must bond in order to stay execution of the judgment pending appeal. *See generally* Verdict Form, Dkt. 1016. Defendants do not explain why they are able to post a bond for the judgment but not for the attorneys' fees. In any event, that eventuality is part of the risk Defendants undertook when they engaged in a multiyear fraudulent scheme. Defendants should not be permitted to shift this risk to Plaintiffs, who, if the fees and costs are not included in Defendants' bond, will be the ones left out in the cold if Defendants become unable to pay the full judgment value (including Plaintiffs' statutory fee awards). *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required.") (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)).

### III. THE COURT SHOULD NOT DEFER THE ISSUE, BASED SOLELY ON THE FACT THAT DEFENDANTS "FEEL OPTIMISTIC" THAT AN APPELLATE COURT WILL REVERSE EITHER THIS COURT'S OR THE JURY'S FINDINGS.

Ultimately, Defendants' arguments are based on their belief that, because they will prevail on appeal, any current attempt by the Court to determine fees or costs will be moot. Mot. at 3-4. But Defendants do not explain why it is any more likely that a higher court will be convinced by the same arguments repeatedly rejected by either the Court or the jury. Defendants also do not offer support for their suggestion that the mere fact they "feel optimistic" (Jonna Decl. (Dkt. 1061-1) ¶ 3) about their chances on appeal is sufficient to warrant deferral of Plaintiffs' statutory right to fees and costs; nor could they, as this argument is against existing case law. *See Spitz Techs. Corp.*, 2018 WL 606149, at *2 ("merely raising a question of the merits on appeal is insufficient to show a likelihood of success on the merits," so as to support granting a stay) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th Cir. 2011)); *Castillo-Antonio v. Iqbal*, No. 14-cv-03316-KAW, 2017 WL 1113300, at *5 (N.D. Cal. Mar. 24, 2017) (refusing to stay fee award; even though a fee motion "would not be 'ripe' if the Ninth Circuit" ruled in defendants' favor, defendants made "no showing . . . that they [were] likely to prevail on an appeal").

**CONCLUSION**

For the foregoing reasons, Defendants' motion should be denied.

March 6, 2020         Respectfully submitted:

By: */s/ Rhonda R. Trotter*
Rhonda R. Trotter
RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:    (213) 243-4000
Email: rhonda.trotter@arnoldporter.com
          oscar.ramallo@arnoldporter.com

STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email: steve.mayer@arnoldporter.com
          sharon.mayo@arnoldporter.com

DIANA STERK (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone:    (212) 836-8000
Email: diana.sterk@arnoldporter.com

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone:    (415) 531-1791
Email: beth.parker@ppnorcal.org

HELENE T. KRASNOFF   (admitted pro hac vice)
PLANNED PARENTHOOD FEDERATION OF

AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, D.C. 20005
Telephone:   (202) 973-4800
Email: helene.krasnoff@ppfa.org

*Attorneys for Plaintiffs*