STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:   (415) 471-3100
Facsimile:   (415) 471-3400
Email:   steve.mayer@arnoldporter.com
     sharon.mayo@arnoldporter.com
     jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone:   (212) 836-8000
Email:   diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:   (213) 243-4000
Email:   rhonda.trotter@arnoldporter.com
     oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PARKER LAW & MEDIATION
553 Douglass Street
San Francisco, CA 94114
Telephone: (415) 531-1791
Email: bparker@pppsgv.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone:   (202) 973-4800
Email:   helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone:   (415) 956-2828
Email:   ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiff, <br><br> vs. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 3:16-cv-00236-WHO <br><br> **DECLARATION OF MEGHAN C. MARTIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-STATUTORY COSTS** <br><br> Date:   November 18, 2020 <br> Time:   2:00 p.m. <br> Place:   Courtroom 2, 17th Floor <br> Judge:   Hon. William H. Orrick |

I, Meghan C. Martin, declare:

1. I am a member in good standing of the bar of the District of Columbia and admitted *pro hac vice* to practice before this Court on behalf of Plaintiffs Planned Parenthood Federation of America, Inc.; Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of The Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood/Orange and San Bernardino Counties, Inc.; Planned Parenthood of Santa Barbara, Ventura and San Luis Obispo Counties, Inc.; Planned Parenthood Pasadena and San Gabriel Valley, Inc.; Planned Parenthood of The Rocky Mountains; Planned Parenthood Gulf Coast; and Planned Parenthood Center For Choice (collectively "Plaintiffs").

2. I make this Declaration upon personal knowledge, except as otherwise stated, and, if called upon to testify, could and would testify competently hereto.

3. I received my law degree from The Catholic University of America - Columbus School of Law in 2007.  I received my bachelor's degree *cum laude* from The Catholic University of America in 1999.   I am a Staff Attorney at Arnold & Porter Kaye Scholer LLP.

4. My practice focuses on the discovery phase of complex civil litigation in both state and federal courts as well as in government investigations.  I have experience managing all phases of the e-discovery process - collection, review, team management, and production.  I am also experienced in addressing privilege issues and in conducting privilege reviews and preparing privilege logs.  I have represented clients and provided trial support in cases pending in federal, state, and military courts.

5. My customary hourly rate at Arnold & Porter for clients was $390 (2015), $405 (2016), $450 (2017), $475 (2018), $495 (2019), and $545 (2020).

6. I have been personally involved in representing Plaintiffs since December 2015.  I worked on multiple stages of the case in the trial court.  I am not seeking time I

spent researching and editing the initial Complaint.  I did not work on the appellate phases of the case.  My work on the case included the following:

**Document Discovery**:  I was heavily involved in this stage of the litigation. I was brought into the case in October 2016 to assist with discovery issues.  I initially conducted document review for responsiveness, confidentiality, and privilege in response to Defendants' numerous RFPs.  I also worked with Amy Bomse and Jee Young You on issues related to Defendants' proposed review search terms and review/production strategy. I coordinated with our e-discovery vendor and our in-house IT litigation support, Edwin Huie, on document collection, implementation of search terms requested by Defendants and related decisions regarding promotion of those documents to our Relativity platform for review, and document production issues.

This process was made more difficult and time-consuming because Plaintiffs were concerned about giving Defendants (known anti-abortion activists) client information and employee names.  These concerns created the need for an extensive system of redactions.  I managed a review team of contract attorneys in the first round of redaction implementation. I also worked with counsel from the various Plaintiffs to ensure that proper redactions were made to documents prior to production.  I researched and maintained a list of assigned DOE identifiers for key employees to be used on the documents.

After Plaintiffs' original productions, Defendants objected to our use of the word "redacted" to protect employee names and requested we implement a different system.  We were ordered to re-do the name redactions.  As a result, I spent many hours researching names and titles, assigning individual DOE identifiers, and implementing the corresponding redactions.  I also managed a team of 4 other staff attorneys in the implementation of those redactions.  I also reviewed and redacted thousands of pages of internal client tracking reports ("AIMS reports") related to security incidents at both Plaintiffs and non-Plaintiff affiliates.

Finally, I prepared Plaintiffs' privilege log and assisted Sharon Mayo in multiple rounds of meet and confer sessions and briefing related to Defendants' attempts to challenge certain entries on our log.

**Written discovery**: I reviewed hundreds of client invoices to assist in the preparation of Plaintiffs' Responses to Defendant Newman's Interrogatories (Set Two) related to Plaintiffs' damage claims. I also reviewed hundreds of hours of the video recorded by Defendants in order to identify recording claim victims from the various conferences and clinic visits to be used in Plaintiffs PPGC's Amended Responses and Second Amended Responses to Defendant Rhomberg's Interrogatories (Set One) and Plaintiff PPFA's Response to Defendant Daleiden Interrogatories (Set Two). I spent approximately 1000 hours of time on document and written discovery over the course of the litigation.

**Depositions:** I prepared deposition prep outlines and binders of supporting documents for all Plaintiff 30(b)(6) and Plaintiffs' fact witnesses. I prepared portions of deposition outlines with supporting documentation for various Defendants and other defense fact witnesses. I attended full-day prep sessions for Gene Boyett, Kevin Paul, Jeffrey Palmer, Melissa Farrell, and Brandon Minow. I attended the depositions of Kevin Paul, Melissa Farrell, and Susan Merritt. I represented Plaintiffs, via phone, at the deposition of Perrin Larton. I defended the first day of Brandon Minow's 30(b)(6) deposition. I took the deposition of defense witness Andrew Moore. With the exception of the Moore deposition, all depositions I participated in went for seven hours on the record. I participated in multiple meet and confers with defense counsel and assisted in the drafting of joint letters arising from deposition issues. I managed the process of reviewing Plaintiffs' depositions for confidentiality designations and communicated with Defendants on these issues. The above, in total, accounted for 1480 hours. This does not include travel time, including multiple cross-country trips from Washington D.C.

**Summary Judgment**: I prepared evidentiary support used to oppose the untimely Summary Judgment Motion filed by Defendant Rhomberg in December 2018. I drafted

and revised the fact sections of Plaintiffs' summary judgment motion and coordinated the collection and preparation of the evidentiary support for that motion. I drafted sections of Plaintiffs' summary judgment opposition and reply memoranda. I identified all factual and evidentiary support for these memoranda. As a result, I drafted the supporting declarations and motions to seal related to the summary judgment memoranda. For both the opposition and reply memoranda and the motions to seal, I oversaw the preparation and filing of supporting exhibits by legal assistants Kinson Yee and Jerome Ferrer. I worked with Defendants to create and file the two separate joint sealing charts requested by the Court. The time required for this phase was 225.5 hours.

**Pre-Trial Work**: I created and maintained Plaintiffs' exhibit list in preparation for trial. I worked with Defendants' representative to create a joint exhibit list to be filed with the Court and I coordinated the copying of the hard copy exhibits to be presented to the Court prior to trial. I updated Plaintiffs' evidence grid, identified video clips for use at trial and for inclusion on the exhibit list, and negotiated evidentiary stipulations with Defendants. I provided research and evidentiary support during the drafting of the various Motions in Limine. I worked with Jeremy Kamras, Amy Bomse, and Rhonda Trotter to create and finalize Plaintiffs' final damages chart. I billed 515.7 hours on this phase of the litigation.

**Trial**: I provided trial support throughout the duration of trial. I attended all but one day of trial, including the daily 7:30 am court hearings and all days of the charging conferences. I drafted direct and cross outlines for multiple witnesses and worked with the questioning attorneys to identify exhibits for use with those witnesses. I participated in witness prep sessions for Plaintiffs' witnesses (Tosh, Bonner, Moran, Minow, Galloway, Palmer, Gatter, Fowler, Drummond-Hay, Castle, and Regan). I participated in all team strategy sessions. I tracked all entered exhibits and coordinated the copying and provision of all exhibits to the Court that would ultimately be provided to the jury. I drafted letters filed with the court on various evidentiary issues and pocket briefs for possible use. I identified all video clips to be used by Plaintiffs at trial and coordinated with our trial tech to prepare those clips. I worked directly with a court reporter to have those clips transcribed. I

corresponded daily with Defendants regarding witnesses, exhibits, and videos. I worked with Rhonda Trotter and Jeremy Kamras to provide factual and evidentiary support for their closing arguments. I provided factual edits to the final jury instructions and verdict form. Collectively, the above accounted for over 500 hours, or roughly 12 hours on average daily during the duration of the trial (including 5 or more hours in court each day of testimony). After the jury verdict, I worked with Amy Bomse to draft Plaintiffs' Proposed Findings of Fact and assisted with drafting the UCL briefing. That work accounted for 50 hours of time.

**Post-trial**: I assisted with the drafting and filing of Plaintiffs' opposition to Defendants' post-trial motions. I billed approximately 126 hours to these tasks.

**Motion for Attorneys' Fees and Bill of Costs:** I billed 47.7 hours for worked associated with the Motion for Attorneys' Fees and the Bill of Costs as of September 4, 2020.

7.  I personally prepared Plaintiffs' Bill of Costs with accompanying exhibits. I conducted legal research to determine what costs are taxable under the Bill of Costs and culled down the millions of dollars spent on non-attorney disbursements into a set of taxable costs. I was principally responsible for providing factual support for Plaintiffs' claim for non-statutory costs. To complete the compilation of the Bill of Costs and the non-statutory costs, I personally reviewed Arnold & Porter's internal records for non-attorney time disbursements and costs billed to this case, all of which was passed along to PPFA for payment, along with all supporting invoices and documentation. I also worked directly with PPFA attorney Mai Ratakonda and PPFA's financing department to identify any bills paid directly by PPFA and reviewed those invoices too. I communicated with finance and legal staff at the affiliate Plaintiffs to identify and collect any costs paid by the affiliates related to witness travel to depositions and trial.

All costs that I collected were reviewed to determine if they could be properly included in in either the Bill of Costs or the non-statutory costs being claimed in the Fee Motion. I identified the following costs incurred during the course of this litigation that were paid by Plaintiffs (either directly or passed through to Plaintiffs by counsel):

| Description of costs | Amount |
|---|---|
| Court Reporter to transcribe the video clips for use at trial: | $18,921.60 |
| Attorney travel for airfare and hotel related to depos/hearings/trial (except for attorney hotel costs during trial, which are discussed below): | $85,200.37 |
| Deposition costs (court reporter, videographer, shipping, and other fees not covered by Local Rule 54-3(c)) | $49,792 |
| Costs incurred for e-discovery, including hosting ESI and other costs incurred by Innovative Discovery, Plaintiffs' e-discovery vendor (not covered by Local Rule 54-(d)) | $223,543.56 |
| Contract attorney costs for document review and redaction work during written discovery | $18,101.25 |
| Trial tech support from On the Record | $168,632.08 |
| Jury consulting fees from Jury Scope (including consulting during Plaintiffs' mock trial exercise, jury questionnaire, and jury selection) | $54,000.00 |
| Travel costs for Plaintiffs' witnesses at trial and depositions | $28,488.36 |
| Hotel in San Francisco for out-of-town counsel and witnesses for trial | $176,609.10 |
| Executive Protection services for Plaintiffs' witnesses at trial (to/from and at courthouse) | $37,598.51 |
| Expert witness fees: (including Plaintiffs' experts Ondrej Krehel, Greg Regan, and Danny Coulson's fees and Defendnats' expert Dr. Forrest Smith's fees/time for deposition testimony) | $174,830.85 |
| **TOTAL** | **$931,595.31** |

Supporting documentation for the above-referenced costs can be submitted to the Court for *in camera* review upon request.

8. Arnold & Porter maintains time records through a computer timekeeping system, Intapp Time. In the ordinary course of business, I prepare and enter my time into a time recording database on a daily basis. Those time entries of are kept and maintained in the ordinary course of business within A&P's time entry database. Time records are maintained both on a client/matter basis and on an individual biller basis.

9. I have reviewed my own time entries in preparation for this declaration and exercised billing judgment to determine what time to include in this declaration. The statements in this declaration regarding how much time I spent on various phases of the case are based on my time records.

10. The bills prepared for Plaintiffs based on contemporaneous time records indicate that from October 2016 through September 4, 2020, I billed 2,901 hours to this matter.

11. Throughout the course of the litigation, the attorney team was supported by two senior legal assistants (the A&P title for paralegals). Kinson Yee and Jerome Ferrer are both senior legal assistants in A&P's San Francisco office. They both have over 20 years of experience providing support for civil litigations. Over the course of this litigation, Mr. Yee and Mr. Ferrer gave hours of dedicated and exemplary work in the following ways: (1) they handled the logistics of all ECF filings and delivery of courtesy copies to the Court pursuant to local rule; (2) they managed the physical compilation of all exhibits filed in support of Plaintiffs' various motions and memoranda; (3) they maintained internal document databases, created working sets of documents for team attorneys, and tracked filing, the case calendar, discovery response and productions; (4) they provided case materials to assist in the attorney team in the preparation of briefs and oral arguments; (5) they conducted legal and factual cite-checking on various motions and memoranda; and (6) they prepared all physical copies of exhibits used during the course of trial and transferred all needed materials to court on a daily basis. I personally oversaw Mr. Yee and Mr. Ferrer's work on all facets of their work on this case. I reviewed the time entries of both in preparation of this declaration. Without the assistance of both Mr. Yee and Mr. Ferrer, the attorney team would not have been able to function as well as we did. Mr. Yee billed 1477.7 hours during the course of this litigation and Mr. Ferrer billed 1551 hours.

//
//
//
//
//
//
//

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of September 2020 in Alexandria, VA.

*Meghan C. Martin*

Meghan C. Martin