STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400
Email:  steven.mayer@arnoldporter.com
        sharon.mayo@arnoldporter.com
        jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone:  (212) 836-8000
Email:  diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:  (213) 243-4000
Email:  rhonda.trotter@arnoldporter.com
        oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PARKER LAW & MEDIATION
553 Douglass Street
San Francisco, California 94114
Telephone:  (415) 531-1791

HELENE T. KRASNOFF
  (admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION
OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone:  (202) 973-4800
Email:  helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS; et al., <br><br> Defendants. | Case No. 3:16-cv-00236-WHO <br><br> **DECLARATION OF MATTHEW R. DITON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-STATUTORY COSTS** <br><br> Date: November 18, 2020 <br> Time: 2:00 p.m. <br> Place: Courtroom 2, 17th Floor <br> Judge: Hon. William H. Orrick |

I, Matthew R. Diton, declare:

1. I am an attorney admitted to practice in the State of California and before this Court. I am an associate at the law firm of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), and an attorney for Plaintiffs Planned Parenthood Federation of America, Inc.; Planned Parenthood Gulf Coast; Planned Parenthood Center for Choice, Planned Parenthood of the Rocky Mountains; Plaintiff Planned Parenthood: Shasta-Diablo, Inc. dba Planned Parenthood Northern California; Planned Parenthood Mar Monte, Inc.; Planned Parenthood of the Pacific Southwest; Planned Parenthood Los Angeles; Planned Parenthood Orange and San Bernardino Counties, Inc.; Planned Parenthood of California Central Coast; Planned Parenthood Pasadena and San Gabriel Valley, Inc. (collectively "Plaintiffs") in the above-captioned action. I make this Declaration upon personal knowledge, excepted as otherwise stated, and, if called upon to testify, could and would testify competently hereto.

2. I have been practicing law for more than five years. I graduated *magna cum laude* from the Duke University School of Law in 2015. While in law school, I became a member of the Order of the Coif. Prior to law school, I received my Bachelor of Arts with high distinction from the University of Virginia in 2012.

3. I joined Arnold & Porter in 2015. Since then, I have represented companies in numerous complex litigation matters in federal and state court, focusing primarily on employment matters. My customary hourly rate at Arnold & Porter was $500 in 2017, $605 in 2018, $700 in 2019, and is $815 in 2020.

4. I first joined Plaintiffs' litigation team in February 2017. Throughout the course of the matter, I have handled many roles. I have attempted to summarize my primary duties below; however, there were many tasks I completed that are not discussed in detail. For example, I undertook discrete research assignments to help other team members draft pleadings in response to Defendants' motion to disqualify the Court.

5. During discovery, I drafted numerous responses to written discovery requests. I also drafted and led Plaintiffs' efforts to subpoena documents and information from nonparty Operation

-1-
DECLARATION OF MATTHEW R. DITON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND NON-STATUTORY COSTS; Case No. 3:16-cv-00236-WHO

Rescue, including participating in meet-and-confer telephone conferences with opposing counsel. I also organized and led the firm's review of all of Defendants' undercover video and audio recordings. As part of this process, I drafted a training memorandum for the reviewing attorneys, led a training session for the reviewing attorneys, drafted a review protocol, drafted and distributed review assignments to over 25 attorneys across the firm, reviewed the reviewers' work product, and drafted summaries of the video reviews for use in Plaintiffs' summary judgment papers and at trial. I was also part of the team that reviewed documents for privilege and responsiveness in response to Defendants' discovery requests.

6. I also participated in various aspects of discovery motion practice. For example, I researched and helped draft Plaintiffs' brief regarding whether Defendant Daleiden could be deposed twice (once as a 30(b)(6) witness and a second time in his personal capacity). This motion was granted. I also argued a portion of a motion to compel before Judge Ryu.

7. I also participated in numerous depositions. I helped prepare Plaintiff PPMM's, PPCCC's, and PPPSGV's Rule 30(B)(6) witnesses for their depositions, and I defended the PPMM's and PPPSGV's Rule 30(B)(6) depositions.

8. In total, I spent approximately 394.1 hours on the discovery phase of the litigation.

9. After discovery, I was part of the team responsible for drafting sections of Plaintiffs' affirmative and responsive summary judgment papers. In particular, I was assigned as the lead drafter of the various sections of the briefs regarding Plaintiffs' breach of contract claims. I also drafted sections of the papers detailing Plaintiffs' invasion of privacy claims. I was also part of the team who attended the summary judgment hearing and, had the Court requested argument on the breach of contract sections, I would have been the one to argue those issues.

10. In total, I spent approximately 95.2 hours on the summary judgment phase of the litigation.

11. Although I was not part of the trial team, I assisted with the research and drafting of various trial and trial preparation submissions. For example, I reviewed and drafted objections to a number of Defendants' deposition designations. I also researched law regarding the use of

1    deposition transcripts at trial for use by the trial team, and drafted oppositions to several of

2    Defendants' motions *in limine*. I also was responsible for preparing charts of video clips from

3    Defendants' recording for use in cross-examination by the trial team. I also participated in the prep

4    sessions for witnesses Jenna Tosh (PPCCC) and Sheri Bonner (PPPSGV). Finally, I helped draft

5    sections of the cross-examination outline for Daleiden.

6        12.    In total, I spent approximately 40.9 hours on the pre-trial phase of the litigation, and

7    approximately 31.3 hours on the trial phase of the litigation.

8        13.    After the trial, I was responsible for researching and drafting numerous post-trial

9    submissions. For example, I was the lead drafter of both (i) Plaintiffs' opposition to Defendants'

10   motion to defer a decision on attorneys' fees and costs until after Defendants exhausted their

11   appeal and (ii) Plaintiffs' opposition to Defendants' motion to lower the bond amount.

12       14.    I was also a part of the team responsible for drafting Plaintiffs' opposition to

13   Defendants' post-trial motions. In particular, I was responsible for drafting responses to (i)

14   Defendant Rhomberg's sections of the post-trial brief and (ii) Defendants' arguments regarding

15   Plaintiffs' entitlement to punitive damages.

16       15.    In total, I spent approximately 74.2 hours on the post-trial phase of the litigation.

17       16.    Following Plaintiffs' response to Defendants' post-trial motions, I was responsible

18   for researching and drafting the initial draft of Plaintiffs' motion for attorneys' fees and non-

19   statutory costs and supporting memorandum.

20       17.    In total, as of September 4, 2020, I have spent approximately 29.6 hours in support

21   of Plaintiffs' request for attorneys' fees and costs.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

-3-
DECLARATION OF MATTHEW R. DITON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND NON-STATUTORY COSTS; Case No. 3:16-cv-00236-WHO

18. It is my habit to use the firm's online billing system to record my time on a daily basis. I have personally reviewed all of my contemporaneous time records from this action to assist with the preparation of this declaration. In my billing judgment, I have requested that certain time entries be removed from Plaintiffs' request for attorneys' fees. For example, I have requested that my entries for observing depositions that I did not defend and for observing trial days and hearings be removed from the request.

I declare until penalty of perjury that the foregoing is true and correct. Executed in Alameda, California this 18th day of September, 2020.

_____
MATTHEW R. DITON