STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: steve.mayer@arnoldporter.com
       sharon.mayo@arnoldporter.com
       jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Email: diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Email: rhonda.trotter@arnoldporter.com
       oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PARKER LAW & MEDIATION
553 Douglass Street
San Francisco, CA 94114
Telephone: (415) 531-1791
Email: bparker@pppsgv.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone: (202) 973-4800
Email: helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**DECLARATION OF BETH H. PARKER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-STATUTORY COSTS**<br><br>Date: November 18, 2020<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |

I, Beth H. Parker, declare:

1. I am an attorney licensed to practice law in the State of California and currently the founder and principal of Parker Law & Mediation. I make this Declaration upon personal knowledge, except as otherwise stated, and, if called upon to testify, could and would testify competently hereto.

2. In 1977, I graduated *magna cum laude* with a B.A. from Yale University. In 1982, I graduated from Harvard Law School. I joined McCutchen, Doyle, Brown & Enersen in 1982, where I became a partner in 1989, specializing in federal court complex litigation. I remained with the firm as a partner after it merged and became Bingham McCutchen in 2002. In 2008, I joined Arnold & Porter as a partner, again specializing in complex litigation. At the time I left Arnold & Porter in 2013, my billing rate was $790 an hour.

3. During my tenure at McCutchen, Bingham and Arnold & Porter, I served on the pro bono committees of the respective firms, including Chair at McCutchen, and engaged in substantial civil rights litigation. In that capacity, I applied for and received attorneys' fees in several civil rights cases before the US District Court, Northern District of California. Those included *Jones v. City & County of San Francisco,* 976 F. Supp. 896 (1997)*; Stone v. City & County of San Francisco,* 968 F.2d 850, *cert. denied,* 506 U.S. 1081 (1993); and *Planned Parenthood Association of Alameda/San Francisco v. Christian Action Counsel* (1990). I have also applied for and been awarded attorneys' fees in California state courts. *See, e.g., Satorre v. San Mateo* (2013)*.*

4. In 2013, I became the Chief Legal Counsel for Planned Parenthood Affiliates of California and the California Planned Parenthood Education Fund (collectively "PPAC"). PPAC is the advocacy arm for the seven Planned Parenthood affiliates located in California, which collectively operate 107 health centers and serve over 800,000 patients a year. In my capacity as Chief Legal Counsel, I created and oversaw a legal team to serve the California affiliates, drafted and advocated for legislation before the California Legislature, worked with various California administrative agencies on a large variety of state-wide issues, and handled

Page 1

PARKER DECLARATION ISO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
Case No: 3:16-cv-00236-WHO

1  litigation and provided legal advice to PPAC, the seven Planned Parenthood affiliates and
2  their 501(c)(4) counterparts.

3      5.    In 2018, I joined Planned Parenthood Northern California ("PPNorCal") as
4  General Counsel.  Through PPNorCal, I also was retained to serve as General Counsel for
5  Planned Parenthood Pasadena & San Gabriel Valley ("PPPSGV") and Planned Parenthood
6  California Central Coast ("PPCCC").  Because I had been serving as counsel in the CMP
7  litigation for the California affiliates, PPAC entered into an agreement with PPNorCal
8  whereby I would continue to handle the CMP litigation on behalf of all seven California
9  affiliates.

10      6.    In July 2020, I left PPNorCal and formed Parker Law & Mediation, where I
11  continue to provide legal representation to PPNorCal, PPPSGV, PPCCC and PPAC.

12      7.    I have litigated at the trial and appellate levels, and in federal and state courts
13  across the country.  I have litigated cases from the initial stages of preparation through
14  motion practice, discovery, trial, and post-trial motions.  I have handled nine trials to
15  completion.  I have also presented oral argument and briefing at the federal and California
16  appellate level and submitted briefs to the United States Supreme Court and the California
17  Supreme Court.

18      8.    During my career, I have served as lead counsel or co-counsel on more than
19  twenty-five cases involving access to reproductive health care.  *See, e.g.*, *Gonzales v. Carhart*,
20  550 U.S. 124 (2007); *Planned Parenthood Golden Gate v. Garibaldi,* 107 Cal. App. 4th 345
21  (2003); *Planned Parenthood Golden Gate v. Foti,* 83 Cal. App. 4th 347 (2000); *Planned*
22  *Parenthood Association of San Mateo County v. Operation Rescue,* 50 Cal. App. 4th 290
23  (1996), *cert. denied*, 522 U.S. 811 (1997); *Planned Parenthood of Santa Barbara, Ventura*
24  *and San Luis Obispo v. City of Santa Maria,* 16 Cal. App. 4th 685 (1993); *Planned*
25  *Parenthood of San Mateo County v. Holy Angels Church,* 765 F. Supp. 617 (N.D. Cal. 1991).
26  I have also authored numerous amicus briefs on cases involving reproductive rights.  *See, e.g.,*
27  *Isaacson v. Horne,* 716 F.3d 1213 (9th Cir. 2013); *Hoye v. City of Oakland,* 653 F.2d 835 (9th
28

Cir. 2011); *Catholic Charities of Sacramento, Inc. v. Superior Court,* 32 Cal.4th 307 (2004); *American Academy of Pediatrics v. Lungren,* 16 Cal.4th 307 (1997).

9. I have presented on reproductive rights and related issues to numerous professional and lay audiences, including at law schools, before bar associations and other professional organizations.

10. Due to my role at PPAC, I was involved from the inception with the issues that surrounded the release of Defendants' videos. I conducted the initial factual and legal investigation of Defendants on behalf of the California affiliates and explored the possibility of filing suit against them. Initially, I approached another well known San Francisco law firm, Rosen Bien Galvin & Grunfeld, due to their expertise with civil rights matters. Together, we did substantial research into potential claims and possible defenses. Ultimately, Rosen Bien decided that the case was too big, and that they did not have enough resources, to handle what would undoubtedly be protracted and highly contested litigation. At that point, Helene Krasnoff of PPFA and I approached Arnold & Porter. One of the conditions of A&P's retainer was that I would remain as counsel for the seven California plaintiffs to lessen the communication burden with each of them.

11. While I was at PPAC, due to the many competing aspects of my job, I kept only sporadic time records of the time I spent on the CMP litigation. After I joined PPNorCal in January 2018, I kept detailed time records, which were submitted in invoice form to PPAC, which paid for the time under its arrangement with PPNorCal.

12. The following paragraphs describe the work I did on this litigation in more detail. All of the statements that follow that reflect how many hours I spent on various phases of the cases are based on contemporaneous time records that I prepared on or near the time reflected in the records. At all stages of the litigation, my time includes time spent advising the seven California affiliates about the status and strategy of the litigation and seeking their guidance on various strategic decisions.

13. Complaint/Initial Pleadings: After Defendants' videos were released in July 2015, I undertook the underlying factual and legal investigation of CMP and the involvement

of the various named Defendants.  As mentioned above, I worked closely with Rosen Bien and subsequently with Arnold & Porter in drafting the complaint, conducting much of the preliminary factual and legal research and making many of the initial strategy decisions.  I also reported on the progress of the case and strategy to the California CEOs and the California Boards of Directors.  I reviewed and revised all of the initial pleadings and motions. I participated in strategic discussions about Defendants' anti-SLAPP motions, reviewed and revised all briefs submitted to both the trial and appellate court in connection with these motions, attended all hearings and kept the California named plaintiffs apprised of this stage of the litigation. The records we have been able to locate indicate that I spent 324.25 hours on this portion of the case.

14.    Discovery: I coordinated the production of documents for the seven California affiliates.   In particular, I worked closely with PPNorCal, PPCCC and PPPSGV on their respective document productions and coordinated productions with the General Counsels for PPPSW, PPMM, PPOSBC and PPLA.  I also reviewed documents to ensure that identifying, irrelevant, or privileged information was properly redacted.  I was involved in many strategic discussions and decisions about how to classify documents as confidential or highly sensitive. Because of my familiarity with the California affiliate operations, as well as my work handling the investigation of the fetal tissue programs in California, I was involved in coordinating all of the depositions of the California personnel and the deposition preparation of multiple Planned Parenthood California affiliate witnesses including Gene Boyett (PPNorCal), Jenna Tosh (PPCCC), and Sheri Bonner (PPPSGV).   With respect to these witnesses, I located relevant documents and information and contributed to witness outlines and strategy discussions.   I also attended some of the depositions.  I was the only attorney from a Planned Parenthood entity who helped to prep these witnesses and who attended their depositions.  I was involved in all strategic decisions regarding scope of discovery of particular issues and motions to compel.  I reviewed and revised all briefing on motions to compel and attended the hearings.  I worked directly with several expert witnesses, provided them with background information about the case, helped them draft their expert reports, and helped prepare them for their depositions. As

an exercise of billing judgment, Plaintiffs are not seeking fees for the time I spent traveling for hearings and depositions. Time spent on the discovery phase during that period: 356.00 hours.

15. Disqualification: I reviewed and revised all briefing for the motion to disqualify Judge Orrick and the subsequent appeal.  I also arranged for and drafted the factual declarations about PPNorCal submitted in connection with that motion. Time spent on the motion for disqualification after 2017: 19.5 hours.

16. Summary Judgment: I reviewed various drafts of summary judgment briefing and made edits to the briefing, as well as participated in strategy discussion regarding the motions.  I also did some research on discrete issues in which I had specialized expertise. Time spent on summary judgment motions: 52.75.

17. Pre-trial work:  Prior to trial, I participated in strategy sessions with counsel regarding witness selection—particularly regarding California affiliate witnesses—witness order, and documents to be used at trial.  I also worked with California affiliate staff, Arnold & Porter staff, and California affiliate witnesses on logistics regarding the trial.  I worked closely with lead trial counsel on the selection of jury consultants, providing them with background information on the case and assisting them with various aspects of their work.  I reviewed and revised all pretrial submissions, including motions in limine and jury instructions.  Time spent on pretrial work: 96 hours.

18. Trial: I attended every day of the trial as counsel for the California named plaintiffs.  I helped to prep multiple affiliate witnesses, and some experts, for trial, including reviewing relevant documents and contributing to witness outlines and strategy discussions.  I was involved in strategy discussions regarding opening and closing statements, jury instructions, testifying witnesses and other aspects of the trial, ensuring that the California affiliates' interests and perspective were represented.  I was the only California affiliate attorney who participated at trial and trial-related preparation.  I also regularly kept all of the California affiliates apprised of the status of the case.  Time spent on trial: 240 hours.

19. My individual time records for this matter, based on the entries, reflect that from August 2015 – November 14, 2019, excluding the categories of time for which Plaintiffs are

not seeking fees as discussed above, I billed 1088.5 hours to this matter.  Of this time, I spent 324.25 on the complaint/initial pleading stage, 356 hours on discovery-related aspects of the case, 19.5 hours on the disqualification motions, 52.75 hours on summary judgment, 96 hours on pre-trial work, and 240 hours during the trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 15th day of September, 2020, in San Francisco, California.

*/s/ Beth H. Parker*
Beth H. Parker

**ECF ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: September 18, 2020       /s/ *Steven L. Mayer*
                                             Steven L. Mayer