STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California  94111-4024
Telephone:     (415) 471-3100
Facsimile:     (415) 471-3400
Email:    steve.mayer@arnoldporter.com
             sharon.mayo@arnoldporter.com
             jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York  10019-9710
Telephone:     (212) 836-8000
Email:    diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California  90017
Telephone:     (213) 243-4000
Email:    rhonda.trotter@arnoldporter.com
             oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PARKER LAW & MEDIATION
553 Douglass Street
San Francisco, CA 94114
Telephone:     (415) 531-1791
Email:  bparker@pppsgv.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC  20005-6300
Telephone:     (202) 973-4800
Email:    helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California  94104
Telephone:     (415) 956-2828
Email:     ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No.  3:16-cv-00236-WHO<br><br>**DECLARATION OF OSCAR RAMALLO IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-STATUTORY COSTS**<br><br>Date:     November 18, 2020<br>Time:     2:00 p.m.<br>Place:    Courtroom 2, 17th Floor<br>Judge:    Hon. William H. Orrick |

I, Oscar Ramallo, declare:

1.      I have been an active member of the State Bar of California since 2005.  I am a Senior Associate at Arnold & Porter Kaye Scholer LLP ("A&P").  I joined A&P in January 2017, when Arnold & Porter LLP merged with Kaye Scholer LLP.  I joined Kaye Scholer LLP in 2006.

2.      If called as a witness, I could and would testify from my personal knowledge to the facts stated herein.

3.      I graduated from UCLA School of Law in 2005 and was elected to the Order of the Coif.  While at UCLA, I served as an Articles Editor for the UCLA Law Review.  After law school, I served as a law clerk for the Honorable Mary M. Schroeder, who at the time was the Chief Judge of the United States Court of Appeals for the Ninth Circuit.

4.      My practice at Kaye Scholer LLP and A&P has focused on civil litigation, including intellectual property, contract disputes, and business torts.  I regularly serve as the primary drafter of summary judgment briefs, motions in limine, jury instructions, and post-trial motions, in both state and federal courts.  I have second-chair trial experience in complex federal litigation and in California state court.  I also have first-chair trial experience as a volunteer prosecutor for the Los Angeles City Attorney.  I have served as the primary drafter of briefs filed in the Ninth Circuit, other federal circuits, the California Courts of Appeal, and the California and United States Supreme Courts.

5.      I maintain an active pro bono practice, in areas such as free speech and religious freedom.  For example, I obtained a protective order against a subpoena seeking to unmask the identity of an anonymous journalist.  I also represent an activist who was denied a government benefit in retaliation for her speech and protests against the government, and a prison inmate seeking accommodations from prison officials for his religious practices.

6.      I have been recognized as a "Rising Star" by *Los Angeles* magazine in a survey of legal professionals in the Los Angeles area.

**7.**      It is my habit to contemporaneously enter time into the firm's electronic billing system.  All the statements in this declaration about how much time I spent on various aspects of

this case are based on my review of time summaries prepared by A&P's accounting department, which reflect the hours I entered into the billing system.

8.      My standard hourly rate in 2020 is $910.  My standard hourly rate in 2019 was $865.  Based on my 14 years of experience litigating matters in California and throughout the United States, I am familiar with the range of fees charged in the market.  Arnold & Porter's rates are within this range.

9.      I have been personally and continuously involved in representing Plaintiffs in this matter since May 29, 2019, when the parties were drafting their respective summary judgment oppositions.  While I spent some time prior to this date in a consulting role, I was not significantly involved in this matter until briefing of Plaintiffs' opposition to Defendants' motion for summary judgment.   Accordingly, Plaintiffs are not claiming any of my time for the period before May 29, 2019.

10.      In preparing Plaintiffs' opposition to Defendants' motion for summary judgment, I was primarily responsible for drafting the opposition to Defendants' arguments concerning RICO and the opposition to Defendants' second anti-SLAPP motion.  Drafting these arguments was unusually time-consuming, for several reasons.

11.      First, I had to master the facts of the case as they concerned the individual Defendants.  For example, Defendant Newman largely refused to testify about his role, while arguing that he had almost no involvement in Defendants' activities.  Likewise, Defendant Rhomberg claimed that he knew nothing about Defendants' conspiracy, while Defendant Lopez denied knowledge of Defendants' RICO enterprise.  Refuting these arguments required engaging in a time-consuming process of piecing together documents produced in the case and the testimony of other witnesses to build a case against these Defendants.

12.      Another important issue raised in Defendants' motion was whether Plaintiffs could sustain a RICO claim based on "foreseeable" harm beyond the first step of causation.  Because RICO provides the basis for treble damages and attorney's fees and is also the tort predicate for Plaintiffs' federal wiretapping claims, I necessarily spent a significant amount of

time researching and drafting the opposition to Defendants' RICO causation and damages arguments.

13.    The opposition to Defendants' anti-SLAPP motion was also unusually complex because it required addressing the differing anti-SLAPP laws and doctrines in California, Florida, Maryland, Colorado, and the District of Columbia.

14.    I was also involved in drafting portions of Plaintiffs' reply briefing on summary judgment, including the fraud sections.  Defendants raised a number of arguments in opposition to Plaintiffs' fraud claims that made the reply briefing more time-consuming than a typical brief on common law fraud.  For example, Defendants (1) made fine-grained distinctions of the elements of fraud under the laws of Florida, Texas, the District of Columbia, and the other relevant jurisdictions; and (2) argued that the First Amendment barred Plaintiffs' fraud claims.

15.    After the reply briefing, the Court's tentative opinion addressing the parties' summary judgment motions asked the parties to address whether there was any precedent on whether Defendants could file a successive anti-SLAPP motion.  The Court's tentative required me to conduct additional research on anti-SLAPP authority, and I argued this issue at the July 17, 2019 hearing.

16.    After excluding time spent on excessive research, I spent approximately 138 hours on briefing and participating in the hearing on the summary judgment and anti-SLAPP motions.

17.    During the pre-trial phase that followed summary judgment, I drafted numerous jury instructions, drafted the verdict form, participated in a mock jury exercise, drafted motions in limine and oppositions to motions in limine, drafted briefing on adverse inferences, and presented oral argument on preliminary jury instructions at the September 23, 2019 pretrial conference.  The jury instructions and verdict form were particularly complex, given the number of Plaintiffs and Defendants and claims and defenses in the case and given Defendants' objections to nearly all of Plaintiffs' instructions, resulting in over 700 pages of proposed instructions, objections, and replies to objections.  It also took a significant amount of work to draft a verdict form that obtained all necessary information from the jury, while, at the same

time, making the form as juror-friendly as possible.  Between July 22, 2019 and September 29, 2019, I spent approximately 209 hours on these pre-trial tasks.

18.     During trial, I assisted in drafting mid-trial briefing, continued to revise the jury instructions and verdict form, and presented oral argument on jury instructions during the Court's three charging conferences.  Not including time spent reviewing transcripts of proceedings for days I did not attend trial and not including my attendance at closing arguments, I spent approximately 104 hours on these tasks during trial.

19.     After the verdict I was responsible for drafting the form of judgment, portions of Plaintiffs' initial papers in support of equitable relief, and portions of Plaintiffs' opposition to Defendants' post-trial motions.  Because of a family medical situation with Mr. Mayer, I had primary responsibility for drafting the reply memorandum in support of equitable relief, which included serving as primary drafter of certain portions of the memorandum, while coordinating and integrating portions drafted by other team members.  Not including the time I spent attending the Court's May 5, 2020 case management conference, time spent on certain team conference calls, and time spent on excessive research, I spent approximately 110 hours of time on post-trial tasks.

20.     I have participated in team calls regarding this attorney's fees motion and prepared this declaration.  I have spent approximately 9 hours of time on the fees motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of September 2020, in Los Angeles, California.

*/s/ Oscar D. Ramallo*
OSCAR D. RAMALLO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ECF ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.


Dated: September 18, 2020                              /s/ *Steven L. Mayer*
                                                       Steven L. Mayer