STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email:    steve.mayer@arnoldporter.com
              sharon.mayo@arnoldporter.com
              jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone:    (212) 836-8000
Email:    diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone:    (213) 243-4000
Email:    rhonda.trotter@arnoldporter.com
              oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD NORTHERN
CALIFORNIA
2185 Pacheco Street
Concord, California 94520
Telephone:    (415) 531-1791
Email:    beth.parker@ppnorcal.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF
AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone:    (202) 973-4800
Email:    helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone:    (415) 956-2828
Email:    ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**DECLARATION OF MAITHREYI RATAKONDA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Date:    November 18, 2020<br>Time:    2:00 p.m.<br>Place:    Courtroom 2, 17th Floor<br>Judge:    Hon. William H. Orrick |

I, Maithreyi Ratakonda, declare:

1.      I am an attorney licensed to practice law in the State of New York and a Senior Staff Attorney in the Public Policy, Litigation, and Law ("PPL&L") department at Planned Parenthood Federation of America ("PPFA"). I make this Declaration upon personal knowledge, except as otherwise stated, and, if called upon to testify, could and would testify competently hereto.

2.      In 2006, I graduated *magna cum laude* with a B.A. from Georgetown University. In 2011, I graduated with honors from Columbia Law School, where I was the Executive Articles Editor of the *Columbia Law Review* and a recipient of the merits-based Hamilton Scholarship. After law school, I clerked for the Hon. Robert N. Chatigny, U.S. District Court for the District of Connecticut, and then the Hon. Dolores K. Sloviter, U.S. Court of Appeals for the Third Circuit.

3.      I have been an attorney at PPFA since August 2013. Planned Parenthood is the nation's largest provider of reproductive health care services, including abortion services. PPL&L attorneys provide legal advice to both the national organization, PPFA, and to Planned Parenthood affiliates on public policy issues that affect the mission of the organization. PPL&L also conducts and participates in litigation in state and federal courts throughout the country on behalf of its affiliates to protect access to Planned Parenthood's health services and advance Planned Parenthood's mission.

4.      As an attorney at PPL&L, I devote the majority of my time to conducting litigation challenging state and federal laws or other regulatory actions that restrict access to abortion or other health-care services provided at Planned Parenthood health centers. My responsibilities are national in scope. I have litigated at the trial and appellate levels, and in federal and state courts across the country. I have litigated cases from the initial stages of preparation through motion practice, discovery, trial, and post-trial motions. I have also presented oral argument and briefing at the federal appellate level and drafted briefs submitted to the United States Supreme Court and state supreme courts.

5.      In my more than seven years at PPL&L, I have served as lead counsel or co-counsel on numerous cases challenging laws or policies that restrict access to reproductive health care. *See, e.g.*, *Adams & Boyle, P.C. v. Slatery*, 956 F.3d 913 (6th Cir. 2020); *Little Rock Family Planning Servs. v. Rutledge*, 397 F. Supp. 3d 1213 (E.D. Ark. 2019); *Bryant v. Woodall*, 363 F. Supp. 3d 611 (M.D.N.C. 2019); *Planned Parenthood of the Heartland v. Reynolds*, 915 N.W.2d 206 (Iowa 2018); *Planned Parenthood of Arkansas & Eastern Oklahoma v. Jegley*, 864 F.3d 953 (8th Cir. 2017); *Planned Parenthood of Greater Orlando, Inc. v. MMB Properties*, 211 So. 3d 918 (Fla. 2017); *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1330 (M.D. Ala. 2014).

6.      I have also been a committee chair of the Reproductive Rights and Women's Health Committee of the New York Women's Bar Association. And I have presented on the reproductive rights legal landscape to numerous professional and lay audiences, including at law schools.

7.      Due to my familiarity with PPFA and Planned Parenthood affiliates' operations, as well as my involvement in responding to the Congressional investigations that resulted from the release of Defendants' videos—which included overlapping subject matter with this litigation—I have been involved in this matter since Plaintiffs began preparing to file this case. I met or spoke to attorneys from Arnold & Porter several times during this period.  I also extensively reviewed PPFA documents being prepared for production prior to 2019.  However, as an exercise of billing judgment, Plaintiffs are not requesting fees for the time I spent on this case prior to January 2019.

8.      I became more substantively involved in this matter starting in January 2019 as Plaintiffs began to prepare for depositions and trial. My work on the case starting in January 2019 included the following.

9.      Document production:  I reviewed the production of PPFA documents. Because of my work responding to the Congressional investigations, which involved the production of tens of thousands of pages of PPFA and affiliate documents, I was familiar with both the

documents that were potentially relevant in this case. I also reviewed documents to ensure that identifying, irrelevant, or privileged information was properly redacted.

10.     Depositions:   Because of my familiarity with PPFA's operations, as well as my work responding to the Congressional investigations, I was involved in the deposition preparation of PPFA witnesses, including 30(b)(6) witnesses (Franklin Rosado, Krista Noah, Brandon Minow) and PPFA fact witnesses (Deborah VanDerhei, Emily Schifrin, Julia Kohn). I located relevant documents and information and contributed to witness outlines and strategy discussions. I also attended the depositions. I was the only attorney from PPFA who helped to prepare PPFA witnesses and attended their depositions. As an exercise of billing judgment, Plaintiffs are not seeking fees for the time I spent traveling for and attending depositions.

11.     Summary Judgment:  I reviewed various drafts of summary judgment briefing and made edits to the briefing, as well as participated in strategy discussion regarding the briefing.

12.     Pre-trial work: Prior to trial, I participated in strategy sessions with counsel regarding witness selection—particularly regarding PPFA witnesses—witness order, and documents to be used at trial. I also worked with PPFA staff, Arnold & Porter staff, and PPFA witnesses on logistics regarding the trial.

13.     Trial: I attended a significant portion of the trial, particularly when PPFA witnesses, or other key Plaintiff or Defendant witnesses testified. I also helped to prepare PPFA and some affiliate witnesses for trial, including reviewing relevant documents and contributing to witness outlines and strategy discussions. I was involved in strategy discussions regarding opening and closing statements and other aspects of the trial, ensuring that PPFA's interests and perspective were represented. I was the only PPFA attorney in attendance at trial and trial-related preparation. Plaintiffs are not seeking fees for the time I spent traveling for and attending the trial.

14.     The attorneys at PPL&L maintain contemporaneous time records through an online timekeeping program, CaseFox.  In the ordinary course of business, attorneys prepare and enter their time into a time recording database. As a matter of regular practice, attorneys

enter their time at or near the time that they perform their work. Time records are maintained both on a client/matter basis and on an individual biller basis.

15.    My individual time records for this matter, based on the entries in CaseFox, reflect that from January 28, 2019 to November 18, 2019, excluding the categories of time for which Plaintiffs are not seeking fees as discussed above, I billed 240.7 hours to this matter. Of this time, I spent 103.4 hours on discovery-related aspects of the case, 16.2 hours on summary judgment, 20.4 hours on pre-trial work, and 100.7 hours during the trial.

16.    In addition to the time that I spent on this case, others at PPFA also devoted significant time to this matter. In particular, Helene Krasnoff was involved in this case from its inception to the present; she regularly participated in strategy calls as well as reviewing virtually all of the briefing and much of the discovery materials. Roger Evans also was regularly consulted about the strategy of this case from the time Defendants' wrongful conduct came to light all the way through final judgment.

17.    Ms. Krasnoff is the Vice President for PP&L. Ms. Krasnoff received a Bachelor of Arts degree from Duke University in 1992, and in 1997, she graduated with honors from the University of Michigan Law School. After law school, she became associated with the law firm of Arnold & Porter in Washington, DC where she litigated cases in federal courts, state courts, and administrative tribunals.

18.    In 2000, Ms. Krasnoff joined PPL&L as a Staff Attorney and has since served as a Senior Staff Attorney, Assistant Director, Senior Director and now, Vice President. At all times, her job responsibilities have included directly litigating and/or supervising more junior attorneys conducting federal and state court challenges to laws and regulations which burden access to reproductive health care. Her responsibilities are national in scope.

19.    In her more than 20 years at PPFA, Ms. Krasnoff has served as lead counsel, co-counsel, and/or supervisor in dozens of cases challenging laws or policies that restrict access to reproductive health care. *See, e.g.*, *Gonzales v. Carhart*, 550 U.S. 124 (2007); *Planned Parenthood of Arkansas & Eastern Oklahoma v. Jegley*, 864 F.3d 953 (8th Cir. 2017); *Planned Parenthood Arizona, Inc. v. Humble*, 753 F.3d 905 (9th Cir. 2014); *Planned*

*Parenthood of Greater Texas Surgical Health Services v. Abbott*, 734 F.3d 406 (5th Cir. 2013); *Planned Parenthood Southwest Ohio Region v. DeWine*, 696 F.3d 490 (6th Cir. 2012); *Planned Parenthood Ass'n of Hidalgo County Texas, Inc. v. Suehs*, 692 F.3d 343 (5th Cir. 2012); *Planned Parenthood of Minnesota/South Dakota v. Rounds*, 372 F.3d 969 (8th Cir. 2004); *Planned Parenthood of Idaho v. Wasden*, 376 F.3d 908 (9th Cir. 2004).

20.     Roger Evans is a graduate of the New York University School of Law (J.D. 1973) and from 1977 to 1983, he was the Managing Attorney of MFY Legal Services, the legal services program located in Manhattan, and the first legal services program in this country. Mr. Evans joined PPFA in 1983 and led PPL&L until Ms. Krasnoff became Vice President in 2014. In his decades at PPFA, Mr. Evans too was responsible for conducting and supervising litigation nationwide, including participating as a lead or co-counsel in many cases in the U.S. Supreme Court concerning reproductive rights. *See, e.g.*, *Webster v. Reproductive Health Services*, 492 U.S. 490 (1989); *Ohio v. Akron Center for Reprod. Health*, 497 U.S. 502 (1990); *Rust v. Sullivan*, 500 U.S. 173 (1991). He has been in a supervisory or co-counsel position on approximately over 100 civil rights actions at all levels of the federal courts and has advised others and participated indirectly in over approximately 100 additional cases.

21.     Given their decades of experience with PPFA, their familiarity with the operation of Planned Parenthood health centers, and their extensive experience presenting issues related to Planned Parenthood to state and federal courts, both Ms. Krasnoff and Mr. Evans played a critical role in this case's strategy. Although together they devoted hundreds of hours to this matter over the more than four-year span of this case, as an exercise of billing judgment, Plaintiffs are not requesting fees for their time despite that they would be entitled to reimbursement for their time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 8th day of September, in Brooklyn, New York.


_____*/s/ Maithreyi Ratakonda*_____
Maithreyi Ratakonda

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ECF ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatory.


Dated: September 18, 2020                    /s/ *Steven L. Mayer*
                                                                  Steven L. Mayer