1  STEVEN L. MAYER (No. 62030)
   SHARON D. MAYO (No. 150469)
2  JEREMY T. KAMRAS (No. 237377)
   ARNOLD & PORTER KAYE SCHOLER LLP
3  Three Embarcadero Center, 10th Floor
   San Francisco, California 94111-4024
4  Telephone:   (415) 471-3100
   Facsimile:   (415) 471-3400
5  Email:   steven.mayer@arnoldporter.com
            sharon.mayo@arnoldporter.com
6           jeremy.kamras@arnoldporter.com

7  DIANA STERK (admitted *pro hac vice*)
   ARNOLD & PORTER KAYE SCHOLER LLP
8  250 West 55th Street
   New York, NY 10019-9710
9  Telephone:   (212) 836-8000
   Email:   diana.sterk@arnoldporter.com
10
   RHONDA R. TROTTER (No. 169241)
11 OSCAR D. RAMALLO (No. 241487)
   ARNOLD & PORTER KAYE SCHOLER LLP
12 777 S. Figueroa Street, 44th Floor
   Los Angeles, California 90017
13 Telephone:   (213) 243-4000
   Email:   rhonda.trotter@arnoldporter.com
14          oscar.ramallo@arnoldporter.com

15 Attorneys for Plaintiffs

BETH H. PARKER (No. 104773)
PARKER LAW & MEDIATION
553 Douglass Street
San Francisco, CA 94114
Telephone:   (415) 531-1791
Email:   bparker@pppsgv.org

HELENE T. KRASNOFF
(admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION
OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005-6300
Telephone:   (202) 973-4800
Email:   helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

16                      UNITED STATES DISTRICT COURT

17                    NORTHERN DISTRICT OF CALIFORNIA

18

19 PLANNED PARENTHOOD FEDERATION
   OF AMERICA, INC., et al.,
20
21                           Plaintiff,
22            vs.
23 CENTER FOR MEDICAL PROGRESS, et
   al.,
24
                             Defendants.
25

Case No.  3:16-cv-00236-WHO

**DECLARATION OF DIANA K. STERK
IN SUPPORT OF PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND NON-
STATUTORY COSTS**

Date:    November 18, 2020
Time:    2:00 p.m.
Place:   Courtroom 2, 17th Floor
Judge:   Hon. William H. Orrick

26

27

28

1         I, DIANA STERK, declare:

2         1.     I am a senior associate at the firm of Arnold & Porter Kaye Scholer LLP

3    (A&P), and one of the counsel of record for Plaintiffs in the above-entitled action.  I joined A&P,

4    or its predecessor firm Kaye Scholer LLP, in 2011 and have been an active member of the New

5    York State Bar since 2012.

6         2.     I have personal knowledge of the facts stated in this declaration and, if

7    called as a witness, I could and would testify competently to them.

8         3.     I obtained a bachelor of science in Civil Engineering from the

9    Massachusetts Institute of Technology.  I attended law school at Northwestern University School

10   of Law, where I was on the executive board of the Journal of Technology and Intellectual

11   Property, and graduated *cum laude* in 2011.  While in law school, I was a summer associate at

12   Kaye Scholer LLP.

13        4.     My practice focuses on life sciences, particularly within the complex

14   commercial litigation and products liability realms.  I have worked on numerous lawsuits

15   involving life sciences and the pharmaceutical industry, as well as cases alleging fraud and breach

16   of contract.

17        5.     My civil rights experience includes representing Clemente Aguirre in a

18   new trial after the Florida Supreme Court vacated his convictions and death sentence (and before

19   the prosecution dismissed the charges during jury selection), representing individuals filing for

20   asylum in the United States, and successfully obtaining an honorable discharge and veterans'

21   benefits for a Vietnam War veteran suffering from PTSD.

22        6.     My standard hourly rate in 2018 was 780; in 2019, 855; and in 2020, 910.

23        7.     A&P maintains an electronic system for recording and managing time

24   entries for individual matters.  I record my time accurately and on a timely basis, providing a

25   description of the work performed.  The time included in this declaration is based on A&P's

26   records of the time I entered contemporaneously.

27        8.     I became involved in the Planned Parenthood case in early 2018 but

28

DECLARATION OF DIANA K. STERK  IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES AND NON-STATUTORY COSTS
Case No: 3:16-cv-00236-WHO

became heavily involved in mid-2018, when document discovery was ongoing, prior to the Ninth Circuit's decision on Defendants' anti-SLAPP appeal.

**Phase III: Discovery**

9.     Written Discovery: Starting from mid-2018, I was intimately involved in all aspects of the written discover phase, including drafting responses to Defendants' vast numbers of discovery requests, drafting numerous discovery motions and oppositions to Defendants' motions and appeals, and conducting extensive meet and confer with Defendants on discovery disagreements.  As the most senior associate on the case, part of my role was coordinating more junior associates and the different work streams related to discovery.

10.     I drafted many of Plaintiffs' discovery responses, which involved in-depth review of the factual record, and coordination and discussions with in-house counsel or other employees of Plaintiffs.  Responding to this discovery was extremely time-consuming because we had ten separate clients, and thus, ten separate sets of responses and people with whom to coordinate.

11.     I was one of the lead attorneys on most discovery motions filed after June 2018.  For example, I was one of the lead attorneys, with Amy Bomse, on Plaintiffs' motions to compel related to Defendants' claims of irrelevance and reporters privilege as to documents related to the Human Capital Project.  This work included extensive meet and confers, researching and briefing the parameters of the various First Amendment protections and explaining why they did not defeat our discovery demands.  I also was a lead attorney with respect to Plaintiffs' objections to Defendants' improper and duplicative discovery requests, such as interrogatories and document requests concerning "profit" from fetal tissue and Plaintiffs' abortion practices.  As part of that process, I was involved in meeting and conferring regarding those objections, and briefing Plaintiffs' oppositions to Defendants' motions to compel and subsequent challenges to the magistrate's orders denying these motions.

12.     I worked with Jeremy Kamras and counsel for third parties subpoenaed by Defendants, assisting them in understanding the procedural and substantive issues and reviewing

documents third parties produced, including working with Planned Parenthood of the Pacific Southwest ("PPPSW") through its bank regarding Defendants' subpoena for financial records, and drafting and arguing the motions related to this subpoena.  I also obtained information regarding and drafted responses to certain of Defendants' discovery requests.

13.     In addition to drafting motions, I also prepared or assisted in preparing others to argue discovery motions to Judge Ryu and Judge Orrick.

14.     <u>Depositions</u>:  At the end of 2018, and beginning in earnest in 2019, depositions began.  I was heavily involved in this stage of the litigation.  I spent hundreds of hours preparing deposition outlines, preparing witnesses for deposition, taking and defending depositions, meeting and conferring regarding numerous deposition-related issues, drafting and opposing motions to compel and motions to quash or for protective order, and drafting, objecting to, and supervising the service of deposition notices and witness subpoenas.

15.     Before depositions began, I drafted a master deposition outline that served as a base for deposing all of the defense witnesses.  Drafting this outline required extensive review of documents and videos, and analysis of the issues that we would need or want to prove at trial.

16.     I personally deposed Defendants Adrian Lopez and Albin Rhomberg, as well as fact witness James Holman.  I drafted or assisted in drafting the majority of deposition outlines for individual Defendants and defense fact witnesses, and analyzed documents relevant to those witnesses for potential use in depositions.  I took the lead on drafting the deposition outline for David Daleiden, which required review and analysis of hundreds of documents, as well as hours of video clips.

17.     I also personally prepared and defended the following fact witness depositions: Tram Nguyen (PPGC), Krista Noah (PPFA), Jeffrey Palmer (PPGC's Rule 30(b)(6) witness), and Dorothy Furgerson (PPMM).  I attended the preparation sessions for a few other witnesses.  On the eve of trial, I also prepared for and took the deposition of third party Linda Tracy.

18.     I participated in numerous meet and confers and drafting of joint letters and motions arising from deposition issues.  I also supervised deposition scheduling and other deposition logistics for all witnesses.

19.     In the case of witnesses I was defending, it is my typical practice to prepare by reviewing relevant documents, and written discovery, in addition to drafting an outline.  I then would typically spend the better part of a day, if not an entire day, preparing the witness.  Many of the witnesses required at least this much preparation, given the wide range of topics for which some witnesses were designated or the number and length of recordings that were potentially relevant to the witness's testimony.  In almost all cases, the depositions took seven hours on the record, which often equated to ten-hour days or longer.  Taking depositions required even more time, first to review potentially relevant documents, review relevant videos, develop an outline, and then to take the deposition.

20.     Despite denial of Defendants' motions for written discovery on fetal tissue programs and other asserted illegal conduct by the Plaintiffs, Defendants attempted to discover the same information through depositions.  I, along with other team members, researched and drafted Plaintiffs' motion for protective order, which Judge Ryu granted.  I also drafted, or assisted in drafting, several other motions related to issues that arose during depositions.

21.     Expert Discovery: I prepared outlines for and took the depositions of Defendant experts Brian Prendergast and James Wood.  I was also involved in drafting outlines for other expert witnesses, and general expert strategy.

22.     Over about a year and a half, I spent approximately 1150 hours on these three stages of discovery.  A majority of that time was spent preparing for and attending depositions of fact and expert witnesses.

**Phase V: Motions for Summary Judgment**

23.     I was also involved in the summary judgment stage.  I was responsible for drafting sections of Plaintiffs' motion for summary judgment and reply memorandum, as well as Plaintiffs' oppositions to Defendants' motions for summary judgment.  These were massive

undertakings, done in a fairly compressed time schedule.  The Defendants' motion for summary judgment attacked every one of Plaintiffs' fifteen causes of action, seeking summary judgment on behalf of every Defendant.  In addition, the individual Defendants other than Daleiden raised numerous issues unique to them as to most of Plaintiffs' claims.

24.     We had a team meeting to allocate drafting responsibility.  I took the lead on at least several sections of Plaintiffs' motion/reply and Plaintiffs' opposition to Defendants' motions, supervised the research of more junior associates on several other sections, and, along with Meghan Martin, worked on analyzing and reviewing certain facts relevant to the briefs filed by both Plaintiffs and Defendants.  I also prepared to argue portions of the Plaintiffs' motion to the extent the Court had posed questions on the topic.  I spent approximately 275 hours between May 3 and July 19, 2019, drafting and editing the summary judgment memoranda that I worked on and preparing for oral argument.

25.     The complexity of the work we did concerning the cross-motions for summary judgment is reflected in the Court's opinion addressing the motions, which is 137 pages in length, and resolved several critical issues on Plaintiffs' favor.

**Phase VI: Pre-Trial**

26.     Prior to trial, I spent considerable amounts of time analyzing Plaintiffs' strategy and drafting an order of proof to use as the basis for trial strategy.  I participated in multiple strategy meetings regarding the upcoming trial; assisted in and observed the mock trial; attended pretrial conferences; and began drafting examination outlines for trial.

27.     I took the lead on drafting many pre-trial filings, including deposition designations, portions of *Daubert* motions, and several motions *in limine*.  I also spent time researching and drafting other motions.  In addition, I attended and prepared to argue certain issues at the pre-trial hearings on these motions.

28.     Along with Meghan Martin, I was heavily involved in determining documents for the exhibit list and locating video clips to add to the exhibit list and to potentially use at trial.

29.  During this phase, I also conducted a review of most deposition testimony to determine which witness depositions we might want to use at trial, and drafted designations from relevant witnesses.

30.  I spent approximately 450 hours in the pre-trial phase.

### Phase VII: Trial

31.  I was involved in every aspect of trial.  As a core member of the trial team, I attended trial every day that it was in session over the six week period, except one.  I prepared witnesses for testifying, drafted cross and direct examination outlines for many fact and expert witnesses, assembled evidence, researched legal issues that emerged, drafted motions during trial, drafted and objected to deposition designations that had not been completed prior to trial, and participated in strategy sessions.

32.  I attended and participated in jury selection, both at the Court and in strategy sessions between court days.

33.  I conducted the trial direct examinations of six witnesses, and was responsible for organizing and presenting deposition designation videos and exhibits to the Court. I also sat second chair for a number of other cross and direct examinations during trial, including for Defendants Daleiden, Rhomberg and Lopez.  I had a lead role in, and spent significant time drafting the trial examination outline for David Daleiden, who was the key witness for Defendants, and whose testimony spanned four days.

34.  I drafted letters filed with the court on various evidentiary issues and prepared pocket briefs for possible use.  In connection with deposition designations, I was in frequent communication with Defendants during trial regarding objections and amendments.  I drafted and argued motions related to Defendants' over-designation of testimony that included issues that had already been excluded on motions *in limine*.  I also helped edit and revise jury instructions and the verdict form filed with the Court.

35.  I, along with Sharon Mayo, drafted adverse inferences for and motions regarding several witnesses who had invoked the Fifth Amendment during their depositions,

including Troy Newman, Brianna Baxter and Anna Bettisworth Davin.

36.     I also worked on strategizing and drafting slides for the opening and closing arguments.  I have worked extensively with PowerPoint in my career, so became the lead on putting the slides together for this case in conjunction with the team.

37.     I spent approximately 570 hours in the trial phase.  These were extremely long work days, that often entailed arriving at the courthouse before 7:30am, and then preparing witnesses, working on outlines, drafting motions or oppositions, and preparing exhibits or anything else we may need the next day for trial until late into the evening (and sometimes early morning) each day.

**Phases IX: Attorney Fee Motion**

38.     I drafted this declaration for Plaintiffs' motion for attorneys' fees. I also coordinated the collection of billed time for all attorneys, and created charts of fees for each Arnold & Porter attorney by phase that were reviewed by each timekeeper, and have been used in the declarations submitted in support of Plaintiffs' motion.  I spent approximately 15 hours on these tasks through today.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 18th day of September, 2020, in New York, NY.


By:___/s/ Diana K. Sterk_____
        DIANA K. STERK

1

**<u>ECF ATTESTATION</u>**

2      In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of

3   this document has been obtained from the signatory.

4

5   Dated: September 18, 2020                    */s/ Steven L. Mayer*

6                                                Steven L. Mayer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28