STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: steven.mayer@arnoldporter.com
       sharon.mayo@arnoldporter.com
       jeremy.kamras@arnoldporter.com

DIANA STERK (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Email: diana.sterk@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Email: rhonda.trotter@arnoldporter.com
       oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PARKER LAW & MEDIATION
553 Douglass Street
San Francisco, California 94114
Telephone: (415) 531-1791
Email: bparker@pppsgv.org

HELENE T. KRASNOFF
  (admitted *pro hac vice*)
PLANNED PARENTHOOD FEDERATION
OF AMERICA
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Telephone: (202) 973-4800
Email: helene.krasnoff@ppfa.org

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California 94104
Telephone: (415) 956-2828
Email: ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.;<br><br>Plaintiffs,<br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.;<br><br>Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO COMPEL PRODUCTION OF TIMESHEETS AND EXTEND DEADLINE FOR DEFENDANTS TO OPPOSE ATTORNEYS' FEE MOTION** |

I. **Introduction**

In the guise of an "administrative motion," Defendants seek substantive relief requiring wholesale production of Plaintiffs' time records. Defendants contend that they are automatically entitled to production of these records because they and the Court are required to conduct an hour-by-hour review of Plaintiffs' timesheets. None of this is correct.

For Motions for Attorney's Fees, the Local Rules require "[a] statement of the services rendered by each person" and a "summary of time spent by each person," which is exactly what Plaintiffs provided. L.R. 54-5(b)(2). The Local Rules are consistent with Ninth Circuit authority, which has rejected the contention "that a district court must grant a request for discovery of contemporaneous time records in every case in which attorney fees are sought." *Lobatz v. U.S. West Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000). The Local Rules are also consistent with the Ninth Circuit's instruction that a district court may opt to make "across-the-board" judgments about hours instead of conducting an hour-by-hour analysis, particularly "when faced with a massive fee application." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). For these reasons, Defendants' administrative motion should be denied.

Defendants' motion should also be denied because Defendants have an adequate remedy if they believe this case is an exception to the general rule that timesheets are not required: they may brief their position in their opposition to the fee motion. Defendants will suffer no prejudice from applying the ordinary rules of procedure. Plaintiffs, on the other hand, would be prejudiced by the unnecessary production of their timesheets, and that decision should not be rushed as a result of an unnecessarily truncated "administrative motion."

II. **Defendants Are Not Entitled To Production of Timesheets.**

Defendants contend that "under binding Ninth Circuit law, Defendants are entitled to Plaintiffs' timesheets" (Mot. at 5:16-17) and that "Defendants are entitled to—and the Court is normally required to—go through Plaintiffs' timesheets 'hour-by-hour'" (*id.* at 4:11-12). Defendants are incorrect.

The Ninth Circuit has "decline[d] to adopt a rule that a district court must grant a request for discovery of contemporaneous time records in every case in which attorney fees are sought."

*Lobatz.*, 222 F.3d at 1148; *see also Stonebreaker v. Guardian Life Ins. Co. of Am.*, 2012 WL 12868386, at *4 (S.D. Cal. Dec. 6, 2012) (denying request for time records because "billing charts submitted by Guardian are adequate for computing a fee award"); *POM Wonderful, LLC v. Purely Juice, Inc.*, 2008 WL 4351842, at *4 (C.D. Cal. Sept. 22, 2008) (rejecting argument that time records were needed for court to exclude "duplicative work").

The cases defendants rely on for the proposition that the Court must conduct an hour-by-hour by review hold that the hour-by-hour method is only *one of two* permissible options:

> the district court should exclude [unreasonable hours] using one of two methods. First, the court may conduct an "hour-by-hour analysis of the fee request," and exclude those hours for which it would be unreasonable to compensate the prevailing party. [Citation]. Second, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." [Citation].

*Gonzalez*, 729 F.3d at 1203; *Terry v. City of San Diego*, 583 F. App'x 786, 789 (9th Cir. 2014) (same).

Because this is a massive case and Plaintiffs' time records total several hundred pages and thousands of individual entries, Plaintiffs presented a fee application under the second option. Plaintiffs made significant cuts in three ways. First, they excluded from the request all but the top 12 timekeepers (plus two in house counsel). *See* Dkt. 1131, at 22. Second, each attorney exercised individual billing judgment to reduce the number of hours claimed. *Id.* Third, Plaintiffs took another overall haircut of 25% of their fees, taking approximately $4.6 million off the award. *Id.* Defendants' argument that the second *Gonzales* option applies only in simple cases is exactly the opposite of what the Ninth Circuit has instructed. *Gonazles*, 729 F.3d at 1203; *see also In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 920 (N.D. Cal. 2005) (breaking out hours expended into categories based on litigation tasks was "an especially helpful compromise" because "generating a complete line-by-line billing report . . . offers great detail, but tends to obscure the forest for the trees").[1]

---

[1] Similarly, *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000), did not, as Defendants suggest, limit the second option to cases involving a low total number of hours. Rather, the Ninth (footnote continued)

1    Defendants rely on several cases in which the party seeking a fee award provided little to no information beyond the total number of hours spent. *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 545 n.7 (9th Cir. 2016) (requiring production of timesheets provided *in camera* and actually relied upon by district court, and distinguishing case in which opposing party had "law firm's declaration describing the work it performed and "summaries listing the amount of time that work took") (quoting *United States v. Eyarud*, 809 F.3d 462, 471 (9th Cir. 20150)); *TradeMotion, LLC v. MarketCliq, Inc.*, 2012 WL 13008346, at *2 (C.D. Cal. Jan. 20, 2012) ("For each attorney that worked on the matter, Poteete provides a single sentence that includes the total hours worked and a description of the work performed."); *Toshiba Am. Info. Sys., Inc. v. New England Tech., Inc.*, 2007 WL 8089815, at *4 (C.D. Cal. Nov. 14, 2007) (Attorney "failed to link this vague estimate to any specific activities.").[2]

Defendants attempt to fit Plaintiffs' fee application into these cases by characterizing it as "only break[ing] down how much time [is] claimed by each attorney in each phase" in a summary chart. Mot. at 2:13-14. Defendants' characterization is seriously misleading. In addition to a summary chart, Plaintiffs submitted twelve attorney declarations totaling 132 pages that provide a narrative description of the work performed. Dkt. 1131-1 - 1131-12. *Yamada* itself confirms that a "declaration describing the work … performed" along with "summaries listing the amount of time that work took" is an appropriate alternative to wholesale production of timesheets. *Yamada*, 825 F.3d at 545 n.7. Defendants make no showing that the detailed summaries are insufficient.

Defendants also claim they seek timesheets to review time spent on individual claims that were not successful or for which fees are not recoverable. Mot. at 5:3-4. But, as Plaintiffs pointed

---

Circuit held, without regard to the size of the request, that "the lack of 'contemporaneous records' is not a basis for denying [a] fee request in its entirety." *Id.* at 1121. The Ninth Circuit further explained the requesting party "is not required to record in detail how each minute of his time was expended" and can meet its burden by "identify[ing] the general subject matter of his time expenditures." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12 (1983)).

[2] *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir. 1993) held that the district court's failure to make "findings that the hours expended were reasonable" combined with a lack of time records prevented affirmance on appeal. Because this Court will be able to issue findings justifying the amount of its final award, *Intel* is not applicable here.

out in the fee motion and which Defendants have failed to rebut, Plaintiffs are entitled to fees on these claims because they arise "from the course of conduct that gives rise to the injury upon which the relief granted is premised." *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995). Defendants also seek to reduce fees for time spent on a single discovery dispute where Plaintiffs were unsuccessful. Mot. at 5:4-7. But the Ninth Circuit has held that "a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). Thus, the only concrete examples Defendants offer for why they seek timesheets do not provide a valid basis for reducing a fee award.

Furthermore, any production of timesheets would need to be redacted to protect privilege. *See Yamada*, 825 F.3d at 548 (permitting filing of redacted timesheets). These redactions would limit the usefulness of timesheets for the hour-by-hour analysis demanded by Defendants, again favoring the use of the "across the board" methodology that the Ninth Circuit has indicated is most suited to "massive fee applications." *Gonazles*, 729 F.3d at 1203.

The Ninth Circuit has repeatedly affirmed that timesheets are not required to support a fee award, particularly where the fee application is complex and where the party seeking fees has submitted more than a barebones attorney declaration summarizing the hours billed.

**III.   Defendants Should Not Be Permitted To Abuse the Administrative Motion Process.**

This Court's administrative motion procedure is intended to address "miscellaneous administrative matters." L.R. 7-11. Because the procedure is not intended for resolution of substantive issues, it sets an abbreviated timeline of 4 days for opposition. L.R. 7-11(b). Defendants have ambushed Plaintiffs with an administrative motion seeking production of timesheets that, even if redacted, would necessarily reveal counsel's mental impressions in a matter with live appeals pending. Defendants timed their administrative motion so that Plaintiffs would have a Friday, Saturday, Sunday, and Yom Kippur to draft their opposition. What's worse, Defendants were under no time pressure because the same day they filed their administrative motion, Plaintiffs agreed to a thirty day extension for Defendants to file their opposition to the fee motion. Dkt. 1134.

Instead of rewarding Defendants' sharp practice, the Court should either deny Defendants'

request outright, or, alternatively, require Defendants to brief their position as to time records in the ordinary course of their opposition. This procedure protects Plaintiffs' interest in having a fair opportunity to oppose Defendants' request. It allows the Court to make an informed decision on what, if any, time records it believes need to be produced. It also limits production of records to just those records, if any, that the Court determines are actually needed.

Defendants' complaint that this procedure potentially results in two rounds of briefing if the Court later orders disclosure of some or all time records is disingenuous. By filing an administrative motion, Defendants have already initiated an additional round of briefing. The only difference between Plaintiffs' and Defendants' proposals is that Plaintiffs' proposal allows Plaintiffs adequate time to brief their position and adequate time for the Court to consider it, while Defendants' proposal would rush the process over a holiday weekend. Because only Plaintiffs are ultimately entitled to an award of fees, Defendants cannot claim any prejudice from permitting Plaintiffs and the Court to address the issues they raise in an orderly and regular fashion.

**IV.    The Court Should Deny Defendants' Alternate Request to Propound Discovery.**

Defendants alternatively ask the Court to grant them 90 days to propound discovery to obtain timesheets. The Court should deny this request because it would result in delay and increased expense without providing any countervailing benefit. Rather than engaging in discovery and related motion practice, the parties should simply brief their positions in their opposition and reply to fee motion. After receiving full briefing, the Court could deny the request for timesheets and decide the fee motion. Alternatively, the Court could require production and order supplemental briefing as necessary. This orderly process protects the due process rights of all parties; limits production to those timesheets, if any, necessary to decide the fee motion; allows the Court to resolve the issue in the least number of steps; and is in no way prejudicial to Defendants.

**V.    Conclusion**

For all these reasons, the Court should deny Defendants' administrative motion.

Dated:  September 28, 2020                                ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Steven L. Mayer*
STEVEN L. MAYER
*Attorneys for Plaintiffs*