UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.,<br><br>Defendants. | Case No. 16-cv-00236-WHO<br><br>**ORDER GRANTING MOTION FOR AN INCREASED BOND**<br><br>Re: Dkt. No. 1157 |

In June 2020, I ordered that defendants post a supersedeas bond in the amount of $600,000 to stay execution of plaintiffs' $2,425,084 judgment pending defendants' appeal. Dkt. No. 1093. In January 2021, I awarded plaintiffs $12,782,891.25 in attorney fees and $998,119.17 in non-statutory costs. Dkt. Nos. 1150, 1154. Plaintiffs now move for an order requiring that defendants increase the amount of the required supersedeas bond from $600,000 to $3,000,000. Dkt. No. 1157.

A subset of the defendants oppose any increase.[1] They argue that the request is an improper and unsupported motion for reconsideration because supersedeas bonds typically cover potential or actual fee awards, the prior bond amount was set with a possible award of attorney fees in mind, and the prior bond accurately reflects what the opposing-defendants can actually pay, meaning that these defendants are not forced into bankruptcy while the plaintiffs' interests are secured to as great a degree as possible. Dkt. No. 1162-5.

When I considered the prior motion, I rejected both defendants' and plaintiffs' competing

---

[1] The defendants who oppose are Daleiden, CMP, BioMax, and Lopez. As in the prior bond proceedings, defendants Rhomberg, Newman, and Merritt do not oppose nor do they submit any evidence showing their ability or inability to contribute to the bond or to satisfy the judgment.

proposed bond amounts.[2]  Instead, I concluded:

> Given [defendants'] lack of resources, a substantial reduction to a bond in the full amount of the Judgment (or a higher amount to include prospective attorney's fees) is appropriate. Considering all of the equities involved, if defendants wish to stay execution of the Judgment pending appeal, they must post a supersedeas bond in the amount of $600,000. This is a significant amount that covers all of the compensatory damages and a portion of the other damages awarded. It reflects that collection may be complex and difficult in light of these parties' history of opposition and ongoing animosity and the demonstrated limited finances of the moving defendants, who nonetheless retain significant current abilities to raise funds to cover their litigation expenses. It recognizes that the Judgment is largely joint and severable as to the non-moving defendants.

Dkt. No. 1093 at 3-4.  I could have written that passage more clearly, but I intended to recognize both that the bond would have to be substantially lower than requested by plaintiffs given the moving defendants' financial circumstances and that it might yet be increased to a higher amount considering the then undecided question of plaintiffs' entitlement to attorney fees.[3]  I set the amount of bond to cover "all of the compensatory damages and a portion of the other damages awarded," not any potential award of attorney fees or costs.  Defendants were able to secure sufficient contributions from funders to cover the $600,000 bond that I required.

Then I decided the attorney's fees motion.  Relevant here are the total amounts awarded.

That sets the scene for this motion.  Given that the prior bond Order did not cover an appeal from the award of attorney fees, a request for leave to file a motion for reconsideration under Civil Local Rule 7-9(b) was not required.  Contrary to defendants' argument, the standard for motions for reconsideration is irrelevant.[4]

---

[2] Defendants suggested a bond of $0 or $468,361 to cover only the "compensatory amount" of the verdict, and plaintiffs suggested a bond in the full amount of the verdict and judgment, $2,425,084.  Neither of those amounts contemplated or addressed any specific amount to cover a potential future award of attorney fees.  Dkt. No. 1093.

[3] Defendants vigorously opposed both plaintiffs' entitlement to and the amount of fees plaintiffs sought.  Dkt. No. 1146.

[4] *Brown v. Wireless Networks Inc.*, C-07-04301 EDI, 2007 WL 2688723, at *1 (N.D. Cal. Sept. 12, 2007) and *Hynix Semiconductor Inc. v. Rambus Inc.*, C-00-20905 RMW, 2010 WL 3719086, at *1 (N.D. Cal. Sept. 17, 2010) are procedurally and factually inapposite and do not address much less support a finding that given the procedural history in this case, plaintiffs were required to seek reconsideration of my prior bond Order.

1   If defendants' financial circumstances were different, the substantial increase in their exposure on appeal would warrant a substantially increased bond. But defendants' financial circumstances have not materially changed since the prior bond motion, except that they were able to satisfy an amount they said they could not attain. Considering the applicable standards that I discussed in the June 2020 bond Order (*see* Dkt. No. 1093 at 2-3) and the evidence submitted on this motion (Declaration of David Daleiden, Dkt. No. 1162-6, ¶¶ 4-6), I GRANT plaintiffs' motion in part. The supersedeas bond must be increased by $100,000, requiring a total bond of $700,000 to protect plaintiffs' interests while the Judgment is on appeal. This additional amount will secure a portion of the expenses plaintiffs have incurred. Given the evidence regarding CMP's apparent income and expenses (that, based on evidence submitted on the prior bond motion, pay for Daleiden's salary and attorney fees for Daleiden and CMP's ongoing defensive and affirmative litigation), the $100,000 increase is fair and will not cause undue hardship to defendants, many of whom have not appeared to contest this motion although they are jointly and severally liable for the Judgment.

A revised bond of $700,000 (or a supplemental bond otherwise covering the $100,000 increase) must be posted by defendants within fourteen days of the entry of this Order. Execution of all portions of the Judgment is stayed until that time

**IT IS SO ORDERED.**

Dated: February 19, 2021



William H. Orrick
United States District Judge

3