STEVEN L. MAYER (No. 62030)
SHARON D. MAYO (No. 150469)
JEREMY T. KAMRAS (No. 237377)
LIAM E. O'CONNOR (No. 330050)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California  94111-4024
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400
Email:    steven.mayer@arnoldporter.com
          sharon.mayo@arnoldporter.com
          jeremy.kamras@arnoldporter.com
          liam.e.oconnor@arnoldporter.com

WILLIAM C. PERDUE (admitted *pro hac vice*)
MEGHAN C. MARTIN (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW
Washington D.C. 20001
Telephone:    (202) 942-5000
Email:    william.perdue@arnoldporter.com
          meghan.martin@arnoldporter.com

RHONDA R. TROTTER (No. 169241)
OSCAR D. RAMALLO (No. 241487)
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street, 44th Floor
Los Angeles, California  90017
Telephone:    (213) 243-4000
Email:    rhonda.trotter@arnoldporter.com
          oscar.ramallo@arnoldporter.com

BETH H. PARKER (No. 104773)
PLANNED PARENTHOOD CALIFORNIA
CENTRAL COAST
20 Laurel Street
Inverness, California  94937
Email: parkerbh@gmail.com

AMY L. BOMSE (No. 218669)
ROGERS JOSEPH O'DONNELL
311 California St., 10th Floor
San Francisco, California  94104
Telephone: (415) 956-2828
Email:  ABomse@rjo.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al.;<br><br>　　　　　Plaintiffs,<br>　　　v.<br><br>CENTER FOR MEDICAL PROGRESS, et al.;<br><br>　　　　　Defendants. | Case No. 3:16-cv-00236-WHO<br><br>**PLAINTIFFS' MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES**<br><br>Date: February 21, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

INTRODUCTION ...................................................................................................... 2

BACKGROUND ........................................................................................................ 3

    A.   The Court Grants Plaintiffs' Prior Fee Motion. ............................... 3

    B.   Plaintiffs Incur Time Prior to the Filing of Appellants' Opening Briefs. ......................................................................................................... 3

    C.   Plaintiffs File a 216-Page Answer Brief Responding to Defendants' Four Separate Appellate Briefs. ................................................ 5

    D.   Plaintiffs Prepare for Oral Argument. .............................................. 6

    E.   Plaintiffs Prevail On Defendants' Four Separate Petitions For Rehearing. ................................................................................................... 7

    F.   Plaintiffs Prevail On Defendants' Four Separate Petitions For Certiorari. .................................................................................................... 7

    G.   Plaintiffs Prevail on Defendants' Rule 60 Motion and Prepare This Motion. ................................................................................................ 8

ARGUMENT ............................................................................................................. 9

I.    Plaintiffs Are Entitled To The Full Scope Of Fees They Incurred. .......................... 9

II.   Plaintiffs' Requested Fees Are Reasonable. .............................................................. 11

    A.   Plaintiffs' Counsel Reasonably Expended Time Securing The Prior Fee Award And Successfully Defending the Judgment. ............................... 11

    B.   Plaintiffs' Requested Rates Are Reasonable. ................................. 15

    C.   Plaintiffs' Total Amount of Requested Fees Is Reasonable. .......................... 17

CONCLUSION ......................................................................................................... 18

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

5

*Barjon v. Dalton*,
132 F.3d 496 (9th Cir. 1997) ......................................................................... 15

6

7

*BCS Servs., Inc. v. BG Invs., Inc.*,
728 F.3d 633 (7th Cir. 2013) ......................................................................... 17

8

9

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008) ........................................................... 11, 15, 17

10

*Ferland v. Conrad Credit Corp.*,
244 F.3d 1145 (9th Cir. 2001) ..................................................................... 11

11

12

13

*Fischer v. Zespri Int'l Ltd.*,
No. 2:07-CV-5729-ODW(CTx), 2014 WL 12807761
(C.D. Cal. Jan. 31, 2014) ....................................................................... 14, 15

14

15

*Hefler v. Wells Fargo & Co.*,
No. 16-cv-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018),
*aff'd*, 802 Fed. App'x 285 (9th Cir. 2020) ................................................. 15

16

17

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ....................................................................... 10, 11, 17

18

19

*Ibrahim v. U.S. Dep't of Homeland Sec.*,
912 F.3d 1147 (9th Cir. 2019) (*en banc*) ................................................... 10

20

*In re HPL Techs., Inc. Sec. Litig.*,
366 F. Supp. 2d 912 (N.D. Cal. 2005) ........................................................ 12

21

22

*In re Nucorp Energy, Inc.*,
764 F.2d 655 (9th Cir. 1985) ....................................................................... 11

23

24

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, &
Prods. Liab. Litig.*,MDL No. 2672 CRB (JSC), 2017 WL 1047834
(N.D. Cal. Mar. 17, 2017) ............................................................................ 15

25

26

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) ....................................................................... 16

27

28

*Indep. Living Ctr. of S. Cal., Inc. v. Kent*,
909 F.3d 272 (9th Cir. 2018) ......................................................................... 9

*Instrumentation Lab. Co. v. Binder*,
   No. 11cv965 DMS (KSC), 2013 WL 12049072
   (S.D. Cal. Sept. 18, 2013), *aff'd*, 603 Fed. App'x 618 (9th Cir. 2015) ...................... 12

*Kilopass Tech., Inc. v. Sidense Corp.*,
   82 F. Supp. 3d 1154 (N.D. Cal. 2015) ................................................................. 16

*Legal Voice v. Stormans Inc.*,
   757 F.3d 1015 (9th Cir. 2014)......................................................................... 9, 16

*Missouri v. Jenkins by Agyei*,
   491 U.S. 274 (1989) ........................................................................................ 10

*Moonbug Entm't Ltd. v. Babybus (Fujian) Network Tech. Co.*,
   No. 21-cv-06536-EMC, 2022 WL 1289048 (N.D. Cal. Apr. 29, 2022)..................... 13

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008).......................................................................... 11

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   480 F. Supp. 3d 1000 (N.D. Cal. 2020) ............................................................. 10

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   No. 16-cv-00236-WHO, 2020 WL 7626410 (N.D. Cal. Dec. 22, 2020)............. *passim*

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
   51 F.4th 1125 (9th Cir. 2022) ..................................................................... 10, 13

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
   No. 20-16068, 2022 WL 13613963 (9th Cir. Oct. 21, 2022) ................................ 13

*Project Veritas v. Schmidt*,
   372 F.4th 1043 (9th Cir. 2023) ......................................................................... 8

*Ramirez v. Trans Union, LLC*,
   No. 12-cv-00632-JSC, 2022 WL 17722395 (N.D. Cal. Dec. 15, 2022)..................... 15

*Smiddy v. Varney*,
   574 F. Supp. 710 (C.D. Cal. 1983) .................................................................... 14

*Toussaint v. McCarthy*,
   826 F.2d 901 (9th Cir. 1987)........................................................................... 10

*Twitch Interactive, Inc. v. Johnston*,
   No. 16-cv-03404-BLF, 2018 WL 3632171 (N.D. Cal. July 31, 2018)...................... 17

*Valadez v. Aguallo*,
  No. C-08-03100 JW, 2009 WL 10680866 (N.D. Cal. Dec. 10, 2009),
  *aff'd*, 433 Fed. App'x 536 (9th Cir. 2011) ...................................................................... 9

*Wynn v. Chanos*,
  No. 14-cv-04329-WHO, 2015 WL 3832561 (N.D. Cal. June 19, 2015),
  *aff'd*, 685 Fed. App'x 578 (9th Cir. 2017) ...................................................................... 16

**Statutes and Rules**

18 U.S.C. § 1964(c) ............................................................................................................. 9

Fed R. Civ. P. 60(b) ......................................................................................................... 8, 9

Fed. R. App. P.
  35(e) .................................................................................................................................. 7
  40(a)(3) ............................................................................................................................. 7

Fla. Stat. Ann. § 934.10(1)(d) ............................................................................................. 9

Md. Code Ann. Cts. & Jud. Proc. § 10-410(a)(3) ............................................................... 9

Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) ..................................................................... 9

N.D. Cal. Civ. L.R. Rule 54-5(b)(1) ................................................................................... 1

**Other Authorities**

U.S. Bureau of Labor Statistics, CPI Inflation Calculator (Jan. 12, 2023),
  https://www.bls.gov/data/inflation_calculator.htm ...................................................... 16

Thomson Reuters, *Law Firm Rates in 2023*, 3 (2023),
  https://www.thomsonreuters.com/en-us/posts/wp-
  content/uploads/sites/20/2023/10/Law-Firm-Rates-Report-2023.pdf ......................... 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 21, 2024 at 2:00 p.m., at the Zoom videoconference hearing of the Honorable William H. Orrick III (or, in Courtroom 2 of the United States District Court for the Northern District of California, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, should Judge Orrick hold in-person argument), Plaintiffs will and hereby do move for an order awarding them their reasonable attorneys' fees.  This motion is based on the following memorandum of points and authorities, the declarations of Matthew R. Diton, Jeremy T. Kamras, Meghan C. Martin, Steven L. Mayer, Sharon D. Mayo, Liam E. O'Connor, William C. Perdue, Oscar D. Ramallo, Diana Sterk, Rhonda R. Trotter, and all pleadings and records on file in this action.

In this motion, Planned Parenthood requests that the Court award Plaintiffs $1,502,400 in attorneys' fees.[1]

Pursuant to Civil Local Rule 54-5(b)(1), counsel for Plaintiffs and Defendants had a meet-and-confer telephone conversation on January 9, 2024, in an attempt to resolve any disputes with respect to this motion.  Mayer Decl. ¶ 30.  The meet-and-confer did not resolve Plaintiffs' claim for the fees sought in this motion.  *Id.*

---

[1] Any award of attorneys' fees attributable to work performed by Arnold & Porter attorneys will be contributed to the Arnold & Porter Foundation, a tax-exempt private foundation that provides scholarships to minority law students, funds fellowships for recent law school graduates at tax-exempt organizations, and awards grants to other charitable and educational organizations. Mayer Decl. ¶ 23.

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In the fall of 2020, this Court entered orders granting Plaintiffs' motion for attorneys' fees and non-statutory costs incurred through September 4, 2020, and fixing the amount at $13,781,010.42. Dkt. 1150, 1154.[2] The reasons that led the Court to grant Plaintiffs' motion for the fees incurred prior to, during, and after trial apply equally to the present motion, which seeks an award of fees incurred between September 5, 2020, and December 18, 2023, the date on which this motion was originally scheduled to be filed.

First, there is no dispute as to entitlement. Plaintiffs were successful at each stage of the appellate process. The Ninth Circuit affirmed almost all of the judgment, reversing only on Plaintiffs' federal wiretap claim. This affected less than $100,000 of the $2.4 million judgment Plaintiffs earned at trial. Likewise, the Court's grant of injunctive relief was affirmed in its entirety. Defendants then filed four separate petitions for rehearing and/or rehearing en banc in the Ninth Circuit, just as they had filed four separate merits briefs. Then they filed four separate petitions for certiorari in the Supreme Court. They then filed a motion to stay issuance of the mandate in the Ninth Circuit and a motion for relief from the judgment under Rule 60(b) in this Court. All these efforts to overturn the Ninth Circuit's decision were unsuccessful.

Second, Plaintiffs have used the same method for determining the amount of fees sought as they did in their prior motion. They have limited the number of timekeepers for whom fees are sought (moreover, unlike the prior motion, Plaintiffs are not seeking fees for in-house counsel). Mayer Decl. ¶ 11. Even as to those timekeepers, Plaintiffs are not seeking fees for phases of the post-trial work where the timekeepers did not make a major contribution to the overall effort. *Id.* Finally, as they did in the prior motion, Plaintiffs have made a blanket 25 percent reduction in the fees sought to account for potential duplication and inefficiency. *Id.*

Plaintiffs do not deny that the amount sought is substantial. But, like the fees incurred

---

[2] The Clerk of Court also granted Plaintiffs' Bill of Costs in the amount of $169,760.54. Dkt. 1151. All "Dkt." references are to filings in the present case, unless otherwise indicated.

through trial, the fees incurred in these phases of the litigation reflect the complexity of the issues and the tenacity with which Defendants' counsel represented their clients. Plaintiffs' motion should be granted.

**BACKGROUND**

### A.     The Court Grants Plaintiffs' Prior Fee Motion.

In its order granting Plaintiffs' motion for attorneys' fees and non-statutory costs, the Court (a) approved the rates sought by Plaintiffs (with the exception of the rates sought by two associates, only one whose time is sought in this motion), *see Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236-WHO, 2020 WL 7626410, at *3 (N.D. Cal. Dec. 22, 2020); (b) rejected Defendants' argument that Plaintiffs had achieved only limited success, *id.* at 3-5; (c) held that the facts and legal theories supporting Plaintiffs' fee-shifting claims "broadly overlapped" with the facts and legal theories supporting the claims on which Plaintiffs had prevailed, but do not support fee-shifting, *id.*; (d) held that Plaintiffs' inability to recover all the damages they initially had sought did not warrant reducing their fee claim, *id.*; and (e) held that Plaintiffs had shown that the hours they had spent were reasonable, given the detailed declarations submitted with the motion, *id.* at 6-7.[3]

Defendants have appealed the Court's order granting Plaintiffs' prior fee motion, but that appeal had been stayed pending resolution of the merits appeal. Dkt. 1159; Case No. 21-15124 (9th Cir.) ("Fee Appeal"), Dkt. 11, 27.

### B.     Plaintiffs Incur Time Prior to the Filing of Appellants' Opening Briefs.

Plaintiffs' prior fee motion sought time through September 4, 2020. Dkt. 1131 at 17 n.10. But the motion was filed on September 18, 2020. During that interval, Plaintiffs continued to work on their moving papers and supporting declarations. They spent 133.8 hours during that period. Martin Decl. ¶ 12a. Of this time, Meghan Martin spent approximately 20 hours drafting her

---

[3] The Court also decreased the hours claimed by in-house counsel, *Planned Parenthood*, 2020 WL 7626410, at *5-6, but that aspect of its prior ruling is irrelevant because Plaintiffs are not seeking fees for these attorneys in this motion.

declaration and revising the declarations filed by other attorneys in the case, as well as approximately 25 hours reviewing invoices and preparing the bill of costs and accompanying exhibits. *Id.* ¶ 7. The remaining attorneys whose time is sought spent between 12 and 21 hours each preparing and revising their declarations and working on the supporting memorandum. Diton Decl. ¶ 5; Kamras Decl. ¶ 11; Mayer Decl. ¶ 12; Sterk Decl. ¶ 10; Trotter Decl. ¶ 8.

After Plaintiffs filed their moving papers, Defendants filed a motion to compel production of the individual time records of Plaintiffs' attorneys. Dkt. 1135. Plaintiffs opposed the motion, and the Court denied it, Dkt. 1136, 1139. Plaintiffs' attorneys spent six hours successfully opposing Defendants' motion. Martin Decl. ¶ 12b.[4]

Not surprisingly, given the amount at stake, Defendants strenuously opposed Plaintiffs' fee motion, challenging every aspect of the motion other than entitlement, and filing a declaration from a supposed expert. Dkt. 1146, 1146-2, 1147. Plaintiffs then had to file a reply in support of the fee motion, which rebutted Defendants' expert declaration on multiple grounds, while also responding to the other arguments made by Defendants. Dkt. 1148. Plaintiffs also filed four declarations in support of their reply brief. Preparing the reply memorandum and supporting declarations took 129 hours of time from seven timekeepers. Martin Decl. ¶ 12c. The majority of this time was spent by Mr. Mayer (35 hours) and Mr. Diton (46.7 hours). Mayer Decl. ¶ 12; Diton Decl. ¶ 5.

The court's order granting the fee motion required Plaintiffs to calculate the amount of fees awarded after the court's deductions. Dkt. 1148 at 15. Plaintiffs' counsel spent 8.9 hours preparing these calculations and the required supporting declaration. Martin Decl. ¶ 12d.

Once the Court finalized its order awarding fees, Plaintiffs moved to increase the bond previously ordered by the Court and had to reply to Defendants' Opposition. Dkt. 1157, 1164. In response to the motion, the Court increased the bond by $100,000. Dkt. 1166. Plaintiffs' attorneys spent 46.4 hours on their motion to increase the bond, supporting declarations, and the subsequent reply brief. Martin Decl. ¶ 12e.

---

[4] This figure is low because the attorney who spent the most time on the opposition to the motion did not bill more than $25,000 during Phase 1, so his time is not included. *See* pp. 16-17, *infra*; Mayer Decl. ¶ 11.

**C.     Plaintiffs File a 216-Page Answer Brief Responding to Defendants' Four Separate Appellate Briefs.**

Defendants collectively filed four separate opening appellate briefs in the Ninth Circuit, which cross-referenced each other and contained nearly 55,000 words in total.  Perdue Decl. ¶ 10.  Consequently, the preparation of Plaintiffs' consolidated Answer Brief was an enormous undertaking; indeed, it is the largest and most complex briefing project on which Plaintiffs' appellate counsel have ever participated, before or since.  Mayer Decl. ¶ 15; Perdue Decl. ¶ 10.  Together, Defendants' opening briefs raised more than a dozen discrete issues regarding every cause of action on which Plaintiffs had prevailed at trial, as well as separate challenges to the compensatory and punitive damages awards and the grant of injunctive relief.  *Id.*  In addition, Defendants Merritt, Rhomberg, and Newman each separately argued that they could not be held liable even if the judgments against the other Defendants were affirmed.  *Id.*  And in addition to Defendants' opening briefs, six amicus briefs were filed in support of Defendants, which totaled almost another 29,000 words.  *Id.*  The Ninth Circuit tacitly recognized the complexity of the brief, and the number of issues presented, when it granted leave to file the brief, which at almost 49,000 words far exceeded the normal word-limit for appellate briefs of 14,000 words.  Mayer Decl. ¶ 15.

To minimize duplication of effort, Mr. Mayer assigned each issue, or sub-issue, to one of his colleagues to do a first draft, which he would then review and usually send back with comments for further revisions.  Mayer Decl. ¶ 17.  In assigning parts of the brief, Mr. Mayer tended to follow the division of labor that Plaintiffs had used in the trial court.  For example, Sharon Mayo, who had been principally responsible for rebutting Newman's claims in the trial court, drafted the portion of Plaintiffs' Ninth Circuit brief responding to Newman's separate arguments.  *Id.*; Mayo Decl. ¶¶ 8-9.  Likewise, Jeremy Kamras, who had focused on proving Plaintiffs' damages claims in the district court, was responsible for drafting the portions of the brief addressing damages-related issues.  Kamras Decl. ¶ 12; Mayer Decl. ¶ 17.  Similarly, because Mr. Kamras had cross-examined Defendant Rhomberg at trial, he did the initial draft rebutting the separate arguments made by that Defendant.  Kamras Decl. ¶ 12.  William Perdue took the lead on Plaintiffs' First Amendment and RICO arguments, as well as the arguments relating to compensatory damages, because he and Mr.

Mayer believed that these would be the focus of both oral argument and the certiorari petitions that Defendants might eventually file, should the Ninth Circuit reject their appellate arguments.  Mayer Decl. ¶ 17; Perdue Decl. ¶ 11.  In addition, both Mr. Perdue and Mr. Mayer extensively revised the brief before filing, to eliminate duplication of arguments, and ensure that the brief presented Plaintiffs' arguments as strongly as possible.  Mayer Decl. ¶ 18.  Finally, Meghan Martin, who has an encyclopedic grasp of the facts of the case, helped to draft the Statement of Facts in the brief and the portions addressing Defendants' claims that none of the participants in any of the recorded conversations had a reasonable expectation of privacy; she also reviewed the rest of the brief for factual accuracy and record citations, reviewed Defendants' 7,000-page Excerpt of Record, and prepared Plaintiffs' Supplemental Excerpts of Record.  Martin Decl. ¶ 8; Mayer Decl. ¶ 18.[5]

In all, Plaintiffs spent 1,092 hours preparing their Answer Brief, and are requesting $733,031.75 in fees for this phase of the appeal.

> **D.      Plaintiffs Prepare for Oral Argument.**

As one might expect, more than 90 percent of the time spent preparing for oral argument was spent by Mr. Perdue, who argued the case.  He spent 206.1 hours preparing for and conducting oral argument before the Ninth Circuit. As with the briefing, this was an enormous undertaking, the largest and most complex oral argument Mr. Perdue has ever had.  Perdue Decl. ¶ 12.  In effect, given the number of appellants' briefs filed (four opening briefs and four reply briefs) and the number of issues presented, it was four oral arguments in one.  *Id.*  To prepare, Mr. Perdue reviewed the entire six-week trial record, as well as the briefing and decisions on every important pre- and post-trial ruling.  *Id.*  He also reviewed the caselaw on all of the numerous issues Defendants raised in their opening briefs.  *Id.*  And he participated in four separate moot courts—which were necessary to address all of the issues he believed that the panel might reasonably ask about at oral argument.  *Id.*

In addition to Mr. Perdue's time, Mr. Mayer spent 18 hours on this phase of the case.  This

---

[5] The time spent by the other timekeepers for whom Plaintiffs are seeking fees is described in their respective declarations.  *See* Diton Decl. ¶ 5; Ramallo Decl. ¶¶ 11-13; Sterk Decl. ¶ 10; Trotter Decl. ¶ 9.

time was spent participating in the four moot courts that Mr. Perdue had arranged, and discussing with Mr. Perdue issues or questions that Plaintiffs' counsel thought might concern the panel.  Mayer Decl. ¶ 20.

### E.       Plaintiffs Prevail On Defendants' Four Separate Petitions For Rehearing.

The only timekeeper for whom Plaintiffs are seeking fees during this phase is Mr. Perdue, who spent 67.3 hours preparing Plaintiffs' consolidated response to the four petitions for rehearing and/or rehearing en banc filed by Defendants.  Perdue Decl. ¶ 13.  Under the Federal Rules of Appellate Procedure, the prevailing party in an appeal may not respond to a petition for rehearing or rehearing en banc unless the court asks for a response, *see* Fed. R. App. P. 35(e), 40(a)(3), but in this case the Ninth Circuit did so.  Case No. 20-16820 (9th Cir.) ("Merits Appeal"), Dkt. 149. Nevertheless, after reviewing Plaintiffs' answer to the petitions, the Ninth Circuit denied all of the petitions, without recorded dissent.  Merits Appeal, Dkt. 153.

### F.       Plaintiffs Prevail On Defendants' Four Separate Petitions For Certiorari.

The vast majority of the time spent preparing the four briefs in opposition to Defendants' four petitions for certiorari was spent by Mr. Perdue, who was the principal author of the briefs. The time amounted to 130.3 hours of the 158.8 hours for which Plaintiffs are requesting compensation.  Mr. Perdue supervised and led all aspects of this case during this phase, developed the overall strategy for opposing certiorari, coordinated research and drafting efforts by other attorneys, researched and drafted significant portions of all four briefs in opposition; and significantly revised all four briefs in opposition.  Perdue Decl. ¶¶ 14-15.

As was true for filing the Answer Brief in the Ninth Circuit, this was an enormous undertaking, as it involved preparing four separate briefs in opposition. *Id.*  Each of the Defendants' petitions raised distinct questions presented and made different arguments, all of which required a response. *Id.*  Plaintiffs took steps to prepare their four separate briefs in opposition efficiently, including by using substantially the same statement of the case in all four briefs in opposition and by copying arguments from one brief to another where possible.  *Id.* ¶¶ 14-15.

The only other timekeeper for whom fees are sought for this phase is Mr. Mayer.  He drafted the brief responding to Defendant Merritt's petition, and reviewed and suggested revisions to all of

the briefs.  Mayer Decl. ¶ 22.

### G.     Plaintiffs Prevail on Defendants' Rule 60 Motion and Prepare This Motion.

Defendants' efforts to reverse the Judgment did not end with the denial of certiorari.  A few days later they filed a motion in the Ninth Circuit seeking to stay issuance of the mandate, on the ground that the judgment conflicted with *Project Veritas v. Schmidt*, 372 F.4th 1043 (9th Cir. 2023). Plaintiffs spent approximately 23 hours of attorney time drafting an opposition to the motion, with a majority of the time spent by Liam O'Connor, an associate who was new to the case.  O'Connor Decl. ¶ 7; Perdue Decl. ¶ 16; Mayer Dec. ¶ 25.  Although the Ninth Circuit denied the motion before Plaintiffs' opposition could be filed, the time spent preparing the document was not wasted because it served as the template for Plaintiffs' opposition to Defendants' motion for relief under Rule 60(b), which was substantively quite similar to the motion to stay the mandate.    Mayer Decl. ¶ 26; O'Connor Decl. ¶ 11.  Plaintiffs spent approximately 80 hours preparing the opposition to the Rule 60(b) motion and preparing for argument on the motion (roughly 50 hours preparing the opposition and 30 hours preparing for argument).  O'Connor Decl. ¶¶ 8-9; Perdue Decl. ¶ 16; Mayer Decl. ¶ 26.  This time was necessarily spent because the Court issued its order denying the motion the day before the schedule hearing.    Dkt. 1211.  In addition, Plaintiffs spent approximately 5 hours preparing their opposition to Defendants' administrative motion to stay enforcement of the judgment until the Rule 60(b) motion was heard.  O'Connor Decl. ¶ 8.  Plaintiffs also had to spend time preparing a successful opposition in the Ninth Circuit to Defendants' motion to stay processing of the appeal from this Court's prior order awarding fees until an appeal from an order granting the present motion could be docketed.  Perdue Decl. ¶ 16; Mayer Decl. ¶ 27; Fee Appeal, Dkt. 26, 27.

Plaintiffs also spent time preparing the present motion.  As with the previous motion, Mr. Mayer took the lead in preparing the motion, reviewing and revising the motion, memorandum and all supporting declarations.  Mayer Decl. ¶ 27.  He spent approximately 16 hours on the fee motion and the opposition to Defendants' motion to stay the trial court fees appeal.  *Id.*  Mr. O'Connor took the lead role in preparing a draft of the memorandum in support of the motion, as well as other fee-related tasks, and spent 28.8 hours on this effort.  O'Connor Decl. ¶ 10.  In addition, Mr. Perdue spent approximately 3 hours reviewing the fees motion (much of which concerns his work) and

1    drafting his own declaration.  Perdue Decl. ¶ 16.[6]

2                                      **ARGUMENT**

3           Plaintiffs' request for fees is reasonable because its counsel reasonably expended significant

4    resources in successfully defending the multimillion dollar damages award and injunctive relief that

5    Planned Parenthood obtained after years of litigation and a six-week jury trial.

6    **I.     Plaintiffs Are Entitled To The Full Scope Of Fees They Incurred.**

7           To begin with, there can be "no dispute" that Plaintiffs are entitled to fees.  *See Planned*

8    *Parenthood*, 2020 WL 7626410, at *1.  As they did at trial, Plaintiffs prevailed on their RICO claims

9    on appeal, which mandates an award of reasonable attorneys' fees.  18 U.S.C. § 1964(c); *see Valadez*

10   *v. Aguallo*, No. C-08-03100 JW, 2009 WL 10680866, at *4 (N.D. Cal. Dec. 10, 2009) (collecting

11   cases), *aff'd*, 433 Fed. App'x 536, 537 (9th Cir. 2011) ("The jury's award of nominal damages on

12   the RICO claim supported the award of the attorney's fees, which are mandatory when a violation

13   of RICO is established"); *see also Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014)

14   ("Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled

15   to an award of attorneys' fees on appeal.").  On appeal, Plaintiffs also prevailed on their recording

16   claims under Florida and Maryland law, as well as its contract claim under Texas law, each of which

17   also authorizes a fee award.[7]  Fla. Stat. Ann. § 934.10(1)(d); Md. Code Ann. Cts. & Jud. Proc. § 10-

18   410(a)(3); Tex. Civ. Prac. & Rem. Code § 38.001(b)(8);  *see Planned Parenthood*, 2020 WL

19   7626410, at *3 ("Defendants do not dispute that under [the Florida recording statute, the Maryland

20   recording statute, and Texas contact statute] attorney fees may be awarded, and for the RICO claims

21   must be awarded.").

22   _____

23   [6] Other than for Mr. Mayer, Mr. Perdue and Mr. O'Connor, Plaintiffs are not seeking to recover
     for the time the attorneys spent preparing their declarations in support of this motion.  Moreover,
24   in the exercise of billing judgment, Plaintiffs have written off approximately a quarter of the time
     Mr. O'Connor spent preparing for the hearing on the Rule 60(b) motion.  O'Connor Decl. ¶9.
25
     [7] Planned Parenthood is entitled to recover fees under these state statutes, even though its case
26   proceeded in federal court. *See Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 281-82
     (9th Cir. 2018) ("[S]o long as state law does not run counter to a valid federal statute or rule of
27   court . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a
     substantial policy of the state, should be followed.") (citation omitted).
28

                                            9

Further, Plaintiffs are entitled to recover the full scope of fees they incurred in the appeal.[8] First, Plaintiffs prevailed on all their claims besides the federal wiretap act claim, and this Court has already held that Plaintiffs are entitled to recover fees for the work their counsel performed on claims that "do not independently provide for fees" given their overlap with the claims that do. *Planned Parenthood*, 2020 WL 7626410, at *4. Second, although Plaintiffs were ultimately unsuccessful on the federal wiretap claim, that claim was indisputably related to their successful claims, because it "'involve[d] a common core of facts.'" *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172-73 (9th Cir. 2019) (*en banc*) (citation omitted); *cf. Planned Parenthood*, 2020 WL 7626410, at *4 ("'[T]he test [under *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983)] is whether relief sought on the unsuccessful claim "is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised."'") (citation omitted). Third, Plaintiffs achieved an "excellent result[]" on appeal—successfully defending the Judgment on the remaining claims, the entirety of the injunctive relief, and more than 96 percent of the total damages awarded ($2,335,084 of $2,425,084).[9] *Ibrahim*, 912 F.3d at 1172; *see Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987) ("We employ the same standard [under *Hensley*] for awarding fees on appeal that a trial court employs.").

Additionally, as noted in its prior motion, *see* Dkt. 1131 at 17 n.10, Plaintiffs are entitled to recover fees for the work their counsel performed after September 4, 2020, in connection with that motion, pursuant to which Plaintiffs were awarded $12,782,891.25 in fees and $998,119.17 in non-statutory costs—nearly the entire amount Plaintiffs had requested.[10] Dkt. 1154; *see* Dkt. 1131, 1150,

---

[8] "Reasonable attorneys' fees" includes fees for paralegals and legal assistants. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989) ("We thus take as our starting point the self-evident proposition that the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys.").

[9] *See Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1130, 1136 & n.9 (9th Cir. 2022)); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 480 F. Supp. 3d 1000, 1024-26 (N.D. Cal. 2020).

[10] The present motion seeks fees for work performed through December 18, 2023. Plaintiffs reserve the right to seek fees incurred after December 18, 2023 (including any fees incurred in (footnote continued)

---

10

1152; *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("'In statutory fee cases, federal courts . . . have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.'") (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985)).

## II.     Plaintiffs' Requested Fees Are Reasonable.

The Court must calculate Plaintiffs' fee award using the "lodestar" method. *Camacho*, 523 F.3d at 978 (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* As explained below, Plaintiffs' requested hours and rates are reasonable and the total amount of fees requested is reasonable.

### A.     Plaintiffs' Counsel Reasonably Expended Time Securing The Prior Fee Award And Successfully Defending the Judgment.

The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 431 (citation omitted). When determining whether the stated amount of time spent on the case is reasonable, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

As with its prior fee motion, Plaintiffs have submitted detailed declarations that describe the work performed and the hours expended by each of the attorneys and legal assistants at each phase of the proceedings, from the prior fee motion and related proceedings, the appellate merits briefing, the oral argument, preparing an answer to Defendants' four petitions for rehearing, preparing four separate responses to Defendants' four petitions for certiorari, preparing an opposition to Defendants' Rule 60 motion, and the present motion. *See* pp. 3-9, *supra*. Those declarations, which were prepared based on the attorneys' analyses of the time records kept contemporaneously

---

connection with the present motion), as well as any fees incurred in connection with the pending appeals.

throughout the litigation,[11] provide "sufficient information to allow [the Court] to determine and defendants to contest the reasonableness of plaintiffs' fee request." *Planned Parenthood*, 2020 WL 7626410, at *6; *see also In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 920 (N.D. Cal. 2005) (breaking out hours expended into categories based on litigation tasks was "an especially helpful compromise between reporting hours in the aggregate (which is easy to review, but lacks informative detail) and generating a complete line-by-line billing report (which offers great detail, but tends to obscure the forest for the trees)").

Here, the significant amount of time invested by Plaintiffs' counsel since September 4, 2020, "is not surprising" in light of the three additional years of "very active litigation" in the district court and on appeal. *Planned Parenthood*, 2020 WL 7626410, at *1; *see Instrumentation Lab. Co. v. Binder*, No. 11cv965 DMS (KSC), 2013 WL 12049072, at *4 (S.D. Cal. Sept. 18, 2013) ("A defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."), *aff'd*, 603 Fed. App'x 618 (9th Cir. 2015).

As described in detail above, beginning in September 2020, Plaintiffs' counsel reasonably expended the time necessary to successfully prosecute Plaintiffs' motion for an "indisputably large" award of fees and costs. *Planned Parenthood*, 2020 WL 7626410, at *1. First, Defendants conducted research and drafted their moving papers, which included *twelve* "highly detailed" supporting declarations that "br[oke] down the tasks that [each] attorney completed in each of the nine specifically identified phases of this litigation." *Id.* at *1, 6. Second, Plaintiffs opposed Defendants' motion to compel the production of its timesheets, which this Court denied in light of the "very detailed nature of [Plaintiffs' supporting] declarations." Dkt. 1139 at 2; *see* Dkt. 1135, 1136. Third, in its reply in support of its fee motion, Plaintiffs had to respond not only to the multitude of arguments raised in Defendants' opposition, but also to a lengthy "expert" declaration, Dkt. 1146, 1146-2, that was filled with additional "arguments never discussed in defendants' opposition," "conjecture," and "unsupported and inadmissible legal opinions and miscalculations,"

---

[11] *See* Diton Decl. ¶ 10; Kamras Decl. ¶ 8; Martin Decl. ¶¶ 9-11; Mayo Decl. ¶ 5; Mayer Decl. ¶ 8; O'Connor Decl. ¶ 5; Perdue Decl. ¶ 5; Ramallo ¶ 7; Stark Decl. ¶ 7; Trotter Decl. ¶ 5.

*Planned Parenthood*, 2020 WL 7626410, at *2.  Needless to say, Plaintiffs prevailed on the motion, *Planned Parenthood*, 2020 WL 7626410, which resulted in an $13,781,010.42 award, and they also prevailed in part on their related motion to increase the amount of the supersedeas bond following the multimillion dollar fee award, Dkt. 1157, 1164, 1166.  In light of the amount awarded, Plaintiffs request for fees on fees is abundantly reasonable.  *See Moonbug Entm't Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-cv-06536-EMC, 2022 WL 1289048, at *5-6 (N.D. Cal. Apr. 29, 2022) (awarding fees on fees where "in comparison to hours spent on the underlying motions for which [the movant] seeks fees, [the movant's] fee on fees request is significantly less than half").

Then, beginning in February 2021, Plaintiffs' counsel reasonably expended the time necessary to defeat four sets of separate but coordinated attacks mounted by Defendants—represented by no fewer than 11 law firms—at each stage of the complex appellate proceedings. First, in their four set of merits briefs, Defendants raised literally *dozens* of independent arguments, which Plaintiffs systematically dismantled, one-by-one, in a 216-page answer brief.  Mayer Decl. ¶ 15, Ex. C; Perdue Decl. ¶ 10; *see* Merits Appeal, Dkt. 18, 19, 21, 25, 70.  As noted above, Mr. Mayer, who oversaw the drafting of Plaintiffs' answer brief along with Mr. Perdue, made efforts to maximize efficiency, including by delegating sections of the brief to the individuals who were best suited to handle them based on their familiarity with the issues from the trial court proceedings and their expertise.  Mayer Decl. ¶¶ 15-18; *see* Diton Decl. ¶ 8; Kamras Decl. ¶ 12; Martin Decl. ¶ 8; Mayo Decl. ¶¶ 8-9; Perdue Decl. ¶¶ 7, 10-11; Ramallo Decl. ¶¶ 11-13; Stark Decl. ¶ 12; Trotter Decl. ¶ 9. Second, Mr. Perdue then took the lead in arguing the case.  In preparing for this argument, he personally reviewed the entire six-week trial record, this Court's pre- and post-trial rulings, and the arguments raised not only by Defendants but also by their coalition of supporting amici (including 20 states' attorneys general).  Perdue Decl. ¶¶ 10, 12; *see* Merits Appeal, Dkt. 32, 33, 34, 36, 38, 39.  His efforts paid off, with Plaintiffs prevailing on all but one of the issues.  *See Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125 (9th Cir. 2022); *Planned Parenthood Fed'n of Am., Inc. v. Newman*, No. 20-16068, 2022 WL 13613963 (9th Cir. Oct. 21, 2022). Third, Defendants filed four separate petitions for rehearing that challenged nearly every holding in the panel's published and unpublished opinions.  Mayer Decl. ¶ 22; Perdue Decl. ¶ 13; Merits Appeal,

Dkt. 143, 144, 146, 147.  After the Ninth Circuit requested a response,  Plaintiffs again prevailed in opposing the rehearing petitions, without a single judge requesting a vote on whether to rehear the matter en banc.  Merits Appeal, Dkt. 149, 152, 153.  Fourth, Defendants filed four separate petitions for certiorari, requesting review on *eight* distinct questions presented (as well as summary reversal) and making different arguments, each of which required a response—though Plaintiffs' counsel again sought to maximize efficiency by using substantially the same statement of the case in all four briefs in opposition and by copying arguments where possible.[12]  Mayer Decl. ¶ 22; Perdue Decl. ¶ 14.  After filing four separate briefs rebutting Defendants' petitions, Plaintiffs prevailed again. Merits Appeal, Dkt. 1195, 1197–98.

Defendants' efforts to overturn the Judgment did not end when certiorari was denied.  They first filed a motion in the Ninth Circuit to stay issuance of the mandate, which the court denied before Plaintiffs filed an opposition.  They then built upon the same arguments in a motion for relief under Rule 60(b), which this Court also denied.  While Defendants' efforts were unsuccessful, each of them had to be strenuously opposed, because Defendants were seeking to undo the Judgment that Plaintiffs had obtained after years of litigation, a six-week jury trial, and a hard-fought appeal.

In sum, over the course of three years, Plaintiffs litigated, and won, four appeals, not one. And its counsel's expenditure of time was more than reasonable, given the complexity of the issues, the quality of the advocacy, and the results obtained.  *See Smiddy v. Varney*, 574 F. Supp. 710, 713 (C.D. Cal. 1983) (reasonableness of request for appellate fees supported by "the high quality of appellate work performed," the "factually complex" nature of the case and the "difficult" issues); *see also Fischer v. Zespri Int'l Ltd.*, No. 2:07-CV-5729-ODW(CTx), 2014 WL 12807761 at *3

---

[12] Petition for a Writ of Certiorari, *Merritt v. Planned Parenthood Fed'n of Am., Inc.*, 2023 WL 6377901 (2023) (No. 22-1147), 2023 WL 3679387; Petition for a Writ of Certiorari, *Newman v. Planned Parenthood Fed'n of Am., Inc.*, 2023 WL 6377903 (2023) (No. 22-1159), 2023 WL 3778663; Petition for a Writ of Certiorari, *Rhomberg v. Planned Parenthood Fed'n of Am., Inc.*, 2023 WL 6377904 (2023) (No. 22-1160), 2023 WL 3778664; Petition for Writ of Certiorari, *Ctr. For Med. Progress v.  Planned Parenthood Fed'n of Am., Inc.*, 2023 WL 6379019 (2023) (22-1168), 2023 WL 3849041.

(C.D. Cal. Jan. 31, 2014) ("[Movant's] counsel spent four years working on the appeal. The fees would naturally rack up under those circumstances.").

**B.      Plaintiffs' Requested Rates Are Reasonable.**

The appropriate rate "is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho*, 523 F.3d at 979 (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)).

This Court has already approved of Arnold & Porter rates for its work in this complex, multiparty litigation, including for all but two of the attorneys and legal assistants for whom fees are sought in the present motion. *See Planned Parenthood*, 2020 WL 7626410, at *3 & n.4 (approving the then-current rates for Mr. Mayer, Ms. Trotter, Ms. Mayo, Mr. Kamras, Mr. Ramallo, Ms. Sterk, Ms. Martin, Mr. Ferrer, and Mr. Yee and awarding Mr. Diton's initial rate plus a 25 percent increase over four years). One new attorney is Mr. Perdue, a partner in Arnold & Porter's nationally ranked Appellate & Supreme Court Practice Group with over ten years of experience who clerked for Justice Kennedy of the United States Supreme Court, Judge Katzmann of the Second Circuit, and Judge Rakoff of the Southern District of New York. *See generally* Perdue Decl. ¶ 3. Mr. Mayer—himself an exceptionally accomplished and experienced appellate specialist—specifically requested that Mr. Perdue co-lead Plaintiffs' efforts in defending the judgment on appeal in light of Mr. Perdue's Supreme Court expertise, in anticipation that Defendants would seek Supreme Court review if they lost in the Ninth Circuit. Mayer Decl. ¶ 15; Perdue Decl. ¶¶ 3-4, Ex. A. The other new attorney is Liam O'Connor, who has assisted with this litigation in the last phase for which fees are being sought in this motion. O'Connor Decl. ¶¶ 7-10.

Additionally, Arnold & Porter's rates continue to be in line with others awarded in this district. *See Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2022 WL 17722395, at *9 (N.D. Cal. Dec. 15, 2022) (up to $1,325 for "partners and associates" and $485 for "litigation support"); *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018), *aff'd*, 802 Fed. App'x 285 (9th Cir. 2020) (up to $1,250 for partners, $650 for associates, and $350 for paralegals); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (up to $1,600

for partners, $790 for associates, and $490 for paralegals); *see also Wynn v. Chanos*, No. 14-cv-04329-WHO, 2015 WL 3832561, at *2 (N.D. Cal. June 19, 2015) (approving of Arnold & Porter's then-current rates of $1,085/hour for a partner and $640/hour for an associate), *aff'd*, 685 Fed. App'x 578 (9th Cir. 2017).  And their reasonableness is further supported by the fact that "[t]hey are rates paid by the clients of the billing attorneys in other matters."[13]  *Planned Parenthood*, 2020 WL 7626410, at *3; *accord Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1167 (N.D. Cal. 2015); *see* Mayer Decl. ¶ 11.

While Arnold & Porter's rates have increased since this Court's prior fee award order in December 2020, *see* Mayer Decl., Ex. B at 8, the increases are consistent with prior trends, *see also Planned Parenthood*, 2020 WL 7626410, at *3 (awarding increase of 25 percent over four years), and commensurate with inflation,[14] market forces,[15] and increases in the attorneys' experience and skill.  And, importantly, even though Plaintiffs would be entitled to recover Arnold & Porter's current (2024) billing rates for *all of the work* its attorneys have performed since September 4, 2020, to compensate for the delay in payment,[16] Plaintiffs have elected to limit the present request to the rates that were applicable at the time the work was performed (e.g., 2021 rates for 2021 work, 2022

---

[13] Meanwhile, the fact that Arnold & Porter has represented Plaintiffs on a pro bono basis is irrelevant to the lodestar analysis.  *See Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014) ("Attorneys' fees are recoverable by pro bono attorneys to the same extent that they are recoverable by attorneys who charge for their services.") (citation omitted).

[14] Annual inflation rates over the three years since Planned Parenthood's prior motion are 5.4 percent (September 2020- September 2021), 8.2 percent (September 2021- September 2022), and 3.7 percent (September 2022- September 2023), and the total increase has been 17.85 percent from September 2020 through December 2023.  U.S. Bureau of Labor Statistics, CPI Inflation Calculator (Jan. 12, 2023), https://www.bls.gov/data/inflation_calculator.htm.

[15] Traditionally and in recent years, AmLaw 100 rates have outpaced inflation.  *E.g.*, Thomson Reuters, *Law Firm Rates in 2023*, 3 (2023), https://www.thomsonreuters.com/en-us/posts/wp-content/uploads/sites/20/2023/10/Law-Firm-Rates-Report-2023.pdf.  For this reason, and because attorneys gain experience and skill overtime (and therefore demand greater prices for their labor), it would be flawed to assume that rates increase only at the pace of inflation.

[16] *See, e.g.*, *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("Full compensation requires charging current rates for all work done during the litigation . . . ."); *see also Planned Parenthood*, 2020 WL 7626410, at *3.

1    rates for 2022 work, and 2023 rates for 2023 work), as detailed in the Billing Summary.  Mayer

2    Decl., Ex. B at 1-7.

3         **C.      Plaintiffs' Total Amount of Requested Fees Is Reasonable.**

4              Lastly, the total amount of fees requested by Plaintiffs is reasonable, especially in light of

5    the "excellent results" achieved.  *Hensley*, 461 U.S. at 435.  From the beginning through the final

6    judgment after appeal and beyond, this "uniquely contentious" case has demanded experienced and

7    skilled attorneys—whose rates reflect their experience and skill—to invest significant amounts of

8    time that are commensurate with the complexity and importance of the issues presented.  *See*

9    *Planned Parenthood*, 2020 WL 7626410, at *7 n.12.  Since September 4, 2020, in particular,

10   Plaintiffs' counsel have reasonably invested the time necessary to secure a multimillion dollar fee

11   award and to successfully defend Plaintiffs' multimillion-dollar damages award and injunctive relief

12   on appeal.  *See also BCS Servs., Inc. v. BG Invs., Inc.*, 728 F.3d 633, 642 (7th Cir. 2013) ("Attorney

13   fee shifting, as under RICO, is intended to facilitate suit by victims of unlawful behavior, and

14   awarding legal fees reasonably incurred ex ante even if excessive-seeming ex post (which is to say

15   with the wisdom of hindsight) is necessary to achieve that objective.") (citations omitted).

16             In the present motion, Plaintiffs have again "exhibited good billing judgment" and

17   specifically taken measures to address any concerns about the amount of fees requested.[17]  *See*

18   *Planned Parenthood*, 2020 WL 7626410, at *1, 7; *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-

19   03404-BLF, 2018 WL 3632171, at *4 (N.D. Cal. July 31, 2018) ("The voluntary reduction and

20   conservative time reported by [plaintiff's] counsel adequately address any concern the Court might

21   have regarding hours expended prosecuting the case.").  First, Plaintiffs again request fees for only

22   a limited subset—eight of the 30 attorneys and two of the six legal assistants—who contributed to

23

24   _____

     [17] Notably, as in its prior motion, Planned Parenthood also does not request any enhancement to
25   the lodestar calculation, although the factors supporting an enhancement are clearly met. *See*
     *Camacho*, 523 F.3d at 982 n.1 (factors for a lodestar enhancement "include, for example, the
26   preclusion of other employment by the attorney due to acceptance of the case; time limitations
     imposed by the client or the circumstances; the amount involved and the results obtained; the
27   'undesirability' of the case; the nature and length of the professional relationship with the client;
     and awards in similar cases") (citation omitted).
28

                                                      17

the successful prosecution of Plaintiffs' prior fee motion and their successful defense of the judgment on appeal.  Mayer Decl. ¶ 11.  Second, even for this limited subset of attorneys and legal assistants, Plaintiffs have further reduced this request by dividing the relevant time period prior into six phases and excluding any fees for timekeepers whose total fees in a given phase were less than $25,000.  Mayer Decl. ¶ 11, Ex. B.  In other words, Plaintiffs have requested fees only for those timekeepers who contributed the most *and* only when they contributed significantly.  Third, Plaintiffs have again reduced their attorneys' total time by 25 percent to account for any remaining duplication of efforts or inefficiencies.  Mayer Decl. ¶ 11.  As a result, Plaintiffs request only a fraction of Arnold & Porter's total fees ($1,502,400 of the $2,771,694.50) incurred from September 4, 2020, and December 18, 2023, to defend $2,335,084 in damages, as well as the Court's grant of injunctive relief.  *Id.*

## CONCLUSION

For the foregoing reasons, the Motion should be granted.

Respectfully submitted,

DATED: January 12, 2024              ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Steven L. Mayer*
       STEVEN L. MAYER

       *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I certify that the foregoing PLAINTIFFS' MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES is being served via the Court's ECF system on January 12, 2024, to all counsel of record who are deemed to have consented to electronic service.

DATED: January 12, 2024            ARNOLD & PORTER KAYE SCHOLER LLP

                          By:   */s/ Steven L. Mayer*
                                STEVEN L. MAYER

                                *Attorneys for Plaintiffs*