UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 16-cv-00236-WHO <br><br> **ORDER ON STAY AND SETTING BOND AMOUNT** <br><br> Re: Dkt. No. 1223 |

Defendants seek a stay of enforcement of the Judgment – entered in plaintiffs' favor in April 2020 after a jury trial and post-trial proceedings, *see* Dkt. Nos. 1074, 1073, 1016 – pending their appeal to the Ninth Circuit of my December 2023 Order denying their Rule 60 motion for relief from that Judgment.[1] In the December 2023 Order, I thoroughly recounted the history of this case: the vigorous litigation, with unusually intensive discovery and motion practice, and the resulting jury verdict and Judgment following the post-trial motions. I also detailed defendants' multiple appeals and unsuccessful requests for certiorari from the Supreme Court. I denied defendants' request for relief from the Judgment, finding no support for their contention that intervening Ninth Circuit precedent (*Project Veritas v. Schmidt*, 72 F.4th 1043 (9th Cir. 2023, June 3, 2023)) impacted the validity of the Judgment.[2] I ordered that the "stay on enforcement of the Judgment and to prevent disbursement of bond is LIFTED. Enforcement and disbursement of

---

[1] This matter is appropriate for determination on the papers and the February 14, 2024 hearing is VACATED. Civ. L.R. 7-1(b).

[2] Before seeking Rule 60 relief from me based on the *Project Veritas* decision, defendants first sought relief from the Ninth Circuit itself, asking the Ninth Circuit to stay the mandate in light of the *Project Veritas* decision. The Ninth Circuit denied that request and issued the mandate. Ninth Circuit Case No. 20-16068, Dkt. Nos. 179, 182.

the bond may proceed." December 2023 Order at 14.[3]

Defendants have appealed the December 2023 Order and now seek yet another stay of enforcement of the Judgment. They argue that the prior-posted bond amounts ($700,000) are sufficient to cover this newest appeal and that no new bond should be required; they offer to post a new $20,000 bond as a backup. In addition, defendants seek an order requiring plaintiffs' counsel to maintain the $600,000 surety already released in counsel's trust account.[4]

Plaintiffs respond that, given the long delay in enforcing the 2020 Judgment and given defendants' repeated refusal to engage with plaintiffs about how the Judgment could be satisfied, any new stay must be conditioned on defendants posting a new bond of at least $2,104,511.16, which represents 120% of defendants' outstanding liability. Dkt. No. 1228 at 12; Declaration of Liam E. O'Connor [Dkt. No. 1228-2] ¶¶ 6, 7; Declaration of Steven L. Mayer [Dkt. No. 1228-1] ¶¶ 4, 5.

The original bond amount of $600,000 covered less than one-third of the Judgment. That money has been disbursed, pursuant to my December 2023 Order. The remainder of the Judgment as well as post-Judgment interest, is outstanding and unsecured.[5] Considering the relevant factors discussed below – as well as defendants' wholesale failure to suggest a non-bond plan to secure plaintiffs' interests, their failure to provide any evidence that the jointly and severally liable defendants have sufficient resources to pay the Judgment, and plaintiffs' evidence that defense counsel have refused to engage with them about how the Judgment will eventually be satisfied[6] – I find that a new, significant bond amount is required if defendants' wish to stay enforcement of the

---

[3] I granted, over plaintiffs' objection, defendants' request for a temporary stay of enforcement of the Judgment pending the resolution of their Rule 60 motion. Dkt. No. 1206. That temporary stay on enforcement was lifted in my December 2023 Order.

[4] The surety has already issued payment on the $600,000 bond defendants posted to initially secure the Judgment. Therefore, defendants seek an order requiring plaintiffs to hold those funds in plaintiffs' counsels' trust account pending determination of the appeal of the denial of their Rule 60 motion.

[5] I do not consider the second, supplemental bond of $100,000 that was required when defendants appealed my order granting attorney fees and costs to plaintiffs.

[6] See Mayer Decl. ¶¶ 4-5.

Judgment during the appeal of their Rule 60 motion.

As discussed in the June 2020 Order setting the initial bond amount, courts within the Northern District of California and the Ninth Circuit employ the five-factor test articulated by the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) to determine whether to waive the normal requirement that a bond is required to fully secure a judgment on appeal. *See Kranson v. Fed. Express Corp.*, No. 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (citing Cotton, 860 F. Supp. 2d at 1028) (explaining "[c]ourts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement"). These factors include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

June 2020 Bond Order, Dkt. No. 1093.

The *Dillon* factors weigh heavily in plaintiffs' favor. In light of defendants' refusal to engage with plaintiffs' counsel about how they intend to satisfy the bond if this final appeal is unsuccessful, and that defendants have presented no evidence regarding the current ability to pay the amount of the outstanding Judgment or to suggest a non-bond plan to secure that Judgment, I find that the collection process for plaintiffs would be complex and take significant time. I have doubts about the ability of defendants to satisfy the full amount of the Judgment. Defendants have provided no information about any creditors of defendants.[7]

One factor that was significant to my prior setting of a low bond amount ($600,000) that did not come close to covering the Judgment was defendants' explanation that they needed

---

[7] "The appellant has the burden to 'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *Cotton ex rel. McClure v. City of Eureka*, Cal., 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quoting P*oplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189, 1191 (5th Cir. 1979)). They have not met that burden. However, in connection with the prior bond setting, defendants indicated that they would be able to fundraise to secure approximately $500,000 for a bond without hampering their ability to fundraise to cover legal fees for this and other related cases. *See* Dkt. No. 1093 at 3.

available funds to pay for the appeal of this case and other pending litigation.  At this point, few new litigation expenses can be expected to arise other than submitting briefing that will likely duplicate their Rule 60 motion before me and the motion to stay the mandate submitted to the Ninth Circuit, and limited motion practice addressing attorney fees on appeal.

Finally, the equitable concerns – most significantly the delays plaintiffs have already tolerated while defendants exhausted appellate procedures –weigh in favor of imposing a new, significant bond to secure a large part of the outstanding Judgment.

Accordingly, defendants' request for an unsecured stay under Rule 62(d) is DENIED. Defendants' request to force plaintiffs to maintain the $600,000 released by the surety in plaintiffs' counsels' trust account is DENIED.

I ORDER that in order to stay enforcement of the Judgment, defendants must post a new bond of $600,000 within fourteen days of the entry of this Order.  I again realize that this will only secure roughly one-third of the $1,753,759.30 in damages and interest still outstanding.  O'Connor Decl. ¶¶ 6-7.  However, it is a reasonable amount in light of all the factors discussed above.  If defendants fail to post that new bond by the date required, plaintiffs may proceed to enforce the Judgment through all available methods.

**IT IS SO ORDERED.**

Dated: February 7, 2024



William H. Orrick
United States District Judge