1
2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4
5
6
7
8
9

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., | Case No. 16-cv-00236-WHO |
| Plaintiffs, | **ORDER ON MOTION FOR SUPPLEMENTAL ATTORNEY FEES** |
| v. | Re: Dkt. No. 1224 |
| CENTER FOR MEDICAL PROGRESS, et al., | |
| Defendants. | |

10    The Judgment in this case was entered in April 2020, after a jury trial and post-trial

11 proceedings. *See* Dkt. Nos. 1016, 1073, 1074. That Judgment was affirmed by the Ninth Circuit

12 and petitions seeking review of that Judgment were denied by the United States Supreme Court.

13 Defendants' more recent motion for relief from that Judgment was denied on December 5, 2023.

14 Dkt. No. 1211.

15    In December 2020, I granted plaintiffs' motion for attorney fees and costs for time and

16 costs through September 4, 2020. Dkt. No. 1150. Based on reductions I required plaintiffs to

17 make, in January 2021 I set the final amount of attorney fees and costs awarded to plaintiffs in the

18 amount of $12,782,891.25 and non-statutory costs in the amount of $998,119.17. Dkt. No. 1154

19 (collectively "2021 Attorney Fees and Costs Award").

20    Plaintiffs[1] now seek a supplemental award of $1,502,400 in attorney fees for additional

21 time incurred in district court and appellate proceedings between September 5, 2020 and

22 December 18, 2023. Dkt. Nos. 1224, 1224-3. The time and tasks justifying the requested fees

23 breakdown as follows:

24

25 [1] Planned Parenthood Federation of America ("PPFA"), Planned Parenthood: Shasta-Diablo dba Planned Parenthood Northern California ("PPNorCal"), Planned Parenthood Mar Monte
26 ("PPMM"), Planned Parenthood of the Pacific Southwest ("PPPSW"), Planned Parenthood Los Angeles ("PPLA"), Planned Parenthood/Orange and San Bernardino Counties ("PPOSBC"),
27 Planned Parenthood Central Coast California ("PPCCC"), Planned Parenthood Pasadena and San Gabriel Valley ("PPPSGV"), Planned Parenthood of the Rocky Mountains ("PPRM"), Planned Parenthood Gulf Coast ("PPGC"), and Planned Parenthood Center for Choice's ("PPCFC"),
28 (collectively "plaintiffs").

(i)      **Phase 1**: 355.8 hours billed from September 5, 2020 through February 26, 2021 (the date defendants filed their opening appellate briefs) for work on the prior motion for attorney fees, opposing defendants' motion to compel production of individual attorney time records, and litigation over the bond amount. Plaintiffs calculate their lodestar using the billing rates that I approved in the 2021 Attorney Fees and Costs Award and then apply a 25% discount to that lodestar in order to account for any duplication or inefficient work. After that deduction, plaintiffs seek $220,521.00 for Phase 1. Declaration of Steven L. Mayer, Dkt. No. 1224-1, Ex. B.

(ii)     **Phase 2**: 1092.1 hours billed for time reviewing and responding to defendants' four separate appellate opening briefs raising dozens of issues in one consolidated answering brief, that was over three times longer than a typical answering brief. After the 25% voluntary reduction, plaintiffs seek $773,031.75 for Phase 2. *Id.*

(iii)    **Phase 3**: 224.1 hours billed for time preparing for oral argument at the Ninth Circuit. After the 25% voluntary reduction, totaling $173,159.63. *Id.*

(iv)    **Phase 4**: 67.3 hours billed for reviewing and preparing the consolidated response to defendants' four petitions for rehearing and/or rehearing en banc requested in the Ninth Circuit. After the 25% voluntary reduction, totaling $51,869.25. *Id.*

(v)     **Phase 5**: 158.8 hours billed for reviewing and filing oppositions to defendants' four separate petitions for certiorari at the Supreme Court. After the 25% voluntary reduction, totaling $141,178.50. *Id.*

(vi)    **Phase 6**: 181 hours billed for time opposing defendants' Rule 60 motion for relief from the Judgment and preparing and filing this motion for supplemental attorney fees. After the 25% voluntary reduction, totaling $142,639.88. *Id.*

The requests are supported by declarations from each of the timekeepers whose time is sought, explaining the work they did in each phase, how they kept contemporaneous time records,

1    and what time was not included or discounted.[2]

2          Defendants oppose the request, relying first on an argument I rejected in connection with

3    the 2021 Attorney Fees and Costs Award.  Defendants argue that plaintiffs cannot prove the

4    reasonableness of the time billed without producing the underlying timesheets given the "massive"

5    size of the fees request and because without timesheets defendants cannot assess plaintiffs'

6    exercise of billing judgment (the across the board reduction of 25% of the time and decisions not

7    to charge certain time) or the reasonableness of the tasks each biller performed.  Oppo. at 1-5.

8    Without the underlying timesheets, defendants complain that they cannot attack reasonableness

9    and I cannot determine reasonableness of the hours claimed.  *Id.*

10          In connection with the 2021 Attorney Fees and Costs Award, I denied defendants' motion

11   to compel production of plaintiffs' counsels' timesheets.  After reviewing the detailed declarations

12   (and after I disallowed a number of hours sought), I found the hours that I awarded to be

13   reasonable.  As I explained, while plaintiffs did not produce their counsels' timesheets, the "highly

14   detailed declarations and Chart provided sufficient information to allow me to determine and

15   defendants to contest the reasonableness of plaintiffs' fee request."  Dkt. No. 1150; *see also* Dkt.

16   No. 1139.[3]  The declarations and charts submitted in support of the current motion are likewise

17   highly detailed and explain who worked on what filings at what stages of this case and why the

18   various levels of effort were required at each stage.  Individual counsel also described how each

19   tracked their time and when and whether they personally exercised billing judgment.  *See, e.g.*,

20   Perdue Decl. ¶ 5; O'Connor Decl. ¶ 5.  Lead counsel then explained that in addition to the

21

22   _____
     [2] Dkt. Nos. 1224-1 (Declaration of Steven Mayer), 1224-5 (Declaration of William Perdue), 1224-
23   7 (Declaration of Meghan Martin), 1224-8 (Declaration of Liam O'Connor), 1224-9 (Declaration
     of Rhonda Trotter), 1224-10 (Declaration of Diana Sterk),  1224-11 (Declaration of Jeremy
24   Kamras), 1224-12 (Declaration of Sharon Mayo), 1224-13 (Declaration of Matthew Diton), 1224-
     14 (Declaration of Oscar Ramallo).

25   [3] As noted in the Order Denying the Motion to Compel, plaintiffs objected to producing
26   contemporaneous timesheets because of the undue burden of having to redact hundreds of pages of
     timesheets for privileged and otherwise protected information (*e.g.*, references to individuals
27   whose identities had not been disclosed at trial and work product/attorney client information)
     which was a significant concern given the security issues at the heart of this case.  Dkt. Nos. 1139,
28   1150.  The legal and factual analysis in those prior orders continue to apply and that analysis is
     fully incorporated herein.

United States District Court
Northern District of California

1    individual billing judgment, further time was excluded.  Specifically, plaintiffs seek time for only

2    8 of 30 attorneys and only 2 of 6 legal assistants who billed time on this matter during the relevant

3    timeframes; plaintiffs are not seeking time for any biller whose time did not exceed $25,000 in a

4    particular phase.  Mayer Decl. ¶¶ 11, 23 & Ex. B.  And finally, to account for any remaining

5    inefficiencies for the billers whose time is sought, plaintiffs take a further 25% across the board

6    discount for their final request.  *Id.* ¶ 11.[4]

7          Defendants argue that they cannot assess the reasonableness of hours for which plaintiffs

8    seek compensation because although the hours spent by each biller on tasks in each phase are

9    identified, they cannot see where there might be block billing or inefficiencies.  However, the

10   reductions described above – particularly the 25% across the board reduction – alleviate the

11   potential impact of any possible block billing and inefficiencies.  Defendants also argue that other

12   than for Phase 1 and Phase 6 time (time billed on district court proceedings), I cannot assess the

13   reasonableness of the time spent on the Ninth Circuit and Supreme Court phases because I do not

14   have personal knowledge or understanding of the time it would be reasonable for plaintiffs'

15   counsel to have spent on the work in those phases.  Oppo. at 2-3.  That is incorrect.  The

16   declarations explain in detail the work completed during those phases, *e.g.*: responding to four

17   opening briefs and amicus briefs that did not overlap much; responding to four petitions for

18   certiorari that likewise raised different issues with respect to the different sets of defendants; and

19   how substantial additional procedural and legal research and original writing was required at the

20   different stages, although efficiencies were achieved, often by assigning different issues to the

21   attorneys who handled them at trial.  *See, e.g.*, Mayer Decl. ¶¶ 18-21; Perdue Decl. ¶¶ 12, 14.

22         Defendants do not suggest how much time *their* counsel spent on any of the Phases or

23   tasks identified by plaintiffs as a basis for unreasonableness in plaintiffs' counsels' hours by task

24   or phase.  Nor do defendants identify any particular biller or task to which they object, except for

25   one.  Defendants attack the 130 hours Perdue spent on Phase 5, opposing the petitions for

26   certiorari.  Oppo. at 3-4.  They argue that time was unreasonable given that the petitions raised

27

28   [4] As a result, plaintiffs' counsel are seeking only 55% of the lodestar they incurred.  Mayer Decl.
     ¶ 11.

1   "almost exclusively" the same issues Perdue had briefed and argued in the Ninth Circuit. *Id*.

2   However, plaintiffs' counsel had to respond to eight separate questions presented, rebut the

3   asserted grounds for certiorari, rebut the asserted grounds for summary reversal, and address the

4   arguments that were specific to the different sets of defendants. *See* Mayer Decl. ¶ 24; Perdue

5   Decl. ¶ 14.  The time spent was reasonable, and any potential inefficiencies addressed by the

6   reductions described above.

7        I have already rejected defendants' reiterated arguments that the hourly rates sought by

8   billers at Arnold & Porter are excessive. *See* Dkt. No. 1150 at 2-5.  That analysis is adopted and

9   incorporated herein.  Based on rates approved for similar complex work in the San Francisco Bay

10   Area, I again approve the reasonableness of the rates requested. *See* Reply at 11-12 (citing

11   Northern District of California cases approving comparable rates).

12        Defendants make one substantive "entitlement" argument for one category of time claimed

13   by plaintiffs; the time spent on appeal defending the injunctive relief plaintiffs secured.  Oppo. at

14   6-7.  Defendants argue that time is not compensable because injunctive relief was granted under

15   California's Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq.*) and the

16   UCL does not provide a basis for attorney fees.  However, injunctive relief was awarded based on

17   the violation of the Florida recording statute as well as the UCL.  Dkt. No. 1073 ("Order

18   Resolving Unfair Competition Claim and Entering Judgment") at 38.  The time plaintiffs' counsel

19   spent defending the injunctive relief on appeal is also justified because of the overlap and

20   relatedness between the evidence and legal bases justifying injunctive relief under both Florida

21   law and the UCL. *See* Dkt. No. 1150 ("The legal theories and evidence relevant to the claims

22   providing for attorney fees broadly overlapped with the legal theories and evidence relevant to the

23   claims on which plaintiffs were successful but do not independently provide for fees.").

24        After reviewing plaintiffs' detailed submissions, I find there is only one category of time in

25   Phase 1 that should not be compensated; the time plaintiffs incurred responding to and accounting

26   for the deductions I mandated in the 2020 Order on Motion for Attorney Fees and Costs. *See*

27   Diton Decl. ¶ 5; *see also* Dkt. No.1150 at 8-9.  That time should be excluded.

28        Other than the one small deduction identified, plaintiffs' motion for an award of

United States District Court
Northern District of California

supplemental attorney fees is GRANTED.  Within ten days of the date of this Order, plaintiffs shall submit a revised Proposed Order accounting for the required Phase 1 deductions.

**IT IS SO ORDERED.**

Dated: April 23, 2024



William H. Orrick
United States District Judge