UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTER FOR MEDICAL PROGRESS, et al., <br><br> Defendants. | Case No. 16-cv-00236-WHO <br><br> **ORDER REQUIRING INCREASED BOND** <br><br> Re: Dkt. No. 1240 |

In June 2020, I ordered that defendants post a supersedeas bond in the amount of $600,000 to stay execution of plaintiffs' $2,425,084 judgment pending defendants' appeal. Dkt. No. 1093 ("Judgment"). In January 2021, I awarded plaintiffs $12,782,891.25 in attorney fees and $998,119.17 in non-statutory costs. Dkt. Nos. 1150, 1154 (collectively "2021 Attorney Fees and Costs Award"). After setting the amount of attorney fees and costs, plaintiffs moved for an order requiring that defendants increase the amount of the required supersedeas bond from $600,000 to $3,000,000. Dkt. No. 1157. Considering a number of factors – most significantly that the underlying Judgment was up on appeal and defendants' evidence regarding their need to pay for ongoing legal fees to pursue those appeals and the difficulty they would have covering those fees and securing a full bond given past fundraising – I granted the motion but required a further bond amount of only $100,000. Dkt. No. 1166.[1]

Once the Ninth Circuit issued the mandate in this case on the Judgment, defendants moved for relief from the Judgment under Rule 60. I denied the motion for relief. Dkt. No. 1211.

---

[1] The original $600,000 bond was disbursed to plaintiffs following the issuance of the Ninth Circuit's mandate. *See* Dkt. No. 1230 at 2 fn. 4. The further $100,000 bond to secure the attorney fees and costs award remains with the surety.

Following that denial, defendants again moved to stay enforcement of the Judgment pending appeal of the denied Rule 60 motion, and asked either to be relieved from posting a further bond or that I order a bond of $20,000. Dkt. No. 1223. I rejected defendants' request for a stay without a bond and plaintiffs' request for a new bond of "at least $2,104,511.16, which represents 120% of defendants' outstanding liability." Dkt. No. 1230 at 2. Instead, I required defendants to post a new bond of $600,000 to further stay enforcement of the Judgment during defendants' appeal of the denial of the Rule 60 motion. *Id*. at 4. Defendants were able to secure the further $600,000 bond, not without difficulty but within a matter of weeks. Dkt. No. 1234.

Now, plaintiffs seek reconsideration of the $100,000 bond amount securing only a fraction of the attorney fees and costs award that remains on appeal at the Ninth Circuit. Dkt. No. 1240. They ask me to raise the bond required to $4.6 million, which is one-third of the outstanding fees and costs award. *Id*. at 1.[2]

Plaintiffs argue that reconsideration of the bond amount staying enforcement of the attorney fees and costs award is appropriate given the change in the balance of equities. The underlying Judgment has been affirmed by the Ninth Circuit (except for the Wiretap Act claims, accounting for only $90,000 in damages), the Supreme Court has denied the petitions for review, and I have denied the motion for relief from the Judgment. Given that posture, plaintiffs argue that there is no longer any realistic prospect of the fees and costs award being overturned on appeal. While defendants' appeal of the Rule 60 motion is still pending, plaintiffs point out that any theoretical reversal by the Ninth Circuit would at most impact only the recording act claims, which account for a fraction of the Judgment. Any such theoretical reversal would also have no or very minimal impact on the 2021 Attorney Fees and Costs Award, given the overlap in the evidence and legal arguments between the recording claims and the other claims. Similarly, while the Ninth Circuit might overturn aspects of the 2021 Attorney Fees and Costs Award, plaintiffs contend that a substantial award of fees and costs will remain and that defendants "will still owe

---

[2] Plaintiffs appropriately styled their initial filing as a request for leave to file a motion for reconsideration. Civ. L. R. 7-9. I granted them leave, treated their initial filing as the motion for reconsideration, and set a briefing schedule for the opposition and reply on the merits of the issue of whether the bond should be increased. Dkt. No. 1241.

Plaintiffs more than the requested bond amount, which represents only one-third of the awards." Dkt. No. 1240 at 6.

Plaintiffs also submit evidence that while defendants were able to fundraise to secure the prior required bond amounts,[3] have been able to pay their legal fees to date,[4] and have at various times asserted to the Court that they have unspecified assets from which they judgment can be collected,[5] defendants likely do not intend to voluntarily pay any portion of the Judgment or the 2021 Attorney Fees and Costs Award – their attorneys have refused to discuss steps for collecting the Judgment. *See* Dkt. No. 1228-1 ¶ 4. Plaintiffs argue that despite raising $4.65 million between 2020 and 2022 and increasing defendant Daleiden's salary by 50%, as shown by the declaration in support of their opposition to an increased bond, Daleiden and CMP attest to having very *few* assets. *See* Dkt. No. 1243-3. According to plaintiffs, the under capitalization of CMP is part of defendants' efforts to "ensure that nothing will be left for Plaintiffs to collect." Dkt. No. 1244-3 at 1, 3-4. As such, plaintiffs seek to secure one-third of the amount due to them for fees and costs via a further $4.5 million bond.

The only defendants who have responded to plaintiffs' motion are defendants Daleiden, CMP, BioMax, and Lopez. Dkt. No. 1243. Defendants are jointly and severally liable for the Judgment and related attorney fees and costs, yet defendants Rhomberg, Newman, and Merritt did not respond and their ability to satisfy the Judgment and related attorney fees and cost awards remains unaddressed. That alone would justify imposing a bond in the total amount of the unsecured award for attorney fees and costs. *See, e.g., Walnut Creek Manor, LLC v. Mayhew Ctr., LLC*, No. C 07-5664 CW, 2010 WL 653561, at *7 (N.D. Cal. Feb. 22, 2010) (recognizing that where party asking for departure from normal full bond requirement fails to address financial

---

[3] $1.3 million in bonds for this case.

[4] *See* Dkt. Nos. 1244-3 at 3 fns. 3 & 4 (citing CMP's publicly available tax filings disclosing funds paid for legal services).

[5] Dkt. No. 1223 at 9 ("nothing in the record reflects that Defendants might have limited resources which prevent Defendants from making payment" of the Judgment); Dkt. No. 1229 at 4 ("As for payment from the Defendants, they have indicated they have an ability to pay but it may take some time to free up assets to obtain the liquidity to pay.").

status of parties who are jointly and severally liable, a departure from the full bond requirement is not justified). I will not, however, impose a revised bond requiring defendants to post a bond in the full or even the one-third amount sought by plaintiffs.

Nevertheless, considering the *Dillon* factors I weighed before,[6] the changed posture of this case (as the Judgment has been tested on appeal and remains fundamentally intact), and in light of the weak arguments regarding the impact of the now vacated but in any event irrelevant *Project Veritas* decision on that Judgment, a further and increased bond is merited. I have considered defendants' ongoing ability and success at fundraising, which has been sufficient to pay for CMP's substantive work, legal fees, and salaries of employees including defendant Daleiden, but apparently not to ensure that adequate resources will remain to help cover the monetary awards defendants are required to pay plaintiffs. Defendants assert that because they just posted the $600,000 bond to secure a further portion of the Judgment, they cannot come up with a further bond to secure any more of the award of attorney fees and costs. Dkt. No. 1242 at 2-3. But defendants do not address whether CMP has remaining operating funds for 2024 or whether defendants can tap their fundraising resources to cover an increased bond.[7] More fundamentally, as noted above, no information has been provided regarding the financial status of defendants Rhomberg, Newman and Merritt. Presumably, there are funding sources for an increased bond that go beyond CMP's successful fundraising capacity.

I conclude that an increased amount of security is required and that, partly in light of their record with fundraising, defendants should be able to raise a further bond of $1.1 million. That will raise the total amount securing the 2021 Attorney Fee and Costs Award to $1.2 million and will secure only the costs awarded to plaintiffs plus interest that has been accruing since January

---

[6] *See, e.g.,* February 7, 2024, Bond Order [Dkt. No. 1230] at 3.

[7] Defendant Daleiden states that "CMP had to post this second bond out of its own resources that had been obtained and budgeted for other operating expenses over the past year." Dkt. No. 1243-3 ¶ 6. But plaintiffs point to prior admissions of defendants' fundraising to specifically cover the bond required for their initial appeal. Dkt. No. 1161 at 1 ("promising major donors that the risk of giving $600,000 to the 'evil empire' is worth the benefit of being able to appeal").

4

2021.[8]  I recognize that amount is less than 10% of the amount awarded to plaintiffs for attorney's fees and costs, and is much less than the one-third amount plaintiffs seek, but it is also far larger than any bond I have to date ordered defendants to post.  If, as plaintiffs suspect, defendants intend to make collection of the Judgment and 2021 Attorney Fees and Costs Award difficult, then this amount will at least cover plaintiffs' costs after the further mandate from the Ninth Circuit issues on the pending appeal of the Order Setting Attorney Fees and Costs.

Defendants shall post one half of the revised bond amount - $550,000 – within thirty days of the date of this Order.  Defendants shall post the second half of the revised bond amount – an additional $550,000 - within ninety days of the date of this Order.  If either amount is not posted within the time period set forth above, plaintiffs may seek to enforce the 2021 Attorney Fees and Costs Award without further order of this court.

**IT IS SO ORDERED.**

Dated: April 23, 2024

William H. Orrick
United States District Judge

---

[8] *See* Declaration of Liam E. O'Connor, Dkt. No. 1240-1, ¶¶ 9-10.

5