**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; et al., | No.    21-15124 |
| Plaintiffs-Appellees, | D.C. No. 3:16-cv-00236-WHO |
| v. | |
| CENTER FOR MEDICAL PROGRESS; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted October 9, 2024**
San Francisco, California

Before:  KOH and JOHNSTONE, Circuit Judges, and SIMON,*** District Judge.

Defendants-Appellants Center for Medical Progress, BioMax Procurement

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Services, LLC, David Daleiden, Gerardo Adrian Lopez, Albin Rhomberg, Sandra Susan Merritt, and Troy Newman (collectively, "the Center") appeal the district court's award of attorneys' fees and costs, following a jury trial, to Plaintiffs-Appellees Planned Parenthood Federation of America, Inc. and ten of its regional affiliates (collectively, "Planned Parenthood").  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's award of attorneys' fees and costs for an abuse of discretion.  *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 991 (9th Cir. 2023) (fees); *Vazquez v. County of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020) (costs).  Finding none, we affirm.

1.     The district court's award of fees and costs was not unreasonably disproportionate.  We have never addressed strict proportionality requirements in the context of civil Racketeer Influenced and Corrupt Organizations (RICO) cases, but as a general matter, "[i]t is not per se unreasonable for attorneys to receive a fee award that exceeds the amount recovered by their clients."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013).  We have most frequently recognized this principle in the civil rights context, *id.*, and we have emphasized that proportionality is "a legitimate consideration in evaluating the reasonableness of the work performed" but not a "dispositive" one because the Supreme Court has insisted that "there need not be strict proportionality between the damages recovered and the fees awarded."  *Vargas v. Howell*, 949 F.3d 1188, 1196–97 (9th

2

Cir. 2020) (citing *City of Riverside v. Rivera*, 477 U.S. 561 (1986)).

In any event, although a district court must "relate the extent of success to the amount of the fee award," *McGinnis v. Kentucky Fried Chicken*, 51 F.3d 805, 810 (9th Cir. 1994), here the district court made clear that it "considered the relationship between the amount of the fee awarded and the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Importantly (and ignored by the Center), such results are not "limited to the damages award" but include "nonmonetary benefits," both to the plaintiff and "other members of society." *Morales v. City of San Rafael*, 96 F.3d 359, 365 & n.12 (9th Cir. 1996) (citing *McGinnis*, 51 F.3d at 810); *see also Gonzalez*, 729 F.3d at 1209–10 (same).  The district court determined that the permanent injunction entered in favor of Planned Parenthood also weighed in favor of the requested fee award.  Finally, the district court observed that Planned Parenthood's counsel voluntarily reduced their fee request by 25% "to account for potential duplication of effort and inefficiencies," and that this "significant reduction" supported the fee request.  The district court's conclusion was not an abuse of discretion.

2.     The Center is not entitled to a reduction of the fees and costs award simply because the Ninth Circuit previously reversed the jury's verdict on Planned Parenthood's claim under the Federal Wiretap Act in *Planned Parenthood Federation of America, Inc. v. Newman* ("*Newman*"), 51 F.4th 1125 (9th Cir.

3

2022).  Our decision in *Newman* otherwise affirmed the jury's verdict for Planned Parenthood on Planned Parenthood's RICO claim; claims under the wiretapping acts of California, Florida, and Maryland; and claims for fraud, trespass, and breach of contract.  *Id.* at 1130.  The Federal Wiretap Act damages vacated in *Newman* totaled $90,000—a mere 3.71% of the overall damages awarded to Planned Parenthood.  *Id.* at 1132, 1135 n.7.

The Supreme Court has explained that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440.  As the Center itself acknowledges, Planned Parenthood's claim under the Federal Wiretap Act arose "out of the same course of events" as the claims on which Planned Parenthood prevailed.  Our decision in *Newman* did not negate the "excellent results" obtained by Planned Parenthood. *Hensley*, 461 U.S. at 435.

3. Finally, the district court did not abuse its discretion by awarding fees and costs without requiring Planned Parenthood's counsel to produce timesheets. The district court invited the Center to identify aspects of Planned Parenthood's fee request "about which they believe they or the Court do not have sufficiently detailed information" to "test the reasonableness of the fees claimed."  The Center declined to do so.  Nor did the Center challenge the district court's factual findings

that, in light of the "detailed declarations" submitted by Planned Parenthood's counsel, the Center had "enough information to oppose the fee motion" and there would have been "only limited potential utility" in providing timesheets.  Rather, the Center's sole argument is that the timesheets "must be made available" under our decision in *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir. 1993).

*Intel* is inapposite.  There, the district court "made no findings that the hours expended were reasonable and that the hourly rates were customary" and "merely awarded the fees without elaboration."  *Id.*  Under such circumstances, "mere summaries of hours worked" were inadequate to allow the district court to determine whether any of the hours claimed were duplicative or unnecessary.  *Id.* Here, by contrast, the district court made specific findings—which the Center has not challenged, either below or on appeal—that Planned Parenthood's counsel provided sufficiently detailed declarations for both the court and the Center to evaluate the fee request.  Under these circumstances, Planned Parenthood submitted sufficient "evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433; *see also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) ("summary of the time spent on a broad category of tasks" was sufficient).  Lastly, to the extent that the Center renews its argument below that production of timesheets is required as a matter of due process, this case does not present any such concerns.  *Cf. Yamada v. Nobel Biocare Holding AG*, 825 F.3d

536, 542, 544–45 (9th Cir. 2016) (citing *Intel* to vacate a fee award where the court relied on timesheets that had been provided ex parte but not produced to opposing counsel).

**AFFIRMED.**